IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| GABBY KLEIN, DONALD SHERBONDY, SARAH SHERBONDY and CONSTRUCTION LABORERS PENSION TRUST OF GREATER ST. LOUIS, Individually and On Behalf of All Others Similarly Situated, <br><br> Plaintiffs, <br><br> v. <br><br> ALTRIA GROUP, INC., HOWARD A. WILLARD III, WILLIAM F. GIFFORD, JR., JUUL LABS, INC., ADAM BOWEN, JAMES MONSEES, KEVIN BURNS, and K.C. CROSTHWAITE, <br><br> Defendants. | Case No. 3:20-cv-00075-DJN |

**DEFENDANT ADAM BOWEN'S JOINDER IN DEFENDANT JAMES MONSEES' MOTION TO DISMISS PLAINTIFFS' CORRECTED CONSOLIDATED CLASS ACTION COMPLAINT FOR VIOLATION OF THE FEDERAL SECURITIES LAWS**

Brian C. Riopelle (VSB No. 36454)
Brian E. Pumphrey (VSB No. 47312)
MCGUIREWOODS LLP
Gateway Plaza
800 East Canal Street
Richmond, VA 23219
Tel:  (804) 775-1000
Fax: (804) 775-1061
briopelle@mcguirewoods.com
bpumphrey@mcguirewoods.com

Eugene Illovsky (*admitted pro hac vice*)
Kevin Calia (*admitted pro hac vice*)
Boersch & Illovsky LLP
1611 Telegraph Ave., Suite 806
Oakland, CA 94612
Tel:  (415) 500-6640
Fax: (415) 967-3062
eugene@boersch-illovsky.com
kevin@boersch-illovsky.com

*Attorneys for Defendant Adam Bowen*

Defendant Adam Bowen has moved to dismiss the claims brought against him in this action in a motion made on behalf of JUUL Labs, Inc. ("JLI") and its former officers. In addition, Mr. Bowen joins the separate motion to dismiss filed by James Monsees. In particular, four arguments raised by Mr. Monsees apply with equal force to the claims that Plaintiffs, investors in Altria Group securities, attempt to bring against Mr. Bowen.

First, to the extent that Plaintiffs attempt to assert a claim against Mr. Bowen for statements attributed to JLI (Compl. ¶¶ 464, 509), Plaintiffs' claim fails for the reasons explained in Section III.A.1 of Mr. Monsees' motion. Specifically, Plaintiffs do not allege that Mr. Bowen made any of the statements that they challenge. Nor do Plaintiffs allege any facts to show that Mr. Bowen actually exercised control and had ultimate authority over the content of the statements made in JLI's name in a press release or in a statement to the L.A. Times. Under *Janus Capital Grp. v. First Derivative Traders*, 564 U.S. 135, 141 (2011), and the numerous cases cited by Mr. Monsees, generic and conclusory allegations of "power," "authority," or "control" that lump Mr. Bowen together with the other "JUUL Individual Defendants" (Compl. ¶ 34) are insufficient to state a claim under the relevant pleading standards, which require particularized factual allegations as to each individual defendant.

Second, for the reasons given in Section III.B of Mr. Monsees' motion, the Complaint does not allege particularized facts creating a "strong inference" that Mr. Bowen acted with the intent to defraud Altria investors. The Complaint impermissibly lumps Mr. Bowen together with all the other "JLI Defendants," without any differentiation. It does not contain a single factual allegation bearing on Mr. Bowen's state of mind with respect to Altria investors. Nor does it allege any facts that establish a plausible, much less a cogent and compelling, explanation of *why* Mr. Bowen would set out to defraud Altria investors. The Complaint's scant references to Mr. Bowen's history with JLI (Compl. ¶¶ 6, 39, 88, 89, 97, 108, 188, 202) are plainly insufficient to create a strong inference that Mr. Bowen sought to defraud Altria's investors. *See Matrix Capital Mgmt. Fund, LP v. BearingPoint, Inc.*, 576 F.3d 172, 182 (4th Cir. 2009).

Third, for the reasons given in Section III.C of Mr. Monsees' motion, Plaintiffs' sparse allegations regarding Mr. Bowen's history with JLI, nearly all of which relate to events long before the Class Period, do not allege any specific facts to show that Mr. Bowen was aware of any alleged scheme or did anything in furtherance of it. These allegations are insufficient to state a claim against Mr. Bowen for participating in a scheme to defraud Altria investors.

Fourth, for the reasons given in Section III.D of Mr. Monsees' motion, the Complaint's bare allegations that Mr. Bowen served as a founder, officer, and board member of JLI (Compl. ¶¶ 3, 27) are insufficient to state a claim that Mr. Bowen is liable as a "control person" under Section 20(a).

The Court should dismiss the claims that Plaintiffs assert against Mr. Bowen.

Dated: July 8, 2020

Respectfully submitted,

/s/ Brian C. Riopelle
Brian C. Riopelle (VSB No. 36454)
Brian E. Pumphrey (VSB No. 47312)
MCGUIREWOODS LLP
Gateway Plaza
800 East Canal Street
Richmond, VA 23219
Tel: (804) 775-1000
Fax: (804) 775-1061
briopelle@mcguirewoods.com
bpumphrey@mcguirewoods.com

Eugene Illovsky (*admitted pro hac vice*)
Kevin Calia (*admitted pro hac vice*)
Boersch & Illovsky LLP
1611 Telegraph Ave., Suite 806
Oakland, CA 94612
Tel: (415) 500-6640
Fax: (415) 967-3062
eugene@boersch-illovsky.com
kevin@boersch-illovsky.com

*Counsel for Defendant Adam Bowen*

## **CERTIFICATE OF SERVICE**

I certify that on this 8th day of July, 2020, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to all counsel of record.

/s/ Brian C. Riopelle
Brian C. Riopelle (VSB No. 36454)
MCGUIREWOODS LLP
Gateway Plaza
800 East Canal Street
Richmond, VA 23219
Tel:  (804) 775-1000
Fax: (804) 775-1061
briopelle@mcguirewoods.com