**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**

GABBY KLEIN, DONALD SHERBONDY,
SARAH SHERBONDY AND
CONSTRUCTION LABORERS PENSION
TRUST OF GREATER ST. LOUIS,
Individually and on Behalf of All Others
Similarly Situated,

　　　　　　　　　　　　*Plaintiffs*,

　　　　v.

ALTRIA GROUP, INC., HOWARD A.
WILLARD III, WILLIAM F. GIFFORD, JR.,
JUUL LABS, INC., ADAM BOWEN, JAMES
MONSEES, KEVIN BURNS, AND K.C.
CROSTHWAITE,

　　　　　　　　　　　　*Defendants*.

No. 3:20-cv-00075-DJN

**REPLY IN SUPPORT OF DEFENDANT K.C. CROSTHWAITE'S MOTION TO**
**DISMISS THE CORRECTED CONSOLIDATED CLASS ACTION COMPLAINT**

## TABLE OF CONTENTS

Page

INTRODUCTION ..................................................................................................................1

ARGUMENT........................................................................................................................2

I.      PLAINTIFFS FAIL TO PLEAD A FALSE OR MISLEADING MATERIAL
        STATEMENT MADE BY MR. CROSTHWAITE............................................................2

II.     PLAINTIFFS FAIL TO PLEAD A CLAIM AGAINST MR. CROSTHWAITE
        BASED ON DECEPTIVE OR MANIPULATIVE CONDUCT.........................................5

III.    PLAINTIFFS FAIL TO PLEAD SCIENTER AGAINST MR. CROSTHWAITE.............7

IV.     PLAINTIFFS FAIL TO STATE A "CONTROL PERSON" CLAIM AGAINST
        MR. CROSTHWAITE...................................................................................................8

CONCLUSION....................................................................................................................9

## INTRODUCTION

As Mr. Crosthwaite explained in support of his motion to dismiss, Plaintiffs' 160-page Corrected Consolidated Class Action Complaint (ECF No. 108) ("AC" or "Amended Complaint") almost entirely lacks any allegations specific to him. Mem. of Law in Supp. of K.C. Crosthwaite's Mot. to Dismiss at 1, ECF No. 125 ("Crosthwaite Mem."). Plaintiffs do not challenge any actions Mr. Crosthwaite took in his capacity as Juul Labs Inc.'s ("JLI") Chief Executive Officer ("CEO"), and instead rely on group pleading to target him as an "Altria Individual Defendant." *Id.* (citing AC ¶¶ 30-31).[1]

In response, Plaintiffs did not even file an opposition brief specific to Mr. Crosthwaite. Nor did they specifically respond to arguments about Mr. Crosthwaite in their brief pertaining to Altria Group, Inc. ("Altria") and the Altria Individual Defendants (collectively, "Altria Defendants"). *See* Mem. of Law in Opp'n to Altria Defs.' Mot. to Dismiss, ECF No. 126 ("Altria Opp'n" or "Altria Opposition"). Indeed, that brief does not once cite Mr. Crosthwaite's motion to dismiss. *Id.* Instead, Plaintiffs reverse course, lumping Mr. Crosthwaite in with the JLI Defendants. *See* Mem. of Law in Opp'n to JLI Defs.' Mots. to Dismiss, ECF No. 127 ("JLI Opp'n" or "JLI Opposition"). The sleight of hand is unavailing, though, for they still make no specific allegations that Mr. Crosthwaite made or was responsible for any alleged misstatements, or engaged in any allegedly deceptive conduct, either while he was at Altria or at JLI. Mr. Crosthwaite does not belong in this case, and the claims against him should be dismissed for failure to state a claim.

---

[1] Mr. Crosthwaite adopts and incorporates by reference the arguments made by Defendants Altria, Howard A. Willard III, and William F. Gifford, Jr., in their reply brief in further support of their motions to dismiss the Complaint. ECF No. 128.

## ARGUMENT

### I.    PLAINTIFFS FAIL TO PLEAD A FALSE OR MISLEADING MATERIAL STATEMENT MADE BY MR. CROSTHWAITE

To allege that Mr. Crosthwaite "made" statements in Altria's Securities and Exchange Commission ("SEC") filings or press releases for purposes of Section 10(b), Plaintiffs must allege with particularity that he possessed "ultimate authority" over them. *Janus Capital Grp., Inc. v. First Derivative Traders*, 564 U.S. 135, 142-143 (2011). Plaintiffs entirely fail to do so. Indeed, their Opposition does not even specify which statements Plaintiffs are alleging that Mr. Crosthwaite is somehow responsible for, let alone allege particular facts demonstrating his involvement and control over the statements. There are no allegations in the Amended Complaint that Mr. Crosthwaite is the "maker" of any of the challenged statements, and the Amended Complaint against him should be dismissed.

