IN THE UNITED STATES DISRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

GABBY KLEIN, *et al.*,
    Plaintiffs,

v.                                                                                              Civil No. 3:20cv75 (DJN)

ALTRIA GROUP, INC. *et al.*,
    Defendants.

## ORDER
### (Denying Motion for Reconsideration)

This matter comes before the Court on Defendant K.C. Crosthwaite's ("Crosthwaite") Motion for Reconsideration, or in the Alternative for Certification Under 28 U.S.C. § 1292(b) (ECF No. 158), moving the Court pursuant to Federal Rule of Civil Procedure 54(b) to reconsider its previous Order ("Order" (ECF No. 139)) denying in part his Motion to Dismiss. Alternatively, Defendant Crosthwaite moves the Court to certify the Order for interlocutory appeal. For the following reasons, the Court hereby DENIES Defendant Crosthwaite's Motion.

Rule 54(b) gives courts the power to "revise[] at any time before the entry of a judgment" any order or decision "that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties." Fed. R. Civ. P. 54(b). "Said power is committed to the discretion of the district court." *American Canoe Ass'n v. Murphy Farms, Inc.*, 326 F.3d 505, 515 (4th Cir. 2003). Courts exercise this discretion to fulfill "[t]he ultimate responsibility of the federal courts . . . [which] is to reach the correct judgment under law." *Id.*

Here, the Court has reviewed Defendant Crosthwaite's Motion for Reconsideration and finds it meritless. For the reasons stated in the Court's Memorandum Opinion (ECF No. 140), the Court rejects Defendant Crosthwaite's arguments that Plaintiffs have not satisfied the

pleading requirements for bringing a scheme liability claim against him under Securities Exchange Commission Rule 10b-5. Instead, the Court finds Defendant's arguments that he cannot face scheme liability better suited for summary judgment following development of the factual record. Accordingly, the Court will deny Defendant Crosthwaite's request that it reconsider the Order.

Additionally, the Court will deny Defendant Crosthwaite's request to certify the Order for interlocutory appeal. 28 U.S.C. § 1292(b) provides that a district judge may certify for interlocutory appeal any "order not otherwise appealable under this section" when the judge is "of the opinion that such order [1] involves a controlling question of law [2] as to which there is a substantial ground for difference of opinion and [3] that an immediate appeal from the order may materially advance the ultimate termination of the litigation." The relevant court of appeals may then, "in its discretion, permit an appeal to be taken from such order." § 1292(b). Section 1292(b) "has been construed as granting district courts 'circumscribed authority to certify for immediate appeal interlocutory orders deemed pivotal and debatable.'" *Difelice v. U.S. Airways, Inc.*, 404 F. Supp. 2d 907, 908 (E.D. Va. 2005) (quoting *Swint v. Chambers Cty. Comm'n*, 514 U.S. 35, 46 (1995)). "[B]ecause § 1292(b) is contrary to the general rule that appeals may be had only after a final judgment, it should be used sparingly and its requirements must be strictly construed." *Id.* (citing *Myles v. Laffitte*, 881 F.2d 125, 127 (4th Cir. 1989)); *see Commonwealth ex rel. Integra Rec LLC v. Countrywide Sec. Corp.*, 2015 WL 3540473, at *3 (E.D. Va. June 3, 2015) (noting the "gravity of the relief sought" in a request for interlocutory certification (internal quotations and citations omitted)).

The party moving for interlocutory certification bears the burden of demonstrating that the requirements of § 1292(b) have been met. *Difelice*, 404 F. Supp. 2d at 907 (placing burden

on moving party to demonstrate each element of § 1292(b)). Ultimately, district courts should adhere to the general principle that § 1292(b) constitutes "a rare exception to the final judgment rule that generally prohibits piecemeal appeals." *Koehler v. Bank of Bermuda, Ltd.*, 101 F.3d 863, 865 (2d Cir. 1996). Indeed, "[e]ven if the requirements of [S]ection 1292(b) are satisfied, the district court has 'unfettered discretion' to decline to certify an interlocutory appeal if exceptional circumstances are absent." *Manion v. Spectrum Healthcare Res.*, 966 F. Supp. 2d 561, 567 (E.D.N.C. 2013) (citations omitted).

Here, the Court finds that Defendant Crosthwaite has not met his burden of demonstrating that this case falls under the "rare exception" warranting departure from the final judgment rule that prohibits piecemeal appeals. As stated above, the Court finds Defendant's arguments regarding the allegations of scheme liability lacking merit at this stage. And, certainly, no "exceptional circumstances" exist that warrant certification in this matter. Consequently, the motion for certification must fail.

For the above stated reasons, the Court hereby DENIES Defendant Crosthwaite's Motion for Reconsideration, or in the Alternative for Certification Under 28 U.S.C. § 1292(b) (ECF No. 158).

Let the Clerk file a copy of this Order electronically and notify all counsel of record.

It is so ORDERED.

                                                 /s/
                                                 David J. Novak
                                                 United States District Judge

Richmond, Virginia
Date: April 13, 2021