IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

|  |  |
|---|---|
| GABBY KLEIN, DONALD SHERBONDY, SARAH SHERBONDY and CONSTRUCTION LABORERS PENSION TRUST OF GREATER ST. LOUIS, Individually and On Behalf of All Others Similarly Situated,<br><br>        Plaintiffs,<br><br>    v.<br><br>ALTRIA GROUP, INC., HOWARD A. WILLARD III, WILLIAM F. GIFFORD, JR., JUUL LABS, INC., ADAM BOWEN, JAMES MONSEES, KEVIN BURNS, and K.C. CROSTHWAITE,<br><br>        Defendants. | Case No. 3:20-cv-00075-DJN |

**DEFENDANT JAMES MONSEES' ANSWER TO CONSOLIDATED COMPLAINT**

Defendant James Monsees ("Defendant" or "Mr. Monsees"), by and through his undersigned counsel, hereby answers and assert defenses to the Consolidated Class Action Complaint (the "Complaint") filed by Plaintiffs Gabby Klein, Donald Sherbondy, Sarah Sherboondy, and Construction Laborers Pension Trust of Greater St. Louis (collectively "Plaintiffs").

**RESPONSES TO INDIVIDUAL PARAGRAPHS**

Numbered paragraphs below correspond to the like-numbered paragraphs in the Complaint. Except as specifically admitted, Mr. Monsees denies the allegations in the Complaint, including without limitation the Table of Contents, headings, subheadings, and footnotes contained within the Complaint. Plaintiffs' Complaint contains 236 footnotes. Any allegations contained therein do not comply with Federal Rule of Civil Procedure 10(b), providing that allegations be

1

stated "in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b); *see, e.g., Bernath v. YouTube LLC,* 2017 WL 1050070, at *2 (M.D. Fla. Mar. 20, 2017) ("Plaintiff also alleges facts in various and lengthy footnotes that will not be considered as they are not properly stated in numbered paragraphs pursuant to Fed. R. Civ. P. 10(b)."); *Holmes v. Gates,* 2010 WL 956412, at *1 n.1 (M.D. Pa. Mar. 11, 2010) ("[T]he use of . . . footnotes run counter to the pleading requirements set forth by Federal Rule of Civil Procedure 10(b)."). No response is therefore required to the Complaint's footnotes. In any event, except to the extent expressly admitted, Mr. Monsees denies any and all allegations contained in footnotes 1 through 236.

1.     Mr. Monsees admits that Paragraph 1 purports to describe Plaintiffs' claims. Except to the extent expressly admitted, Mr. Monsees denies the allegations in Paragraph 1.

2.     Mr. Monsees admits that Paragraph 2 purports to describe Plaintiffs' claims. Except to the extent expressly admitted, Mr. Monsees denies the allegations in Paragraph 2.

3.     Paragraph 3 contains no substantive allegations and does not require a response. Insofar as a response is required, Mr. Monsees admits that Paragraph 3 sets forth defined terms used by Plaintiffs in the Complaint.

4.     Mr. Monsees admits that Paragraph 4 purports to describe Plaintiffs' purported investigation. Except to the extent expressly admitted, Mr. Monsees denies the allegations in Paragraph 4.

5.     Mr. Monsees lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5, and, on that basis, denies them.

6.     Mr. Monsees denies the allegations in Paragraph 6.

7.     Mr. Monsees denies the allegations in Paragraph 7.

8.      Mr. Monsees lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 8, and, on that basis, denies them.  Mr. Monsees denies remaining allegations Paragraph 8.

9.      Mr. Monsees denies the allegations in Paragraph 9.

10.     Mr. Monsees denies the allegations in Paragraph 10.

11.     Mr. Monsees refers to the referenced documents or statements for their complete and accurate contents, and otherwise denies the allegations in Paragraph 11.

12.     Mr. Monsees lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12, and, on that basis, denies them.

13.     Mr. Monsees denies the allegations in the first sentence of Paragraph 13.  Mr. Monsees lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 13, and, on that basis, denies them.

14.     Mr. Monsees denies that JLI was intentionally marketing its products to youth.  Mr. Monsees lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 14, and, on that basis, denies them.

15.     Mr. Monsees admits that, in December 2018, Altria Group, Inc. ("Altria") closed a $12.8 billion investment in JLI's business.  Mr. Monsees lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 15, and, on that basis, denies them.

16.     Mr. Monsees denies the allegations in Paragraph 16.

17.     Mr. Monsees lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17, and, on that basis, denies them.

18.     To the extent the allegations in Paragraph 18 are legal conclusions and

characterizations, no responsive pleading is required. Insofar as a response is required, Mr. Monsees admits that Plaintiffs purport to assert claims arising under Section 10(b) and 20(a) of the Exchange Act, 15 U.S.C. §§78j(b) and 78t(a), and Rule 10b-5 promulgated thereunder, 17 C.F.R. §240.10b-5. Except to the extent expressly admitted, Mr. Monsees denies the allegations in Paragraph 18.

19.     To the extent the allegations in Paragraph 19 are legal conclusions and characterizations, no responsive pleading is required. Insofar as a response is required, Mr. Monsees admits that Plaintiffs purport to plead jurisdiction pursuant to 28 U.S.C. § 1331, and § 27 of the Exchange Act. Except to the extent expressly admitted, Mr. Monsees denies the allegations in Paragraph 19.

20.     To the extent the allegations in Paragraph 20 are legal conclusions and characterizations, no responsive pleading is required. Insofar as a response is required, Mr. Monsees admits that Plaintiffs purport to plead venue pursuant to § 27 of the Exchange Act, 15 U.S.C. § 78aa and 28 U.S.C. § 1391(b). Except to the extent expressly admitted, Mr. Monsees denies the allegations in Paragraph 20.

21.     Paragraph 21 states a legal conclusion to which no response is required. To the extent that a response is deemed required, Mr. Monsees denies the allegations in Paragraph 21.

22.     Mr. Monsees lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22 regarding Plaintiffs' purchase or acquisition of Altria securities, and, on that basis, denies them. Except to the extent expressly admitted, Mr. Monsees denies the allegations in Paragraph 22.

23.     The allegations in Paragraph 23 are directed to other Defendants, and therefore no responsive pleading is required.

24.    The allegations in Paragraph 24 are directed to other Defendants, and therefore no responsive pleading is required.

25.    The allegations in Paragraph 25 are directed to other Defendants, and therefore no responsive pleading is required.

26.    Mr. Monsees admits that JLI is registered as a corporate entity in the State of Delaware and avers that its principal place of business is in Washington, DC.

27.    Mr. Monsees admits that Adam Bowen was a co-founder of Ploom, Inc., which later became PAX Labs Inc.  Mr. Monsees avers that in the first half of 2017, PAX Labs, Inc. spun off its operations related to the PAX loose-leaf and extract vaporizer devices business to a new business, separate from the business related to the JUUL-branded vaporizer devices and related accessories; the remaining entity with JUUL-branded vaporizer devices and related accessories renamed itself JUUL Labs, Inc.  Mr. Monsees admits that Mr. Bowen is a member of JLI's Board of Directors and that Mr. Bowen served as JLI's Chief Technology Officer until October 2019 and thereafter in an advisory role assisting JUUL's CEO.  Mr. Monsees otherwise denies the allegations in Paragraph 27.

28.    Mr. Monsees admits that he was a co-founder of Ploom, Inc., which later became PAX Labs Inc.  Mr. Monsees avers that in the first half of 2017, PAX Labs, Inc. spun off its operations related to the PAX loose-leaf and extract vaporizer devices business to a new business, separate from the business related to the JUUL-branded vaporizer devices and related accessories; the remaining entity with JUUL-branded vaporizer devices and related accessories renamed itself JUUL Labs, Inc.  Mr. Monsees admits that, prior to March 2020, Mr. Monsees served JLI in the following roles: member of JLI's Board of Directors; Chief Product Officer; and Chief Executive Officer of Ploom Inc., and PAX Labs Inc.  Mr. Monsees otherwise denies the allegations in

Paragraph 28.

29.      Mr. Monsees admits that Kevin Burn served as JLI's Chief Executive Officer from December 2017 to September 2019.  Mr. Monsees otherwise denies the allegations in Paragraph 29.

30.      Mr. Monsees admits that K.C. Crosthwaite serves as Chief Executive Officer of JLI and that he began to serve as an observer after Altria's investment in JLI.  Mr. Monsees otherwise denies the allegations in Paragraph 30.

31.      Paragraph 31 contains no substantive allegations and does not require a response. Insofar as a response is required, Mr. Monsees admits that Paragraph 31 sets forth defined terms used by Plaintiffs in the Complaint.

32.      Paragraph 32 contains no substantive allegations and does not require a response. Insofar as a response is required, Mr. Monsees admits that Paragraph 32 sets forth defined terms used by Plaintiffs in the Complaint.

33.      To the extent the allegations in Paragraph 33 are legal conclusions and characterizations, no responsive pleading is required.  Insofar as a response is required, Mr. Monsees lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 33, and, on that basis, denies them.

34.      To the extent the allegations in Paragraph 34 are legal conclusions and characterizations, no responsive pleading is required.  Insofar as a response is required, Mr. Monsees denies the allegations in Paragraph 34.

35.      Mr. Monsees admits the allegations in Paragraph 35.

36.      Mr. Monsees lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 36, and, on that basis, denies them.

37.     Mr. Monsees admits that JLI manufactures Electronic Nicotine Delivery Systems ("ENDS"), which contain a proprietary nicotine-salt-based e-liquid formulation.  Mr. Monsees avers that in the first half of 2017, PAX Labs, Inc. spun off its operations related to the PAX loose-leaf and extract vaporizer devices business to a new business, separate from the business related to the JUUL-branded vaporizer devices and related accessories; the remaining entity with JUUL-branded vaporizer devices and related accessories renamed itself JUUL Labs, Inc.  Mr. Monsees otherwise denies the allegations in Paragraph 37.

38.     Mr. Monsees denies the allegations in Paragraph 38.

39.     Mr. Monsees avers that in the first half of 2017, PAX Labs, Inc. spun off its operations related to the PAX loose-leaf and extract vaporizer devices business to a new business, separate from the business related to the JUUL-branded vaporizer devices and related accessories; the remaining entity with JUUL-branded vaporizer devices and related accessories renamed itself JUUL Labs, Inc.  Mr. Monsees admits Tyler Goldman was named CEO of JLI in 2017.  Mr. Monsees otherwise denies the allegations in Paragraph 39.

40.     Mr. Monsees admits that Tyler Goldman left JLI and Kevin Burns replaced Tyler Goldman as JLI's Chief Executive Officer in December 2017.  Mr. Monsees otherwise denies the allegations in Paragraph 40.

41.     Mr. Monsees lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 41, and, on that basis, denies them.

42.     Mr. Monsees lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 42, and, on that basis, denies them.

43.     Mr. Monsees admits that the MSA was the result of litigation against Big Tobacco and prohibits major cigarette companies from marketing and advertising their products to youth.

Mr. Monsees lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 43, and, on that basis, denies them.

44.    Mr. Monsees lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 44, and, on that basis, denies them.

45.    Mr. Monsees admits that Plaintiffs selectively quote from the MSA, which speaks for itself.  Except to the extent expressly admitted, Mr. Monsees denies the allegations in Paragraph 45.

46.    Mr. Monsees lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 46, and, on that basis, denies them.

47.    Mr. Monsees lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 47, and, on that basis, denies them.

48.    Mr. Monsees lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 48, and, on that basis, denies them.

49.    Mr. Monsees lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 49, and, on that basis, denies them.

50.    Mr. Monsees lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 50, and, on that basis, denies them.

51.    Mr. Monsees lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 51, and, on that basis, denies them.

52.    Mr. Monsees lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 52, and, on that basis, denies them.

53.    Mr. Monsees lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 53, and, on that basis, denies them.

54. Mr. Monsees admits the allegations in Paragraph 54.

55. Mr. Monsees admits the allegations in Paragraph 55.

56. Mr. Monsees admits that Plaintiffs selectively quote a Reuters article with a statement from Bonnie Halpern-Fisher, which speaks for itself. Mr. Monsees lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 56, and, on that basis, denies them. Except to the extent expressly admitted, Mr. Monsees denies the allegations in Paragraph 56.

57. Mr. Monsees lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 57, and, on that basis, denies them.

58. Mr. Monsees lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 58, and, on that basis, denies them.

59. Mr. Monsees lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 59, and, on that basis, denies them.

60. Mr. Monsees lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 60, and, on that basis, denies them.

61. Mr. Monsees lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 61, and, on that basis, denies them.

62. Mr. Monsees admits that Electronic Nicotine Delivery Systems ("ENDS") contain nicotine. Mr. Monsees lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 62, and, on that basis, denies them.

63. Mr. Monsees admits that Plaintiffs reference and selectively quote from the Centers for Disease Control's website, which speaks for itself. Mr. Monsees lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 63,

and, on that basis, denies them.

64.    Mr. Monsees lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 64, and, on that basis, denies them.

65.    Mr. Monsees lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 65, and, on that basis, denies them.

66.    Mr. Monsees lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 66, and, on that basis, denies them.

67.    Mr. Monsees lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 67, and, on that basis, denies them.

68.    To the extent the allegations in Paragraph 78 are legal conclusions and characterizations, no responsive pleading is required.  Insofar as a response is required, Mr. Monsees lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 68, and, on that basis, denies them.

69.    To the extent the allegations in Paragraph 69 are legal conclusions and characterizations, no responsive pleading is required.  Insofar as a response is required, Mr. Monsees lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 69, and, on that basis, denies them.

