IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| GABBY KLEIN, DONALD SHERBONDY, SARAH SHERBONDY and CONSTRUCTION LABORERS PENSION TRUST OF GREATER ST. LOUIS, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>ALTRIA GROUP, INC., HOWARD A. WILLARD III, WILLIAM F. GIFFORD, JR., JUUL LABS, INC., ADAM BOWEN, JAMES MONSEES, KEVIN BURNS, and K.C. CROSTHWAITE,<br><br>Defendants. | Case No. 3:20-cv-00075 (DJN) |

## DEFENDANTS JUUL LABS, INC., ADAM BOWEN AND KEVIN BURNS' ANSWER TO CONSOLIDATED COMPLAINT

Defendants Juul Labs, Inc. ("JLI"), Adam Bowen, and Kevin Burns (together, the "JLI Defendants"), by and through their undersigned counsel, hereby answer and assert defenses to the Consolidated Class Action Complaint (the "Complaint") filed by Plaintiffs Gabby Klein, Donald Sherbondy, Sarah Sherbondy, and Construction Laborers Pension Trust of Greater St. Louis (collectively "Plaintiffs") in the above-captioned action (the "Action").

Except as specifically admitted, the JLI Defendants deny the allegations in the Complaint, including without limitation the Table of Contents, headings, subheadings, and footnotes contained within the Complaint. The JLI Defendants expressly reserve the right to amend and/or supplement their Answer.

## SPECIFIC RESPONSES

1.      To the extent that the allegations in Paragraph 1 purport to characterize this Action, no responsive pleading is required.  To the extent that a response is otherwise required, the JLI Defendants deny the allegations in Paragraph 1.

2.      To the extent that the allegations in Paragraph 2 purport to characterize this Action, no responsive pleading is required.  To the extent that a response is otherwise required, the JLI Defendants deny the allegations in Paragraph 2.

3.      To the extent that the allegations in Paragraph 3 are directed to other Defendants, no responsive pleading is required.  To the extent that the allegations in Paragraph 3 purport to characterize this Action, no responsive pleading is required.  To the extent that a response is otherwise required, the JLI Defendants admit that Adam Bowen and James Monsees were members of the board of directors of JLI during the relevant time; Kevin Burns was previously JLI's Chief Executive Officer; and K.C. Crosthwaite is the current Chairman and Chief Executive Officer of JLI.  The JLI Defendants otherwise deny the allegations in Paragraph 3.

4.      To the extent that the allegations in Paragraph 4 purport to characterize this Action, no responsive pleading is required.  To the extent that a response is otherwise required, the JLI Defendants lack information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 4 to the extent that those allegations concern the knowledge or actions of others and therefore deny them on that basis.  The JLI Defendants otherwise deny the allegations in Paragraph 4.

5.      The JLI Defendants lack information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 5 and therefore deny them on that basis.

6.      The JLI Defendants deny the allegations in Paragraph 6.

7.      The JLI Defendants deny the allegations in Paragraph 7.

8. The JLI Defendants lack information and knowledge sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 8 and therefore deny them on that basis. The JLI Defendants admit that they are not aware of any e-cigarette manufacturers that used nicotine-salt-based e-liquid formulations before JLI began selling JUULpods. The JLI Defendants aver that using a nicotine-salt-based formulation, rather than a freebase nicotine, in the e-liquid allows smokers to have a satisfactory experience from the use of JUUL products, which competes with cigarettes and helps adult smokers switch from combustible use. The JLI Defendants deny the remaining allegations in Paragraph 8.

9. To the extent that the allegations in Paragraph 9 are directed to other Defendants, no responsive pleading is required. To the extent a response is otherwise required, the JLI Defendants deny the allegations in Paragraph 9.

10. The JLI Defendants deny the allegations in Paragraph 10.

11. The JLI Defendants refer to the referenced documents or statements for their complete and accurate contents, and otherwise deny the allegations in Paragraph 11.

12. The JLI Defendants lack information and knowledge sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 12 and therefore deny them on that basis. The JLI Defendants refer to the referenced documents or statements for their complete and accurate contents, and otherwise deny the allegations in Paragraph 12.

13. To the extent that the allegations in Paragraph 13 are directed to other Defendants, no responsive pleading is required. To the extent a response is otherwise required, the JLI Defendants deny the allegations in Paragraph 13.

14. To the extent that the allegations in Paragraph 14 are directed to other Defendants, no responsive pleading is required. To the extent a response is otherwise required, the JLI

Defendants lack information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 14 and therefore deny them on that basis. The JLI Defendants specifically deny that JLI targeted underage users through marketing or otherwise.

15. The JLI Defendants admit that, in December 2018, Altria Group, Inc. ("Altria") closed a $12.8 billion investment in JLI's business. The JLI Defendants refer to the referenced documents or statements for their complete and accurate contents, and otherwise deny the allegations in Paragraph 15. The JLI Defendants specifically deny that JLI targeted underage users through marketing or otherwise.

16. To the extent that the allegations in Paragraph 16 are directed to other Defendants or purport to assert conclusions of law, no responsive pleading is required. To the extent that a response is otherwise required, the JLI Defendants deny the allegations in Paragraph 16 and specifically deny that JLI targeted underage users through marketing or otherwise.

17. To the extent that the allegations in Paragraph 17 reference publicly available information, no responsive pleading is required. To the extent that the allegations in Paragraph 17 are directed to other Defendants, no responsive pleading is required. To the extent a response is otherwise required, the JLI Defendants lack information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 17 and therefore deny them on that basis.

18. To the extent that the allegations in Paragraph 18 purport to characterize this Action, no responsive pleading is required. To the extent that a response is otherwise required, the JLI Defendants deny the allegations in Paragraph 18, except refer to the referenced statutes for their complete and accurate contents.

19. To the extent that the allegations in Paragraph 19 purport to assert conclusions of law, no responsive pleading is required. To the extent that a response is otherwise required, the

JLI Defendants deny the allegations in Paragraph 19, except refer to the referenced statutes for their complete and accurate contents and admit that 28 U.S.C. § 1331 and Section 27 of the Exchange Act grant this Court subject matter jurisdiction over certain claims.

20.     To the extent that the allegations in Paragraph 20 purport to assert conclusions of law, no responsive pleading is required.  To the extent a response is otherwise required, the JLI Defendants deny the allegations in Paragraph 20, except refer to the referenced statutes for their complete and accurate contents.

21.     To the extent that the allegations in Paragraph 21 purport to assert conclusions of law, no responsive pleading is required.  To the extent a response is otherwise required, the JLI Defendants deny the allegations in Paragraph 21.

22.     To the extent that the allegations in Paragraph 22 purport to assert conclusions of law, no responsive pleading is required.  To the extent a response is otherwise required, the JLI Defendants deny the allegations in Paragraph 22.

23.     The allegations in Paragraph 23 are directed to other Defendants, and therefore no responsive pleading is required.

24.     The allegations in Paragraph 24 are directed to other Defendants, and therefore no responsive pleading is required.

25.     The allegations in Paragraph 25 are directed to other Defendants, and therefore no responsive pleading is required.

26.     The JLI Defendants admit that JLI is registered as a corporate entity in the State of Delaware and aver that JLI's principal place of business is in Washington, DC.

27.     The JLI Defendants admit that Adam Bowen was a co-founder of Ploom, Inc., which later became PAX Labs, Inc.  The JLI Defendants aver that in the first half of 2017, PAX

Labs, Inc. spun off its operations related to the PAX loose-leaf and extract vaporizer devices business to a new business, separate from the business related to the JUUL-branded vaporizer devices and related accessories; the remaining entity with JUUL-branded vaporizer devices and related accessories renamed itself JUUL Labs, Inc. The JLI Defendants further admit that Mr. Bowen is a member of JLI's board of directors and that Mr. Bowen served as JLI's Chief Technology Officer until October 2019 and thereafter in an advisory role assisting JLI's CEO. The JLI Defendants otherwise deny the allegations in Paragraph 27.

28.    The JLI Defendants admit that James Monsees was a co-founder of Ploom, Inc., which later became PAX Labs Inc. The JLI Defendants aver that in the first half of 2017, PAX Labs, Inc. spun off its operations related to the PAX loose-leaf and extract vaporizer devices business to a new business, separate from the business related to the JUUL-branded vaporizer devices and related accessories; the remaining entity with JUUL-branded vaporizer devices and related accessories renamed itself JUUL Labs, Inc. The JLI Defendants further admit that, prior to March 2020, Mr. Monsees served in the following roles: member of JLI's board of directors; JLI's Chief Product Officer; and Chief Executive Officer of Ploom Inc. and PAX Labs Inc. The JLI Defendants otherwise deny the allegations in Paragraph 28.

29.    The JLI Defendants admit that Kevin Burns served as JLI's Chief Executive Officer from December 2017 to September 2019. The JLI Defendants otherwise deny the allegations in Paragraph 29.

30.    The JLI Defendants admit that K.C. Crosthwaite serves as Chief Executive Officer of JLI and that he began to serve as an observer on JLI's board of directors after Altria's investment in JLI. The JLI Defendants otherwise deny the allegations in Paragraph 30.

31. The allegations in Paragraph 31 purport to characterize this Action or are directed to other Defendants, and therefore no responsive pleading is required.

32. The allegations in Paragraph 32 purport to characterize this Action, and therefore no responsive pleading is required.

33. The allegations in Paragraph 33 are directed to other Defendants, and therefore no responsive pleading is required.

34. To the extent that the allegations in Paragraph 34 purport to assert conclusions of law, no responsive pleading is required. To the extent a response is otherwise required, the JLI Defendants deny the allegations in Paragraph 34.

35. The allegations in Paragraph 35 are directed to other Defendants, and therefore no responsive pleading is required.

36. To the extent that the allegations in Paragraph 36 are directed to other Defendants, no responsive pleading is required. To the extent a response is otherwise required, the JLI Defendants lack information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 36 and therefore deny them on that basis.

37. The JLI Defendants admit that JLI manufactures Electronic Nicotine Delivery Systems ("ENDS"), which contain a proprietary nicotine-salt-based e-liquid formulation. The JLI Defendants aver that in the first half of 2017, PAX Labs, Inc. spun off its operations related to the PAX loose-leaf and extract vaporizer devices business to a new business, separate from the business related to the JUUL-branded vaporizer devices and related accessories; the remaining entity with JUUL-branded vaporizer devices and related accessories renamed itself JUUL Labs, Inc. The JLI Defendants otherwise deny the allegations in Paragraph 37.

38. The JLI Defendants deny the allegations in Paragraph 38.

39. The JLI Defendants aver that in the first half of 2017, PAX Labs, Inc. spun off its operations related to the PAX loose-leaf and extract vaporizer devices business to a new business, separate from the business related to the JUUL-branded vaporizer devices and related accessories; the remaining entity with JUUL-branded vaporizer devices and related accessories renamed itself JUUL Labs, Inc. The JLI Defendants admit Tyler Goldman was named CEO of JLI in 2017. The JLI Defendants otherwise deny the allegations in Paragraph 39.

40. The JLI Defendants admit that Tyler Goldman left JLI in December 2017 and Kevin Burns replaced Tyler Goldman as JLI's Chief Executive Officer. The JLI Defendants otherwise deny the allegations in Paragraph 40.

41. Paragraph 41 purports to characterize conduct by "Big Tobacco" that occurred years before JLI came into existence; the JLI Defendants lack information and knowledge sufficient to form a belief as to the truth of those allegations and therefore deny them on that basis. To the extent a response is otherwise required, the JLI Defendants deny the allegations in Paragraph 41.

42. The allegations of Paragraph 42 purport to characterize conduct by "Big Tobacco" that occurred years before JLI came into existence; the JLI Defendants lack information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 42 and therefore deny them on that basis.

43. The allegations of Paragraph 43 purport to paraphrase portions of a settlement to which JLI was not a party and which was executed years before JLI came into existence. The JLI Defendants lack information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 43 and therefore deny them on that basis, except refer to the referenced documents or statements for their complete and accurate contents.

Case 3:20-cv-00075-DJN    Document 181    Filed 04/19/21    Page 9 of 123 PageID# 4541

44.     To the extent that the allegations in Paragraph 44 are directed to other Defendants, no responsive pleading is required.  To the extent a response is otherwise required, the allegations in Paragraph 44 purport to characterize a settlement to which JLI was not a party and which was executed years before JLI came into existence.  The JLI Defendants lack information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 44 and therefore deny them on that basis.

45.     To the extent that the allegations in Paragraph 45 are directed to other Defendants, no responsive pleading is required.  To the extent a response is otherwise required, the allegations of Paragraph 45 purport to paraphrase portions of a settlement to which JLI was not a party and which was executed years before JLI came into existence.  The JLI Defendants lack information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 45 and therefore deny them on that basis, except refer to the referenced documents or statements for their complete and accurate contents.

46.     To the extent that the allegations in Paragraph 46 are directed to other Defendants, no responsive pleading is required.  To the extent a response is otherwise required, the allegations in Paragraph 46 refer to conduct by "cigarette makers" which occurred years before JLI came into existence.  The JLI Defendants lack information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 46 and therefore deny them on that basis, except refer to the referenced documents or statements for their complete and accurate contents.

47.     To the extent that the allegations in Paragraph 47 are directed to other Defendants, no responsive pleading is required.  To the extent a response is otherwise required, the allegations in Paragraph 47 refer to conduct by "cigarette makers" which occurred years before JLI came into existence.  The JLI Defendants lack information and knowledge sufficient to form a belief as to

the truth of the allegations in Paragraph 47 and therefore deny them on that basis, except refer to the referenced documents or statements for their complete and accurate contents.

48.    To the extent that the allegations in Paragraph 48 are directed to other Defendants, no responsive pleading is required.  To the extent a response is otherwise required, the allegations in Paragraph 48 refer to conduct by "cigarette makers" which occurred years before JLI came into existence.  The JLI Defendants lack information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 48 and therefore deny them on that basis, except refer to the referenced documents or statements for their complete and accurate contents.

49.    To the extent that the allegations in Paragraph 49 are directed to other Defendants, no responsive pleading is required.  To the extent a response is otherwise required, the allegations in Paragraph 49 refer to conduct by "cigarette makers" which occurred years before JLI came into existence.  The JLI Defendants lack information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 49 and therefore deny them on that basis, except refer to the referenced documents or statements for their complete and accurate contents.

50.    To the extent that the allegations in Paragraph 50 are directed to other Defendants, no responsive pleading is required.  To the extent a response is otherwise required, the allegations in Paragraph 50 refer to conduct by "cigarette makers" which occurred years before JLI came into existence.  The JLI Defendants lack information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 50 and therefore deny them on that basis, except refer to the referenced documents or statements for their complete and accurate contents.

51.    To the extent that the allegations in Paragraph 51 are directed to other Defendants, no responsive pleading is required.  To the extent a response is otherwise required, the allegations in Paragraph 51 refer to conduct by "cigarette makers" which occurred years before JLI came into

existence.  The JLI Defendants lack information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 51 and therefore deny them on that basis, except refer to the referenced documents or statements for their complete and accurate contents.

52.     To the extent that the allegations in Paragraph 52 are directed to other Defendants, no responsive pleading is required.  To the extent a response is otherwise required, the allegations in Paragraph 52 refer to conduct by "cigarette makers" which occurred years before JLI came into existence.  The JLI Defendants lack information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 52 and therefore deny them on that basis, except refer to the referenced documents or statements for their complete and accurate contents.

53.     To the extent that the allegations in Paragraph 53 are directed to other Defendants, no responsive pleading is required.  To the extent a response is otherwise required, the JLI Defendants assert that the allegations of Paragraph 53 are set forth without citation.  The JLI Defendants lack information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 53 and therefore deny them on that basis, except refer to the referenced documents or statements for their complete and accurate contents.

54.     The JLI Defendants admit that the nicotine in ENDS is addictive and state that JLI warns users that nicotine is addictive through a black box warning displayed prominently on its products, in compliance with FDA regulations.  The JLI Defendants otherwise deny the allegations in Paragraph 54.

55.     The JLI Defendants assert that the allegations of Paragraph 55 are set forth without citation.  The JLI Defendants admit that JUUL products deliver nicotine.  To the extent a responsive pleading is otherwise required, the JLI Defendants lack information and knowledge

sufficient to form a belief as to the truth of the allegations in Paragraph 55 and therefore deny them on that basis.

56.     The JLI Defendants admit that the nicotine in ENDS is addictive and state that JLI warns users that nicotine is addictive through a black warning box displayed prominently on its products, in compliance with FDA regulations.  The JLI Defendants lack information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 56 and therefore deny them on that basis, except refer to the referenced documents or statements for their complete and accurate contents.

57.     The JLI Defendants assert that the allegations of Paragraph 57 are set forth without citation.  The JLI Defendants lack information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 57 and therefore deny them on that basis.

58.     The JLI Defendants assert that the allegations of Paragraph 58 are set forth without citation.  The JLI Defendants lack information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 58 and therefore deny them on that basis.

59.     The JLI Defendants assert that the allegations of Paragraph 59 are set forth without citation.  The JLI Defendants lack information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 59 and therefore deny them on that basis.

60.     The JLI Defendants admit that the nicotine in ENDS is addictive and state that JLI warns users that nicotine is addictive through a black warning box displayed prominently on its products, in compliance with FDA regulations.  The JLI Defendants lack information and knowledge sufficient to form a belief as to the truth of the remaining allegations in Paragraph 60, except refer to the referenced documents or statements for their complete and accurate contents.

61.    The JLI Defendants lack information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 61, except refer to the referenced documents or statements for their complete and accurate contents.

62.    The JLI Defendants lack information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 62, except refer to the referenced documents or statements for their complete and accurate contents.

63.    The JLI Defendants lack information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 63, except refer to the referenced documents or statements for their complete and accurate contents.

64.    The JLI Defendants lack information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 64, except refer to the referenced documents or statements for their complete and accurate contents.

65.    The JLI Defendants lack information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 65 and therefore deny them on that basis.

66.    The JLI Defendants aver that the allegations of Paragraph 66 are set forth without citation.  The JLI Defendants further aver that they do not want underage users to use JLI's products.  The JLI Defendants lack information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 66 and therefore deny them on that basis.

67.    The JLI Defendants aver that the long-term health effects of e-cigarettes remain an issue to be examined.  The JLI Defendants lack information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 67 and therefore deny them on that basis, except refer to the referenced documents or statements for their complete and accurate contents.

68.     To the extent that the allegations in Paragraph 68 purport to assert conclusions of law, no responsive pleading is required.  To the extent that a response is otherwise required, the JLI Defendants refer to the referenced statute for its complete and accurate contents, and otherwise deny the allegations in Paragraph 68.

69.     To the extent that the allegations in Paragraph 69 purport to assert conclusions of law, no responsive pleading is required.  To the extent that a response is otherwise required, the JLI Defendants deny the allegations in Paragraph 69.

70.     The JLI Defendants admit that the FDA issued a Deeming Rule that went into effect on August 8, 2016.  To the extent that the allegations in Paragraph 70 purport to assert conclusions of law, no responsive pleading is required.  To the extent that a response is otherwise required, the JLI Defendants refer to the referenced rule for its complete and accurate contents, and otherwise deny the allegations in Paragraph 70.

71.     To the extent that the allegations in Paragraph 71 purport to assert conclusions of law, no responsive pleading is required.  To the extent that a response is otherwise required, the JLI Defendants lack information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 71 and therefore deny them on that basis, except refer to the referenced state laws for their complete and accurate contents.

72.     To the extent that the allegations in Paragraph 72 purport to assert conclusions of law, no responsive pleading is required.  To the extent that a response is otherwise required, the JLI Defendants lack information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 72 and therefore deny them on that basis, except refer to the referenced statutes for their complete and accurate contents.

73.     To the extent that the allegations in Paragraph 73 purport to assert conclusions of law, no responsive pleading is required.  To the extent that a response is otherwise required, the JLI Defendants refer to the referenced statutes for their complete and accurate contents, and otherwise deny the allegations in Paragraph 73.

74.     To the extent that the allegations in Paragraph 74 purport to assert conclusions of law, no responsive pleading is required.  To the extent that a response is otherwise required, the JLI Defendants refer to the referenced regulations for their complete and accurate contents, and otherwise deny the allegations in Paragraph 74.

75.     The JLI Defendants admit that JLI has not received FDA authorization to make a modified risk claim.  To the extent a response is otherwise required, the JLI Defendants deny the allegations in Paragraph 75.

76.     The JLI Defendants admit that the nicotine in ENDS is addictive and state that JLI warns users that nicotine is addictive through a black warning box displayed prominently on its products, in compliance with FDA regulations.  To the extent that a response is otherwise required, the JLI Defendants lack information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 76 and therefore deny them on that basis, except refer to the referenced documents or statements for their complete and accurate contents.

