UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| GABBY KLEIN, DONALD SHERBONDY, SARAH SHERBONDY AND CONSTRUCTION LABORERS PENSION TRUST OF GREATER ST. LOUIS, Individually and on Behalf of All Others Similarly Situated, <br><br> *Plaintiffs*, <br><br> v. <br><br> ALTRIA GROUP, INC., HOWARD A. WILLARD III, WILLIAM F. GIFFORD, JR., JUUL LABS, INC., ADAM BOWEN, JAMES MONSEES, KEVIN BURNS, AND K.C. CROSTHWAITE, <br><br> *Defendants.* | Case No. 3:20-cv-00075-DJN <br><br><br> DEFENDANT KEVIN C. (K.C.) CROSTHWAITE, JR.'S ANSWER AND DEFENSES TO PLAINTIFFS' CORRECTED CONSOLIDATED CLASS ACTION COMPLAINT |

Defendant Kevin C. (K.C.) Crosthwaite, Jr., by and through his undersigned counsel, hereby submits answers and defenses to the Corrected Consolidated Class Action Complaint filed by Plaintiffs Donald Sherbondy, Sarah Sherbondy, and the Construction Laborers Pension Trust of Greater St. Louis (collectively, "Plaintiffs) (Dkt. 108) (the "Complaint").

**RESPONSE TO SPECIFIC ALLEGATIONS**

All allegations not expressly admitted herein are denied. Mr. Crosthwaite does not interpret the table of contents, headings, subheadings, photographs, footnotes, or charts throughout the Complaint to be well-pleaded factual allegations to which any response is required. To the extent the table of contents, headings, subheadings, photographs, footnotes, or charts constitute well-pleaded factual allegations, Mr. Crosthwaite denies the allegations insofar as they refer or relate to him. Mr. Crosthwaite lacks knowledge or information sufficient to form a belief as to the

1

truth of any remaining allegations in the table of contents, headings, subheadings, photographs, footnotes, or charts throughout the Complaint.  Use of certain terms or phrases defined in the Complaint is not an admission of any characterization Plaintiffs may ascribe to the defined terms.  Unless otherwise defined, capitalized terms shall refer to the capitalized terms defined the Complaint, but any such use is not an acknowledgement or admission of any characterization Plaintiffs may ascribe to the capitalized terms.

Mr. Crosthwaite does not concede the truthfulness of third-party articles and news sources quoted or referenced in the Complaint.  To the extent a response is required, Mr. Crosthwaite denies all allegations of the third-party articles and news sources quoted in or referenced in the Complaint insofar as they refer or relate to him.  To the extent any allegations are directed toward any party other than Mr. Crosthwaite, Mr. Crosthwaite lacks knowledge or information sufficient to form a belief regarding the truth of those allegations and, therefore denies them on that basis.

Incorporating the foregoing, Mr. Crosthwaite responds to the specific allegations of the Complaint in like-numbered paragraphs as follows:

## NATURE OF THE ACTION

1.      Mr. Crosthwaite admits that in this action lead plaintiffs Donald Sherbondy, Sarah Sherbondy, and Construction Laborers Pension Trust of Greater St. Louis assert claims under Sections 10(b) and 20(a) the Securities Exchange Act of 1934, and SEC Rule 10b-5, 17 C.F.R. §240.10b-5.  The Section 10b-5(b) claims against Mr. Crosthwaite have been dismissed.  Except as expressly admitted, Mr. Crosthwaite denies the allegations in Paragraph 1 of the Complaint.

2.      Mr. Crosthwaite admits that Plaintiffs purport to bring claims in this action on behalf of themselves and all persons and entities other than Defendants who purchased or otherwise acquired Altria Group, Inc. securities between December 20, 2018 and February 21,

2020, inclusive.    Except as expressly admitted, Mr. Crosthwaite denies the allegations in Paragraph 2 of the Complaint.

3.    To the extent that the allegations in Paragraph 3 are directed to other Defendants, no responsive pleading is required.  To the extent that the allegations in Paragraph 3 purport to characterize this Action, no responsive pleading is required.  To the extent a response is otherwise required, Mr. Crosthwaite admits that Mr. Bowen and Mr. Monsees were members of the board of directors of JLI, and Mr. Burns was previously JLI's Chief Executive Officer.  Mr. Crosthwaite further admits that he was Chief Growth Officer of Altria from June 1, 2018 until September 25, 2019, and is currently Chairman and Chief Executive Officer of JLI.  Except as expressly admitted, Mr. Crosthwaite denies the allegations in Paragraph 3 of the Complaint.

4.    To the extent that the allegations in Paragraph 4 purport to characterize this Action, no responsive pleading is required.  To the extent a response is required, Mr. Crosthwaite lacks sufficient knowledge or information to form a belief as to the allegations in Paragraph 4 of the Complaint, and on that basis denies them.

## PRELIMINARY STATEMENT

5.    Mr. Crosthwaite lacks sufficient knowledge or information to form a belief as to the allegations in Paragraph 5 of the Complaint, and on that basis denies them.

6.    To the extent that the allegations in Paragraph 6 are directed to other Defendants, no responsive pleading is required.  To the extent a response is required, Mr. Crosthwaite lacks sufficient knowledge or information to form a belief as to the allegations in Paragraph 6 of the Complaint concerning Mr. Bowen and Mr. Monsees, and on that basis denies them.  Except as expressly admitted, Mr. Crosthwaite denies the allegations in Paragraph 6 of the Complaint.

7. To the extent that the allegations in Paragraph 7 are directed to other Defendants, no responsive pleading is required. To the extent a response is required, Mr. Crosthwaite denies the allegations in Paragraph 7 of the Complaint.

8. To the extent that the allegations in Paragraph 8 are directed to other Defendants, no responsive pleading is required. To the extent a response is required, Mr. Crosthwaite lacks sufficient knowledge or information to form a belief as to the allegations in the first sentence of Paragraph 8 of the Complaint, and on that basis denies them. Mr. Crosthwaite otherwise denies the allegations in Paragraph 8 of the Complaint.

9. To the extent that the allegations in Paragraph 9 are directed to other Defendants, no responsive pleading is required. To the extent a response is required, Mr. Crosthwaite denies the allegations in Paragraph 9 of the Complaint.

10. To the extent that the allegations in Paragraph 10 are directed to other Defendants, no responsive pleading is required. To the extent a response is required, Mr. Crosthwaite denies the allegations in Paragraph 10 of the Complaint.

11. Paragraph 11 purports to selectively quote, reference, and/or paraphrase certain alleged documents, statements, and/or statistics. The alleged documents, statements, and/or statistics speak for themselves. Except as expressly admitted, Mr. Crosthwaite denies the allegations in Paragraph 11 of the Complaint.

12. Mr. Crosthwaite lacks sufficient knowledge or information to form a belief as to the allegations in the first sentence of Paragraph 12 of the Complaint, and on that basis denies them. Paragraph 12 purports to selectively quote, reference, and/or paraphrase certain alleged documents, statements, and/or statistics. The alleged documents, statements, and/or statistics

4

speak for themselves.  Mr. Crosthwaite otherwise denies the allegations in Paragraph 12 of the Complaint.

13.    To the extent that the allegations in Paragraph 13 are directed to other Defendants, no responsive pleading is required.  To the extent a response is required, Mr. Crosthwaite denies the allegations in Paragraph 13 of the Complaint.

14.    To the extent that the allegations in Paragraph 14 are directed to other Defendants, no responsive pleading is required.  To the extent a response is required, Mr. Crosthwaite does not have sufficient knowledge or information to form a belief as to allegations in Paragraph 14 of the Complaint attributed to former employees of Altria, and on that basis denies them.  Mr. Crosthwaite otherwise denies the allegations in Paragraph 14 of the Complaint.

15.    Mr. Crosthwaite admits that on December 20, 2018 Altria and JLI separately issued press releases regarding an investment in JLI by Altria, which speak for themselves.  Except as expressly admitted, Mr. Crosthwaite denies the allegations in Paragraph 15 of the Complaint.

16.    To the extent that the allegations in Paragraph 16 are directed to other Defendants, no responsive pleading is required.  Furthermore, the allegations in Paragraph 16 of the Complaint state legal conclusions for which no response is required.  To the extent a response is required, Mr. Crosthwaite denies the allegations in Paragraph 16 of the Complaint.

17.    To the extent the allegations in Paragraph 17 are directed to other Defendants, no responsive pleading is required.  Paragraph 17 purports to selectively quote, reference, and/or paraphrase certain alleged documents, statements, and/or statistics.  The alleged documents, statements, and/or statistics speak for themselves.  To the extent a response is required, Mr. Crosthwaite lacks sufficient knowledge or information to form a belief as to the allegations Paragraph 17 of the Complaint, and on that basis denies them.

## JURISDICTION AND VENUE

18.     To the extent the allegations in Paragraph 18 purport to characterize this Action, no responsive pleading is required.  To the extent that a response is otherwise required, Mr. Crosthwaite admits that in this action lead plaintiffs are seeking to pursue claims under Sections 10(b) and 20(a) the Securities Exchange Act of 1934, and SEC Rule 10b-5, 17 C.F.R. §240.10b-5.  The Section 10b-5(b) claims against Mr. Crosthwaite have been dismissed.  Except as expressly admitted, Mr. Crosthwaite denies the allegations in Paragraph 18 of the Complaint.

19.     The allegations in Paragraph 19 of the Complaint state a legal conclusion for which no response is required. To the extent a response is required, Mr. Crosthwaite admits that 28 U.S.C. § 1331 and Section 27 of the Exchange Act grant this Court subject matter jurisdiction over certain claims. Except as expressly admitted, Mr. Crosthwaite denies the allegations in Paragraph 19 of the Complaint.

20.     The allegations in Paragraph 20 of the Complaint state a legal conclusion for which no response is required. To the extent a response is required, Mr. Crosthwaite denies the allegations in Paragraph 20 of the Complaint.

21.     The allegations in Paragraph 21 of the Complaint state a legal conclusion for which no response is required. To the extent a response is required, Mr. Crosthwaite denies the allegations in Paragraph 21 of the Complaint.

## PARTIES AND OTHER RELEVANT INDIVIDUALS

22.     The allegations in Paragraph 22 of the Complaint state a legal conclusion for which no response is required. To the extent a response is required, Mr. Crosthwaite lacks sufficient knowledge or information to form a belief as to the allegations in Paragraph 22, and on that basis denies them.

23.     To the extent that the allegations in Paragraph 23 are directed to other Defendants, no responsive pleading is required.  To the extent a response is required, Mr. Crosthwaite admits the allegations in the first sentence of Paragraph 23 and that Altria trades on the New York Stock Exchange ("NYSE") under the ticker symbol "MO."   Except as expressly admitted, Mr. Crosthwaite denies the allegations in Paragraph 23 of the Complaint.

24.     To the extent that the allegations in Paragraph 24 are directed to other Defendants, no responsive pleading is required.  To the extent a response is required, Mr. Crosthwaite admits that Mr. Willard served as Chairman and CEO of Altria from May 2018 through April 2020. Except as expressly admitted, Mr. Crosthwaite denies the allegations in Paragraph 24 of the Complaint.

25.     To the extent that the allegations in Paragraph 25 are directed to other Defendants, no responsive pleading is required.  To the extent a response is required, Mr. Crosthwaite admits that Mr. Gifford served as Vice Chairman and CFO of Altria from May 2018 through April 2020. Except as expressly admitted, Mr. Crosthwaite denies the allegations in Paragraph 25 of the Complaint.

26.     To the extent that the allegations in Paragraph 26 are directed to other Defendants, no responsive pleading is required.  To the extent a response is required, Mr. Crosthwaite admits that JLI is incorporated under the laws of Delaware and avers that its principal place of business is in Washington, DC.

27.     To the extent that the allegations in Paragraph 27 are directed to other Defendants, no responsive pleading is required.  To the extent a response is required, Mr. Crosthwaite admits that Mr. Bowen was a co-founder of Ploom, Inc., which later became PAX Labs Inc.  Mr. Crosthwaite further admits that Mr. Bowen was a member of JLI's Board of Directors and that

Mr. Bowen served as JLI's Chief Technology Officer until October 2019 and thereafter in an advisory role assisting JUUL's CEO. Except as expressly admitted, Mr. Crosthwaite denies the allegations in Paragraph 27 of the Complaint.

28. To the extent that the allegations in Paragraph 28 are directed to other Defendants, no responsive pleading is required. To the extent a response is required, Mr. Crosthwaite admits that Mr. Monsees was a co-founder of Ploom, Inc., which later became PAX Labs Inc. Mr. Crosthwaite further admits that, prior to March 2020, Mr. Monsees served in the following roles: member of JLI's Board of Directors; JLI's Chief Product Officer; and Chief Executive Officer of Ploom Inc., and PAX Labs Inc. Mr. Crosthwaite otherwise denies the allegations in Paragraph 28. Except as expressly admitted, Mr. Crosthwaite denies the allegations in Paragraph 28 of the Complaint.

29. To the extent that the allegations in Paragraph 29 are directed to other Defendants, no responsive pleading is required. To the extent a response is required, Mr. Crosthwaite admits that Mr. Burns was the Chief Executive Officer of JLI from December 2017 to September 2019. Except as expressly admitted, Mr. Crosthwaite denies the allegations in Paragraph 29 of the Complaint.

30. Mr. Crosthwaite admits that he is currently the Chief Executive Officer of JLI, a position he assumed on September 25, 2019, and served as an observer on JLI's board of directors after Altria's December 2018 investment in JLI.

31. The allegations in Paragraph 31 purport to characterize this Action, and therefore no responsive pleading is required.

32. The allegations in Paragraph 32 purport to characterize this Action or are directed to other Defendants, and therefore no responsive pleading is required.

33.    To the extent that the allegations in Paragraph 33 are directed to other Defendants, no responsive pleading is required.  The allegations in Paragraph 33 of the Complaint also state legal conclusions for which no response is required.  To the extent a response is required, Mr. Crosthwaite denies the allegations in Paragraph 33 of the Complaint.

34.    To the extent that the allegations in Paragraph 34 are directed to other Defendants, no responsive pleading is required.  The allegations in Paragraph 34 of the Complaint also state legal conclusions for which no response is required.  To the extent a response is required, Mr. Crosthwaite denies the allegations in Paragraph 34 of the Complaint.

## SUBSTANTIVE ALLEGATIONS

### I.    Operations of Altria and JUUL

35.    To the extent that the allegations in Paragraph 35 are directed to other Defendants, no responsive pleading is required.  To the extent a response is required, Mr. Crosthwaite admits that Altria is headquartered in Richmond, Virginia and that it sells cigarettes, smokeless products, and wine in the United States, through its subsidiaries.  Except as expressly admitted, Mr. Crosthwaite denies the allegations in Paragraph 35 of the Complaint.

36.    To the extent that the allegations in Paragraph 36 are directed to other Defendants, no responsive pleading is required.  To the extent a response is required, Mr. Crosthwaite admits that Altria's subsidiaries offer the products noted in Paragraph 36 of the Complaint and that Altria's subsidiaries sell tobacco products to wholesalers, large organizations, and the armed services.  Except as expressly admitted, Mr. Crosthwaite denies the allegations in Paragraph 36 of the Complaint.

37.    To the extent that the allegations in Paragraph 37 are directed to other Defendants, no responsive pleading is required.  To the extent a response is required, Mr. Crosthwaite admits

that JLI manufactures Electronic Nicotine Delivery Systems ("ENDS"), which contain a proprietary nicotine-salt-based e-liquid formulation.  Mr. Crosthwaite avers that in the first half of 2017, PAX Labs, Inc. spun off its operations related to the PAX loose-leaf and extract vaporizer devices business to a new business, separate from the business related to the JUUL branded vaporizer devices and related accessories; the remaining entity with JUUL-branded vaporizer devices and related accessories renamed itself JUUL Labs, Inc.  Mr. Crosthwaite otherwise denies the allegations in Paragraph 37 of the Complaint.

38.    To the extent that the allegations in Paragraph 38 are directed to other Defendants, no responsive pleading is required.  To the extent a response is required, Mr. Crosthwaite denies the allegations in Paragraph 38 of the Complaint.

39.    To the extent that the allegations in Paragraph 39 are directed to other Defendants, no responsive pleading is required.  To the extent a response is required, Mr. Crosthwaite avers that in the first half of 2017, PAX Labs, Inc. spun off its operations related to the PAX loose-leaf and extract vaporizer devices business to a new business, separate from the business related to the JUUL branded vaporizer devices and related accessories; the remaining entity with JUUL-branded vaporizer devices and related accessories renamed itself JUUL Labs, Inc.  Mr. Crosthwaite admits Tyler Goldman was named CEO of JLI in 2017.  Mr. Crosthwaite otherwise denies the allegations in Paragraph 39 of the Complaint.

40.    To the extent that the allegations in Paragraph 40 are directed to other Defendants, no responsive pleading is required.  To the extent a response is required, Mr. Crosthwaite admits that Tyler Goldman left JLI in December 2017 and Kevin Burns replaced Tyler Goldman as JLI's Chief Executive Officer.  Except as expressly admitted, Mr. Crosthwaite denies the allegations in Paragraph 40 of the Complaint.

10

II.     **Altria's History of Stealthily Marketing Nicotine to Young People and Misleading the Public as to the Dangers of Its Products**

41.     To the extent that the allegations in Paragraph 41 are directed to other Defendants, no responsive pleading is required.  To the extent a response is required, Mr. Crosthwaite lacks sufficient knowledge or information to form a belief as to allegations in Paragraph 41 of the Complaint, and on that basis denies them.  Mr. Crosthwaite otherwise denies the allegations in Paragraph 41 of the Complaint.

42.     To the extent that the allegations in Paragraph 42 are directed to other Defendants, no responsive pleading is required.  To the extent a response is required, Mr. Crosthwaite lacks sufficient knowledge or information to form a belief as to allegations in Paragraph 42 of the Complaint, and on that basis denies them.  Mr. Crosthwaite otherwise denies the allegations in Paragraph 42 of the Complaint.

43.     To the extent that the allegations in Paragraph 43 are directed to other Defendants, no responsive pleading is required.  To the extent a response is required, Mr. Crosthwaite lacks sufficient knowledge or information to form a belief as to allegations in Paragraph 43 of the Complaint, and on that basis denies them, except refers to the referenced documents or statements for their complete and accurate contents.  Mr. Crosthwaite otherwise denies the allegations in Paragraph 43 of the Complaint.

44.     To the extent that the allegations in Paragraph 44 are directed to other Defendants, no responsive pleading is required.  To the extent a response is required, Mr. Crosthwaite lacks sufficient knowledge or information to form a belief as to allegations in Paragraph 44 of the Complaint, and on that basis denies them, except refers to the referenced documents or statements for their complete and accurate contents.  Mr. Crosthwaite otherwise denies the allegations in

Paragraph 44 of the Complaint.  Mr. Crosthwaite otherwise denies the allegations in Paragraph 44 of the Complaint.

45.     To the extent that the allegations in Paragraph 45 are directed to other Defendants, no responsive pleading is required.  To the extent a response is required, Mr. Crosthwaite admits that the 1998 Tobacco Master Settlement Agreement ("MSA") contains the language quoted in Paragraph 45, which speaks for itself, as well as additional language Plaintiffs have omitted.  Mr. Crosthwaite otherwise denies the allegations in Paragraph 45 of the Complaint.

46.     To the extent that the allegations in Paragraph 46 are directed to other Defendants, no responsive pleading is required.  To the extent a response is required, Mr. Crosthwaite asserts that the allegations in Paragraph 46 of the Complaint appear to selectively quote and/or paraphrase an opinion issued by the United States District Court for the District of Columbia on August 17, 2006, in *United States* v. *Philip Morris USA Inc.*, 449 F. Supp. 2d 1 (D.D.C. 2006), aff'd in part, vacated in part, 566 F.3d 1095 (D.C. Cir. 2009).  The *United States* v. *Philip Morris USA Inc.* opinion speaks for itself.  Mr. Crosthwaite denies that the *United States* v. *Philip Morris USA Inc.* opinion is quoted and/or paraphrased in context in Paragraph 46 of the Complaint or in its entirety, and deny Plaintiffs' insinuation and implication regarding the content or meaning of the opinion. Mr. Crosthwaite otherwise denies the allegations in Paragraph 46 of the Complaint.

47.     To the extent that the allegations in Paragraph 47 are directed to other Defendants, no responsive pleading is required. To the extent a response is required, Mr. Crosthwaite asserts that the allegations in Paragraph 47 of the Complaint appear to selectively quote and/or paraphrase an opinion issued by the United States District Court for the District of Columbia on August 17, 2006, in *United States* v. *Philip Morris USA Inc.*, 449 F. Supp. 2d 1 (D.D.C. 2006), aff'd in part, vacated in part, 566 F.3d 1095 (D.C. Cir. 2009).  The *United States* v. *Philip Morris USA Inc.*

12

opinion speaks for itself.  Mr. Crosthwaite admits that that the *United States* v. *Philip Morris USA Inc.* opinion contains the language quoted in Paragraph 47 of the Complaint. Mr. Crosthwaite denies that the *United States* v. *Philip Morris USA Inc.* opinion is quoted and/or paraphrased in context in Paragraph 47 of the Complaint or in its entirety, and denies Plaintiffs' insinuation and implication regarding the content or meaning of the opinion.  Mr. Crosthwaite otherwise denies the allegations in Paragraph 47 of the Complaint.

48.    To the extent that the allegations in Paragraph 48 are directed to other Defendants, no responsive pleading is required. To the extent a response is required, Mr. Crosthwaite asserts that the allegations in Paragraph 48 of the Complaint appear to selectively quote and/or paraphrase an opinion issued by the United States District Court for the District of Columbia on August 17, 2006, in *United States* v. *Philip Morris USA Inc.*, 449 F. Supp. 2d 1 (D.D.C. 2006), aff'd in part, vacated in part, 566 F.3d 1095 (D.C. Cir. 2009).  The *United States* v. *Philip Morris USA Inc.* opinion speaks for itself.  Mr. Crosthwaite admits that that the *United States* v. *Philip Morris USA Inc.* opinion contains the language quoted in Paragraph 48 of the Complaint. Mr. Crosthwaite denies that the *United States* v. *Philip Morris USA Inc.* opinion is quoted and/or paraphrased in context in Paragraph 48 of the Complaint or in its entirety, and denies Plaintiffs' insinuation and implication regarding the content or meaning of the opinion.  Mr. Crosthwaite otherwise denies the allegations in Paragraph 48 of the Complaint.

49.    To the extent that the allegations in Paragraph 49 are directed to other Defendants, no responsive pleading is required. To the extent a response is required, Mr. Crosthwaite asserts that the allegations in Paragraph 49 of the Complaint appear to selectively quote and/or paraphrase an opinion issued by the United States District Court for the District of Columbia on August 17, 2006, in *United States* v. *Philip Morris USA Inc.*, 449 F. Supp. 2d 1 (D.D.C. 2006), aff'd in part,

vacated in part, 566 F.3d 1095 (D.C. Cir. 2009). The *United States* v. *Philip Morris USA Inc.* opinion speaks for itself. Mr. Crosthwaite admits that that the *United States* v. *Philip Morris USA Inc.* opinion contains the language quoted in Paragraph 49 of the Complaint. Mr. Crosthwaite denies that the *United States* v. *Philip Morris USA Inc.* opinion is quoted and/or paraphrased in context in Paragraph 49 of the Complaint or in its entirety, and denies Plaintiffs' insinuation and implication regarding the content or meaning of the opinion. Mr. Crosthwaite otherwise denies the allegations in Paragraph 49 of the Complaint.

50. To the extent that the allegations in Paragraph 50 are directed to other Defendants, no responsive pleading is required. To the extent a response is otherwise required, Mr. Crosthwaite asserts that the allegations in Paragraph 50 of the Complaint appear to selectively quote and/or paraphrase an opinion issued by the United States District Court for the District of Columbia on August 17, 2006, in *United States* v. *Philip Morris USA Inc.*, 449 F. Supp. 2d 1 (D.D.C. 2006), aff'd in part, vacated in part, 566 F.3d 1095 (D.C. Cir. 2009). The *United States* v. *Philip Morris USA Inc.* opinion speaks for itself. Mr. Crosthwaite admits that that the *United States* v. *Philip Morris USA Inc.* opinion contains the language quoted in Paragraph 50 of the Complaint. Mr. Crosthwaite denies that the *United States* v. *Philip Morris USA Inc.* opinion is quoted and/or paraphrased in context in Paragraph 50 of the Complaint or in its entirety, and denies Plaintiffs' insinuation and implication regarding the content or meaning of the opinion. Mr. Crosthwaite otherwise denies the allegations in Paragraph 50 of the Complaint.

51. To the extent that the allegations in Paragraph 51 are directed to other Defendants, no responsive pleading is required. To the extent a response is required, Mr. Crosthwaite asserts that the allegations in Paragraph 51 of the Complaint appear to selectively quote and/or paraphrase an opinion issued by the United States District Court for the District of Columbia on August 17,

2006, in *United States* v. *Philip Morris USA Inc.*, 449 F. Supp. 2d 1 (D.D.C. 2006), aff'd in part, vacated in part, 566 F.3d 1095 (D.C. Cir. 2009).  The *United States* v. *Philip Morris USA Inc.* opinion speaks for itself.  Mr. Crosthwaite denies that the *United States* v. *Philip Morris USA Inc.* opinion is paraphrased in context in Paragraph 51 of the Complaint or in its entirety, and denies Plaintiffs' insinuation and implication regarding the content or meaning of the opinion.  Mr. Crosthwaite otherwise denies the allegations in Paragraph 51 of the Complaint.

52.     To the extent that the allegations in Paragraph 52 are directed to other Defendants, no responsive pleading is required.  To the extent a response is required, Mr. Crosthwaite asserts that the allegations in Paragraph 52 of the Complaint appear to selectively quote and/or paraphrase an opinion issued by the United States District Court for the District of Columbia on August 17, 2006, in *United States* v. *Philip Morris USA Inc.*, 449 F. Supp. 2d 1 (D.D.C. 2006), aff'd in part, vacated in part, 566 F.3d 1095 (D.C. Cir. 2009).  The *United States* v. *Philip Morris USA Inc.* opinion speaks for itself.  Mr. Crosthwaite admits that that the *United States* v. *Philip Morris USA Inc.* opinion contains the language quoted in Paragraph 52 of the Complaint. Mr. Crosthwaite denies that the *United States* v. *Philip Morris USA Inc.* opinion is quoted and/or paraphrased in context in Paragraph 52 of the Complaint or in its entirety, and denies Plaintiffs' insinuation and implication regarding the content or meaning of the opinion.  Mr. Crosthwaite otherwise denies the allegations in Paragraph 52 of the Complaint.

53.     To the extent that the allegations in Paragraph 53 are directed to other Defendants, no responsive pleading is required.  To the extent a response is required, Mr. Crosthwaite lacks sufficient knowledge or information to form a belief as to allegations in Paragraph 53 of the Complaint, and on that basis denies them.

## III.    Nicotine is a Harmful and Addictive Chemical, Especially When Used by Youth

54.    To the extent that the allegations in Paragraph 54 are directed to other Defendants, no responsive pleading is required.  To the extent a response is required, Mr. Crosthwaite admits that the nicotine in ENDS is addictive.  Mr. Crosthwaite further admits that nicotine is a naturally occurring component of tobacco.  Except as expressly admitted, Mr. Crosthwaite denies the allegations in Paragraph 54 of the Complaint.

55.    To the extent that the allegations in Paragraph 55 are directed to other Defendants, no responsive pleading is required. To the extent a response is required, Mr. Crosthwaite admits that combustible cigarettes and JLI products deliver nicotine.  Except as expressly admitted, Mr. Crosthwaite denies the allegations in Paragraph 55 of the Complaint.

56.    To the extent that the allegations in Paragraph 56 are directed to other Defendants, no responsive pleading is required. To the extent a response is  required, Mr. Crosthwaite asserts that the allegations in Paragraph 56 of the Complaint purport to selectively quote, reference, and/or paraphrase the articles *Understanding and Addressing Nicotine Addiction: A Science-Based Approach to Policy and Practice* by the Center of Addiction and *Juul disregarded early evidence it was hooking teens* by Chris Kirkham, which speak for themselves.  Mr. Crosthwaite denies that the alleged articles are quoted, referenced, and/or paraphrased in context or in their entirety, and denies Plaintiffs' characterization of the alleged articles, and denies Plaintiffs' insinuation and implication regarding the content or meaning of the alleged articles.  Except as expressly admitted, Mr. Crosthwaite denies the allegations in Paragraph 56 of the Complaint.

57.    To the extent that the allegations in Paragraph 57 are directed to other Defendants, no responsive pleading is required.  To the extent a response is required, Mr. Crosthwaite asserts that the allegations in Paragraph 57 are set forth without citation.  Mr. Crosthwaite lacks sufficient

knowledge or information to form a belief as to allegations in Paragraph 57 of the Complaint, and on that basis denies them.

58. To the extent that the allegations in Paragraph 58 are directed to other Defendants, no responsive pleading is required. To the extent a response is required, Mr. Crosthwaite asserts that the allegations in Paragraph 58 are set forth without citation. Mr. Crosthwaite lacks sufficient knowledge or information to form a belief as to allegations in Paragraph 58 of the Complaint, and on that basis denies them.

59. To the extent that the allegations in Paragraph 59 are directed to other Defendants, no responsive pleading is required. To the extent a response is required, Mr. Crosthwaite asserts that the allegations in Paragraph 59 are set forth without citation. Mr. Crosthwaite lacks sufficient knowledge or information to form a belief as to allegations in Paragraph 59 of the Complaint, and on that basis denies them.

60. To the extent that the allegations in Paragraph 60 are directed to other Defendants, no responsive pleading is required. To the extent a response is required, Mr. Crosthwaite asserts that the allegations in Paragraph 60 of the Complaint purport to selectively quote, reference, and/or paraphrase the article *Know the Risks: E-Cigarettes and Young People* from the U.S. Surgeon General's website. The article speaks for itself. Mr. Crosthwaite denies that the alleged article is quoted, referenced, and/or paraphrased in context or in its entirety, and denies Plaintiffs' characterization of the alleged article, and denies Plaintiffs' insinuation and implication regarding the content or meaning of the alleged article. Mr. Crosthwaite otherwise denies the allegations in Paragraph 60 of the Complaint.

61. To the extent that the allegations in Paragraph 61 are directed to other Defendants, no responsive pleading is required. To the extent a response is required, Mr. Crosthwaite asserts

17

that the allegations in Paragraph 61 of the Complaint purport to selectively quote, reference, and/or paraphrase the article *Nicotine and the Developing Human: A Neglected Element in the Electronic Cigarette Debate* by Lucinda J. England, which speaks for itself.  Mr. Crosthwaite denies that the alleged article is quoted, referenced, and/or paraphrased in context or in its entirety, and denies Plaintiffs' characterization of the alleged article, and denies Plaintiffs' insinuation and implication regarding the content or meaning of the alleged article.  Mr. Crosthwaite otherwise denies the allegations in Paragraph 61 of the Complaint.

62.    To the extent that the allegations in Paragraph 62 are directed to other Defendants, no responsive pleading is required.  To the extent a response is required, Mr. Crosthwaite asserts that the allegations in Paragraph 62 of the Complaint purport to selectively quote, reference, and/or paraphrase the articles *Smoking E-Cigarettes Daily Doubles Risk of Heart Attack*, by Elizabeth Fernandez, and *Nicotine is a Neurotoxin in the Adolescent Brain: Critical Periods, Patterns of Exposure, Regional Selectivity, and Dose Thresholds for Macromolecular Alterations*, by Yael Abreu-Villa, which speak for themselves.  Mr. Crosthwaite denies that the alleged articles are quoted, referenced, and/or paraphrased in context or in their entirety, and denies Plaintiffs' characterization of the alleged articles, and denies Plaintiffs' insinuation and implication regarding the content or meaning of the alleged articles.  Mr. Crosthwaite otherwise denies the allegations in Paragraph 62 of the Complaint.

63.    To the extent that the allegations in Paragraph 63 are directed to other Defendants, no responsive pleading is required.  To the extent a response is required, Mr. Crosthwaite asserts that the allegations in Paragraph 63 of the Complaint purport to selectively quote, reference, and/or paraphrase the articles *Nicotine and the Developing Human: A Neglected Element in the Electronic Cigarette Debate* by Lucinda J. England and *Quick Facts on the Risks of E-cigarettes*

18

*for Kids, Teens, and Young Adults* by CDC, which speak for themselves.  Mr. Crosthwaite denies that the alleged articles are quoted, referenced, and/or paraphrased in context or in their entirety, and denies Plaintiffs' characterization of the alleged articles, and denies Plaintiffs' insinuation and implication regarding the content or meaning of the alleged articles.  Mr. Crosthwaite otherwise denies the allegations in Paragraph 63 of the Complaint.

64.    To the extent that the allegations in Paragraph 64 are directed to other Defendants, no responsive pleading is required.  To the extent a response is required, Mr. Crosthwaite asserts that the allegations in Paragraph 64 of the Complaint purport to selectively quote, reference, and/or paraphrase the articles *In the 'Juul room': E-cigarettes spawn a form of teen addiction that worries doctors, parents and schools*, by Moriah Balingit, and *The Price of Cool: A Teenager, a Juul and Nicotine Addiction*, by Jan Hoffman, which speak for themselves.  Mr. Crosthwaite denies that the alleged articles are quoted, referenced, and/or paraphrased in context or in their entirety, and denies Plaintiffs' characterization of the alleged articles, and denies Plaintiffs' insinuation and implication regarding the content or meaning of the alleged articles.  Mr. Crosthwaite otherwise denies the allegations in Paragraph 64 of the Complaint.

65.    Mr. Crosthwaite lacks sufficient knowledge or information to form a belief as to the allegations in Paragraph 65 of the Complaint, and on that basis denies them.

66.    Mr. Crosthwaite asserts that the allegations in Paragraph 66 are set forth without citation.  Mr. Crosthwaite lacks sufficient knowledge or information to form a belief as to the allegations in Paragraph 66 of the Complaint, and on that basis denies them.

67.    The allegations in Paragraph 67 of the Complaint purport to selectively quote, reference, and/or paraphrase the article *What are the respiratory effects of e-cigarettes?* by Jeffrey Gotts, which speaks for itself.  Mr. Crosthwaite denies that the alleged article is quoted,

referenced, and/or paraphrased in context or in its entirety, and denies Plaintiffs' characterization of the alleged article, and denies Plaintiffs' insinuation and implication regarding the content or meaning of the alleged article. Mr. Crosthwaite otherwise denies the allegations in Paragraph 67 of the Complaint.

## IV.    Relevant Regulations Concerning E-Cigarettes

### A.    It is Illegal to Market or Sell E-Cigarettes to Anyone Under the Age of 18

68.    The allegations in Paragraph 68 of the Complaint state a legal conclusion for which no response is required. To the extent a response is required, Paragraph 68 of the Complaint purports to selectively quote, reference, and/or paraphrase the Family Smoking Prevention and Tobacco Control Act ("Tobacco Control Act"). Mr. Crosthwaite asserts that the Tobacco Control Act speaks for itself. Mr. Crosthwaite otherwise denies the allegations in Paragraph 68 of the Complaint.