Plaintiffs admit that Mr. Crosthwaite did not sign any of Altria's SEC filings, and they do not argue that any statement in the Amended Complaint is explicitly attributed to him. *See* Crosthwaite Mem. at 11-12; *see also* Notice of Errata, ECF. No 106. Instead, Plaintiffs regroup Mr. Crosthwaite with JLI Individual Defendants James Monsees and Adam Bowen, and argue that because the three of them are "founders, officers and directors of JUUL and Altria," they purportedly controlled "their company's respective press releases concerning the JUUL investment." JLI Opp'n at 10. But Mr. Crosthwaite is *currently* the JLI CEO. Plaintiffs do not challenge any statement made during Mr. Crosthwaite's tenure as JLI CEO, nor do they allege in the Amended Complaint that Mr. Crosthwaite is a "JUUL Individual Defendant" or responsible for any alleged JLI misstatements. AC ¶¶ 32, 34. Rather, Plaintiffs allege that Mr. Crosthwaite, along with Howard Willard and William Gifford, is an Altria Individual Defendant. *Id.* ¶ 31.

2

Contrary to Plaintiffs' contention, JLI Opp'n at 9, Mr. Crosthwaite cannot be held liable for Altria's SEC filings because he did not sign them. *See Plaisance v. Schiller*, No. H-17-3741, 2019 WL 1205628, at *20 (S.D. Tex. Mar. 14, 2019) ("Plaintiffs do not dispute that Louie did not sign the Form 8-K filed on December 15, 2014, and therefore cannot be held liable as a maker of the statements contained therein."), *appeal dismissed*, No. 19-20247, 2019 WL 5152770 (5th Cir. July 8, 2019); *In re Smith Barney Transfer Agent Litig.*, 884 F. Supp. 2d 152, 165 (S.D.N.Y. 2012) (holding that the defendant was "not responsible for misleading statements in SEC filings he did not sign."). And even apart from the signature, Plaintiffs fail to point to any facts at all, let alone particular facts, demonstrating that as Altria's Chief Growth Officer, Mr. Crosthwaite was able to and did exercise control over the content of the challenged statements in either the Altria SEC filings or Altria press releases. AC ¶ 33.[2]

Courts have made clear that even significant involvement in preparing a document or providing key information is insufficient where the final statements therein are subject to the ultimate control of someone else. *See, e.g.*, *Janus*, 564 U.S. at 143; *In re Solarcity Corp. Secs. Litig.*, 274 F. Supp. 3d 972, 1007 (N.D. Cal. 2017) (allegations that defendant was in charge of key metrics reported in the allegedly false or misleading statements was insufficient to establish defendant "made" those statements). Conclusory assertions like Plaintiffs make here—*i.e.*, that

---

[2] *In re Volkswagen 'Clean Diesel' Mktg., Sales Practices, & Prods., Liab. Litig.*, No. 2672 CRB (JSC), 2017 WL 3058563, at *8-9 (N.D. Cal. July 19, 2017), is inapposite. The court found that the CEOs of affiliated entities could be the makers of statements contained therein, even though they had not signed an offering memorandum, because the plaintiffs alleged that the CEOs were able to exercise control of the content of the offering memorandum and had actually done so. Likewise, *In re Independent Energy Holdings PLC Securities Litigation*, 154 F. Supp. 2d 741, 767-68 (S.D.N.Y. 2001), *abrogated by In re Initial Public Offering Securities Litigation*, 241 F. Supp. 2d 281 (S.D.N.Y. 2003), is inapposite, because it held that two outside directors could be held liable for publicly-made statements that they did not sign only under the group pleading doctrine, which as discussed *infra* is not good law.

3

Mr. Crosthwaite was "charged with executing the investment," JLI Opp'n at 10, and that the Altria Individual Defendants "were able to and did, directly or indirectly, control the content of the statements of Altria"—fall far short of Plaintiffs' burden to allege non-conclusory, particular facts explaining Mr. Crosthwaite's authority over any of Altria's statements. *Id.* (quoting AC ¶ 568); *see, e.g.*, *In re Impinj, Inc. Secs. Litig.*, 414 F. Supp. 3d 1327, 1336 (W.D. Wash. 2019). Instead, as Plaintiffs' own cases admit, they were required to provide "specific factual allegations link[ing] the individual to the statement at issue," and their failure to do so requires dismissal. *See Todd v. STAAR Surgical Co.*, No. CV-14-05263-MWF-RZ, 2016 WL 6699284, at *11 (C.D. Cal. Apr. 12, 2016) (quoting *Okla. Firefighters Pension & Ret. Sys. v. IXIA*, 50 F. Supp. 3d 1328, 1355 (C.D. Cal. 2014)).