70.    To the extent the allegations in Paragraph 70 are legal conclusions and characterizations, no responsive pleading is required.  Insofar as a response is required, Mr. Monsees lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 70, and, on that basis, denies them.

71.    To the extent the allegations in Paragraph 71 are legal conclusions and characterizations, no responsive pleading is required.  Insofar as a response is required, Mr.

Monsees lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 71, and, on that basis, denies them, except refers to the referenced state laws for their complete and accurate contents.

72.    To the extent the allegations in Paragraph 72 are legal conclusions and characterizations, no responsive pleading is required.  Insofar as a response is required, Mr. Monsees lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 72, and, on that basis, denies them, except refers to the referenced statutes for their complete and accurate contents.

73.    To the extent the allegations in Paragraph 73 are legal conclusions and characterizations, no responsive pleading is required.  Insofar as a response is required, Mr. Monsees admits that Plaintiffs reference and selectively quote from a statute, which speaks for itself.  Except to the extent expressly admitted, Mr. Monsees denies the allegations in Paragraph 73.

74.    To the extent the allegations in Paragraph 74 are legal conclusions and characterizations, no responsive pleading is required.  Insofar as a response is required, Mr. Monsees admits that Plaintiffs reference FDA regulations, which speak for themselves.  Except to the extent expressly admitted, Mr. Monsees denies the allegations in Paragraph 74.

75.    To the extent the allegations in Paragraph 75 are legal conclusions and characterizations, no responsive pleading is required.  Insofar as a response is required, Mr. Monsees admits that JLI has not received FDA authorization to make a modified risk claim. Except to the extent expressly admitted, Mr. Monsees denies the allegations in Paragraph 75.

76.    Mr. Monsees denies the allegations in the first sentence of Paragraph 76.  Mr. Monsees admits that nicotine is an alkaloid.  Mr. Monsees lacks knowledge or information

11

sufficient to form a belief as to the truth of the remaining allegations in Paragraph 76, and, on that basis, denies them.

77.     Mr. Monsees admits that Plaintiffs reference and selectively quote from an article by Dr. Neal Benowitz, which speaks for itself.  Except to the extent expressly admitted, Mr. Monsees denies the allegations in Paragraph 77.

78.     Mr. Monsees admits that Plaintiffs reference and selectively quote from an article by Dr. Neal Benowitz, which speaks for itself.  Except to the extent expressly admitted, Mr. Monsees denies the allegations in Paragraph 78.

79.     Mr. Monsees lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 79, and, on that basis, denies them.

80.     Mr. Monsees admits that Plaintiffs reference and selectively quote from a U.S. Surgeon General report, which speaks for itself.  Mr. Monsees lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 80, and, on that basis, denies them.

81.     Mr. Monsees admits that Plaintiffs reference and selectively quote from a U.S. Surgeon General report, which speaks for itself.  Mr. Monsees lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 81, and, on that basis, denies them.

82.     Mr. Monsees admits that Plaintiffs reference and selectively quote from a U.S. Surgeon General report, which speaks for itself.  Except to the extent expressly admitted, Mr. Monsees denies the allegations in Paragraph 82.

83.     Mr. Monsees lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 83 and, on that basis, denies them.

84.     Mr. Monsees admits that Plaintiffs reference and selectively quote from a June 2014 CDC report, which speaks for itself.  Mr. Monsees lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 84 and, on that basis, denies them.

85.     Mr. Monsees admits that Plaintiffs reference and selectively quote from a U.S. Surgeon General report, which speaks for itself.  Except to the extent expressly admitted, Mr. Monsees denies the allegations in Paragraph 85.

86.     Mr. Monsees denies the allegations in Paragraph 86.

87.     Mr. Monsees denies the allegations in Paragraph 87.

88.     Mr. Monsees denies the allegations in the first sentence of Paragraph 88.  Mr. Monsees admits that Plaintiffs selectively quote from an excerpt of a statement Mr. Monsees gave that was published in an article, which speaks for itself.  Mr. Monsees respectfully refers to said article for a full and accurate statement of its contents.  Mr. Monsees denies any characterizations of statements in the article that are inconsistent with the article's contents.

89.     Mr. Monsees admits that Plaintiffs selectively quote from an article that describes Mr. Bowen and Mr. Monsees' thesis presentation, which speaks for itself.  Mr. Monsees respectfully refers to said article for a full and accurate statement of its contents.  Mr. Monsees denies any characterizations of statements in the article that are inconsistent with the article's contents.

90.     Mr. Monsees admits that Plaintiffs reference and selectively quote from a 1979 memo published by Thomas Perfetti, which speaks for itself.  Mr. Monsees admits that JLI developed a cartridge-based e-cigarette using nicotine salts.  Mr. Monsees lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning RJR scientists

and their memorandum, and, on that basis, denies them.  Except to the extent expressly admitted, Mr. Monsees denies the allegations in Paragraph 90.

91.   Mr. Monsees admits that Plaintiffs reference and selectively quote from an interview Mr. Monsees gave with WIRED magazine, which speaks for itself.  Except to the extent expressly admitted, Mr. Monsees denies the allegations in Paragraph 91.

92.   Mr. Monsees denies the allegations in the first sentence of Paragraph 92.  Mr. Monsees admits that the last sentence of Paragraph 92 references an article from King County's health department, which speaks for itself.  Mr. Monsees admits the remaining allegations in Paragraph 92.

93.   Mr. Monsees admits that JLI sells JUULpods in packs of either two or four pods. Mr. Monsees admits that the JUULpods in Mango, Fruit, Creme, and Cucumber flavors were sold by JLI to traditional retail outlets and commercial distributors through its wholesale and retail distribution system until November 2018 and direct to consumers online until October 2019.  Mr. Monsees admits that the image reproduced on page 26 shows a JLI Starter Kit with four flavored JUULpods.  Mr. Monsees otherwise denies the allegations in Paragraph 93.

94.   Mr. Monsees denies the allegations in the first sentence of Paragraph 94.  Mr. Monsees admits that Plaintiffs selectively quote from a May 8, 2018 document titled "Letter from the CEO" that appeared on JLI's website, which speaks for itself.  Except to the extent expressly admitted, Mr. Monsees denies the allegations in Paragraph 94.

95.   Mr. Monsees admits that Plaintiffs selectively quote from a September 9, 2019 FDA Warning Letter to JUUL Labs, which speaks for itself.  Except to the extent expressly admitted, Mr. Monsees denies the allegations in Paragraph 95.

96.   Mr. Monsees admits that Plaintiffs selectively quote from an article published on

January 11, 2019 in the *New York Times*, which speaks for itself. Except to the extent expressly admitted, Mr. Monsees denies the allegations in Paragraph 96.

97. Mr. Monsees denies the allegations in the first two sentences of Paragraph 97. Mr. Monsees lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 97, and, on that basis, denies them.

98. Mr. Monsees denies the allegations in the first sentence of Paragraph 98. Mr. Monsees admits that Plaintiffs selectively quote a Lorillard marketing manager's memo and an RJR internal memo, which speak for themselves. Except to the extent expressly admitted, Mr. Monsees denies the allegations in Paragraph 98.

99. Mr. Monsees admits the allegations in the first two sentences of Paragraph 99. Mr. Monsees lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 99 regarding the e-cigarette market's decline, and, on that basis, denies them.

100. Mr. Monsees lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 100, and, on that basis, denies them.

101. Mr. Monsees lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 101, and, on that basis, denies them.

102. Mr. Monsees admits that JLI's nicotine-salt-based e-liquid formulation was designed as a nicotine delivery system that provided a physiological effect and experience more similar to the use of combustible cigarettes for adult smokers than other ENDS on the market at that time. Mr. Monsees admits that using a nicotine-salt-based formulation, rather than a freebase nicotine, in the e-liquid allows smokers to have a satisfactory experience from the use of JUUL products to compete with cigarettes and help adult smokers switch from combustible use. Mr. Monsees otherwise denies the allegations in Paragraph 102.

103.    Mr. Monsees admits that JLI's nicotine-salt-based e-liquid formulation was designed as a nicotine delivery system that provided a physiological effect and experience more similar to the use of combustible cigarettes for adult smokers than other ENDS on the market at that time.  Mr. Monsees admits that using a nicotine-salt-based formulation, rather than a freebase nicotine, in the e-liquid allows smokers to have a satisfactory experience from the use of JUUL products to compete with cigarettes and help adult smokers switch from combustible use. Mr. Monsees otherwise denies the allegations in Paragraph 103.

104.    Mr. Monsees lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 104, and, on that basis, denies them.

105.    Mr. Monsees admits that Plaintiffs reference and selectively quote from a study by Anna K. Duell et al., which speaks for itself.  Except to the extent expressly admitted, Mr. Monsees denies the allegations in Paragraph 105.

106.    Mr. Monsees denies the allegations in the first sentence of Paragraph 106.  Mr. Monsees admits that Plaintiffs reference and selectively quote from industry documents and a study by Anna K. Duell et al., which speak for themselves.  Except to the extent expressly admitted, Mr. Monsees denies the allegations in Paragraph 106.

107.    Mr. Monsees lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 107, and, on that basis, denies them.  Mr. Monsees denies the allegations in the second sentence of Paragraph 107.  Mr. Monsees admits that Plaintiffs reference and selectively quote from a study by Anna K. Duell et al., which speaks for itself.  Except to the extent expressly admitted, Mr. Monsees denies the allegations in Paragraph 107.

108.    Mr. Monsees admits that JLI conducted a pharmacokinetic study in 2014 and

16

submitted a non-provisional patent application in October 2014 which was granted as U.S. Patent No. 9,215,895 in December 2015. Mr. Monsees admits that the named inventors on the patent were Adam Bowen and Chenyue Xing. Mr. Monsees admits that Plaintiffs reference JLI's U.S. Patent No. 9,215,895, which speaks for itself. Except to the extent expressly admitted, Mr. Monsees denies the allegations in Paragraph 108.

109.    Mr. Monsees admits that Plaintiffs reference JLI's U.S. Patent No. 9,215,895, which speaks for itself. Except to the extent expressly admitted, Mr. Monsees denies the allegations in Paragraph 109.

110.    Mr. Monsees admits that Plaintiffs reference Table 1 in JLI's U.S. Patent No. 9,215,895, which speaks for itself. Except to the extent expressly admitted, Mr. Monsees denies the allegations in Paragraph 110.

111.    Mr. Monsees admits that Plaintiffs selectively quote from JLI's U.S. Patent No. 9,215,895, which speaks for itself. Except to the extent expressly admitted, Mr. Monsees denies the allegations in Paragraph 111.

112.    Mr. Monsees lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 112, and, on that basis, denies them.

113.    Mr. Monsees admits that Plaintiffs reference two studies from 2019 and 2014, respectively, which speak for themselves. Except to the extent expressly admitted, Mr. Monsees denies the allegations in Paragraph 113.

114.    Mr. Monsees admits that Plaintiffs selectively quote from a paper published by the European Union, which speaks for itself. Mr. Monsees lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 114 regarding the European Union and other countries' regulations, and, on that basis, denies them. Except to the extent expressly

17

admitted, Mr. Monsees denies the allegations in Paragraph 114.

115.    Mr. Monsees lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 115, and, on that basis, denies them.

116.    Mr. Monsees lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 116, and, on that basis, denies them.

117.    Mr. Monsees admits that JUUL products contains nicotine.  Mr. Monsees denies the remaining allegations in Paragraph 117.

118.    Mr. Monsees admits that Plaintiffs selectively quote from an RJR internal memo, which speaks for itself.  Except to the extent expressly admitted, Mr. Monsees denies the allegations in Paragraph 118.

119.    Mr. Monsees denies the allegations in Paragraph 119.

120.    Mr. Monsees admits that the JUUL device is distinct from a traditional cigarette. Mr. Monsees otherwise denies the allegations in Paragraph 120.

121.    Mr. Monsees admits that the JUUL device has a small, rectangular shape and contains a rechargeable battery that is charged by a USB port.  Mr. Monsees otherwise denies the allegations in Paragraph 121.

122.    Mr. Monsees admits that the JUUL device has a small, rectangular shape.  Mr. Monsees further admits that Adam Bowen previously worked for Apple as an intern for a portion of 2004, while he was in graduate school, and that his work for Apple included mechanical and electrical engineering tasks.  To the extent that a further response is deemed required, Mr. Monsees lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 122, and, on that basis, denies them.

123.    Mr. Monsees admits that there is a battery indicator LED light on JUUL devices

that may flash in different colors when shaken rapidly.  Mr. Monsees otherwise denies the allegations in Paragraph 123.

124.    Mr. Monsees admits, on information and belief, that he is not aware of any e-cigarette manufacturers that used nicotine-sale-based e-liquid formulations before JLI began selling JUULpods.  Mr. Monsees otherwise denies the allegations in Paragraph 124.

125.    Mr. Monsees admits that JLI's nicotine-salt-based e-liquid formulation was designed as a nicotine delivery system that provided a physiological effect and experience more similar to the use of combustible cigarettes for adult smokers than other ENDS on the market at that time.  Mr. Monsees admits that using a nicotine-salt-based formulation, rather than a freebase nicotine, in the e-liquid allows smokers to have a satisfactory experience from the use of JUUL products to compete with cigarettes and help adult smokers switch from combustible use. Mr. Monsees otherwise denies the allegations in Paragraph 125.