77.     The JLI Defendants admit that the nicotine in ENDS is addictive and state that JLI warns users that nicotine is addictive through a black warning box displayed prominently on its products, in compliance with FDA regulations.  The JLI Defendants aver that JUUL products are not cigarettes; the materials cited in Paragraph 77 predate the commercialization of JUUL products and do not purport to pertain to JUUL products.  The JLI Defendants refer to the referenced

documents or statements for their complete and accurate contents, and otherwise deny the allegations in Paragraph 77.

78.    The JLI Defendants admit that the nicotine in ENDS is addictive and state that JLI warns users that nicotine is addictive through a black warning box displayed prominently on its products, in compliance with FDA regulations.  The JLI Defendants lack information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 78 and therefore deny them on that basis, except refer to the referenced documents or statements for their complete and accurate contents.

79.    The JLI Defendants assert that the allegations of Paragraph 79 are set forth without citation.  The JLI Defendants admit that the nicotine in ENDS is addictive and state that JLI warns users that nicotine is addictive through a black warning box displayed prominently on its products, in compliance with FDA regulations.  To the extent a responsive pleading is otherwise required, the JLI Defendants lack information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 79 and therefore deny them on that basis.

80.    The JLI Defendants aver that they do not want underage users to use JLI's products. The JLI Defendants admit that the nicotine in ENDS is addictive and state that JLI warns users that nicotine is addictive through a black warning box displayed prominently on its products, in compliance with FDA regulations.  The JLI Defendants lack information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 80 and therefore deny them on that basis, except refer to the referenced documents or statements for their complete and accurate contents.

81.    The JLI Defendants aver that they do not want underage users to use JLI's products. The JLI Defendants admit that the nicotine in ENDS is addictive and state that JLI warns users

- 16 -

that nicotine is addictive through a black box warning displayed prominently on its products, in compliance with FDA regulations. The JLI Defendants refer to the referenced documents or statements for their complete and accurate contents, and otherwise deny the allegations in Paragraph 81.

82.    The JLI Defendants admit that nicotine is addictive and state that JLI warns users that nicotine is addictive through a black box warning displayed prominently on its products, in compliance with FDA regulations. The JLI Defendants refer to the referenced documents or statements for their complete and accurate contents, and otherwise deny the allegations in Paragraph 82.

83.    The JLI Defendants aver that the allegations of Paragraph 83 are set forth without citation. The JLI Defendants lack information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 83 and therefore deny them on that basis.

84.    The JLI Defendants refer to the referenced documents or statements for their complete and accurate contents, and otherwise deny the allegations in Paragraph 84.

85.    The JLI Defendants refer to the referenced documents or statements for their complete and accurate contents, and otherwise deny the allegations in Paragraph 85.

86.    The JLI Defendants deny the allegations in Paragraph 86.

87.    The JLI Defendants deny the allegations in Paragraph 87.

88.    The JLI Defendants refer to the referenced documents or statements for their complete and accurate contents, and otherwise deny the allegations in Paragraph 88.

89.    The JLI Defendants refer to the referenced documents or statements for their complete and accurate contents, and otherwise deny the allegations in Paragraph 89.

90.    The JLI Defendants admit that JLI's nicotine-salt-based e-liquid is contained in JUULpods. The JLI Defendants further admit that Thomas Perfetti provided consulting services for Ploom, Inc. for a brief period in 2013. The JLI Defendants refer to the referenced documents or statements for their complete and accurate contents, and otherwise deny the remaining allegations in Paragraph 90.

91.    The JLI Defendants refer to the referenced documents or statements for their complete and accurate contents, and otherwise deny the allegations in Paragraph 91.

92.    The JLI Defendants admit that the JUUL device is composed of at least a rechargeable battery, electronic circuitry, an enclosure, a magnet, an LED, and pressure sensors. The JLI Defendants further admit that the JUUL system operates by heating an e-liquid to create an inhalable aerosol and that one JUULpod contains approximately 0.7 milliliters of e-liquid. The JLI Defendants otherwise deny the allegations in Paragraph 92.

93.    The JLI Defendants aver that the allegations of Paragraph 93 are set forth without citation. The JLI Defendants admit that JLI sells JUULpods in packs of either two or four pods. The JLI Defendants further admit that JUULpods in Mango, Fruit, Creme, and Cucumber flavors were sold by JLI to traditional retail outlets and commercial distributors through its wholesale and retail distribution system until November 2018 and directly to consumers online until October 2019. The JLI Defendants further admit that the image reproduced on page 26 shows a JLI Starter Kit with four flavored JUULpods. The JLI Defendants otherwise deny the allegations in Paragraph 93.

94.    The JLI Defendants refer to the referenced documents or statements for their complete and accurate contents, and otherwise deny the allegations in Paragraph 94.

95.    The JLI Defendants deny the allegations in Paragraph 95.

96.     The JLI Defendants refer to the referenced documents or statements for their complete and accurate contents, and otherwise deny the allegations in Paragraph 96.

97.     The JLI Defendants refer to the referenced documents or statements for their complete and accurate contents, and otherwise deny the allegations in Paragraph 97.

98.     To the extent that the allegations in Paragraph 98 purport to quote or characterize documents or statements that were created years before JLI came into existence, the JLI Defendants lack information and knowledge sufficient form a belief as to the truth of those allegations and therefore deny them on that basis, except refer to the referenced documents or statements for their complete and accurate contents.  The JLI Defendants otherwise deny the allegations in Paragraph 98 and specifically deny that JLI targeted underage users through marketing or otherwise.

99.     The JLI Defendants aver that there are hundreds of e-cigarette products on the market today, including counterfeits, and the JLI Defendants lack information and knowledge about each of their components.  The JLI Defendants lack information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 99 regarding "e-cigarettes" as a category, and therefore deny them on that basis.

100.    The JLI Defendants aver that there are hundreds of e-cigarette products on the market today, including counterfeits, and the JLI Defendants lack information and knowledge about each of their components.  The JLI Defendants admit that they are not aware of any e-cigarette manufacturers that used nicotine-salt-based e-liquid formulations before JLI began selling JUULpods.  The JLI Defendants otherwise lack information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 100 regarding "e-cigarettes" as a category, and therefore deny them on that basis.

101. The JLI Defendants lack information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 101 and therefore deny them on that basis, except refer to the referenced documents or statements for their complete and accurate contents.

102. The JLI Defendants admit that JLI's nicotine-salt-based e-liquid formulation was designed as a nicotine delivery system that provided a physiological effect and experience more similar to the use of combustible cigarettes for adult smokers than other e-cigarettes on the market at that time. The JLI Defendants further admit that using a nicotine-salt-based formulation, rather than a freebase nicotine, in the e-liquid allows smokers to have a satisfactory experience from the use of JUUL products, which competes with cigarettes and helps adult smokers switch from combustible use. The JLI Defendants otherwise deny the allegations in Paragraph 102.

103. The JLI Defendants admit that JLI's nicotine-salt-based e-liquid formulation was designed as a nicotine delivery system that provided a physiological effect and experience more similar to the use of combustible cigarettes for adult smokers than other e-cigarettes on the market at that time. The JLI Defendants further admit that using a nicotine-salt-based formulation, rather than a freebase nicotine, in the e-liquid allows smokers to have a satisfactory experience from the use of JUUL products, which competes with cigarettes and helps adult smokers switch from combustible use. The JLI Defendants otherwise deny the allegations in Paragraph 103.

104. The JLI Defendants refer to the referenced documents or statements for their complete and accurate contents, and otherwise deny the allegations in Paragraph 104.

105. The JLI Defendants refer to the referenced documents or statements for their complete and accurate contents, and otherwise deny the allegations in Paragraph 105.

106. The JLI Defendants lack information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 106 to the extent that those allegations concern the

knowledge or actions of others, and therefore deny them on that basis, except refer to the referenced documents or statements for their complete and accurate contents. The JLI Defendants specifically deny that JLI targeted underage users through marketing or otherwise.

107.     The JLI Defendants lack information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 107 and therefore deny them on that basis, except refer to the referenced documents or statements for their complete and accurate contents.

108.     The JLI Defendants admit that JLI conducted a pharmacokinetic study and that JLI submitted a non-provisional patent application in October 2014, which was granted as U.S. Patent No. 9,215,895 in December 2015. The JLI Defendants further admit that the named inventors on U.S. Patent No. 9,215,895 were Adam Bowen and Chenyue Xing. To the extent a response is otherwise required, the JLI Defendants refer to the referenced documents or statements for their complete and accurate contents, and otherwise deny the allegations in Paragraph 108.

109.     The JLI Defendants refer to the referenced documents or statements for their complete and accurate contents, and otherwise deny the allegations in Paragraph 109.

110.     The JLI Defendants refer to the referenced documents or statements for their complete and accurate contents, and otherwise deny the allegations in Paragraph 110.

111.     The JLI Defendants refer to the referenced documents or statements for their complete and accurate contents, and otherwise deny the allegations in Paragraph 111.

112.     The JLI Defendants aver that the materials cited in Paragraph 112 predate the commercialization of JUUL products and do not purport to pertain to JUUL products. The JLI Defendants lack sufficient information to form a belief as to the truth of the allegations purporting to characterize those materials, including sufficient knowledge about the basis and reliability of those materials, and therefore deny them on that basis. The JLI Defendants are unable to locate

- 21 -

the source of the quotation contained in the third sentence of Paragraph 112, and deny it on that basis. The JLI Defendants are unable to locate the source of the quotation contained in the fourth sentence of Paragraph 112, and deny it on that basis. The JLI Defendants respond that contrary to the allegations contained in Paragraph 112, the document cited in footnote 58 states that "[m]ost [employees studied] smoked a greater amount of cigarettes at the low nicotine level and a lesser amount at the high nicotine level." The JLI Defendants refer to the referenced documents or statements for their complete and accurate contents, and otherwise deny the allegations in Paragraph 112.

113. The JLI Defendants lack information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 113 and therefore deny them on that basis, except refer to the referenced documents or statements for their complete and accurate contents.

114. The JLI Defendants admit, on information and belief, that, at present, consumers in the European Union can buy e-cigarette products, including but not limited to JUUL products, in a range of concentrations up to but not exceeding 20 mg/ml of nicotine. The JLI Defendants lack information and knowledge sufficient to form a belief as to the truth of the remaining allegations in Paragraph 114 and therefore deny them on that basis. To the extent a response is otherwise required, the JLI Defendants refer to the referenced documents or statements for their complete and accurate contents, and otherwise deny the allegations in Paragraph 114.

115. The JLI Defendants admit that JLI submitted a patent application for certain dosage control mechanisms in 2014. The JLI Defendants refer to the referenced documents or statements for their complete and accurate contents, and otherwise deny the allegations in Paragraph 115.

116. The JLI Defendants deny the allegations in Paragraph 116.

117. The JLI Defendants deny the allegations in Paragraph 117.

118.    To the extent that the allegations in Paragraph 118 purport to quote or characterize documents generated years before JLI came into existence, the JLI Defendants lack information and knowledge sufficient to form a belief as to the truth of those allegations and therefore deny them on that basis, except refer to the referenced documents or statements for their complete and accurate contents.  The JLI Defendants otherwise deny the allegations in Paragraph 118.

119.    The JLI Defendants deny the allegations in Paragraph 119.

120.    The JLI Defendants admit that the JUUL device is distinct from a traditional cigarette.  The JLI Defendants otherwise deny the allegations in Paragraph 120.

121.    The JLI Defendants admit that the JUUL device has a small, rectangular shape and contains a rechargeable battery that is charged by a USB port.  The JLI Defendants otherwise deny the allegations in Paragraph 121.

122.    The JLI Defendants admit that the JUUL device has a small, rectangular shape.  The JLI Defendants further admit that Adam Bowen worked for Apple as an intern for a portion of 2004 while he was in graduate school, and that his work for Apple included mechanical and electrical engineering tasks.  To the extent a response is otherwise required, the JLI Defendants lack information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 122 and therefore deny them on that basis, except refer to the referenced documents or statements for their complete and accurate contents.

123.    The JLI Defendants admit that there is a battery indicator LED light on JUUL devices.  The JLI Defendants further admit that the JUUL device's battery indicator light may flash in different colors when shaken rapidly.  The JLI Defendants otherwise deny the allegations in Paragraph 123, except refer to the referenced documents or statements for their complete and accurate contents.

124.  The JLI Defendants admit, on information and belief, that they are not aware of any e-cigarette manufacturers that used nicotine-salt-based e-liquid formulations before JLI began selling JUULpods.  The JLI Defendants otherwise deny the allegations in Paragraph 124.

125.  The JLI Defendants assert that the allegations of Paragraph 125 are set forth without citation.  The JLI Defendants admit that JLI's nicotine-salt-based e-liquid formulation was designed as a nicotine delivery system that provided a physiological effect and experience more similar to the use of combustible cigarettes for adult smokers than other e-cigarettes on the market at that time.  The JLI Defendants further admit that using a nicotine-salt-based formulation, rather than a freebase nicotine, in the e-liquid allows smokers to have a satisfactory experience from the use of JUUL products, which competes with cigarettes and helps adult smokers switch from combustible use.  The JLI Defendants otherwise deny the allegations in Paragraph 125.

126.  The JLI Defendants assert that the allegations of Paragraph 126 are set forth without citation.  The JLI Defendants admit that JLI's nicotine-salt-based e-liquid formulation was designed as a nicotine delivery system that provided a physiological effect and experience more similar to the use of combustible cigarettes for adult smokers than other e-cigarettes on the market at that time.  The JLI Defendants further admit that using a nicotine-salt-based formulation, rather than a freebase nicotine, in the e-liquid allows smokers to have a satisfactory experience from the use of JUUL products, which competes with cigarettes and helps adult smokers switch from combustible use.  The JLI Defendants otherwise deny the allegations in Paragraph 126.

127.  To the extent the allegations in Paragraph 127 purport to characterize articles written years before JLI came into existence or rely on knowledge of "[c]igarette companies," the JLI Defendants state that JLI is not a cigarette company, and lack information and knowledge sufficient to form a belief as to the truth of those allegations and therefore deny them on that basis.

The JLI Defendants otherwise deny the allegations in Paragraph 127, except refer to the referenced documents or statements for their complete and accurate contents.

128.    The JLI Defendants admit that the original JUULpods commercialized in June 2015 were available in "Miint," "Fruut," "Bruule," and "Tabaac."  The JLI Defendants also admit that JLI has changed the names of its original non-tobacco or non-menthol flavored products from "Tabaac" to "Virginia Tobacco", "Miint" to "Mint," "Fruut" to "Fruit," and "Bruule" to "Creme." The JLI Defendants otherwise deny the allegations in Paragraph 128.

129.    The JLI Defendants admit that JLI sold JUULpods in Mango, Mint, and Cucumber flavors to traditional retail outlets and distributors through their wholesale and retail distribution system until November 2018 and direct to consumers online until October 2019.  The JLI Defendants otherwise deny the allegations in Paragraph 129 and specifically deny that JLI targeted underage users though marketing or otherwise.

130.    The JLI Defendants admit that, beginning in 2009, the FDA enforced legislation banning the sale of specified tobacco products with flavors other than menthol and tobacco.  The JLI Defendants further admit that in 2020 the FDA issued a policy of enforcement against certain unauthorized flavored cartridge-based e-cigarette products (other than a tobacco-or menthol-flavored product).  The JLI Defendants otherwise deny the allegations in Paragraph 130, except refer to the referenced documents, statutes, or statements for their complete and accurate contents.

131.    The JLI Defendants lack information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 131 and therefore deny them on that basis, except refer to the referenced documents or statements for their complete and accurate contents.  Responding further, the JLI Defendants state that the study referenced in Paragraph 131 did not analyze the

effect of usage of JUUL products. The JLI Defendants otherwise deny the allegations in Paragraph 131.

132. The JLI Defendants refer to the referenced documents or statements for their complete and accurate contents, and otherwise deny the allegations in Paragraph 132.

133. The JLI Defendants lack information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 133 and therefore deny them on that basis, except refer to the referenced documents or statements for their complete and accurate contents.

134. The JLI Defendants deny the allegations in Paragraph 134, except refer to the referenced documents or statements for their complete and accurate contents.

135. The JLI Defendants refer to the referenced documents or statements for their complete and accurate contents, and otherwise deny the allegations in Paragraph 135.

136. To the extent that the allegations in Paragraph 136 purport to assert conclusions of law, no responsive pleading is required. To the extent a response is otherwise required, the JLI Defendants deny the allegations in Paragraph 136 and specifically deny that JLI targeted underage users through marketing or otherwise.

137. To the extent that the allegations in Paragraph 137 are directed to other Defendants, no responsive pleading is required. To the extent a response is otherwise required, the JLI Defendants deny the allegations in Paragraph 137 and specifically deny that JLI targeted underage users through marketing or otherwise.

138. To the extent that the allegations in Paragraph 138 are directed to other Defendants, no responsive pleading is required. To the extent a response is otherwise required, the JLI Defendants admit that JLI first offered its products for sale in the United States in June 2015. The JLI Defendants otherwise deny the allegations in Paragraph 138.

139.    To the extent that the allegations in Paragraph 139 are directed to other Defendants, no responsive pleading is required.  To the extent a response is otherwise required, the JLI Defendants admit that JLI first offered a mint-flavored product for sale in the United States in June 2015.  The JLI Defendants otherwise deny the allegations in Paragraph 139.

140.    The JLI Defendants admit JLI sold mint and other flavored products prior to menthol-flavored products.  The JLI Defendants otherwise deny the allegations in Paragraph 140.

141.    The JLI Defendants deny the allegations in Paragraph 141.

142.    To the extent that the allegations in Paragraph 142 are directed to other Defendants, no responsive pleading is required.  To the extent a response is otherwise required, the JLI Defendants deny the allegations in Paragraph 142 and specifically deny that JLI targeted underage users through marketing or otherwise.

143.    The JLI Defendants lack information and knowledge sufficient to form a belief as to the truth of the allegations Paragraph 143 and therefore deny those allegations, except refer to the referenced documents or statements for their complete and accurate contents.

144.    To the extent that the allegations in Paragraph 144 are directed to other Defendants, no responsive pleading is required.  To the extent that a response is otherwise required, the JLI Defendants deny the allegations in Paragraph 144.

145.    The JLI Defendants admit Kevin Burns, previously president and chief operating officer of Chobani, was JLI's CEO in January 2018.  The JLI Defendants otherwise deny the allegations in Paragraph 145.

146.    The JLI Defendants admit the FDA sent JLI a letter in April 2018.  The JLI Defendants otherwise deny the allegations in Paragraph 146, except refer to the referenced documents or statements for their complete and accurate contents.

147. The JLI Defendants admit that in April 2019, JLI announced a $30 million initiative to combat underage use of tobacco and ENDS products. The JLI Defendants further admit that JLI received a letter from the FDA in September 2019. The JLI Defendants otherwise deny the allegations in Paragraph 147, except refer to the referenced documents or statements for their complete and accurate contents.

148. The JLI Defendants refer to the referenced documents or statements for their complete and accurate contents, and otherwise deny the allegations in Paragraph 148.

149. To the extent the second sentence of Paragraph 149 references publicly available information, no responsive pleading is required. To the extent a response is otherwise required, the JLI Defendants lack information and knowledge sufficient to form a belief as to the truth of the allegations in the second, third, fourth, fifth, and sixth sentences in Paragraph 149 and therefore deny them on that basis. The JLI Defendants deny the remaining allegations in Paragraph 149, except refer to the referenced documents or statements for their complete and accurate contents.

150. To the extent that the allegations in Paragraph 150 are directed to other Defendants, no responsive pleading is required. To the extent a response is otherwise required, the JLI Defendants refer to the referenced documents or statements for their complete and accurate contents, and otherwise deny the allegations in Paragraph 150.

151. To the extent that the allegations in Paragraph 151 are directed to other Defendants, no responsive pleading is required. To the extent a response is otherwise required, the JLI Defendants deny the allegations in Paragraph 151.

152. To the extent that the allegations in Paragraph 152 purport to assert conclusions of law, no responsive pleading is required. To the extent a response is otherwise required, the JLI Defendants deny the allegations in Paragraph 152.

153. The JLI Defendants admit that JLI has offered information comparing the nicotine content in a pack of combustible cigarettes to the nicotine content in 5% strength JUULpods. The JLI Defendants otherwise deny the allegations in Paragraph 153.

154. The JLI Defendants lack information and knowledge sufficient to form a belief as to the truth of the allegations in the first and second sentences of Paragraph 154 and therefore deny those allegations. The JLI Defendants otherwise deny the allegations in Paragraph 154, except refer to the referenced documents or statements for their complete and accurate contents.

155. To the extent that the allegations in Paragraph 155 are directed to other Defendants, no responsive pleading is required. To the extent a response is otherwise required, the JLI Defendants admit that JLI uses a nicotine-salt-based e-liquid formulation. The JLI Defendants lack information and knowledge sufficient to form a belief as to the truth of the remaining allegations in Paragraph 155 and therefore deny them on that basis, except refer to the referenced documents or statements for their complete and accurate contents.