69.    The allegations in Paragraph 69 of the Complaint state a legal conclusion for which no response is required. To the extent a response is required, Paragraph 69 of the Complaint purports to selectively quote, reference, and/or paraphrase the Tobacco Control Act. Mr. Crosthwaite asserts that the Tobacco Control Act speaks for itself. Mr. Crosthwaite denies that the Act is quoted, referenced, and/or paraphrased in context or in its entirety, and denies Plaintiffs' characterization of the Act, and denies Plaintiffs' insinuation and implication regarding the content or meaning of the Act. Mr. Crosthwaite otherwise denies the allegations in Paragraph 69 of the Complaint.

70.    Mr. Crosthwaite admits that on May 10, 2016 the FDA published a final rule, effective August 8, 2016, which speaks for itself (the "Deeming Rule"). Mr. Crosthwaite denies that the Deeming Rule is quoted, referenced, and/or paraphrased in context or in its entirety,

20

denies Plaintiffs' characterization of the Deeming Rule, and denies Plaintiffs' insinuation and implication regarding the content or meaning of the Deeming Rule. Except as expressly admitted, Mr. Crosthwaite denies the allegations in Paragraph 70 of the Complaint.

71. The allegations in Paragraph 71 of the Complaint purport to selectively quote, reference, and/or paraphrase certain state laws, which speak for themselves  Mr. Crosthwaite otherwise denies the allegations in Paragraph 71 of the Complaint.

### B. Modified Risk Tobacco Products Must Be Approved by the FDA

72. The allegations in Paragraph 72 of the Complaint purport to selectively quote, reference, and/or paraphrase the Food, Drug, and Cosmetic Act ("FD&C Act"), which speaks for itself. Mr. Crosthwaite otherwise denies the allegations in Paragraph 72 of the Complaint.

73. The allegations in Paragraph 73 of the Complaint purport to selectively quote, reference, and/or paraphrase the FD&C Act, which speaks for itself. Mr. Crosthwaite otherwise denies the allegations in Paragraph 73 of the Complaint.

74. The allegations in Paragraph 74 of the Complaint purport to selectively quote, reference, and/or paraphrase certain FDA regulations, which speak for themselves. Mr. Crosthwaite otherwise denies the allegations in Paragraph 74 of the Complaint.

75. Mr. Crosthwaite admits that it has not received FDA authorization to make a modified risk claim. Except as expressly admitted, Mr. Crosthwaite denies the allegations in Paragraph 75 of the Complaint.

### V. JLI Designed Its Product to Spike Nicotine Delivery Levels with Improved Taste to Make It More Appealing, Addictive and Dangerous, Especially to Young People

### A. Defendants Understood That Maximizing Nicotine Addiction Was the "Magic" Behind Cigarettes' Stratospheric Commercial Success

76. To the extent that the allegations in Paragraph 76 are directed to other Defendants, no responsive pleading is required. To the extent a response is otherwise required, Mr.

Crosthwaite asserts that the allegations in Paragraph 76 of the Complaint purport to selectively quote, reference, and/or paraphrase the article *Nicotine Addiction: A Report of the Surgeon General*, which speaks for itself.  Mr. Crosthwaite denies that the alleged article is quoted, referenced, and/or paraphrased in context or in its entirety, and denies Plaintiffs' characterization of the alleged article, and denies Plaintiffs' insinuation and implication regarding the content or meaning of the alleged article.  Mr. Crosthwaite otherwise denies the allegations in Paragraph 76 of the Complaint.

77.     To the extent that the allegations in Paragraph 77 are directed to other Defendants, no responsive pleading is required. To the extent a response is otherwise required, Mr. Crosthwaite asserts that the allegations in Paragraph 77 of the Complaint purport to selectively quote, reference, and/or paraphrase article *Nicotine Chemistry, Metabolism, Kinetics and Biomarkers* by Neal Benowitz, which speaks for itself.  Mr. Crosthwaite denies that the alleged article is quoted, referenced, and/or paraphrased in context or in its entirety, and denies Plaintiffs' characterization of the alleged article, and denies Plaintiffs' insinuation and implication regarding the content or meaning of the alleged article.  Mr. Crosthwaite otherwise denies the allegations in Paragraph 77 of the Complaint.

78.     To the extent that the allegations in Paragraph 78 are directed to other Defendants, no responsive pleading is required.  To the extent a response is otherwise required, Mr. Crosthwaite asserts that the allegations in Paragraph 78 of the Complaint purport to selectively quote, reference, and/or paraphrase the article *Nicotine Chemistry, Metabolism, Kinetics and Biomarkers* by Neal Benowitz, which speaks for itself.  Mr. Crosthwaite denies that the alleged article is quoted, referenced, and/or paraphrased in context or in its entirety, and denies Plaintiffs' characterization of the alleged article, and denies Plaintiffs' insinuation and implication regarding

22

the content or meaning of the alleged article.  Mr. Crosthwaite otherwise denies the allegations in Paragraph 78 of the Complaint.

79.     To the extent that the allegations in Paragraph 79 are directed to other Defendants, no responsive pleading is required.  To the extent a response is required, Mr. Crosthwaite asserts that the allegations in Paragraph 79 of the Complaint purport to selectively quote, reference, and/or paraphrase the article *Nicotine Chemistry, Metabolism, Kinetics and Biomarkers* by Neal Benowitz, which speaks for itself.  Mr. Crosthwaite denies that the alleged article is quoted, referenced, and/or paraphrased in context or in its entirety, and denies Plaintiffs' characterization of the alleged article, and denies Plaintiffs' insinuation and implication regarding the content or meaning of the alleged article.  Mr. Crosthwaite otherwise denies the allegations in Paragraph 79 of the Complaint.

80.     To the extent that the allegations in Paragraph 80 are directed to other Defendants, no responsive pleading is required.  To the extent a response is required, Mr. Crosthwaite asserts that the allegations in Paragraph 80 of the Complaint purport to selectively quote, reference, and/or paraphrase the article *Preventing Tobacco Use Among Youth and Adults, A Report of the Surgeon General*, which speaks for itself.  Mr. Crosthwaite denies that the alleged article is quoted, referenced, and/or paraphrased in context or in its entirety, and denies Plaintiffs' characterization of the alleged article, and denies Plaintiffs' insinuation and implication regarding the content or meaning of the alleged article.  Mr. Crosthwaite otherwise denies the allegations in Paragraph 80 of the Complaint.

81.     To the extent that the allegations in Paragraph 81 are directed to other Defendants, no responsive pleading is required. To the extent a response is required, Mr. Crosthwaite asserts that the allegations in Paragraph 81 of the Complaint purport to selectively quote, reference,

and/or paraphrase the articles *Know The Risks: E-Cigarettes & Young People*, *Nicotine and the Adolescent Brain* by the office of the Surgeon General and *Short- and Long-Term Consequences of Nicotine Exposure During Adolescence for Prefrontal Cortex Neuronal Network Function* by NIH, which speak for themselves.  Mr. Crosthwaite denies that the alleged articles are quoted, referenced, and/or paraphrased in context or in its entirety, and denies Plaintiffs' characterization of the alleged articles, and denies Plaintiffs' insinuation and implication regarding the content or meaning of the alleged articles.  Mr. Crosthwaite otherwise denies the allegations in Paragraph 81 of the Complaint.

82.     To the extent that the allegations in Paragraph 82 are directed to other Defendants, no responsive pleading is required.  To the extent a response is required, Mr. Crosthwaite asserts that the allegations in Paragraph 82 of the Complaint purport to selectively quote, reference, and/or paraphrase the article *2014 Surgeon General's Report: The Health Consequences of Smoking—50 Years of Progress* by CDC, which speaks for itself.  Mr. Crosthwaite denies that the alleged article is quoted, referenced, and/or paraphrased in context or in its entirety, and denies Plaintiffs' characterization of the alleged article, and denies Plaintiffs' insinuation and implication regarding the content or meaning of the alleged article.  Mr. Crosthwaite otherwise denies the allegations in Paragraph 82 of the Complaint.

83.     To the extent that the allegations in Paragraph 83 are directed to other Defendants, no responsive pleading is required.  To the extent a response is required, Mr. Crosthwaite lacks sufficient knowledge or information to form a belief as to allegations in Paragraph 83 of the Complaint, and on that basis denies them.

84.     To the extent that the allegations in Paragraph 84 are directed to other Defendants, no responsive pleading is required.  To the extent a response is required, Mr. Crosthwaite asserts

24

that the allegations in Paragraph 84 of the Complaint purport to selectively quote, reference, and/or paraphrase the articles *Trends in Cigarette Smoking Among High School Students—United States* and *Cigarette smoking among U.S. high school students at lowest level in 22 years*, *2014 Surgeon General's Report: The Health Consequences of Smoking—50 Years of Progress*, and *Cigarette smoking among U.S. high school students at lowest level in 22 years*, which speak for themselves.  Mr. Crosthwaite denies that the alleged articles are quoted, referenced, and/or paraphrased in context or in their entirety, and denies Plaintiffs' characterization of the alleged articles, and denies Plaintiffs' insinuation and implication regarding the content or meaning of the alleged articles.  Mr. Crosthwaite otherwise denies the allegations in Paragraph 84 of the Complaint.

85.    To the extent that the allegations in Paragraph 85 are directed to other Defendants, no responsive pleading is required.  To the extent a response is required, Mr. Crosthwaite asserts that the allegations in Paragraph 85 of the Complaint purport to selectively quote, reference, and/or paraphrase the article *LET'S MAKE THE NEXT GENERATION TOBACCO-FREE: Your Guide to the 50th Anniversary Surgeon General's Report on Smoking and Health*, which speaks for itself.  Mr. Crosthwaite denies that the alleged article is quoted, referenced, and/or paraphrased in context or in its entirety, and denies Plaintiffs' characterization of the alleged article, and denies Plaintiffs' insinuation and implication regarding the content or meaning of the alleged article.  Mr. Crosthwaite otherwise denies the allegations in Paragraph 85 of the Complaint.

86.    To the extent that the allegations in Paragraph 86 are directed to other Defendants, no responsive pleading is required.  To the extent a response is required, Mr. Crosthwaite denies the allegations in Paragraph 86 of the Complaint.

**B.**     **Following the Big Tobacco Playbook, Defendants Sought to Market a Product That Would Create and Sustain Nicotine Addiction, but Without the Stigma Associated with Cigarettes**

87.     To the extent that the allegations in Paragraph 87 are directed to other Defendants, no responsive pleading is required.  To the extent a response is required, Mr. Crosthwaite denies the allegations in Paragraph 87 of the Complaint.

88.     To the extent that the allegations in Paragraph 88 are directed to other Defendants, no responsive pleading is required.  To the extent a response is required, Mr. Crosthwaite asserts that the allegations in Paragraph 88 of the Complaint purport to selectively quote, reference, and/or paraphrase the article *Pax Labs: Origins with James Monsees* by Gabriel Montoya, which speaks for itself.  Mr. Crosthwaite denies that the alleged article is quoted, referenced, and/or paraphrased in context or in its entirety, and denies Plaintiffs' characterization of the alleged article, and denies Plaintiffs' insinuation and implication regarding the content or meaning of the alleged article.  Mr. Crosthwaite otherwise denies the allegations in Paragraph 88 of the Complaint.

89.     To the extent that the allegations in Paragraph 89 are directed to other Defendants, no responsive pleading is required.  To the extent a response is required, Mr. Crosthwaite asserts that the allegations in Paragraph 89 of the Complaint purport to selectively quote, reference, and/or paraphrase the article *This is the Stanford Thesis Presentation That Launched Juul* by Jordan Crook, which speaks for itself.  Mr. Crosthwaite denies that the alleged article is quoted, referenced, and/or paraphrased in context or in its entirety, and denies Plaintiffs' characterization of the alleged article, and denies Plaintiffs' insinuation and implication regarding the content or meaning of the alleged article.  Mr. Crosthwaite otherwise denies the allegations in Paragraph 89 of the Complaint.

90.     To the extent that the allegations in Paragraph 90 are directed to other Defendants, no responsive pleading is required. To the extent a response is otherwise required, Mr. Crosthwaite asserts that the allegations in Paragraph 89 of the Complaint purport to selectively quote, reference, and/or paraphrase 1978 memorandum titled *Smoking Satisfaction and Tar/Nicotine Control* by Thomas Perfetti, which speaks for itself.  Mr. Crosthwaite denies that the alleged memorandum is quoted, referenced, and/or paraphrased in context or in its entirety, and denies Plaintiffs' characterization of the alleged memorandum, and denies Plaintiffs' insinuation and implication regarding the content or meaning of the alleged memorandum.  Mr. Crosthwaite admits that JLI developed a cartridge-based e-cigarette using nicotine salts.  Except as expressly admitted, Mr. Crosthwaite denies the allegations in Paragraph 90 of the Complaint.

91.     To the extent that the allegations in Paragraph 91 are directed to other Defendants, no responsive pleading is required.  To the extent a response is required, Mr. Crosthwaite asserts that the allegations in Paragraph 91 of the Complaint purport to selectively quote, reference, and/or paraphrase the article *This Might Just Be the First Great E-Cig* by David Pierce.  This article speaks for itself.  Mr. Crosthwaite denies that the alleged article is quoted, referenced, and/or paraphrased in context or in its entirety, and denies Plaintiffs' characterization of the alleged article, and denies Plaintiffs' insinuation and implication regarding the content or meaning of the alleged article.  Mr. Crosthwaite otherwise denies the allegations in Paragraph 91 of the Complaint.

92.     To the extent that the allegations in Paragraph 92 are directed to other Defendants, no responsive pleading is required.  To the extent a response is otherwise required, Mr. Crosthwaite admits that the JUUL device is composed of at least a rechargeable battery, electronic circuity, an enclosure, a magnet, an LED, and pressure sensors.  Mr. Crosthwaite further admits

27

that the JUUL system operates by heating an e-liquid and to create an inhalable aerosol and that one JUULpod contains approximately 0.7 milliliters of e-liquid.  Except as expressly admitted, Mr. Crosthwaite denies the allegations in Paragraph 92 of the Complaint.

93.    To the extent that the allegations in Paragraph 93 are directed to other Defendants, no responsive pleading is required.  To the extent a response is required, Mr. Crosthwaite admits that that JUULpods in Mango, Fruit, Creme, and Cucumber flavors were sold by JLI to traditional retail outlets and commercial distributors through its wholesale and retail distribution system until November 2018 and direct to consumers online until October 2019.  Mr. Crosthwaite further admits that the image reproduced on page 26 shows a JLI Starter Kit with four flavored JUULpods.   Except as expressly admitted, Mr. Crosthwaite denies the allegations in Paragraph 93 of the Complaint.

94.    To the extent that the allegations in Paragraph 94 are directed to other Defendants, no responsive pleading is required.  To the extent a response is required, Mr. Crosthwaite asserts that the allegations in Paragraph 94 of the Complaint purport to selectively quote, reference, and/or paraphrase a letter that allegedly appeared on JLI's website. This letter speaks for itself. Mr. Crosthwaite denies that the alleged letter is quoted, referenced, and/or paraphrased in context or in its entirety, and denies Plaintiffs' characterization of the alleged letter, and denies Plaintiffs' insinuation and implication regarding the content or meaning of the alleged letter.   Mr. Crosthwaite otherwise denies the allegations in Paragraph 94 of the Complaint.

95.    To the extent that the allegations in Paragraph 95 are directed to other Defendants, no responsive pleading is required.  To the extent a response is required, Mr. Crosthwaite asserts that the allegations in Paragraph 95 of the Complaint purport to selectively quote, reference, and/or paraphrase a letter from the U.S. Food and Drug Administration.  This letter speaks for

itself.  Mr. Crosthwaite denies that the alleged letter is quoted, referenced, and/or paraphrased in context or in its entirety, and denies Plaintiffs' characterization of the alleged letter, and denies Plaintiffs' insinuation and implication regarding the content or meaning of the alleged letter.  Mr. Crosthwaite otherwise denies the allegations in Paragraph 95 of the Complaint.

96.     To the extent that the allegations in Paragraph 96 are directed to other Defendants, no responsive pleading is required.  To the extent a response is required, Mr. Crosthwaite asserts the allegations in Paragraph 96 of the Complaint purport to selectively quote, reference, and/or paraphrase the article *Juul's Convenient Smoke Screen* by Kevin Roose, which speaks for itself. Mr. Crosthwaite denies that the alleged article is quoted, referenced, and/or paraphrased in context or in its entirety, and denies Plaintiffs' characterization of the alleged article, and denies Plaintiffs' insinuation and implication regarding the content or meaning of the alleged article.  Mr. Crosthwaite otherwise denies the allegations in Paragraph 96 of the Complaint.

97.     To the extent that the allegations in Paragraph 97 are directed to other Defendants, no responsive pleading is required.  To the extent a response is required, Mr. Crosthwaite asserts the allegations in Paragraph 97 of the Complaint purport to selectively quote, reference, and/or paraphrase a press release, which speaks for itself.  Mr. Crosthwaite denies that the alleged press release is quoted, referenced, and/or paraphrased in context or in its entirety, and denies Plaintiffs' characterization of the alleged press release, and denies Plaintiffs' insinuation and implication regarding the content or meaning of the alleged press release.  Mr. Crosthwaite otherwise denies the allegations in Paragraph 97 of the Complaint.

C.      **JLI Designed a Nicotine Delivery Device Intended to Create and Sustain Addiction**

98.     To the extent that the allegations in Paragraph 98 are directed to other Defendants, no responsive pleading is required.  To the extent a response is required, Mr. Crosthwaite asserts

the allegations in Paragraph 98 of the Complaint purport to selectively quote, reference, and/or paraphrase a memorandum by T.L. Achey, and a memorandum titled *Research Planning Memorandum on Some Thoughts About New Brands of Cigarettes for the Youth Market* by Claude Teague, which speak for themselves. Mr. Crosthwaite denies that the alleged memoranda are quoted, referenced, and/or paraphrased in context or in their entirety, and denies Plaintiffs' characterization of the alleged memoranda, and denies Plaintiffs' insinuation and implication regarding the content or meaning of the alleged memoranda. Mr. Crosthwaite otherwise denies the allegations in Paragraph 98 of the Complaint.

### 1. JLI Made Addictive E-Cigarettes Easy and Pleasant for Young People and Non-Smokers to Inhale

99. To the extent that the allegations in Paragraph 99 are directed to other Defendants, no responsive pleading is required. To the extent a response is required, Mr. Crosthwaite lacks sufficient knowledge or information to form a belief as to allegations in Paragraph 99 of the Complaint, and on that basis denies them.

100. To the extent that the allegations in Paragraph 100 are directed to other Defendants, no responsive pleading is required. To the extent a response is otherwise required, Mr. Crosthwaite asserts the allegations in Paragraph 100 of the Complaint purport to selectively quote, reference, and/or paraphrase the article *Nicotine Arms Race: JUUL and the High-nicotine Product Market* by Robert K. Jackler and Divya Ramamurthi, which speaks for itself. Mr. Crosthwaite denies that the alleged article is quoted, referenced, and/or paraphrased in context or in its entirety, and denies Plaintiffs' characterization of the alleged article, and denies Plaintiffs' insinuation and implication regarding the content or meaning of the alleged article. Except as expressly admitted, Mr. Crosthwaite denies the allegations in Paragraph 100 of the Complaint.

101.    To the extent that the allegations in Paragraph 101 are directed to other Defendants, no responsive pleading is required.  To the extent a response is required, Mr. Crosthwaite asserts the allegations in Paragraph 101 of the Complaint purport to selectively quote, reference, and/or paraphrase the article *Nicotine Arms Race: JUUL and the High-nicotine Product Market* by Robert K. Jackler and Divya Ramamurthi, which speaks for itself.  Mr. Crosthwaite denies that the alleged article is quoted, referenced, and/or paraphrased in context or in its entirety, and denies Plaintiffs' characterization of the alleged article, and denies Plaintiffs' insinuation and implication regarding the content or meaning of the alleged article.  Mr. Crosthwaite otherwise denies the allegations in Paragraph 101 of the Complaint.

102.    To the extent that the allegations in Paragraph 102 are directed to other Defendants, no responsive pleading is required.  To the extent a response is required, Mr. Crosthwaite admits that JLI's nicotine-salt-based e-liquid formulation was designed as a nicotine delivery system that provided a physiological effect and experience more similar to the use of combustible cigarettes for adult smokers than other e-cigarettes on the market at that time.  Mr. Crosthwaite further admits that using a nicotine-salt-based formulation, rather than a freebase nicotine, in the e-liquid allows smokers to have a satisfactory experience from the use of JUUL products to compete with cigarettes and help adult smokers switch from combustible use.  Except as expressly admitted, Mr. Crosthwaite denies the allegations in Paragraph 102.

### 2.    JLI's Initial Experiments Measured Non-Smokers' "Buzz" Levels and Perceptions of Throat Harshness

103.    To the extent that the allegations in Paragraph 103 are directed to other Defendants, no responsive pleading is required.  To the extent a response is required, Mr. Crosthwaite admits that JLI's nicotine-salt-based e-liquid formulation was designed as a nicotine delivery system that provided a physiological effect and experience more similar to the use of combustible cigarettes

31

for adult smokers than other e-cigarettes on the market at that time. Mr. Crosthwaite further admits that using a nicotine-salt-based formulation, rather than a freebase nicotine, in the e-liquid allows smokers to have a satisfactory experience from the use of JUUL products to compete with cigarettes and help adult smokers switch from combustible use.  Except as expressly admitted, Mr. Crosthwaite denies the allegations in Paragraph 103.

104. To the extent that the allegations in Paragraph 104 are directed to other Defendants, no responsive pleading is required.  To the extent a response is required, Mr. Crosthwaite asserts the allegations in Paragraph 104 of the Complaint purport to selectively quote, reference, and/or paraphrase the article *Juul Disregarded Early Evidence it was Hooking Teens* by Chris Kirkham, which speaks for itself.  Mr. Crosthwaite denies that the alleged article is quoted, referenced, and/or paraphrased in context or in its entirety, and denies Plaintiffs' characterization of the alleged article, and denies Plaintiffs' insinuation and implication regarding the content or meaning of the alleged article.  Mr. Crosthwaite otherwise denies the allegations in Paragraph 104 of the Complaint.

105. To the extent that the allegations in Paragraph 105 are directed to other Defendants, no responsive pleading is required.  To the extent a response is  required, Mr. Crosthwaite asserts the allegations in Paragraph 105 of the Complaint purport to selectively quote, reference, and/or paraphrase the article *Free-Base Nicotine Determination in Electronic Cigarette Liquids by HNMR Spectroscopy* by Anna Duell, which speaks for itself.  Mr. Crosthwaite denies that the alleged article is quoted, referenced, and/or paraphrased in context or in its entirety, and denies Plaintiffs' characterization of the alleged article, and denies Plaintiffs' insinuation and implication regarding the content or meaning of the alleged article.  Mr. Crosthwaite otherwise denies the allegations in Paragraph 105 of the Complaint.

106. To the extent that the allegations in Paragraph 106 are directed to other Defendants, no responsive pleading is required. To the extent a response is required, Mr. Crosthwaite asserts the allegations in Paragraph 106 of the Complaint purport to selectively quote, reference, and/or paraphrase the article *Juul Says It Doesn't Target Kids. But Its E-Cigarettes Pull Them In* by David Kessler, which speaks for itself. Mr. Crosthwaite denies that the alleged article is quoted, referenced, and/or paraphrased in context or in its entirety, and denies Plaintiffs' characterization of the alleged article, and denies Plaintiffs' insinuation and implication regarding the content or meaning of the alleged article. Mr. Crosthwaite otherwise denies the allegations in Paragraph 106 of the Complaint.

107. To the extent that the allegations in Paragraph 107 are directed to other Defendants, no responsive pleading is required. To the extent a response is required, Mr. Crosthwaite asserts the allegations in Paragraph 107 of the Complaint purport to selectively quote, reference, and/or paraphrase the article *Free-Base Nicotine Determination in Electronic Cigarette Liquids by HNMR Spectroscopy* by Anna Duell, which speaks for itself. Mr. Crosthwaite denies that the alleged article is quoted, referenced, and/or paraphrased in context or in its entirety, and denies Plaintiffs' characterization of the alleged article, and denies Plaintiffs' insinuation and implication regarding the content or meaning of the alleged article. Mr. Crosthwaite otherwise denies the allegations in Paragraph 107 of the Complaint.

**3.     JUUL's E-Cigarettes Rapidly Deliver Substantially Higher Doses of Nicotine than Cigarettes**

108. To the extent that the allegations in Paragraph 108 are directed to other Defendants, no responsive pleading is required. To the extent a response is required, Mr. Crosthwaite admits that JLI conducted a pharmacokinetic study that it submitted a non-provisional patent application in October 2014, which was granted as U.S. Patent No. 9,125,895 in December 2015. Mr.

33

Crosthwaite further admits that the named inventors on U.S. Patent No. 9,215,895 were Adam Bowen and Chenyue Xing. The patent application speaks for itself. Mr. Crosthwaite denies that the alleged patent application is quoted, referenced, and/or paraphrased in context or in its entirety, and denies Plaintiffs' characterization of the alleged patent application, and denies Plaintiffs' insinuation and implication regarding the content or meaning of the alleged patent application. Mr. Crosthwaite otherwise denies the allegations in Paragraph 108 of the Complaint.

109. To the extent that the allegations in Paragraph 109 are directed to other Defendants, no responsive pleading is required. To the extent a response is required, Mr. Crosthwaite asserts the allegations in Paragraph 109 of the Complaint purport to selectively quote, reference, and/or paraphrase U.S. Patent No. 9,215,895, which speaks for itself. Mr. Crosthwaite denies that the alleged patent is quoted, referenced, and/or paraphrased in context or in its entirety, and denies Plaintiffs' characterization of the alleged patent, and denies Plaintiffs' insinuation and implication regarding the content or meaning of the alleged patent. Mr. Crosthwaite otherwise denies the allegations in Paragraph 109 of the Complaint.

110. To the extent that the allegations in Paragraph 110 are directed to other Defendants, no responsive pleading is required. To the extent a response is required, Mr. Crosthwaite asserts the allegations in Paragraph 110 of the Complaint purport to selectively quote, reference, and/or paraphrase U.S. Patent No. 9,215,895, which speaks for itself. Mr. Crosthwaite denies that the alleged patent is quoted, referenced, and/or paraphrased in context or in its entirety, and denies Plaintiffs' characterization of the alleged patent, and denies Plaintiffs' insinuation and implication regarding the content or meaning of the alleged patent. Mr. Crosthwaite otherwise denies the allegations in Paragraph 110 of the Complaint.

111.   To the extent that the allegations in Paragraph 111 are directed to other Defendants, no responsive pleading is required.  To the extent a response is required, Mr. Crosthwaite asserts the allegations in Paragraph 111 of the Complaint purport to selectively quote, reference, and/or paraphrase U.S. Patent No. 9,215,895, which speaks for itself.  Mr. Crosthwaite denies that the alleged patent is quoted, referenced, and/or paraphrased in context or in its entirety, and denies Plaintiffs' characterization of the alleged patent, and denies Plaintiffs' insinuation and implication regarding the content or meaning of the alleged patent.  Mr. Crosthwaite otherwise denies the allegations in Paragraph 111 of the Complaint.

112.   To the extent that the allegations in Paragraph 112 are directed to other Defendants, no responsive pleading is required.  To the extent a response is required, Mr. Crosthwaite asserts the allegations in Paragraph 112 of the Complaint purport to selectively quote, reference, and/or paraphrase U.S. Patent No. 9,215,895, the article *Nicotine Yield from Machine Smoked Cigarettes and Nicotine Intakes in Smokers: Evidence From a Representative Population Survey* by Martin Jarvis, and a letter *Resume of Results from Eight-Week Smoking Study* by Peggy Martin, which speak for themselves.  Mr. Crosthwaite denies that the alleged patent, article, or letter are quoted, referenced, and/or paraphrased in context or in its entirety, and denies Plaintiffs' characterization of the alleged patent, article, or letter, and denies Plaintiffs' insinuation and implication regarding the content or meaning of the alleged patent, article, or letter.  Mr. Crosthwaite otherwise denies the allegations in Paragraph 112 of the Complaint.

113.   To the extent that the allegations in Paragraph 113 are directed to other Defendants, no responsive pleading is required.  To the extent a response is required, Mr. Crosthwaite asserts the allegations in Paragraph 113 of the Complaint purport to selectively quote, reference, and/or paraphrase the articles *Free Radical, Carbonyl, and Nicotine Levels Produced by JUUL*

35

*Electronic Cigarettes* by Samantha Reilly and *Electronic Cigarettes and Nicotine Clinical Pharmacology* by Megan Schroeder and Allison Hoffman, which speak for themselves. Mr. Crosthwaite denies that the alleged articles are quoted, referenced, and/or paraphrased in context or in their entirety, and denies Plaintiffs' characterization of the alleged articles, and denies Plaintiffs' insinuation and implication regarding the content or meaning of the alleged articles. Mr. Crosthwaite otherwise denies the allegations in Paragraph 113 of the Complaint.

114. To the extent that the allegations in Paragraph 114 are directed to other Defendants, no responsive pleading is required. To the extent a response is required, Mr. Crosthwaite asserts the allegations in Paragraph 114 of the Complaint purport to selectively quote, reference, and/or paraphrase the article *Discrepancies in Reported Versus Measured Nicotine Content of E-cigarette Refill Liquids Across Nine European Countries Before and After the Implementation of the EU Tobacco Products Directive*, which speaks for itself. Mr. Crosthwaite denies that the alleged article is quoted, referenced, and/or paraphrased in context or in its entirety, and denies Plaintiffs' characterization of the alleged article, and denies Plaintiffs' insinuation and implication regarding the content or meaning of the alleged article. Mr. Crosthwaite admits on information and belief that, at present, consumers in the European Union can buy e-cigarette products, including but not limited to JUUL products, in a range of concentrations up to but not exceeding 20 mg/ml of nicotine. Except as expressly admitted, Mr. Crosthwaite denies the allegations in Paragraph 114 of the Complaint.

115. To the extent that the allegations in Paragraph 115 are directed to other Defendants, no responsive pleading is required. To the extent a response is required, Mr. Crosthwaite asserts the allegations in Paragraph 115 of the Complaint purport to selectively quote, reference, and/or paraphrase the article *Juul Disregarded Early Evidence it was Hooking Teens* by Chris Kirkham,

36

which speaks for itself.  Mr. Crosthwaite denies that the alleged article is quoted, referenced, and/or paraphrased in context or in its entirety, and denies Plaintiffs' characterization of the alleged article, and denies Plaintiffs' insinuation and implication regarding the content or meaning of the alleged article.  Mr. Crosthwaite admits that JLI submitted a patent application for certain dosage control mechanisms in 2014.  Mr. Crosthwaite otherwise denies the allegations in Paragraph 115 of the Complaint.

116.   To the extent that the allegations in Paragraph 116 are directed to other Defendants, no responsive pleading is required.  To the extent a response is required, Mr. Crosthwaite denies the allegations in Paragraph 116 of the Complaint.

### 4.   JUUL's Design Did Not Look Like a Cigarette, Making It Attractive to Non-Smokers and Easy for Young People to Use Without Detection

117.   To the extent that the allegations in Paragraph 117 are directed to other Defendants, no responsive pleading is required.  To the extent a response is required, Mr. Crosthwaite denies the allegations in Paragraph 117 of the Complaint.

118.   To the extent that the allegations in Paragraph 117 are directed to other Defendants, no responsive pleading is required.  To the extent a response is required, Mr. Crosthwaite asserts the allegations in Paragraph 118 of the Complaint purport to selectively quote, reference, and/or paraphrase the 1973 memorandum *Research Planning Memorandum on Some Thoughts About New Brands of Cigarettes for the Youth Market* from Claude Teague, which speaks for itself. Mr. Crosthwaite denies that the alleged memorandum is quoted, referenced, and/or paraphrased in context or in its entirety, and denies Plaintiffs' characterization of the alleged memorandum, and denies Plaintiffs' insinuation and implication regarding the content or meaning of the alleged memorandum.   Mr. Crosthwaite otherwise denies the allegations in Paragraph 118 of the Complaint.

119.   To the extent that the allegations in Paragraph 119 are directed to other Defendants, no responsive pleading is required.  To the extent a response is required, Mr. Crosthwaite denies the allegations in Paragraph 119 of the Complaint.

120.   To the extent that the allegations in Paragraph 120 are directed to other Defendants, no responsive pleading is required.  To the extent a response is required, Mr. Crosthwaite admits that the JUUL device is distinct from a traditional cigarette.  Except as expressly admitted, Mr. Crosthwaite denies the allegations in Paragraph 120 of the Complaint.

121.   To the extent that the allegations in Paragraph 121 are directed to other Defendants, no responsive pleading is required.  To the extent a response is required, Mr. Crosthwaite admits that the JUUL device has a small, rectangular shape and contains a rechargeable battery that is charged by a USB port.  Except as expressly admitted, Mr. Crosthwaite denies the allegations in Paragraph 121 of the Complaint.

122.   To the extent that the allegations in Paragraph 122 are directed to other Defendants, no responsive pleading is required.  To the extent a response is required, Mr. Crosthwaite asserts the allegations in Paragraph 122 of the Complaint purport to selectively quote, reference, and/or paraphrase the YouTube video *How JUUL Made Nicotine Go Viral*, which speaks for itself.  Mr. Crosthwaite denies that the alleged video is quoted, referenced, and/or paraphrased in context or in its entirety, and denies Plaintiffs' characterization of the alleged video, and denies Plaintiffs' insinuation and implication regarding the content or meaning of the alleged video.  Mr. Crosthwaite admits that the JUUL device has a small, rectangular shape.  Mr. Crosthwaite further admits that Adam Bowen previously worked for Apple.  Except as expressly admitted, Mr. Crosthwaite denies the allegations in Paragraph 122 of the Complaint.

123. To the extent that the allegations in Paragraph 123 are directed to other Defendants, no responsive pleading is required. To the extent a response is required, Mr. Crosthwaite asserts the allegations in Paragraph 123 of the Complaint purport to selectively quote, reference, and/or paraphrase the article *Getting Your Juul Into Party Mode* by Jon Hos, which speaks for itself. Mr. Crosthwaite denies that the alleged article is quoted, referenced, and/or paraphrased in context or in its entirety, and denies Plaintiffs' characterization of the alleged article, and denies Plaintiffs' insinuation and implication regarding the content or meaning of the alleged article. Mr. Crosthwaite admits that there is a battery indicator LED light on JUUL devices. Mr. Crosthwaite further admits that the JUUL device's battery indicator light may flash in different colors when shaken rapidly. Except as expressly admitted, Mr. Crosthwaite denies the allegations in Paragraph 123 of the Complaint.

124. To the extent that the allegations in Paragraph 124 are directed to other Defendants, no responsive pleading is required. To the extent a response is required, Mr. Crosthwaite admits, on information and belief, that it is not aware of any e-cigarette manufacturers that used nicotine-salt-based e-liquid formulations before JLI began selling JUULpods. Except as expressly admitted, Mr. Crosthwaite denies the allegations in Paragraph 124 of the Complaint.