Unable to actually tie Mr. Crosthwaite to any challenged statement, Plaintiffs invoke the group pleading doctrine, asking the Court to "*presume* that [unattributed statements] are the collective action of the officers," and therefore were made by Mr. Crosthwaite. JLI Opp'n at 11 (emphasis added) (quoting *In re GledFed, Inc. Sec. Litig.*, 60 F.3d 591, 593 (9th Cir. 1995)). This argument fails, first and foremost, because courts in this circuit—and several others—reject the group pleading doctrine as contrary to the heightened pleading requirements of Federal Rule of Civil Procedure 9(b) and the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, et seq. (the "PSLRA"). *See, e.g.*, *Cornielsen v. Infinuim Capital Mgmt., LLC*, 916 F.3d 589, 599-600 (7th Cir. 2019); *Winer Family Tr. v. Queen*, 503 F.3d 319, 334-37 (3d Cir. 2007); *Southland Secs. Corp. v. INSpire Ins. Sols., Inc.*, 365 F.3d 353, 364 (5th Cir. 2004); *In re Banco Bradesco S.A. Secs. Litig.*, 277 F. Supp. 3d 600, 637-41 (S.D.N.Y. 2017).[3] And contrary to Plaintiffs'

---

[3] Plaintiffs rely on *City of Pontiac General Employees Retirement System v. Lockheed Martin Corp.*, 875 F. Supp. 2d 359 (S.D.N.Y. 2012) and *Sagez v. Global Agricultural Investments, LLC*,

contention, JLI Opp'n at 12 n.7, courts find group pleading insufficient for purposes of pleading *both* a defendant's responsibility for a statement and his scienter. *See, e.g.*, *Iron Workers Local 16 Pension Fund v. Hilb Rogal & Hobbs Co.*, 432 F. Supp. 2d 571, 594-95 (E.D. Va. 2006); *In re Royal Ahold N.V. Secs. & ERISA Litig.*, 351 F. Supp. 2d 334, 369-70, 383-84 (D. Md. 2004).

> Indeed, as the Seventh Circuit recently reiterated, the group pleading doctrine
>
> 'cannot withstand' the PSLRA's clear statutory prerequisites 'that the untrue statements or omissions be set forth with particularity as to 'the defendant' and that scienter be pleaded with regard to 'each fact or omission' sufficient to give 'rise to a strong inference that the defendant acted with the required state of mind.'

*Cornielsen*, 916 F.3d at 600 (quoting *Southland*, 365 F.3d at 364). In any event, Plaintiffs' attempt at group pleading fails to pass muster because they plead no particularized facts as to Mr. Crosthwaite's role "in the creation, formulation, or dissemination of [Altria's] public filings." *In re Braskem S.A. Secs. Litig.*, 246 F. Supp. 3d 731, 762 & n.10 (S.D.N.Y. 2017).

## II.   PLAINTIFFS FAIL TO PLEAD A CLAIM AGAINST MR. CROSTHWAITE BASED ON DECEPTIVE OR MANIPULATIVE CONDUCT

As Mr. Crosthwaite explained in support of his motion to dismiss, the Amended Complaint does not allege any particular facts establishing deceptive or manipulative conduct attributable to Mr. Crosthwaite, as required to establish liability. Crosthwaite Mem. 13-14 (citing cases). Plaintiffs offer no response. They do not once, in either their JLI Opposition or their Altria Opposition, point to any specific conduct Mr. Crosthwaite purportedly took in furtherance of any

---

No. 11-CV-3059-DEO, 2014 WL 3779072 (N.D. Iowa July 31, 2014) for their assertion that the group pleading doctrine is alive and well in the Second and Ninth Circuits. Not so. In a subsequent, well-reasoned decision, the same Southern District of New York court recognized a divide in the district courts and expressly rejected the doctrine as inconsistent with *Janus*. *In re Banco Bradesco*, 277 F. Supp. 3d at 638-41. And *Sagez* is not within the Ninth Circuit, where district courts have rejected the doctrine. *See, e.g.*, *Okla. Firefighters Pension & Ret. Sys.*, 50 F. Supp. 3d at 1354-55 ("Courts within the Ninth Circuit have also largely concluded that group pleading is not compatible with the PSLRA's requirements." (quoting *In re Am. Apparel, Inc. Shareholder Litig.*, No. CV 10-06352 MMM (JCGx), 2013 WL 174119, at \*25 (C.D. Cal. Jan. 16, 2013)).