126.    Mr. Monsees admits that JLI's nicotine-salt-based e-liquid formulation was designed as a nicotine delivery system that provided a physiological effect and experience more similar to the use of combustible cigarettes for adult smokers than other ENDS on the market at that time.  Mr. Monsees admits that using a nicotine-salt-based formulation, rather than a freebase nicotine, in the e-liquid allows smokers to have a satisfactory experience from the use of JUUL products to compete with cigarettes and help adult smokers switch from combustible use.  Mr. Monsees otherwise denies the allegations in Paragraph 126.

127.    Mr. Monsees lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 127, and, on that basis, denies them.

128.    Mr. Monsees admits that the original JUULpods commercialized in June 2015 were available in "Miint," "Fruut," "Bruule," and "Tobaac."  Mr. Monsees admits that JLI has changed

the names of its original non-tobacco or non-menthol flavored products from "Tabaac" to "Virginia Tobacco", "Miint" to "Mint," "Fruut" to "Fruit," and "Bruule" to "Creme."  Mr. Monsees otherwise denies the allegations in Paragraph 128.

129.    Mr. Monsees admits that JLI sold JUULpods in Mango, Mint, and Cucumber flavors to traditional retail outlets and distributors through JLI's wholesale and retail distribution system until November 2018 and direct to consumers online until October 2019.  Mr. Monsees otherwise denies the allegations in Paragraph 129.

130.    Mr. Monsees admits that Plaintiffs selectively quote from a statement made by Health and Human Services Assistant Secretary Howard Koh at a news conference, which speaks for itself.  Mr. Monsees admits that beginning in 2009, the FDA enforced legislation banning the sale of specified tobacco products with flavors other than menthol and tobacco.  Mr. Monsees admits that in 2020 the FDA issued a policy of enforcement against certain unauthorized flavored cartridge-based e-cigarette products (other than a tobacco- or menthol-flavored product).  Mr. Monsees lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 130, and, on that basis, denies them.

131.    Mr. Monsees lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 131, and, on that basis, denies them.

132.    Mr. Monsees lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 132, and, on that basis, denies them.

133.    Mr. Monsees lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 133, and, on that basis, denies them.

134.    Mr. Monsees avers that JLI has never intended its products to appeal to underage users.  Mr. Monsees otherwise denies the allegations in Paragraph 134, except refers to the

20

referenced documents or statements for their complete and accurate contents.

135.    Mr. Monsees lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 135, and, on that basis, denies them.

136.    Mr. Monsees denies the allegations in Paragraph 136.

137.    To the extent that the allegations in Paragraph 137 are directed to other Defendants, no responsive pleading is required.  To the extent that a response is otherwise required, Mr. Monsees denies the allegations in Paragraph 137.

138.    Mr. Monsees admits that JUUL products were first offered for sale in the United States in June 2015.  Mr. Monsees lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 138, and, on that basis, denies them.

139.    Mr. Monsees lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 139, and, on that basis, denies them.

140.    Mr. Monsees admits that JLI first sold mint and other flavored products prior to menthol-flavored products.  Mr. Monsees otherwise denies the allegations in Paragraph 140.

141.    Mr. Monsees denies the allegations in Paragraph 141.

142.    To the extent that the allegations in Paragraph 142 are directed to other Defendants, no responsive pleading is required.  To the extent that a response is otherwise required, Mr. Monsees denies the allegations in Paragraph 142.

143.    Mr. Monsees lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 143, and, on that basis, denies them.

144.    To the extent that the allegations in Paragraph 144 are directed to other Defendants, no responsive pleading is required.  To the extent that a response is otherwise required, Mr. Monsees denies the allegations in Paragraph 144.

145. Mr. Monsees admits that Kevin Burns, previously president and chief operating officer of Chobani, was JLI's CEO in January 2018. Mr. Monsees otherwise denies the allegations in Paragraph 145.

146. Mr. Monsees admits that the FDA sent JLI a letter in April 2018. Mr. Monsees otherwise denies the allegations in Paragraph 146, except refers to the referenced documents or statements for their complete and accurate contents.

147. Mr. Monsees admits that in April 2019, JLI announced a $30 million initiative to combat underage use of tobacco and ENDS products. Mr. Monsees admits that JLI received a letter from the FDA in September 2019. Mr. Monsees otherwise denies the allegations in Paragraph 147, except refers to the referenced documents or statements for their complete and accurate contents.

148. Mr. Monsees lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 148, and, on that basis, denies them.

149. Mr. Monsees lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 149, and, on that basis, denies them. Mr. Monsees admits that Plaintiffs selectively quote testimony given by Dr. Jonathan Winickoff before Congress, which speaks for itself. Except to the extent expressly admitted, Mr. Monsees denies the allegations in Paragraph 149.

150. To the extent that the allegations in Paragraph 150 are directed to other Defendants, no responsive pleading is required. To the extent that a response is otherwise required, Mr. Monsees refers to the referenced documents or statements for their complete and accurate contents, and otherwise denies the allegations in Paragraph 150.

151. Mr. Monsees lacks knowledge or information sufficient to form a belief as to the

truth of the allegations in Paragraph 151, and, on that basis, denies them.

152.    Mr. Monsees denies the allegations in Paragraph 152.

153.    Mr. Monsees admits that JLI has offered information comparing the nicotine content in a pack of combustible cigarettes to the nicotine content in 5% strength JUULpods.  Mr. Monsees otherwise denies the allegations in Paragraph 153.

154.    Mr. Monsees lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 154, and, on that basis, denies them.

155.    Mr. Monsees admits that JLI uses a nicotine-based-sale e-liquid formulation.  Mr. Monsees lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 155, and, on that basis, denies them.

156.    Mr. Monsees denies the allegations in Paragraph 156.

157.    Mr. Monsees admits that Plaintiffs reference a chart that appeared in TechCrunch, which speaks for itself.  Mr. Monsees lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 157, and, on that basis, denies them.

158.    Mr. Monsees refers to the referenced documents for their complete and accurate contents, and otherwise denies the allegations in Paragraph 158.

159.    To the extent the allegations in Paragraph 159 are legal conclusions and characterizations, no responsive pleading is required.  Insofar as a response is required, Mr. Monsees denies the allegations in Paragraph 159.

160.    To the extent the allegations in Paragraph 160 are legal conclusions and characterizations, no responsive pleading is required.  Insofar as a response is required, Mr. Monsees denies the allegations in Paragraph 160.

161.    To the extent the allegations in Paragraph 161 are legal conclusions and

23

characterizations, no responsive pleading is required. Insofar as a response is required, Mr. Monsees admits that JLI's website offered information comparing the nicotine content in a pack of combustible cigarettes to the nicotine content in 5% strength JUULpods. Mr. Monsees otherwise denies the allegations in Paragraph 161, except refers to the referenced documents or statements for their complete and accurate contents.

162. To the extent the allegations in Paragraph 162 are legal conclusions and characterizations, no responsive pleading is required. Insofar as a response is required, Mr. Monsees admits that JUULpod packages sent via U.S. mail contained the statement that a single JUULpod is "approximately equivalent to about 1 pack of cigarettes." Mr. Monsees otherwise denies the allegations in Paragraph 162, except refers to the referenced documents or statements for their complete and accurate contents.

163. To the extent the allegations in Paragraph 163 are legal conclusions and characterizations, no responsive pleading is required. Insofar as a response is required, Mr. Monsees denies the allegations in Paragraph 163.

164. To the extent that the allegations in Paragraph 164 are directed to other Defendants, no responsive pleading is required. To the extent that a response is otherwise required, Mr. Monsees admits that JUULpod packages sent via U.S. mail contained the statement that a single JUULpod is "approximately equivalent to about 1 pack of cigarettes." Mr. Monsees otherwise denies the allegations in Paragraph 164.

165. Mr. Monsees lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 165, and, on that basis, denies them.

166. Mr. Monsees lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 166, and, on that basis, denies them.

24

167.    Mr. Monsees lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 167, and, on that basis, denies them.

168.    To the extent that the allegations in Paragraph 168 are directed to other Defendants, no responsive pleading is required.  To the extent that a response is otherwise required, Mr. Monsees denies the allegations in Paragraph 168.

169.    To the extent the allegations in Paragraph 169 are legal conclusions and characterizations, no responsive pleading is required.  Insofar as a response is required, Mr. Monsees admits that the compliance date for the FDA labeling requirements was August 10, 2018. Mr. Monsees admits that JLI added an explicit warning to its products stating "WARNING: This product contains nicotine. Nicotine is an addictive chemical" before the compliance date.  Except to the extent expressly admitted, Mr. Monsees denies the allegations in Paragraph 169.

170.    Mr. Monsees lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 170, and, on that basis, denies them.

171.    To the extent the allegations in Paragraph 171 are legal conclusions and characterizations, no responsive pleading is required.  Insofar as a response is required, Mr. Monsees lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 171, and, on that basis, denies them.

172.    To the extent the allegations in Paragraph 172 are legal conclusions and characterizations, no responsive pleading is required.  Insofar as a response is required, Mr. Monsees admits that in December 2015 JLI ran a limited marketing campaign called "Save Room for JUUL."  Except to the extent expressly admitted, Mr. Monsees denies the allegations in Paragraph 172.

173.    Mr. Monsees admits that Plaintiffs reference images from the "Save Room for

JUUL" limited marketing campaign, which speak for themselves. Except to the extent expressly admitted, Mr. Monsees denies the allegations in Paragraph 173.

174. To the extent the allegations in Paragraph 174 are legal conclusions and characterizations, no responsive pleading is required. Insofar as a response is required, Mr. Monsees denies the allegations in Paragraph 174.

175. To the extent the allegations in Paragraph 175 are legal conclusions and characterizations, no responsive pleading is required. Insofar as a response is required, Mr. Monsees denies the allegations in Paragraph 175.

176. To the extent the allegations in Paragraph 176 are legal conclusions and characterizations, no responsive pleading is required. To the extent that the allegations in Paragraph 176 are directed to other Defendants, no responsive pleading is required. To the extent that a response is otherwise required, Mr. Monsees denies the allegations in Paragraph 176.

177. The first sentence of Paragraph 177 states legal conclusions to which no response is required. Mr. Monsees lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 177, and, on that basis, denies them.

178. Mr. Monsees admits that Plaintiffs selectively quote from a letter that JLI published on its website in the spring of 2018, which speaks for itself. Mr. Monsees denies any characterizations of statements in the letter that are inconsistent with the letter's contents. Except to the extent expressly admitted, Mr. Monsees denies the allegations in Paragraph 178.

179. Mr. Monsees admits that JLI began a campaign in early 2016 known as the Switch Campaign. Except to the extent expressly admitted, Mr. Monsees denies the allegations in Paragraph 179.

180. Mr. Monsees lacks knowledge or information sufficient to form a belief as to the

truth of the allegations in Paragraph 180, and, on that basis, denies them.

181.    Mr. Monsees lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 181 regarding the Switch Campaign being "more muted and reserved than the Vaporize Campaign," and, on that basis, denies them.  Mr. Monsees denies the remaining allegations in Paragraph 181.

182.    Mr. Monsees admits that in 2018 some of JLI's advertisements encouraged adult smokers to switch from using combustible cigarettes to using JUUL products.  Mr. Monsees refers to the referenced documents or statements for their complete and accurate contents, and otherwise denies the allegations in Paragraph 182.

183.    Mr. Monsees lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 183, and, on that basis, denies them.

184.    Mr. Monsees denies the allegations Paragraph 184.

185.    Mr. Monsees denies the allegations Paragraph 185.

186.    To the extent the allegations in Paragraph 186 are legal conclusions and characterizations, no responsive pleading is required.  Insofar as a response is required, Mr. Monsees denies the allegations in Paragraph 186.

187.    Mr. Monsees denies the allegations in Paragraph 187.

188.    Mr. Monsees admits that Plaintiffs selectively quote from an article on the National Institutes of Health's website, which speaks for itself.  Except to the extent expressly admitted, Mr. Monsees denies the allegations in Paragraph 188.

189.    Mr. Monsees denies the allegations in the first sentence of Paragraph 189.  Mr. Monsees lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 189, and, on that basis, denies them.

190.    Mr. Monsees denies the allegations in the first sentence of Paragraph 190.  Mr. Monsees lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 190, and, on that basis, denies them.

191.    Mr. Monsees lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 191, and, on that basis, denies them.

192.    Mr. Monsees lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 192, and, on that basis, denies them.

193.    Mr. Monsees lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 193, and, on that basis, denies them.

194.    Mr. Monsees lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 194, and, on that basis, denies them.

195.    Mr. Monsees lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 195, and, on that basis, denies them.

196.    Mr. Monsees lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 196, and, on that basis, denies them.

197.    Mr. Monsees lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 197, and, on that basis, denies them.

198.    Mr. Monsees lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 198, and, on that basis, denies them.

199.    Mr. Monsees admits that e-cigarette manufacturers are not subject to the requirements of the MSA.  Mr. Monsees otherwise denies the allegations in Paragraph 199.

200.    Mr. Monsees denies the allegations in Paragraph 200.

201.    Mr. Monsees denies the allegations in the first and last sentences of Paragraph

201.  Mr. Monsees admits that Plaintiffs selectively quote a statement Mr. Monsees made in a 2015 article, which speaks for itself.  Mr. Monsees respectfully refers to said article for a full and accurate statement of its contents.  Mr. Monsees denies any characterization of statements in the article that are inconsistent with the article's contents.

202.    Mr. Monsees admits that he reviewed documents in the Stanford library tobacco online archive.  Mr. Monsees denies the remaining allegations in Paragraph 202.