156. The JLI Defendants deny the allegations in Paragraph 156.

157. The JLI Defendants refer to the referenced documents or statements for their complete and accurate contents, and otherwise deny the allegations in Paragraph 157.

158. The JLI Defendants refer to the referenced documents for their complete and accurate contents, and otherwise deny the allegations in Paragraph 158.

159. To the extent that the allegations in Paragraph 159 purport to assert conclusions of law, no responsive pleading is required. To the extent a responsive pleading is otherwise required, the JLI Defendants deny the allegations in Paragraph 159.

160. To the extent that the allegations in Paragraph 160 purport to assert conclusions of law, no responsive pleading is required. To the extent a responsive pleading is otherwise required, the JLI Defendants deny the allegations in Paragraph 160.

161. To the extent that the allegations in Paragraph 161 purport to assert conclusions of law, no responsive pleading is required. To the extent a response is otherwise required, the JLI Defendants admit that JLI's website offered information comparing the nicotine content in a pack of combustible cigarettes to the nicotine content in 5% strength JUULpods. The JLI Defendants otherwise deny the allegations in Paragraph 161, except refer to the referenced documents or statements for their complete and accurate contents.

162. To the extent that the allegations in Paragraph 162 purport to assert conclusions of law, no responsive pleading is required. To the extent a response is otherwise required, the JLI Defendants admit that JUULpod packages sent via U.S. mail contained the statement that a single JUULpod is "approximately equivalent to about 1 pack of cigarettes." The JLI Defendants otherwise deny the allegations in Paragraph 162, except refer to the referenced documents or statements for their complete and accurate contents.

163. To the extent that the allegations in Paragraph 163 purport to assert conclusions of law, no responsive pleading is required. To the extent a response is otherwise required, the JLI Defendants deny the allegations in Paragraph 163.

164. To the extent that the allegations in Paragraph 164 are directed to other Defendants, no responsive pleading is required. To the extent a response is otherwise required, the JLI Defendants admit that JUULpod packages sent via U.S. mail contained the statement that a single JUULpod is "approximately equivalent to about 1 pack of cigarettes." The JLI Defendants lack information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph

164 to the extent that those allegations concern the knowledge or actions of others and therefore deny them on that basis. The JLI Defendants otherwise deny the allegations in Paragraph 164, except refer to the referenced documents or statements for their complete and accurate contents.

165.    To the extent that the allegations in Paragraph 165 concern the knowledge or actions of others, the JLI Defendants lack information and knowledge sufficient to form a belief as to their truth and therefore deny them on that basis. The JLI Defendants otherwise deny the allegations in Paragraph 165.

166.    To the extent that the allegations in Paragraph 166 are directed to other Defendants, no responsive pleading is required. The JLI Defendants lack information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 166 to the extent that those allegations concern the knowledge or actions of others and therefore deny them on that basis. To the extent a response is otherwise required, the JLI Defendants deny the allegations in Paragraph 166.

167.    To the extent that the allegations in Paragraph 167 are directed to other Defendants, no responsive pleading is required. The JLI Defendants lack information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 167 to the extent that those allegations concern the knowledge or actions of others and therefore deny them on that basis. To the extent a response is otherwise required, the JLI Defendants deny the allegations in Paragraph 167.

168.    To the extent that the allegations in Paragraph 168 are directed to other Defendants, no responsive pleading is required. To the extent a response is otherwise required, the JLI Defendants deny the allegations in Paragraph 168.

169.    To the extent that the allegations in Paragraph 169 purport to assert conclusions of law, no responsive pleading is required. To the extent a response is otherwise required, the JLI Defendants admit that the compliance date for the FDA labeling requirements was August 10,

2018. The JLI Defendants further admit that JLI added an explicit warning to its products stating "WARNING: This product contains nicotine. Nicotine is an addictive chemical" before the compliance date. The JLI Defendants otherwise deny the allegations in Paragraph 169.

170. The JLI Defendants deny the allegations in Paragraph 170.

171. To the extent that the allegations in Paragraph 171 purport to assert conclusions of law, no responsive pleading is required. The JLI Defendants lack information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 171 to the extent that those allegations concern the knowledge or actions of others and therefore deny them on that basis. To the extent that a response is otherwise required, the JLI Defendants deny the allegations in Paragraph 171.

172. To the extent that the allegations in Paragraph 172 purport to assert conclusions of law, no responsive pleading is required. The JLI Defendants admit that in December 2015 JLI ran a limited marketing campaign called "Save Room for JUUL." To the extent a response is otherwise required, the JLI Defendants refer to the referenced documents or statements for their complete and accurate contents, and otherwise deny the allegations in Paragraph 172.

173. The JLI Defendants refer to the referenced documents or statements for their complete and accurate contents, and otherwise deny the allegations in Paragraph 173.

174. To the extent that the allegations in Paragraph 174 purport to assert conclusions of law, no responsive pleading is required. To the extent a response is otherwise required, the JLI Defendants refer to the referenced documents or statements for their complete and accurate contents, and otherwise deny the allegations in Paragraph 174.

175. To the extent that the allegations in Paragraph 175 purport to assert conclusions of law, no responsive pleading is required. To the extent a response is otherwise required, the JLI Defendants deny the allegations in Paragraph 175.

176. To the extent that the allegations in Paragraph 176 purport to assert conclusions of law or are directed to other Defendants, no responsive pleading is required. To the extent a response is otherwise required, the JLI Defendants deny the allegations in Paragraph 176.

177. To the extent that the allegations in Paragraph 177 purport to assert conclusions of law, no responsive pleading is required. The JLI Defendants otherwise deny the allegations in Paragraph 177.

178. The JLI Defendants admit that JLI published a letter from then-CEO Kevin Burns on JLI's website in the spring of 2018. The JLI Defendants refer to the referenced documents or statements for their complete and accurate contents, and otherwise deny the allegations in Paragraph 178.

179. The JLI Defendants deny the allegations in Paragraph 179.

180. The JLI Defendants admit that, prior to November 2018, JLI's marketing strategy included promoting its products through a variety of means, including maintaining Instagram, Twitter, and Facebook accounts for promotional purposes in the U.S., and that these accounts were age-gated wherever possible. The JLI Defendants otherwise deny the allegations in Paragraph 180.

181. To the extent that the allegations in Paragraph 181 purport to assert conclusions of law, no responsive pleading is required. To the extent a responsive pleading is otherwise required, the JLI Defendants deny the allegations in Paragraph 181.

182.    The JLI Defendants admit that in 2018 some of JLI's advertisements encouraged adult smokers to switch from using combustible cigarettes to using JUUL products.  The JLI Defendants refer to the referenced documents or statements for their complete and accurate contents, and otherwise deny the allegations in Paragraph 182.

183.    The JLI Defendants assert that the allegations of Paragraph 183 are set forth without citation.  The JLI Defendants lack information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 183 and therefore deny them on that basis.

184.    The JLI Defendants deny the allegations in Paragraph 184.

185.    The JLI Defendants deny the allegations in Paragraph 185.

186.    To the extent that the allegations in Paragraph 186 purport to assert conclusions of law, no responsive pleading is required.  To the extent a response is otherwise required, the JLI Defendants deny the allegations in Paragraph 186 and specifically deny that JLI targeted underage users through its marketing or otherwise.

187.    The JLI Defendants deny the allegations in Paragraph 187.

188.    To the extent that the allegations in Paragraph 188 purport to assert conclusions of law, no responsive pleading is required.  To the extent a response is otherwise required, the JLI Defendants refer to the referenced documents or statements for their complete and accurate contents, and otherwise deny the allegations in Paragraph 188.

189.    The JLI Defendants deny the allegations in the first sentence of Paragraph 189.  The JLI Defendants lack information and knowledge sufficient to form a belief as to the truth of the remaining allegations in Paragraph 189 and therefore deny them on that basis, except refer to the referenced documents or statements for their complete and accurate contents.

190.     The JLI Defendants deny the allegations in the first sentence of Paragraph 190.  The JLI Defendants lack information and knowledge sufficient to form a belief as to the truth of the remaining allegations in Paragraph 190 and therefore deny them on that basis, except refer to the referenced documents or statements for their complete and accurate contents.

191.     The JLI Defendants aver that JUUL products are not cigarettes; the materials cited in Paragraph 191 do not purport to pertain to JUUL products.  The JLI Defendants refer to the referenced documents or statements for their complete and accurate contents, and otherwise deny the allegations in Paragraph 191.

192.     The JLI Defendants refer to the referenced documents or statements for their complete and accurate contents and otherwise deny the allegations in Paragraph 192.

193.     The JLI Defendants refer to the referenced documents or statements for their complete and accurate contents, and otherwise deny the allegations in Paragraph 193.

194.     To the extent that the allegations in Paragraph 194 are directed to other Defendants, no responsive pleading is required.  To the extent a response is otherwise required, the allegations in Paragraph 194 relate to conduct by cigarette companies that occurred years before JLI came into existence, and JLI is not a cigarette company; the JLI Defendants refer to the referenced documents or statements for their complete and accurate contents, and otherwise deny the allegations in Paragraph 194.

195.     To the extent that the allegations in Paragraph 195 are directed to other Defendants, no responsive pleading is required.  To the extent a response is otherwise required, the JLI Defendants refer to the referenced court decision for its complete and accurate contents, and otherwise deny the allegations in Paragraph 195.

196.     To the extent that the allegations in Paragraph 196 are directed to other Defendants, no responsive pleading is required.  To the extent a response is otherwise required, the allegations in Paragraph 196 relate to conduct by cigarette companies that occurred years before JLI came into existence, and JLI is not a cigarette company.  The JLI Defendants lack information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 196 and therefore deny them on that basis, except refer to the referenced documents or statements for their complete and accurate contents.

197.     To the extent that the allegations in Paragraph 197 are directed to other Defendants, no responsive pleading is required.  To the extent a response is otherwise required, the allegations in Paragraph 196 relate to conduct by cigarette companies that occurred years before JLI came into existence, and JLI is not a cigarette company.  The JLI Defendants lack information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 197 and therefore deny them on that basis, except refer to the referenced documents or statements for their complete and accurate contents.

198.     To the extent that the allegations in Paragraph 198 are directed to other Defendants, no responsive pleading is required.  To the extent a response is otherwise required, the allegations in Paragraph 198 relate to conduct that occurred years before JLI came into existence, and the JLI Defendants lack information and knowledge sufficient to form a belief as to the truth of those allegations and therefore deny them on that basis.

199.     The JLI Defendants admit that e-cigarette manufacturers are not subject to the requirements of the MSA.  The JLI Defendants otherwise deny the allegations in Paragraph 199.

200.     The JLI Defendants deny the allegations in Paragraph 200 and specifically deny that JLI targeted underage users through marketing or otherwise.

201.    The JLI Defendants refer to the referenced documents or statements for their complete and accurate contents, and otherwise deny the allegations in Paragraph 201.

202.    The JLI Defendants refer to the referenced documents or statements for their complete and accurate contents, and otherwise deny the allegations in Paragraph 202.

203.    The JLI Defendants deny the allegations in Paragraph 203.

204.    The JLI Defendants deny the allegations in Paragraph 204.

205.    The JLI Defendants admit JLI launched a marketing campaign in 2015, which involved promoting its products through a variety of means, including maintaining Instagram, Twitter, and Facebook accounts for promotional purposes in the U.S.  The JLI Defendants otherwise deny the allegations in Paragraph 205.

206.    The JLI Defendants refer to the referenced graphic for its complete and accurate contents, and otherwise deny the allegations in Paragraph 206.

207.    The JLI Defendants admit that JLI engaged Cult Collective and Grit Creative Group in connection with the marketing of JUUL products.  The JLI Defendants otherwise deny the allegations in Paragraph 207, except refer to the referenced documents or statements for their complete and accurate contents.

208.    The JLI Defendants admit that the launch campaign for JUUL products in 2015 was known as "Vaporized" and that JLI engaged Cult Collective and Grit in connection with that campaign.  The JLI Defendants otherwise deny the allegations in Paragraph 208.

209.    The JLI Defendants deny the allegations in Paragraph 209 and specifically deny that JLI targeted underage users through marketing or otherwise.

210. The JLI Defendants refer to the referenced documents or statements for their complete and accurate contents, and otherwise deny the allegations in Paragraph 210 and specifically deny that JLI targeted underage users through marketing or otherwise.

211. The JLI Defendants refer to the referenced documents or statements for their complete and accurate contents, and otherwise deny the allegations in Paragraph 211 and specifically deny that JLI targeted underage users through marketing or otherwise.

212. The JLI Defendants refer to the referenced documents or statements for their complete and accurate contents, and otherwise deny the allegations in Paragraph 212.

213. The JLI Defendants admit that JLI has, in the past, used the slogan "Smoking Evolved" in certain of its promotional materials. To the extent a response is otherwise required, the JLI Defendants refer to the referenced documents or statements for their complete and accurate contents, and otherwise deny the allegations in Paragraph 213.

214. The JLI Defendants admit that JLI placed programmatic ad buys targeting adult smokers or vapers through third-party vendors beginning in June 2015. The JLI Defendants otherwise deny the allegations in Paragraph 214.

215. The JLI Defendants admit that certain online advertisements linked to JLI's website where JLI sold products to adult consumers who passed JLI's online age-verification requirements. The JLI Defendants otherwise deny the allegations in Paragraph 215.

216. The JLI Defendants deny the allegations in Paragraph 216 and specifically deny that JLI targeted underage users through marketing or otherwise.

217. The JLI Defendants deny the allegations in Paragraph 217 and specifically deny that JLI targeted underage users through marketing or otherwise.

218.    The JLI Defendants lack information and knowledge sufficient to form a belief as to the truth of the allegations in the third sentence of Paragraph 218 and therefore deny them on that basis.  The JLI Defendants otherwise deny the allegations in the first and second sentences of Paragraph 218 and specifically deny that JLI targeted underage users through marketing or otherwise.

219.    The JLI Defendants lack information and knowledge sufficient to form a belief as to the truth of the allegations in the second sentence of Paragraph 219 and therefore deny them on that basis.  The JLI Defendants otherwise deny the allegations in the first sentence of Paragraph 219 and specifically deny that JLI targeted underage users through marketing or otherwise.

220.    The JLI Defendants lack information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 220 to the extent they characterize particular websites and therefore deny them on that basis.  The JLI Defendants otherwise deny the allegations in Paragraph 220 and specifically deny that JLI targeted underage users through marketing or otherwise.

221.    The JLI Defendants lack information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 221 to the extent they characterize particular websites and therefore deny them on that basis.  The JLI Defendants otherwise deny the allegations in Paragraph 221 and specifically deny that JLI targeted underage users through marketing or otherwise.

222.    The JLI Defendants lack information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 222 to the extent they characterize particular websites and therefore deny them on that basis.  The JLI Defendants otherwise deny the allegations in

Paragraph 222 and specifically deny that JLI targeted underage users through marketing or otherwise.

223.    The JLI Defendants lack information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 223 to the extent they characterize particular websites and therefore deny them on that basis.  The JLI Defendants otherwise deny the allegations in Paragraph 223 and specifically deny that JLI targeted underage users through marketing or otherwise.

224.    The JLI Defendants lack information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 224 to the extent they characterize particular websites and therefore deny them on that basis.  The JLI Defendants otherwise deny the allegations in Paragraph 224 and specifically deny that JLI targeted underage users through marketing or otherwise.

225.    The JLI Defendants lack information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 225 to the extent they characterize particular websites and therefore deny them on that basis.  The JLI Defendants otherwise deny the allegations in Paragraph 225 and specifically deny that JLI targeted underage users through marketing or otherwise.

226.    The JLI Defendants admit JLI placed an advertisement in Vice Magazine. The JLI Defendants otherwise deny the allegations in Paragraph 226.

227.    The JLI Defendants assert that the allegations of Paragraph 227 are set forth without citation.  The JLI Defendants lack information and knowledge sufficient to form a belief as to the truth of the allegations Paragraph 227 and therefore deny them on that basis.

228.    The JLI Defendants deny the allegations in Paragraph 228.

229.    The JLI Defendants deny the allegations in Paragraph 229.

230.    The JLI Defendants admit that JLI engaged Hypebeast for certain limited marketing activities in 2015 as part of the launch campaign.  The JLI Defendants specifically deny that JLI targeted underage users through marketing or otherwise.  The JLI Defendants otherwise deny the allegations in Paragraph 230.

231.    The JLI Defendants admit that JLI previously posted advertisements on its social media accounts on Twitter, Instagram, and Facebook.  The JLI Defendants further state that JLI disabled its U.S. Facebook and Instagram accounts in November 2018 and maintained its Twitter account for non-promotional communications only.  The JLI Defendants otherwise deny the allegations in Paragraph 231.

232.    The JLI Defendants aver that JLI's social media accounts were "age-gated" where possible.  The JLI Defendants otherwise deny the allegations in Paragraph 232.

233.    The JLI Defendants deny the allegations in the first sentence of Paragraph 233.  The JLI Defendants lack information and knowledge sufficient to form a belief as to the truth of the remaining allegations in Paragraph 233 and therefore deny them on that basis.  The JLI Defendants otherwise deny the allegations in Paragraph 233.

234.    To the extent the allegation in Paragraph 234 purport to assert conclusions of law, no responsive pleading is required.  To the extent a responsive is otherwise required, the JLI Defendants deny the allegations in Paragraph 234.

235.    The JLI Defendants admit that certain posts on JLI's social media accounts included the listed "hashtags."  To the extent a response is otherwise required, the JLI Defendants otherwise deny the allegations in Paragraph 235.

236.    The JLI Defendants lack information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 236 to the extent that those allegations concern the knowledge or actions of others and therefore deny them on that basis.  The JLI Defendants further aver that JLI does not control the creation of user-generated hashtags described in Paragraph 236. The JLI Defendants otherwise deny the allegations in Paragraph 236.

237.    The JLI Defendants lack information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 237, including those related to a "premier hashtag," and the notion that a "premier hashtag" can have "followers," and therefore deny the allegations on that basis.  To the extent that the allegations in Paragraph 237 purportedly relate to the contents of the publication cited in footnote 134, the JLI Defendants deny the characterizations made in that publication.  The JLI Defendants otherwise deny the allegations in Paragraph 237, except refer to the referenced documents or statements for their complete and accurate contents.

238.    The JLI Defendants lack information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 238 and therefore deny them on that basis.  To the extent that the allegations in Paragraph 238 purportedly relate to the contents of the publication cited in footnote 134, the JLI Defendants deny the characterizations made in that publication.  The JLI Defendants otherwise deny the allegations in Paragraph 238, except refer to the referenced documents or statements for their complete and accurate contents.

239.    The JLI Defendants deny the allegations in Paragraph 239.

240.    The JLI Defendants admit that JLI has monitored social media activity and aver that JLI sent thousands of take-down requests to major social media platforms for content aimed at underage individuals or other inappropriate content related to JUUL products.  The JLI Defendants otherwise deny the allegations in Paragraph 240.

241. The JLI Defendants lack information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 241 and therefore deny them on that basis, except refer to the referenced documents or statements for their complete and accurate contents.

242. The JLI Defendants deny the allegations in Paragraph 242.

243. The JLI Defendants admit that, prior to the discontinuance of the affiliate program in October 2018, JLI offered a small number of third-party affiliates the opportunity to provide advertising links, which sometimes included discounts, that routed traffic to the age-gated JLI e-commerce website in exchange for a commission based on sales generated through those links. The JLI Defendants otherwise deny the allegations in Paragraph 243.

244. The JLI Defendants admit that at times, through JLI's social media accounts, JLI interacted with third-party social media accounts. The JLI Defendants otherwise deny the allegations in Paragraph 244.

245. The JLI Defendants lack information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 245 and therefore deny them on that basis, except refer to the referenced documents or statements for their complete and accurate contents.

246. The JLI Defendants assert that the allegations of Paragraph 246 are set forth without citation. The JLI Defendants respond that JLI maintained only one official corporate Instagram account. To the extent a responsive pleading is otherwise required, the JLI Defendants lack information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 246 and therefore deny them on that basis.

247. The JLI Defendants assert that the allegations of Paragraph 247 are set forth without citation. To the extent a responsive pleading is otherwise required, the JLI Defendants lack

information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 247 and therefore deny them on that basis.

248.   The JLI Defendants assert that the allegations of Paragraph 248 are set forth without citation.  To the extent a responsive pleading is otherwise required, the JLI Defendants lack information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 248 and therefore deny them on that basis.

249.   The JLI Defendants refer to the referenced documents or statements for their complete and accurate contents, and otherwise deny the allegations in Paragraph 249.

250.   The JLI Defendants deny the allegations in Paragraph 250.

251.   The JLI Defendants refer to the referenced documents or statements for their complete and accurate contents, and otherwise deny the allegations in Paragraph 251.