125. To the extent that the allegations in Paragraph 125 are directed to other Defendants, no responsive pleading is required. To the extent a response is required, Mr. Crosthwaite admits that its nicotine-salt-based e-liquid formulation was designed as a nicotine delivery system that provided a physiological effect and experience more similar to the use of combustible cigarettes for adult smokers than other e-cigarettes on the market at that time. Mr. Crosthwaite further admits that using a nicotine-salt-based formulation, rather than a freebase nicotine, in the e-liquid allows smokers to have a satisfactory experience from the use of JUUL products to compete with

cigarettes and help adult smokers switch from combustible use.  Except as expressly admitted, Mr. Crosthwaite denies the allegations in Paragraph 125 of the Complaint.

126.    To the extent that the allegations in Paragraph 126 are directed to other Defendants, no responsive pleading is required.  To the extent a response is otherwise required, Mr. Crosthwaite admits that JLI's nicotine-salt-based e-liquid formulation was designed as a nicotine delivery system that provided a physiological effect and experience more similar to the use of combustible cigarettes for adult smokers than other e-cigarettes on the market at that time.  Mr. Crosthwaite further admits that using a nicotine-salt-based formulation, rather than a freebase nicotine, in the e-liquid allows smokers to have a satisfactory experience from the use of JUUL products to compete with cigarettes and help adult smokers switch from combustible use.  Mr. Crosthwaite otherwise denies the allegations in Paragraph 126.

### 5.    JUUL Enticed Youth and Newcomers to Nicotine with Kid-Friendly Flavors

#### a.    JUUL Introduced Kid-Friendly Flavors

127.    To the extent that the allegations in Paragraph 127 are directed to other Defendants, no responsive pleading is required.  To the extent a response is otherwise required, Mr. Crosthwaite asserts the allegations in Paragraph 127 of the Complaint purport to selectively quote, reference, and/or paraphrase the article *Flavors Banned From Cigarettes to Deter Youth* by Gardiner Harris, which speaks for itself.  Mr. Crosthwaite denies that the alleged article is quoted, referenced, and/or paraphrased in context or in its entirety, and denies Plaintiffs' characterization of the alleged article, and denies Plaintiffs' insinuation and implication regarding the content or meaning of the alleged article.  Mr. Crosthwaite otherwise denies the allegations in Paragraph 127 of the Complaint.

40

128.    To the extent that the allegations in Paragraph 128 are directed to other Defendants, no responsive pleading is required.  To the extent a response is required, Mr. Crosthwaite admits that the original JUULpods commercialized in June 2015 were available in "Miint," "Fruut," "Bruule," and "Tabaac."  JLI also admits that it has changed the names of its original non-tobacco or non-menthol flavored products from "Tabaac" to "Virginia Tobacco", "Miint" to "Mint," "Fruut" to "Fruit," and "Bruule" to "Creme."  Except as expressly admitted, Mr. Crosthwaite denies the allegations in Paragraph 128.

129.    To the extent that the allegations in Paragraph 129 are directed to other Defendants, no responsive pleading is required.  To the extent a response is required, Mr. Crosthwaite admits that JLI sold JUULpods in Mango, Mint, and Cucumber flavors to traditional retail outlets and distributors through its wholesale and retail distribution system until November 2018 and direct to consumers online until October 2019.  Except as expressly admitted, Mr. Crosthwaite denies the allegations in Paragraph 129 of the Complaint.

130.    To the extent that the allegations in Paragraph 130 are directed to other Defendants, no responsive pleading is required.  To the extent a response is required, Mr. Crosthwaite asserts the allegations in Paragraph 130 of the Complaint purport to selectively quote, reference, and/or paraphrase the January 02, 2020 FDA press release *FDA finalizes enforcement policy on unauthorized flavored cartridge-based e-cigarettes that appeal to children, including fruit and mint,* which speaks for itself.  Mr. Crosthwaite denies that the alleged press release is quoted, referenced, and/or paraphrased in context or in its entirety, and denies Plaintiffs' characterization of the alleged press release, and denies Plaintiffs' insinuation and implication regarding the content or meaning of the alleged press release.  Mr. Crosthwaite admits that, beginning in 2009, the FDA enforced legislation banning the sale of specified tobacco products with flavors other

41

than menthol and tobacco. Mr. Crosthwaite further admits that in 2020 the FDA issued a policy of enforcement against certain unauthorized flavored cartridge-based e-cigarette products (other than a tobacco-or menthol-flavored product). Except as expressly admitted, Mr. Crosthwaite denies the allegations in Paragraph 130 of the Complaint.

131. To the extent that the allegations in Paragraph 131 are directed to other Defendants, no responsive pleading is required. To the extent a response is required, Mr. Crosthwaite asserts the allegations in Paragraph 131 of the Complaint appear to be based on the article *Flavored Tobacco Product Use Among US Youth Aged 12-17 Years, 2013-2014* by Bridget Ambrose, which speaks for itself. Mr. Crosthwaite denies that the alleged article is quoted, referenced, and/or paraphrased in context or in its entirety, and denies Plaintiffs' characterization of the alleged article, and denies Plaintiffs' insinuation and implication regarding the content or meaning of the alleged article. Mr. Crosthwaite otherwise denies the allegations in Paragraph 131 of the Complaint.

132. To the extent that the allegations in Paragraph 132 are directed to other Defendants, no responsive pleading is required. To the extent a response is required, Mr. Crosthwaite asserts the allegations in Paragraph 132 of the Complaint purport to selectively quote, reference, and/or paraphrase the article *How Tobacco Smoke Causes Disease: The Biology and Behavioral Basis for Smoking-Attributable Disease: A Report of the Surgeon General* by CDC, which speaks for itself. Mr. Crosthwaite denies that the alleged article is quoted, referenced, and/or paraphrased in context or in its entirety, and denies Plaintiffs' characterization of the alleged article, and denies Plaintiffs' insinuation and implication regarding the content or meaning of the alleged article. Mr. Crosthwaite otherwise denies the allegations in Paragraph 132 of the Complaint.

42

133.    To the extent that the allegations in Paragraph 133 are directed to other Defendants, no responsive pleading is required.  To the extent a response is required, Mr. Crosthwaite asserts the allegations in Paragraph 133 of the Complaint purport to selectively quote, reference, and/or paraphrase the article *Adolescents and Young Adults Use in Perceptions of Pod-based Electronic Cigarettes* by Karma McKelvey, which speaks for itself.  Mr. Crosthwaite denies that the alleged article is quoted, referenced, and/or paraphrased in context or in its entirety, and denies Plaintiffs' characterization of the alleged article, and denies Plaintiffs' insinuation and implication regarding the content or meaning of the alleged article.  Mr. Crosthwaite otherwise denies the allegations in Paragraph 133 of the Complaint.

134.    To the extent that the allegations in Paragraph 134 are directed to other Defendants, no responsive pleading is required.  To the extent a response is required, Mr. Crosthwaite otherwise denies the allegations in Paragraph 134 of the Complaint.

135.    To the extent that the allegations in Paragraph 135 are directed to other Defendants, no responsive pleading is required.  To the extent a response is required, Mr. Crosthwaite asserts the allegations in Paragraph 135 of the Complaint purport to selectively quote, reference, and/or paraphrase the article *Did Juul Lure Teenagers and Get 'Customers for Life'?* by Matt Richtel and Sheila Kaplan, which speaks for itself.  Mr. Crosthwaite denies that the alleged article is quoted, referenced, and/or paraphrased in context or in its entirety, and denies Plaintiffs' characterization of the alleged article, and denies Plaintiffs' insinuation and implication regarding the content or meaning of the alleged article.  Mr. Crosthwaite otherwise denies the allegations in Paragraph 135 of the Complaint.

136.   To the extent that the allegations in Paragraph 136 are directed to other Defendants, no responsive pleading is required.  To the extent a response is required, Mr. Crosthwaite denies the allegations in Paragraph 136 of the Complaint.

### b.   JUUL and Altria Developed and Promoted the Mint Flavor and Sought to Preserve Its Market

137.   To the extent that the allegations in Paragraph 137 are directed to other Defendants, no responsive pleading is required.  To the extent a response is required, Mr. Crosthwaite denies the allegations in Paragraph 137 of the Complaint.

138.   To the extent that the allegations in Paragraph 138 are directed to other Defendants, no responsive pleading is required.  To the extent a response is required, Mr. Crosthwaite admits that JLI first offered its products for sale in the United States in June 2015. Mr. Crosthwaite otherwise denies the allegations in Paragraph 138 of the Complaint.

139.   To the extent that the allegations in Paragraph 139 are directed to other Defendants, no responsive pleading is required.  To the extent a response is required, Mr. Crosthwaite admits that admits that JLI first offered a mint-flavored product for sale in the United States in June 2015. Except as expressly admitted, Mr. Crosthwaite denies the allegations in Paragraph 139 of the Complaint.

140.   To the extent that the allegations in Paragraph 140 are directed to other Defendants, no responsive pleading is required.  To the extent a response is required, Mr. Crosthwaite admits that JLI first sold mint and other flavored products prior to menthol-flavored products. Except as expressly admitted, Mr. Crosthwaite denies the allegations in Paragraph 140 of the Complaint.

141.   To the extent that the allegations in Paragraph 141 are directed to other Defendants, no responsive pleading is required.  To the extent a response is required, Mr. Crosthwaite denies the allegations in Paragraph 141 of the Complaint.

142. To the extent that the allegations in Paragraph 142 are directed to other Defendants, no responsive pleading is required. To the extent a response is required, Mr. Crosthwaite denies the allegations in Paragraph 142 of the Complaint.

### i. Mint Has the Highest Nicotine Impact

143. To the extent that the allegations in Paragraph 143 are directed to other Defendants, no responsive pleading is required. To the extent a response is required, Mr. Crosthwaite asserts the allegations in Paragraph 143 of the Complaint purport to selectively quote, reference, and/or paraphrase the article *Nicotine in tobacco product aerosols: 'It's déjà vu all over again'* by Anna Duell, which speaks for itself. Mr. Crosthwaite denies that the alleged article is quoted, referenced, and/or paraphrased in context or in its entirety, and denies Plaintiffs' characterization of the alleged article, and denies Plaintiffs' insinuation and implication regarding the content or meaning of the alleged article. Mr. Crosthwaite otherwise denies the allegations in Paragraph 143 of the Complaint.

144. To the extent that the allegations in Paragraph 144 are directed to other Defendants, no responsive pleading is required. To the extent a response is required, Mr. Crosthwaite denies the allegations in Paragraph 144 of the Complaint.

### ii. JUUL's Youth Surveillance Programs Confirmed That Mint JUULpods are Preferred by Teens

145. To the extent that the allegations in Paragraph 145 are directed to other Defendants, no responsive pleading is required. To the extent a response is required, Mr. Crosthwaite lacks sufficient knowledge or information to form a belief as to allegations in Paragraph 145 of the Complaint, and on that basis denies them.

146. To the extent that the allegations in Paragraph 146 are directed to other Defendants, no responsive pleading is required. To the extent a response is otherwise required, Mr.

Crosthwaite admits the FDA sent JLI a letter in April 2018. Except as expressly admitted, Mr. Crosthwaite denies the allegations in Paragraph 146 of the Complaint.

147. To the extent that the allegations in Paragraph 147 are directed to other Defendants, no responsive pleading is required. To the extent a response is required, Mr. Crosthwaite admits that in April 2019, JLI announced a $30 million initiative to combat underage use of tobacco and ENDS products. Mr. Crosthwaite further admits JLI received a letter from the FDA in September 2019. Except as expressly admitted, Mr. Crosthwaite denies the allegations in Paragraph 147 of the Complaint.

148. To the extent that the allegations in Paragraph 148 are directed to other Defendants, no responsive pleading is required. To the extent a response is required, Mr. Crosthwaite asserts that the allegations in Paragraph 148 of the Complaint purport to selectively quote, reference, and/or paraphrase a reddit.com post, which speaks for itself. Mr. Crosthwaite denies that the alleged post is quoted, referenced, and/or paraphrased in context or in its entirety, and denies Plaintiffs' characterization of the alleged post, and denies Plaintiffs' insinuation and implication regarding the content or meaning of the alleged post. Mr. Crosthwaite otherwise denies the allegations in Paragraph 148 of the Complaint.

149. To the extent that the allegations in Paragraph 149 are directed to other Defendants, no responsive pleading is required. To the extent a response is required, Mr. Crosthwaite asserts the allegations in the first sentence of Paragraph 149 of the Complaint purport to selectively quote, reference, and/or paraphrase the article *Juul Knowingly Sold Tainted Nicotine Pods, Former Executive Says* by Sheila Kaplan and Jan Hoffman, which speaks for itself. Mr. Crosthwaite denies that the alleged article is quoted, referenced, and/or paraphrased in context or in its entirety, and denies Plaintiffs' characterization of the alleged article, and denies Plaintiffs' insinuation and

46

implication regarding the content or meaning of the alleged article.  The allegations in the second sentence of Paragraph 149 of the Complaint purport to selectively quote, reference, and/or paraphrase the July 24, 2019 testimony of Jonathan Winickoff before the U.S. House of Representatives Committee on Oversight and Reform Subcommittee on Economic and Consumer Policy, which speaks for itself.  Mr. Crosthwaite denies that the alleged testimony is quoted, referenced, and/or paraphrased in context or in its entirety, and denies Plaintiffs' characterization of the alleged testimony, and denies Plaintiffs' insinuation and implication regarding the content or meaning of the alleged testimony.  Mr. Crosthwaite otherwise denies the allegations in Paragraph 149 of the Complaint.

150.    To the extent that the allegations in Paragraph 150 are directed to other Defendants, no responsive pleading is required.  To the extent a response is required, Mr. Crosthwaite asserts the allegations in Paragraph 150 of the Complaint purport to selectively quote, reference, and/or paraphrase the article *JUUL Raises $650M of Its $1.25B Mega-Round* by Crunchbase, which speaks for itself.  Mr. Crosthwaite denies that the alleged article is quoted, referenced, and/or paraphrased in context or in its entirety, and denies Plaintiffs' characterization of the alleged article, and denies Plaintiffs' insinuation and implication regarding the content or meaning of the alleged article.  Mr. Crosthwaite otherwise denies the allegations in Paragraph 150 of the Complaint.

151.    To the extent that the allegations in Paragraph 151 are directed to other Defendants, no responsive pleading is required.  To the extent a response is required, Mr. Crosthwaite denies the allegations in Paragraph 151 of the Complaint.

47

**D.    Defendants Developed and Implemented a Marketing Scheme to Mislead Consumers into Believing that JUUL Products Contained Less Nicotine Than They Actually Do and Were Healthy and Safe**

152.    To the extent that the allegations in Paragraph 152 are directed to other Defendants, no responsive pleading is required.  To the extent a response is required, Mr. Crosthwaite denies the allegations in Paragraph 152.

**1.    The JLI Defendants Knowingly Made False and Misleading Statements and Omissions Concerning JUUL's Nicotine Content**

153.    To the extent that the allegations in Paragraph 153 are directed to other Defendants, no responsive pleading is required.  To the extent a response is required, Mr. Crosthwaite admits that JLI has offered information comparing the nicotine content in a pack of combustible cigarettes to the nicotine content in 5% strength JUULpods.  Except as expressly admitted, Mr. Crosthwaite  denies the allegations in Paragraph 153.

154.    To the extent that the allegations in Paragraph 154 are directed to other Defendants, no responsive pleading is required.  To the extent a response is required, Mr. Crosthwaite asserts the allegations in Paragraph 154 of the Complaint purport to selectively quote, reference, and/or paraphrase the articles *Reducing the nicotine content to make cigarettes less addictive* by Neal Benowitz and *Compensation for Nicotine by Smokers of Lower Yield Cigarettes* by Lynn T. Kozlowski and Janine L. Pilliteri, which speak for themselves.  Mr. Crosthwaite denies that the alleged articles are quoted, referenced, and/or paraphrased in context or in their entirety, and denies Plaintiffs' characterization of the alleged articles, and denies Plaintiffs' insinuation and implication regarding the content or meaning of the alleged articles.  Mr. Crosthwaite otherwise denies the allegations in Paragraph 154 of the Complaint.

155.    To the extent that the allegations in Paragraph 155 are directed to other Defendants, no responsive pleading is required.  To the extent a response is required, Mr. Crosthwaite asserts

48

the allegations in Paragraph 155 of the Complaint purport to selectively quote, reference, and/or paraphrase the article *Nicotine Chemistry, Metabolism, Kinetics and Biomarkers* by Neal Benowitz, which speaks for itself.  Mr. Crosthwaite denies that the alleged article is quoted, referenced, and/or paraphrased in context or in its entirety, and denies Plaintiffs' characterization of the alleged article, and denies Plaintiffs' insinuation and implication regarding the content or meaning of the alleged article.  Mr. Crosthwaite admits that JLI used a nicotine-based-salt e-liquid formulation.  Mr. Crosthwaite otherwise denies the allegations in Paragraph 155 of the Complaint.

156.    To the extent that the allegations in Paragraph 156 are directed to other Defendants, no responsive pleading is required.  To the extent a response is required, Mr. Crosthwaite denies the allegations in Paragraph 156 of the Complaint.

157.    To the extent that the allegations in Paragraph 157 are directed to other Defendants, no responsive pleading is required.  To the extent a response is required, Mr. Crosthwaite asserts the allegations in Paragraph 157 of the Complaint purport to selectively quote, reference, and/or paraphrase an online chart, which speaks for itself.  Mr. Crosthwaite denies that the alleged online chart is quoted, referenced, and/or paraphrased in context or in its entirety, and denies Plaintiffs' characterization of the alleged online chart, and denies Plaintiffs' insinuation and implication regarding the content or meaning of the alleged online chart.  Mr. Crosthwaite otherwise denies the allegations in Paragraph 157 of the Complaint.

158.    To the extent that the allegations in Paragraph 158 are directed to other Defendants, no responsive pleading is required.  To the extent a response is required, Mr. Crosthwaite asserts the allegations in Paragraph 158 of the Complaint purport to selectively quote, reference, and/or paraphrase a patent application, which speaks for itself.  Mr. Crosthwaite denies that the alleged patent application is quoted, referenced, and/or paraphrased in context or in its entirety, and denies

49

Plaintiffs' characterization of the alleged patent application, and denies Plaintiffs' insinuation and implication regarding the content or meaning of the alleged patent application. Mr. Crosthwaite otherwise denies the allegations in Paragraph 158 of the Complaint.

### 2. JUUL and Altria Transmitted, Promoted and Utilized Statements Concerning JUUL's Nicotine Content That They Knew Were False and Misleading

159. To the extent that the allegations in Paragraph 159 are directed to other Defendants, no responsive pleading is required. The allegations in Paragraph 159 of the Complaint also state a legal conclusion for which no response is required. To the extent a response is required, Mr. Crosthwaite denies the allegations in Paragraph 159 of the Complaint.

160. To the extent that the allegations in Paragraph 160 are directed to other Defendants, no responsive pleading is required. The allegations in Paragraph 160 of the Complaint also state a legal conclusion for which no response is required. To the extent a response is required, Mr. Crosthwaite denies the allegations in Paragraph 160 of the Complaint.

161. To the extent that the allegations in Paragraph 161 are directed to other Defendants, no responsive pleading is required. The allegations in Paragraph 161 of the Complaint also state a legal conclusion for which no response is required. To the extent a response is required, Mr. Crosthwaite admits that JLI has offered information comparing the nicotine content in a pack of combustible cigarettes to the nicotine content in 5% strength JUULpods. Except as expressly admitted, Mr. Crosthwaite denies the allegations in Paragraph 161 of the Complaint.

162. To the extent that the allegations in Paragraph 162 are directed to other Defendants, no responsive pleading is required. The allegations in Paragraph 162 of the Complaint also state a legal conclusion for which no response is required. To the extent a response is required, Mr. Crosthwaite admits that JUULpod packages sent via U.S. mail contained the statement that a

single JUULpod is approximately equivalent to about 1 pack of cigarettes.  Except as expressly admitted, Mr. Crosthwaite denies the allegations in Paragraph 162 of the Complaint.

163.  To the extent that the allegations in Paragraph 163 are directed to other Defendants, no responsive pleading is required.  The allegations in Paragraph 163 of the Complaint also state a legal conclusion for which no response is required.  To the extent a response is required, Mr. Crosthwaite denies the allegations in Paragraph 163 of the Complaint.

164.  To the extent that the allegations in Paragraph 164 are directed to other Defendants, no responsive pleading is required.  The allegations in Paragraph 164 of the Complaint also state a legal conclusion for which no response is required.  To the extent a response is required, Mr. Crosthwaite admits that JUULpod packages sent via U.S. mail contained the statement that a single JUULpod is approximately equivalent to about 1 pack of cigarettes.  Mr. Crosthwaite lacks sufficient knowledge or information to form a belief as to the allegations in Paragraph 164 of the Complaint concerning the knowledge or actions of others, and on that basis denies them.  Except as expressly admitted, Mr. Crosthwaite denies the allegations in Paragraph 164 of the Complaint.

165.  To the extent that the allegations in Paragraph 165 are directed to other Defendants, no responsive pleading is required.  To the extent a response is required, Mr. Crosthwaite admits that Altria launched a MarkTen Bold e-cigarette in 2017.  Mr. Crosthwaite lacks sufficient knowledge or information to form a belief as to the allegations in Paragraph 165 of the Complaint concerning the knowledge or actions of others, and on that basis denies them.  Except as expressly admitted, Mr. Crosthwaite denies the allegations in Paragraph 165 of the Complaint.

166.  To the extent that the allegations in Paragraph 166 are directed to other Defendants, no responsive pleading is required.  To the extent a response is required, Mr. Crosthwaite asserts the allegations in Paragraph 166 of the Complaint purport to selectively quote, reference, and/or

paraphrase a presentation, which speaks for itself. Mr. Crosthwaite denies that the alleged presentation is quoted, referenced, and/or paraphrased in context or in its entirety, and denies Plaintiffs' characterization of the alleged presentation, and denies Plaintiffs' insinuation and implication regarding the content or meaning of the alleged presentation. Mr. Crosthwaite otherwise denies the allegations in Paragraph 166 of the Complaint.

167. To the extent that the allegations in Paragraph 167 are directed to other Defendants, no responsive pleading is required. To the extent a response is required, Mr. Crosthwaite admits that Altria conducted due diligence on JLI's intellectual property in connection with its investment in JLI. Except as expressly admitted, Mr. Crosthwaite denies the allegations in Paragraph 167 of the Complaint.

168. To the extent that the allegations in Paragraph 168 are directed to other Defendants, no responsive pleading is required. To the extent a response is required, Mr. Crosthwaite denies the allegations in Paragraph 168 of the Complaint.

169. To the extent that the allegations in Paragraph 169 are directed to other Defendants, no responsive pleading is required. To the extent a response is required, Mr. Crosthwaite admits that the compliance date for the FDA labeling requirements was August 10, 2018. Mr. Crosthwaite further admits that JLI added an explicit warning to its products stating "WARNING: This product contains nicotine. Nicotine is an addictive chemical" before the compliance date. Except as expressly admitted, Mr. Crosthwaite denies the allegations in Paragraph 169 of the Complaint.

170. To the extent that the allegations in Paragraph 170 are directed to other Defendants, no responsive pleading is required. To the extent a response is required, Mr. Crosthwaite asserts that the allegations in Paragraph 170 of the Complaint purport to selectively quote, reference,

52

and/or paraphrase a webpage. This webpage speaks for itself. Mr. Crosthwaite denies that the alleged webpage is quoted, referenced, and/or paraphrased in context or in its entirety, and denies Plaintiffs' characterization of the alleged webpage, and denies Plaintiffs' insinuation and implication regarding the content or meaning of the alleged webpage. Mr. Crosthwaite otherwise denies the allegations in Paragraph 170 of the Complaint.

171. To the extent that the allegations in Paragraph 171 are directed to other Defendants, no responsive pleading is required. To the extent a response is required, Mr. Crosthwaite asserts the allegations in Paragraph 171 of the Complaint purport to selectively reference, and/or paraphrase the articles, *JUUL Vapor Review, Ecigarette Reviewed*, by Lindsay Fox, *JUUL E-Cigarette Review,* by Jason Artman, and *How Much Nicotine is In a JUUL?*, which speak for themselves. Mr. Crosthwaite denies that the alleged articles are quoted, referenced, and/or paraphrased in context or in its entirety, and denies Plaintiffs' characterization of the alleged articles, and denies Plaintiffs' insinuation and implication regarding the content or meaning of the alleged articles. Mr. Crosthwaite otherwise denies the allegations in Paragraph 171 of the Complaint.

### 3. JLI Defendants Used Food and Coffee Themes to Give the False Impression that JUUL Products Were Safe and Healthy

172. To the extent that the allegations in Paragraph 172 are directed to other Defendants, no responsive pleading is required. To the extent a response is required, Mr. Crosthwaite asserts the allegations in the first sentence of Paragraph 172 of the Complaint purport to selectively quote, reference, and/or paraphrase the article *$15 billion startup JUUL used 'relaxation, freedom, and sex appeal' to market its creme-brulee- flavored e-cigs on Twitter and Instagram—but its success has come at a big cost* by Erin Brodwin, which speaks for itself. Mr. Crosthwaite denies that the alleged article is quoted, referenced, and/or paraphrased in context or in their entirety, and denies

Plaintiffs' characterization of the alleged article, and denies Plaintiffs' insinuation and implication regarding the content or meaning of the alleged article.  Mr. Crosthwaite further asserts the allegations in the second sentence of Paragraph 172 of the Complaint purport to selectively quote, reference, and/or paraphrase the website tobacco.stanford.edu, which speaks for itself.  Mr. Crosthwaite denies that the alleged website is quoted, referenced, and/or paraphrased in context or in its entirety, and denies Plaintiffs' characterization of the alleged website, and denies Plaintiffs' insinuation and implication regarding the content or meaning of the alleged website. Mr. Crosthwaite otherwise denies the allegations in Paragraph 172 of the Complaint.

173.    To the extent that the allegations in Paragraph 173 are directed to other Defendants, no responsive pleading is required.  To the extent a response is required, Mr. Crosthwaite asserts the allegations in Paragraph 173 of the Complaint purport to selectively quote, reference, and/or paraphrase the website tobacco.stanford.edu, which speaks for itself.  Mr. Crosthwaite denies that the alleged website is quoted, referenced, and/or paraphrased in context or in its entirety, and denies Plaintiffs' characterization of the alleged website, and denies Plaintiffs' insinuation and implication regarding the content or meaning of the alleged website.  Mr. Crosthwaite otherwise denies the allegations in Paragraph 173 of the Complaint.

174.    To the extent that the allegations in Paragraph 174 are directed to other Defendants, no responsive pleading is required.  To the extent a response is required, Mr. Crosthwaite asserts the Paragraph 174 to the Complaint purport to selectively quote, reference, and/or paraphrase the advertisements, which speaks for themselves.  Mr. Crosthwaite denies that the alleged advertisements are quoted, referenced, and/or paraphrased in context or in their entirety, and denies Plaintiffs' characterization of the alleged advertisements, and denies Plaintiffs' insinuation

54

and implication regarding the content or meaning of the alleged advertisements. Mr. Crosthwaite otherwise denies the allegations in Paragraph 174 of the Complaint.

175. To the extent that the allegations in Paragraph 175 are directed to other Defendants, no responsive pleading is required. To the extent a response is required, Mr. Crosthwaite denies the allegations in Paragraph 175 of the Complaint.

**4.      JUUL's "Make the Switch" Campaign Intentionally Misled and Deceived the Public to Believe that JUUL Is a Cessation Device For Adult Smokers**

176. To the extent that the allegations in Paragraph 176 are directed to other Defendants, no responsive pleading is required. To the extent a response is required, Mr. Crosthwaite denies the allegations in Paragraph 176 of the Complaint.

177. To the extent that the allegations in Paragraph 177 are directed to other Defendants, no responsive pleading is required. To the extent a response is required, Mr. Crosthwaite asserts the allegations in Paragraph 177 of the Complaint purport to selectively quote, reference, and/or paraphrase congressional testimony by Meredith Berkman, Caleb Mintz, and Philip Fuhrman, which speaks for itself. Mr. Crosthwaite denies that the alleged testimony is quoted, referenced, and/or paraphrased in context or in its entirety, and denies Plaintiffs' characterization of the alleged testimony, and denies Plaintiffs' insinuation and implication regarding the content or meaning of the alleged testimony. Mr. Crosthwaite otherwise denies the allegations in Paragraph 177 of the Complaint.

178. To the extent that the allegations in Paragraph 178 are directed to other Defendants, no responsive pleading is required. To the extent a response is required, Mr. Crosthwaite asserts the allegations in Paragraph 178 of the Complaint purport to selectively quote, reference, and/or paraphrase a May 8, 2018 letter, which speaks for itself. Mr. Crosthwaite denies that the alleged letter is quoted, referenced, and/or paraphrased in context or in its entirety, and denies Plaintiffs'

characterization of the alleged letter, and denies Plaintiffs' insinuation and implication regarding the content or meaning of the alleged letter. Mr. Crosthwaite otherwise denies the allegations in Paragraph 178 of the Complaint.

179. To the extent that the allegations in Paragraph 179 are directed to other Defendants, no responsive pleading is required. To the extent a response is required, Mr. Crosthwaite denies the allegations in Paragraph 179 of the Complaint.

180. To the extent that the allegations in Paragraph 180 are directed to other Defendants, no responsive pleading is required. To the extent a response is required, Mr. Crosthwaite admits that prior to November 2018, JLI's marketing strategy included promoting its products through a variety of means, including maintaining Instagram, Twitter, and Facebook accounts for promotional purposes in the U.S., and that these accounts were age-gated wherever possible. Except as expressly admitted, Mr. Crosthwaite denies the allegations in Paragraph 180 of the Complaint.

181. To the extent that the allegations in Paragraph 181 are directed to other Defendants, no responsive pleading is required. To the extent a response is required, Mr. Crosthwaite denies the allegations in Paragraph 181 of the Complaint.

182. To the extent that the allegations in Paragraph 182 are directed to other Defendants, no responsive pleading is required. To the extent a response is required, Mr. Crosthwaite lacks sufficient knowledge or information to form a belief as to the allegations in Paragraph 182 of the Complaint, and on that basis denies them. Mr. Crosthwaite otherwise denies the allegations in Paragraph 182 of the Complaint.

183. To the extent that the allegations in Paragraph 183 are directed to other Defendants, no responsive pleading is required. To the extent a response is required, Mr. Crosthwaite lacks

sufficient knowledge or information to form a belief as to the allegations in Paragraph 183 of the Complaint, and on that basis denies them.

184. To the extent that the allegations in Paragraph 184 are directed to other Defendants, no responsive pleading is required. To the extent a response is required, Mr. Crosthwaite denies the allegations in Paragraph 184 of the Complaint.

185. To the extent that the allegations in Paragraph 185 are directed to other Defendants, no responsive pleading is required. To the extent a response is required, Mr. Crosthwaite denies the allegations in Paragraph 185 of the Complaint.

186. To the extent that the allegations in Paragraph 186 are directed to other Defendants, no responsive pleading is required. To the extent a response is required, Mr. Crosthwaite denies the allegations in Paragraph 186 of the Complaint.

187. To the extent that the allegations in Paragraph 187 are directed to other Defendants, no responsive pleading is required. To the extent a response is required, Mr. Crosthwaite denies the allegations in Paragraph 187 of the Complaint.

188. To the extent that the allegations in Paragraph 188 are directed to other Defendants, no responsive pleading is required. To the extent a response is required, Mr. Crosthwaite asserts the allegations in Paragraph 188 of the Complaint purport to selectively quote, reference, and/or paraphrase the article *Nicotine Addiction: Past and Present, How Tobacco Smoke Causes Disease* by CDC, which speaks for itself. Mr. Crosthwaite denies that the alleged article is quoted, referenced, and/or paraphrased in context or in its entirety, and denies Plaintiffs' characterization of the alleged article, and denies Plaintiffs' insinuation and implication regarding the content or meaning of the alleged article. Mr. Crosthwaite otherwise denies the allegations in Paragraph 188 of the Complaint.

189. To the extent that the allegations in Paragraph 189 are directed to other Defendants, no responsive pleading is required. To the extent a response is required, Mr. Crosthwaite asserts the allegations in Paragraph 189 of the Complaint purport to selectively quote, reference, and/or paraphrase the articles *Use and reasons for use of electronic vapour products shaped like USB flash drivers among a national sample of adults* by Kristy Marynak and *Prevalence and correlates of JLI use among a national sample of youth and young adults* by D.M. Vallone, which speak for themselves. Mr. Crosthwaite denies that the alleged articles are quoted, referenced, and/or paraphrased in context or in their entirety, and denies Plaintiffs' characterization of the alleged articles, and denies Plaintiffs' insinuation and implication regarding the content or meaning of the alleged articles. Mr. Crosthwaite denies the first sentence of Paragraph 189 of the Complaint, and lacks sufficient knowledge or information to form a belief as to the remaining allegations in Paragraph 189 of the Complaint, and on that basis denies them. Mr. Crosthwaite otherwise denies the allegations in Paragraph 189 of the Complaint.

190. To the extent that the allegations in Paragraph 190 are directed to other Defendants, no responsive pleading is required. To the extent a response is required, Mr. Crosthwaite asserts the allegations in Paragraph 190 of the Complaint purport to selectively quote, reference, and/or paraphrase the article *Cigarette and E-Cigarette Dual Use and Risk of Cardiopulmonary Symptoms in the Health eHeart Study* by Julie Wang, which speaks for itself. Mr. Crosthwaite denies that the alleged article is quoted, referenced, and/or paraphrased in context or in their entirety, and denies Plaintiffs' characterization of the alleged article, and denies Plaintiffs' insinuation and implication regarding the content or meaning of the alleged article. Mr. Crosthwaite otherwise denies the allegations in Paragraph 190 of the Complaint.

## VI.   JUUL Enters the Industry, Using Big Tobacco's Playbook to Appeal to Kids

191.   To the extent that the allegations in Paragraph 191 are directed to other Defendants, no responsive pleading is required.  To the extent a response is required, Mr. Crosthwaite asserts the allegations in Paragraph 191 of the Complaint purport to selectively quote, reference, and/or paraphrase the article *Preventing Tobacco Use Among Youths, Surgeon General Fact Sheet* by HHS, which speaks for itself.  Mr. Crosthwaite denies that the alleged article is quoted, referenced, and/or paraphrased in context or in its entirety, and denies Plaintiffs' characterization of the alleged article, and denies Plaintiffs' insinuation and implication regarding the content or meaning of the alleged article.  Mr. Crosthwaite denies the first sentence of Paragraph 191 of the Complaint, and lacks sufficient knowledge or information to form a belief as to the remaining allegations in Paragraph 191 of the Complaint, and on that basis denies them.  Mr. Crosthwaite otherwise denies the allegations in Paragraph 191 of the Complaint.

192.   To the extent that the allegations in Paragraph 192 are directed to other Defendants, no responsive pleading is required.  To the extent a response is required, Mr. Crosthwaite asserts the allegations in Paragraph 192 of the Complaint purport to selectively quote, reference, and/or paraphrase the article *Preventing Tobacco Use Among Youths, Surgeon General Fact Sheet* by HHS, which speaks for itself.  Mr. Crosthwaite denies that the alleged article is quoted, referenced, and/or paraphrased in context or in its entirety, and denies Plaintiffs' characterization of the alleged article, and denies Plaintiffs' insinuation and implication regarding the content or meaning of the alleged article.  Mr. Crosthwaite otherwise denies the allegations in Paragraph 192 of the Complaint.