scheme to defraud.  JLI Opp'n at 12-14.  Rather, Plaintiffs argue in general terms that "Altria Defendants" and "JUUL Defendants" are subject to scheme liability.  JLI Opp'n at 13-14; Altria Opp'n at 27-28.  But such general allegations do not satisfy the heightened pleading requirements that are equally applicable to their scheme liability claim.  *See Burt v. Maasberg*, No. ELH-12-0464, 2014 WL 1291834, at *25 (D. Md. Mar. 28, 2014) ("Claims under Rule 10b–5(a) and Rule 10b–5(c), like claims under Rule 10b–5(b), 'are subject to the heightened pleading requirements of Rule 9(b) and the PSLRA.'" (quoting *In re Royal Ahold*, 351 F. Supp. 2d 334, 372 (D. Md. 2004)).

Plaintiffs argue generally that the Altria Defendants were involved in a scheme based on allegations that the JLI and Altria Defendants "coordinated . . . to conceal [an alleged scheme] from the FDA and the public by falsifying data [in a study] concerning the popularity of flavored pods and the widespread use of JUUL products by children."  JLI Opp'n at 13.  But Plaintiffs do not allege any connection to Mr. Crosthwaite or allege that he was responsible for any allegedly "falsified" data.  The only allegation in the Amended Complaint tying Mr. Crosthwaite to data of any kind is that he was the Chief Growth Officer of Altria Client Services at the time Altria Client Services conducted the study in "Spring 2017."  AC ¶ 408.  But, as explained in Mr. Crosthwaite's opening brief, he became Chief Growth Officer only effective June 1, 2018, Crosthwaite Mem. at 14, and Plaintiffs do not argue otherwise.  Nothing else in the Amended Complaint or Plaintiffs' Oppositions suggests that Mr. Crosthwaite had any involvement in the study or in the creation of any other false or misleading data.

In light of Plaintiffs' complete failure to allege that Mr. Crosthwaite made any misstatements or had any involvement in the alleged scheme, Mr. Crosthwaite should be dismissed from this suit.

### III.   PLAINTIFFS FAIL TO PLEAD SCIENTER AGAINST MR. CROSTHWAITE

Plaintiffs fail to plead that Mr. Crosthwaite had the necessary mental state to be liable for securities fraud under the PSLRA. To adequately plead scienter, the PSLRA's stringent pleading standards require Plaintiffs to plead "specific facts concerning . . . when each defendant . . . learned that a statement was false, how that defendant learned that the statement was false, and the particular document or other source of information from which the defendant came to know that the statement was false." *Smith v. Circuit City Stores, Inc.*, 286 F. Supp. 2d 707, 715 (E.D. Va. 2003) (quoting *In re First union Corp. Secs. Litig.*, 128 F. Supp. 2d 871, 876 (W.D.N.C. 2001); *see also Knurr v. Orbital ATK Inc.*, 272 F. Supp. 3d 784, 802 (E.D. Va. 2017) (holding that arguments relating to "the nature of the defendants' executive positions . . ., without more detailed allegations, simply fall short of supporting a strong inference of scienter"). Again, Plaintiffs' reliance on general pleading fails to satisfy their burden of showing that Mr. Crosthwaite, in particular, acted with scienter.

As an initial matter, Plaintiffs implicitly concede that they have failed to show that Mr. Crosthwaite had any motive to commit the alleged fraud. Crosthwaite Mem. at 17. While Plaintiffs argue that the JLI Defendants had motive, they do not argue that Mr. Crosthwaite had any similar motive. JLI Opp'n at 30. Though Plaintiffs' Altria Opposition contains a section titled, "Plaintiffs Have Adequately Pled the Altria Defendants' Motive," Plaintiffs do not make any arguments pertaining to Mr. Crosthwaite. *See id.* at 36-37 (asserting arguments about Mr. Willard). Having failed to demonstrate Mr. Crosthwaite had motive to defraud, Plaintiffs "must produce an even stronger inference of recklessness." *Keeney v. Larkin*, 306 F. Supp. 2d 522, 537 (D. Md. 2003), *aff'd*, 102 F. App'x 787 (4th Cir. 2004). Plaintiffs fall far short of this high bar.

Plaintiffs attempt to establish scienter against Mr. Crosthwaite based on generic allegations that Altria undertook due diligence before investing in JLI, and on a single statement from CW1:

7

that Mr. Willard told Mr. Crosthwaite to "get JUUL done." JLI Opp'n at 32 (citing AC ¶¶ 348-49). And, like the Amended Complaint, Plaintiffs' Opposition does not allege a single fact about what Mr. Crosthwaite learned, when he supposedly learned it, or how.