203.    Mr. Monsees admits that Plaintiffs reference two images, which speak for themselves.  Except to the extent expressly admitted, Mr. Monsees denies the allegations in Paragraph 203.

204.    Mr. Monsees denies the allegations in Paragraph 204.

205.    Mr. Monsees admits that JLI launched a marketing campaign in 2015, which involved promoting its products through a variety of means, including maintaining Instagram, Twitter, and Facebook accounts for promotional purposes in the U.S.  Mr. Monsees otherwise denies the allegations in Paragraph 205.

206.    Mr. Monsees admits that Plaintiffs reference an image of a JUUL device, which speaks for itself.  Except to the extent expressly admitted, Mr. Monsees denies the allegations in Paragraph 206.

207.    Mr. Monsees admits that JLI engaged Cult Collective and Grit Creative Group in connection with the marketing of JUUL products.  Mr. Monsees admits that Plaintiffs selectively quote from Cult Collective and Grit's websites, which speak for themselves.  Except to the extent expressly admitted, Mr. Monsees denies the allegations in Paragraph 207.

208.    Mr. Monsees admits that the launch campaign for JUUL products in 2015 was known as "Vaporized" and that JLI engaged Cult Collective and Grit in connection with that

29

campaign.  Mr. Monsees otherwise denies the allegations in Paragraph 208.

209.    Mr. Monsees denies the allegations in Paragraph 209.

210.    Mr. Monsees admits that Plaintiffs reference posts that appeared in the Vaporized campaign and an article that quotes Richard Mumby, which speak for themselves.  Except to the extent expressly admitted, Mr. Monsees denies the allegations in Paragraph 210.

211.    Mr. Monsees admits that Plaintiffs reference advertisements from the Vaporized campaign, which speak for themselves.  Mr. Monsees lacks knowledge or information sufficient to form a believe as to the truth of the allegations in the quoted language in Paragraph 211, and, on that basis, denies them.  Except to the extent expressly admitted, Mr. Monsees denies the allegations in Paragraph 211.

212.    Mr. Monsees admits that Plaintiffs reference JLI magazine advertisements and social media marketing posts, which speak for themselves.  Except to the extent expressly admitted, Mr. Monsees denies the allegations in Paragraph 212.

213.    Mr. Monsees lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 213, and, on that basis, denies them.

214.    Mr. Monsees denies the characterization in the first sentence of Paragraph 214 of the models as "youthful."  Mr. Monsees lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 214, and, on that basis, denies them.

215.    Mr. Monsees lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 215, and, on that basis, denies them.

216.    Mr. Monsees denies the allegations in Paragraph 216.

217.    Mr. Monsees lacks knowledge or information sufficient to form a belief as to

the truth of the allegations in Paragraph 217, and, on that basis, denies them.

218.    Mr. Monsees lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 218, and, on that basis, denies them.

219.    Mr. Monsees lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 219, and, on that basis, denies them.

220.    Mr. Monsees lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 220, and, on that basis, denies them.

221.    Mr. Monsees lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 221, and, on that basis, denies them.

222.    Mr. Monsees lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 222, and, on that basis, denies them.

223.    Mr. Monsees lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 223, and, on that basis, denies them.

224.    Mr. Monsees lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 224, and, on that basis, denies them.

225.    Mr. Monsees lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 225, and, on that basis, denies them.

226.    Mr. Monsees lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 226, and, on that basis, denies them.

227.    Mr. Monsees lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 227, and, on that basis, denies them.

228.    Mr. Monsees lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 228, and, on that basis, denies them.

229.    Mr. Monsees lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 229, and, on that basis, denies them.

230.    Mr. Monsees lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 230, and, on that basis, denies them.

231.    Mr. Monsees admits that JLI previously posted advertisements on its social media accounts on Twitter, Instagram, and Facebook.  Mr. Monsees admits that JLI disabled its U.S. Facebook and Instagram accounts in November 2018 and maintained its Twitter account for non-promotional communications only.  Mr. Monsees otherwise denies the allegations in Paragraph 231.

232.    Mr. Monsees denies the allegations in Paragraph 232.

233.    Mr. Monsees lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 233, and, on that basis, denies them.

234.    Mr. Monsees denies the allegations in Paragraph 234.

235.    Mr. Monsees lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 235, and, on that basis, denies them.

236.    Mr. Monsees lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 236, and, on that basis, denies them.

237.    Mr. Monsees lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 237, and, on that basis, denies them.

238.    Mr. Monsees lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 238, and, on that basis, denies them.

239.    Mr. Monsees denies the allegations in Paragraph 239.

240.    Mr. Monsees lacks knowledge or information sufficient to form a belief as to the

32

truth of the allegations in Paragraph 240, and, on that basis, denies them.

241.    Mr. Monsees lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 241, and, on that basis, denies them.

242.    Mr. Monsees lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 242, and, on that basis, denies them.

243.    Mr. Monsees lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 243, and, on that basis, denies them.

244.    Mr. Monsees lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 244, and, on that basis, denies them.

245.    Mr. Monsees lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 245, and, on that basis, denies them.

246.    Mr. Monsees lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 246, and, on that basis, denies them.

247.    Mr. Monsees lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 247, and, on that basis, denies them.

248.    Mr. Monsees lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 248, and, on that basis, denies them.

249.    Mr. Monsees admits that Plaintiffs reference an analysis in a journal published by the American Medical Association, which speaks for itself.  Mr. Monsees lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 249, and, on that basis, denies them.

250.    Mr. Monsees denies the allegations in Paragraph 250.

251.    Mr. Monsees admits that Plaintiffs reference and selectively quote from a

33

November 5, 2019 Reuters article, which speaks for itself.  Mr. Monsees lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 251, and, on that basis, denies them.

252.    Mr. Monsees admits that JLI organized certain age-restricted events in connection with the launch of JUUL products in 2015.  Mr. Monsees avers that JLI has taken significant steps to prevent underage use of JUUL products and specifically denies any allegations stating or suggesting otherwise.  Mr. Monsees admits that the artists listed in Paragraph 252 provided entertainment at JLI's New York launch event in 2015.  Mr. Monsees otherwise denies the allegations in Paragraph 252 and specifically denies that JLI targeted underage users through marketing or otherwise.

253.    Mr. Monsees lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 253, and, on that basis, denies them.

254.    Mr. Monsees admits that JLI held events known as its "Container Tour."  Mr. Monsees lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 254, and, on that basis, denies them.

255.    Mr. Monsees denies the characterization in the first sentence of Paragraph 255 as "eerily similar to Big Tobacco."  Mr. Monsees lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 255, and, on that basis, denies them.

256.    Mr. Monsees lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 256, and, on that basis, denies them.

257.    Mr. Monsees lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 257, and, on that basis, denies them.

258.    Mr. Monsees lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 258, and, on that basis, denies them.

259.    Mr. Monsees lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 259, and, on that basis, denies them.

260.    Mr. Monsees denies the allegations in Paragraph 260.

261.    Mr. Monsees lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 261, and, on that basis, denies them.

262.    Mr. Monsees admits that Grit organized certain age-restricted events at locations in New York in connection with the launch of JUUL products in 2015.  Mr. Monsees lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 262, and, on that basis, denies them.

263.    Mr. Monsees lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 263, and, on that basis, denies them.

264.    Mr. Monsees admits that JLI placed advertisements on billboards in Times Square and that all of the individuals that appear in these advertisements were adults of legal tobacco-purchasing age.  Mr. Monsees lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 264, and, on that basis, denies them.

265.    Mr. Monsees lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 265, and, on that basis, denies them.

266.    Mr. Monsees lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 266, and, on that basis, denies them.

267.    Mr. Monsees admits that JLI held age-restricted launch parties in the summer of

35

2015.  Mr. Monsees lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 267, and, on that basis, denies them.

268.    Mr. Monsees denies the allegations in Paragraph 268.

269.    Mr. Monsees denies the allegations in Paragraph 269.

270.    Mr. Monsees admits that, at JUUL's initial product launch, JLI marketed its products through various platforms, including social media and age-restricted events.  Mr. Monsees admits that JLI distributed limited quantities of samples to age-verified adult consumers at certain age-restricted events that took place following JUUL's initial product launch in 2015.  Mr. Monsees lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 270, and, on that basis, denies them.

271.    Mr. Monsees denies the allegations in Paragraph 271.

272.    Mr. Monsees lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 272, and, on that basis, denies them.

273.    Mr. Monsees lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 273, and, on that basis, denies them.

274.    Mr. Monsees lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 274, and, on that basis, denies them.

275.    Mr. Monsees lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 275, and, on that basis, denies them.

276.    Mr. Monsees denies the allegations in Paragraph 276.

277.    Mr. Monsees denies the allegations in Paragraph 277.

278.    Mr. Monsees lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first two sentences of Paragraph 278, and, on that basis, denies

them. Mr. Monsees admits that Plaintiffs reference and selectively quote from Rookie Magazine's website, and a 2014 Rolling Stone magazine article, which speak for themselves. Except to the extent expressly admitted, Mr. Monsees denies the allegations in Paragraph 278.

279. Mr. Monsees lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 279, and, on that basis, denies them.

280. Mr. Monsees lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 280, and, on that basis, denies them.

281. Mr. Monsees lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 281, and, on that basis, denies them.

282. Mr. Monsees lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 282, and, on that basis, denies them.

283. Mr. Monsees lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 283, and, on that basis, denies them.

284. Mr. Monsees lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 284, and, on that basis, denies them.

285. Mr. Monsees lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 285, and, on that basis, denies them.

286. To the extent the allegations in Paragraph 286 are legal conclusions and characterizations, no responsive pleading is required. Insofar as a response is required, Mr. Monsees lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 286, and, on that basis, denies them.

287. To the extent the allegations in Paragraph 287 are legal conclusions and characterizations, no responsive pleading is required. Insofar as a response is required, Mr.

Monsees denies the allegations in Paragraph 287.

288.    Mr. Monsees denies the allegations in Paragraph 288.

289.    Mr. Monsees denies the allegations in Paragraph 289.

290.    Mr. Monsees denies the allegations in Paragraph 290.

291.    Mr. Monsees lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 291, and, on that basis, denies them. Mr. Monsees admits that Plaintiffs reference and selectively quote from April and May 2018 emails purportedly produced to the Congressional House Oversight Committee, which speak for themselves.  Except to the extent expressly admitted, Mr. Monsees denies the allegations in Paragraph 291.

292.    Mr. Monsees lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 292, and, on that basis, denies them. Mr. Monsees denies the allegations in the second sentence of Paragraph 292.

293.    Mr. Monsees admits that tobacco products are largely available in U.S. convenience stores, but otherwise denies the allegations in Paragraph 293.

294.    Mr. Monsees lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 294, and, on that basis, denies them.

295.    Mr. Monsees lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 295, and, on that basis, denies them.

296.    Mr. Monsees admits that JLI placed advertisements at various platforms.  Mr. Monsees otherwise denies the allegations in Paragraph 296.

297.    Mr. Monsees lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 297, and, on that basis, denies them.

298.    Mr. Monsees denies the allegations in Paragraph 298.

299.    Mr. Monsees denies the allegations in Paragraph 299.

300.    Mr. Monsees denies the allegations in Paragraph 300.

301.    Mr. Monsees denies the allegations in Paragraph 301.

302.    Mr. Monsees denies the allegations in Paragraph 302.

303.    Mr. Monsees lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 303, and, on that basis, denies them.

304.    Mr. Monsees denies the allegations in Paragraph 304.

305.    Mr. Monsees denies the allegations in Paragraph 305.

306.    Mr. Monsees admits that during the relevant time period JLI's products were available for purchase on the JLI website to adult consumers who passed JLI's online age-verification requirements.  Mr. Monsees otherwise denies the allegations in Paragraph 306.

307.    Mr. Monsees denies the allegations in Paragraph 307.

308.    Mr. Monsees denies the allegations in Paragraph 308.

309.    Mr. Monsees lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 309, and, on that basis, denies them.

310.    Mr. Monsees lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 310, and, on that basis, denies them.

311.    Mr. Monsees lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 311, and, on that basis, denies them.

312.    Mr. Monsees lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 312, and, on that basis, denies them.

313.    Mr. Monsees denies the allegations in Paragraph 313.

314.   Mr. Monsees lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 314, and, on that basis, denies them.

315.   Mr. Monsees denies the allegations in Paragraph 315.

316.   Mr. Monsees admits that JLI undertook various efforts to prevent on-line sales to minors on its website.  Mr. Monsees otherwise denies the allegations in Paragraph 316.

317.    Mr. Monsees admits that JLI undertook various efforts to prevent on-line sales to minors on its website.  Mr. Monsees otherwise denies the allegations in Paragraph 317.

318.   Mr. Monsees lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 318, and, on that basis, denies them.

319.   Mr. Monsees denies the allegations in Paragraph 319.

320.   Mr. Monsees admits that Plaintiffs reference a 2016 finding from the National Institute on Drug Abuse, which speaks for itself.  Except to the extent expressly admitted, Mr. Monsees denies the allegations in Paragraph 320.

321.   Mr. Monsees lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 321, and, on that basis, denies them.

322.   Mr. Monsees lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 322, and, on that basis, denies them.

323.   Mr. Monsees admits that Plaintiffs reference a 2019 study published in Pediatrics, which speaks for itself.  Except for as expressly admitted, Mr. Monsees denies the allegations in Paragraph 323.

324.   Mr. Monsees denies the allegations in the first sentence of Paragraph 324.  Mr. Monsees lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 324, and, on that basis, denies them.