252.   The JLI Defendants admit that JLI organized certain age-restricted events in connection with the launch of JUUL products in 2015.  The JLI Defendants aver that JLI has taken significant steps to prevent underage use of JUUL products and specifically deny any allegations stating or suggesting otherwise.  The JLI Defendants further admit that the artists listed in Paragraph 252 provided entertainment at JLI's New York launch event in 2015.  The JLI Defendants otherwise deny the allegations in Paragraph 252 and specifically deny that JLI targeted underage users through marketing or otherwise.

253.   The JLI Defendants admit that JLI distributed limited quantities of samples at certain age-restricted events that took place following its initial product launch in 2015 and did not charge for admission at those events.  To the extent a response is otherwise required, the JLI Defendants deny the allegations in Paragraph 253.

254. The JLI Defendants assert that the allegations of Paragraph 254 are set forth without citation. The JLI Defendants admit that JLI distributed limited quantities of samples at certain age-restricted events that took place following its initial product launch in 2015 and did not charge for admission at those events. To the extent a response is otherwise required, the JLI Defendants deny the allegations in Paragraph 254.

255. To the extent that the allegations in Paragraph 255 are directed to other Defendants, no responsive pleading is required. To the extent a response is otherwise required, the allegations in Paragraph 255 purport to characterize conduct by "Big Tobacco" which occurred years before JLI came into existence, and the JLI Defendants lack information and knowledge sufficient to form a belief as to the truth of those allegations and therefore deny them on that basis, except refer to the referenced documents or statements for their complete and accurate contents.

256. The JLI Defendants admit that, in 2015, JLI representatives attended an event sponsored by Cinespia that took place in the Hollywood Forever Cemetery, and that JLI representatives participated in other promotional events around the time of the initial product launch. To the extent a response is otherwise required, the JLI Defendants deny the allegations in Paragraph 256.

257. The JLI Defendants admit that JLI distributed limited quantities of samples at certain age-restricted events that took place following its initial product launch in 2015. The JLI Defendants lack information and knowledge sufficient to otherwise admit or deny the allegations regarding unspecified launch parties and sampling events. The JLI Defendants otherwise deny the allegations in Paragraph 257.

258.    The JLI Defendants admit that on occasion JLI posted photos from JLI-sponsored events on social media and via events at which guests shared photos on social media using the listed hashtags.  The JLI Defendants otherwise deny the allegations in Paragraph 258.

259.    The JLI Defendants admit that JLI held at least 25 promotional events between June 4, 2015 and December 8, 2015 in connection with its product launch.  The JLI Defendants further admit that JLI marketed its products through various platforms, including social media and age-restricted events in various cities, including sponsorship of the "Music in Film Summit."  The JLI Defendants specifically deny that JLI targeted underage users with its events or sponsorships.  To the extent a response is otherwise required, the JLI Defendants deny the allegations in Paragraph 259.

260.    The JLI Defendants deny the allegations in Paragraph 260.

261.    The JLI Defendants admit that Grit Creative Group provided a list of potential attendees for the referenced promotional event.  The JLI Defendants refer to the referenced documents or statements for their complete and accurate contents, and otherwise deny the allegations in Paragraph 261.

262.    The JLI Defendants admit that Grit organized certain age-restricted events at locations in New York in connection with the launch of JUUL products in 2015.  The JLI Defendants refer to the referenced documents or statements for their complete and accurate contents, and otherwise deny the allegations in Paragraph 262.

263.    The JLI Defendants assert that the allegations of Paragraph 263 are set forth without citation.  The JLI Defendants lack information and knowledge sufficient to form a belief as to the truth of the allegations in the second sentence of Paragraph 263 to the extent that those allegations

concern the knowledge or actions of others and therefore deny them on that basis.  The JLI Defendants otherwise deny the allegations in Paragraph 263.

264.    The JLI Defendants admit that as part of JLI's launch campaign in 2015, JLI included advertisements in Times Square, which advertisements speak for themselves.  The JLI Defendants further state that all of the individuals that appear in these advertisements are adults of legal tobacco-purchasing age.  The JLI Defendants otherwise deny the allegations in Paragraph 264.

265.    The JLI Defendants admit that part of JLI's launch campaign in 2015 included advertisements in Times Square, which advertisements speak for themselves.  The JLI Defendants further state that all of the individuals that appear in these advertisements were adults of legal tobacco-purchasing age.  To the extent a response is otherwise required, the JLI Defendants refer to the referenced documents or statements for their complete and accurate contents, and otherwise deny the allegations in Paragraph 265.

266.    To the extent that the allegations in Paragraph 266 purport to assert conclusions of law, no responsive pleading is required.  The JLI Defendants admit that JLI engaged in marketing efforts in connection with its 2015 product launch.  To the extent a response is otherwise required, the JLI Defendants deny the allegations in Paragraph 266.

267.    The JLI Defendants aver that, in 2015, JLI held experiential marketing events for age-verified adults at locations in New York.  To the extent a response is otherwise required, the JLI Defendants deny the allegations in Paragraph 267.

268.    The JLI Defendants deny the allegations in Paragraph 268.

269.    The JLI Defendants deny the allegations in Paragraph 269.

270. The JLI Defendants admit that, at JLI's initial product launch, JLI marketed its products through various platforms, including social media and age-restricted events. The JLI Defendants further admit that JLI distributed limited quantities of samples at certain age-restricted events that took place following its initial product launch in 2015 and did not charge for admission at those events. The JLI Defendants otherwise deny the allegations in Paragraph 270.

271. The JLI Defendants deny the allegations in Paragraph 271.

272. The JLI Defendants admit that JLI engaged in certain marketing efforts in connection with the product launch, including via social media, which have been discontinued. The JLI Defendants further admit that JLI distributed limited quantities of samples at certain age-restricted events that took place following its initial product launch in 2015. The JLI Defendants admit that JLI sent offers that could be redeemed on its age-verified e-commerce site for free or discounted JUUL products to certain individuals of legal purchasing age. The JLI Defendants deny any characterization of JLI's marketing efforts, and otherwise deny the allegations in Paragraph 272.

273. The JLI Defendants admit that a purpose of JUUL's influencer program was to generate awareness of the JUUL brand. To the extent that the allegations in Paragraph 273 purport to assert conclusions of law, no responsive pleading is required. The JLI Defendants otherwise deny the allegations in Paragraph 273.

274. The JLI Defendants admit that JLI sent offers that could be redeemed on its age verified e-commerce site for free or discounted JUUL products to certain individuals of legal purchasing age. The JLI Defendants otherwise deny the allegations in Paragraph 274.

275. The JLI Defendants admit that JLI sent offers that could be redeemed on its age verified e-commerce site for free or discounted JUUL products to certain individuals of legal purchasing age. The JLI Defendants otherwise deny the allegations in Paragraph 275.

276. The JLI Defendants deny the allegations in Paragraph 276.

277. The JLI Defendants deny the allegations in Paragraph 277, and specifically deny that JLI targeted underage users through marketing or otherwise.

278. The JLI Defendants deny the allegations in Paragraph 278, and specifically deny that JLI targeted underage users through marketing or otherwise.

279. The JLI Defendants deny the allegations in Paragraph 279, and specifically deny that JLI targeted underage users through marketing or otherwise.

280. The JLI Defendants deny the allegations in Paragraph 280, and specifically deny that JLI targeted underage users through marketing or otherwise.

281. The JLI Defendants admit that at the time of JUUL's launch, JLI collected names of celebrities of legal age who were known to be smokers and sent emails to the celebrities or to their managers offering each a free JUUL Starter Kit. The JLI Defendants otherwise deny the allegations in Paragraph 281.

282. The JLI Defendants admit that JLI distributed limited quantities of samples of JUUL products to individuals at certain age-gated events taking place around the time of the initial commercialization of JUUL products. The JLI Defendants otherwise deny the allegations in Paragraph 282.

283. The JLI Defendants admit that JLI distributed limited quantities of samples of JUUL products to individuals at certain age-gated events taking place around the time of the initial

commercialization of JUUL products. The JLI Defendants otherwise deny the allegations in Paragraph 283.

284. The JLI Defendants admit that JLI engaged Grit Creative Group for certain marketing activities. The JLI Defendants otherwise deny the allegations in Paragraph 284.

285. The JLI Defendants admit that JLI engaged Grit Creative Group for certain marketing activities, including providing free JUUL products to certain individuals of legal age. The JLI Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 285, and deny those allegations on that basis.

286. To the extent that the allegations in Paragraph 286 purport to assert conclusions of law, no responsive pleading is required. The JLI Defendants admit JLI provided Grit explicit instructions to conduct outreach to adult smokers or vapers for Grit's launch-related efforts. To the extent a response is otherwise required, the JLI Defendants deny the allegations in Paragraph 286.

287. To the extent that the allegations in Paragraph 287 purport to assert conclusions of law, no responsive pleading is required. To the extent a response is otherwise required, the JLI Defendants deny the allegations in Paragraph 287.

288. The JLI Defendants deny the allegations in Paragraph 288, and specifically deny that JLI targeted underage users through marketing or otherwise.

289. The JLI Defendants deny the allegations in Paragraph 289, and specifically deny that JLI targeted underage users through marketing or otherwise.

290. The JLI Defendants deny the allegations of Paragraph 290.

291.    The JLI Defendants refer to the referenced documents or statements for their complete and accurate contents, and otherwise deny the allegations in Paragraph 291 and specifically deny that JLI undertook any in-school marketing program.

292.    The JLI Defendants admit that JLI's products were available at various authorized brick-and-mortar retail stores beginning in 2015.   The JLI Defendants otherwise deny the allegations in Paragraph 292.

293.    The JLI Defendants deny the allegations in Paragraph 293.

294.    The allegations of paragraph 294 are set forth without citation.  The JLI Defendants lack information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 294 and therefore deny them on that basis.  To the extent a response is otherwise required, the JLI Defendants deny the allegations in Paragraph 294.

295.    The allegations of Paragraph 295 purport to characterize conduct by "Big Tobacco" that occurred years before JLI came into existence; the JLI Defendants lack information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 295, and therefore deny them on that basis.

296.    The JLI Defendants admit that JLI placed trade marketing materials at JUUL-authorized brick-and-mortar retailers.  The JLI Defendants otherwise deny the allegations in Paragraph 296.

297.    The JLI Defendants deny the allegations in Paragraph 297.

298.    The JLI Defendants deny the allegations in Paragraph 298.

299.    The JLI Defendants deny the allegations in Paragraph 299.

300.    The JLI Defendants deny the allegations in Paragraph 300.

301.    The JLI Defendants deny the allegations in Paragraph 301.

302.    The JLI Defendants deny the allegations in Paragraph 302.

303.    The JLI Defendants assert that the allegations of Paragraph 303 are set forth without citation.  The JLI Defendants lack information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 303 to the extent that those allegations concern the knowledge or actions of others and therefore deny them on that basis.  The JLI Defendants otherwise deny the allegations in Paragraph 303.

304.    The JLI Defendants deny the allegations in Paragraph 304.

305.    To the extent that the allegations in Paragraph 305 purport to assert conclusions of law, no responsive pleading is required.  To the extent that a response is otherwise required, the JLI Defendants deny the allegations in Paragraph 305.

306.    The JLI Defendants admit that since launch, JLI's products were available for purchase on the JLI age-gated e-commerce website to adult consumers who pass JLI's online age verification process.  The JLI Defendants otherwise deny the allegations in Paragraph 306.

307.    The JLI Defendants deny the allegations in Paragraph 307.

308.    The JLI Defendants deny the allegations in Paragraph 308.

309.    The JLI Defendants admit that JLI engaged Veratad Technologies, LLC ("Veratad") to provide age verification services for JUUL products when JLI launched juulvapor.com in 2015.  The JLI Defendants further admit that, under certain conditions and during certain periods of time, the age verification rules utilized by Veratad did not require a complete address match to verify a customer's identity (if, for example, the verification was instead based on matching the customer's full name, Social Security Number, and zip code to the public database).  The JLI Defendants assert that the allegations of Paragraph 309 are set forth without

citation and do not accurately and completely describe JLI's online age-verification procedures, and deny them on that basis. The JLI Defendants otherwise deny the allegations in Paragraph 309.

310. The JLI Defendants admit that JLI used Veratad to verify the age and identity of visitors to JLI's website from the time of the launch and undertook various efforts to prevent online sales to underage users. The JLI Defendants assert that the allegations of Paragraph 310 are set forth without citation and do not accurately and completely describe JLI's online age-verification procedures, and deny them on that basis. The JLI Defendants otherwise deny the allegations in Paragraph 310.

311. The JLI Defendants admit that JLI used Veratad to verify the age and identity of visitors to JLI's website from the time of the launch and undertook various efforts to prevent online sales to underage users. The JLI Defendants assert that the allegations of Paragraph 311 are set forth without citation and do not accurately and completely describe JLI's online age-verification procedures, and deny them on that basis. The JLI Defendants otherwise deny the allegations in Paragraph 311.

312. The JLI Defendants admit that JLI used Veratad to verify the age and identity of visitors to JLI's website from the time of the launch and undertook various efforts to prevent online sales to underage users. The JLI Defendants further admit that JLI sent Veratad a minimum purchasing age based on the customer's ship-to zip code. The JLI Defendants assert that the allegations of Paragraph 312 are set forth without citation and do not accurately and completely describe JLI's online age-verification procedures, and deny them on that basis. The JLI Defendants otherwise deny the allegations in Paragraph 312.

313. The JLI Defendants deny the allegations in Paragraph 313.

314.     The JLI Defendants admit that JLI used Veratad to verify the age and identity of visitors to JLI's website from the time of the launch and undertook various efforts to prevent online sales to underage users.   To the extent Paragraph 314 purports to characterize articles and statements, the JLI Defendants refer to the referenced documents or statements for their complete and accurate contents.   The JLI Defendants otherwise deny the allegations of Paragraph 314.

315.     The JLI Defendants deny the allegations in Paragraph 315.

316.     The JLI Defendants admit that from the launch of JUUL products in June 2015 to November 2016, JLI required an adult signature for the delivery of JUUL products purchased by age-verified consumers from its age-gated e-commerce site.   The JLI Defendants further aver that beginning in November 2016, for states which did not otherwise require a signature by law, JLI offered the requirement of an adult signature upon delivery as an optional feature for online purchases.   The JLI Defendants further admit that JLI undertook various efforts to prevent online sales to underage users on its website.   The JLI Defendants otherwise deny the allegations in Paragraph 316.

317.     The JLI Defendants admit that JLI undertook various efforts to prevent online sales to underage users on its website.   The JLI Defendants otherwise deny the allegations in Paragraph 317.

318.     The JLI Defendants deny the allegations in Paragraph 318.

319.     To the extent that the allegations in Paragraph 319 purport to assert conclusions of law, no responsive pleading is required.   To the extent that a response is otherwise required, the JLI Defendants deny the allegations in Paragraph 319.

320. The JLI Defendants lack information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 320 and therefore deny them on that basis, except refer to the referenced documents or statements for their complete and accurate contents.

321. The JLI Defendants lack information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 321 and therefore deny them on that basis, except refer to the referenced documents or statements for their complete and accurate contents. The JLI Defendants otherwise deny the allegations in Paragraph 321.

322. The JLI Defendants lack information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 322 and therefore deny them on that basis, except refer to the referenced documents or statements for their complete and accurate contents. The JLI Defendants otherwise deny the allegations in Paragraph 322.

323. The JLI Defendants lack information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 323 and therefore deny them on that basis, except refer to the referenced documents or statements for their complete and accurate contents.

324. The JLI Defendants deny the allegations in Paragraph 324.

325. The JLI Defendants refer to the referenced documents or statements for their complete and accurate contents, and otherwise deny the allegations in Paragraph 325.

326. The JLI Defendants refer to the referenced documents or statements for their complete and accurate contents, and otherwise deny the allegations in Paragraph 326.

327. The JLI Defendants refer to the referenced documents or statements for their complete and accurate contents, and otherwise deny the allegations in Paragraph 327.

328. The JLI Defendants assert that the allegations of Paragraph 328 are set forth without citation. The JLI Defendants deny the allegations in Paragraph 328.

329.     The JLI Defendants assert that the allegations of Paragraph 329 are set forth without citation.  The JLI Defendants deny the allegations in Paragraph 329.

330.     To the extent that the allegations in Paragraph 330 are directed to other Defendants, no responsive pleading is required.  To the extent a responsive pleading is otherwise required, the JLI Defendants lack information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 330 to the extent that those allegations concern the knowledge or actions of others and therefore deny them on that basis.

331.     To the extent that the allegations in Paragraph 331 are directed to other Defendants, no responsive pleading is required.  The JLI Defendants assert that the allegations of Paragraph 331 are set forth without citation.  To the extent a response is otherwise required, the JLI Defendants lack information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 331 and therefore deny them on that basis.

332.     To the extent that the allegations in Paragraph 332 are directed to other Defendants, no responsive pleading is required.  The JLI Defendants assert that the allegations of Paragraph 332 are set forth without citation.  To the extent a responsive pleading is otherwise required, the JLI Defendants lack information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 332 to the extent that those allegations concern the knowledge or actions of others and therefore deny them on that basis.

333.     To the extent that the allegations in Paragraph 333 are directed to other Defendants, no responsive pleading is required.  The JLI Defendants assert that the allegations of Paragraph 333 are set forth without citation.  To the extent a responsive pleading is otherwise required, the JLI Defendants lack information and knowledge sufficient to form a belief as to the truth of the

allegations in Paragraph 333 to the extent that those allegations concern the knowledge or actions of others and therefore deny them on that basis.

334. To the extent that the allegations in Paragraph 334 are directed to other Defendants, no responsive pleading is required. To the extent a responsive pleading is otherwise required, the JLI Defendants lack information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 334 to the extent that those allegations concern the knowledge or actions of others and therefore deny them on that basis.

335. To the extent that the allegations in Paragraph 335 are directed to other Defendants, no responsive pleading is required. The JLI Defendants assert that the allegations of Paragraph 335 are set forth without citation. To the extent a responsive pleading is otherwise required, the JLI Defendants lack information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 335 to the extent that those allegations concern the knowledge or actions of others and therefore deny them on that basis.

336. To the extent that the allegations in Paragraph 336 are directed to other Defendants, no responsive pleading is required. To the extent a responsive pleading is otherwise required, the JLI Defendants lack information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 336 to the extent that those allegations concern the knowledge or actions of others and therefore deny them on that basis.

337. To the extent that the allegations in Paragraph 337 are directed to other Defendants, no responsive pleading is required. The JLI Defendants assert that the allegations of Paragraph 337 are set forth without citation. To the extent allegations in Paragraph 337 purport to characterize portions of a settlement to which JLI was not a party and which was executed years before JLI came into existence, the JLI Defendants lack information and knowledge sufficient to

form a belief as to the truth of the allegations in the second and third sentences of Paragraph 337, and therefore deny them on that basis. The JLI Defendants otherwise deny the allegations in Paragraph 337.

338. To the extent that the allegations in Paragraph 338 are directed to other Defendants, no responsive pleading is required. The JLI Defendants assert that the allegations of Paragraph 338 are set forth without citation. To the extent a responsive pleading is otherwise required, the JLI Defendants lack information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 338 and therefore deny them on that basis, except refer to the referenced documents or statements for their complete and accurate contents.

339. To the extent that the allegations in Paragraph 339 are directed to other Defendants, no responsive pleading is required. The JLI Defendants assert that the allegations of Paragraph 339 are set forth without citation. To the extent a responsive pleading is otherwise required, the JLI Defendants lack information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 339, and therefore deny them on that basis, except refer to the referenced documents or statements for their complete and accurate contents.

340. To the extent that the allegations in Paragraph 340 are directed to other Defendants, no responsive pleading is required. The JLI Defendants assert that the allegations of Paragraph 340 are set forth without citation. To the extent a responsive pleading is otherwise required, the JLI Defendants lack information and knowledge sufficient to form a belief as to the truth of the allegations and therefore deny them on that basis.

341. To the extent that the allegations in Paragraph 341 are directed to other Defendants, no responsive pleading is required. The JLI Defendants assert that the allegations of Paragraph 340 are set forth without citation. To the extent that the allegations in Paragraph 341 purport to

characterize an announcement from the FDA, the JLI Defendants refer to the referenced announcement for its complete and accurate contents. The JLI Defendants otherwise deny the allegations in Paragraph 341.

342. To the extent that the allegations in Paragraph 342 are directed to other Defendants, no responsive pleading is required. To the extent a responsive pleading is otherwise required, the JLI Defendants lack information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 342, and therefore deny them on that basis.

343. To the extent that the allegations in Paragraph 343 are directed to other Defendants, no responsive pleading is required. To the extent a responsive pleading is otherwise required, the JLI Defendants lack information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 343 to the extent that those allegations concern the knowledge or actions of others and therefore deny them on that basis.

344. To the extent that the allegations in Paragraph 344 are directed to other Defendants, no responsive pleading is required. To the extent a responsive pleading is otherwise required, the JLI Defendants lack information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 344 to the extent that those allegations concern the knowledge or actions of others and therefore deny them on that basis.