193.   To the extent that the allegations in Paragraph 193 are directed to other Defendants, no responsive pleading is required.  To the extent a response is required, Mr. Crosthwaite asserts

the allegations in Paragraph 193 of the Complaint purport to selectively quote, reference, and/or paraphrase the article *Preventing Tobacco Use Among Youths, Surgeon General Fact Sheet* by HHS, which speaks for itself. Mr. Crosthwaite denies that the alleged article is quoted, referenced, and/or paraphrased in context or in its entirety, and denies Plaintiffs' characterization of the alleged article, and denies Plaintiffs' insinuation and implication regarding the content or meaning of the alleged article. Mr. Crosthwaite otherwise denies the allegations in Paragraph 193 of the Complaint.

194. To the extent that the allegations in Paragraph 194 are directed to other Defendants, no responsive pleading is required. To the extent a response is required, Mr. Crosthwaite asserts the allegations in Paragraph 194 of the Complaint purport to selectively quote, reference, and/or paraphrase the article *Preventing Tobacco Use Among Youths, Surgeon General Fact Sheet*. Mr. Crosthwaite denies that the alleged article is quoted, referenced, and/or paraphrased in context or in its entirety, and denies Plaintiffs' characterization of the alleged article, and denies Plaintiffs' insinuation and implication regarding the content or meaning of the alleged article. Mr. Crosthwaite otherwise denies the allegations in Paragraph 194 of the Complaint.

195. To the extent that the allegations in Paragraph 195 are directed to other Defendants, no responsive pleading is required. To the extent a response is required, Mr. Crosthwaite asserts the allegations in Paragraph 195 of the Complaint purport to selectively quote, reference, and/or paraphrase an opinion issued by the United States District Court for the District of Columbia on August 17, 2006, in *United States* v. *Philip Morris USA Inc.*, 449 F. Supp. 2d 1 (D.D.C. 2006), aff'd in part, vacated in part, 566 F.3d 1095 (D.C. Cir. 2009). Mr. Crosthwaite denies that the *United States* v. *Philip Morris USA Inc.* opinion is quoted, referenced, and/or paraphrased in context or in its entirety, and denies Plaintiffs' characterization of the *United States* v. *Philip*

*Morris USA Inc.* opinion, and denies Plaintiffs' insinuation and implication regarding the content or meaning of the *United States* v. *Philip Morris USA Inc.* opinion.  Mr. Crosthwaite otherwise denies the allegations in Paragraph 195 of the Complaint.

196.   To the extent that the allegations in Paragraph 196 are directed to other Defendants, no responsive pleading is required.  To the extent a response is required, Mr. Crosthwaite asserts the allegations in Paragraph 196 of the Complaint purport to selectively quote, reference, and/or paraphrase the article *Tobacco Company Quotes on Marketing to Kids* from tobaccofreekids.org, which speaks for itself.  Mr. Crosthwaite denies that the alleged article is quoted, referenced, and/or paraphrased in context or in its entirety, and denies Plaintiffs' characterization of the alleged article, and denies Plaintiffs' insinuation and implication regarding the content or meaning of the alleged article.  Mr. Crosthwaite otherwise denies the allegations in Paragraph 196 of the Complaint.

197.   To the extent that the allegations in Paragraph 197 are directed to other Defendants, no responsive pleading is required.  To the extent a response is required, Mr. Crosthwaite lacks sufficient knowledge or information to form a belief as to the allegations in Paragraph 197 of the Complaint, and on that basis denies them.

198.   To the extent that the allegations in Paragraph 198 are directed to other Defendants, no responsive pleading is required.  To the extent a response is required, Mr. Crosthwaite lacks sufficient knowledge or information to form a belief as to the allegations in Paragraph 198 of the Complaint, and on that basis denies them.

199.   To the extent that the allegations in Paragraph 199 are directed to other Defendants, no responsive pleading is required.  To the extent a response is required, Mr. Crosthwaite admits

that e-cigarette manufacturers are not subject to the requirements of the MSA.  Except as expressly admitted, Mr. Crosthwaite denies the allegations in Paragraph 199 of the Complaint.

200.   To the extent that the allegations in Paragraph 200 are directed to other Defendants, no responsive pleading is required.  To the extent a response is required, Mr. Crosthwaite denies the allegations in Paragraph 200 of the Complaint.

201.   To the extent that the allegations in Paragraph 201 are directed to other Defendants, no responsive pleading is required.  To the extent a response is required, Mr. Crosthwaite asserts the allegations in Paragraph 201 of the Complaint purport to selectively quote, reference, and/or paraphrase the articles *Juul exec: Never intended electronic cigarette for teens* by Matthew Perone and Richard Lardner and *Pax Labs: Origins with James Monsees* by Gabriel Montoya, which speak for themselves.  Mr. Crosthwaite denies that the alleged articles are quoted, referenced, and/or paraphrased in context or in their entirety, and denies Plaintiffs' characterization of the alleged articles, and denies Plaintiffs' insinuation and implication regarding the content or meaning of the alleged articles.  Mr. Crosthwaite otherwise denies the allegations in Paragraph 201 of the Complaint.

202.   To the extent that the allegations in Paragraph 202 are directed to other Defendants, no responsive pleading is required.  To the extent a response is required, Mr. Crosthwaite asserts the allegations in Paragraph 202 of the Complaint purport to selectively quote, reference, and/or paraphrase the article *JUUL Advertising Over Its First Three Years on the Market* and the hearing *Examining JUUL's Role in the Youth Nicotine Epidemic Part I* , which speak for themselves.  Mr. Crosthwaite denies that the alleged article and hearing are quoted, referenced, and/or paraphrased in context or in their entirety, and denies Plaintiffs' characterization of the alleged article and hearing, and denies Plaintiffs' insinuation and implication regarding the content or meaning of

the alleged article and hearing. Mr. Crosthwaite otherwise denies the allegations in Paragraph 202 of the Complaint.

203. To the extent that the allegations in Paragraph 203 are directed to other Defendants, no responsive pleading is required. To the extent a response is required, Mr. Crosthwaite asserts the allegations in Paragraph 203 of the Complaint purport to selectively quote, reference, and/or paraphrase alleged advertisements, which speak for themselves. Mr. Crosthwaite denies that the alleged advertisements are quoted, referenced, and/or paraphrased in context or in their entirety, and denies Plaintiffs' characterization of the alleged advertisements, and denies Plaintiffs' insinuation and implication regarding the content or meaning of the alleged advertisements. Mr. Crosthwaite otherwise denies the allegations in Paragraph 203 of the Complaint.

204. To the extent that the allegations in Paragraph 204 are directed to other Defendants, no responsive pleading is required. To the extent a response is required, Mr. Crosthwaite denies the allegations in Paragraph 204 of the Complaint.

## VII. JUUL Designed and Marketed JUUL to Appeal to Youth

### A. #Vaporized Campaign and the Big Tobacco Template

205. To the extent that the allegations in Paragraph 205 are directed to other Defendants, no responsive pleading is required. To the extent a response is required, Mr. Crosthwaite Mr. Crosthwaite admits JLI launched a marketing campaign in 2015, which involved promoting its products through a variety of means, including maintaining Instagram, Twitter, and Facebook accounts for promotional purposes in the U.S. Except as expressly admitted, Mr. Crosthwaite denies the allegations in Paragraph 205 of the Complaint.

206. To the extent that the allegations in Paragraph 206 are directed to other Defendants, no responsive pleading is required. To the extent a response is required, Mr. Crosthwaite asserts

63

the allegations in Paragraph 206 of the Complaint purport to selectively quote, reference, and/or paraphrase an alleged advertisement, which speak for itself. Mr. Crosthwaite denies that the alleged advertisement is quoted, referenced, and/or paraphrased in context or in their entirety, and denies Plaintiffs' characterization of the alleged advertisement, and denies Plaintiffs' insinuation and implication regarding the content or meaning of the alleged advertisement. Mr. Crosthwaite otherwise denies the allegations in Paragraph 206 of the Complaint.

207. To the extent that the allegations in Paragraph 207 are directed to other Defendants, no responsive pleading is required. To the extent a response is required, Mr. Crosthwaite admits that JLI engaged Cult Collective and Grit Creative Group in connection with the marketing of JUUL products. Except as expressly admitted, Mr. Crosthwaite denies allegations in Paragraph 207 of the Complaint.

208. To the extent that the allegations in Paragraph 208 are directed to other Defendants, no responsive pleading is required. To the extent a response is required, Mr. Crosthwaite admits that the launch campaign for JUUL products in 2015 was known as "Vaporized" and that JLI engaged Cult Collective and Grit in connection with that campaign. Mr. Crosthwaite otherwise denies allegations in Paragraph 208 of the Complaint.

209. To the extent that the allegations in Paragraph 209 are directed to other Defendants, no responsive pleading is required. To the extent a response is required, Mr. Crosthwaite denies the allegations in Paragraph 209 of the Complaint.

210. To the extent that the allegations in Paragraph 210 are directed to other Defendants, no responsive pleading is required. To the extent a response is required, Mr. Crosthwaite denies the allegations in Paragraph 210 of the Complaint.

211.   To the extent that the allegations in Paragraph 211 are directed to other Defendants, no responsive pleading is required.  To the extent a response is required, Mr. Crosthwaite denies the allegations in Paragraph 211 of the Complaint.

212.   To the extent that the allegations in Paragraph 212 are directed to other Defendants, no responsive pleading is required.  To the extent a response is required, Mr. Crosthwaite denies the allegations in Paragraph 212 of the Complaint.

213.   To the extent that the allegations in Paragraph 213 are directed to other Defendants, no responsive pleading is required.  To the extent a response is required, Mr. Crosthwaite admits that JLI  has, in the past, used the slogan "Smoking Evolved" in certain of its promotional materials.  Mr. Crosthwaite otherwise denies the allegations in Paragraph 213 of the Complaint.

**B.     Social Media - JUUL Purchased Advertising Space on Websites that Appeal to Children**

214.   To the extent that the allegations in Paragraph 214 are directed to other Defendants, no responsive pleading is required.  To the extent a response is required, Mr. Crosthwaite admits that JLI placed programmatic ad buys targeting adult smokers or vapers through third-party vendors beginning in June 2015.  Mr. Crosthwaite otherwise denies the allegations in Paragraph 214 of the Complaint.

215.   To the extent that the allegations in Paragraph 215 are directed to other Defendants, no responsive pleading is required.  To the extent a response is required, Mr. Crosthwaite admits that certain online advertisements linked to JLI's website where JLI sold products to adult consumers who passed JLI's online age-verification requirements.  Mr. Crosthwaite otherwise denies the allegations in Paragraph 215.

65

216.    To the extent that the allegations in Paragraph 216 are directed to other Defendants, no responsive pleading is required.  To the extent a response is required, Mr. Crosthwaite denies the allegations in Paragraph 216 of the Complaint.

217.    To the extent that the allegations in Paragraph 217 are directed to other Defendants, no responsive pleading is required.  To the extent a response is required, Mr. Crosthwaite denies the allegations in Paragraph 217 of the Complaint.

218.    To the extent that the allegations in Paragraph 218 are directed to other Defendants, no responsive pleading is required.  To the extent a response is required, Mr. Crosthwaite lacks sufficient knowledge or information to form a belief as to the allegations in the third sentence of Paragraph 218 of the Complaint, and on that basis denies them.  Mr. Crosthwaite otherwise denies the allegations in Paragraph 218 of the Complaint.

219.    To the extent that the allegations in Paragraph 219 are directed to other Defendants, no responsive pleading is required.  To the extent a response is required, Mr. Crosthwaite lacks sufficient knowledge or information to form a belief as to the allegations in the second sentence of Paragraph 219 of the Complaint, and on that basis denies them.  Mr. Crosthwaite otherwise denies the allegations in Paragraph 219 of the Complaint.

220.    To the extent that the allegations in Paragraph 220 are directed to other Defendants, no responsive pleading is required.  To the extent a response is required, Mr. Crosthwaite lacks sufficient knowledge or information to form a belief as to the allegations in Paragraph 220 to the extent they characterize certain websites, and on that basis denies them. Mr. Crosthwaite otherwise denies the allegations in Paragraph 220 of the Complaint.

221.    To the extent that the allegations in Paragraph 221 are directed to other Defendants, no responsive pleading is required.  To the extent a response is required, Mr. Crosthwaite lacks

66

sufficient knowledge or information to form a belief as to the allegations in Paragraph 221 to the extent they characterize certain websites, and on that basis denies them. Mr. Crosthwaite otherwise denies the allegations in Paragraph 221 of the Complaint.

222. To the extent that the allegations in Paragraph 222 are directed to other Defendants, no responsive pleading is required. To the extent a response is required, Mr. Crosthwaite lacks sufficient knowledge or information to form a belief as to the allegations in Paragraph 222 to the extent they characterize certain websites, and on that basis denies them. Mr. Crosthwaite otherwise denies the allegations in Paragraph 222 of the Complaint.

223. To the extent that the allegations in Paragraph 223 are directed to other Defendants, no responsive pleading is required. To the extent a response is required, Mr. Crosthwaite lacks sufficient knowledge or information to form a belief as to the allegations in Paragraph 223 to the extent they characterize certain websites, and on that basis denies them. Mr. Crosthwaite otherwise denies the allegations in Paragraph 223 of the Complaint.

224. To the extent that the allegations in Paragraph 224 are directed to other Defendants, no responsive pleading is required. To the extent a response is required, Mr. Crosthwaite lacks sufficient knowledge or information to form a belief as to the allegations in Paragraph 224 to the extent they characterize certain websites, and on that basis denies them. Mr. Crosthwaite otherwise denies the allegations in Paragraph 224 of the Complaint.

225. To the extent that the allegations in Paragraph 225 are directed to other Defendants, no responsive pleading is required. To the extent a response is required, Mr. Crosthwaite lacks sufficient knowledge or information to form a belief as to the allegations in Paragraph 225 to the extent they characterize certain websites, and on that basis denies them. Mr. Crosthwaite otherwise denies the allegations in Paragraph 225 of the Complaint.

226. To the extent that the allegations in Paragraph 226 are directed to other Defendants, no responsive pleading is required. To the extent a response is required, Mr. Crosthwaite asserts the allegations in Paragraph 226 of the Complaint purport to selectively quote, reference, and/or paraphrase the article *The Disturbing Focus of Juul's Early Marketing Campaigns* by Kathleen Chaykowski, which speaks for itself. Mr. Crosthwaite denies that the alleged article is quoted, referenced, and/or paraphrased in context or in its entirety, and denies Plaintiffs' characterization of the alleged article, and denies Plaintiffs' insinuation and implication regarding the content or meaning of the alleged article. Mr. Crosthwaite admits that JLI placed an advertisement in Vice Magazine. Mr. Crosthwaite otherwise denies the allegations in Paragraph 226 of the Complaint.

227. To the extent that the allegations in Paragraph 227 are directed to other Defendants, no responsive pleading is required. Mr. Crosthwaite asserts that the allegations in Paragraph 227 are set forth without citation. To the extent a response is required, Mr. Crosthwaite lacks sufficient knowledge or information to form a belief as to the allegations in Paragraph 227 of the Complaint, and on that basis denies them. Mr. Crosthwaite otherwise denies the allegations in Paragraph 227 of the Complaint.

228. To the extent that the allegations in Paragraph 228 are directed to other Defendants, no responsive pleading is required. To the extent a response is required, Mr. Crosthwaite denies the allegations in Paragraph 228 of the Complaint.

229. To the extent that the allegations in Paragraph 229 are directed to other Defendants, no responsive pleading is required. To the extent a response is required, Mr. Crosthwaite denies the allegations in Paragraph 229 of the Complaint.

230. To the extent that the allegations in Paragraph 230 are directed to other Defendants, no responsive pleading is required. To the extent a response is required, Mr. Crosthwaite admits

that JLI engaged Hypebeast for certain limited marketing activities in 2015 as part of the launch campaign.  Mr. Crosthwaite otherwise denies the allegations in Paragraph 230 of the Complaint.

231.    To the extent that the allegations in Paragraph 231 are directed to other Defendants, no responsive pleading is required.  To the extent a response is required, Mr. Crosthwaite admits that JLI previously posted advertisements on its social media accounts on Twitter, Instagram, and Facebook.  Mr. Crosthwaite further states that JLI disabled its U.S. Facebook and Instagram accounts in November 2018 and maintained its Twitter account for non-promotional communications only. Mr. Crosthwaite otherwise denies the allegations in Paragraph 231 of the Complaint.

232.    To the extent that the allegations in Paragraph 232 are directed to other Defendants, no responsive pleading is required.  To the extent a response is required, Mr. Crosthwaite avers that JLI's social media accounts were "age-gated" where possible.  Mr. Crosthwaite otherwise denies the allegations in Paragraph 232.

233.    To the extent that the allegations in Paragraph 233 are directed to other Defendants, no responsive pleading is required.  To the extent a response is required, Mr. Crosthwaite lacks sufficient knowledge or information to form a belief as to the allegations in the second and third sentences of Paragraph 233 of the Complaint, and on that basis denies them.  Mr. Crosthwaite otherwise denies the allegations in Paragraph 233 of the Complaint.

234.    To the extent that the allegations in Paragraph 234 are directed to other Defendants, no responsive pleading is required.  To the extent a response is required, Mr. Crosthwaite denies the allegations in Paragraph 234 of the Complaint.

235.    To the extent that the allegations in Paragraph 235 are directed to other Defendants, no responsive pleading is required.  To the extent a response is required, Mr. Crosthwaite admits

that certain posts on JLI's social media accounts included the listed "hashtags."  Mr. Crosthwaite otherwise denies the allegations in Paragraph 235 of the Complaint.

236.    To the extent that the allegations in Paragraph 236 are directed to other Defendants, no responsive pleading is required.  To the extent a response is required, Mr. Crosthwaite lacks sufficient knowledge or information to form a belief as to the allegations in Paragraph 236 of the Complaint, and on that basis denies them.

237.    To the extent that the allegations in Paragraph 237 are directed to other Defendants, no responsive pleading is required.  To the extent a response is required, Mr. Crosthwaite assert the allegations in Paragraph 237 of the Complaint purport to selectively quote, reference, and/or paraphrase the article JUUL Advertising Over Its First Three Years on the Market by Robert Jackler, which speaks for itself.  Mr. Crosthwaite denies that the alleged article is quoted, referenced, and/or paraphrased in context or in its entirety, and denies Plaintiffs' characterization of the alleged article, and denies Plaintiffs' insinuation and implication regarding the content or meaning of the alleged article.  Mr. Crosthwaite otherwise lacks sufficient knowledge or information to form a belief as to the allegations in Paragraph 237 of the Complaint, and on that basis denies them.

238.    To the extent that the allegations in Paragraph 238 are directed to other Defendants, no responsive pleading is required.  To the extent a response is required, Mr. Crosthwaite assert the allegations in Paragraph 238 of the Complaint purport to selectively quote, reference, and/or paraphrase the article JUUL Advertising Over Its First Three Years on the Market by Robert Jackler, which speaks for itself.  Mr. Crosthwaite denies that the alleged article is quoted, referenced, and/or paraphrased in context or in its entirety, and denies Plaintiffs' characterization of the alleged article, and denies Plaintiffs' insinuation and implication regarding the content or

70

meaning of the alleged article. Mr. Crosthwaite otherwise lacks sufficient knowledge or information to form a belief as to the allegations in Paragraph 238 of the Complaint, and on that basis denies them.

239. To the extent that the allegations in Paragraph 239 are directed to other Defendants, no responsive pleading is required. To the extent a response is required, Mr. Crosthwaite denies the allegations in Paragraph 239 of the Complaint.

240. To the extent that the allegations in Paragraph 240 are directed to other Defendants, no responsive pleading is required. To the extent a response is required, Mr. Crosthwaite admits that JLI has monitored social media activity and avers that it sent thousands of take-down requests to major social media platforms for content aimed at underage individuals or other inappropriate content related to JUUL products. Mr. Crosthwaite otherwise denies the allegations in Paragraph 240 of the Complaint.

241. To the extent that the allegations in Paragraph 241 are directed to other Defendants, no responsive pleading is required. To the extent a response is required, Mr. Crosthwaite assert the allegations in Paragraph 241 of the Complaint purport to selectively quote, reference, and/or paraphrase the article I Wake Up and Hit the JUUL: Analyzing Twitter for JUUL Nicotine Effects and Dependence. Drug and Alcohol Dependence by J.E. Sidani, which speaks for itself. Mr. Crosthwaite denies that the alleged article is quoted, referenced, and/or paraphrased in context or in its entirety, and denies Plaintiffs' characterization of the alleged article, and denies Plaintiffs' insinuation and implication regarding the content or meaning of the alleged article. Mr. Crosthwaite otherwise lacks sufficient knowledge or information to form a belief as to the allegations in Paragraph 241 of the Complaint, and on that basis denies them.

71

242.   To the extent that the allegations in Paragraph 242 are directed to other Defendants, no responsive pleading is required.  To the extent a response is required, Mr. Crosthwaite denies the allegations in Paragraph 242 of the Complaint.

243.   To the extent that the allegations in Paragraph 243 are directed to other Defendants, no responsive pleading is required.  To the extent a response is required, Mr. Crosthwaite admits that, prior to the discontinuance of the JLI affiliate program in October 2018, JLI offered a small number of third-party affiliates the opportunity to provide advertising links, which sometimes included discounts, that routed traffic to the age-gated JLI ecommerce website in exchange for a commission based on sales generated through those links.  Mr. Crosthwaite otherwise denies the allegations in Paragraph 243 of the Complaint.

244.   To the extent that the allegations in Paragraph 244 are directed to other Defendants, no responsive pleading is required.  To the extent a response is required, Mr. Crosthwaite admits that at times, through its social media accounts, JLI interacted with third-party social media accounts.  Mr. Crosthwaite otherwise denies the allegations in Paragraph 244 of the Complaint.

245.   To the extent that the allegations in Paragraph 245 are directed to other Defendants, no responsive pleading is required.  To the extent a response is required, Mr. Crosthwaite asserts the allegations in Paragraph 245 of the Complaint purport to selectively quote, reference, and/or paraphrase the article Vaping Versus JUULing: How the Extraordinary Growth and Marketing of JUUL Transformed the US Retail E-cigarette Market by Jidong Huang, which speaks for itself. Mr. Crosthwaite denies that the alleged article is quoted, referenced, and/or paraphrased in context or in its entirety, and denies Plaintiffs' characterization of the alleged article, and denies Plaintiffs' insinuation and implication regarding the content or meaning of the alleged article.   Mr.

Crosthwaite otherwise lacks sufficient knowledge or information to form a belief as to the allegations in Paragraph 245 of the Complaint, and on that basis denies them.

246. To the extent that the allegations in Paragraph 246 are directed to other Defendants, no responsive pleading is required. Mr. Crosthwaite asserts the allegations in Paragraph 246 are set forth without citation. Mr. Crosthwaite also asserts that JLI maintained only one official corporate Instagram account. To the extent a response is otherwise required, Mr. Crosthwaite otherwise lacks sufficient knowledge or information to form a belief as to the allegations in Paragraph 246 of the Complaint, and on that basis denies them.

247. To the extent that the allegations in Paragraph 247 are directed to other Defendants, no responsive pleading is required. Mr. Crosthwaite asserts the allegations in Paragraph 247 are set forth without citation. To the extent a response is required, Mr. Crosthwaite otherwise lacks sufficient knowledge or information to form a belief as to the allegations in Paragraph 247 of the Complaint, and on that basis denies them.

248. To the extent that the allegations in Paragraph 248 are directed to other Defendants, no responsive pleading is required. Mr. Crosthwaite asserts the allegations in Paragraph 248 are set forth without citation. To the extent a response is required, Mr. Crosthwaite otherwise lacks sufficient knowledge or information to form a belief as to the allegations in Paragraph 248 of the Complaint, and on that basis denies them.

249. To the extent that the allegations in Paragraph 249 are directed to other Defendants, no responsive pleading is required. To the extent a response is required, Mr. Crosthwaite assets the allegations in Paragraph 249 of the Complaint purport to selectively quote, reference, and/or paraphrase the article Estimated Ages of JUUL Twitter Followers by Kim Annice, which speaks for itself. Mr. Crosthwaite denies that the alleged article is quoted, referenced, and/or paraphrased

73

in context or in its entirety, and denies Plaintiffs' characterization of the alleged article, and denies Plaintiffs' insinuation and implication regarding the content or meaning of the alleged article. Mr. Crosthwaite otherwise denies the allegations in Paragraph 249 of the Complaint.

250.    To the extent that the allegations in Paragraph 250 are directed to other Defendants, no responsive pleading is required.  To the extent a response is required, Mr. Crosthwaite denies the allegations in Paragraph 250 of the Complaint.

251.    To the extent that the allegations in Paragraph 251 are directed to other Defendants, no responsive pleading is required.  To the extent a response is required, Mr. Crosthwaite assets the allegations in Paragraph 251 of the Complaint purport to selectively quote, reference, and/or paraphrase the article *Juul Disregarded Early Evidence It Was Hooking Teens*, which speaks for itself.  Mr. Crosthwaite denies that the alleged article is quoted, referenced, and/or paraphrased in context or in its entirety, and denies Plaintiffs' characterization of the alleged article, and denies Plaintiffs' insinuation and implication regarding the content or meaning of the alleged article. Mr. Crosthwaite otherwise denies the allegations in Paragraph 251 of the Complaint.

## C.    JUUL Hosted Parties to Generate Brand Awareness Among Young People

252.    To the extent that the allegations in Paragraph 252 are directed to other Defendants, no responsive pleading is required.  To the extent a response is required, Mr. Crosthwaite admits that JLI organized certain age-restricted events in 2015.  Mr. Crosthwaite further admits that the artists listed in Paragraph 252 of the Complaint provided entertainment at JLI's New York launch event in 2015.  Mr. Crosthwaite otherwise denies the allegations in Paragraph 252 of the Complaint.

253.    To the extent that the allegations in Paragraph 253 are directed to other Defendants, no responsive pleading is required.  To the extent a response is required, Mr. Crosthwaite admits

that JLI distributed limited quantities of samples to age-verified adult consumers, and did not charge for admission at certain age-restricted events that took place following its initial product launch in 2015. Mr. Crosthwaite otherwise denies the allegations in Paragraph 253 of the Complaint.

254. To the extent that the allegations in Paragraph 254 are directed to other Defendants, no responsive pleading is required. Mr. Crosthwaite asserts that the allegations in Paragraph 254 are set forth without citation. To the extent a response is required, Mr. Crosthwaite admits that JLI distributed limited quantities of samples to age-verified adult consumers at certain age-restricted events that took place around the time of its initial product launch in 2015. Mr. Crosthwaite otherwise denies the allegations in Paragraph 254 of the Complaint.

255. To the extent that the allegations in Paragraph 255 are directed to other Defendants, no responsive pleading is required. To the extent a response is required, Mr. Crosthwaite lacks sufficient knowledge or information to form a belief as to the allegations in Paragraph 255 of the Complaint, and on that basis denies them.

256. To the extent that the allegations in Paragraph 256 are directed to other Defendants, no responsive pleading is required. To the extent a response is required, Mr. Crosthwaite admits that JLI distributed limited quantities of samples at certain age-restricted events that took place following its initial product launch in 2015. Mr. Crosthwaite otherwise denies the allegations in Paragraph 256 of the Complaint.

257. To the extent that the allegations in Paragraph 257 are directed to other Defendants, no responsive pleading is required. To the extent a response is required, Mr. Crosthwaite admits that JLI distributed limited quantities of samples at certain age-restricted events that took place following its initial product launch in 2015. Mr. Crosthwaite otherwise lacks sufficient

knowledge or information to form a belief as to the allegations in Paragraph 257 of the Complaint, and on that basis denies them. Mr. Crosthwaite otherwise denies the allegations in Paragraph 257 of the Complaint.

258. To the extent that the allegations in Paragraph 258 are directed to other Defendants, no responsive pleading is required. To the extent a response is required, Mr. Crosthwaite admits that on occasion JLI posted photos from JLI-sponsored events on social media and via events at which guests shared photos on social media using the listed hashtags. Mr. Crosthwaite otherwise denies the allegations in Paragraph 258 of the Complaint.

259. To the extent that the allegations in Paragraph 259 are directed to other Defendants, no responsive pleading is required. To the extent a response is required, Mr. Crosthwaite admits that JLI held at least 25 promotional events between June 4, 2015, and December 8, 2015 in connection with its product launch, and that JLI marketed its products through various platforms, including social media and age-restricted events in various cities, including sponsorship of the "Music in Film Summit." Mr. Crosthwaite otherwise denies the allegations in Paragraph 259 of the Complaint.

260. To the extent that the allegations in Paragraph 260 are directed to other Defendants, no responsive pleading is required. To the extent a response is required, Mr. Crosthwaite denies the allegations in Paragraph 260 of the Complaint.

261. To the extent that the allegations in Paragraph 261 are directed to other Defendants, no responsive pleading is required. To the extent a response is required, Mr. Crosthwaite admits that Grit Creative Group provided a list of potential attendees for the referenced promotional event. Mr. Crosthwaite otherwise denies the allegations in Paragraph 261 of the Complaint.

262.   To the extent that the allegations in Paragraph 262 are directed to other Defendants, no responsive pleading is required.  To the extent a response is required, Mr. Crosthwaite admits that Grit organized certain age-restricted events at locations in New York in connection with the launch of JUUL products in 2015. Mr. Crosthwaite otherwise denies the allegations in Paragraph 262 of the Complaint.

263.   To the extent that the allegations in Paragraph 263 are directed to other Defendants, no responsive pleading is required.  Mr. Crosthwaite asserts that the allegations in Paragraph 263 are set forth without citation.  To the extent a response is required, Mr. Crosthwaite Mr. Crosthwaite lacks sufficient knowledge or information to form a belief as to the allegations in the second sentence of Paragraph 263 of the Complaint, and on that basis denies them. Mr. Crosthwaite otherwise denies the allegations in Paragraph 263 of the Complaint.

264.   To the extent that the allegations in Paragraph 264 are directed to other Defendants, no responsive pleading is required.  To the extent a response is required, Mr. Crosthwaite admits that part of JLI's launch campaign in 2015 included advertisements in Times Square, which advertisements speak for themselves.  Mr. Crosthwaite otherwise denies the allegations in Paragraph 264 of the Complaint.

265.   To the extent that the allegations in Paragraph 265 are directed to other Defendants, no responsive pleading is required.  To the extent a response is required, Mr. Crosthwaite admits that part of JLI's launch campaign in 2015 included advertisements in Times Square, which advertisements speak for themselves.  Mr. Crosthwaite otherwise denies the allegations in Paragraph 265 of the Complaint.

266.   To the extent that the allegations in Paragraph 266 are directed to other Defendants, no responsive pleading is required.  To the extent a response is required, Mr. Crosthwaite admits

77

that JLI engaged in marketing efforts in connection with its 2015 product launch.  Mr. Crosthwaite otherwise denies the allegations in Paragraph 266 of the Complaint.

267.    To the extent that the allegations in Paragraph 267 are directed to other Defendants, no responsive pleading is required.  To the extent a response is required, Mr. Crosthwaite avers that, in 2015, JLI held experiential marketing events for age-verified adults at locations in New York engaged in marketing efforts in connection with its 2015 product launch.  Mr. Crosthwaite otherwise denies the allegations in Paragraph 267 of the Complaint.

268.    To the extent that the allegations in Paragraph 268 are directed to other Defendants, no responsive pleading is required.  To the extent a response is required, Mr. Crosthwaite  denies the allegations in Paragraph 268 of the Complaint.

269.    To the extent that the allegations in Paragraph 269 are directed to other Defendants, no responsive pleading is required.  To the extent a response is required, Mr. Crosthwaite  denies the allegations in Paragraph 269 of the Complaint.

270.    To the extent that the allegations in Paragraph 270 are directed to other Defendants, no responsive pleading is required.  To the extent a response is required, Mr. Crosthwaite admits that, after JLI's initial product launch, JLI marketed its products through various platforms, including social media and age-restricted events, and that JLI distributed limited quantities of samples at certain age-restricted events that took place following its initial product launch in 2015 and did not charge for admission at those events.  Mr. Crosthwaite otherwise denies the allegations in Paragraph 270 of the Complaint.

**D.     JUUL Sought to Enlist "Influencers" With Large Numbers of Underage Social Media Followers to Promote JUUL Products**

271.    To the extent that the allegations in Paragraph 271 are directed to other Defendants, no responsive pleading is required.  To the extent a response is required, Mr. Crosthwaite  denies the allegations in Paragraph 271 of the Complaint.

272.    To the extent that the allegations in Paragraph 272 are directed to other Defendants, no responsive pleading is required.  To the extent a response is required, Mr. Crosthwaite admits that JLI engaged in certain marketing efforts in connection with the product launch, including via social media, which have been discontinued.  Mr. Crosthwaite further admits that JLI distributed limited quantities of samples to age-verified adult consumers at certain age-restricted events that took place following its initial product launch in 2015.  Mr. Crosthwaite otherwise denies the allegations in Paragraph 272 of the Complaint.

273.    To the extent that the allegations in Paragraph 273 are directed to other Defendants, no responsive pleading is required.  To the extent a response is required, Mr. Crosthwaite admits that a purpose of JUUL's influencer program was to generate awareness of the JUUL brand.  Mr. Crosthwaite otherwise denies the allegations in Paragraph 273 of the Complaint.

274.    To the extent that the allegations in Paragraph 274 are directed to other Defendants, no responsive pleading is required.  To the extent a response is required, Mr. Crosthwaite admits that around the time of the initial commercialization of JUUL products, JLI sent offers to redeem free or discounted JUUL products to certain individuals of legal purchasing age.  These adults who received free or discounted samples were not asked to do anything in exchange for receiving JUUL products, and there was no requirement or expectation that they generate posts for social media.  Mr. Crosthwaite otherwise denies the allegations in Paragraph 274 of the Complaint.

275.    To the extent that the allegations in Paragraph 275 are directed to other Defendants, no responsive pleading is required.  To the extent a response is required, Mr. Crosthwaite admits that JLI sent offers that could be redeemed on its age-verified e-commerce website for free or discounted JUUL products to certain individuals of legal purchasing age.  Mr. Crosthwaite otherwise denies the allegations in Paragraph 275 of the Complaint.

276.    To the extent that the allegations in Paragraph 276 are directed to other Defendants, no responsive pleading is required.  To the extent a response is required, Mr. Crosthwaite denies the allegations in Paragraph 276 of the Complaint.

277.    To the extent that the allegations in Paragraph 277 are directed to other Defendants, no responsive pleading is required.  To the extent a response is required, Mr. Crosthwaite denies the allegations in Paragraph 277 of the Complaint.

278.    To the extent that the allegations in Paragraph 278 are directed to other Defendants, no responsive pleading is required.  To the extent a response is required, Mr. Crosthwaite denies the allegations in Paragraph 278 of the Complaint.

279.    To the extent that the allegations in Paragraph 279 are directed to other Defendants, no responsive pleading is required.  To the extent a response is required, Mr. Crosthwaite denies the allegations in Paragraph 279 of the Complaint.

280.    To the extent that the allegations in Paragraph 280 are directed to other Defendants, no responsive pleading is required.  To the extent a response is required, Mr. Crosthwaite denies the allegations in Paragraph 280 of the Complaint.