Instead of alleging facts to meet their burden, Plaintiffs once again urge this Court to presume scienter based on Mr. Crosthwaite's position "within both Altria and JUUL." *Id.* at 32-33. But as Plaintiffs concede, courts in this circuit refuse to rely on the group pleading presumption to establish that officers of a company had scienter. *Id.* at 11-12 & n.7 (recognizing that courts in this circuit do not rely on group pleading to establish scienter); *see also Iron Workers*, 432 F. Supp. 2d at 592 (recognizing that courts "on numerous occasions" have rejected as inadequate "[a]llegations that a defendant must have known that a statement was false and misleading because of his or her position in the company"). And the group pleading presumption is particularly inapt where—as here—Plaintiffs fail to allege any motive to commit fraud. *See* Crosthwaite Mem. at 17 (citing, *e.g.*, *Phillips v. LCI Int'l, Inc.*, 190 F.3d 609, 623 (4th Cir. 1999) (holding that if a corporate defendant's "desire to retain his position with its attendant salary, or realize gains on company stock" were enough to give rise to an inference of scienter, "virtually every" such officer would meet this standard). In any event, Plaintiffs cite no cases where a court held that a defendant's position as a company's Chief Growth Officer supported a compelling inference of scienter. And Plaintiffs' suggestion that Mr. Crosthwaite's position as CEO of JLI supports an inference of scienter is nonsensical, given that Plaintiffs acknowledge that he did not assume that role until September 25, 2019—after the last allegedly false or misleading statement. AC ¶¶ 471, 511.

## IV.    PLAINTIFFS FAIL TO STATE A "CONTROL PERSON" CLAIM AGAINST MR. CROSTHWAITE

As Mr. Crosthwaite explained, to succeed on a "control person" claim, Plaintiffs first had

to establish the existence of a primary violation. *See* Crosthwaite Mem. at 18-19. Having failed to do so, Plaintiffs cannot succeed on their "control person" claim against Mr. Crosthwaite.

But even if Plaintiffs had successfully alleged a primary violation, their "control person" claim would still fail, because they have failed to plead that Mr. Crosthwaite had "control" over Altria or the other Altria Defendants. The only allegations Plaintiffs cite to support their "control person" claim against Mr. Crosthwaite are that he "was responsible for the Altria investment in JUUL, and was then named CEO of JUUL." JLI Opp'n at 36 (citing AC ¶¶ 348, 511).

Far from meeting Plaintiffs' burden, these allegations demonstrate that Mr. Crosthwaite did not have "control" over Altria or the Altria Defendants. That Mr. Willard allegedly tasked Mr. Crosthwaite with getting the JLI investment done shows that Mr. Crosthwaite was subordinate to Mr. Willard in Altria's chain of command, and therefore could not control him. *See In re Metawave Commc'ns Corp. Secs. Litig.*, 298 F. Supp. 2d 1056, 1091 (W.D. Wash. 2003) (holding that a subordinate officer was not a control person over his superiors). Meanwhile Plaintiffs' allegation that, after the final allegedly false or misleading statement was made, Mr. Crosthwaite left Altria to become CEO of JLI shows that he gave up any purported ability to control Altria or any of its personnel. These allegations fall far short of demonstrating that Mr. Crosthwaite possessed "the power to direct or cause the direction of [Altria's] management and policies," as required to succeed on a "control person" claim. 17 C.F.R. § 240.12b-2(4); *see also In re MicroStrategy, Inc. Secs. Litig.*, 115 F. Supp. 2d 620, 661 (E.D. Va. 2000).

## CONCLUSION

For the aforementioned reasons, Mr. Crosthwaite respectfully requests that the Court dismiss Plaintiffs' Section 10(b) and 20(a) claims against him.

9

Dated: November 2, 2020                          By: /s/ *J. Christian Word*

Andrew Clubok (*pro hac vice*)
J. Christian Word (VSB #46008)
Susan E. Engel (*pro hac vice*)
Matthew J. Peters (*pro hac vice*)
LATHAM & WATKINS LLP
555 Eleventh Street, NW, Suite 1000
Washington, D.C. 20004
Telephone: 202-637-2200
Facsimile: 202-637-2201
andrew.clubok@lw.com
christian.word@lw.com
susan.engel@lw.com
matthew.peters@lw.com

*Counsel for Defendant K.C. Crosthwaite*

10

## <u>CERTIFICATE OF SERVICE</u>

I certify that this November 2, 2020, I caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the email addresses denoted on the Electronic Mail Notice List.


/s/ *J. Christian Word*
J. Christian Word