325.    Mr. Monsees lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 325, and, on that basis, denies them.

326.    Mr. Monsees admits that Plaintiffs reference a statement made by the U.S. Surgeon General, which speaks for itself.  Except to the extent expressly admitted, Mr. Monsees denies the allegations in Paragraph 326.

327.    Mr. Monsees admits that Plaintiffs reference an April 5, 2019 statement made by FDA Commissioner Scott Gottlieb, which speaks for itself.  Except to the extent expressly admitted, Mr. Monsees denies the allegations in Paragraph 327.

328.    Mr. Monsees denies the allegations in the first sentence of Paragraph 328.  Mr. Monsees lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 328, and, on that basis, denies them.

329.    Mr. Monsees lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 329, and, on that basis, denies them.

330.    Mr. Monsees lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 330, and, on that basis, denies them.

331.    Mr. Monsees lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 331, and, on that basis, denies them.

332.    Mr. Monsees lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 332, and, on that basis, denies them.

333.    Mr. Monsees lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 333, and, on that basis, denies them.

334.    Mr. Monsees lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 334, and, on that basis, denies them.

335.    Mr. Monsees lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 335, and, on that basis, denies them.

336.    Mr. Monsees lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 336, and, on that basis, denies them.

337.    Mr. Monsees lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 337, and, on that basis, denies them.

338.    Mr. Monsees lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 338, and, on that basis, denies them.

339.    Mr. Monsees lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 339, and, on that basis, denies them.

340.    Mr. Monsees lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 340, and, on that basis, denies them.

341.    Mr. Monsees lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 341, and, on that basis, denies them.

342.    Mr. Monsees lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 342, and, on that basis, denies them.

343.    Mr. Monsees lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 343, and, on that basis, denies them.

344.    Mr. Monsees lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 344, and, on that basis, denies them.

345.    Mr. Monsees lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 345, and, on that basis, denies them.

346.    Mr. Monsees lacks knowledge or information sufficient to form a belief as to the

truth of the allegations in Paragraph 346, and, on that basis, denies them.

347.    Mr. Monsees lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 347, and, on that basis, denies them.

348.    Mr. Monsees lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 348, and, on that basis, denies them.

349. Mr. Monsees lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 349, and, on that basis, denies them.

350.    Mr. Monsees lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 350, and, on that basis, denies them.

351.    Mr. Monsees lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 351, and, on that basis, denies them.

352.    Mr. Monsees lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 352, and, on that basis, denies them.

353.    Mr. Monsees lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 353, and, on that basis, denies them.

354.    Mr. Monsees lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 354, and, on that basis, denies them.

355.    Mr. Monsees lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 355, and, on that basis, denies them.

356.    Mr. Monsees lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 356, and, on that basis, denies them.

357.    Mr. Monsees lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 357, and, on that basis, denies them.

358. Mr. Monsees lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 358, and, on that basis, denies them.

359. Mr. Monsees lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 359, and, on that basis, denies them.

360. Mr. Monsees lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 360, and, on that basis, denies them.

361. Mr. Monsees lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 361, and, on that basis, denies them.

362. Mr. Monsees lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 362, and, on that basis, denies them.

363. Mr. Monsees lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 363, and, on that basis, denies them.

364. Mr. Monsees lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 364, and, on that basis, denies them.

365. Mr. Monsees lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 365, and, on that basis, denies them.

366. Mr. Monsees lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 366, and, on that basis, denies them.

367. Mr. Monsees lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 367, and, on that basis, denies them.

368. Mr. Monsees lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 368, and, on that basis, denies them.

369. Mr. Monsees lacks knowledge or information sufficient to form a belief as to the

truth of the allegations in Paragraph 369, and, on that basis, denies them.

370.    Mr. Monsees lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 370, and, on that basis, denies them.

371.    Mr. Monsees lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 371, and, on that basis, denies them.

372.    Mr. Monsees lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 372, and, on that basis, denies them.

373.    Mr. Monsees lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 373, and, on that basis, denies them.

374.    Mr. Monsees lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 374, and, on that basis, denies them.

375.    Mr. Monsees lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 375, and, on that basis, denies them.

376.    Mr. Monsees lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 376, and, on that basis, denies them.

377.    Mr. Monsees lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 377, and, on that basis, denies them.

378.    Mr. Monsees lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 378, and, on that basis, denies them.

379.    Mr. Monsees lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 379, and, on that basis, denies them.

380.    Mr. Monsees lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 380, and, on that basis, denies them.

381.    Mr. Monsees lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 381, and, on that basis, denies them.

382.    Mr. Monsees lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 382, and, on that basis, denies them.

383.    Mr. Monsees admits that Plaintiffs reference an article in the Wall Street Journal, which speaks for itself.  Mr. Monsees lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 383, and, on that basis, denies them.

384.    Mr. Monsees lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 384, and, on that basis, denies them.

385.    Mr. Monsees admits that Altria purchased a 35% minority interest in JLI's business for $12.8 billion in 2018, under which JLI would remain fully independent.  Mr. Monsees lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 385, and, on that basis, denies them.

386.    To the extent that the allegations in Paragraph 386 are directed to other Defendants, no responsive pleading is required.  To the extent that a responsive pleading is otherwise required, Mr. Monsees admits that as part of the agreement between JLI and Altria, JLI could have, for a fee, requested that Altria provide JLI access to certain retail shelf space and provide distribution, direct marketing, sales, and other support services to JLI.  Mr. Monsees lacks knowledge or information sufficient to admit or deny the remaining allegations in Paragraph 386, and, on that basis, denies them.

387.    To the extent that the allegations in Paragraph 387 are directed to other Defendants, no responsive pleading is required.  To the extent that a response is otherwise required, Mr. Monsees denies the allegations in Paragraph 387.

388.     Mr. Monsees lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 388, and, on that basis, denies them. Mr. Monsees denies the remaining allegations in Paragraph 388.

389.     Mr. Monsees admits that JLI and the FDA had a meeting on August 2, 2018.  Mr. Monsees otherwise denies the allegations in Paragraph 389.

390.     Mr. Monsees lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 390, and, on that basis, denies them.

391.     To the extent that the allegations in Paragraph 391 are directed to other Defendants, no responsive pleading is required.  To the extent that a response is otherwise required, Mr. Monsees denies the allegations in Paragraph 391.

392.     Mr. Monsees denies the characterizations of the Youth Prevalence Study referenced in the first and second sentences of Paragraph 392.  Mr. Monsees lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 392, and, on that basis, denies them.

393.     Mr. Monsees admits that Plaintiffs reference and selectively quote from a September 25, 2018 then-FDA Commissioner Gottlieb sent to JLI, which speaks for itself. Except to the extent expressly admitted, Mr. Monsees denies the allegations in Paragraph 393.

394.     Mr. Monsees denies the allegations in Paragraph 394 regarding JLI.  Mr. Monsees lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 394 regarding Altria, and, on that basis, denies them.

395.     Mr. Monsees denies the allegations in Paragraph 395.

396.     Mr. Monsees denies the allegations in the first sentence of Paragraph 396.  Mr. Monsees admits that JLI prepared an Action Plan, which it shared with the public in November

2018. Mr. Monsees lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 396, and, on that basis, denies them.

397.    Mr. Monsees admits that Plaintiffs reference and selectively quote from JLI's Action Plan, which speaks for itself.  Except to the extent expressly admitted, Mr. Monsees denies the allegations in Paragraph 397.

398.    Mr. Monsees admits that Plaintiffs include an image from JLI's Action Plan, which speaks for itself.  Except to the extent expressly admitted, Mr. Monsees denies the allegations in Paragraph 398.

399.    Mr. Monsees lacks knowledge or information sufficient to form a belief as to the truth of the aallegations in Paragraph 399, and, on that basis, denies them.

400.    Mr. Monsees denies the allegations in the first sentence of Paragraph 400.  Mr. Monsees lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 400, and, on that basis, denies them.

401.    Mr. Monsees denies the characterization in the first sentence of Paragraph 401 of JLI's Action Plan as "fraudulent" and "misleading."  Mr. Monsees admits that Plaintiffs reference and selectively quote from Altria CEO Howard Willard's October 25, 2018 letter, which speaks for itself.  Except to the extent expressly admitted, Mr. Monsees denies the allegations in Paragraph 401.

402.    Mr. Monsees admits that Plaintiffs reference and selectively quote from Altria's October 25, 2018 earnings call transcript, which speaks for itself.  Except to the extent expressly admitted, Mr. Monsees denies the allegations in Paragraph 402.

403.    Mr. Monsees admits that Plaintiffs reference and selectively quote from Altria's October 25, 2018 earnings call transcript, which speaks for itself.  Except to the extent expressly

48

admitted, Mr. Monsees denies the allegations in Paragraph 403.

404.    Mr. Monsees admits that Plaintiffs reference and selectively quote from Altria's October 25, 2018 earnings call transcript, which speaks for itself.  Except to the extent expressly admitted, Mr. Monsees denies the allegations in Paragraph 404.

405.    Mr. Monsees admits that Plaintiffs reference and selectively quote from an FTC Complaint against Altria, which speaks for itself.  Except to the extent expressly admitted, Mr. Monsees denies the allegations in Paragraph 405.

406.    Mr. Monsees admits that Plaintiffs reference and selectively quote from an FTC Complaint against Altria, which speaks for itself.  Except to the extent expressly admitted, Mr. Monsees denies the allegations in Paragraph 406.

407.    Mr. Monsees lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 407, and, on that basis, denies them.

408.    Mr. Monsees admits that Plaintiffs reference and selectively quote from a study published on Altria's website, which speaks for itself.  Except to the extent expressly admitted, Mr. Monsees denies the allegations in Paragraph 408.

409.    Mr. Monsees lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 409, and, on that basis, denies them.

410.    Mr. Monsees denies the allegations in Paragraph 410.

411.    Mr. Monsees denies the allegations in Paragraph 411.

412.    Mr. Monsees denies the allegations in the first sentence of Paragraph 412.  Mr. Monsees admits that Plaintiffs reference and selectively quote from then-FDA Commissioner Gottlieb's February 2019 letters to JLI and Altria, which speak for themselves.  Except to the extent expressly admitted, Mr. Monsees denies the allegations in Paragraph 412.

413.     Mr. Monsees admits that Plaintiffs reference and selectively quote from FDA Commissioner Gottlieb's February 2019 letter to Altria, which speaks for itself.  Except to the extent expressly admitted, Mr. Monsees denies the allegations in Paragraph 413.

414.     Mr. Monsees admits that representatives from JLI and Altria met with Commissioner Gottlieb in March 2019.  Mr. Monsees admits that Plaintiffs reference and selectively quote from articles that reported on this meeting, which speak for themselves. Except to the extent expressly admitted, Mr. Monsees denies the allegations in Paragraph 414.

415.     Mr. Monsees admits that Plaintiffs reference and selectively quote from a statement made by Commissioner Gottlieb, which speaks for itself.  Except to the extent expressly admitted, Mr. Monsees denies the allegations in Paragraph 415.

416.     Mr. Monsees denies the allegations in the first sentence of Paragraph 416.  Mr. Monsees admits that JLI suspended the sales and distribution of mint-flavored JUULpods through all JLI-controlled channels in the U.S. in November 2019.  Mr. Monsees lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 416, and, on that basis, denies them.

417.     Mr. Monsees lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 417, and, on that basis, denies them.

418.     Mr. Monsees lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 418, and, on that basis, denies them.

419.     Mr. Monsees lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 419, and, on that basis, denies them.

420.     Mr. Monsees lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 420, and, on that basis, denies them.

421. Mr. Monsees lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 421, and, on that basis, denies them.

422. Mr. Monsees lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 422, and, on that basis, denies them.

423. Mr. Monsees admits that Plaintiffs reference a study published in December 2019, which speaks for itself. Except to the extent expressly admitted, Mr. Monsees denies the allegations in Paragraph 423.

424. Mr. Monsees lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 424, and, on that basis, denies them.

425. Mr. Monsees lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 425, and, on that basis, denies them.

426. Mr. Monsees lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 426, and, on that basis, denies them.

427. Mr. Monsees lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 427, and, on that basis, denies them.

428. Mr. Monsees lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 428, and, on that basis, denies them.

429. Mr. Monsees lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 429, and, on that basis, denies them.

430. Mr. Monsees lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 430, and, on that basis, denies them.

431. Mr. Monsees lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 431, and, on that basis, denies them.

432. Mr. Monsees lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 432, and, on that basis, denies them.

433. Mr. Monsees lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 433, and, on that basis, denies them.

434. Mr. Monsees lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 434, and, on that basis, denies them.

435. Mr. Monsees lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 435, and, on that basis, denies them.

436. Mr. Monsees lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 436, and, on that basis, denies them.

437. Mr. Monsees lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 437, and, on that basis, denies them.

438. Mr. Monsees lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 438, and, on that basis, denies them.

439. Mr. Monsees lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 439, and, on that basis, denies them.

440. Mr. Monsees denies the allegations in Paragraph 440.

441. To the extent the allegations in Paragraph 441 purport to characterize particular documents or statements, Mr. Monsees refers to the referenced documents or statements for their complete and accurate contents. To the extent that a responsive pleading is otherwise required, Mr. Monsees denies the allegations in Paragraph 441.

442. Mr. Monsees lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 442, and, on that basis, denies them.

443.     Mr. Monsees lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 443, and, on that basis, denies them.

444.     Mr. Monsees admits that Plaintiffs reference a study by researcher Floridan Rader, which speaks for itself.  Except to the extent expressly admitted, Mr. Monsees denies the allegations in Paragraph 444.