345. To the extent that the allegations in Paragraph 345 are directed to other Defendants, no responsive pleading is required. To the extent a responsive pleading is otherwise required, the JLI Defendants lack information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 345 to the extent that those allegations concern the knowledge or actions of others and therefore deny them on that basis.

346.   To the extent that the allegations in Paragraph 346 are directed to other Defendants, no responsive pleading is required.  To the extent a responsive pleading is otherwise required, the JLI Defendants lack information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 346 to the extent that those allegations concern the knowledge or actions of others, except refer to the referenced documents or statements for their complete and accurate contents.

347.   To the extent that the allegations in Paragraph 347 are directed to other Defendants, no responsive pleading is required.  The JLI Defendants admit that Messrs. Pritzker, Valani, and Burns were involved in discussions with Altria representatives regarding an Altria investment in JLI's business.  To the extent a responsive pleading is otherwise required, the JLI Defendants lack information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 347 to the extent that those allegations concern the knowledge or actions of others, except refer to the referenced documents or statements for their complete and accurate contents.

348.   To the extent that the allegations in Paragraph 348 are directed to other Defendants, no responsive pleading is required.  To the extent a responsive pleading is otherwise required, the JLI Defendants lack information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 348 to the extent that those allegations concern the knowledge or actions of others and therefore deny them on that basis.

349.   To the extent that the allegations in Paragraph 349 are directed to other Defendants, no responsive pleading is required.  To the extent a responsive pleading is otherwise required, the JLI Defendants lack information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 349 to the extent that those allegations concern the knowledge or actions of others and therefore deny them on that basis.

350. To the extent that the allegations in Paragraph 350 are directed to other Defendants, no responsive pleading is required. To the extent a responsive pleading is otherwise required, the JLI Defendants lack information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 350 to the extent that those allegations concern the knowledge or actions of others and therefore deny them on that basis.

351. To the extent that the allegations in Paragraph 351 are directed to other Defendants, no responsive pleading is required. To the extent a responsive pleading is otherwise required, the JLI Defendants lack information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 351 to the extent that those allegations concern the knowledge or actions of others and therefore deny them on that basis.

352. To the extent that the allegations in Paragraph 352 are directed to other Defendants, no responsive pleading is required. To the extent a responsive pleading is otherwise required, the JLI Defendants lack information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 352 to the extent that those allegations concern the knowledge or actions of others and therefore deny them on that basis.

353. To the extent that the allegations in Paragraph 353 are directed to other Defendants, no responsive pleading is required. To the extent a responsive pleading is otherwise required, the JLI Defendants lack information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 353 to the extent that those allegations concern the knowledge or actions of others and therefore deny them on that basis.

354. To the extent that the allegations in Paragraph 354 are directed to other Defendants, no responsive pleading is required. To the extent a responsive pleading is otherwise required, the JLI Defendants lack information and knowledge sufficient to form a belief as to the truth of the

allegations in Paragraph 354 to the extent that those allegations concern the knowledge or actions of others and therefore deny them on that basis.

355. To the extent that the allegations in Paragraph 355 are directed to other Defendants, no responsive pleading is required. To the extent a responsive pleading is otherwise required, the JLI Defendants lack information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 355 to the extent that those allegations concern the knowledge or actions of others and therefore deny them on that basis.

356. To the extent that the allegations in Paragraph 356 are directed to other Defendants, no responsive pleading is required. To the extent a responsive pleading is otherwise required, the JLI Defendants lack information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 356 to the extent that those allegations concern the knowledge or actions of others and therefore deny them on that basis.

357. To the extent that the allegations in Paragraph 357 are directed to other Defendants, no responsive pleading is required. To the extent a responsive pleading is otherwise required, the JLI Defendants lack information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 357 to the extent that those allegations concern the knowledge or actions of others and therefore deny them on that basis.

358. To the extent that the allegations in Paragraph 358 are directed to other Defendants, no responsive pleading is required. To the extent a responsive pleading is otherwise required, the JLI Defendnats lack information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 358 to the extent that those allegations concern the knowledge or actions of others and therefore deny them on that basis.

359.    To the extent that the allegations in Paragraph 359 are directed to other Defendants, no responsive pleading is required.  To the extent a responsive pleading is otherwise required, the JLI Defendants lack information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 359 to the extent that those allegations concern the knowledge or actions of others and therefore deny them on that basis.

360.    To the extent that the allegations in Paragraph 360 are directed to other Defendants, no responsive pleading is required.  To the extent allegations in Paragraph 360 purport to characterize portions of a settlement to which JLI was not a party and which was executed years before JLI came into existence, the JLI Defendants lack information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 360.  The JLI Defendants otherwise deny the allegations in Paragraph 360.

361.    To the extent that the allegations in Paragraph 361 are directed to other Defendants, no responsive pleading is required.  To the extent a responsive pleading is otherwise required, the JLI Defendants lack information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 361 to the extent that those allegations concern the knowledge or actions of others and therefore deny them on that basis.

362.    To the extent that the allegations in Paragraph 362 are directed to other Defendants, no responsive pleading is required.  The JLI Defendants admit that JLI marketed its products through various platforms, including on social media and that they maintain one corporate Instagram account.  The JLI Defendants otherwise deny the allegations in Paragraph 362.

363.    To the extent that the allegations in Paragraph 363 are directed to other Defendants, no responsive pleading is required.  To the extent a responsive pleading is otherwise required, the JLI Defendants lack information and knowledge sufficient to form a belief as to the truth of the

allegations in Paragraph 363 to the extent that those allegations concern the knowledge or actions of others and therefore deny them on that basis.

364.     To the extent that the allegations in Paragraph 364 are directed to other Defendants, no responsive pleading is required.  To the extent a responsive pleading is otherwise required, the JLI Defendants lack information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 364 to the extent that those allegations concern the knowledge or actions of others and therefore deny them on that basis.

365.     To the extent that the allegations in Paragraph 365 are directed to other Defendants, no responsive pleading is required.  To the extent a responsive pleading is otherwise required, the JLI Defendants lack information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 365 to the extent that those allegations concern the knowledge or actions of others and therefore deny them on that basis.

366.     To the extent that the allegations in Paragraph 366 are directed to other Defendants, no responsive pleading is required.  To the extent a responsive pleading is otherwise required, the JLI Defendants lack information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 366 to the extent that those allegations concern the knowledge or actions of others and therefore deny them on that basis.

367.     To the extent that the allegations in Paragraph 367 are directed to other Defendants, no responsive pleading is required.  To the extent a responsive pleading is otherwise required, the JLI Defendants lack information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 367 to the extent that those allegations concern the knowledge or actions of others and therefore deny them on that basis.

368.   To the extent that the allegations in Paragraph 368 are directed to other Defendants, no responsive pleading is required.  To the extent a responsive pleading is otherwise required, the JLI Defendants lack information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 368 to the extent that those allegations concern the knowledge or actions of others and therefore deny them on that basis.

369.   To the extent that the allegations in Paragraph 369 are directed to other Defendants, no responsive pleading is required.  To the extent a responsive pleading is otherwise required, the JLI Defendants lack information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 369 to the extent that those allegations concern the knowledge or actions of others and therefore deny them on that basis.

370.   To the extent that the allegations in Paragraph 370 are directed to other Defendants, no responsive pleading is required.  To the extent a responsive pleading is otherwise required, the JLI Defendants lack information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 370 to the extent that those allegations concern the knowledge or actions of others and therefore deny them on that basis.

371.   To the extent that the allegations in Paragraph 371 are directed to other Defendants, no responsive pleading is required.  To the extent a responsive pleading is otherwise required, the JLI Defendants lack information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 371 to the extent that those allegations concern the knowledge or actions of others and therefore deny them on that basis.  The JLI Defendants otherwise deny the allegations in Paragraph 371.

372.   To the extent that the allegations in Paragraph 372 are directed to other Defendants, no responsive pleading is required.  To the extent a responsive pleading is otherwise required, the

JLI Defendants lack information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 372 to the extent that those allegations concern the knowledge or actions of others and therefore deny them on that basis.

373.    To the extent that the allegations in Paragraph 373 are directed to other Defendants, no responsive pleading is required.  To the extent a responsive pleading is otherwise required, the JLI Defendants lack information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 373 to the extent that those allegations concern the knowledge or actions of others and therefore deny them on that basis.

374.    To the extent that the allegations in Paragraph 374 are directed to other Defendants, no responsive pleading is required.  To the extent a responsive pleading is otherwise required, the JLI Defendants lack information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 374 to the extent that those allegations concern the knowledge or actions of others and therefore deny them on that basis.

375.    To the extent that the allegations in Paragraph 375 are directed to other Defendants, no responsive pleading is required.  To the extent a responsive pleading is otherwise required, the JLI Defendants lack information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 375 to the extent that those allegations concern the knowledge or actions of others and therefore deny them on that basis.

376.    To the extent that the allegations in Paragraph 376 are directed to other Defendants, no responsive pleading is required.  To the extent a responsive pleading is otherwise required, the JLI Defendants lack information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 376 to the extent that those allegations concern the knowledge or actions of others and therefore deny them on that basis.

377. To the extent that the allegations in Paragraph 377 are directed to other Defendants, no responsive pleading is required. To the extent a responsive pleading is otherwise required, the JLI Defendants lack information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 377 to the extent that those allegations concern the knowledge or actions of others and therefore deny them on that basis.

378. To the extent that the allegations in Paragraph 378 are directed to other Defendants, no responsive pleading is required. To the extent a responsive pleading is otherwise required, the JLI Defendants lack information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 378 to the extent that those allegations concern the knowledge or actions of others and therefore deny them on that basis.

379. To the extent that the allegations in Paragraph 379 are directed to other Defendants, no responsive pleading is required. To the extent a responsive pleading is otherwise required, the JLI Defendants lack information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 379 to the extent that those allegations concern the knowledge or actions of others and therefore deny them on that basis.

380. To the extent that the allegations in Paragraph 380 are directed to other Defendants, no responsive pleading is required. To the extent a responsive pleading is otherwise required, the JLI Defendants lack information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 380 to the extent that those allegations concern the knowledge or actions of others and therefore deny them on that basis.

381. To the extent that the allegations in Paragraph 381 are directed to other Defendants, no responsive pleading is required. To the extent a responsive pleading is otherwise required, the JLI Defendants lack information and knowledge sufficient to form a belief as to the truth of the

allegations in Paragraph 381 to the extent that those allegations concern the knowledge or actions of others and therefore deny them on that basis.

382.    To the extent that the allegations in Paragraph 382 are directed to other Defendants, no responsive pleading is required.  To the extent a responsive pleading is otherwise required, the JLI Defendants lack information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 382 to the extent that those allegations concern the knowledge or actions of others and therefore deny them on that basis.

383.    To the extent that the allegations in Paragraph 383 are directed to other Defendants, no responsive pleading is required.  To the extent a responsive pleading is otherwise required, the JLI Defendants lack information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 383 to the extent that those allegations concern the knowledge or actions of others and therefore deny them on that basis.

384.    To the extent that the allegations in Paragraph 384 are directed to other Defendants, no responsive pleading is required.  To the extent a responsive pleading is otherwise required, the JLI Defendants lack information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 384 to the extent that those allegations concern the knowledge or actions of others and therefore deny them on that basis.

385.    To the extent that the allegations in Paragraph 385 are directed to other Defendants, no responsive pleading is required.  The JLI Defendants admit that, in December 2018, Altria closed a $12.8 billion investment in JLI's business, representing a 35% economic interest in the company.  To the extent a responsive pleading is otherwise required, the JLI Defendants lack information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph

385 to the extent that those allegations concern the knowledge or actions of others and therefore deny them on that basis.

386. To the extent that the allegations in Paragraph 386 are directed to other Defendants, no responsive pleading is required. The JLI Defendants refer to the Services Agreement and Amended Services Agreement for a more complete and accurate statement of its contents. To the extent that the allegations of Paragraph 386 are inconsistent with the Services Agreement and Amended Services Agreement, the JLI Defendants deny such allegations. To the extent a responsive pleading is otherwise required, the JLI Defendants deny the allegations in Paragraph 386.

387. To the extent that the allegations in Paragraph 387 are directed to other Defendants, no responsive pleading is required. To the extent a responsive pleading is otherwise required, the JLI Defendants deny the allegations in Paragraph 387.

388. To the extent that the allegations in Paragraph 388 are directed to other Defendants, no responsive pleading is required. To the extent a responsive pleading is otherwise required, the JLI Defendants deny the allegations in Paragraph 388.

389. The JLI Defendants admit that JLI and the FDA had a meeting on August 2, 2018. The JLI Defendants otherwise deny the allegations in Paragraph 389.

390. The JLI Defendants refer to the referenced and quoted articles and statements for their complete and accurate contents, and otherwise deny the allegations in Paragraph 390.

391. To the extent that the allegations in Paragraph 391 are directed to other Defendants, no responsive pleading is required. To the extent a responsive pleading is otherwise required, the JLI Defendants deny the allegations in Paragraph 391.

392.    To the extent that the allegations in Paragraph 392 purport to assert conclusions of law, no responsive pleading is required.  The JLI Defendants assert that the allegations of Paragraph 392 are set forth without citation.  To the extent a responsive pleading is otherwise required, the JLI Defendants lack information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 392 and therefore deny them on that basis.

393.    To the extent that the allegations in Paragraph 393 are directed to other Defendants, no responsive pleading is required.  To the extent a responsive pleading is otherwise required, the JLI Defendants deny that then-FDA Commissioner Scott Gottlieb sent JLI a letter on September 25, 2018.  The JLI Defendants refer to the referenced documents or statements for their complete and accurate contents, and otherwise deny the allegations in Paragraph 393.

394.    To the extent that the allegations in Paragraph 394 purport to assert conclusions of law or are directed to other Defendants, no responsive pleading is required.  To the extent a responsive pleading is otherwise required, the JLI Defendants lack information and knowledge sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 394 to the extent that those allegations concern the knowledge or actions of others and therefore deny them on that basis.  The JLI Defendants otherwise deny the allegations in Paragraph 394.

395.    The JLI Defendants deny the allegations in Paragraph 395.

396.    The JLI Defendants admit that, in November 2018, JLI announced the JUUL Labs Action Plan and that JLI held a meeting with the FDA in October 2018.  The JLI Defendants further admit that the JUUL Labs Action Plan included: (1) ceasing distribution of JUULpods in Mango, Fruit, Creme, and Cucumber flavors to distributors for retail resale; (2) updating its social media use, including by shutting down its U.S.-based social media accounts on Facebook and Instagram; (3) confining its presence on Twitter to non-promotional communications only and

limiting its YouTube account to testimonials of former adult smokers; (4) adding additional age verification measures to an already sophisticated 21+ online sales system; and (5) developing end-to-end traceability to track JUUL products. To the extent a response is otherwise required, the JLI Defendants refer to the referenced documents or statements for their complete and accurate contents, and specifically deny that JLI attempted to "deceive the FDA." The JLI Defendants otherwise deny allegations in Paragraph 396.

397. To the extent the allegations in Paragraph 397 purport to characterize an announcement from JLI, the JLI Defendants refer to the referenced announcement for its complete and accurate contents, and otherwise deny the allegations in Paragraph 397.

398. To the extent that the allegations in Paragraph 398 purport to assert conclusions of law, no responsive pleading is required. To the extent a responsive pleading is otherwise required, the JLI Defendants deny the allegations in Paragraph 398.

399. The JLI Defendants deny the allegations in Paragraph 399.

400. To the extent that the allegations in Paragraph 400 purport to assert conclusions of law, no responsive pleading is required. To the extent a responsive pleading is otherwise required, the JLI Defendants deny the allegations in Paragraph 400.

401. To the extent that the allegations in Paragraph 401 purport to assert conclusions of law or are directed to other Defendants, no responsive pleading is required. To the extent a responsive pleading is otherwise required, the JLI Defendants lack information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 401 to the extent that those allegations concern the knowledge or actions of others and therefore deny them on that basis. The JLI Defendants refer to the referenced documents and statements for their complete and accurate contents, and otherwise deny the allegations in Paragraph 401.

402.   To the extent that the allegations in Paragraph 402 purport to assert conclusions of law or are directed to other Defendants, no responsive pleading is required. To the extent a responsive pleading is otherwise required, the JLI Defendants lack information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 402 to the extent that those allegations concern the knowledge or actions of others and therefore deny them on that basis.

403.   To the extent that the allegations in Paragraph 403 are directed to other Defendants, no responsive pleading is required. To the extent a responsive pleading is otherwise required, the JLI Defendants lack information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 403 to the extent that those allegations concern the knowledge or actions of others and therefore deny them on that basis.

404.   To the extent that the allegations in Paragraph 404 are directed to other Defendants, no responsive pleading is required. To the extent a responsive pleading is otherwise required, the JLI Defendants lack information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 404 to the extent that those allegations concern the knowledge or actions of others and therefore deny them on that basis.

405.   To the extent that the allegations in Paragraph 405 are directed to other Defendants, no responsive pleading is required. To the extent a responsive pleading is otherwise required, the JLI Defendants deny the allegations in the first sentence of Paragraph 405. The JLI Defendants refer to the referenced Federal Trade Commission Complaint for its complete and accurate contents, and otherwise deny the allegations in Paragraph 405.

406.   To the extent that the allegations in Paragraph 406 are directed to other Defendants, no responsive pleading is required. To the extent a responsive pleading is otherwise required, the JLI Defendants deny the allegations in Paragraph 406.

407.    To the extent that the allegations in Paragraph 407 are directed to other Defendants, no responsive pleading is required.  To the extent a responsive pleading is otherwise required, the JLI Defendants deny the allegations in Paragraph 407.

408.    To the extent that the allegations in Paragraph 408 are directed to other Defendants, no responsive pleading is required.  The JLI Defendants admit that K.C. Crosthwaite is the current CEO of JLI and was the Vice President of Strategy and Business Development of Altria Client Services in the Spring of 2017.  To the extent a responsive pleading is otherwise required, the JLI Defendants lack information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 408 to the extent that those allegations concern the knowledge or actions of others and therefore deny them on that basis.

409.    To the extent that the allegations in Paragraph 409 are directed to other Defendants, no responsive pleading is required.  To the extent a responsive pleading is otherwise required, the JLI Defendants lack information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 409 to the extent that those allegations concern the knowledge or actions of others and therefore deny them on that basis.

410.    To the extent that the allegations in Paragraph 410 purport to assert conclusions of law or are directed to other Defendants, no responsive pleading is required.  The JLI Defendants assert that the allegations of Paragraph 410 are set forth without citation.  To the extent a responsive pleading is otherwise required, the JLI Defendants deny the allegations in Paragraph 410.

411.    To the extent that the allegations in Paragraph 411 purport to assert conclusions of law or are directed to other Defendants, no responsive pleading is required.  The JLI Defendants assert that the allegations of Paragraph 411 are set forth without citation.  To the extent a responsive pleading is otherwise required, the JLI Defendants deny the allegations in Paragraph 411.

412.     To the extent that the allegations in Paragraph 412 purport to assert conclusions of law or are directed to other Defendants, no responsive pleading is required.  To the extent a responsive pleading is otherwise required, the JLI Defendants refer to the referenced documents and statements for their complete and accurate contents, and specifically deny that they attempted to "deceive" the FDA.  The JLI Defendants otherwise deny the allegations in Paragraph 412.

413.     To the extent that the allegations in Paragraph 413 are directed to other Defendants, no responsive pleading is required.  The JLI Defendants assert that the allegations of Paragraph 413 are set forth without citation.  To the extent a responsive pleading is otherwise required, the JLI Defendants refer to the referenced documents and statements for their complete and accurate contents, and otherwise deny the allegations in Paragraph 413.

414.     The JLI Defendants admit that representatives from JLI and Altria met with Commissioner Gottlieb in March 2019, and refer to the referenced documents and statements for their complete and accurate contents.  The JLI Defendants otherwise deny the allegations in Paragraph 414.

415.     The JLI Defendants refer to the referenced documents or statements for their complete and accurate contents, and otherwise deny the allegations in Paragraph 415.

416.     To the extent that the allegations in the first and fourth sentences of Paragraph 416 purport to assert conclusions of law, no responsive pleading is required.  The JLI Defendants admit that JLI suspended the sales and distribution of Mint JUULpods through all JLI-controlled channels in the U.S. in November 2019.  The JLI Defendants otherwise deny the allegations in Paragraph 416.

417.   To the extent that the allegations in Paragraph 417 purport to characterize particular documents or statements, the JLI Defendants refer to the referenced documents and statements for their complete and accurate contents, and otherwise deny the allegations in Paragraph 417.

418.   To the extent that the allegations in Paragraph 418 purport to characterize particular documents or statements, the JLI Defendants refer to the referenced documents or statements for their complete and accurate contents.   The JLI Defendants lack information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 418 and therefore deny them on that basis to the extent that those allegations concern the knowledge or actions of others. The JLI Defendants otherwise deny the allegations in Paragraph 418.