281.    To the extent that the allegations in Paragraph 281 are directed to other Defendants, no responsive pleading is required.  To the extent a response is required, Mr. Crosthwaite admits that at the time of JUUL's launch, JLI collected names of celebrities of legal age who were known

to be smokers and sent emails to the celebrities or to their managers offering each a free JUUL Starter Kit. Mr. Crosthwaite otherwise denies the allegations in Paragraph 281 of the Complaint.

282. To the extent that the allegations in Paragraph 282 are directed to other Defendants, no responsive pleading is required. To the extent a response is required, Mr. Crosthwaite admits that JLI distributed limited quantities of samples of JUUL products to individuals at certain age-gated events taking place around the time of the initial commercialization of JUUL products. Mr. Crosthwaite otherwise denies the allegations in Paragraph 282.

283. To the extent that the allegations in Paragraph 283 are directed to other Defendants, no responsive pleading is required. To the extent a response is required, Mr. Crosthwaite admits that JLI distributed limited quantities of samples of JUUL products to individuals at certain age-gated events taking place around the time of the initial commercialization of JUUL products. Mr. Crosthwaite otherwise denies the allegations in Paragraph 283.

284. To the extent that the allegations in Paragraph 284 are directed to other Defendants, no responsive pleading is required. To the extent a response is required, Mr. Crosthwaite admits that JLI engaged Grit Creative Group for certain marketing activities. Mr. Crosthwaite otherwise denies the allegations in Paragraph 284.

285. To the extent that the allegations in Paragraph 285 are directed to other Defendants, no responsive pleading is required. To the extent a response is required, Mr. Crosthwaite admits that JLI provided Grit explicit instructions to conduct outreach to adult smokers or vapers for Grit's launch-related efforts. Mr. Crosthwaite otherwise lacks sufficient knowledge or information to form a belief as to the allegations in Paragraph 285 of the Complaint. Except as expressly admitted, Mr. Crosthwaite denies the allegations in Paragraph 285 of the Complaint.

286.    The allegations in Paragraph 286 of the Complaint state legal conclusions for which no response is required.  To the extent that the allegations in Paragraph 286 are directed to other Defendants, no responsive pleading is required.  To the extent a response is required, Mr. Crosthwaite admits that JLI provided Grit explicit instructions to conduct outreach to adult smokers or vapers for Grit's launch -related efforts.  Except as expressly admitted, Mr. Crosthwaite denies the allegations in Paragraph 286 of the Complaint.

287.    The allegations in Paragraph 287 of the Complaint state legal conclusions for which no response is required.  To the extent a response is required, Mr. Crosthwaite denies the allegations in Paragraph 287 of the Complaint.

**E.    JUUL's Outreach and Targeting of Adolescents - In-Person Presentations at Schools**

288.    Mr. Crosthwaite denies the allegations in Paragraph 288 of the Complaint.

289.    Mr. Crosthwaite denies the allegations in Paragraph 289 of the Complaint.

290.    Mr. Crosthwaite denies the allegations in Paragraph 290 of the Complaint.

291.    To the extent that the allegations in Paragraph 291 are directed to other Defendants, no responsive pleading is required.  To the extent a response is required, Mr. Crosthwaite asserts that the allegations in Paragraph 291 of the Complaint purport to selectively quote, reference, and/or paraphrase the *Hearings on JUUL's Role in Youth Nicotine Addiction Epidemic* and a May 23, 2018 email from Julie Henderson, which speak for themselves.  Mr. Crosthwaite denies that the alleged documents and/or statements are quoted, referenced, and/or paraphrased in context or in their entirety, and denies Plaintiffs' characterization of the alleged documents and/or statements, and denies Plaintiffs' insinuation and implication regarding the content or meaning of the alleged documents and/or statements.  Mr. Crosthwaite otherwise denies the allegations in Paragraph 291 of the Complaint.

**F.      JUUL Focused on Growth In Convenience Stores Where Advertising and Sales to Minors Was Likely**

292.   To the extent that the allegations in Paragraph 292 are directed to other Defendants, no responsive pleading is required.  To the extent a response is required, Mr. Crosthwaite admits that JLI's products were available at various authorized brick-and-mortar retail stores beginning in 2015.  Except as expressly admitted, Mr. Crosthwaite denies the allegations in Paragraph 292 of the Complaint.

293.   Mr. Crosthwaite denies the allegations in Paragraph 293 of the Complaint.

294.   The allegations in Paragraph 294 of the Complaint are set forth without citation. Mr. Crosthwaite lacks sufficient knowledge or information to form a belief as to the allegations in Paragraph 294 of the Complaint, and on that basis denies them.

295.   To the extent that the allegations in Paragraph 295 are directed to other Defendants, no responsive pleading is required.  To the extent a response is required, Mr. Crosthwaite lacks sufficient knowledge or information to form a belief as to the allegations in Paragraph 295 of the Complaint and on that basis denies them.

296.   To the extent that the allegations in Paragraph 296 are directed to other Defendants, no responsive pleading is required.  To the extent a response is required, Mr. Crosthwaite admits that JLI placed trade marketing materials at JUUL-authorized brick-and-mortar retailers.  Except as expressly admitted, Mr. Crosthwaite denies the allegations in Paragraph 296 of the Complaint.

297.   To the extent that the allegations in Paragraph 297 are directed to other Defendants, no responsive pleading is required.  To the extent a response is required, Mr. Crosthwaite lacks sufficient knowledge or information to form a belief as to the allegations in Paragraph 297 of the Complaint and on that basis denies them.

298. To the extent that the allegations in Paragraph 298 are directed to other Defendants, no responsive pleading is required. To the extent a response is required, Mr. Crosthwaite lacks sufficient knowledge or information to form a belief as to the allegations in Paragraph 298 of the Complaint and on that basis denies them.

299. To the extent that the allegations in Paragraph 299 are directed to other Defendants, no responsive pleading is required. To the extent a response is required, Mr. Crosthwaite denies the allegations in Paragraph 299 of the Complaint.

300. To the extent that the allegations in Paragraph 300 are directed to other Defendants, no responsive pleading is required. To the extent a response is required, Mr. Crosthwaite denies the allegations in Paragraph 300 of the Complaint.

301. To the extent that the allegations in Paragraph 301 are directed to other Defendants, no responsive pleading is required. To the extent a response is required, Mr. Crosthwaite lacks sufficient knowledge or information to form a belief as to the allegations in Paragraph 301 of the Complaint and on that basis denies them.

302. To the extent that the allegations in Paragraph 302 are directed to other Defendants, no responsive pleading is required. To the extent a response is required, Mr. Crosthwaite denies the allegations in Paragraph 302 of the Complaint.

303. To the extent that the allegations in Paragraph 303 are directed to other Defendants, no responsive pleading is required. To the extent a response is required, Mr. Crosthwaite asserts that the allegations in Paragraph 303 of the Complaint are set forth without citation. Mr. Crosthwaite lacks sufficient knowledge or information to form a belief as to the allegations in Paragraph 303 of the Complaint, and on that basis denies them.

304. To the extent that the allegations in Paragraph 304 are directed to other Defendants, no responsive pleading is required. To the extent a response is required, Mr. Crosthwaite denies the allegations in Paragraph 304 of the Complaint.

305. To the extent that the allegations in Paragraph 305 are directed to other Defendants, no responsive pleading is required. To the extent a response is required, Mr. Crosthwaite asserts that the allegations in Paragraph 305 of the Complaint state a legal conclusion for which no response is required. To the extent a response is required, Mr. Crosthwaite denies the allegations in Paragraph 305 of the Complaint.

G.    **JUUL Disregarded Failures and Loopholes Within Its Online Sales System That Allowed Youth to Purchase JUUL Online Through JUUL's Own Website**

306. To the extent that the allegations in Paragraph 306 are directed to other Defendants, no responsive pleading is required. To the extent a response is required, Mr. Crosthwaite admits that JLI's products were available for purchase on the JLI age-gated e-commerce website to adult consumers who pass JLI's online age-verification process. Except as expressly admitted, Mr. Crosthwaite denies the allegations in Paragraph 306 of the Complaint.

307. To the extent that the allegations in Paragraph 307 are directed to other Defendants, no responsive pleading is required. To the extent a response is required, Mr. Crosthwaite denies the allegations in Paragraph 307 of the Complaint.

308. To the extent that the allegations in Paragraph 308 are directed to other Defendants, no responsive pleading is required. To the extent a response is required, Mr. Crosthwaite denies the allegations in Paragraph 308 of the Complaint.

309. To the extent that the allegations in Paragraph 309 are directed to other Defendants, no responsive pleading is required. Mr. Crosthwaite asserts that the allegations in Paragraph 309 are set forth without citation. To the extent a response is required, Mr. Crosthwaite admits that

85

JLI engaged Veratad Technologies, LLC ("Veratad") to provide age verification for JUUL products when it launched juulvapor.com. Mr. Crosthwaite otherwise lacks sufficient knowledge or information to form a belief as to the allegations in Paragraph 309 of the Complaint, and on that basis denies them. Except as expressly admitted, Mr. Crosthwaite denies the allegations in Paragraph 309 of the Complaint.

310. To the extent that the allegations in Paragraph 310 are directed to other Defendants, no responsive pleading is required. Mr. Crosthwaite asserts that the allegations in Paragraph 310 are set forth without citation. To the extent a response is required, Mr. Crosthwaite lacks sufficient knowledge or information to form a belief as to the allegations in Paragraph 310 of the Complaint, and on that basis denies them.

311. To the extent that the allegations in Paragraph 311 are directed to other Defendants, no responsive pleading is required. Mr. Crosthwaite asserts that the allegations in Paragraph 311 are set forth without citation. To the extent a response is required, Mr. Crosthwaite lacks sufficient knowledge or information to form a belief as to the allegations in Paragraph 311 of the Complaint, and on that basis denies them.

312. To the extent that the allegations in Paragraph 312 are directed to other Defendants, no responsive pleading is required. Mr. Crosthwaite asserts that the allegations in Paragraph 312 are set forth without citation. To the extent a response is required, Mr. Crosthwaite lacks sufficient knowledge or information to form a belief as to the allegations in Paragraph 312 of the Complaint, and on that basis denies them.

313. To the extent that the allegations in Paragraph 313 are directed to other Defendants, no responsive pleading is required. To the extent a response is required, Mr. Crosthwaite lacks

sufficient knowledge or information to form a belief as to the allegations in Paragraph 313 of the Complaint, and on that basis denies them.

314.    To the extent that the allegations in Paragraph 314 are directed to other Defendants, no responsive pleading is required.  To the extent a response is required, Mr. Crosthwaite admits that JLI used Veratad, a third party service, to verify the age and identity of visitors to JLI's website from the time of the launch.  To the extent Paragraph 314 of the Complaint purports to characterize articles and statements, Mr. Crosthwaite refers to the referenced documents or statements for their complete and accurate contents.  Mr. Crosthwaite otherwise lacks sufficient knowledge or information to form a belief as to the allegations in Paragraph 314 of the Complaint, and on that basis denies them.  Except as expressly admitted, Mr. Crosthwaite denies the allegations in Paragraph 314 of the Complaint.

315.    To the extent that the allegations in Paragraph 315 are directed to other Defendants, no responsive pleading is required.  To the extent a response is required, Mr. Crosthwaite asserts that the allegations in Paragraph 315 of the Complaint purport to selectively quote, reference, and/or paraphrase a complaint filed in the case, *People* v. *JUUL*, which speaks for itself.  Mr. Crosthwaite denies that the alleged complaint is quoted, referenced, and/or paraphrased in context or in its entirety, and denies Plaintiffs' characterization of the alleged complaint, and denies Plaintiffs' insinuation and implication regarding the content or meaning of the complaint.  Mr. Crosthwaite otherwise denies the allegations in Paragraph 315 of the Complaint.

316.    To the extent that the allegations in Paragraph 316 are directed to other Defendants, no responsive pleading is required.  To the extent a response is required, Mr. Crosthwaite admits that from the launch of JUUL products in June 2015 to November 2016, JLI required an adult signature for the delivery of JUUL products purchased by age-verified consumers from its age-

87

gated e-commerce site.  Mr. Crosthwaite further avers that beginning in November 2016, for states which did not otherwise require a signature by law, JLI offered the requirement of an adult signature upon delivery as an optional feature for online purchases.  Except as expressly admitted, Mr. Crosthwaite denies the allegations in Paragraph 316 of the Complaint.

317.    To the extent that the allegations in Paragraph 317 are directed to other Defendants, no responsive pleading is required.  To the extent a response is required, Mr. Crosthwaite otherwise lacks sufficient knowledge or information to form a belief as to the allegations in Paragraph 317 of the Complaint, and on that basis denies them.

318.    To the extent that the allegations in Paragraph 318 are directed to other Defendants, no responsive pleading is required.  To the extent a response is required, Mr. Crosthwaite otherwise lacks sufficient knowledge or information to form a belief as to the allegations in Paragraph 318 of the Complaint, and on that basis denies them.

319.    To the extent that the allegations in Paragraph 319 are directed to other Defendants, no responsive pleading is required.  To the extent a response is required, Mr. Crosthwaite asserts that the allegations in Paragraph 319 of the Complaint state a legal conclusion for which no response is required. To the extent a response is required, Mr. Crosthwaite denies the allegations in Paragraph 319 of the Complaint.

## VIII.   JLI Defendants Successfully Misrepresented that JUUL Was Safe and Healthy

320.    To the extent that the allegations in Paragraph 320 are directed to other Defendants, no responsive pleading is required.  To the extent a response is required, Mr. Crosthwaite asserts that the allegations in Paragraph 320 of the Complaint purport to selectively quote, reference, and/or paraphrase the article *Teens and E-cigarettes* from the website drugabuse.gov, which speaks for itself.  Mr. Crosthwaite denies that the alleged article is quoted, referenced, and/or

88

paraphrased in context or in its entirety, and denies Plaintiffs' characterization of the alleged article, and denies Plaintiffs' insinuation and implication regarding the content or meaning of the alleged article. Mr. Crosthwaite otherwise denies the allegations in Paragraph 320 of the Complaint.

321. To the extent that the allegations in Paragraph 321 are directed to other Defendants, no responsive pleading is required. To the extent a response is required, Mr. Crosthwaite asserts that the allegations in Paragraph 321 of the Complaint purport to selectively quote, reference, and/or paraphrase the article *Recognition, Use and Perceptions of Juul Among Youth and Young Adults* by Jeffrey Willett, which speaks for itself. Mr. Crosthwaite denies that the alleged article is quoted, referenced, and/or paraphrased in context or in its entirety, and denies Plaintiffs' characterization of the alleged article, and denies Plaintiffs' insinuation and implication regarding the content or meaning of the alleged article. Mr. Crosthwaite otherwise denies the allegations in Paragraph 321 of the Complaint.

322. To the extent that the allegations in Paragraph 322 are directed to other Defendants, no responsive pleading is required. To the extent a response is required, Mr. Crosthwaite asserts that the allegations in Paragraph 322 of the Complaint purport to selectively quote, reference, and/or paraphrase the articles *Recognition, Use and Perceptions of Juul Among Youth and Young Adults*, by Jeffrey Willett and *Perceptions and Reasons Regarding E-Cigarette Use Among Users and Non- Users: A Narrative Literature Review*, by Kim Romijnders, which speak for themselves. Mr. Crosthwaite denies that the alleged articles are quoted, referenced, and/or paraphrased in context or in their entirety, and denies Plaintiffs' characterization of the alleged articles, and denies Plaintiffs' insinuation and implication regarding the content or meaning of the alleged articles. Mr. Crosthwaite otherwise denies the allegations in Paragraph 322 of the Complaint.

323.   the extent that the allegations in Paragraph 323 are directed to other Defendants, no responsive pleading is required.  To the extent a response is required, Mr. Crosthwaite asserts that the allegations in Paragraph 323 of the Complaint purport to selectively quote, reference, and/or paraphrase the article *Self-Reported Use of Tobacco, E-Cigarettes, and Marijuana versus Urinary Biomarkers* by Rachel Boykan, which speaks for itself.  Mr. Crosthwaite denies that the alleged article is quoted, referenced, and/or paraphrased in context or in its entirety, and denies Plaintiffs' characterization of the alleged article, and denies Plaintiffs' insinuation and implication regarding the content or meaning of the alleged article.  Mr. Crosthwaite otherwise denies the allegations in Paragraph 323 of the Complaint.

## IX.    JUUL's Practices Lead to the Nationwide Youth Vaping Epidemic

324.   Mr. Crosthwaite denies the allegations in Paragraph 324 of the Complaint.

325.   To the extent that the allegations in Paragraph 325 are directed to other Defendants, no responsive pleading is required.  To the extent a response is required, Mr. Crosthwaite asserts that the allegations in Paragraph 325 of the Complaint purport to selectively quote, reference, and/or paraphrase statistics published in a tobacco fact sheet on the cdc.gov website, which speaks for itself.  Mr. Crosthwaite denies that the alleged fact sheet is quoted, referenced, and/or paraphrased in context or in its entirety, and denies Plaintiffs' characterization of the alleged fact sheet, and denies Plaintiffs' insinuation and implication regarding the content or meaning of the alleged fact sheet.  Mr. Crosthwaite otherwise denies the allegations in Paragraph 325 of the Complaint.

326.   To the extent that the allegations in Paragraph 326 are directed to other Defendants, no responsive pleading is required.  To the extent a response is required, Mr. Crosthwaite asserts that the allegations in Paragraph 326 of the Complaint purport to selectively quote, reference,

and/or paraphrase the article *Surgeon General Warns Youth Vaping Is Now An "Epidemic"* by Rob Stein, which speaks for itself. Mr. Crosthwaite denies that the alleged article is quoted, referenced, and/or paraphrased in context or in its entirety, and denies Plaintiffs' characterization of the alleged article, and denies Plaintiffs' insinuation and implication regarding the content or meaning of the alleged article. Mr. Crosthwaite otherwise denies the allegations Paragraph 326 of the Complaint.

327. To the extent that the allegations in Paragraph 327 are directed to other Defendants, no responsive pleading is required. To the extent a response is required, Mr. Crosthwaite asserts that the allegations in Paragraph 327 of the Complaint purport to selectively quote, reference, and/or paraphrase the article *Scott Gottlieb's Last Word as FDA Chief Juul Drove a Youth Addiction Crisis* by Julia Belluz, which speaks for itself. Mr. Crosthwaite denies that the alleged article is quoted, referenced, and/or paraphrased in context or in its entirety, and denies Plaintiffs' characterization of the alleged article, and denies Plaintiffs' insinuation and implication regarding the content or meaning of the alleged article. Mr. Crosthwaite otherwise denies the allegations in Paragraph 327 of the Complaint.

**X.    Desperate for Growth, Altria Invests In JUUL Despite Knowledge of Its Improper Marketing Techniques**

**A.    JUUL Dominates the E-Cigarette Market at the Expense of Altria**

328. To the extent that the allegations in Paragraph 328 are directed to other Defendants, no responsive pleading is required. To the extent a response is required, Mr. Crosthwaite asserts that the allegations in Paragraph 328 of the Complaint are set forth without citation. Mr. Crosthwaite otherwise denies the allegations in Paragraph 328 of the Complaint.

329. To the extent that the allegations in Paragraph 329 are directed to other Defendants, no responsive pleading is required. To the extent a response is required, Mr. Crosthwaite asserts

that the allegations in Paragraph 329 of the Complaint are set forth without citation. Mr. Crosthwaite otherwise denies the allegations in Paragraph 329 of the Complaint.

330. To the extent that the allegations in Paragraph 330 are directed to other Defendants, no responsive pleading is required. To the extent a response is required, Mr. Crosthwaite admits that Altria's MarkTen and Green Smoke e-cigarette products were commercially unsuccessful. Except as expressly admitted, Mr. Crosthwaite denies the allegations in Paragraph 330 of the Complaint.

331. To the extent that the allegations in Paragraph 331 are directed to other Defendants, no responsive pleading is required. To the extent a response is required, Mr. Crosthwaite asserts that the allegations in Paragraph 331 of the Complaint are set forth without citation. Mr. Crosthwaite lacks sufficient knowledge or information to form a belief as to the allegations in Paragraph 331 of the Complaint and on that basis denies them.

332. To the extent that the allegations in Paragraph 332 are directed to other Defendants, no responsive pleading is required. To the extent a response is required, Mr. Crosthwaite asserts that the allegations in Paragraph 332 of the Complaint are set forth without citation. Mr. Crosthwaite lacks sufficient knowledge or information to form a belief as to the allegations in Paragraph 332 of the Complaint and on that basis denies them.

333. To the extent that the allegations in Paragraph 333 are directed to other Defendants, no responsive pleading is required. To the extent a response is required, Mr. Crosthwaite asserts that the allegations in Paragraph 333 of the Complaint are set forth without citation. Mr. Crosthwaite lacks sufficient knowledge or information to form a belief as to the allegations in Paragraph 333 of the Complaint and on that basis denies them.

334. To the extent that the allegations in Paragraph 334 are directed to other Defendants, no responsive pleading is required. To the extent a response is required, Mr. Crosthwaite asserts that the allegations in Paragraph 334 of the Complaint purport to selectively quote, reference, and/or paraphrase Altria's January 31, 2019 earnings call and the article *Altria Shares Slide As Cigarette Sales Continue to Decline*, which speak for themselves. Mr. Crosthwaite denies that the alleged documents and/or statements are quoted, referenced, and/or paraphrased in context or in their entirety, denies Plaintiffs' characterization of the alleged documents and/or statements, and denies Plaintiffs' insinuation and implication regarding the content or meaning of the alleged documents and/or statements. Mr. Crosthwaite otherwise denies the allegations in Paragraph 334 of the Complaint.

335. To the extent that the allegations in Paragraph 335 are directed to other Defendants, no responsive pleading is required. To the extent a response is required, Mr. Crosthwaite asserts that the allegations in Paragraph 335 of the Complaint are set forth without citation. Mr. Crosthwaite lacks sufficient knowledge or information to form a belief as to the allegations in Paragraph 335 of the Complaint and on that basis denies them.

336. To the extent that the allegations in Paragraph 336 are directed to other Defendants, no responsive pleading is required. To the extent a response is required, Mr. Crosthwaite asserts that the allegations in Paragraph 336 of the Complaint are set forth without citation. Mr. Crosthwaite lacks sufficient knowledge or information to form a belief as to the allegations in Paragraph 336 of the Complaint and on that basis denies them.

337. To the extent that the allegations in Paragraph 337 are directed to other Defendants, no responsive pleading is required. To the extent a response is required, Mr. Crosthwaite asserts that the allegations in Paragraph 337 of the Complaint are set forth without citation. Mr.

Crosthwaite lacks sufficient knowledge or information to form a belief as to the allegations in Paragraph 337 of the Complaint and on that basis denies them.

338.    To the extent that the allegations in Paragraph 338 are directed to other Defendants, no responsive pleading is required.  To the extent a response is required, Mr. Crosthwaite asserts that the allegations in Paragraph 338 of the Complaint are set forth without citation.  Mr. Crosthwaite lacks sufficient knowledge or information to form a belief as to the allegations in Paragraph 338 of the Complaint and on that basis denies them.

339.    To the extent that the allegations in Paragraph 339 are directed to other Defendants, no responsive pleading is required.  To the extent a response is required, Mr. Crosthwaite asserts that the allegations in Paragraph 339 of the Complaint are set forth without citation.  Mr. Crosthwaite lacks sufficient knowledge or information to form a belief as to the allegations in Paragraph 339 of the Complaint and on that basis denies them.

340.    To the extent that the allegations in Paragraph 340 are directed to other Defendants, no responsive pleading is required.  To the extent a response is required, Mr. Crosthwaite asserts that the allegations in Paragraph 340 of the Complaint are set forth without citation.  Mr. Crosthwaite lacks sufficient knowledge or information to form a belief as to the allegations in Paragraph 340 of the Complaint and on that basis denies them.

341.    To the extent that the allegations in Paragraph 341 are directed to other Defendants, no responsive pleading is required.  To the extent a response is required, Mr. Crosthwaite asserts that the allegations in Paragraph 341 of the Complaint purport to selectively quote, reference, and/or paraphrase a July 2017 announcement by FDA, which speaks for itself.  Mr. Crosthwaite denies that the alleged announcement is quoted, referenced, and/or paraphrased in context or in its entirety, denies Plaintiffs' characterization of the alleged announcement, and denies Plaintiffs'

insinuation and implication regarding the content or meaning of the alleged announcement.  Mr. Crosthwaite otherwise denies the allegations in Paragraph 341 of the Complaint.

**B.      Willard Was Determined to Invest in JUUL at Any Cost**

342.    To the extent that the allegations in Paragraph 342 are directed to other Defendants, no responsive pleading is required.  To the extent a response is required, Mr. Crosthwaite denies the allegations in Paragraph 342 of the Complaint.

343.    To the extent that the allegations in Paragraph 343 are directed to other Defendants, no responsive pleading is required.  To the extent a response is required, Mr. Crosthwaite lacks sufficient knowledge or information to form a belief as to the allegations in Paragraph 343 of the Complaint, and on that basis denies them.

344.    To the extent that the allegations in Paragraph 344 are directed to other Defendants, no responsive pleading is required.  To the extent a response is required, Mr. Crosthwaite lacks sufficient knowledge or information to form a belief as to the allegations in Paragraph 344 of the Complaint, and on that basis denies them.

345.    To the extent that the allegations in Paragraph 345 are directed to other Defendants, no responsive pleading is required.  To the extent a response is required, Mr. Crosthwaite lacks sufficient knowledge or information to form a belief as to the allegations in Paragraph 345 of the Complaint, and on that basis denies them.

346.    To the extent that the allegations in Paragraph 346 are directed to other Defendants, no responsive pleading is required.  To the extent a response is required, Mr. Crosthwaite asserts that the allegations in Paragraph 346 of the Complaint purport to selectively quote, reference, and/or paraphrase the article *Juul Expects Skyrocketing Sales of $3.4 Billion, Despite Flavored Vape Restrictions* by Olivia Zaleski and Ellen Huet, which speaks for itself.  Mr. Crosthwaite

95

denies that the alleged article is quoted, referenced, and/or paraphrased in context or in its entirety, and denies Plaintiffs' characterization of the alleged article, and denies Plaintiffs' insinuation and implication regarding the content or meaning of the alleged article. Mr. Crosthwaite otherwise denies the allegations in Paragraph 346 of the Complaint.

347. To the extent that the allegations in Paragraph 347 are directed to other Defendants, no responsive pleading is required. To the extent a response is required, Mr. Crosthwaite asserts that the allegations in Paragraph 347 of the Complaint purport to selectively quote, reference, and/or an October 14, 2019 letter from Mr. Willard to Senator Durbin, which speaks for itself. Mr. Crosthwaite denies that the alleged letter is quoted, referenced, and/or paraphrased in context or in its entirety, and denies Plaintiffs' characterization of the alleged letter, and denies Plaintiffs' insinuation and implication regarding the content or meaning of the alleged letter. Mr. Crosthwaite otherwise denies the allegations in Paragraph 347 of the Complaint.

348. To the extent that the allegations in Paragraph 348 are directed to other Defendants, no responsive pleading is required. To the extent a response is required, Mr. Crosthwaite lacks sufficient knowledge or information to form a belief as to the allegations in Paragraph 348 of the Complaint, and on that basis denies them.

349. To the extent that the allegations in Paragraph 349 are directed to other Defendants, no responsive pleading is required. To the extent a response is required, Mr. Crosthwaite lacks sufficient knowledge or information to form a belief as to the allegations in Paragraph 349 of the Complaint, and on that basis denies them.

350. To the extent that the allegations in Paragraph 350 are directed to other Defendants, no responsive pleading is required. To the extent a response is required, Mr. Crosthwaite lacks

sufficient knowledge or information to form a belief as to the allegations in Paragraph 350 of the Complaint, and on that basis denies them.

351.   To the extent that the allegations in Paragraph 351 are directed to other Defendants, no responsive pleading is required.  To the extent a response is required, Mr. Crosthwaite lacks sufficient knowledge or information to form a belief as to the allegations in Paragraph 351 of the Complaint, and on that basis denies them.

352.   To the extent that the allegations in Paragraph 352 are directed to other Defendants, no responsive pleading is required.  To the extent a response is required, Mr. Crosthwaite lacks sufficient knowledge or information to form a belief as to the allegations in Paragraph 352 of the Complaint, and on that basis denies them.

353.   To the extent that the allegations in Paragraph 353 are directed to other Defendants, no responsive pleading is required.  To the extent a response is required, Mr. Crosthwaite lacks sufficient knowledge or information to form a belief as to the allegations in Paragraph 353 of the Complaint, and on that basis denies them.

354.   To the extent that the allegations in Paragraph 354 are directed to other Defendants, no responsive pleading is required.  To the extent a response is required, Mr. Crosthwaite lacks sufficient knowledge or information to form a belief as to the allegations in Paragraph 354 of the Complaint, and on that basis denies them.

355.   To the extent that the allegations in Paragraph 355 are directed to other Defendants, no responsive pleading is required.  To the extent a response is required, Mr. Crosthwaite lacks sufficient knowledge or information to form a belief as to the allegations in Paragraph 355 of the Complaint, and on that basis denies them.

356.   To the extent that the allegations in Paragraph 356 are directed to other Defendants, no responsive pleading is required.  To the extent a response is required, Mr. Crosthwaite lacks sufficient knowledge or information to form a belief as to the allegations in Paragraph 356 of the Complaint, and on that basis denies them.

357.   To the extent that the allegations in Paragraph 357 are directed to other Defendants, no responsive pleading is required.  To the extent a response is required, Mr. Crosthwaite lacks sufficient knowledge or information to form a belief as to the allegations in Paragraph 357 of the Complaint, and on that basis denies them.

358.   To the extent that the allegations in Paragraph 358 are directed to other Defendants, no responsive pleading is required.  To the extent a response is required, Mr. Crosthwaite lacks sufficient knowledge or information to form a belief as to the allegations in Paragraph 358 of the Complaint, and on that basis denies them.

359.   To the extent that the allegations in Paragraph 359 are directed to other Defendants, no responsive pleading is required.  To the extent a response is required, Mr. Crosthwaite lacks sufficient knowledge or information to form a belief as to the allegations in Paragraph 359 of the Complaint, and on that basis denies them.

360.   Mr. Crosthwaite denies the allegations in Paragraph 360 of the Complaint.

361.   To the extent that the allegations in Paragraph 361 are directed to other Defendants, no responsive pleading is required.  To the extent a response is required, Mr. Crosthwaite lacks sufficient knowledge or information to form a belief as to the allegations in Paragraph 361 of the Complaint, and on that basis denies them.

362.   To the extent that the allegations in Paragraph 362 are directed to other Defendants, no responsive pleading is required.  To the extent a response is required, Mr. Crosthwaite lacks

sufficient knowledge or information to form a belief as to the allegations in Paragraph 362 of the Complaint, and on that basis denies them.

363. To the extent that the allegations in Paragraph 363 are directed to other Defendants, no responsive pleading is required. Mr. Crosthwaite admits that while he was employed there, Altria had guidelines and practices to prevent underage use. To the extent a response is otherwise required, Mr. Crosthwaite lacks sufficient knowledge or information to form a belief as to the allegations in Paragraph 363 of the Complaint, and on that basis denies them.

364. To the extent that the allegations in Paragraph 364 are directed to other Defendants, no responsive pleading is required. To the extent a response is required, Mr. Crosthwaite lacks sufficient knowledge or information to form a belief as to the allegations in Paragraph 364 of the Complaint, and on that basis denies them.

365. To the extent that the allegations in Paragraph 365 are directed to other Defendants, no responsive pleading is required. To the extent a response is required, Mr. Crosthwaite lacks sufficient knowledge or information to form a belief as to the allegations in Paragraph 365 of the Complaint, and on that basis denies them.

366. To the extent that the allegations in Paragraph 366 are directed to other Defendants, no responsive pleading is required. To the extent a response is required, Mr. Crosthwaite lacks sufficient knowledge or information to form a belief as to the allegations in Paragraph 366 of the Complaint, and on that basis denies them.

367. To the extent that the allegations in Paragraph 367 are directed to other Defendants, no responsive pleading is required. To the extent a response is required, Mr. Crosthwaite lacks sufficient knowledge or information to form a belief as to the allegations in Paragraph 367 of the Complaint, and on that basis denies them.

368.    To the extent that the allegations in Paragraph 368 are directed to other Defendants, no responsive pleading is required.  To the extent a response is required, Mr. Crosthwaite lacks sufficient knowledge or information to form a belief as to the allegations in Paragraph 368 of the Complaint, and on that basis denies them.

369.    To the extent that the allegations in Paragraph 369 are directed to other Defendants, no responsive pleading is required.  To the extent a response is required, Mr. Crosthwaite lacks sufficient knowledge or information to form a belief as to the allegations in Paragraph 369 of the Complaint, and on that basis denies them.

370.    To the extent that the allegations in Paragraph 370 are directed to other Defendants, no responsive pleading is required.  To the extent a response is required, Mr. Crosthwaite lacks sufficient knowledge or information to form a belief as to the allegations in Paragraph 370 of the Complaint, and on that basis denies them.

371.    To the extent that the allegations in Paragraph 371 are directed to other Defendants, no responsive pleading is required.  To the extent a response is required, Mr. Crosthwaite lacks sufficient knowledge or information to form a belief as to the allegations in Paragraph 371 of the Complaint, and on that basis denies them.

372.    To the extent that the allegations in Paragraph 372 are directed to other Defendants, no responsive pleading is required.  To the extent a response is required, Mr. Crosthwaite lacks sufficient knowledge or information to form a belief as to the allegations in Paragraph 372 of the Complaint, and on that basis denies them.

373.    To the extent that the allegations in Paragraph 373 are directed to other Defendants, no responsive pleading is required.  To the extent a response is required, Mr. Crosthwaite lacks

sufficient knowledge or information to form a belief as to the allegations in Paragraph 373 of the Complaint, and on that basis denies them.

374.    To the extent that the allegations in Paragraph 374 are directed to other Defendants, no responsive pleading is required.  To the extent a response is required, Mr. Crosthwaite lacks sufficient knowledge or information to form a belief as to the allegations in Paragraph 374 of the Complaint, and on that basis denies them.

375.    To the extent that the allegations in Paragraph 375 are directed to other Defendants, no responsive pleading is required.  To the extent a response is required, Mr. Crosthwaite lacks sufficient knowledge or information to form a belief as to the allegations in Paragraph 375 of the Complaint, and on that basis denies them.

376.    To the extent that the allegations in Paragraph 376 are directed to other Defendants, no responsive pleading is required.  To the extent a response is required, Mr. Crosthwaite lacks sufficient knowledge or information to form a belief as to the allegations in Paragraph 376 of the Complaint, and on that basis denies them.

377.    To the extent that the allegations in Paragraph 377 are directed to other Defendants, no responsive pleading is required.  To the extent a response is required, Mr. Crosthwaite lacks sufficient knowledge or information to form a belief as to the allegations in Paragraph 377 of the Complaint, and on that basis denies them.

378.    To the extent that the allegations in Paragraph 378 are directed to other Defendants, no responsive pleading is required.  To the extent a response is required, Mr. Crosthwaite lacks sufficient knowledge or information to form a belief as to the allegations in Paragraph 378 of the Complaint, and on that basis denies them.