445.     Mr. Monsees admits that Plaintiffs reference a study by Talal Alzahrani, which speaks for itself.  Except to the extent expressly admitted, Mr. Monsees denies the allegations in Paragraph 445.

446.     Mr. Monsees lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 446, and, on that basis, denies them.

447.     Mr. Monsees lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 447, and, on that basis, denies them.

448.     Mr. Monsees admits that the FDA Center for Tobacco Products issued a Special Announcement on April 3, 2019, which speaks for itself.  Except to the extent expressly admitted, Mr. Monsees denies the allegations in Paragraph 448.

449.     Mr. Monsees admits that Plaintiffs reference and selectively quote from the FDA Center for Tobacco Products' April 3, 2019 Special Announcement, which speaks for itself.  Mr. Monsees lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 449, and, on that basis, denies them.

450.     Mr. Monsees denies the allegations in Paragraph 450.

451.     Mr. Monsees lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 451, and, on that basis, denies them.

452.     Mr. Monsees admits that Plaintiffs reference a 2017 report by Donatella

53

Canistro and others, a 2018 study, and a 2019 report by Moon-shong Tang and others, which speak for themselves.  Except to the extent expressly admitted, Mr. Monsees denies the allegations in Paragraph 452.

453.   Mr. Monsees lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 453, and, on that basis, denies them.

454.   To the extent the allegations concerning the Class Period are legal conclusions and characterizations, no responsive pleading is required.  Insofar as a response is required, Mr. Monsees admits that this Paragraph purports to set forth the start of Plaintiffs' proposed Class Period.  Mr. Monsees admits that Plaintiffs selectively quote from Altria's December 20, 2018 Press Release, which speaks for itself.  Except to the extent expressly admitted, Mr. Monsees denies the allegations in Paragraph 454.

455.   Mr. Monsees lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 455 regarding the Altria Defendants, and, on that basis, denies them.  Mr. Monsees denies the remaining allegations in Paragraph 455.

456.   Mr. Monsees admits that Plaintiffs selectively quote from Altria's December 20, 2018 Press Release, which speaks for itself.  Except to the extent expressly admitted, Mr. Monsees denies the allegations in Paragraph 456.

457.   Mr. Monsees lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 457 regarding the Altria Defendants, and, on that basis, denies them.  Mr. Monsees denies the remaining allegations in Paragraph 457.

458.   Mr. Monsees admits that Plaintiffs selectively quote from Altria's December 20, 2018 Press Release, which speaks for itself.  Except to the extent expressly admitted, Mr. Monsees denies the allegations in Paragraph 458.

459. Mr. Monsees lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 459 regarding the Altria Defendants, and, on that basis, denies them. Mr. Monsees denies the remaining allegations in Paragraph 459.

460. Mr. Monsees admits that Plaintiffs reference and selectively quote from Altria's December 20, 2018 Press Release, which speaks for itself. Except to the extent expressly admitted, Mr. Monsees denies the allegations in Paragraph 460.

461. Mr. Monsees lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 461 regarding the Altria Defendants, and, on that basis, denies them. Mr. Monsees denies the remaining allegations in Paragraph 461.

462. Mr. Monsees admits that Plaintiffs reference and selectively quote from Altria's December 20, 2018 Press Release, which speaks for itself. Except to the extent expressly admitted, Mr. Monsees denies the allegations in Paragraph 462.

463. Mr. Monsees denies the allegations in Paragraph 463.

464. Mr. Monsees admits that Plaintiffs reference and selectively quote from JLI's December 20, 2018 Press Release, which speaks for itself. Except to the extent expressly admitted, Mr. Monsees denies the allegations in Paragraph 464.

465. Mr. Monsees denies the allegations in Paragraph 465.

466. Mr. Monsees lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 466 and, on that basis, denies them.

467. Mr. Monsees denies the allegations in Paragraph 463.

468. Mr. Monsees lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 468, and, on that basis, denies them.

469. Mr. Monsees denies the allegations in Paragraph 469.

470.    Mr. Monsees lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 470, and, on that basis, denies them.

471.    Mr. Monsees admits that Plaintiffs reference and selectively quote from a February 26, 2019 Altria Form 10-K, which speaks for itself.  Except to the extent expressly admitted, Mr. Monsees denies the allegations in Paragraph 471.

472.    Mr. Monsees denies the allegations in Paragraph 472.

473.    Mr. Monsees admits that Plaintiffs reference and selectively quote from a February 26, 2019 Altria Form 10-K, which speaks for itself.  Except to the extent expressly admitted, Mr. Monsees denies the allegations in Paragraph 473.

474.    Mr. Monsees denies the allegations in Paragraph 474.

475.    Mr. Monsees admits that signed SOX certifications were appended as exhibits to the February 26, 2019 Altria Form 10-K, which speak for themselves.  Except to the extent expressly admitted, Mr. Monsees denies the allegations in Paragraph 475.

476.    Mr. Monsees denies the allegations in Paragraph 476.

477.    Mr. Monsees lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 477, and, on that basis, denies them.

478.    Mr. Monsees admits that the FDA announced an investigation into people experiencing seizures after vaping on April 3, 2019.  Mr. Monsees lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 478, and, on that basis, denies them.

479.    To the extent that the allegations in Paragraph 479 are directed to other Defendants, no responsive pleading is required.  To the extent Paragraph 479 references publicly available stock price information, Mr. Monsees refers to the publicly available stock

56

price information for its complete and accurate contents. To the extent that a responsive pleading is otherwise required, Mr. Monsees lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 479 to the extent that those allegations concern the knowledge or actions of others, and, on that basis, denies them.

480. Mr. Monsees admits that Plaintiffs reference and selectively quote from Altria's April 25, 2019 Press Release, which speaks for itself. Except to the extent expressly admitted, Mr. Monsees denies the allegations in Paragraph 480.

481. Mr. Monsees admits that Plaintiffs reference and selectively quote from Altria's April 25, 2019 Press Release, which speaks for itself. Except to the extent expressly admitted, Mr. Monsees denies the allegations in Paragraph 481.

482. Mr. Monsees lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 482, and, on that basis, denies them.

483. Mr. Monsees admits that Plaintiffs reference and selectively quote from Altria's March 31, 2019 Form 10-Q, which speaks for itself. Except to the extent expressly admitted, Mr. Monsees denies the allegations in Paragraph 483.

484. Mr. Monsees admits that Plaintiffs reference and selectively quote from Altria's March 31, 2019 Form 10-Q, which speaks for itself. Except to the extent expressly admitted, Mr. Monsees denies the allegations in Paragraph 484.

485. Mr. Monsees lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 485, and, on that basis, denies them.

486. Mr. Monsees admits that signed SOX certifications were appended as exhibits to the March 31, 2019 Altria Form 10-Q, which speak for themselves. Except to the extent expressly admitted, Mr. Monsees denies the allegations in Paragraph 486.

487.    Mr. Monsees lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 487, and, on that basis, denies them.

488.    Mr. Monsees lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 488, and, on that basis, denies them.

489.    Mr. Monsees admits that Plaintiffs reference and selectively quote from Altria's July 30, 2019 Press Release, which speaks for itself.  Except to the extent expressly admitted, Mr. Monsees denies the allegations in Paragraph 489.

490.    Mr. Monsees admits that Plaintiffs reference and selectively quote from Altria's July 30, 2019 Press Release, which speaks for itself.  Except to the extent expressly admitted, Mr. Monsees denies the allegations in Paragraph 490.

491.    Mr. Monsees lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 491, and, on that basis, denies them.

492.    Mr. Monsees admits that Plaintiffs reference and selectively quote from Altria's July 30, 2019 Form 10-Q, which speaks for itself.  Except to the extent expressly admitted, Mr. Monsees denies the allegations in Paragraph 492.

493.    Mr. Monsees lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 493, and, on that basis, denies them.

494.    Mr. Monsees admits that signed SOX certifications were appended as exhibits to the July 30, 2019 Altria Form 10-Q, which speak for themselves.  Except to the extent expressly admitted, Mr. Monsees denies the allegations in Paragraph 494.

495.    Mr. Monsees lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 495, and, on that basis, denies them.

496.    Mr. Monsees admits that Plaintiffs reference and selectively quote from an

58

CNBC interview with Kevin Burns, which speaks for itself. Except to the extent expressly admitted, Mr. Monsees denies the allegations in Paragraph 496.

497. Mr. Monsees denies the allegations in Paragraph 497.

498. Mr. Monsees admits that Plaintiff's reference and selectively quote from written testimony Mr. Monsees submitted to Congress, which speaks for itself. Mr. Monsees respectfully refers to said testimony for a full and accurate statement of its contents. Mr. Monsees denies any characterizations of the testimony that are inconsistent with the content of his testimony.

499. Mr. Monsees denies the allegations in Paragraph 499.

500. Mr. Monsees admits that Plaintiffs reference an August 29, 2019 *Wall Street Journal* article, which speaks for itself. Except to the extent expressly admitted, Mr. Monsees denies the allegations in Paragraph 500.

501. Mr. Monsees admits that Altria's stock price closed at $44.25 per share on August 29, 2019, which was $1.60 per share less than the prior trading day's close. Except to the extent expressly admitted, Mr. Monsees lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 501.

502. Mr. Monsees lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 502, and, on that basis, denies them.

503. To the extent that the allegations in Paragraph 503 are directed to other Defendants, no responsive pleading is required. To the extent Paragraph 503 references publicly available stock price information, Mr. Monsees refers to the publicly available stock price information for its complete and accurate contents. To the extent that a responsive pleading is otherwise required, Mr. Monsees lacks knowledge or information sufficient to form

a belief as to the truth of the allegations in Paragraph 503 to the extent that those allegations concern the knowledge or actions of others, and, on that basis, denies them.

504. Mr. Monsees admits that Plaintiffs reference a September 9, 2019 warning letter to JLI, which speaks for itself. Except to the extent expressly admitted, Mr. Monsees denies the allegations in Paragraph 504.

505. Mr. Monsees admits that on September 11, 2019, news sources reported that the Trump administration was preparing a ban on flavored ENDS, which speak for themselves. Except to the extent expressly admitted, Mr. Monsees denies the allegations in Paragraph 505.

506. Mr. Monsees admits that Plaintiffs reference and selectively quote from a September 12, 2019 Reuters article and a CDC report, which speaks for themselves. Except to the extent expressly admitted, Mr. Monsees denies the allegations in Paragraph 506.

507. To the extent that the allegations in Paragraph 507 are directed to other Defendants, no responsive pleading is required. To the extent Paragraph 507 references publicly available stock price information, Mr. Monsees refers to the publicly available stock price information for its complete and accurate contents. To the extent that a responsive pleading is otherwise required, Mr. Monsees lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 507 to the extent that those allegations concern the knowledge or actions of others, and, on that basis, denies them.

508. Mr. Monsees lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 508, and, on that basis, denies them.

509. Mr. Monsees admits that Plaintiffs reference and selectively quote from a September 24, 2019 Los Angeles Times article, which speaks for itself. Except to the extent expressly admitted, Mr. Monsees denies the allegations in Paragraph 509.

510.   Mr. Monsees denies the allegations in Paragraph 510.

511.   Mr. Monsees admits that Plaintiffs reference a September 25, 2019 Altria Press Release, which speaks for itself.  Mr. Monsees admits that JLI announced on September 25, 2019 that K.C. Crosthwaite would replace Kevin Burns as CEO and had previously served as an observer on JLI's board of directors.  Mr. Monsees lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 511, and, on that basis, denies them.

512.   To the extent that the allegations in Paragraph 512 are directed to other Defendants, no responsive pleading is required.  To the extent Paragraph 512 references publicly available stock price information, Mr. Monsees refers to the publicly available stock price information for its complete and accurate contents.  To the extent that a responsive pleading is otherwise required, Mr. Monsees lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 512 to the extent that those allegations concern the knowledge or actions of others, and, on that basis, denies them.

513.   Mr. Monsees admits that Crosthwaite hired Joe Murillo as JLI's chief regulatory officer in October 2019.

514.   Mr. Monsees lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 514, and, on that basis, denies them.

515.   Mr. Monsees lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 515, and, on that basis, denies them.

516.   Mr. Monsees admits the allegations in Paragraph 516.

517.   Mr. Monsees admits that Plaintiffs reference and selectively quote from news articles and Altria's 2019 Annual Report, which speak for themselves.  Except to the extent

expressly admitted, Mr. Monsees denies the allegations in Paragraph 517.

518.    To the extent that the allegations in Paragraph 518 are directed to other Defendants, no responsive pleading is required.  To the extent Paragraph 518 references publicly available stock price information, Mr. Monsees refers to the publicly available stock price information for its complete and accurate contents.  To the extent that a responsive pleading is otherwise required, Mr. Monsees lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 518 to the extent that those allegations concern the knowledge or actions of others, and, on that basis, denies them.

519.    Mr. Monsees admits that Plaintiffs reference and selectively quote from Altria's January 30, 2020 Press Release, which speaks for itself.  Except to the extent expressly admitted, Mr. Monsees denies the allegations in Paragraph 519.

520.    To the extent that the allegations in Paragraph 520 are directed to other Defendants, no responsive pleading is required.  To the extent Paragraph 520 references publicly available stock price information, Mr. Monsees refers to the publicly available stock price information for its complete and accurate contents.  To the extent that a responsive pleading is otherwise required, Mr. Monsees lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 520 to the extent that those allegations concern the knowledge or actions of others, and, on that basis, denies them.