419.   The JLI Defendants lack information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 419 and therefore deny them on that basis to the extent that those allegations concern the knowledge or actions of others, except refer to the referenced documents or statements for their complete and accurate contents.   The JLI Defendants otherwise deny these allegations in Paragraph 419.

420.   To the extent the allegations in Paragraph 420 purport to characterize particular documents or statements, the JLI Defendants refer to the referenced documents or statements for their complete and accurate contents.   The JLI Defendants lack information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 420, and therefore deny them on that basis.

421.   To the extent the allegations in Paragraph 421 purport to characterize particular documents or statements, the JLI Defendants refer to the referenced documents or statements for their complete and accurate contents.   The JLI Defendants lack information and knowledge

sufficient to form a belief as to the truth of the allegations in Paragraph 421, and therefore deny them on that basis.

422.    To the extent that the allegations in Paragraph 422 purport to characterize particular documents or statements, the JLI Defendants refer to the referenced documents or statements for their complete and accurate contents.  The JLI Defendants lack information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 422, and therefore deny them on that basis.

423.    To the extent that the allegations in Paragraph 423 purport to characterize particular documents or statements, the JLI Defendants refer to the referenced documents or statements for their complete and accurate contents.  The JLI Defendants lack information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 423, and therefore deny them on that basis.

424.    To the extent that the allegations in Paragraph 424 purport to characterize particular documents or statements, the JLI Defendants refer to the referenced documents or statements for their complete and accurate contents.  The JLI Defendants lack information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 424, and therefore deny them on that basis.

425.    The JLI Defendants assert that the allegations of Paragraph 425 are set forth without citation.  To the extent a responsive pleading is otherwise required, the JLI Defendants lack information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 425, and therefore deny them on that basis.

426.    To the extent that the allegations in Paragraph 426 purport to characterize particular documents or statements, the JLI Defendants refer to the referenced documents or statements for

their complete and accurate contents. The JLI Defendants lack information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 426 to the extent that those allegations concern the knowledge or actions of others, and therefore deny them on that basis.

427. To the extent that the allegations in Paragraph 427 purport to characterize particular documents or statements, the JLI Defendants refer to the referenced documents or statements for their complete and accurate contents. The JLI Defendants lack information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 427 to the extent that those allegations concern the knowledge or actions of others, and therefore deny them on that basis.

428. To the extent that the allegations in Paragraph 428 purport to characterize particular documents or statements, the JLI Defendants refer to the referenced documents or statements for their complete and accurate contents. The JLI Defendants lack information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 428 to the extent that those allegations concern the knowledge or actions of others, and therefore deny them on that basis.

429. To the extent that the allegations in Paragraph 429 purport to characterize particular documents or statements, the JLI Defendants refer to the referenced documents or statements for their complete and accurate contents. The JLI Defendants lack information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 429 to the extent that those allegations concern the knowledge or actions of others, and therefore deny them on that basis.

430. To the extent that the allegations in Paragraph 430 purport to characterize particular documents or statements, the JLI Defendants refer to the referenced documents or statements for their complete and accurate contents. The JLI Defendants lack information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 430 to the extent that those allegations concern the knowledge or actions of others, and therefore deny them on that basis.

431.     To the extent that the allegations in Paragraph 431 purport to characterize particular documents or statements, the JLI Defendants refer to the referenced documents or statements for their complete and accurate contents.  The JLI Defendants lack information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 431, and therefore deny them on that basis.

432.     The JLI Defendants assert that the allegations of Paragraph 432 are set forth without citation.  The JLI Defendants lack information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 432 and therefore deny them on that basis.

433.     The JLI Defendants assert that the allegations of Paragraph 433 are set forth without citation.  The JLI Defendants lack information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 433, except refer to the referenced CDC treatment guidelines for their complete and accurate contents.  The JLI Defendants otherwise deny the allegations in Paragraph 433.

434.     To the extent that the allegations in Paragraph 434 purport to characterize particular documents or statements, the JLI Defendants refer to the referenced documents or statements for their complete and accurate contents.  To the extent a responsive pleading is otherwise required, the JLI Defendants lack information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 434, and therefore deny them on that basis.

435.     To the extent that the allegations in Paragraph 435 purport to characterize particular documents or statements, the JLI Defendants refer to the referenced documents or statements for their complete and accurate contents.  To the extent a responsive pleading is otherwise required, the JLI Defendants lack information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 435, and therefore deny them on that basis.

436.    To the extent that the allegations in Paragraph 436 purport to characterize particular documents or statements, the JLI Defendants refer to the referenced documents or statements for their complete and accurate contents.  To the extent a responsive pleading is otherwise required, the JLI Defendants lack information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 436, and therefore deny them on that basis.

437.    To the extent that the allegations in Paragraph 437 purport to characterize particular documents or statements, the JLI Defendants refer to the referenced documents or statements for their complete and accurate contents.  To the extent a responsive pleading is otherwise required, the JLI Defendants lack information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 437, and therefore deny them on that basis.

438.    The JLI Defendants assert that the allegations of Paragraph 438 are set forth without citation.  The JLI Defendants lack information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 438 and therefore deny them on that basis.

439.    To the extent that the allegations in Paragraph 439 are directed to other Defendants, no responsive pleading is required.  The JLI Defendants assert that the allegations of Paragraph 439 are set forth without citation.  To the extent a responsive pleading is otherwise required, the JLI Defendants lack information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 439 and therefore deny them on that basis.

440.    The JLI Defendants assert that the allegations of Paragraph 440 are set forth without citation.  To the extent that the allegations in Paragraph 440 purport to assert conclusions of law, no responsive pleading is required.  To the extent a responsive pleading is otherwise required, the JLI Defendants deny these allegations in Paragraph 440.

441.    To the extent that the allegations in Paragraph 441 purport to characterize particular documents or statements, the JLI Defendants refer to the referenced documents or statements for their complete and accurate contents.  To the extent a responsive pleading is otherwise required, the JLI Defendants deny the allegations in Paragraph 441.

442.    To the extent that the allegations in Paragraph 442 purport to characterize particular documents or statements, the JLI Defendants refer to the referenced documents or statements for their complete and accurate contents.  To the extent a responsive pleading is otherwise required, the JLI Defendants lack information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 442 to the extent that those allegations concern the knowledge or actions of others and therefore deny them on that basis.

443.    To the extent that the allegations in Paragraph 443 purport to characterize particular documents or statements, the JLI Defendants refer to the referenced documents or statements for their complete and accurate contents.  To the extent a responsive pleading is otherwise required, the JLI Defendants lack information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 443 to the extent that those allegations concern the knowledge or actions of others and therefore deny them on that basis.

444.    To the extent that the allegations in Paragraph 444 purport to characterize particular documents or statements, the JLI Defendants refer to the referenced documents or statements for their complete and accurate contents.  To the extent a responsive pleading is otherwise required, the JLI Defendants lack information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 444 to the extent that those allegations concern the knowledge or actions of others and therefore deny them on that basis.

445.    To the extent that the allegations in Paragraph 445 purport to characterize particular documents or statements, the JLI Defendants refer to the referenced documents or statements for their complete and accurate contents.  To the extent a responsive pleading is otherwise required, the JLI Defendants lack information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 445 to the extent that those allegations concern the knowledge or actions of others and therefore deny them on that basis.

446.    To the extent that the allegations in Paragraph 446 purport to characterize particular documents or statements, the JLI Defendants refer to the referenced documents or statements for their complete and accurate contents.  To the extent a responsive pleading is otherwise required, the JLI Defendants lack information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 446 to the extent that those allegations concern the knowledge or actions of others and therefore deny them on that basis.

447.    The JLI Defendants assert that the allegations of Paragraph 447 are set forth without citation.  To the extent a responsive pleading is otherwise required, the JLI Defendants lack information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 447 to the extent that those allegations concern the knowledge or actions of others and therefore deny them on that basis.

448.    To the extent that the allegations in Paragraph 448 purport to characterize an announcement from the FDA, the JLI Defendants refer to the referenced announcement for its complete and accurate contents.  The JLI Defendants otherwise deny the allegations in Paragraph 448.

449.    To the extent that the allegations in Paragraph 449 purport to characterize particular documents or statements, the JLI Defendants refer to the referenced documents or statements for

their complete and accurate contents.  To the extent a responsive pleading is otherwise required, the JLI Defendants lack information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 449 to the extent that those allegations concern the knowledge or actions of others and therefore deny them on that basis.

450.    The JLI Defendants assert that the allegations of Paragraph 450 are set forth without citation.  To the extent that the allegations in the second and third sentences of Paragraph 450 purport to assert conclusions of law, no responsive pleading is required.  To the extent a response is otherwise required, the JLI Defendants deny the allegations in Paragraph 450.

451.    The JLI Defendants assert that the allegations of Paragraph 451 are set forth without citation.  The JLI Defendants lack information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 451 and therefore deny them on that basis.

452.    To the extent that the allegations in Paragraph 452 purport to characterize particular documents or statements, the JLI Defendants refer to the referenced documents or statements for their complete and accurate contents.  To the extent a responsive pleading is otherwise required, the JLI Defendants lack information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 452 to the extent that those allegations concern the knowledge or actions of others and therefore deny them on that basis.

453.    The JLI Defendants assert that the allegations of Paragraph 453 are set forth without citation.  The JLI Defendants lack information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 453 and therefore deny them on that basis, except refer to the referenced documents or statements for their complete and accurate contents.  The JLI Defendants otherwise deny the allegations in Paragraph 453.

454.    To the extent that the allegations in Paragraph 454 contain a characterization of the claims in this Action, no responsive pleading is required.  The JLI Defendants assert that the allegations of Paragraph 454 are set forth without citation.  The JLI Defendants admit that, in December 2018, Altria closed a $12.8 billion investment in JLI's business, representing a 35% economic interest in the company.  To extent a responsive pleading is otherwise required, the JLI Defendants deny the allegations in Paragraph 454.

455.    To the extent that the allegations in Paragraph 455 purport to assert conclusions of law, no responsive pleading is required.  The JLI Defendants assert that the allegations of Paragraph 455 are set forth without citation.  To the extent that a responsive pleading is otherwise required, the JLI Defendants deny the allegations in Paragraph 455.

456.    To the extent that the allegations in Paragraph 456 are directed to other Defendants, no responsive pleading is required.  The JLI Defendants assert that the allegations of Paragraph 456 are set forth without citation.  To the extent that a responsive pleading is otherwise required, the JLI Defendants lack information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 456 to the extent that those allegations concern the knowledge or actions of others and therefore deny them on that basis.

457.    To the extent that the allegations in Paragraph 457 purport to assert conclusions of law or are directed to other Defendants, no responsive pleading is required.  The JLI Defendants assert that the allegations of Paragraph 457 are set forth without citation.  To the extent a responsive pleading is otherwise required, the JLI Defendants deny the allegations in Paragraph 457.

458.    To the extent that the allegations in Paragraph 458 are directed to other Defendants, no responsive pleading is required.  The JLI Defendants assert that the allegations of Paragraph

458 are set forth without citation.  To the extent a responsive pleading is otherwise required, the JLI Defendants deny the allegations in Paragraph 458.

459.    To the extent that the allegations in Paragraph 459 purport to assert conclusions of law or are directed to other Defendants, no responsive pleading is required.  The JLI Defendants assert that the allegations of Paragraph 459 are set forth without citation.  To the extent that a responsive pleading is otherwise required, the JLI Defendants deny the allegations in Paragraph 459.

460.    To the extent that the allegations in Paragraph 460 are directed to other Defendants, no responsive pleading is required.  The JLI Defendants assert that the allegations of Paragraph 460 are set forth without citation.  To the extent a responsive pleading is otherwise required, the JLI Defendants lack information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 460 to the extent that those allegations concern the knowledge or actions of others and therefore deny them on that basis.

461.    To the extent that the allegations in Paragraph 461 are directed to other Defendants, no responsive pleading is required.  The JLI Defendants assert that the allegations of Paragraph 461 are set forth without citation.  The JLI Defendants lack information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 461 to the extent that those allegations concern the knowledge or actions of others and therefore deny them on that basis.  The JLI Defendants otherwise deny the allegations in Paragraph 461.

462.    To the extent that the allegations in Paragraph 462 are directed to other Defendants, no responsive pleading is required.  The JLI Defendants lack information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 462 to the extent that those allegations concern the knowledge or actions of others and therefore deny them on that basis.  The JLI

Defendants otherwise deny the allegations in Paragraph 462 and specifically deny that JLI targeted underage users through marketing or otherwise.

463.    To the extent that the allegations in Paragraph 463 purport to assert conclusions of law or are directed to other Defendants, no responsive pleading is required.  To the extent that a responsive pleading is otherwise required, the JLI Defendants deny the allegations in Paragraph 463 and specifically deny that JLI targeted underage users through marketing or otherwise.

464.    The JLI Defendants admit that, in December 2018, Altria closed a $12.8 billion investment in JLI's business, representing a 35% economic interest in the company, and refer to the referenced and quoted articles and statements for their complete and accurate contents.  The JLI Defendants otherwise deny the allegations in Paragraph 464 and specifically deny that JLI targeted underage users through marketing or otherwise.

465.    To the extent that the allegations in Paragraph 465 purport to assert conclusions of law, no responsive pleading is required.  To the extent that a responsive pleading is otherwise required, the JLI Defendants deny the allegations in Paragraph 465 and specifically deny that JLI targeted underage users through marketing or otherwise.

466.    To the extent that the allegations in Paragraph 466 are directed to other Defendants, no responsive pleading is required.  The JLI Defendants assert that the allegations of Paragraph 466 are set forth without citation.  To the extent a responsive pleading is otherwise required, the JLI Defendants refer to the referenced documents or statements for their complete and accurate contents, and otherwise deny the allegations in Paragraph 466.  The JLI Defendants specifically deny that JLI targeted underage users through marketing or otherwise.

467.    To the extent that the allegations in Paragraph 467 purport to assert conclusions of law or are directed to other Defendants, no responsive pleading is required.  To the extent that a

responsive pleading is otherwise required, the JLI Defendants deny the allegations in Paragraph 467. The JLI Defendants specifically deny that JLI targeted underage users through marketing or otherwise.

468. To the extent that the allegations in Paragraph 468 are directed to other Defendants, no responsive pleading is required. To the extent a responsive pleading is otherwise required, the JLI Defendants lack information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 468 to the extent that those allegations concern the knowledge or actions of others, and therefore deny them on that basis. The JLI Defendants specifically deny that JLI targeted underage users through marketing or otherwise.

469. To the extent that the allegations in Paragraph 469 purport to assert conclusions of law or are directed to other Defendants, no responsive pleading is required. To the extent that a responsive pleading is otherwise required, the JLI Defendants deny the allegations in Paragraph 469 and specifically deny that JLI targeted underage users through marketing or otherwise.

470. The JLI Defendants admit that beginning in July 2018, JLI conducted its "Make the Switch" print and digital advertisement campaign. To the extent a response is otherwise required, the JLI Defendants deny the allegations in Paragraph 470.

471. To the extent that the allegations in Paragraph 471 are directed to other Defendants, no responsive pleading is required. The JLI Defendants assert that the allegations of Paragraph 471 are set forth without citation. To the extent that a responsive pleading is otherwise required, the JLI Defendants lack information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 471 to the extent that those allegations concern the knowledge or actions of others and therefore deny them on that basis.

472.    To the extent that the allegations in Paragraph 472 purport to assert conclusions of law or are directed to other Defendants, no responsive pleading is required.  To the extent that a responsive pleading is otherwise required, the JLI Defendants deny the allegations in Paragraph 472.  The JLI Defendants specifically deny that JLI targeted underage users through marketing or otherwise.

473.    To the extent that the allegations in Paragraph 473 are directed to other Defendants, no responsive pleading is required.  To the extent that a responsive pleading is otherwise required, the JLI Defendants lack information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 473 to the extent that those allegations concern the knowledge or actions of others, and therefore deny them on that basis.

474.    To the extent that the allegations in Paragraph 474 purport to assert conclusions of law or are directed to other Defendants, no responsive pleading is required.  To the extent a responsive pleading is otherwise required, the JLI Defendants deny the allegations in Paragraph 474.  The JLI Defendants specifically deny that JLI targeted underage users through marketing or otherwise.

475.    To the extent that the allegations in Paragraph 475 are directed to other Defendants, no responsive pleading is required.  To the extent that a responsive pleading is otherwise required, the JLI Defendants lack information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 475 to the extent that those allegations concern the knowledge or actions of others, and therefore deny them on that basis.

476.    To the extent that the allegations in Paragraph 476 purport to assert conclusions of law or are directed to other Defendants, no responsive pleading is required.  To the extent a

responsive pleading is otherwise required, the JLI Defendants deny the allegations in Paragraph 476.

477. To the extent that the allegations in Paragraph 477 are directed to other Defendants, no responsive pleading is required. The JLI Defendants assert that the allegations of Paragraph 477 are set forth without citation. To the extent that a responsive pleading is otherwise required, the JLI Defendants lack information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 477, and therefore deny them on that basis.

478. The JLI Defendants assert that the allegations of Paragraph 478 are set forth without citation. The JLI Defendants lack information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 478 to the extent that those allegations concern the knowledge or actions of others, and therefore deny them on that basis.

479. To the extent that the allegations in Paragraph 479 are directed to other Defendants, no responsive pleading is required. To the extent Paragraph 479 references publicly available stock price information, the JLI Defendants refer to the publicly available stock price information for its complete and accurate contents. To the extent that a responsive pleading is otherwise required, the JLI Defendants lack information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 479 to the extent that those allegations concern the knowledge or actions of others and therefore deny them on that basis.

480. To the extent that the allegations in Paragraph 480 are directed to other Defendants, no responsive pleading is required. To the extent that a responsive pleading is otherwise required, the JLI Defendants lack information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 480 to the extent that those allegations concern the knowledge or

actions of others, and therefore deny them on that basis, except refer to the referenced documents or statements for their complete and accurate contents.

481. To the extent that the allegations in Paragraph 481 are directed to other Defendants, no responsive pleading is required. To the extent that a responsive pleading is otherwise required, the JLI Defendants lack information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 481 to the extent that those allegations concern the knowledge or actions of others, and therefore deny them on that basis. To the extent a response is otherwise required, the JLI Defendants deny the allegations in Paragraph 481.

482. To the extent that the allegations in Paragraph 482 purport to assert conclusions of law or are directed to other Defendants, no responsive pleading is required. To the extent that a response is otherwise required, the JLI Defendants deny the allegations in Paragraph 482.

483. To the extent that the allegations in Paragraph 483 are directed to other Defendants, no responsive pleading is required. The JLI Defendants admit that JLI is named in an action before the United States District Court for the Middle District of Florida. The JLI Defendants lack information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 483 to the extent that those allegations concern the knowledge or actions of others, and therefore deny them on that basis, except refer to the referenced documents or statements for their complete and accurate contents.

484. To the extent that the allegations in Paragraph 484 are directed to other Defendants, no responsive pleading is required. To the extent that a responsive pleading is otherwise required, the JLI Defendants lack information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 484 to the extent that those allegations concern the knowledge or

actions of others, and therefore deny them on that basis, except refer to the referenced documents or statements for their complete and accurate contents.

485.     To the extent that the allegations in Paragraph 485 purport to assert conclusions of law or are directed to other Defendants, no responsive pleading is required.  To the extent that a response is otherwise required, the JLI Defendants deny the allegations in Paragraph 485.

486.     To the extent that the allegations in Paragraph 486 are directed to other Defendants, no responsive pleading is required.  To the extent that a responsive pleading is otherwise required, the JLI Defendants lack information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 486 to the extent that those allegations concern the knowledge or actions of others, and therefore deny them on that basis, except refer to the referenced documents or statements for their complete and accurate contents.

487.     To the extent that the allegations in Paragraph 487 purport to assert conclusions of law or are directed to other Defendants, no responsive pleading is required.  To the extent that a response is otherwise required, the JLI Defendants deny the allegations in Paragraph 487.

488.     To the extent that the allegations in Paragraph 488 are directed to other Defendants, no responsive pleading is required.  To the extent that a responsive pleading is otherwise required, the JLI Defendants lack information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 488 to the extent that those allegations concern the knowledge or actions of others and therefore deny them on that basis, except refer to the referenced documents or statements for their complete and accurate contents.

489.     To the extent that the allegations in Paragraph 489 are directed to other Defendants, no responsive pleading is required.  To the extent that a responsive pleading is otherwise required, the JLI Defendants lack information and knowledge sufficient to form a belief as to the truth of

the allegations in Paragraph 489 to the extent that those allegations concern the knowledge or actions of others and therefore deny them on that basis, except refer to the referenced documents or statements for their complete and accurate contents.

490. To the extent that the allegations in Paragraph 490 are directed to other Defendants, no responsive pleading is required. To the extent that a responsive pleading is otherwise required, the JLI Defendants lack information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 490 to the extent that those allegations concern the knowledge or actions of others and therefore deny them on that basis, except refer to the referenced documents or statements for their complete and accurate contents.