379. To the extent that the allegations in Paragraph 379 are directed to other Defendants, no responsive pleading is required. To the extent a response is required, Mr. Crosthwaite lacks sufficient knowledge or information to form a belief as to the allegations in Paragraph 379 of the Complaint, and on that basis denies them.

380. To the extent that the allegations in Paragraph 380 are directed to other Defendants, no responsive pleading is required. To the extent a response is required, Mr. Crosthwaite lacks sufficient knowledge or information to form a belief as to the allegations in Paragraph 380 of the Complaint, and on that basis denies them.

381. To the extent that the allegations in Paragraph 381 are directed to other Defendants, no responsive pleading is required. To the extent a response is required, Mr. Crosthwaite lacks sufficient knowledge or information to form a belief as to the allegations in Paragraph 381 of the Complaint, and on that basis denies them.

382. To the extent that the allegations in Paragraph 382 are directed to other Defendants, no responsive pleading is required. To the extent a response is required, Mr. Crosthwaite lacks sufficient knowledge or information to form a belief as to the allegations in Paragraph 382 of the Complaint, and on that basis denies them.

383. To the extent that the allegations in Paragraph 383 are directed to other Defendants, no responsive pleading is required. To the extent a response is required, Mr. Crosthwaite asserts that the allegations in Paragraph 383 of the Complaint are put forth without citation. Mr. Crosthwaite lacks sufficient knowledge or information to form a belief as to the allegations in Paragraph 383 of the Complaint.

384. To the extent that the allegations in Paragraph 384 are directed to other Defendants, no responsive pleading is required. Mr. Crosthwaite admits that JLI did not sell a majority stake

to Altria. Except as expressly admitted, Mr. Crosthwaite denies the allegations in Paragraph 384 of the Complaint.

385. To the extent that the allegations in Paragraph 385 are directed to other Defendants, no responsive pleading is required. Mr. Crosthwaite admits that, in December 2018, Altria closed a $12.8 billion investment in JLI's business, representing approximately a 35% economic interest in the company. Except as expressly admitted, Mr. Crosthwaite denies the allegations in Paragraph 385 of the Complaint.

386. To the extent the allegations in Paragraph 386 are directed to other Defendants, no responsive pleading is required. To the extent a response is otherwise required, Mr. Crosthwaite asserts that the allegations in Paragraph 386 of the Complaint purport to selectively quote, reference, and/or paraphrase the Services Agreement and Amended Services Agreement, which speaks for themselves. Mr. Crosthwaite denies that the Services Agreement and Amended Services Agreement are quoted, referenced, and/or paraphrased in context or in their entirety, and denies Plaintiffs' characterization of the Services Agreement and Amended Services Agreement, and denies Plaintiffs' insinuation and implication regarding the content or meaning of the Services Agreement and Amended Services Agreement. Mr. Crosthwaite otherwise denies the allegations in Paragraph 386 of the Complaint.

## XI. JUUL Thrived Due to Extensive Efforts to Delay Meaningful Regulation of Its Products

### A. Defendants Successfully Shielded the Popular Mint Flavor from Regulation

387. To the extent that the allegations in Paragraph 387 are directed to other Defendants, no responsive pleading is required. To the extent a response is otherwise required, Mr. Crosthwaite denies the allegations in Paragraph 387 of the Complaint.

103

388.    To the extent that the allegations in Paragraph 388 are directed to other Defendants, no responsive pleading is required.    To the extent a response is otherwise required, Mr. Crosthwaite denies the allegations in Paragraph 388 of the Complaint.

389.    To the extent that the allegations in Paragraph 389 are directed to other Defendants, no responsive pleading is required.    To the extent a response is otherwise required, Mr. Crosthwaite asserts that the allegations in Paragraph 389 of the Complaint purport to selectively quote, reference, and/or paraphrase a November 5, 2018 letter from Joanna Engelke, which speaks for itself.  Mr. Crosthwaite denies that the alleged letter is quoted, referenced, and/or paraphrased in context or in its entirety, and denies Plaintiffs' characterization of the alleged letter, and denies Plaintiffs' insinuation and implication regarding the content or meaning of the alleged letter. Mr. Crosthwaite otherwise denies the allegations in Paragraph 389 of the Complaint.

390.    To the extent that the allegations in Paragraph 390 are directed to other Defendants, no responsive pleading is required.    To the extent a response is otherwise required, Mr. Crosthwaite asserts that the allegations in Paragraph 390 of the Complaint purport to selectively quote, reference, and/or paraphrase a November 5, 2018 letter from Joanna Engelke, which speaks for itself.  Mr. Crosthwaite denies that the alleged letter is quoted, referenced, and/or paraphrased in context or in its entirety, and denies Plaintiffs' characterization of the alleged letter, and denies Plaintiffs' insinuation and implication regarding the content or meaning of the alleged letter. Mr. Crosthwaite otherwise denies the allegations in Paragraph 390 of the Complaint.

391.    To the extent that the allegations in Paragraph 391 are directed to other Defendants, no responsive pleading is required.  To the extent a response is required, Mr. Crosthwaite denies the allegations in Paragraph 391 of the Complaint.

392.     To the extent that the allegations in Paragraph 392 are directed to other Defendants, no responsive pleading is required.  To the extent a response is required, Mr. Crosthwaite asserts that the allegations in Paragraph 392 of the Complaint are set forth without citation.  Mr. Crosthwaite lacks sufficient knowledge and information to form a belief as to the allegations in Paragraph 392 of the Complaint.

393.     To the extent that the allegations in Paragraph 393 are directed to other Defendants, no responsive pleading is required.  To the extent a response is otherwise required, Mr. Crosthwaite asserts that the allegations in Paragraph 393 of the Complaint purport to selectively quote, reference, and/or paraphrase September 25, 2018 letters from FDA to Altria and JLI, which speak for themselves.  Mr. Crosthwaite denies that the letters are quoted and/or paraphrased in context or in their entirety, and denies Plaintiffs' insinuation and implication regarding the content or meaning of the letters.  Mr. Crosthwaite otherwise denies the allegations in Paragraph 393 of the Complaint.

394.     To the extent that the allegations in Paragraph 394 are directed to other Defendants, no responsive pleading is required.  To the extent a response is required, Mr. Crosthwaite denies the allegations in Paragraph 394 of the Complaint.

395.     To the extent that the allegations in Paragraph 395 are directed to other Defendants, no responsive pleading is required.  To the extent a response is required, Mr. Crosthwaite denies the allegations in Paragraph 395 of the Complaint.

396.     To the extent that the allegations in Paragraph 396 are directed to other Defendants, no responsive pleading is required.  To the extent a response is required, Mr. Crosthwaite asserts that the allegations in Paragraph 396 purport to characterize an announcement from JLI, refers to

the referenced announcement for its complete and accurate contents, and otherwise denies the allegations in Paragraph 396 of the Complaint.

397. To the extent that the allegations in Paragraph 397 are directed to other Defendants, no responsive pleading is required. To the extent a response is required, Mr. Crosthwaite asserts that the allegations in Paragraph 397 purport to characterize an announcement from JLI, refers to the referenced announcement for its complete and accurate contents, and otherwise denies the allegations in Paragraph 397 of the Complaint.

398. To the extent that the allegations in Paragraph 398 are directed to other Defendants, no responsive pleading is required. The allegations in Paragraph 398 of the Complaint state a legal conclusion for which no response is required. To the extent a response is required, Mr. Crosthwaite denies the allegations in Paragraph 398 of the Complaint.

399. Mr. Crosthwaite denies the allegations in Paragraph 399 of the Complaint.

400. The allegations in Paragraph 400 of the Complaint state a legal conclusion for which no response is required. To the extent a response is required, Mr. Crosthwaite lacks sufficient knowledge or information to form a belief as to the allegations in the second sentence of Paragraph 400 of the Complaint, and on that basis denies them.

401. To the extent that the allegations in Paragraph 401 are directed to other Defendants, no responsive pleading is required. To the extent a response is otherwise required, Mr. Crosthwaite asserts that the allegations in Paragraph 401 of the Complaint purport to selectively quote, reference, and/or paraphrase an October 25, 2018 letter to FDA, which speaks for itself. Mr. Crosthwaite denies that the alleged documents and/or statements are quoted and/or paraphrased in context or in their entirety, and denies Plaintiffs' insinuation and implication

regarding the content or meaning of the alleged documents and/or statements.  Mr. Crosthwaite otherwise denies the allegations in Paragraph 401 of the Complaint.

402.    To the extent that the allegations in Paragraph 402 are directed to other Defendants, no responsive pleading is required.  To the extent a response is otherwise required, Mr. Crosthwaite asserts that the allegations in Paragraph 402 of the Complaint purport to selectively quote, reference, and/or paraphrase an October 25, 2018, Altria earnings call with investors, the transcript of which speaks for itself.  Mr. Crosthwaite denies that the alleged documents and/or statements are quoted and/or paraphrased in context or in their entirety, and denies Plaintiffs' insinuation and implication regarding the content or meaning of the alleged documents and/or statements.  Mr. Crosthwaite otherwise denies the allegations in Paragraph 402 of the Complaint.

403.    To the extent that the allegations in Paragraph 403 are directed to other Defendants, no responsive pleading is required.  To the extent a response is otherwise required, Mr. Crosthwaite asserts that the allegations in Paragraph 403 of the Complaint purport to selectively quote, reference, and/or paraphrase an October 25, 2018, Altria earnings call with investors, the transcript of which speaks for itself.  Mr. Crosthwaite denies that the alleged documents and/or statements are quoted and/or paraphrased in context or in their entirety, and denies Plaintiffs' insinuation and implication regarding the content or meaning of the alleged documents and/or statements.  Mr. Crosthwaite otherwise denies the allegations in Paragraph 403 of the Complaint.

404.    To the extent that the allegations in Paragraph 404 are directed to other Defendants, no responsive pleading is required.  To the extent a response is otherwise required, Mr. Crosthwaite asserts that the allegations in Paragraph 404 of the Complaint purport to selectively quote, reference, and/or paraphrase an October 25, 2018, Altria earnings call with investors, the transcript of which speaks for itself.  Mr. Crosthwaite denies that the alleged documents and/or

107

statements are quoted and/or paraphrased in context or in their entirety, and denies Plaintiffs' insinuation and implication regarding the content or meaning of the alleged documents and/or statements. Mr. Crosthwaite otherwise denies the allegations in Paragraph 404 of the Complaint.

405. To the extent that the allegations in Paragraph 405 are directed to other Defendants, no responsive pleading is required. To the extent a response is otherwise required, Mr. Crosthwaite asserts that the allegations in Paragraph 405 of the Complaint purport to selectively quote, reference, and/or paraphrase the a complaint filed in the case, *In the Matter of Altria Group, Inc., et al*, which speaks for itself. Mr. Crosthwaite denies that the complaint is quoted and/or paraphrased in context or in its entirety, and denies Plaintiffs' insinuation and implication regarding the content or meaning of the complaint. Mr. Crosthwaite otherwise denies the allegations in Paragraph 405 of the Complaint.

406. To the extent that the allegations in Paragraph 406 are directed to other Defendants, no responsive pleading is required. To the extent a response is otherwise required, Mr. Crosthwaite asserts that the allegations in Paragraph 406 of the Complaint purport to selectively quote, reference, and/or paraphrase the a complaint filed in the case, *In the Matter of Altria Group, Inc., et al*, which speaks for itself. Mr. Crosthwaite denies that the complaint is quoted and/or paraphrased in context or in its entirety, and denies Plaintiffs' insinuation and implication regarding the content or meaning of the complaint. Mr. Crosthwaite otherwise denies the allegations in Paragraph 406 of the Complaint.

407. Mr. Crosthwaite denies the allegations in Paragraph 407 of the Complaint.

408. Mr. Crosthwaite admits that he is currently the Chief Executive Officer of JLI. However, Mr. Crosthwaite states that he has never been President and Chief Growth Officer of Altria Client Services. Mr. Crosthwaite also states that he became Chief Growth Officer of Altria

Group, Inc. effective June 1, 2018. To the extent that the allegations in Paragraph 408 are directed to other Defendants, no responsive pleading is required. To the extent a response is otherwise required, Mr. Crosthwaite asserts that the allegations in Paragraph 408 of the Complaint purport to selectively quote, reference, and/or paraphrase the article *E-vapor Product Appeal Among Tobacco Users and Non-users and the Role of Flavor in Tobacco Harm Reduction* by Jessica Parker Zdinak, which speaks for itself. Mr. Crosthwaite denies that the alleged article is quoted, referenced, and/or paraphrased in context or in its entirety, and denies Plaintiffs' characterization of the alleged article, and denies Plaintiffs' insinuation and implication regarding the content or meaning of the alleged article. Except as expressly admitted, Mr. Crosthwaite denies the allegations in Paragraph 408 of the Complaint.

409. To the extent that the allegations in Paragraph 409 are directed to other Defendants, no responsive pleading is required. To the extent a response is otherwise required, Mr. Crosthwaite asserts that the allegations in Paragraph 409 of the Complaint purport to selectively quote, reference, and/or paraphrase the article *FDA Considers Ban on E-Cigarette Flavors Amid 'Epidemic' Use by Teens* by Alex Lardieri, which speaks for itself. Mr. Crosthwaite denies that the alleged article is quoted, referenced, and/or paraphrased in context or in its entirety, and denies Plaintiffs' characterization of the alleged article, and denies Plaintiffs' insinuation and implication regarding the content or meaning of the alleged article. Mr. Crosthwaite otherwise denies the allegations in Paragraph 409 of the Complaint.

410. To the extent that the allegations in Paragraph 410 are directed to other Defendants, no responsive pleading is required. The allegations in Paragraph 410 of the Complaint state a legal conclusion for which no response is required. To the extent a response is required, Mr. Crosthwaite denies the allegations in Paragraph 410 of the Complaint.

411.   Mr. Crosthwaite denies the allegations in Paragraph 411 of the Complaint.

412.   To the extent that the allegations in Paragraph 412 are directed to other Defendants, no responsive pleading is required.   To the extent a response is otherwise required, Mr. Crosthwaite asserts that the allegations in Paragraph 412 of the Complaint purport to selectively quote, reference, and/or paraphrase a February 9, 2019 letter from FDA, which speaks for itself. Mr. Crosthwaite denies that the alleged letter is quoted, referenced, and/or paraphrased in context or in its entirety, and denies Plaintiffs' characterization of the alleged letter, and denies Plaintiffs' insinuation and implication regarding the content or meaning of the alleged letter.   Mr. Crosthwaite otherwise denies the allegations in Paragraph 412 of the Complaint.

413.   To the extent that the allegations in Paragraph 413 are directed to other Defendants, no responsive pleading is required.   To the extent a response is otherwise required, Mr. Crosthwaite asserts that the allegations in Paragraph 413 of the Complaint purport to selectively quote, reference, and/or paraphrase a February 9, 2019 letter from FDA, which speaks for itself. Mr. Crosthwaite denies that the alleged letter is quoted, referenced, and/or paraphrased in context or in its entirety, and denies Plaintiffs' characterization of the alleged letter, and denies Plaintiffs' insinuation and implication regarding the content or meaning of the alleged letter.   Mr. Crosthwaite otherwise denies the allegations in Paragraph 413 of the Complaint.

414.   To the extent that the allegations in Paragraph 414 are directed to other Defendants, no responsive pleading is required.   To the extent a response is otherwise required, Mr. Crosthwaite asserts that the allegations in Paragraph 414 of the Complaint purport to selectively quote, reference, and/or paraphrase the article *Altria Shares Fall After FDA's Gottlieb Describes 'Difficult' Meeting on Juul* by Kate Rooney and Angelica LaVito, which speaks for itself.  Mr. Crosthwaite denies that the alleged article is quoted, referenced, and/or paraphrased in context or

in its entirety, and denies Plaintiffs' characterization of the alleged article, and denies Plaintiffs' insinuation and implication regarding the content or meaning of the alleged article. Mr. Crosthwaite otherwise denies the allegations in Paragraph 414 of the Complaint.

415. To the extent that the allegations in Paragraph 415 are directed to other Defendants, no responsive pleading is required. To the extent a response is otherwise required, Mr. Crosthwaite asserts that the allegations in Paragraph 415 of the Complaint purport to selectively quote, reference, and/or paraphrase a statement by Scott Gottlieb and the article *JLI Spent Record $1.2 Million Lobbying as Regulators Stepped Up* by Evan Sully and Ben Brody, which speak for themselves. Mr. Crosthwaite denies that the alleged statement or article are quoted, referenced, and/or paraphrased in context or in their entirety, and denies Plaintiffs' characterization of the alleged article, and denies Plaintiffs' insinuation and implication regarding the content or meaning of the alleged statement and article. Mr. Crosthwaite otherwise denies the allegations in Paragraph 415 of the Complaint.

416. To the extent that the allegations in Paragraph 416 are directed to other Defendants, no responsive pleading is required. To the extent a response is otherwise required, Mr. Crosthwaite asserts that the allegations in Paragraph 416 of the Complaint purport to selectively quote, reference, and/or paraphrase the article *JLI Pulls Mint-Flavor Vaping Products, but Menthol Remains* by Ellen Huet, which speaks for itself. Mr. Crosthwaite denies that the alleged article is quoted, referenced, and/or paraphrased in context or in its entirety, and denies Plaintiffs' characterization of the alleged article, and denies Plaintiffs' insinuation and implication regarding the content or meaning of the alleged article. Mr. Crosthwaite otherwise denies the allegations in Paragraph 416 of the Complaint.

111

XII.   **JUUL Usage Increases the Risk of Cardiovascular, Pulmonary, Neurological, and Other Bodily Injuries**

A.      **JUUL Products Cause Acute and Chronic Lung (Pulmonary) Injuries**

417.   To the extent that the allegations in Paragraph 417 are directed to other Defendants, no responsive pleading is required.   To the extent a response is otherwise required, Mr. Crosthwaite asserts that the allegations in Paragraph in Paragraph 417 of the Complaint purport to selectively quote, reference, and/or paraphrase the article *Pulmonary Toxicity of E-cigarettes* by Lauren Chun, which speaks for itself.  Mr. Crosthwaite denies that the alleged article is quoted, referenced, and/or paraphrased in context or in its entirety, and denies Plaintiffs' characterization of the alleged article, and denies Plaintiffs' insinuation and implication regarding the content or meaning of the alleged article.  Mr. Crosthwaite otherwise denies the allegations in Paragraph 417 of the Complaint.

418.   To the extent that the allegations in Paragraph 418 are directed to other Defendants, no responsive pleading is required.   To the extent a response is otherwise required, Mr. Crosthwaite asserts that the allegations in Paragraph in Paragraph 418 of the Complaint purport to selectively quote, reference, and/or paraphrase the articles *E-cigarette Flavored Pods Induce Inflammation, Epithelial Barrier Dysfunction, and DNA Damage in Lung Epithelial Cells and Monocytes* by Thivanka Muthumalage, *Chronic Inhalation of E-cigarette Vapor Containing Nicotine Disrupts Airway Barrier Function and Induces Systemic Inflammation and Multiorgan Fibrosis in Mice* by Laura Alexander, and *The Innate Immune Function of Airway Epithelial Cells in Inflammatory Lung Disease* by Pieter Hiemstra, which speak for themselves.  Mr. Crosthwaite denies that the alleged articles are quoted, referenced, and/or paraphrased in context or in their entirety, and denies Plaintiffs' characterization of the alleged articles, and denies Plaintiffs' insinuation and implication regarding the content or meaning of the alleged articles.

419. To the extent that the allegations in Paragraph 419 are directed to other Defendants, no responsive pleading is required. To the extent a response is otherwise required, Mr. Crosthwaite asserts that the allegations in Paragraph in Paragraph 419 of the Complaint purport to selectively quote, reference, and/or paraphrase the article *Acute Effects of Electronic Cigarette Aerosol Inhalation on Vascular Function Detected at Quantitative MRI* by Alessandra Caporale, which speaks for itself. Mr. Crosthwaite denies that the alleged article is quoted, referenced, and/or paraphrased in context or in its entirety, and denies Plaintiffs' characterization of the alleged article, and denies Plaintiffs' insinuation and implication regarding the content or meaning of the alleged article. Mr. Crosthwaite otherwise denies the allegations in Paragraph 419 of the Complaint.

420. To the extent that the allegations in Paragraph 420 are directed to other Defendants, no responsive pleading is required. To the extent a response is otherwise required, Mr. Crosthwaite asserts that the allegations in Paragraph 420 of the Complaint purport to selectively quote, reference, and/or paraphrase the article *Juul and Combusted Cigarettes Comparably Impair Endothelial Function* by Poonam Rao, which speaks for itself. Mr. Crosthwaite denies that the alleged article is quoted, referenced, and/or paraphrased in context or in its entirety, and denies Plaintiffs' characterization of the alleged article, and denies Plaintiffs' insinuation and implication regarding the content or meaning of the alleged article. Mr. Crosthwaite otherwise denies the allegations in Paragraph 420 of the Complaint.

421. To the extent that the allegations in Paragraph 421 are directed to other Defendants, no responsive pleading is required. To the extent a response is otherwise required, Mr. Crosthwaite asserts that the allegations in Paragraph 421 of the Complaint purport to selectively quote, reference, and/or paraphrase the article *COPD as an Endothelial Disorder: Endothelial*

113

*Injury Linking Lesions in the Lungs and Other Organs?* by Francesca Polverina, which speaks for itself. Mr. Crosthwaite denies that the alleged article is quoted, referenced, and/or paraphrased in context or in its entirety, and denies Plaintiffs' characterization of the alleged article, and denies Plaintiffs' insinuation and implication regarding the content or meaning of the alleged article. Mr. Crosthwaite otherwise denies the allegations in Paragraph 421 of the Complaint.

422. To the extent that the allegations in Paragraph 422 are directed to other Defendants, no responsive pleading is required. To the extent a response is otherwise required, Mr. Crosthwaite asserts that the allegations in Paragraph 422 of the Complaint purport to selectively quote, reference, and/or paraphrase the article *Electronic Cigarettes: Their Constituents and Potential Links to Asthma* by Phillip Clapp and Ilona Jaspers, which speaks for itself. Mr. Crosthwaite denies that the alleged article is quoted, referenced, and/or paraphrased in context or in its entirety, and denies Plaintiffs' characterization of the alleged article, and denies Plaintiffs' insinuation and implication regarding the content or meaning of the alleged article. Mr. Crosthwaite otherwise denies the allegations in Paragraph 422 of the Complaint.

423. To the extent that the allegations in Paragraph 423 are directed to other Defendants, no responsive pleading is required. To the extent a response is otherwise required, Mr. Crosthwaite asserts that the allegations in Paragraph 423 of the Complaint purport to selectively quote, reference, and/or paraphrase the article *Association Between E-Cigarette Use and Chronic Obstructive Pulmonary Disease by Smoking Status: Behavioral Risk Factor Surveillance System 2016 and 2017* by Albert Osei, which speaks for itself. Mr. Crosthwaite denies that the alleged article is quoted, referenced, and/or paraphrased in context or in its entirety, and denies Plaintiffs' characterization of the alleged article, and denies Plaintiffs' insinuation and implication regarding

114

the content or meaning of the alleged article. Mr. Crosthwaite otherwise denies the allegations in Paragraph 423 of the Complaint.

424. To the extent that the allegations in Paragraph 424 are directed to other Defendants, no responsive pleading is required. To the extent a response is otherwise required, Mr. Crosthwaite asserts that the allegations in Paragraph 424 of the Complaint purport to selectively quote, reference, and/or paraphrase the articles *Flavorings-Related Lung Disease* by CDC, *Modeling Cardiovascular Risks of E-Cigarettes with Human-Induced Pluripotent Stem Cell-Derived Endothelial Cells* by Won Hee Lee, and *Mysterious Vaping Illness That's 'Becoming an Epidemic'* by Sheila Kaplan and Matt Richtel, which speak for themselves. Mr. Crosthwaite denies that the alleged articles are quoted, referenced, and/or paraphrased in context or in their entirety, and denies Plaintiffs' characterization of the alleged articles, and denies Plaintiffs' insinuation and implication regarding the content or meaning of the alleged articles. Mr. Crosthwaite otherwise denies the allegations in Paragraph 424 of the Complaint.

425. Mr. Crosthwaite asserts that the allegations in Paragraph 425 of the Complaint are set forth without citation. Mr. Crosthwaite lacks sufficient knowledge or information to form a belief as to the allegations in Paragraph 425 of the Complaint, and on that basis denies them.

426. To the extent that the allegations in Paragraph 426 are directed to other Defendants, no responsive pleading is required. To the extent a response is otherwise required, Mr. Crosthwaite asserts that the allegations in Paragraph 426 of the Complaint appear to be based on the article *An Unexpected Consequence of Electronic Cigarette Use* by Lindsay McCauley, which speaks for itself. Mr. Crosthwaite denies that the alleged article is quoted, referenced, and/or paraphrased in context or in its entirety, and denies Plaintiffs' characterization of the alleged article, and denies Plaintiffs' insinuation and implication regarding the content or meaning of the

115

alleged article. Mr. Crosthwaite otherwise denies the allegations in Paragraph 426 of the Complaint.

427. To the extent that the allegations in Paragraph 427 are directed to other Defendants, no responsive pleading is required. To the extent a response is otherwise required, Mr. Crosthwaite asserts that the allegations in Paragraph 427 of the Complaint purport to selectively quote, reference, and/or paraphrase the article *Case Report of Electronic Cigarettes Possibly Associated with Eosinophilic Pneumonitis in a Previously Healthy Active-duty Sailor* by Darshan Thota and Emi Latham, which speaks for itself. Mr. Crosthwaite denies that the alleged article is quoted, referenced, and/or paraphrased in context or in its entirety, and denies Plaintiffs' characterization of the alleged article, and denies Plaintiffs' insinuation and implication regarding the content or meaning of the alleged article. Mr. Crosthwaite otherwise denies the allegations in Paragraph 427 of the Complaint.

428. To the extent that the allegations in Paragraph 428 are directed to other Defendants, no responsive pleading is required. To the extent a response is otherwise required, Mr. Crosthwaite asserts that the allegations in Paragraph 428 of the Complaint purport to selectively quote, reference, and/or paraphrase the article *Acute Inhalational Lung Injury Related to the Use of Electronic Nicotine Delivery System* by Graham Atkins, which speaks for itself. Mr. Crosthwaite denies that the alleged article is quoted, referenced, and/or paraphrased in context or in its entirety, and denies Plaintiffs' characterization of the alleged article, and denies Plaintiffs' insinuation and implication regarding the content or meaning of the alleged article. Mr. Crosthwaite otherwise denies the allegations in Paragraph 428 of the Complaint.

429. To the extent that the allegations in Paragraph 429 are directed to other Defendants, no responsive pleading is required. To the extent a response is otherwise required, Mr.

116

Crosthwaite asserts that the allegations in Paragraph 429 of the Complaint purport to selectively quote, reference, and/or paraphrase the articles *Acute Lipiod Pneumonia Secondary to E-Cigarettes Use: An Unlikely Replacement for Cigarettes* by Sujal Modi and *Bilateral Pneumonia and Pleural Effusions Subsequent to Electronic Cigarette Use* by Kendall Moore, which speak for themselves.  Mr. Crosthwaite denies that the alleged articles are quoted, referenced, and/or paraphrased in context or in their entirety, and denies Plaintiffs' characterization of the alleged articles, and denies Plaintiffs' insinuation and implication regarding the content or meaning of the alleged articles.  Mr. Crosthwaite otherwise denies the allegations in Paragraph 429 of the Complaint.

430.   To the extent that the allegations in Paragraph 430 are directed to other Defendants, no responsive pleading is required.  To the extent a response is otherwise required, Mr. Crosthwaite asserts that the allegations in Paragraph 430 of the Complaint purport to selectively quote, reference, and/or paraphrase the article *Vapor Lung: Bronchiolitis Obliterans Organizing Pneumonia (BOOP) in Patient with E-Cigarette Use* by Ronnie Mantilla, which speaks for itself. Mr. Crosthwaite denies that the alleged article is quoted, referenced, and/or paraphrased in context or in its entirety, and denies Plaintiffs' characterization of the alleged article, and denies Plaintiffs' insinuation and implication regarding the content or meaning of the alleged article.  Mr. Crosthwaite otherwise denies the allegations in Paragraph 430 of the Complaint.

431.   To the extent that the allegations in Paragraph 431 are directed to other Defendants, no responsive pleading is required.  To the extent a response is otherwise required, Mr. Crosthwaite asserts that the allegations in Paragraph 431 of the Complaint purport to selectively quote, reference, and/or paraphrase the article *Vaping-related Lung Injury in an Adolescent* by Monica Lu, which speaks for itself.  Mr. Crosthwaite denies that the alleged article is quoted,

117

referenced, and/or paraphrased in context or in its entirety, and denies Plaintiffs' characterization of the alleged article, and denies Plaintiffs' insinuation and implication regarding the content or meaning of the alleged article. Mr. Crosthwaite otherwise denies the allegations in Paragraph 431 of the Complaint.

432. Mr. Crosthwaite asserts that the allegations in Paragraph 432 of the Complaint are set forth without citation and on that basis denies them. Mr. Crosthwaite lacks sufficient knowledge or information to form a belief as to the allegations in Paragraph 432 of the Complaint, and on that basis denies them.

433. Mr. Crosthwaite asserts that the allegations in Paragraph 433 of the Complaint are set forth without citation. Mr. Crosthwaite lacks sufficient knowledge or information to form a belief as to the allegations in Paragraph 433 of the Complaint, and on that basis denies them.

434. To the extent that the allegations in Paragraph 434 are directed to other Defendants, no responsive pleading is required. To the extent a response is otherwise required, Mr. Crosthwaite asserts that the allegations in Paragraph 434 of the Complaint purport to selectively quote, reference, and/or paraphrase the article *Vaping-Induced Injury* by David Christiani, which speaks for itself. Mr. Crosthwaite denies that the alleged article is quoted, referenced, and/or paraphrased in context or in its entirety, and denies Plaintiffs' characterization of the alleged article, and denies Plaintiffs' insinuation and implication regarding the content or meaning of the alleged article. Mr. Crosthwaite otherwise denies the allegations in Paragraph 434 of the Complaint.

435. To the extent that the allegations in Paragraph 435 are directed to other Defendants, no responsive pleading is required. To the extent a response is otherwise required, Mr. Crosthwaite asserts that the allegations in Paragraph 435 of the Complaint purport to selectively

118

quote, reference, and/or paraphrase the article *Update: Product, Substance-Use, and Demographic Characteristics of Hospitalized Patients in a Nationwide Outbreak of E-cigarette, or Vaping, Product Use-Associated Lung Injury—United States, August 2019–January 2020* by Sascha Ellington, which speaks for itself. Mr. Crosthwaite denies that the alleged article is quoted, referenced, and/or paraphrased in context or in its entirety, and denies Plaintiffs' characterization of the alleged article, and denies Plaintiffs' insinuation and implication regarding the content or meaning of the alleged article.  Mr. Crosthwaite otherwise denies the allegations in Paragraph 435 of the Complaint.

436.    To the extent that the allegations in Paragraph 436 are directed to other Defendants, no responsive pleading is required.  To the extent a response is otherwise required, Mr. Crosthwaite asserts that the allegations in Paragraph 436 of the Complaint purport to selectively quote, reference, and/or paraphrase the article *Characteristics of Persons Who Report Using Only Nicotine-Containing Products Among Interviewed Patients with E-cigarette, or Vaping, Product Use-Associated Lung Injury - Illinois, August-December 2019* by Isaac Ghinai, which speaks for itself.  Mr. Crosthwaite denies that the alleged article is quoted, referenced, and/or paraphrased in context or in its entirety, and denies Plaintiffs' characterization of the alleged article, and denies Plaintiffs' insinuation and implication regarding the content or meaning of the alleged article. Mr. Crosthwaite otherwise denies the allegations in Paragraph 436 of the Complaint.

437.    To the extent that the allegations in Paragraph 437 are directed to other Defendants, no responsive pleading is required.  To the extent a response is otherwise required, Mr. Crosthwaite asserts that the allegations in Paragraph 437 of the Complaint purport to selectively quote, reference, and/or paraphrase the articles *Diffuse Alveolar Hemorrhage Induced by Vaping* by Michael Agustin, *Diffuse Alveolar Hemorrhage* by Brandi Newsome, *Acute Inhalational Lung*

119

*Injury Related to the Use of Electronic Nicotine Delivery Systems (ENDS)* by Graham Atkins, *Hypersensitivity Pneumonitis and Acute Respiratory Distress Syndrome From E- Cigarette Use* by Casey Sommerfield, *Recurrent Spontaneous Pneumothoraces and Vaping in an 18-yearold Man: A Case Report and Review of the Literature* by Alex Bonilla, and *A Case Report of Secondary Spontaneous Pneumothorax Induced by Vape* by Munish Sharma, which speak for themselves. Mr. Crosthwaite denies that the alleged articles are quoted, referenced, and/or paraphrased in context or in their entirety, and denies Plaintiffs' characterization of the alleged articles, and denies Plaintiffs' insinuation and implication regarding the content or meaning of the alleged articles. Mr. Crosthwaite otherwise denies the allegations in Paragraph 437 of the Complaint.

438. Mr. Crosthwaite asserts that the allegations in Paragraph 438 of the Complaint are set forth without citation. Mr. Crosthwaite lacks sufficient knowledge or information to form a belief as to the allegations in Paragraph 438 of the Complaint, and on that basis denies them.

439. Mr. Crosthwaite asserts that the allegations in Paragraph 439 of the Complaint are set forth without citation. Mr. Crosthwaite lacks sufficient knowledge or information to form a belief as to the allegations in the first sentence of Paragraph 439 of the Complaint, and on that basis denies them. Mr. Crosthwaite denies the allegations in the second sentence of Paragraph 439 of the Complaint.

440. Mr. Crosthwaite denies the allegations in Paragraph 440 of the Complaint.

**B.    JUUL Products Cause Cardiovascular Injuries**

441. To the extent that the allegations in Paragraph 441 are directed to other Defendants, no responsive pleading is required. To the extent a response is otherwise required, Mr. Crosthwaite asserts that the allegations in Paragraph 441 of the Complaint purport to selectively

120

quote, reference, and/or paraphrase the articles *E-cigarettes linked to higher risk of stroke, heart attack, diseased arteries* by the American Stroke Association, *Impact on Cardiovascular Outcomes Among E-cigarette Users: A Review From National Health Interview Surveys* by Mohindar R. Vindhyal, and *Electronic Cigarette Use is Associated with a Higher Risk of Stroke* by Paul M. Ndunda and Tabitha M. Muutu, which speak for themselves. Mr. Crosthwaite denies that the alleged articles are quoted, referenced, and/or paraphrased in context or in their entirety, and denies Plaintiffs' characterization of the alleged articles, and denies Plaintiffs' insinuation and implication regarding the content or meaning of the alleged articles. Mr. Crosthwaite otherwise denies the allegations in Paragraph 441 of the Complaint.