521.    Mr. Monsees admits that Plaintiffs reference a February 21, 2020 Wall Street Journal article, which speaks for itself.  Except to the extent expressly admitted, Mr. Monsees denies the allegations in Paragraph 521.

522.    To the extent that the allegations in Paragraph 522 are directed to other Defendants, no responsive pleading is required.  To the extent Paragraph 522 references

publicly available stock price information, Mr. Monsees refers to the publicly available stock price information for its complete and accurate contents. To the extent that a responsive pleading is otherwise required, Mr. Monsees lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 522 to the extent that those allegations concern the knowledge or actions of others, and, on that basis, denies them.

523. Mr. Monsees lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 523, and, on that basis, denies them.

524. To the extent the allegations in Paragraph 524 are legal conclusions and characterizations, no responsive pleading is required. Insofar as a response is required, Mr. Monsees denies the allegations in Paragraph 524.

525. To the extent the allegations in Paragraph 525 are legal conclusions and characterizations, no responsive pleading is required. Insofar as a response is required, Mr. Monsees denies the allegations in Paragraph 525.

526. To the extent the allegations in Paragraph 526 are legal conclusions and characterizations, no responsive pleading is required. Insofar as a response is required, Mr. Monsees denies the allegations in Paragraph 526.

527. Mr. Monsees denies the allegations in Paragraph 527.

528. Mr. Monsees lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 528, and, on that basis, denies them.

529. To the extent the allegations in Paragraph 529 are legal conclusions and characterizations, no responsive pleading is required. Insofar as a response is required, Mr. Monsees denies the allegations in Paragraph 529.

530. To the extent the allegations in Paragraph 530 are legal conclusions and

characterizations, no responsive pleading is required.  Insofar as a response is required, Mr. Monsees lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 530 regarding the Altria Defendants, and, on that basis, denies them.

531.    To the extent the allegations in Paragraph 531 are legal conclusions and characterizations, no responsive pleading is required.  Insofar as a response is required, Mr. Monsees denies the allegations in Paragraph 531.

532.    To the extent the allegations in Paragraph 532 are legal conclusions and characterizations, no responsive pleading is required.  Insofar as a response is required, Mr. Monsees admits that Plaintiffs reference and selectively quote from a December 24, 2018 article in the *Winston-Salem Journal*, which speaks for itself.  Except to the extent expressly admitted, Mr. Monsees denies the allegations in Paragraph 532.

533.    To the extent the allegations in Paragraph 533 are legal conclusions and characterizations, no responsive pleading is required.  Insofar as a response is required, Mr. Monsees denies the allegations in Paragraph 533.

534.    Mr. Monsees lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 534, and, on that basis, denies them.

535.    Mr. Monsees admits that Plaintiffs reference and selectively quote from a July 2, 2018 Morgan Stanley report, which speaks for itself.  Except to the extent expressly admitted, Mr. Monsees denies the allegations in Paragraph 535.

536.    Mr. Monsees admits that Plaintiffs reference and selectively quote from a July 23, 2018 Morgan Stanley report, which speaks for itself.  Except to the extent expressly admitted, Mr. Monsees denies the allegations in Paragraph 536.

537.    Mr. Monsees lacks knowledge or information sufficient to form a belief as to

64

the truth of the allegations in Paragraph 537, and, on that basis, denies them.

538.    Mr. Monsees admits that Plaintiffs reference and selectively quote from a November 28, 2018 Wells Fargo Securities report, which speaks for itself.  Except to the extent expressly admitted, Mr. Monsees denies the allegations in Paragraph 538.

539.    Mr. Monsees admits that Plaintiffs reference and selectively quote from a November 29, 2018 Bank of America Merrill Lynch report, which speaks for itself.  Except to the extent expressly admitted, Mr. Monsees denies the allegations in Paragraph 539.

540.    Mr. Monsees admits that Plaintiffs reference and selectively quote from a November 29, 2018 Deutsche Bank report, which speaks for itself.  Except to the extent expressly admitted, Mr. Monsees denies the allegations in Paragraph 540.

541.    Mr. Monsees admits that Plaintiffs reference and selectively quote from a November 29, 2018 Morgan Stanley report, which speaks for itself.  Except to the extent expressly admitted, Mr. Monsees denies the allegations in Paragraph 541.

542.    Mr. Monsees admits that Plaintiffs reference and selectively quote from a November 29, 2018 Piper Jaffray report, which speaks for itself.  Except to the extent expressly admitted, Mr. Monsees denies the allegations in Paragraph 542.

543.    Mr. Monsees lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 543, and, on that basis, denies them.

544.    Mr. Monsees admits that Plaintiffs reference and selectively quote from a December 20, 2018 Morgan Stanley report, which speaks for itself.  Except to the extent expressly admitted, Mr. Monsees denies the allegations in Paragraph 544.

545.    Mr. Monsees admits that Plaintiffs reference and selectively quote from a December 20, 2018 Wells Fargo report, which speaks for itself.  Except to the extent expressly

admitted, Mr. Monsees denies the allegations in Paragraph 545.

546.   Mr. Monsees admits that Plaintiffs reference and selectively quote from a December 20, 2018 Barclays report, which speaks for itself.  Except to the extent expressly admitted, Mr. Monsees denies the allegations in Paragraph 546.

547.   Mr. Monsees admits that Plaintiffs reference and selectively quote from a December 20, 2018 Wells Fargo report, which speaks for itself.  Except to the extent expressly admitted, Mr. Monsees denies the allegations in Paragraph 547.

548.   Mr. Monsees lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 548, and, on that basis, denies them.

549.   Mr. Monsees admits that Plaintiffs reference and selectively quote from a January 7, 2019 Piper Jaffray report, which speaks for itself.  Except to the extent expressly admitted, Mr. Monsees denies the allegations in Paragraph 549.

550.   Mr. Monsees admits that Plaintiffs reference and selectively quote from a April 19, 2019 Bank of America Merrill Lynch report, which speaks for itself.  Except to the extent expressly admitted, Mr. Monsees denies the allegations in Paragraph 550.

551.   Mr. Monsees admits that Plaintiffs reference and selectively quote from a July 26, 2019 Morgan Stanley report, which speaks for itself.  Except to the extent expressly admitted, Mr. Monsees denies the allegations in Paragraph 551.

552.   To the extent the allegations in Paragraph 552 are legal conclusions and characterizations, no responsive pleading is required.  Insofar as a response is required, Mr. Monsees admits that this Paragraph purports to set forth Plaintiffs' proposed class definition.

553.   To the extent the allegations in Paragraph 553 are legal conclusions and characterizations, no responsive pleading is required.  Insofar as a response is required, Mr.

66

Monsees admits that Altria's common stock is traded on the NYSE. Mr. Monsees lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 553, and, on that basis, denies them.

554. To the extent the allegations in Paragraph 554 are legal conclusions and characterizations, no responsive pleading is required. Insofar as a response is required, Mr. Monsees denies the allegations in Paragraph 554.

555. To the extent the allegations in Paragraph 555 are legal conclusions and characterizations, no responsive pleading is required. Insofar as a response is required, Mr. Monsees denies the allegations in Paragraph 555.

556. To the extent the allegations in Paragraph 556 are legal conclusions and characterizations, no responsive pleading is required. Insofar as a response is required, Mr. Monsees denies the allegations in Paragraph 556.

557. To the extent the allegations in Paragraph 557 are legal conclusions and characterizations, no responsive pleading is required. Insofar as a response is required, Mr. Monsees denies the allegations in Paragraph 557.

558. To the extent the allegations in Paragraph 558 are legal conclusions and characterizations, no responsive pleading is required. Insofar as a response is required, Mr. Monsees admits that Plaintiffs purport to rely in part upon the presumption of reliance established by fraud-on-the-market doctrine. Except to the extent expressly admitted, Mr. Monsees denies the allegations in Paragraph 558.

559. To the extent the allegations in Paragraph 559 are legal conclusions and characterizations, no responsive pleading is required. Insofar as a response is required, Mr. Monsees denies the allegations in Paragraph 559.

560.    To the extent the allegations in Paragraph 560 are legal conclusions and characterizations, no responsive pleading is required.  Insofar as a response is required, Mr. Monsees admits that Plaintiffs purport to rely upon the presumption of reliance under *Affiliated Ute Citizens v. United States*, 406 U.S. 128 (1972).  Except to the extent expressly admitted, Mr. Monsees denies the allegations in Paragraph 560.

561.    Mr. Monsees reasserts and hereby incorporates by reference his responses to each and every allegation of Plaintiffs' Complaint, as though fully set forth herein.  To the extent the allegations in Paragraph 562 are legal conclusions and characterizations, no responsive pleading is required.  Insofar as a response is required, Mr. Monsees admits that Plaintiffs purport to assert claims arising under Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b), and Rule 10b-5 promulgated thereunder against the Altria Defendants.  Except to the extent expressly admitted, Mr. Monsees denies the allegations in Paragraph 562.

563.    To the extent the allegations in Paragraph 563 are legal conclusions and characterizations, no responsive pleading is required.  Insofar as a response is required, Mr. Monsees admits that Plaintiff purports to assert claims arising under Section 10(b) and Rule 10b-5(a), (b), and (c) against the Altria Defendants.

564.    Mr. Monsees lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 564, and, on that basis, denies them.

565.    Mr. Monsees lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 565, and, on that basis, denies them.

566.    To the extent the allegations in Paragraph 566 are legal conclusions and characterizations, no responsive pleading is required.  Insofar as a response is required, Mr. Monsees lacks knowledge or information sufficient to form a belief as to the truth of the

allegations in Paragraph 566, and, on that basis, denies them.

567.    To the extent the allegations in Paragraph 567 are legal conclusions and characterizations, no responsive pleading is required.  Insofar as a response is required, Mr. Monsees lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 567, and, on that basis, denies them.

568.    To the extent the allegations in Paragraph 568 are legal conclusions and characterizations, no responsive pleading is required.  Insofar as a response is required, Mr. Monsees lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 568, and, on that basis, denies them.

569.    To the extent the allegations in the first sentence of Paragraph 569 are legal conclusions and characterizations, no responsive pleading is required.  Insofar as a response is required, Mr. Monsees lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 569, and, on that basis, denies them.

570.    To the extent the allegations in Paragraph 570 are legal conclusions and characterizations, no responsive pleading is required.  Insofar as a response is required, Mr. Monsees lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 570, and, on that basis, denies them.

571.    To the extent the allegations in Paragraph 571 are legal conclusions and characterizations, no responsive pleading is required.  Insofar as a response is required, Mr. Monsees lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 571, and, on that basis, denies them

572.    Mr. Monsees reasserts and hereby incorporates by reference his responses to each and every allegation of Plaintiffs' Complaint, as though fully set forth herein.

573.    To the extent the allegations in Paragraph 573 are legal conclusions and characterizations, no responsive pleading is required.  Insofar as a response is required, Mr. Monsees denies the allegations in Paragraph 573.

574.    To the extent the allegations in Paragraph 574 are legal conclusions and characterizations, no responsive pleading is required.  Insofar as a response is required, Mr. Monsees admits that Plaintiffs purport to assert Section 10(b) and Rule 10b-5(a), (b), and (c) claims against the JLI Defendants.  Except to the extent expressly admitted, Mr. Monsees denies the allegations in Paragraph 574.

575.    Mr. Monsees denies the allegations in Paragraph 575.

576.    Mr. Monsees denies the allegations in Paragraph 576.

577.    To the extent the allegations in Paragraph 577 are legal conclusions and characterizations, no responsive pleading is required.  Insofar as a response is required, Mr. Monsees denies the allegations in Paragraph 577.

578.    To the extent the allegations in Paragraph 578 are legal conclusions and characterizations, no responsive pleading is required.  Insofar as a response is required, Mr. Monsees denies the allegations in Paragraph 578.

579.    To the extent the allegations in Paragraph 579 are legal conclusions and characterizations, no responsive pleading is required.  Insofar as a response is required, Mr. Monsees denies the allegations in Paragraph 579.

580.    To the extent the allegations in Paragraph 580 are legal conclusions and characterizations, no responsive pleading is required.  Insofar as a response is required, Mr. Monsees denies the allegations in Paragraph 580.

581.    To the extent the allegations in Paragraph 581 are legal conclusions and

characterizations, no responsive pleading is required.  Insofar as a response is required, Mr. Monsees denies the allegations in Paragraph 581.

582.   To the extent the allegations in Paragraph 582 are legal conclusions and characterizations, no responsive pleading is required.  Insofar as a response is required, Mr. Monsees denies the allegations in Paragraph 582.

583.   Mr. Monsees reasserts and hereby incorporates by reference his responses to each and every allegation of Plaintiffs' Complaint, as though fully set forth herein.

584.   To the extent the allegations in Paragraph 584 are legal conclusions and characterizations, no responsive pleading is required.  Insofar as a response is required, Mr. Monsees lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 584, and, on that basis, denies them.

585.   To the extent the allegations in Paragraph 585 are legal conclusions and characterizations, no responsive pleading is required.  Insofar as a response is required, Mr. Monsees lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 585, and, on that basis, denies them.

586.   To the extent the allegations in Paragraph 586 are legal conclusions and characterizations, no responsive pleading is required.  Insofar as a response is required, Mr. Monsees lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 586, and, on that basis, denies them.

587.   To the extent the allegations in Paragraph 587 are legal conclusions and characterizations, no responsive pleading is required.  Insofar as a response is required, Mr. Monsees lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 587, and, on that basis, denies them.