491. To the extent that the allegations in Paragraph 491 purport to assert conclusions of law or are directed to other Defendants, no responsive pleading is required. To the extent that a responsive pleading is otherwise required, the JLI Defendants deny the allegations in Paragraph 491.

492. To the extent that the allegations in Paragraph 492 are directed to other Defendants, no responsive pleading is required. To the extent that a responsive pleading is otherwise required, the JLI Defendants lack information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 492 to the extent that those allegations concern the knowledge or actions of others, and therefore deny them on that basis, except refer to the referenced documents or statements for their complete and accurate contents.

493. To the extent that the allegations in Paragraph 493 purport to assert conclusions of law or are directed to other Defendants, no responsive pleading is required. To the extent that a response is otherwise required, the JLI Defendants deny the allegations in Paragraph 493.

494.     To the extent that the allegations in Paragraph 494 are directed to other Defendants, no responsive pleading is required.  To the extent that a responsive pleading is otherwise required, the JLI Defendants lack information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 494 to the extent that those allegations concern the knowledge or actions of others, and therefore deny them on that basis.

495.     To the extent that the allegations in Paragraph 495 purport to assert conclusions of law or are directed to other Defendants, no responsive pleading is required.  To the extent that a responsive pleading is otherwise required, the JLI Defendants deny the allegations in Paragraph 495.

496.     To the extent that the allegations in Paragraph 496 purport to characterize an announcement from the JLI Defendants, the JLI Defendants refer to the referenced announcement for its complete and accurate contents.  The JLI Defendants otherwise deny the allegations in Paragraph 496.

497.     To the extent that the allegations in Paragraph 497 purport to assert conclusions of law or are directed to other Defendants, no responsive pleading is required.  To the extent that a responsive pleading is otherwise required, the JLI Defendants deny the allegations in Paragraph 497.

498.     To the extent that the allegations in Paragraph 498 purport to characterize an announcement from the JLI Defendants, the JLI Defendants refer to the referenced announcement for its complete and accurate contents.  The JLI Defendants otherwise deny the allegations in Paragraph 498.

499.     To the extent that the allegations in Paragraph 499 purport to assert conclusions of law or are directed to other Defendants, no responsive pleading is required.  To the extent that a

responsive pleading is otherwise required, the JLI Defendants deny the allegations in Paragraph 499.

500.	The JLI Defendants admit that JLI was subject to an administrative matter before the FTC relating to its marketing practices. The JLI Defendants further admit that JLI engaged in certain marketing efforts in connection with its product launch, including via social media, which have been discontinued. The JLI Defendants otherwise deny the allegations in Paragraph 500.

501.	To the extent that the allegations in Paragraph 501 are directed to other Defendants, no responsive pleading is required. To the extent Paragraph 501 references publicly available stock price information, the JLI Defendants refer to the publicly available stock price information for its complete and accurate contents. The JLI Defendants otherwise lack information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 501 to the extent that those allegations concern the knowledge or actions of others and therefore deny them on that basis.

502.	To the extent that the allegations in Paragraph 502 are directed to other Defendants, no responsive pleading is required. To the extent that a responsive pleading is otherwise required, the JLI Defendants lack information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 502 to the extent that those allegations concern the knowledge or actions of others, and therefore deny them on that basis, except refer to the referenced FDA and CDC guidelines for their complete and accurate contents.

503.	To the extent that the allegations in Paragraph 503 are directed to other Defendants, no responsive pleading is required. To the extent Paragraph 503 references publicly available stock price information, the JLI Defendants refer to the publicly available stock price information for its complete and accurate contents. The JLI Defendants otherwise lack information and

knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 503 to the extent that those allegations concern the knowledge or actions of others, and therefore deny them on that basis.

504.    The JLI Defendants admit that JLI received a letter from the FDA on September 9, 2019.  The JLI Defendants assert that the allegations of Paragraph 504 are set forth without citation. To the extent Paragraph 504 purports to characterize a statement or announcement from the FDA, the JLI Defendants refer to the referenced statement or announcement for its complete and accurate contents, and otherwise deny the allegations in Paragraph 504.

505.    To the extent that the allegations in Paragraph 505 are directed to other Defendants, no responsive pleading is required.  To the extent that a responsive pleading is otherwise required, the JLI Defendants lack information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 505 to the extent that those allegations concern the knowledge or actions of others and therefore deny them on that basis, except refer to the referenced documents or statements for their complete and accurate contents.

506.    To the extent that the allegations in Paragraph 506 are directed to other Defendants, no responsive pleading is required.  The JLI Defendants assert that the allegations of Paragraph 506 are set forth without citation.  To the extent that a responsive pleading is otherwise required, the JLI Defendants lack information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 506 to the extent that those allegations concern the knowledge or actions of others and therefore deny them on that basis, except refer to the referenced CDC reports for their complete and accurate contents.

507.    To the extent that the allegations in Paragraph 507 are directed to other Defendants, no responsive pleading is required.  To the extent Paragraph 507 references publicly available

stock price information, the JLI Defendants refer to the publicly available stock price information for its complete and accurate contents. To the extent that a responsive pleading is otherwise required, the JLI Defendants lack information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 507 to the extent that those allegations concern the knowledge or actions of others and therefore deny them on that basis.

508. To the extent that the allegations in Paragraph 508 are directed to other Defendants, no responsive pleading is required. The JLI Defendants assert that the allegations of Paragraph 508 are set forth without citation. The JLI Defendants lack information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 508 to the extent that those allegations concern the knowledge or actions of others and therefore deny them on that basis, except refer to the referenced documents or statements for their complete and accurate contents.

509. The JLI Defendants refer to the referenced documents or statements for their complete and accurate contents, and otherwise deny the allegations in Paragraph 509.

510. To the extent that the allegations in Paragraph 510 purport to assert conclusions of law or are directed to other Defendants, no responsive pleading is required. To the extent that a response is otherwise required, the JLI Defendants deny the allegations in Paragraph 510.

511. To the extent that the allegations in Paragraph 511 are directed to other Defendants, no responsive pleading is required. The JLI Defendants admit that in 2019, K.C. Crosthwaite, formerly of Altria had replaced Kevin Burns as CEO of JLI and had previously served as an observer on JLI's board of directors after Altria's investment in JLI. To the extent a responsive pleading is otherwise required, the JLI Defendants lack information and knowledge sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 511 to the extent

that those allegations concern the knowledge or actions of others, and therefore deny them on that basis.  The JLI Defendants deny the remaining allegations in Paragraph 511.

512.     To the extent that the allegations in Paragraph 512 are directed to other Defendants, no responsive pleading is required.  To the extent Paragraph 512 references publicly available stock price information, the JLI Defendants refer to the publicly available stock price information for its complete and accurate contents.  To the extent a responsive pleading is otherwise required, the JLI Defendants lack information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 512 to the extent that those allegations concern the knowledge or actions of others and therefore deny them on that basis.

513.     The JLI Defendants admit that Joe Murillo is the chief regulatory officer at JLI. The JLI Defendants otherwise deny the allegations in Paragraph 513.

514.     To the extent that the allegations in Paragraph 514 are directed to other Defendants, no responsive pleading is required.  To the extent a responsive pleading is otherwise required, the JLI Defendants refer to the referenced documents or statements for their complete and accurate contents.  The JLI Defendants otherwise deny the allegations in Paragraph 514.

515.     To the extent that the allegations in Paragraph 515 purport to assert conclusions of law or are directed to other Defendants, no responsive pleading is required.  To the extent that a response is otherwise required, the JLI Defendants deny the allegations in Paragraph 515.

516.     The JLI Defendants admit that the named individuals have left their positions at JLI.  To the extent Paragraph 516 purports to characterize an announcement from JLI, the JLI Defendants refer to the referenced announcement for its complete and accurate contents.  The JLI Defendants otherwise deny the allegations of Paragraph 516.

517.	To the extent that the allegations in Paragraph 517 are directed to other Defendants, no responsive pleading is required.  To the extent a responsive pleading is otherwise required, the JLI Defendants lack information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 517 to the extent that those allegations concern the knowledge or actions of others and therefore deny them on that basis, except refer to the referenced documents or statements for their complete and accurate contents.

518.	To the extent that the allegations in Paragraph 518 are directed to other Defendants, no responsive pleading is required.  To the extent Paragraph 518 references publicly available stock price information, the JLI Defendants refer to the publicly available stock price information for its complete and accurate contents.  To the extent a responsive pleading is otherwise required, the JLI Defendants lack information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 518 to the extent that those allegations concern the knowledge or actions of others, and therefore deny them on that basis.

519.	To the extent that the allegations in Paragraph 519 are directed to other Defendants, no responsive pleading is required.  To the extent a responsive pleading is otherwise required, the JLI Defendants lack information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 519 to the extent that those allegations concern the knowledge or actions of others, and therefore deny them on that basis.

520.	To the extent that the allegations in Paragraph 520 are directed to other Defendants, no responsive pleading is required.  To the extent Paragraph 520 references publicly available stock price information, the JLI Defendants refer to the publicly available stock price information for its complete and accurate contents.  The JLI Defendants otherwise lack information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 520 to the

extent that those allegations concern the knowledge or actions of others, and therefore deny them on that basis.

521. To the extent that the allegations in Paragraph 521 are directed to other Defendants, no responsive pleading is required. To the extent a responsive pleading is otherwise required, the JLI Defendants lack information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 521 to the extent that those allegations concern the knowledge or actions of others, and therefore deny them on that basis.

522. To the extent that the allegations in Paragraph 522 are directed to other Defendants, no responsive pleading is required. To the extent Paragraph 522 references publicly available stock price information, the JLI Defendants refer to the publicly available stock price information for its complete and accurate contents. To the extent a responsive pleading is otherwise required, the JLI Defendants lack information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 522 to the extent that those allegations concern the knowledge or actions of others and therefore deny them on that basis.

523. To the extent that the allegations in Paragraph 523 are directed to other Defendants, no responsive pleading is required. To the extent a responsive pleading is otherwise required, the JLI Defendants lack information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 523 to the extent that those allegations concern the knowledge or actions of others, and therefore deny them on that basis.

524. To the extent that the allegations in Paragraph 524 purport to assert conclusions of law or are directed to other Defendants, no responsive pleading is required. To the extent a responsive pleading is otherwise required, the JLI Defendants otherwise deny the allegations in Paragraph 524.

525. To the extent that the allegations in Paragraph 525 purport to assert conclusions of law or are directed to other Defendants, no responsive pleading is required. To the extent a responsive pleading is otherwise required, the JLI Defendants deny the allegations in Paragraph 525.

526. To the extent that the allegations in Paragraph 526 purport to assert conclusions of law or are directed to other Defendants, no responsive pleading is required. To the extent a responsive pleading is otherwise required, the JLI Defendants deny the allegations in Paragraph 526.

527. To the extent that the allegations in Paragraph 527 purport to assert conclusions of law or are directed to other Defendants, no responsive pleading is required. To the extent that a response is otherwise required, the JLI Defendants deny the allegations in Paragraph 527.

528. To the extent that the allegations in Paragraph 528 purport to assert conclusions of law or are directed to other Defendants, no responsive pleading is required. To the extent a responsive pleading is otherwise required, the JLI Defendants deny the allegations in Paragraph 528.

529. To the extent that the allegations in Paragraph 529 purport to assert conclusions of law, no responsive pleading is required. The JLI Defendants admit that the nicotine in ENDS is addictive and aver that JLI warns users that nicotine is addictive through a black warning box displayed prominently on its products, in compliance with FDA regulations. To the extent that a response is otherwise required, the JLI Defendants deny the allegations in Paragraph 529.

530. To the extent that the allegations in Paragraph 530 purport to assert conclusions of law or are directed to other Defendants, no responsive pleading is required. To the extent a

responsive pleading is otherwise required, the JLI Defendants deny the allegations in Paragraph 530.

531. To the extent that the allegations in Paragraph 531 purport to assert conclusions of law or are directed to other Defendants, no responsive pleading is required. To the extent a responsive pleading is otherwise required, the JLI Defendants deny the allegations in Paragraph 531.

532. To the extent that the allegations in Paragraph 532 purport to assert conclusions of law or are directed to other Defendants, no responsive pleading is required. The JLI Defendants assert that the allegations of Paragraph 532 are set forth without citation. To the extent a responsive pleading is otherwise required, the JLI Defendants deny the allegations in Paragraph 532, except refer to the referenced documents or statements for their complete and accurate contents.

533. To the extent that the allegations in Paragraph 533 purport to assert conclusions of law or are directed to other Defendants, no responsive pleading is required. To the extent that a response is otherwise required, the JLI Defendants deny the allegations in Paragraph 533.

534. The JLI Defendants lack information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 534 to the extent that those allegations concern the knowledge or actions of others, and therefore deny them on that basis.

535. To the extent that the allegations in Paragraph 535 purport to assert conclusions of law or are directed to other Defendants, no responsive pleading is required. The JLI Defendants assert that the allegations of Paragraph 535 are set forth without citation. To the extent that a response is otherwise required, the JLI Defendants lack information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 535 to the extent that those allegations

concern the knowledge or actions of others, and therefore deny them on that basis, except refer to the referenced documents or statements for their complete and accurate contents.

536.    The JLI Defendants assert that the allegations of Paragraph 536 are set forth without citation.  The JLI Defendants lack information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 536 to the extent that those allegations concern the knowledge or actions of others, and therefore deny them on that basis, except refer to the referenced documents or statements for their complete and accurate contents.

537.    To the extent that the allegations in Paragraph 537 are directed to other Defendants, no responsive pleading is required.  To the extent that a response is otherwise required, the JLI Defendants lack information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 537 to the extent that those allegations concern the knowledge or actions of others, and therefore deny them on that basis.

538.    To the extent that the allegations in Paragraph 538 are directed to other Defendants, no responsive pleading is required.  The JLI Defendants assert that the allegations of Paragraph 538 are set forth without citation.  To the extent that a response is otherwise required, the JLI Defendants lack information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 538 to the extent that those allegations concern the knowledge or actions of others, and therefore deny them on that basis, except refer to the referenced documents or statements for their complete and accurate contents.

539.    To the extent that the allegations in Paragraph 539 are directed to other Defendants, no responsive pleading is required.  The JLI Defendants assert that the allegations of Paragraph 539 are set forth without citation.  To the extent that a response is otherwise required, the JLI Defendants lack information and knowledge sufficient to form a belief as to the truth of the

allegations in Paragraph 539 to the extent that those allegations concern the knowledge or actions of others, and therefore deny them on that basis, except refer to the referenced documents or statements for their complete and accurate contents.

540.    To the extent that the allegations in Paragraph 540 are directed to other Defendants, no responsive pleading is required.  The JLI Defendants assert that the allegations of Paragraph 540 are set forth without citation.  To the extent that a response is otherwise required, the JLI Defendants lack information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 540 to the extent that those allegations concern the knowledge or actions of others, and therefore deny them on that basis, except refer to the referenced documents or statements for their complete and accurate contents.

541.    To the extent that the allegations in Paragraph 541 are directed to other Defendants, no responsive pleading is required.  The JLI Defendants assert that the allegations of Paragraph 541 are set forth without citation.  To the extent that a response is otherwise required, the JLI Defendants lack information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 541 to the extent that those allegations concern the knowledge or actions of others, and therefore deny them on that basis, except refer to the referenced documents or statements for their complete and accurate contents.

542.    To the extent that the allegations in Paragraph 542 are directed to other Defendants, no responsive pleading is required.  The JLI Defendants assert that the allegations of Paragraph 542 are set forth without citation.  To the extent that a response is otherwise required, the JLI Defendants lack information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 542 to the extent that those allegations concern the knowledge or actions

of others, and therefore deny them on that basis, except refer to the referenced documents or statements for their complete and accurate contents.

543. To the extent that the allegations in Paragraph 543 are directed to other Defendants, no responsive pleading is required. To the extent that a response is otherwise required, the JLI Defendants lack information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 543 to the extent that those allegations concern the knowledge or actions of others, and therefore deny them on that basis.

544. To the extent that the allegations in Paragraph 544 are directed to other Defendants, no responsive pleading is required. The JLI Defendants assert that the allegations of Paragraph 544 are set forth without citation. To the extent that a response is otherwise required, the JLI Defendants lack information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 544 to the extent that those allegations concern the knowledge or actions of others, and therefore deny them on that basis, except refer to the referenced documents or statements for their complete and accurate contents.

545. To the extent that the allegations in Paragraph 545 are directed to other Defendants, no responsive pleading is required. The JLI Defendants assert that the allegations of Paragraph 545 are set forth without citation. To the extent that a response is otherwise required, the JLI Defendants lack information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 545 to the extent that those allegations concern the knowledge or actions of others, and therefore deny them on that basis, except refer to the referenced documents or statements for their complete and accurate contents.

546. To the extent that the allegations in Paragraph 546 are directed to other Defendants, no responsive pleading is required. The JLI Defendants assert that the allegations of Paragraph

546 are set forth without citation.  To the extent that a response is otherwise required, the JLI Defendants lack information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 546 to the extent that those allegations concern the knowledge or actions of others, and therefore deny them on that basis, except refer to the referenced documents or statements for their complete and accurate contents.

547.    To the extent that the allegations in Paragraph 547 are directed to other Defendants, no responsive pleading is required.  The JLI Defendants assert that the allegations of Paragraph 547 are set forth without citation.  To the extent that a response is otherwise required, the JLI Defendants lack information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 547 to the extent that those allegations concern the knowledge or actions of others, and therefore deny them on that basis, except refer to the referenced documents or statements for their complete and accurate contents.

548.    To the extent that the allegations in Paragraph 548 are directed to other Defendants, no responsive pleading is required.  To the extent that a response is otherwise required, the JLI Defendants lack information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 548 to the extent that those allegations concern the knowledge or actions of others, and therefore deny them on that basis.

549.    To the extent that the allegations in Paragraph 549 are directed to other Defendants, no responsive pleading is required.  The JLI Defendants assert that the allegations of Paragraph 549 are set forth without citation.  To the extent that a response is otherwise required, the JLI Defendants lack information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 549 to the extent that those allegations concern the knowledge or actions

of others, and therefore deny them on that basis, except refer to the referenced documents or statements for their complete and accurate contents.

550. To the extent that the allegations in Paragraph 550 are directed to other Defendants, no responsive pleading is required. The JLI Defendants assert that the allegations of Paragraph 550 are set forth without citation. To the extent that a response is otherwise required, the JLI Defendants lack information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 550 to the extent that those allegations concern the knowledge or actions of others, and therefore deny them on that basis, except refer to the referenced documents or statements for their complete and accurate contents.

551. To the extent that the allegations in Paragraph 551 are directed to other Defendants, no responsive pleading is required. The JLI Defendants assert that the allegations of Paragraph 551 are set forth without citation. To the extent that a response is otherwise required, the JLI Defendants lack information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 551 to the extent that those allegations concern the knowledge or actions of others, and therefore deny them on that basis, except refer to the referenced documents or statements for their complete and accurate contents.

552. To the extent that the allegations in Paragraph 552 purport to assert conclusions of law or characterize this Action, no response is required. To the extent a response is otherwise required, the JLI Defendants deny the allegations in Paragraph 552.

553. To the extent that the allegations in Paragraph 553 purport to assert conclusions of law, no responsive pleading is required. To the extent that a response is otherwise required, the JLI Defendants deny the allegations in Paragraph 553.

554. To the extent that the allegations in Paragraph 554 purport to assert conclusions of law, no responsive pleading is required. To the extent that a response is otherwise required, the JLI Defendants deny the allegations in Paragraph 554.

555. To the extent that the allegations in Paragraph 555 purport to assert conclusions of law, no responsive pleading is required. To the extent that a response is otherwise required, the JLI Defendants deny the allegations in Paragraph 555.

556. To the extent that the allegations in Paragraph 556 purport to assert conclusions of law, no responsive pleading is required. To the extent that a response is otherwise required, the JLI Defendants deny the allegations in Paragraph 556.

557. To the extent that the allegations in Paragraph 557 purport to assert conclusions of law, no responsive pleading is required. To the extent that a response is otherwise required, the JLI Defendants deny the allegations in Paragraph 557.

558. To the extent that the allegations in Paragraph 558 purport to assert conclusions of law or are directed to other Defendants, no responsive pleading is required. To the extent that a response is otherwise required, the JLI Defendants deny the allegations in Paragraph 558.

559. To the extent that the allegations in Paragraph 559 purport to assert conclusions of law, no responsive pleading is required. To the extent that a response is otherwise required, the JLI Defendants deny the allegations in Paragraph 559.

560. To the extent that the allegations in Paragraph 560 purport to assert conclusions of law, no responsive pleading is required. To the extent that a response is otherwise required, the JLI Defendants deny the allegations in Paragraph 560.