442. To the extent that the allegations in Paragraph 442 are directed to other Defendants, no responsive pleading is required. To the extent a response is otherwise required, Mr. Crosthwaite asserts that the allegations in Paragraph 442 of the Complaint purport to selectively quote, reference, and/or paraphrase the articles *Electronic Cigarette Smoking Increases Aortic Stiffness and Blood Pressure in Young Smokers* by Charalambos Vlachopoulos and *Vaping May Hurt the Lining of Your Blood Vessels* by Dennis Thompson, which speak for themselves. Mr. Crosthwaite denies that the alleged articles are quoted, referenced, and/or paraphrased in context or in their entirety, and denies Plaintiffs' characterization of the alleged articles, and denies Plaintiffs' insinuation and implication regarding the content or meaning of the alleged articles. Mr. Crosthwaite otherwise denies the allegations in Paragraph 442 of the Complaint.

443. To the extent that the allegations in Paragraph 443 are directed to other Defendants, no responsive pleading is required. To the extent a response is otherwise required, Mr. Crosthwaite asserts that the allegations in Paragraph 443 of the Complaint purport to selectively quote, reference, and/or paraphrase the article *An Update on Biological and Clinical Associations*

121

*Between E- Cigarettes and Myocardial Infarction* by Giuseppe Lippi and Emmanuel J. Favaloro, which speaks for itself.  Mr. Crosthwaite otherwise denies the allegations in Paragraph 443 of the Complaint.

444.    To the extent that the allegations in Paragraph 444 are directed to other Defendants, no responsive pleading is required.  To the extent a response is otherwise required, Mr. Crosthwaite asserts that the allegations in Paragraph 444 of the Complaint purport to selectively quote, reference, and/or paraphrase the article *E-Cigarette Use and Subclinical Cardiac Effects* by Florian Rader, which speaks for itself.  Mr. Crosthwaite denies that the alleged article is quoted, referenced, and/or paraphrased in context or in its entirety, and denies Plaintiffs' characterization of the alleged article, and denies Plaintiffs' insinuation and implication regarding the content or meaning of the alleged article.  Mr. Crosthwaite otherwise denies the allegations in Paragraph 444 of the Complaint.

445.    To the extent that the allegations in Paragraph 445 are directed to other Defendants, no responsive pleading is required.  To the extent a response is otherwise required, Mr. Crosthwaite asserts that the allegations in Paragraph 445 of the Complaint purport to selectively quote, reference, and/or paraphrase the article *Association Between Electronic Cigarette Use and Myocardial Infarction* by Talal Alzahrani, which speaks for itself.  Mr. Crosthwaite denies that the alleged article is quoted, referenced, and/or paraphrased in context or in its entirety, and denies Plaintiffs' characterization of the alleged article, and denies Plaintiffs' insinuation and implication regarding the content or meaning of the alleged article.  Mr. Crosthwaite otherwise denies the allegations in Paragraph 445 of the Complaint.

446.    To the extent that the allegations in Paragraph 446 are directed to other Defendants, no responsive pleading is required.  To the extent a response is otherwise required, Mr.

Crosthwaite asserts that the allegations in Paragraph 446 of the Complaint purport to selectively quote, reference, and/or paraphrase the article *Cardiovascular Risk of Electronic Cigarettes: A Review of Preclinical and Clinical Studies* by Nicholas Buchanan, which speaks for itself. Mr. Crosthwaite denies that the alleged article is quoted, referenced, and/or paraphrased in context or in its entirety, and denies Plaintiffs' characterization of the alleged article, and denies Plaintiffs' insinuation and implication regarding the content or meaning of the alleged article. Mr. Crosthwaite otherwise denies the allegations in Paragraph 446 of the Complaint.

447. Mr. Crosthwaite lacks sufficient knowledge or information to form a belief as to the allegations in Paragraph 447 of the Complaint, and on that basis denies them.

### C.    JUUL Products Cause and Contribute to Seizure(s)

448. To the extent that the allegations in Paragraph 448 are directed to other Defendants, no responsive pleading is required. To the extent a response is otherwise required, Mr. Crosthwaite asserts that the allegations in Paragraph 448 purport to selectively quote, reference, and/or paraphrase the April 10, 2019 Special Announcement *Some E-cigarette Users Are Having Seizures, Most Reports Involving Youth and Young Adults published* by FDA, which speaks for itself. Mr. Crosthwaite denies that the alleged announcement is quoted, referenced, and/or paraphrased in context or in its entirety, and denies Plaintiffs' characterization of the alleged announcement, and denies Plaintiffs' insinuation and implication regarding the content or meaning of the alleged announcement. Mr. Crosthwaite otherwise denies the allegations in Paragraph 448 of the Complaint.

449. To the extent that the allegations in Paragraph 449 are directed to other Defendants, no responsive pleading is required. To the extent a response is otherwise required, Mr. Crosthwaite asserts that the allegations in Paragraph 449 of the Complaint purport to selectively

quote, reference, and/or paraphrase the articles *An Epidemiologic and Clinical Description of E-cigarette Toxicity* by Adrienne Hughes, *Some E-cigarette Users Are Having Seizures, Most Reports Involving Youth and Young Adults* by FDA, *Nicotine Intoxication by E-cigarette Liquids: A Study of Case Reports, Pathophysiology* by Gerdinique Maessen, *The Effect of Chronic Nicotine Treatment on Nicotine-induced Seizures* by Lucinda Miner, and *Increased Seizure Frequency Temporally Related to Vaping: Where There's Vapor, There's Seizures?* By Jessica Wharton, which speak for themselves. Mr. Crosthwaite denies that the alleged articles are quoted, referenced, and/or paraphrased in context or in their entirety, and denies Plaintiffs' characterization of the alleged articles, and denies Plaintiffs' insinuation and implication regarding the content or meaning of the alleged articles. Mr. Crosthwaite otherwise denies the allegations in Paragraph 449 of the Complaint.

450. Mr. Crosthwaite asserts that the allegations in Paragraph 450 of the Complaint are set forth without citation. Mr. Crosthwaite lacks sufficient knowledge or information to form a belief as to the allegations in the first sentence of Paragraph 450 of the Complaint, and on that basis denies them. Mr. Crosthwaite otherwise denies the allegations in Paragraph 450 of the Complaint.

### D. Animal Studies Demonstrate Carcinogenic Potential of JUUL

451. Mr. Crosthwaite asserts that the allegations in Paragraph 451 of the Complaint are set forth without citation. Mr. Crosthwaite lacks sufficient knowledge or information to form a belief as to the allegations in Paragraph 451 of the Complaint, and on that basis denies them.

452. To the extent that the allegations in Paragraph 452 are directed to other Defendants, no responsive pleading is required. To the extent a response is otherwise required, Mr. Crosthwaite asserts that the allegations in Paragraph 452 of the Complaint purport to selectively

quote, reference, and/or paraphrase the articles *E-cigarettes Induce Toxicological Effects That Can Raise the Cancer Risk* by Donatella Canistro, *E-cigarette Smoke Damages DNA and Reduces Repair Activity in Mouse Heart, Lung, and Bladder as well as in Human Lung and Bladder Cells* by Hyun-Wook Lee, and *Electronic-cigarette Smoke Induces Lung Adenocarcinoma and Bladder Urothelial Hyperplasia in Mice* by Moon-shong Tang, which speak for themselves. Mr. Crosthwaite denies that the alleged articles are quoted, referenced, and/or paraphrased in context or in their entirety, and denies Plaintiffs' characterization of the alleged articles, and denies Plaintiffs' insinuation and implication regarding the content or meaning of the alleged articles. Mr. Crosthwaite otherwise denies the allegations in Paragraph 452 of the Complaint.

453. Mr. Crosthwaite denies the allegations in Paragraph 453 of the Complaint.

## XIII.   Materially False and Misleading Statements Made During the Class Period

454. To the extent that the allegations in Paragraph 454 are directed to other Defendants, no responsive pleading is required. To the extent a response is otherwise required, Mr. Crosthwaite asserts that the allegations in Paragraph 454 of the Complaint purport to selectively quote, reference, and/or paraphrase a December 20, 2018 Altria press release, which speaks for itself. Mr. Crosthwaite denies that the alleged press releases are quoted, referenced, and/or paraphrased in context or in their entirety, and denies Plaintiffs' characterization of the alleged press releases, and denies Plaintiffs' insinuation and implication regarding the content or meaning of the alleged press releases. Except as expressly admitted, Mr. Crosthwaite denies the allegations in Paragraph 454 of the Complaint.

455. To the extent that the allegations in Paragraph 455 are directed to other Defendants, no responsive pleading is required. The allegations in Paragraph 455 of the Complaint state a

125

legal conclusion for which no response is required. To the extent a response is required, Mr. Crosthwaite denies the allegations in Paragraph 455 of the Complaint.

456. To the extent that the allegations in Paragraph 456 are directed to other Defendants, no responsive pleading is required. To the extent a response is otherwise required, Mr. Crosthwaite asserts that the allegations in Paragraph 456 of the Complaint purport to selectively quote, reference, and/or paraphrase a December 20, 2018 Altria press release, which speaks for itself. Mr. Crosthwaite denies that the alleged press releases are quoted, referenced, and/or paraphrased in context or in their entirety, and denies Plaintiffs' characterization of the alleged press releases, and denies Plaintiffs' insinuation and implication regarding the content or meaning of the alleged press releases. Mr. Crosthwaite otherwise denies the allegations in Paragraph 456 of the Complaint.

457. To the extent that the allegations in Paragraph 457 are directed to other Defendants, no responsive pleading is required. The allegations in Paragraph 457 of the Complaint state a legal conclusion for which no response is required. To the extent a response is required, Mr. Crosthwaite denies the allegations in Paragraph 457 of the Complaint.

458. To the extent that the allegations in Paragraph 458 are directed to other Defendants, no responsive pleading is required. To the extent a response is otherwise required, Mr. Crosthwaite asserts that the allegations in Paragraph 458 of the Complaint purport to selectively quote, reference, and/or paraphrase a December 20, 2018 Altria press release, which speaks for itself. Mr. Crosthwaite denies that the alleged press release is quoted, referenced, and/or paraphrased in context or in its entirety, and denies Plaintiffs' characterization of the alleged press release, and denies Plaintiffs' insinuation and implication regarding the content or meaning of the

126

alleged press release.  Mr. Crosthwaite otherwise denies the allegations in Paragraph 458 of the Complaint.

459.    To the extent that the allegations in Paragraph 459 are directed to other Defendants, no responsive pleading is required.  The allegations in Paragraph 459 of the Complaint state a legal conclusion for which no response is required.  To the extent a response is required, Mr. Crosthwaite denies the allegations in Paragraph 459 of the Complaint.

460.    To the extent that the allegations in Paragraph 460 are directed to other Defendants, no responsive pleading is required.  To the extent a response is otherwise required, Mr. Crosthwaite asserts that the allegations in Paragraph 460 of the Complaint purport to selectively quote, reference, and/or paraphrase a December 20, 2018 Altria press release, which speaks for itself.  Mr. Crosthwaite denies that the alleged press release is quoted, referenced, and/or paraphrased in context or in its entirety, and denies Plaintiffs' characterization of the alleged press release, and denies Plaintiffs' insinuation and implication regarding the content or meaning of the alleged press release.  Mr. Crosthwaite otherwise denies the allegations in Paragraph 460 of the Complaint.

461.    To the extent that the allegations in Paragraph 461 are directed to other Defendants, no responsive pleading is required.  The allegations in Paragraph 461 of the Complaint state a legal conclusion for which no response is required.  To the extent a response is required, Mr. Crosthwaite denies the allegations in Paragraph 461 of the Complaint.

462.    To the extent that the allegations in Paragraph 462 are directed to other Defendants, no responsive pleading is required.  To the extent a response is otherwise required, Mr. Crosthwaite asserts that the allegations in Paragraph 462 of the Complaint purport to selectively quote, reference, and/or paraphrase a December 20, 2018 Altria press release, which speaks for

127

itself.   Mr. Crosthwaite denies that the alleged press release is quoted, referenced, and/or paraphrased in context or in its entirety, and denies Plaintiffs' characterization of the alleged press release, and denies Plaintiffs' insinuation and implication regarding the content or meaning of the alleged press release.  Mr. Crosthwaite otherwise denies the allegations in Paragraph 462 of the Complaint.

463.    To the extent that the allegations in Paragraph 463 are directed to other Defendants, no responsive pleading is required.  The allegations in Paragraph 463 of the Complaint state a legal conclusion for which no response is required.  To the extent a response is required, Mr. Crosthwaite denies the allegations in Paragraph 463 of the Complaint.

464.    To the extent that the allegations in Paragraph 464 are directed to other Defendants, no responsive pleading is required.  To the extent a response is otherwise required, Mr. Crosthwaite asserts that the allegations in Paragraph 464 of the Complaint purport to selectively quote, reference, and/or paraphrase a December 20, 2018 Altria press release, which speaks for itself.   Mr. Crosthwaite denies that the alleged press release is quoted, referenced, and/or paraphrased in context or in its entirety, and denies Plaintiffs' characterization of the alleged press release, and denies Plaintiffs' insinuation and implication regarding the content or meaning of the alleged press release.  Mr. Crosthwaite otherwise denies the allegations in Paragraph 464 of the Complaint.

465.    To the extent that the allegations in Paragraph 465 are directed to other Defendants, no responsive pleading is required.  The allegations in Paragraph 465 of the Complaint state a legal conclusion for which no response is required.  To the extent a response is required, Mr. Crosthwaite denies the allegations in Paragraph 465 of the Complaint.

128

466. To the extent that the allegations in Paragraph 466 are directed to other Defendants, no responsive pleading is required. To the extent a response is otherwise required, Mr. Crosthwaite asserts that the allegations in Paragraph 466 of the Complaint purport to selectively quote, reference, and/or paraphrase a December 2018 call, the transcript of which is publicly available and speaks for itself. Mr. Crosthwaite denies that the alleged transcript is quoted, referenced, and/or paraphrased in context or in its entirety, and denies Plaintiffs' characterization of the alleged transcript, and denies Plaintiffs' insinuation and implication regarding the content or meaning of the alleged transcript. Mr. Crosthwaite otherwise denies the allegations in Paragraph 466 of the Complaint.

467. To the extent that the allegations in Paragraph 467 are directed to other Defendants, no responsive pleading is required. The allegations in Paragraph 467 of the Complaint state a legal conclusion for which no response is required. To the extent a response is required, Mr. Crosthwaite denies the allegations in Paragraph 467 of the Complaint.

468. To the extent that the allegations in Paragraph 468 are directed to other Defendants, no responsive pleading is required. To the extent a response is otherwise required, Mr. Crosthwaite asserts that the allegations in Paragraph 468 of the Complaint purport to selectively quote, reference, and/or paraphrase a December 2018 call, the transcript of which is publicly available and speaks for itself. Mr. Crosthwaite denies that the alleged transcript is quoted, referenced, and/or paraphrased in context or in its entirety, and denies Plaintiffs' characterization of the alleged transcript, and denies Plaintiffs' insinuation and implication regarding the content or meaning of the alleged transcript. Mr. Crosthwaite otherwise denies the allegations in Paragraph 468 of the Complaint.

469.    To the extent that the allegations in Paragraph 469 are directed to other Defendants, no responsive pleading is required.  The allegations in Paragraph 469 of the Complaint state a legal conclusion for which no response is required.  To the extent a response is required, Mr. Crosthwaite denies the allegations in Paragraph 469 of the Complaint.

470.    To the extent that the allegations in Paragraph 470 are directed to other Defendants, no responsive pleading is required.  Mr. Crosthwaite admits that JLI's "Make the Switch" print and digital advertisement campaign began in December 2018.  To the extent a response is otherwise required, Mr. Crosthwaite denies the allegations in Paragraph 470.

471.    To the extent that the allegations in Paragraph 471 are directed to other Defendants, no responsive pleading is required.  To the extent a response is otherwise required, Mr. Crosthwaite asserts that the allegations in Paragraph 471 of the Complaint purport to selectively quote, reference, and/or paraphrase Altria's 2018 10-K, which speaks for itself.  Mr. Crosthwaite denies that the alleged 10-K is quoted, referenced, and/or paraphrased in context or in its entirety, and denies Plaintiffs' characterization of the alleged 10-K, and denies Plaintiffs' insinuation and implication regarding the content or meaning of the alleged 10-K.  Mr. Crosthwaite otherwise denies the allegations in Paragraph 471 of the Complaint.

472.    To the extent that the allegations in Paragraph 472 are directed to other Defendants, no responsive pleading is required.  The allegations in Paragraph 472 of the Complaint state a legal conclusion for which no response is required.  To the extent a response is required, Mr. Crosthwaite denies the allegations in Paragraph 472 of the Complaint.

473.    To the extent that the allegations in Paragraph 473 are directed to other Defendants, no responsive pleading is required. To the extent a response is otherwise required, Mr. Crosthwaite asserts that the allegations in Paragraph 473 of the Complaint purport to selectively

quote, reference, and/or paraphrase Altria's 2018 10-K, which speaks for itself.  Mr. Crosthwaite denies that the alleged 10-K is quoted, referenced, and/or paraphrased in context or in its entirety, and denies Plaintiffs' characterization of the alleged 10-K, and denies Plaintiffs' insinuation and implication regarding the content or meaning of the alleged 10-K.  Mr. Crosthwaite otherwise denies the allegations in Paragraph 473 of the Complaint.

474.    To the extent that the allegations in Paragraph 474 are directed to other Defendants, no responsive pleading is required.  The allegations in Paragraph 474 of the Complaint state a legal conclusion for which no response is required.  To the extent a response is required, Mr. Crosthwaite denies the allegations in Paragraph 474 of the Complaint.

475.    To the extent that the allegations in Paragraph 475 are directed to other Defendants, no responsive pleading is required.  To the extent a response is otherwise required, Mr. Crosthwaite asserts that the allegations in Paragraph 475 of the Complaint purport to selectively quote, reference, and/or paraphrase Altria's 2018 10-K, which speaks for itself.  Mr. Crosthwaite denies that the alleged 10-K is quoted, referenced, and/or paraphrased in context or in its entirety, and denies Plaintiffs' characterization of the alleged 10-K, and denies Plaintiffs' insinuation and implication regarding the content or meaning of the alleged 10-K.  Mr. Crosthwaite otherwise denies the allegations in Paragraph 475 of the Complaint.

476.    To the extent that the allegations in Paragraph 476 are directed to other Defendants, no responsive pleading is required.  The allegations in Paragraph 476 of the Complaint state a legal conclusion for which no response is required.  To the extent a response is required, Mr. Crosthwaite denies the allegations in Paragraph 476 of the Complaint.

## XIV.    The Truth Begins to Emerge As Defendants Continue to Mislead

477.    Mr. Crosthwaite asserts that the allegations in Paragraph 477 of the Complaint are set forth without citation. Mr. Crosthwaite lacks sufficient knowledge or information to form a belief as to the allegations in Paragraph 477 of the Complaint and on that basis denies them.

478.    To the extent that the allegations in Paragraph 478 are directed to other Defendants, no responsive pleading is required.   To the extent a response is otherwise required, Mr. Crosthwaite asserts that the allegations in Paragraph 478 of the Complaint purport to selectively quote, reference, and/or paraphrase an April 3, 2019 FDA announcement, which speaks for itself. Mr. Crosthwaite denies that the alleged announcement is quoted, referenced, and/or paraphrased in context or in its entirety, and denies Plaintiffs' characterization of the alleged announcement, and denies Plaintiffs' insinuation and implication regarding the content or meaning of the alleged announcement.   Mr. Crosthwaite otherwise denies the allegations in Paragraph 478 of the Complaint.

479.    To the extent Paragraph 479 references publicly available stock price information, Mr. Crosthwaite refers to the publicly available stock price information for its complete and accurate contents.   To the extent that a responsive pleading is required, Mr. Crosthwaite lacks sufficient knowledge or information to form a belief as to the allegations in Paragraph 479 and on that basis denies them.

480.    To the extent that the allegations in Paragraph 480 are directed to other Defendants, no responsive pleading is required.   To the extent a response is otherwise required, Mr. Crosthwaite asserts that the allegations in Paragraph 480 of the Complaint purport to selectively quote, reference, and/or paraphrase an April 25, 2019 Altria press release, which speaks for itself. Mr. Crosthwaite denies that the alleged press release is quoted, referenced, and/or paraphrased in

context or in its entirety, and denies Plaintiffs' characterization of the alleged press release, and denies Plaintiffs' insinuation and implication regarding the content or meaning of the alleged press release. Mr. Crosthwaite otherwise denies the allegations in Paragraph 480 of the Complaint.

481. To the extent that the allegations in Paragraph 481 are directed to other Defendants, no responsive pleading is required. To the extent a response is otherwise required, Mr. Crosthwaite asserts that the allegations in Paragraph 481 of the Complaint purport to selectively quote, reference, and/or paraphrase an April 25, 2019 Altria press release, which speaks for itself. Mr. Crosthwaite denies that the alleged press release is quoted, referenced, and/or paraphrased in context or in its entirety, and denies Plaintiffs' characterization of the alleged press release, and denies Plaintiffs' insinuation and implication regarding the content or meaning of the alleged press release. Mr. Crosthwaite otherwise denies the allegations in Paragraph 481 of the Complaint.

482. To the extent that the allegations in Paragraph 482 are directed to other Defendants, no responsive pleading is required. The allegations in Paragraph 482 of the Complaint state a legal conclusion for which no response is required. To the extent a response is required, Mr. Crosthwaite denies the allegations in Paragraph 482 of the Complaint.

483. To the extent that the allegations in Paragraph 483 are directed to other Defendants, no responsive pleading is required. To the extent a response is otherwise required, Mr. Crosthwaite asserts that the allegations in Paragraph 483 of the Complaint purport to selectively quote, reference, and/or paraphrase Altria's 1Q19 10-Q, which speaks for itself. Mr. Crosthwaite denies that the alleged 10-Q is quoted, referenced, and/or paraphrased in context or in its entirety, and denies Plaintiffs' characterization of the alleged 10-Q, and denies Plaintiffs' insinuation and

implication regarding the content or meaning of the alleged 10-Q.  Mr. Crosthwaite otherwise denies the allegations in Paragraph 483 of the Complaint.

484.    To the extent that the allegations in Paragraph 484 are directed to other Defendants, no responsive pleading is required.  To the extent a response is otherwise required, Mr. Crosthwaite asserts that the allegations in Paragraph 484 of the Complaint purport to selectively quote, reference, and/or paraphrase Altria's 1Q19 10-Q and an FDA letter, which speak for themselves.  Mr. Crosthwaite denies that the alleged 10-Q and letter are quoted, referenced, and/or paraphrased in context or in its entirety, and denies Plaintiffs' characterization of the alleged 10-Q and letter, and denies Plaintiffs' insinuation and implication regarding the content or meaning of the alleged 10-Q and letter.  Mr. Crosthwaite otherwise denies the allegations in Paragraph 484 of the Complaint.

485.    To the extent that the allegations in Paragraph 485 are directed to other Defendants, no responsive pleading is required.  The allegations in Paragraph 485 of the Complaint state a legal conclusion for which no response is required.  To the extent a response is required, Mr. Crosthwaite denies the allegations in Paragraph 485 of the Complaint.

486.    To the extent that the allegations in Paragraph 486 are directed to other Defendants, no responsive pleading is required.  To the extent a response is otherwise required, Mr. Crosthwaite asserts that the allegations in Paragraph 486 of the Complaint purport to selectively quote, reference, and/or paraphrase Altria's 1Q19 10-Q, which speaks for itself.  Mr. Crosthwaite denies that the alleged 10-Q is quoted, referenced, and/or paraphrased in context or in its entirety, and denies Plaintiffs' characterization of the alleged 10-Q, and denies Plaintiffs' insinuation and implication regarding the content or meaning of the alleged 10-Q.  Mr. Crosthwaite otherwise denies the allegations in Paragraph 486 of the Complaint.

134

487.    To the extent that the allegations in Paragraph 487 are directed to other Defendants, no responsive pleading is required.  The allegations in Paragraph 487 of the Complaint state a legal conclusion for which no response is required.  To the extent a response is required, Mr. Crosthwaite denies the allegations in Paragraph 487 of the Complaint.

488.    To the extent that the allegations in Paragraph 488 are directed to other Defendants, no responsive pleading is required.  To the extent a response is otherwise required, Mr. Crosthwaite asserts that the allegations in Paragraph 488 of the Complaint purport to selectively quote, reference, and/or paraphrase certain alleged documents and/or statements, which speak for themselves.  Mr. Crosthwaite denies that the alleged documents and/or statements are quoted, referenced, and/or paraphrased in context or in their entirety, denies Plaintiffs' characterization of the alleged documents and/or statements, and denies Plaintiffs' insinuation and implication regarding the content or meaning of the alleged documents and/or statements.  Mr. Crosthwaite otherwise denies the allegations in Paragraph 488 of the Complaint.

489.    To the extent that the allegations in Paragraph 489 are directed to other Defendants, no responsive pleading is required.  To the extent a response is otherwise required, Mr. Crosthwaite asserts that the allegations in in Paragraph 489 of the Complaint purport to selectively quote, reference, and/or paraphrase a July 30, 2019 Altria press release, which speaks for itself. Mr. Crosthwaite denies that the alleged press release is quoted, referenced, and/or paraphrased in context or in its entirety, and denies Plaintiffs' characterization of the alleged press release, and denies Plaintiffs' insinuation and implication regarding the content or meaning of the alleged press release.  Except as expressly admitted, Mr. Crosthwaite denies the allegations in Paragraph 489 of the Complaint.

490.    To the extent that the allegations in Paragraph 490 are directed to other Defendants, no responsive pleading is required.  To the extent a response is otherwise required, Mr. Crosthwaite asserts that the allegations in Paragraph 490 of the Complaint purport to selectively quote, reference, and/or paraphrase a July 30, 2019 Altria press release, which speaks for itself. Mr. Crosthwaite denies that the alleged press release is quoted, referenced, and/or paraphrased in context or in its entirety, and denies Plaintiffs' characterization of the alleged press release, and denies Plaintiffs' insinuation and implication regarding the content or meaning of the alleged press release.  Except as expressly admitted, Mr. Crosthwaite denies the allegations in Paragraph 490 of the Complaint.

491.    To the extent that the allegations in Paragraph 491 are directed to other Defendants, no responsive pleading is required.  The allegations in Paragraph 491 of the Complaint state a legal conclusion for which no response is required.  To the extent a response is required, Mr. Crosthwaite denies the allegations in Paragraph 491 of the Complaint.

492.    To the extent that the allegations in Paragraph 492 are directed to other Defendants, no responsive pleading is required.  To the extent a response is otherwise required, Mr. Crosthwaite asserts that the allegations in Paragraph 492 of the Complaint purport to selectively quote, reference, and/or paraphrase a July 30, 2019 Altria press release, which speaks for itself. Mr. Crosthwaite denies that the alleged press release is quoted, referenced, and/or paraphrased in context or in its entirety, and denies Plaintiffs' characterization of the alleged press release, and denies Plaintiffs' insinuation and implication regarding the content or meaning of the alleged press release.  Except as expressly admitted, Mr. Crosthwaite denies the allegations in Paragraph 492 of the Complaint.

493. To the extent that the allegations in Paragraph 493 are directed to other Defendants, no responsive pleading is required. The allegations in Paragraph 493 of the Complaint state a legal conclusion for which no response is required. To the extent a response is required, Mr. Crosthwaite denies the allegations in Paragraph 493 of the Complaint.

494. To the extent that the allegations in Paragraph 494 are directed to other Defendants, no responsive pleading is required. To the extent a response is otherwise required, Mr. Crosthwaite asserts that the allegations in Paragraph 494 of the Complaint purport to selectively quote, reference, and/or paraphrase a July 30, 2019 Altria press release, which speaks for itself. Mr. Crosthwaite denies that the alleged press release is quoted, referenced, and/or paraphrased in context or in its entirety, and denies Plaintiffs' characterization of the alleged press release, and denies Plaintiffs' insinuation and implication regarding the content or meaning of the alleged press release. Except as expressly admitted, Mr. Crosthwaite denies the allegations in Paragraph 494 of the Complaint.

495. To the extent that the allegations in Paragraph 495 are directed to other Defendants, no responsive pleading is required. The allegations in Paragraph 495 of the Complaint state a legal conclusion for which no response is required. To the extent a response is required, Mr. Crosthwaite denies the allegations in Paragraph 495 of the Complaint.

496. To the extent that the allegations in Paragraph 496 are directed to other Defendants, no responsive pleading is required. To the extent a response is otherwise required, Mr. Crosthwaite asserts that the allegations in Paragraph 496 of the Complaint purport to selectively quote, reference, and/or paraphrase certain alleged documents and/or statements, which speak for themselves. Mr. Crosthwaite denies that the alleged documents and/or statements are quoted, referenced, and/or paraphrased in context or in their entirety, denies Plaintiffs' characterization

of the alleged documents and/or statements, and denies Plaintiffs' insinuation and implication regarding the content or meaning of the alleged documents and/or statements. Mr. Crosthwaite otherwise denies the allegations in Paragraph 496 of the Complaint.

497. To the extent that the allegations in Paragraph 497 are directed to other Defendants, no responsive pleading is required. The allegations in Paragraph 497 of the Complaint state a legal conclusion for which no response is required. To the extent a response is required, Mr. Crosthwaite denies the allegations in Paragraph 497 of the Complaint.

498. To the extent that the allegations in Paragraph 498 are directed to other Defendants, no responsive pleading is required. To the extent a response is otherwise required, Mr. Crosthwaite asserts that the allegations in Paragraph 498 of the Complaint purport to selectively quote, reference, and/or paraphrase certain alleged documents and/or statements, which speak for themselves. Mr. Crosthwaite denies that the alleged documents and/or statements are quoted, referenced, and/or paraphrased in context or in their entirety, denies Plaintiffs' characterization of the alleged documents and/or statements, and denies Plaintiffs' insinuation and implication regarding the content or meaning of the alleged documents and/or statements. Mr. Crosthwaite otherwise denies the allegations in Paragraph 498 of the Complaint.

499. To the extent that the allegations in Paragraph 499 are directed to other Defendants, no responsive pleading is required. The allegations in Paragraph 499 of the Complaint state a legal conclusion for which no response is required. To the extent a response is required, Mr. Crosthwaite denies the allegations in Paragraph 499 of the Complaint.

500. To the extent that the allegations in Paragraph 500 are directed to other Defendants, no responsive pleading is required. To the extent a response is otherwise required, Mr. Crosthwaite asserts that the allegations in Paragraph 500 of the Complaint purport to selectively

quote, reference, and/or paraphrase an August 29, 2019 Wall Street Journal report, which speaks for itself. Mr. Crosthwaite denies that the alleged report is quoted, referenced, and/or paraphrased in context or in its entirety, denies Plaintiffs' characterization of the alleged report, and denies Plaintiffs' insinuation and implication regarding the content or meaning of the alleged report. Mr. Crosthwaite otherwise denies the allegations in Paragraph 500 of the Complaint.

501. The allegations in Paragraph 501 of the Complaint state a legal conclusion for which no response is required. Mr. Crosthwaite also asserts that the allegations in Paragraph 501 refer to publicly available stock price information, which speaks for itself. To the extent a response is required, Mr. Crosthwaite lacks sufficient knowledge or information to form a belief as to the allegations in Paragraph 501 of the Complaint, and on that basis denies them.

502. Mr. Crosthwaite asserts that the allegations in Paragraph 502 of the Complaint are set forth without citation. Mr. Crosthwaite lacks sufficient knowledge or information to form a belief as to the allegations in Paragraph 502 of the Complaint and on that basis denies them, except refers to the referenced documents or statements for their complete and accurate contents.

503. The allegations in Paragraph 503 of the Complaint state a legal conclusion for which no response is required. Mr. Crosthwaite also asserts that the allegations in Paragraph 503 refer to publicly available stock price information, which speaks for itself. To the extent a response is required, Mr. Crosthwaite lacks sufficient knowledge or information to form a belief as to the allegations in Paragraph 503 of the Complaint, and on that basis denies them.

504. To the extent that the allegations in Paragraph 504 are directed to other Defendants, no responsive pleading is required. To the extent a response is otherwise required, Mr. Crosthwaite asserts that the allegations in Paragraph 504 of the Complaint purport to selectively quote, reference, and/or paraphrase a September 9, 2019 letter, which speaks for itself. Mr.

Crosthwaite denies that the alleged letter is quoted, referenced, and/or paraphrased in context or in its entirety, denies Plaintiffs' characterization of the alleged letter, and denies Plaintiffs' insinuation and implication regarding the content or meaning of the alleged letter. Mr. Crosthwaite otherwise denies the allegations in Paragraph 504 of the Complaint, except refers to the referenced letter for its complete and accurate contents.

505. Mr. Crosthwaite asserts that the allegations in Paragraph 505 of the Complaint are set forth without citation. Mr. Crosthwaite lacks sufficient knowledge or information to form a belief as to the allegations in Paragraph 505 of the Complaint and on that basis denies them.

506. Mr. Crosthwaite asserts that the allegations in Paragraph 506 of the Complaint are set forth without citation. Mr. Crosthwaite lacks sufficient knowledge or information to form a belief as to the allegations in Paragraph 506 of the Complaint and on that basis denies them, except refers to the referenced documents or statements for their complete and accurate contents.

507. The allegations in Paragraph 507 of the Complaint state a legal conclusion for which no response is required. Mr. Crosthwaite also asserts that the allegations in Paragraph 507 refer to publicly available stock price information, which speaks for itself. To the extent a response is required, Mr. Crosthwaite lacks sufficient knowledge or information to form a belief as to the allegations in Paragraph 507 of the Complaint, and on that basis denies them.

508. The allegations in Paragraph 508 of the Complaint state a legal conclusion for which no response is required. Mr. Crosthwaite also asserts that the allegations in Paragraph 508 of the Complaint are set forth without citation. Mr. Crosthwaite lacks sufficient knowledge or information to form a belief as to the allegations in Paragraph 508 of the Complaint and on that basis denies them, except refers to the referenced documents or statements for their complete and accurate contents.

509. Mr. Crosthwaite refers to the referenced documents or statements for their complete and accurate contents, and otherwise denies the allegations in Paragraph 509 of the Complaint.

510. To the extent that the allegations in Paragraph 510 are directed to other Defendants, no responsive pleading is required. The allegations in Paragraph 510 of the Complaint state a legal conclusion for which no response is required. To the extent a response is required, Mr. Crosthwaite denies the allegations in Paragraph 510 of the Complaint.

511. To the extent that the allegations in Paragraph 511 are directed to other Defendants, no responsive pleading is required. To the extent a response is otherwise required, Mr. Crosthwaite asserts that the allegations in Paragraph 511 of the Complaint purport to selectively quote, reference, and/or paraphrase certain alleged documents and/or statements, which speak for themselves. Mr. Crosthwaite denies that the alleged documents and/or statements are quoted, referenced, and/or paraphrased in context or in their entirety, denies Plaintiffs' characterization of the alleged documents and/or statements, and denies Plaintiffs' insinuation and implication regarding the content or meaning of the alleged documents and/or statements. Mr. Crosthwaite states that he served as an observer on JLI's board after Altria's investment in JLI and replaced Kevin Burns as Chief Executive Officer of JLI on September 25, 2019. Mr. Crosthwaite otherwise denies the allegations in Paragraph 511 of the Complaint.

512. The allegations in Paragraph 512 of the Complaint state a legal conclusion for which no response is required. Mr. Crosthwaite also asserts that the allegations in Paragraph 512 refer to publicly available stock price information, which speaks for itself. To the extent a response is required, Mr. Crosthwaite lacks sufficient knowledge or information to form a belief as to the allegations in Paragraph 512 of the Complaint, and on that basis denies them.