71

588. To the extent the allegations in Paragraph 588 are legal conclusions and characterizations, no responsive pleading is required. Insofar as a response is required, Mr. Monsees lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 588, and, on that basis, denies them.

589. Mr. Monsees reasserts and hereby incorporates by reference his responses to each and every allegation of Plaintiffs' Complaint, as though fully set forth herein.

590. To the extent the allegations in Paragraph 590 are legal conclusions and characterizations, no responsive pleading is required. Insofar as a response is required, Mr. Monsees denies the allegations in Paragraph 590.

591. To the extent the allegations in Paragraph 591 are legal conclusions and characterizations, no responsive pleading is required. Insofar as a response is required, Mr. Monsees denies the allegations in Paragraph 591.

592. To the extent the allegations in Paragraph 592 are legal conclusions and characterizations, no responsive pleading is required. Insofar as a response is required, Mr. Monsees denies the allegations in Paragraph 592.

593. To the extent the allegations in Paragraph 593 are legal conclusions and characterizations, no responsive pleading is required. Insofar as a response is required, Mr. Monsees denies the allegations in Paragraph 593.

594. To the extent the allegations in Paragraph 594 are legal conclusions and characterizations, no responsive pleading is required. Insofar as a response is required, Mr. Monsees denies the allegations in Paragraph 594.

595. Paragraph 595 consists of Plaintiffs' prayer for relief to which no response is required. To the extent that a response is required, Mr. Monsees denies that Plaintiffs are

72

entitled to the relief sought in the Complaint or to any relief whatsoever.

596. Paragraph 596 consists of Plaintiffs' prayer for relief to which no response is required. To the extent that a response is required, Mr. Monsees denies that Plaintiffs are entitled to the relief sought in the Complaint or to any relief whatsoever.

597. Paragraph 597 consists of Plaintiffs' prayer for relief to which no response is required. To the extent that a response is required, Mr. Monsees denies that Plaintiffs are entitled to the relief sought in the Complaint or to any relief whatsoever.

598. Paragraph 598 consists of Plaintiffs' prayer for relief to which no response is required. To the extent that a response is required, Mr. Monsees denies that Plaintiffs are entitled to the relief sought in the Complaint or to any relief whatsoever.

## DEFENSES

Pursuant to Federal Rule of Civil Procedure 8(c), Mr. Monsees, without waiver, limitation, or prejudice, and without conceding that he bears the burden of proof or production, hereby asserts the following defenses:

### FIRST AFFIRMATIVE DEFENSE

Plaintiffs' claims, and the claims of the class that Plaintiffs purport to represent, are barred in whole or in part because the Complaint and the purported causes of action contained therein fail, in whole or in part, to state a claim for which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims, and the claims of the class that Plaintiffs purport to represent, are barred in whole or in part because, to the extent their allegations sound in fraud, they are not pleaded with particularity, as required by statute, including but not limited to the Private Securities Litigation Reform Act of 1995, and the Federal Rules of Civil Procedure.

73

Case 3:20-cv-00075-DJN    Document 180    Filed 04/16/21    Page 74 of 81 PageID# 4525

**THIRD AFFIRMATIVE DEFENSE**

Plaintiffs' claims, and the claims of the class that Plaintiffs purport to represent, are barred in whole or in part because no statement allegedly made by Mr. Monsees contains any material misrepresentation or omission, considered either alone or in the context of the total mix of available information.

**FOURTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims, and the claims of the class that Plaintiffs purport to represent, are barred in whole or in part because the statements made by Mr. Monsees are protected by the *Noerr-Pennington* doctrine, and were not made in connection with the purchase or sale of Altria securities.

**FIFTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims, and the claims of the class that Plaintiffs purport to represent, are barred in whole or in part because Mr. Monsees did not know of the alleged inaccuracy of any material misrepresentation or omission allegedly made by him, and he could not have become aware of any alleged inaccuracies in those statements through the exercise of reasonable care.

**SIXTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims, and the claims of the class that Plaintiffs purport to represent, are barred in whole or in part because Mr. Monsees, after reasonable investigation, due diligence, and/or consultation with expert(s), had reasonable grounds to believe, and did believe, that statements allegedly made by him were true and contained all material facts necessary to make those statements not misleading.

**SEVENTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims, and the claims of the class that Plaintiffs purport to represent, are barred in whole or in part because Mr. Monsees acted at all times in good faith, with reasonable care, and with due diligence in carrying out his responsibilities and did not directly or indirectly control or induce any wrongful acts or omissions.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' claims, and the claims of the class that Plaintiffs purport to represent, are barred in whole or in part because Mr. Monsees acted at all times in good faith and without knowledge or intent to commit any violations of law.

## NINTH AFFIRMATIVE DEFENSE

Plaintiffs' claims, and the claims of the class that Plaintiffs purport to represent, are barred in whole or in part because Plaintiffs, and the class that Plaintiffs purport to represent, have not sufficiently alleged, and cannot prove, that Plaintiffs, or the class that Plaintiffs purport to represent, relied upon any material misrepresentation or omission allegedly made by Mr. Monsees.

## TENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims, and the claims of the class that Plaintiffs purport to represent, are barred in whole or in part because Plaintiffs, and the class that Plaintiffs purport to represent, would have purchased Altria shares as they did, even with full knowledge of the facts Plaintiffs, and the class that Plaintiffs purport to represent, have now alleged were misrepresented or omitted by Mr. Monsees.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims, and the claims of the class that Plaintiffs purport to represent, are barred in whole or in part because Plaintiffs, and the class that Plaintiffs purport to represent, have not sufficiently alleged, and cannot prove, that Plaintiffs' alleged injuries, or the injuries of the class that Plaintiffs purport to represent, were directly or proximately caused by any material misrepresentation or omission allegedly made by Mr. Monsees.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims, and the claims of the class that Plaintiffs purport to represent, are barred because they cannot show transaction or loss causation.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims, and the claims of the class that Plaintiffs purport to represent, are barred in whole or in part because other events or disclosures unrelated to Mr. Monsees' alleged material

misrepresentations or omissions are responsible for any decline in Altria's share value alleged to form the basis of Plaintiffs' claims, and the claims of the class that Plaintiffs purport to represent.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims, and the claims of the class that Plaintiffs purport to represent, are barred in whole or in part because any alleged damages that Plaintiffs, or the class that Plaintiffs purport to represent, suffered, were caused by independent, intervening, and/or superseding events beyond Defendants' conduct, control, policies, acts, or alleged material misrepresentations or omissions.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims, and the claims of the class that Plaintiffs purport to represent, are barred in whole or in part because Plaintiffs, and the class that Plaintiffs purport to represent, have not sufficiently alleged, and cannot prove, that Plaintiffs, or the class that Plaintiffs purport to represent, suffered any cognizable injury, and further, the damages alleged by Plaintiffs, and the class that Plaintiffs purports to represent, if any, are speculative, uncertain, and/or contingent in violation of applicable law.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims, and the claims of the class that Plaintiffs purport to represent, are barred in whole or in part because Plaintiffs, and the class that Plaintiffs purport to represent, have failed to take reasonable actions to mitigate damages, if any, allegedly suffered as a result of Mr. Monsees' alleged material misstatements and omissions.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims, and the claims of the class that Plaintiffs purport to represent, are barred in whole or in part to the extent that Plaintiffs, or the class that Plaintiffs purport to represent, sold their Altria shares for a greater price than the price at which they purchased them, and therefore suffered no losses from their purchase of Altria shares.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Any recovery for damages allegedly incurred by Plaintiffs, or the class that Plaintiffs purport to represent, should be offset in the amount of any tax benefits or other benefits received

by Plaintiffs, or the class that Plaintiffs purport to represent, in connection with their ownership of Altria shares.

## NINETEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims, and the claims of the class that Plaintiffs purport to represent, are barred in whole or in part because Plaintiffs, and the class that Plaintiffs purport to represent, knew or reasonably should have known of the alleged acts and omissions complained of.

## TWENTIETH AFFIRMATIVE DEFENSE

Plaintiffs' claims, and the claims of the class that Plaintiffs purport to represent, are barred in whole or in part because Plaintiffs, and the class that Plaintiffs purport to represent, have not sufficiently alleged, and cannot prove, a lack of awareness of the facts that formed the basis of the alleged material representations and omissions.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiffs' claims, and the claims of the class that Plaintiffs purport to represent, are barred in whole or in part because the alleged material misrepresentations or omissions were in fact known to and had entered the securities market through credible sources prior to Plaintiffs' purchase, or the purchases by the class that Plaintiffs purport to represent, of Altria shares.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims, and the claims of the class that Plaintiffs purport to represent, are barred in whole or in part to the extent that Mr. Monsees alleged material misrepresentations or omissions would not have been material to a reasonable investor.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims, and the claims of the class that Plaintiffs purport to represent, are barred in whole or in part to the extent that Plaintiffs, and the class that Plaintiffs purport to represent, purchased stock pursuant to a pre-existing contract, instruction, or plan under 17 C.F.R. § 240.10b5-1.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims, and the claims of the class that Plaintiffs purport to represent, are barred in whole or in part because individual issues including but not limited to those relating to causation, reliance, privity, timing, and knowledge predominate over those common to the putative class.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims, and the claims of the class that Plaintiffs purport to represent, are barred in whole or in part because this action may not be maintained as a class action under the Federal Rules of Civil Procedure.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' claims, and the claims of the class that Plaintiffs purport to represent, are barred in whole or in part because Plaintiffs cannot fairly and adequately represent the class they purport to represent.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Class certification fails to provide adequate due process protections and would violate the Rules Enabling Act, 28 U.S.C. § 2072, and the United States Constitution inasmuch as it constitutes trial by formula and would unfairly restrict Mr. Monsees' right to litigate affirmative defenses to the individual claims of Plaintiffs, and the class that Plaintiffs purport to represent.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

Without conceding liability, Plaintiffs' requests, and the requests of the class that Plaintiffs purport to represent, for equitable relief are improper because Plaintiffs, and the class that Plaintiffs purport to represent, have an adequate remedy at law.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

Without conceding liability, Plaintiffs' requests, and the requests of the class that Plaintiffs purport to represent, for equitable relief are improper because Plaintiffs, and the class that Plaintiffs purport to represent, have not suffered injury or harm and will not suffer imminent and irreparable injury as a result of any action or conduct by Mr. Monsees.

## THIRTIETH AFFIRMATIVE DEFENSE

Without conceding liability, Plaintiffs' requests, and the requests of the class that Plaintiffs purport to represent, for interest are improper because equity dictates against such an award, and further, any such award would be unjust, arbitrary, oppressive, and confiscatory.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

Plaintiffs' claims, and the claims of the class that Plaintiffs purport to represent, are barred, in whole or in part, to the extent the damages sought exceed those permitted under the Private Securities Litigation Reform Act, the common law, or any other applicable statute, rule, or regulation.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims, and the claims of the class that Plaintiffs purport to represent, are precluded from recovering attorneys' fees, experts' fees, and/or costs under applicable provisions of law.

## THIRTY-THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims, and the claims of the class that Plaintiffs purport to represent, are barred in whole or in part by the equitable doctrines of laches, estoppel, unclean hands, and/or waiver.

## ADDITIONAL DEFENSES

Mr. Monsees presently has insufficient knowledge or information to determine whether he may have additional, as yet unstated defenses. Mr. Monsees has not knowingly and intentionally waived any applicable defenses and reserves the right to assert additional defenses as they become known to him through discovery in this matter. Mr. Monsees reserves the right to amend this Answer to add, delete, or modify defenses based upon legal theories that may be or will be divulged through clarification of Plaintiffs' Complaint, through discovery, or through further legal analysis of Plaintiffs' position in this litigation.

## PRAYER FOR RELIEF

WHEREFORE, Mr. Monsees prays for relief and judgment as set forth below.

1. For judgment in his favor;

2. That Plaintiffs take nothing by means of their Complaint;

3. That Mr. Monsees be awarded costs to the maximum extent allowable by law; and

4. For such other further relief as the Court deems just and proper.

Dated: April 16, 2021                    Respectfully Submitted,

By:  /s/ James Winston Burke
     James Winston Burke (VSB No. 76551)
     **Orrick, Herrington & Sutcliffe LLP**
     Columbia Center
     1152 15th Street, N.W.
     Washington, DC 20005-1706
     Telephone: +1 202 339 8400
     Facsimile: +1 202 339 8500
     jburke@orrick.com

     -and-

     James N. Kramer (*admitted pro hac vice*)
     Alexander K. Talarides (*admitted pro hac vice*)
     **Orrick, Herrington & Sutcliffe LLP**
     The Orrick Building
     405 Howard Street
     San Francisco, CA 94105
     Telephone: +1 415 773 5700
     Facsimile: +1 415 773 5759
     jkramer@orrick.com
     atalarides@orrick.com

     *Attorneys for Defendant James Monsees*

## CERTIFICATE OF SERVICE

I certify that on this 16th day of April, 2021, I electronically filed the foregoing Defendant

James Monsees' Answer to Consolidated Complaint with the Clerk of the Court using the CM/ECF

system, which will send a notification of such filing (NEF) to all counsel of record.


/s/ *James Winston Burke*

James Winston Burke
**Orrick, Herrington & Sutcliffe LLP**
Columbia Center
1152 15th Street, N.W.
Washington, DC 20005-1706
Telephone:     +1 202 339 8400
Facsimile:     +1 202 339 8500
jburke@orrick.com