561.  To the extent that the allegations in Paragraph 561 purport to assert conclusions of law, no responsive pleading is required.  To the extent that a response is otherwise required, the JLI Defendants deny the allegations in Paragraph 561.

562.  To the extent that the allegations in Paragraph 562 purport to assert conclusions of law or are directed to other Defendants, no responsive pleading is required.  To the extent that a response is otherwise required, the JLI Defendants deny the allegations in Paragraph 562.

563.  To the extent that the allegations in Paragraph 563 purport to assert conclusions of law or are directed to other Defendants, no responsive pleading is required.  To the extent that a response is otherwise required, the JLI Defendants deny the allegations in Paragraph 563.

564.  To the extent that the allegations in Paragraph 564 purport to assert conclusions of law or are directed to other Defendants, no responsive pleading is required.  To the extent that a response is otherwise required, the JLI Defendants deny the allegations in Paragraph 564.

565.  To the extent that the allegations in Paragraph 565 purport to assert conclusions of law or are directed to other Defendants, no responsive pleading is required.  To the extent that a response is otherwise required, the JLI Defendants deny the allegations in Paragraph 565.

566.  To the extent that the allegations in Paragraph 566 purport to assert conclusions of law or are directed to other Defendants, no responsive pleading is required.  To the extent that a response is otherwise required, the JLI Defendants deny the allegations in Paragraph 566.

567.  To the extent that the allegations in Paragraph 567 purport to assert conclusions of law or are directed to other Defendants, no responsive pleading is required.  To the extent that a response is otherwise required, the JLI Defendants deny the allegations in Paragraph 567.

568.    To the extent that the allegations in Paragraph 568 purport to assert conclusions of law or are directed to other Defendants, no responsive pleading is required.  To the extent that a response is otherwise required, the JLI Defendants deny the allegations in Paragraph 568.

569.    To the extent that the allegations in Paragraph 569 purport to assert conclusions of law or are directed to other Defendants, no responsive pleading is required.  To the extent that a response is otherwise required, the JLI Defendants deny the allegations in Paragraph 569.

570.    To the extent that the allegations in Paragraph 570 purport to assert conclusions of law or are directed to other Defendants, no responsive pleading is required.  To the extent that a responsive pleading is otherwise required, the JLI Defendants deny the allegations in Paragraph 570.

571.    To the extent that the allegations in Paragraph 571 purport to assert conclusions of law or are directed to other Defendants, no responsive pleading is required.  To the extent that a responsive pleading is otherwise required, the JLI Defendants deny the allegations in Paragraph 571.

572.    To the extent that the allegations in Paragraph 572 purport to assert conclusions of law no responsive pleading is required.  To the extent that a responsive pleading is otherwise required, the JLI Defendants deny the allegations in Paragraph 572.

573.    To the extent that the allegations in Paragraph 573 purport to assert conclusions of law, no responsive pleading is required.  To the extent that a responsive pleading is otherwise required, the JLI Defendants deny the allegations in Paragraph 573.

574.    To the extent that the allegations in Paragraph 574 purport to assert conclusions of law, no responsive pleading is required.  To the extent that a responsive pleading is otherwise required, the JLI Defendants deny the allegations in Paragraph 574.

575.   To the extent that the allegations in Paragraph 575 purport to assert conclusions of law, no responsive pleading is required.  To the extent that a responsive pleading is otherwise required, the JLI Defendants deny the allegations in Paragraph 575.

576.   To the extent that the allegations in Paragraph 576 purport to assert conclusions of law, no responsive pleading is required.  To the extent that a responsive pleading is otherwise required, the JLI Defendants deny the allegations in Paragraph 576.

577.   To the extent that the allegations in Paragraph 577 purport to assert conclusions of law, no responsive pleading is required.  To the extent that a responsive pleading is otherwise required, the JLI Defendants deny the allegations in Paragraph 577.

578.   To the extent that the allegations in Paragraph 578 purport to assert conclusions of law, no responsive pleading is required.  To the extent that a responsive pleading is otherwise required, the JLI Defendants deny the allegations in Paragraph 578.

579.   To the extent that the allegations in Paragraph 579 purport to assert conclusions of law, no responsive pleading is required.  To the extent that a responsive pleading is otherwise required, the JLI Defendants deny the allegations in Paragraph 579.

580.   To the extent that the allegations in Paragraph 580 purport to assert conclusions of law or are directed to other Defendants, no responsive pleading is required.  To the extent that a responsive pleading is otherwise required, the JLI Defendants deny the allegations in Paragraph 580.

581.   To the extent that the allegations in Paragraph 581 purport to assert conclusions of law, no responsive pleading is required.  To the extent that a responsive pleading is otherwise required, the JLI Defendants deny the allegations in Paragraph 581.

582.    To the extent that the allegations in Paragraph 582 purport to assert conclusions of law, no responsive pleading is required.  To the extent that a responsive pleading is otherwise required, the JLI Defendants deny the allegations in Paragraph 582.

583.    To the extent that the allegations in Paragraph 583 purport to assert conclusions of law, no responsive pleading is required.  To the extent that a responsive pleading is otherwise required, the JLI Defendants deny the allegations in Paragraph 583.

584.    To the extent that the allegations in Paragraph 584 purport to assert conclusions of law or are directed to other Defendants, no responsive pleading is required.  To the extent that a response is otherwise required, the JLI Defendants deny the allegations in Paragraph 584.

585.    To the extent that the allegations in Paragraph 585 purport to assert conclusions of law or are directed to other Defendants, no responsive pleading is required.  To the extent that a responsive pleading is otherwise required, the JLI Defendants deny the allegations in Paragraph 585.

586.    To the extent that the allegations in Paragraph 586 purport to assert conclusions of law or are directed to other Defendants, no responsive pleading is required.  To the extent that a responsive pleading is otherwise required, the JLI Defendants deny the allegations in Paragraph 586.

587.    To the extent that the allegations in Paragraph 587 purport to assert conclusions of law or are directed to other Defendants, no responsive pleading is required.  To the extent that a responsive pleading is otherwise required, the JLI Defendants deny the allegations in Paragraph 587.

588.    To the extent that the allegations in Paragraph 588  purport to assert conclusions of law or are directed to other Defendants, no responsive pleading is required.  To the extent that a

responsive pleading is otherwise required, the JLI Defendants deny the allegations in Paragraph 588.

589.    To the extent that the allegations in Paragraph 589 purport to assert conclusions of law or are directed to other Defendants, no responsive pleading is required.  To the extent that a responsive pleading is otherwise required, the JLI Defendants deny the allegations in Paragraph 589.

590.    To the extent that the allegations in Paragraph 590 purport to assert conclusions of law, no responsive pleading is required.  To the extent that a responsive pleading is otherwise required, the JLI Defendants deny the allegations in Paragraph 590.

591.    To the extent that the allegations in Paragraph 591 purport to assert conclusions of law, no responsive pleading is required.  To the extent that a responsive pleading is otherwise required, the JLI Defendants deny the allegations in Paragraph 591.

592.    To the extent that the allegations in Paragraph 592 purport to assert conclusions of law, no responsive pleading is required.  To the extent that a responsive pleading is otherwise required, the JLI Defendants deny the allegations in Paragraph 592.

593.    To the extent that the allegations in Paragraph 593 purport to assert conclusions of law, no responsive pleading is required.  To the extent that a responsive pleading is otherwise required, the JLI Defendants deny the allegations in Paragraph 593.

594.    To the extent that the allegations in Paragraph 594 purport to assert conclusions of law, no responsive pleading is required.  To the extent that a responsive pleading is otherwise required, the JLI Defendants deny the allegations in Paragraph 594.

595.    To the extent that the allegations in Paragraph 595 purport to assert conclusions of law, no responsive pleading is required.  To the extent that a responsive pleading is otherwise required, the JLI Defendants deny the allegations in Paragraph 595.

596.    To the extent that the allegations in Paragraph 596 purport to assert conclusions of law, no responsive pleading is required.  To the extent that a responsive pleading is otherwise required, the JLI Defendants deny the allegations in Paragraph 596.

597.    To the extent that the allegations in Paragraph 597 purport to assert conclusions of law, no responsive pleading is required.  To the extent that a responsive pleading is otherwise required, the JLI Defendants deny the allegations in Paragraph 597.

598.    To the extent that the allegations in Paragraph 598 purport to assert conclusions of law, no responsive pleading is required.  To the extent that a responsive pleading is otherwise required, the JLI Defendants deny the allegations in Paragraph 598.

## AFFIRMATIVE DEFENSES

The JLI Defendants assert the following defenses and reserve the right to assert other defenses or claims when and if they become appropriate and/or available in this Action and hereby reserve all rights to amend and/or supplement any and all defenses set forth herein.  The statement of any defense herein does not assume the burden of proof for any issue as to which the applicable law places the burden of proof on Plaintiffs.

### First Defense

The Complaint fails to state a claim upon which relief may be granted.

### Second Defense

Plaintiffs' claims are barred, in whole or in part, because the JLI Defendants did not make any statements that were false or misleading when made.

### Third Defense

Plaintiffs' claims are barred, in whole or in part, because any alleged misrepresentations or omissions were not material as a matter of law.

### Fourth Defense

Plaintiffs' claims are barred, in whole or in part, because the JLI Defendants did not omit or fail to state any material facts that were necessary in order to make any statement made by the Defendants not false or misleading.

### Fifth Defense

Plaintiffs' claims are barred, in whole or in part, because the JLI Defendants had no duty to disclose the allegedly omitted information.

### Sixth Defense

The Complaint fails to plead fraud with the particularity required by Rule 9(b) of the Federal Rules of Civil Procedure and the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4(b)(1).

### Seventh Defense

Plaintiffs' claims are barred, in whole or in part, because the JLI Defendants did not intentionally or recklessly make any misleading statement or misleading, actionable omission.  At all times, and with respect to all matters contained herein, the JLI Defendants acted in good faith, exercised reasonable care, and did not know, and in the exercise of reasonable care could not have known, of the purported untruths, misstatements and/or omissions alleged in the Complaint.

### Eighth Defense

Plaintiffs' claims are barred because certain statements challenged by the Complaint were matters of opinion that, at the time those statements were made, were genuinely believed by the

speaker, did not contain embedded statements of untrue facts, or omit to state a material fact necessary to make the statements therein not misleading.

## Ninth Defense

The statements complained of were, at the time of their utterance, made in good faith and upon reliance on what the speakers believed was true at the time such statements were uttered.

## Tenth Defense

Plaintiffs' claims are barred, in whole or in part, because certain statements challenged by the Complaint are puffery on which no reasonable investor would have relied.

## Eleventh Defense

The JLI Defendants are not liable because certain alleged misstatements by the Defendants were forward-looking statements, were identified as such, and were accompanied by meaningful cautionary statements identifying important factors that could cause actual results to differ materially from those in the forward-looking statements.  Accordingly, such alleged misstatements are non-actionable under the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-5(c)(1)(A), and the bespeaks caution doctrine.

## Twelfth Defense

The JLI Defendants are not liable because certain alleged misstatements are not actionable under the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78(u)-5(c)(1)(B), because: (a) the statements were forward-looking and the person making the statement did not have actual knowledge that the statements were false or misleading; or (b) the statements were made or approved by an executive officer of JLI who did not have actual knowledge that the statements were false or misleading.

## Thirteenth Defense

Plaintiffs' claims are barred, in whole or in part, because JLI Defendants did not have the requisite scienter at the time each alleged false or misleading statement or omission was made.

## Fourteenth Defense

Plaintiffs' claims are barred, in whole or in part, because the JLI Defendants disclosed certain information that Plaintiffs allege was omitted.

## Fifteenth Defense

Plaintiffs' claims are barred, in whole or in part, because the substance of the material information that Plaintiffs alleges to have been misrepresented or omitted was in fact disclosed in public filings, or was publicly available or widely known to the investing community and/or otherwise known to Plaintiffs.

## Sixteenth Defense

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs did not rely, or could not have relied, either reasonably, justifiably, or as a matter of law, upon the misstatements or omissions alleged in the Complaint.

## Seventeenth Defense

The JLI Defendants are not liable because they did not breach any duties owed to Plaintiffs.

## Eighteenth Defense

The JLI Defendants are not liable because they did not engage in acts, practices, or a course of business that operated as a fraud or deceit upon Plaintiffs in connection with Plaintiffs' purchases of Altria's securities.

### Nineteenth Defense

The JLI Defendants are not liable for any alleged false or misleading statements or omissions of material fact that were made by others, because the JLI Defendants did not make those statements.

### Twentieth Defense

The JLI Defendants are not liable because Plaintiffs knew or should have known of the allegedly omitted or misstated information.

### Twenty-First Defense

The JLI Defendants are not liable because the Complaint fails to adequately plead loss causation and, in fact, Plaintiffs cannot prove loss causation.

### Twenty-Second Defense

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs have not alleged injuries that were proximately caused by any alleged misrepresentation or omission.

### Twenty-Third Defense

The JLI Defendants are not liable because the alleged misrepresentations and omissions in the Complaint did not affect the market price of Altria's securities.

### Twenty-Fourth Defense

The JLI Defendants are not liable because any decline in value of the securities of which Plaintiffs complain was caused by external market factors.

### Twenty-Fifth Defense

The purported damages for which Plaintiffs claim the JLI Defendants are responsible arise from a decline in share price that was not caused or contributed to by the disclosure of any material misrepresentation or actionable omission by the JLI Defendants and were otherwise caused or

contributed to by (a) persons or entities for whom the JLI Defendants are not responsible and for whom the JLI Defendants are not liable or (b) factors other than any alleged misrepresentations or omissions for which the JLI Defendants may be responsible.

### Twenty-Sixth Defense

Plaintiffs' claims are barred, in whole or in part, because the injuries Plaintiffs sustained, if any, were caused by the actions or inactions of parties other than the JLI Defendants, actions or inactions by parties outside the control of the JLI Defendants, or economic events that were, likewise, outside the control of the JLI Defendants.  These actions, inactions, and events were intervening or superseding causes of Plaintiffs' alleged damages.

### Twenty-Seventh Defense

Plaintiffs' claims are barred, in whole or in part, because any alleged depreciation in the value of the Defendants' shares resulted from factors other than the misstatements and omissions alleged in the Complaint.

### Twenty-Eighth Defense

Plaintiffs lack standing to assert some or all of their claims.

### Twenty-Ninth Defense

Plaintiffs lack statutory standing to bring a § 10(b) claim against the JLI Defendants because they did not purchase JLI securities.

### Thirtieth Defense

This case should not be certified as a class action because the class as alleged by Plaintiffs does not satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure.

### Thirty-First Defense

On information and belief, Plaintiffs are not adequate or appropriate class representatives.

## Thirty-Second Defense

The JLI Defendants are entitled to recover contribution and/or indemnification from others for any liability they incur.

## Thirty-Third Defense

To the extent that Plaintiffs did not own shares in Altria during the purported Class Period, or sold shares prior to any alleged corrective disclosure, Plaintiffs lack standing with respect to their claims.

## Thirty-Fourth Defense

The JLI Defendants are not liable because they did not engage in any deceptive or manipulative conduct in violation of SEC Rules 10b-5(a) and (c).

## Thirty-Fifth Defense

The JLI Defendants cannot be liable for any alleged deceptive or manipulative conduct directed at persons other than Altria investors because that conduct did not occur in the securities markets.

## Thirty-Sixth Defense

The JLI Defendants cannot be liable for their interactions with the FDA or other regulators under the *Noerr-Pennington* doctrine.

## Thirty-Seventh Defense

The purported claims against the JLI Defendants and the allegations upon which they are based are improperly vague, ambiguous, and confusing.  The JLI Defendants reserve the right to request a more definite statement.

### Thirty-Eighth Defense

Any claim by Plaintiffs for pre-judgment interest should be dismissed because the amount of damages (if any) was not readily ascertainable at the time Plaintiffs' lawsuit was commenced.

### Thirty-Ninth Defense

Plaintiffs have not suffered any loss, damage, or injury as a result of the conduct alleged in the Complaint.

### Fortieth Defense

Plaintiffs' claims are barred, in whole or in part, by the principle of waiver and/or estoppel and by the doctrine of unclean hands, *in pari delicto*, and/or other related equitable doctrines.

### Forty-First Defense

Regarding the claims asserted in the Complaint under Section 10(b) and 20(a) of the Exchange Act, any recovery for damages allegedly incurred by Plaintiffs is limited to the percentage of the JLI Defendants' responsibility in proportion to the total fault of all persons, whether or not named as parties to this action, who caused or contributed to the alleged damages suffered by Plaintiffs, to the extent that the securities laws require damages to be assessed according to proportionate liability.

### Forty-Second Defense

Plaintiffs' claims, and the claims of the class that Plaintiffs purport to represent, are barred in whole or in part because Kevin Burns and Adam Bowen acted at all times in good faith, with reasonable care, and with due diligence in carrying out their responsibilities and did not directly or indirectly control or induce any wrongful acts or omissions.

**Forty-Third Defense**

The JLI Defendants presently have insufficient information and knowledge upon which to form a belief as to whether there may be, as yet unstated, affirmative defenses available to the JLI Defendants, and therefore expressly (i) reserve the right to amend or supplement their Answer, defenses and all other pleadings, and (ii) reserve the right to (a) assert any and all additional defenses under any applicable federal and state law in the event that discovery indicates such defenses would be appropriate and (b) assert any cross-claims, counterclaims and third-party claims when and if they become appropriate in this Action. Additionally, the JLI Defendants adopt and incorporate any and all affirmative defenses asserted by any other defendant to this action.

**PRAYER FOR RELIEF**

WHEREFORE, the JLI Defendants pray for relief and judgment, as follows:

A.    Denying Plaintiffs' prayer for relief;

B.    Entering judgment for the JLI Defendants;

C.    Dismissing the Complaint with respect to the JLI Defendants with prejudice;

D.    Awarding the JLI Defendants reasonable costs and expenses, including reasonable attorney's fees, incurred in connection with this matter; and

E.    Granting the JLI Defendants such other and further relief the Court deems just and proper.

Dated:  April 19, 2021
          New York, New York

Respectfully submitted,

*/s/ Paul J. Weeks*
Paul J. Weeks (No. 89656)
KIRKLAND & ELLIS LLP
1301 Pennsylvania Ave
N.W., Washington, D.C. 20004
T: (202) 389-548
F: (202) 389 5200
paul.weeks@kirkland.com

*/s/ Roger A. Cooper*
Roger A. Cooper (*pro hac vice*)
Jared M. Gerber (*pro hac vice*)
Ryan Redway (*pro hac vice*)
CLEARY GOTTLIEB STEEN &
HAMILTON  LLP
One Liberty Plaza
New York, New York 10006
Telephone: (212) 225-2000
Facsimile: (212) 225-3999
racooper@cgsh.com
jgerber@cgsh.com
rredway@cgsh.com

*Counsel for Defendant Juul Labs, Inc.*

/s/ Brian E. Pumphrey
Brian C. Riopelle (VSB #36454)
Brian E. Pumphrey (VSB #47312)
MCGUIRE WOODS LLP
Gateway Plaza
800 East Canal Street
Richmond, VA 23219
Tel: (804) 775-1000
Fax: (804) 775-1061
briopelle@mcguirewoods.com
bpumphrey@mcguirewoods.com


/s/ Eugene Illovsky
Eugene Illovsky (*pro hac vice*)
Kevin Calia (*pro hac vice*)
BOERSCH & ILLOVSKY LLP
1611 Telegraph Ave., Suite 806
Oakland, CA 94612
Tel: (415) 500-6640
Fax: (415) 967-3062
eugene@boersch-illovsky.com
kevin@boersch-illovsky.com


*Counsel for Defendant Adam Bowen*

/s/ Laura Anne Kuykendall
Robert A. Angle (VSB No. 37691)
Laura Anne Kuykendall (VSB No. 82318)
TROUTMAN PEPPER HAMILTON SANDERS
LLP
1001 Haxall Point, Suite 1500
Richmond, Virginia  23219
Telephone: (804) 697-1200
Facsimile: (804) 697-1339
robert.angle@troutman.com
la.kuykendall@troutman.com

Eric H. MacMichael (*pro hac vice*)
KEKER VAN NEST & PETERS LLP
633 Battery St.
San Francisco, CA 94111
Telephone:  415-773-6624
Fax: 415-391-5400
emacmichael@keker.com


*Counsel for Defendant Kevin Burns*

- 122 -

## CERTIFICATE OF SERVICE

I certify that on this 19th day of April, 2021, I electronically filed the foregoing Defendants Juul Labs, Inc., Adam Bowen, and Kevin Burns' Answer to Consolidated Complaint with the Clerks of the Court using the CM/ECF system, which will send a notification of such filing (NEF) to all counsel of record.

/s/ Paul J. Weeks
Paul J. Weeks (No. 89656)
KIRKLAND & ELLIS LLP
1301 Pennsylvania Ave
N.W., Washington, D.C. 20004
T: (202) 389-548
F: (202) 389 5200
paul.weeks@kirkland.com