141

513.   Mr. Crosthwaite admits that Joe Murillo is the chief regulatory officer at JLI.  Mr. Crosthwaite otherwise denies the allegations in Paragraph 513 of the Complaint.

514.   To the extent that the allegations in Paragraph 514 are directed to other Defendants, no responsive pleading is required.  To the extent a response is otherwise required, Mr. Crosthwaite asserts that the allegations in Paragraph 514 of the Complaint purport to selectively quote, reference, and/or paraphrase certain alleged documents and/or statements, which speak for themselves.  Mr. Crosthwaite denies that the alleged documents and/or statements are quoted, referenced, and/or paraphrased in context or in their entirety, denies Plaintiffs' characterization of the alleged documents and/or statements, and denies Plaintiffs' insinuation and implication regarding the content or meaning of the alleged documents and/or statements.  Mr. Crosthwaite otherwise denies the allegations in Paragraph 514 of the Complaint.

515.   To the extent that the allegations in Paragraph 515 are directed to other Defendants, no responsive pleading is required.  The allegations in Paragraph 515 of the Complaint state a legal conclusion for which no response is required.  To the extent a response is required, Mr. Crosthwaite denies the allegations in Paragraph 515 of the Complaint.

516.   To the extent that the allegations in Paragraph 516 are directed to other Defendants, no responsive pleading is required.  To the extent a response is otherwise required, Mr. Crosthwaite asserts that the allegations in Paragraph 516 of the Complaint purport to selectively quote, reference, and/or paraphrase certain alleged documents and/or statements, which speak for themselves.  Mr. Crosthwaite denies that the alleged documents and/or statements are quoted, referenced, and/or paraphrased in context or in their entirety, denies Plaintiffs' characterization of the alleged documents and/or statements, and denies Plaintiffs' insinuation and implication

142

regarding the content or meaning of the alleged documents and/or statements. Mr. Crosthwaite otherwise denies the allegations in Paragraph 516 of the Complaint.

517.    To the extent that the allegations in Paragraph 517 are directed to other Defendants, no responsive pleading is required. To the extent a response is otherwise required, Mr. Crosthwaite asserts that the allegations in Paragraph 517 of the Complaint purport to selectively quote, reference, and/or paraphrase certain alleged documents and/or statements, which speak for themselves. Mr. Crosthwaite denies that the alleged documents and/or statements are quoted, referenced, and/or paraphrased in context or in their entirety, denies Plaintiffs' characterization of the alleged documents and/or statements, and denies Plaintiffs' insinuation and implication regarding the content or meaning of the alleged documents and/or statements. Mr. Crosthwaite otherwise denies the allegations in Paragraph 517 of the Complaint.

518.    The allegations in Paragraph 518 of the Complaint state a legal conclusion for which no response is required. Mr. Crosthwaite also asserts that the allegations in Paragraph 518 refer to publicly available stock price information, which speaks for itself. To the extent a response is required, Mr. Crosthwaite lacks sufficient knowledge or information to form a belief as to the allegations in Paragraph 518 of the Complaint, and on that basis denies them.

519.    To the extent that the allegations in Paragraph 519 are directed to other Defendants, no responsive pleading is required. To the extent a response is otherwise required, Mr. Crosthwaite asserts that the allegations in Paragraph 519 of the Complaint purport to selectively quote, reference, and/or paraphrase certain alleged documents and/or statements, which speak for themselves. Mr. Crosthwaite denies that the alleged documents and/or statements are quoted, referenced, and/or paraphrased in context or in their entirety, denies Plaintiffs' characterization of the alleged documents and/or statements, and denies Plaintiffs' insinuation and implication

143

regarding the content or meaning of the alleged documents and/or statements.  Mr. Crosthwaite otherwise denies the allegations in Paragraph 519 of the Complaint.

520.    The allegations in Paragraph 520 of the Complaint state a legal conclusion for which no response is required.  Mr. Crosthwaite also asserts that the allegations in Paragraph 520 refer to publicly available stock price information, which speaks for itself.  To the extent a response is required, Mr. Crosthwaite lacks sufficient knowledge or information to form a belief as to the allegations in Paragraph 520 of the Complaint, and on that basis denies them.

521.    To the extent that the allegations in Paragraph 521 are directed to other Defendants, no responsive pleading is required.  To the extent a response is otherwise required, Mr. Crosthwaite asserts that the allegations in Paragraph 521 of the Complaint purport to selectively quote, reference, and/or paraphrase certain alleged documents and/or statements, which speak for themselves.  Mr. Crosthwaite denies that the alleged documents and/or statements are quoted, referenced, and/or paraphrased in context or in their entirety, denies Plaintiffs' characterization of the alleged documents and/or statements, and denies Plaintiffs' insinuation and implication regarding the content or meaning of the alleged documents and/or statements.  Mr. Crosthwaite otherwise denies the allegations in Paragraph 521 of the Complaint.

522.    To the extent that the allegations in Paragraph 522 are directed to other Defendants, no responsive pleading is required.  To the extent a response is otherwise required, Mr. Crosthwaite asserts that the allegations in Paragraph 522 of the Complaint state a legal conclusion for which no response is required.  Mr. Crosthwaite also asserts that the allegations in Paragraph 522 refer to publicly available stock price information, which speaks for itself.  To the extent a response is required, Mr. Crosthwaite lacks sufficient knowledge or information to form a belief as to the allegations in Paragraph 522 of the Complaint, and on that basis denies them.

144

523.    To the extent that the allegations in Paragraph 523 are directed to other Defendants, no responsive pleading is required.  To the extent a response is otherwise required, Mr. Crosthwaite asserts that the allegations in Paragraph 523 of the Complaint purport to selectively quote, reference, and/or paraphrase certain alleged documents and/or statements, which speak for themselves.  Mr. Crosthwaite denies that the alleged documents and/or statements are quoted, referenced, and/or paraphrased in context or in their entirety, denies Plaintiffs' characterization of the alleged documents and/or statements, and denies Plaintiffs' insinuation and implication regarding the content or meaning of the alleged documents and/or statements.  Mr. Crosthwaite otherwise denies the allegations in Paragraph 523 of the Complaint.

524.    To the extent that the allegations in Paragraph 524 are directed to other Defendants, no responsive pleading is required.  The allegations in Paragraph 524 of the Complaint state a legal conclusion for which no response is required.  To the extent a response is required, Mr. Crosthwaite denies the allegations in Paragraph 524 of the Complaint.

**ADDITIONAL SCIENTER ALLEGATIONS**

525.    To the extent that the allegations in Paragraph 525 are directed to other Defendants, no responsive pleading is required.  The allegations in Paragraph 525 of the Complaint state a legal conclusion for which no response is required.  To the extent a response is required, Mr. Crosthwaite denies the allegations in Paragraph 525 of the Complaint.

526.    To the extent that the allegations in Paragraph 526 are directed to other Defendants, no responsive pleading is required.  The allegations in Paragraph 526 of the Complaint state a legal conclusion for which no response is required.  To the extent a response is required, Mr. Crosthwaite denies the allegations in Paragraph 526 of the Complaint.

527.    To the extent that the allegations in Paragraph 527 are directed to other Defendants, no responsive pleading is required.  To the extent a response is required, Mr. Crosthwaite lacks sufficient knowledge or information to form a belief as to the allegations in Paragraph 527 of the Complaint and on that basis denies them.

528.    To the extent that the allegations in Paragraph 528 are directed to other Defendants, no responsive pleading is required.  The allegations in Paragraph 528 of the Complaint state a legal conclusion for which no response is required.  To the extent a response is required, Mr. Crosthwaite denies the allegations in Paragraph 528 of the Complaint.

529.    To the extent that the allegations in Paragraph 529 are directed to other Defendants, no responsive pleading is required.  The allegations in Paragraph 529 of the Complaint state a legal conclusion for which no response is required.  To the extent a response is required, Mr. Crosthwaite lacks sufficient knowledge or information to form a belief as to the allegations in Paragraph 529 of the Complaint, and on that basis denies them.  Mr. Crosthwaite otherwise denies the allegations in Paragraph 529 of the Complaint.

530.    To the extent that the allegations in Paragraph 530 are directed to other Defendants, no responsive pleading is required.  The allegations in Paragraph 530 of the Complaint state a legal conclusion for which no response is required.  To the extent a response is required, Mr. Crosthwaite denies the allegations in Paragraph 530 of the Complaint.

531.    To the extent that the allegations in Paragraph 531 are directed to other Defendants, no responsive pleading is required.  The allegations in Paragraph 531 of the Complaint state a legal conclusion for which no response is required.  To the extent a response is required, Mr. Crosthwaite denies the allegations in Paragraph 531 of the Complaint.

532. To the extent that the allegations in Paragraph 532 are directed to other Defendants, no responsive pleading is required. The allegations in Paragraph 532 of the Complaint state a legal conclusion for which no response is required. To the extent a response is required, Mr. Crosthwaite denies the allegations in Paragraph 532 of the Complaint.

## CORPORATE SCIENTER

533. To the extent that the allegations in Paragraph 533 are directed to other Defendants, no responsive pleading is required. The allegations in Paragraph 533 of the Complaint state a legal conclusion for which no response is required. To the extent a response is required, Mr. Crosthwaite denies the allegations in Paragraph 533 of the Complaint.

## ANALYSTS WHO COVERED ALTRIA CLOSELY FOLLOWED THE ACTIONS AND STATEMENTS OF JLI IN EVALUATING THE VALUE OF ALTRIA BOTH BEFORE AND AFTER ALTRIA'S INVESTMENT IN JLI

534. To the extent that the allegations in Paragraph 534 are directed to other Defendants, no responsive pleading is required. The allegations in Paragraph 534 of the Complaint state a legal conclusion for which no response is required. Mr. Crosthwaite also asserts that the allegations in Paragraph 534 are set forth without citation. Mr. Crosthwaite lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 534 to the extent that those allegations concern the knowledge or actions of others, and therefore denies them on that basis, except refers to the referenced documents or statements for their complete and accurate contents.

535. To the extent that the allegations in Paragraph 535 are directed to other Defendants, no responsive pleading is required. The allegations in Paragraph 535 of the Complaint state a legal conclusion for which no response is required. Mr. Crosthwaite also asserts that the allegations in Paragraph 535 are set forth without citation. Mr. Crosthwaite lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 535 to

147

the extent that those allegations concern the knowledge or actions of others, and therefore denies them on that basis, except refers to the referenced documents or statements for their complete and accurate contents.

536.    To the extent that the allegations in Paragraph 536 are directed to other Defendants, no responsive pleading is required.  The allegations in Paragraph 536 of the Complaint state a legal conclusion for which no response is required.  Mr. Crosthwaite also asserts that the allegations in Paragraph 536 are set forth without citation.  Mr. Crosthwaite lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 536 to the extent that those allegations concern the knowledge or actions of others, and therefore denies them on that basis, except refers to the referenced documents or statements for their complete and accurate contents.

537.    To the extent that the allegations in Paragraph 537 are directed to other Defendants, no responsive pleading is required.  To the extent a response is required, Mr. Crosthwaite lacks sufficient knowledge or information to form a belief as to the allegations in Paragraph 537 of the Complaint, and on that basis denies them.

538.    To the extent that the allegations in Paragraph 538 are directed to other Defendants, no responsive pleading is required.  The allegations in Paragraph 538 of the Complaint state a legal conclusion for which no response is required.  Mr. Crosthwaite also asserts that the allegations in Paragraph 538 are set forth without citation.  Mr. Crosthwaite lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 538 to the extent that those allegations concern the knowledge or actions of others, and therefore denies them on that basis, except refers to the referenced documents or statements for their complete and accurate contents.

539. To the extent that the allegations in Paragraph 539 are directed to other Defendants, no responsive pleading is required. The allegations in Paragraph 539 of the Complaint state a legal conclusion for which no response is required. Mr. Crosthwaite also asserts that the allegations in Paragraph 539 are set forth without citation. Mr. Crosthwaite lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 539 to the extent that those allegations concern the knowledge or actions of others, and therefore denies them on that basis, except refers to the referenced documents or statements for their complete and accurate contents.

540. To the extent that the allegations in Paragraph 540 are directed to other Defendants, no responsive pleading is required. The allegations in Paragraph 540 of the Complaint state a legal conclusion for which no response is required. Mr. Crosthwaite also asserts that the allegations in Paragraph 540 are set forth without citation. Mr. Crosthwaite lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 540 to the extent that those allegations concern the knowledge or actions of others, and therefore denies them on that basis, except refers to the referenced documents or statements for their complete and accurate contents.

541. To the extent that the allegations in Paragraph 541 are directed to other Defendants, no responsive pleading is required. The allegations in Paragraph 541 of the Complaint state a legal conclusion for which no response is required. Mr. Crosthwaite also asserts that the allegations in Paragraph 541 are set forth without citation. Mr. Crosthwaite lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 541 to the extent that those allegations concern the knowledge or actions of others, and therefore denies

them on that basis, except refers to the referenced documents or statements for their complete and accurate contents.

542.    To the extent that the allegations in Paragraph 542 are directed to other Defendants, no responsive pleading is required.  The allegations in Paragraph 542 of the Complaint state a legal conclusion for which no response is required.  Mr. Crosthwaite also asserts that the allegations in Paragraph 542 are set forth without citation.  Mr. Crosthwaite lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 542 to the extent that those allegations concern the knowledge or actions of others, and therefore denies them on that basis, except refers to the referenced documents or statements for their complete and accurate contents.

543.    To the extent that the allegations in Paragraph 543 are directed to other Defendants, no responsive pleading is required.  The allegations in Paragraph 543 of the Complaint state a legal conclusion for which no response is required.  Mr. Crosthwaite also asserts that the allegations in Paragraph 543 are set forth without citation.  Mr. Crosthwaite lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 543 to the extent that those allegations concern the knowledge or actions of others, and therefore denies them on that basis, except refers to the referenced documents or statements for their complete and accurate contents.

544.    To the extent that the allegations in Paragraph 544 are directed to other Defendants, no responsive pleading is required.  The allegations in Paragraph 544 of the Complaint state a legal conclusion for which no response is required.  Mr. Crosthwaite also asserts that the allegations in Paragraph 544 are set forth without citation.  Mr. Crosthwaite lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 544 to

the extent that those allegations concern the knowledge or actions of others, and therefore denies them on that basis, except refers to the referenced documents or statements for their complete and accurate contents.

545. To the extent that the allegations in Paragraph 545 are directed to other Defendants, no responsive pleading is required. The allegations in Paragraph 545 of the Complaint state a legal conclusion for which no response is required. Mr. Crosthwaite also asserts that the allegations in Paragraph 545 are set forth without citation. Mr. Crosthwaite lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 545 to the extent that those allegations concern the knowledge or actions of others, and therefore denies them on that basis, except refers to the referenced documents or statements for their complete and accurate contents.

546. To the extent that the allegations in Paragraph 546 are directed to other Defendants, no responsive pleading is required. The allegations in Paragraph 546 of the Complaint state a legal conclusion for which no response is required. Mr. Crosthwaite also asserts that the allegations in Paragraph 546 are set forth without citation. Mr. Crosthwaite lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 546 to the extent that those allegations concern the knowledge or actions of others, and therefore denies them on that basis, except refers to the referenced documents or statements for their complete and accurate contents.

547. To the extent that the allegations in Paragraph 547 are directed to other Defendants, no responsive pleading is required. The allegations in Paragraph 547 of the Complaint state a legal conclusion for which no response is required. Mr. Crosthwaite also asserts that the allegations in Paragraph 547 are set forth without citation. Mr. Crosthwaite lacks sufficient

knowledge or information to form a belief as to the truth of the allegations in Paragraph 547 to the extent that those allegations concern the knowledge or actions of others, and therefore denies them on that basis, except refers to the referenced documents or statements for their complete and accurate contents.

548.   To the extent that the allegations in Paragraph 548 are directed to other Defendants, no responsive pleading is required.  The allegations in Paragraph 548 of the Complaint state a legal conclusion for which no response is required.  Mr. Crosthwaite also asserts that the allegations in Paragraph 548 are set forth without citation.  Mr. Crosthwaite lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 548 to the extent that those allegations concern the knowledge or actions of others, and therefore denies them on that basis, except refers to the referenced documents or statements for their complete and accurate contents.

549.   To the extent that the allegations in Paragraph 549 are directed to other Defendants, no responsive pleading is required.  The allegations in Paragraph 549 of the Complaint state a legal conclusion for which no response is required.  Mr. Crosthwaite also asserts that the allegations in Paragraph 549 are set forth without citation.  Mr. Crosthwaite lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 549 to the extent that those allegations concern the knowledge or actions of others, and therefore denies them on that basis, except refers to the referenced documents or statements for their complete and accurate contents.

550.   To the extent that the allegations in Paragraph 550 are directed to other Defendants, no responsive pleading is required.  The allegations in Paragraph 550 of the Complaint state a legal conclusion for which no response is required.  Mr. Crosthwaite also asserts that the

allegations in Paragraph 550 are set forth without citation.  Mr. Crosthwaite lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 550 to the extent that those allegations concern the knowledge or actions of others, and therefore denies them on that basis, except refers to the referenced documents or statements for their complete and accurate contents.

551.    To the extent that the allegations in Paragraph 551 are directed to other Defendants, no responsive pleading is required.  The allegations in Paragraph 551 of the Complaint state a legal conclusion for which no response is required.  Mr. Crosthwaite also asserts that the allegations in Paragraph 551 are set forth without citation.  Mr. Crosthwaite lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 551 to the extent that those allegations concern the knowledge or actions of others, and therefore denies them on that basis, except refers to the referenced documents or statements for their complete and accurate contents.

## PLAINTIFFS' CLASS ACTION ALLEGATIONS

552.    The allegations in Paragraph 552 of the Complaint state a legal conclusion for which no response is required.  To the extent a response is required, Mr. Crosthwaite denies the allegations in Paragraph 552 of the Complaint.

553.    The allegations in Paragraph 553 of the Complaint state a legal conclusion for which no response is required.  To the extent a response is required, Mr. Crosthwaite denies the allegations in Paragraph 553 of the Complaint.

554.    The allegations in Paragraph 554 of the Complaint state legal conclusions that do not require a response from Mr. Crosthwaite.  To the extent a response is required, Mr. Crosthwaite denies the allegations in Paragraph 554 of the Complaint.

555.    The allegations in Paragraph 555 of the Complaint state legal conclusions that do not require a response from Mr. Crosthwaite.    To the extent a response is required, Mr. Crosthwaite denies the allegations in Paragraph 555 of the Complaint.

556.    The allegations in Paragraph 556 of the Complaint state legal conclusions that do not require a response from Mr. Crosthwaite.    To the extent a response is required, Mr. Crosthwaite denies the allegations in Paragraph 556 of the Complaint.

557.    The allegations in Paragraph 557 of the Complaint state legal conclusions that do not require a response from Mr. Crosthwaite.    To the extent a response is required, Mr. Crosthwaite denies the allegations in Paragraph 557 of the Complaint.

558.    The allegations in Paragraph 558 of the Complaint state legal conclusions that do not require a response from Mr. Crosthwaite.    To the extent a response is required, Mr. Crosthwaite denies the allegations in Paragraph 558 of the Complaint.

559.    The allegations in Paragraph 559 of the Complaint state legal conclusions that do not require a response from Mr. Crosthwaite.    To the extent a response is required, Mr. Crosthwaite denies the allegations in Paragraph 559 of the Complaint.

560.    The allegations in Paragraph 560 of the Complaint state legal conclusions that do not require a response from Mr. Crosthwaite.    To the extent a response is required, Mr. Crosthwaite denies the allegations in Paragraph 560 of the Complaint.

## COUNT I

**(Violations of Section 10(b) of the Exchange Act and Rule 10b-5 Promulgated Thereunder Against the Altria Defendants)**

561.    The allegations in Paragraph 561 of the Complaint state legal conclusions that do not require a response from Mr. Crosthwaite.    To the extent a response is required, Mr. Crosthwaite denies the allegations in Paragraph 561 of the Complaint.

562.    The allegations in Paragraph 562 of the Complaint state legal conclusions that do not require a response from Mr. Crosthwaite.   To the extent a response is required, Mr. Crosthwaite denies the allegations in Paragraph 562 of the Complaint.

563.    The allegations in Paragraph 563 of the Complaint state legal conclusions that do not require a response from Mr. Crosthwaite.   To the extent a response is required, Mr. Crosthwaite denies the allegations in Paragraph 563 of the Complaint.

564.    The allegations in Paragraph 564 of the Complaint state legal conclusions that do not require a response from Mr. Crosthwaite.   To the extent a response is required, Mr. Crosthwaite denies the allegations in Paragraph 564 of the Complaint.

565.    The allegations in Paragraph 565 of the Complaint state legal conclusions that do not require a response from Mr. Crosthwaite.   To the extent a response is required, Mr. Crosthwaite denies the allegations in Paragraph 565 of the Complaint.  Additionally, the Court has already held that Mr. Crosthwaite was not responsible for Altria's quarterly and annual reports, SEC filings, or press releases and other statements and documents described in the Complaint.

566.    The allegations in Paragraph 566 of the Complaint state legal conclusions that do not require a response from Mr. Crosthwaite.   To the extent a response is required, Mr. Crosthwaite denies the allegations in Paragraph 566 of the Complaint.

567.    The allegations in Paragraph 567 of the Complaint state legal conclusions that do not require a response from Mr. Crosthwaite.   To the extent a response is required, Mr. Crosthwaite denies the allegations in Paragraph 567 of the Complaint.

568.    The allegations in Paragraph 568 of the Complaint state legal conclusions that do not require a response from Mr. Crosthwaite.   To the extent a response is required, Mr. Crosthwaite denies the allegations in Paragraph 568 of the Complaint.

569.    The allegations in Paragraph 569 of the Complaint state legal conclusions that do not require a response from Mr. Crosthwaite.   To the extent a response is required, Mr. Crosthwaite denies the allegations in Paragraph 569 of the Complaint.

570.    The allegations in Paragraph 570 of the Complaint state legal conclusions that do not require a response from Mr. Crosthwaite.   To the extent a response is required, Mr. Crosthwaite denies the allegations in Paragraph 570 of the Complaint.

571.    The allegations in Paragraph 571 of the Complaint state legal conclusions that do not require a response from Mr. Crosthwaite.   To the extent a response is required, Mr. Crosthwaite denies the allegations in Paragraph 571 of the Complaint.

## COUNT II

**(Violations of Section 10(b) of the Exchange Act and Rule 10b-5 Promulgated Thereunder Against the JLI Defendants)**

572.    The allegations in Paragraph 572 of the Complaint state legal conclusions that do not require a response from Mr. Crosthwaite.   To the extent a response is required, Mr. Crosthwaite denies the allegations in Paragraph 572 of the Complaint.

573.    The allegations in Paragraph 573 of the Complaint state legal conclusions that do not require a response from Mr. Crosthwaite.   To the extent a response is required, Mr. Crosthwaite denies the allegations in Paragraph 573 of the Complaint. Additionally, all 10b-5(b) claims against Mr. Crosthwaite have been dismissed.

574.    The allegations in Paragraph 574 of the Complaint state legal conclusions that do not require a response from Mr. Crosthwaite.  To the extent a response is required, Mr. Crosthwaite denies the allegations in Paragraph 574 of the Complaint.

575.    The allegations in Paragraph 575 of the Complaint state legal conclusions that do not require a response from Mr. Crosthwaite.  To the extent a response is required, Mr. Crosthwaite denies the allegations in Paragraph 575 of the Complaint.

576.    The allegations in Paragraph 576 of the Complaint state legal conclusions that do not require a response from Mr. Crosthwaite.  To the extent a response is required, Mr. Crosthwaite denies the allegations in Paragraph 576 of the Complaint.

577.    The allegations in Paragraph 577 of the Complaint state legal conclusions that do not require a response from Mr. Crosthwaite.  To the extent a response is required, Mr. Crosthwaite denies the allegations in Paragraph 577 of the Complaint.

578.    The allegations in the first sentence of Paragraph 578 of the Complaint state legal conclusions that do not require a response from Mr. Crosthwaite.  To the extent a response is required, Mr. Crosthwaite denies the allegations in the first sentence of Paragraph 578 of the Complaint.  Mr. Crosthwaite lacks sufficient knowledge or information to form a belief as to the allegations in the second sentence of Paragraph 578 of the Complaint, and on that basis denies them.

579.    The allegations in Paragraph 579 of the Complaint state legal conclusions that do not require a response from Mr. Crosthwaite.  To the extent a response is required, Mr. Crosthwaite denies the allegations in Paragraph 579 of the Complaint.

580.    The allegations in the first two sentences of Paragraph 580 of the Complaint state legal conclusions that do not require a response from Mr. Crosthwaite.  To the extent a response

is required, Mr. Crosthwaite denies the allegations in the first two sentences of Paragraph 580 of the Complaint.  Mr. Crosthwaite lacks sufficient knowledge or information to form a belief as to the allegations in the third sentence in Paragraph 580 of the Complaint and on that basis denies them. Mr. Crosthwaite denies the allegations in the fourth and fifth sentences of Paragraph 580 of the Complaint.

581.   The allegations in Paragraph 581 of the Complaint state legal conclusions that do not require a response from Mr. Crosthwaite.   To the extent a response is required, Mr. Crosthwaite denies the allegations in Paragraph 581 of the Complaint.

582.   The allegations in Paragraph 582 of the Complaint state legal conclusions that do not require a response from Mr. Crosthwaite.   To the extent a response is required, Mr. Crosthwaite denies the allegations in Paragraph 582 of the Complaint.

## COUNT III

**(Violations of Section 20(a) of the Exchange Act Against The Altria Individual Defendants)**

583.   The allegations in Paragraph 583 of the Complaint state legal conclusions that do not require a response from Mr. Crosthwaite.   To the extent a response is required, Mr. Crosthwaite denies the allegations in Paragraph 583 of the Complaint.

584.   The allegations in Paragraph 584 of the Complaint state legal conclusions that do not require a response from Mr. Crosthwaite.   To the extent a response is required, Mr. Crosthwaite denies the allegations in Paragraph 584 of the Complaint.

585.   The allegations in Paragraph 585 of the Complaint state legal conclusions that do not require a response from Mr. Crosthwaite.   To the extent a response is required, Mr. Crosthwaite denies the allegations in Paragraph 585 of the Complaint.

586.   The allegations in Paragraph 586 of the Complaint state legal conclusions that do not require a response from Mr. Crosthwaite.   To the extent a response is required, Mr. Crosthwaite denies the allegations in Paragraph 586 of the Complaint.

587.   The allegations in Paragraph 587 of the Complaint state legal conclusions that do not require a response from Mr. Crosthwaite.   To the extent a response is required, Mr. Crosthwaite denies the allegations in Paragraph 587 of the Complaint.

588.   The allegations in Paragraph 588 of the Complaint state legal conclusions that do not require a response from Mr. Crosthwaite.   To the extent a response is required, Mr. Crosthwaite denies the allegations in Paragraph 588 of the Complaint.

## COUNT IV

**(Violations of Section 20(a) of the Exchange Act Against The JLI Individual Defendants)**

589.   The allegations in Paragraph 589 of the Complaint state legal conclusions that do not require a response from Mr. Crosthwaite.   To the extent a response is required, Mr. Crosthwaite denies the allegations in Paragraph 589 of the Complaint.

590.   The allegations in Paragraph 590 of the Complaint state legal conclusions that do not require a response from Mr. Crosthwaite.   To the extent a response is required, Mr. Crosthwaite denies the allegations in Paragraph 590 of the Complaint.

591.   The allegations in Paragraph 591 of the Complaint state legal conclusions that do not require a response from Mr. Crosthwaite.   To the extent a response is required, Mr. Crosthwaite denies the allegations in Paragraph 591 of the Complaint.

592.   The allegations in Paragraph 592 of the Complaint state legal conclusions that do not require a response from Mr. Crosthwaite.   To the extent a response is required, Mr. Crosthwaite denies the allegations in Paragraph 592 of the Complaint.

593.    The allegations in Paragraph 593 of the Complaint state legal conclusions that do not require a response from Mr. Crosthwaite.  To the extent a response is required, Mr. Crosthwaite denies the allegations in Paragraph 593 of the Complaint.

594.    The allegations in Paragraph 594 of the Complaint state legal conclusions that do not require a response from Mr. Crosthwaite.  To the extent a response is required, Mr. Crosthwaite denies the allegations in Paragraph 594 of the Complaint.

## PRAYER FOR RELIEF

Answering Plaintiffs' prayer for relief, Mr. Crosthwaite denies that Plaintiffs are entitled to relief against him.

## DEMAND FOR TRIAL BY JURY

Answering Plaintiffs' demand for trial by jury, Mr. Crosthwaite denies Plaintiffs' demand for a jury trial.

## AFFIRMATIVE DEFENSES

Mr. Crosthwaite asserts the following defenses in response to the allegations contained in the Complaint.  By asserting these defenses, Mr. Crosthwaite does not concede that he bears the burden of proof on any such defenses.  Nothing stated herein is intended, or shall be construed, as an acknowledgment that any particular issue or subject matter is relevant to the allegations.

Mr. Crosthwaite further reserves the right to assert additional affirmative defenses.  Mr. Crosthwaite also adopts and incorporates by reference any applicable defense pleaded by any other Defendant in this action not expressly set forth herein.

## FIRST AFFIRMATIVE DEFENSE

Plaintiffs' and any putative class members' claims are barred, in whole or in part, because the Complaint fails to allege facts sufficient to state a claim against Mr. Crosthwaite upon which

160

relief may be granted and fails to comply with the requirements of Rule 9(b) of the Federal Rules of Civil Procedure and the Private Securities Litigation Reform Act.

## SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or in part because they are not maintainable as a class action.

## THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs or other members of the putative class lack standing to assert some or all of their claims.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrines of laches, equitable estoppel, waiver, unclean hands, and other related equitable defenses or limitations periods.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims against Mr. Crosthwaite are barred, in whole or in part, because he did not employ any device, scheme, or artifice to defraud; and did not engage in any act, practice, or course of business that operated or would operate as fraud or deceit on any person, nor did he make any material misstatements or material omissions, and Mr. Crosthwaite is not responsible in law or fact for any material misstatements or material omissions by others.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or in part because the information Plaintiffs claim Mr. Crosthwaite failed to disclose was publicly available information, or because Mr. Crosthwaite otherwise had no duty to disclose this information under the federal securities laws.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or in part because the information Plaintiffs claim Mr. Crosthwaite failed to disclose was not material to the investment decisions of a reasonable investor.

## EIGHT AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred because they are predicated on statements of opinion or belief, which were neither objectively false when made nor misrepresented the speaker's subjective opinion or belief, or else were puffery or soft information, rather than matters of material fact.

## NINTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or in part because some or all of the challenged statements bespoke caution and/or were otherwise protected by the bespeaks caution doctrine and/or were forward-looking statements accompanied by meaningful cautionary statements identifying important factors that could cause actual results to differ materially from those in the forward-looking statement and were protected the Safe Harbor provisions for forward-looking statements in the Private Securities Litigation Reform Act of 1995, including without limitation 15 U.S.C. §§ 77z-2.

## TENTH AFFIRMATIVE DEFENSE

The Complaint fails to state with particularity facts that give rise to a strong inference of scienter, as required by Federal Rule of Civil Procedure 9(b) and 15 U.S.C. § 78u-4(b)(2)-(3).

## ELEVENTH AFFIRMATIVE DEFENSE

Mr. Crosthwaite exercised reasonable care and acted in good faith, including good faith conformity with applicable SEC rules, regulations, and orders, and did not directly or indirectly induce the act or acts constituting the alleged violations or causes of action. Mr. Crosthwaite

162

therefore is not subject to liability under the federal securities laws. Securities Exchange Act § 23(a)(1), 15 U.S.C. § 78w(a)(1).

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred to the extent that Plaintiffs cannot establish primary liability under the Securities Exchange Act of 1934, which is a prerequisite for control person liability under Section 20 of the statute.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred to the extent that Plaintiffs cannot establish that Mr. Crosthwaite was a controlling person within the meaning of Section 20 of the Securities Exchange Act of 1934, or cannot establish culpable participation, which is a prerequisite for control person liability under Section 20 of the Securities Exchange Act of 1934.

## FOURTEENTH AFFIRMATIVE DEFENSE

Mr. Crosthwaite not liable because Plaintiffs have not pleaded the required connection between the challenged conduct, statements, or omissions and the alleged loss, and because any losses suffered by Plaintiffs were not causally related to the statements or omissions alleged by Plaintiffs.

## FIFTEENTH AFFIRMATIVE DEFENSE

No act or omission attributed to Mr. Crosthwaite in the Complaint was the actual or proximate cause of any alleged injury suffered by Plaintiffs. Moreover, Mr. Crosthwaite is not liable for any alleged damages suffered by Plaintiffs to the extent that Plaintiffs' purported injuries and damages, if any, were caused or contributed, in whole or in part, by the policies, practices, acts, or omissions of independent persons or entities other than Mr. Crosthwaite over which Mr. Crosthwaite had no control.

163

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or in part because, at the time Plaintiffs acquired the securities in question, Plaintiffs knew of or did not rely upon the alleged untruths, omissions, or manipulative conduct that form the basis of this action. Alternatively, Plaintiffs learned of the alleged untruths, omissions, or manipulative conduct that form the basis of this action after acquiring the securities in question, but nonetheless continued to hold such securities.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Mr. Crosthwaite reasonably relied upon the information, opinions, reports, and statements presented by others whom Mr. Crosthwaite believed to be reliable and competent in the matters presented.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Any recovery for damages allegedly incurred by Plaintiffs, if any, is limited to the percentage of responsibility of Mr. Crosthwaite in proportion to the total fault of all persons who caused or contributed to Plaintiffs' alleged damages pursuant to the principles of set-off, offset, comparative fault and/or contributory negligence, as well as the proportionate liability provisions of the Private Securities Litigation Reform Act of 1995, as codified at 15 U.S.C. § 78u-4(f)(3)(A).

**WHEREFORE,** Mr. Crosthwaite respectfully request that the Court judgment for it by adjudging and decreeing:

1.    That Plaintiffs take nothing by reason of his Complaint, and that judgment be rendered in favor of Mr. Crosthwaite;

164

2.      That the Complaint, and each purported cause of action against Mr. Crosthwaite, be dismissed with prejudice;

3.      That the Court determine that this action may not proceed as a class action and dismiss all purported class allegations with prejudice;

4.      That the Court grant Mr. Crosthwaite all equitable or other relief against Plaintiffs as a consequence of defending this action including attorneys' fees and costs; and

5.      That the Court award Mr. Crosthwaite any such other and further relief as the Court may deem just and proper.


Dated: April 19, 2021                          By: *J. Christian Word*

Andrew Clubok (*pro hac vice*)
J. Christian Word (VSB #46008)
Susan E. Engel (*pro hac vice*)
Matthew J. Peters (*pro hac vice*)
LATHAM & WATKINS LLP
555 Eleventh Street, NW, Suite 1000
Washington, D.C. 20004
Telephone: 202-637-2200
Facsimile: 202-637-2201
andrew.clubok@lw.com
christian.word@lw.com
susan.engel@lw.com
matthew.peters@lw.com

*Counsel for Defendant K.C. Crosthwaite*


165