1

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

_____
                                 )
GABBY KLEIN, et al.              )
                                 )
v.                               )        Civil Action No.:
                                 )        3:20 CV 75
ALTRIA GROUP, INC., et al.       )
_____)
                                          April 13, 2021

           COMPLETE TRANSCRIPT OF CONFERENCE CALL
             BEFORE THE HONORABLE DAVID J. NOVAK
              UNITED STATES DISTRICT COURT JUDGE


APPEARANCES:

Steven Jeffrey Toll, Esquire (via phone)
COHEN MILSTEIN SELLERS & TOLL PLLC
1100 New York Ave NW
Suite 500, West Tower
Washington, DC 20005

Jeremy Alan Lieberman, Esquire (via phone)
Michael Jonathan Wernke, Esquire (via phone)
POMERANTZ LLP
600 Third Avenue, 20th Floor
New York, NY 10016

David A. Rosenfeld, Esquire (via phone)
Philip Thomas Merenda, Esquire (via phone)
ROBBINS GELLAR RUDMAN & DOWD LLP
58 South Service Road
Suite 200
Melville, NY 11747

           Counsel on behalf of the Plaintiffs



           TRACY J. STROH, RPR
         OFFICIAL COURT REPORTER
      UNITED STATES DISTRICT COURT

APPEARANCES (CONTINUED):

Stephen Richard DiPrima, Esquire (via phone)
Adam L. Goodman, Esquire (via phone)
Adam Sowlati, Esquire (via phone)
WACHTELL, LIPTON, ROSEN & KATZ
51 West 52nd Street
New York, NY 10019

Johnathan E. Schronce, Esquire (via phone)
Edward J. Fuhr, Esquire (via phone)
HUNTON ANDREWS KURTH LLP
951 East Byrd Street
Richmond, VA 23219

       Counsel on behalf of the Defendant Altria Group,
       Inc.

Jeffrey Alan Brown, Esquire (via phone)
DECHERT LLP
Three Bryant Park
1095 Avenue of the Americas
New York, NY 10036

       Counsel on behalf of the Defendants Howard A.
       Willard, III and William F. Gifford, Jr.

Roger Cooper, Esquire (via phone)
Jared Gerber, Esquire (via phone)
Ryan S. Redway, Esquire (via phone)
CLEARY GOTTLIEB STEEN & HAMILTON
One Liberty Plaza
New York, NY 10006

Paul Jarrett Weeks, Esquire (via phone)
KIRKLAND & ELLIS LLP
1301 Pennsylvania Ave., N.W.
Washington, DC 20004

       Counsel on behalf of the Defendant
       Juul Labs, Inc.

APPEARANCES (CONTINUED):

Brian C. Riopelle, Esquire (via phone)
MCGUIREWOODS LLP
800 East Canal Street
Richmond, VA 23219

Kevin Calia, Esquire (via phone)
BOERSCH & ILLOVSKY LLP
1611 Telegraph Ave
Suite 806
Oakland, CA 94612

          Counsel on behalf of the Defendant Adam Brown

James Kramer, Esquire (via phone)
ORRICK HERRINGTON & SUTCLIFFE LLP
405 Howard Street
San Francisco, CA 94105

          Counsel on behalf of the Defendant James Monsees

Robert A. Angle, Esquire (via phone)
TROUTMAN PEPPER HAMILTON SANDERS LLP
1001 Haxall Point
Richmond, VA 23219

Eric H. MacMichael, Esquire (via phone)
KEKER VAN NEST & PETERS LLP
633 Battery Street
San Francisco, CA 94111

          Counsel on behalf of the Defendant Kevin Burns

James Christian Word, Esquire (via phone)
Andrew B. Clubok, Esquire (via phone)
LATHAM & WATKINS LLP
330 North Wabash Avenue
Suite 2800
Chicago, IL 60611

          Counsel on behalf of the Defendant
          K.C. Crosthwaite

(The proceeding commenced at 2:06 p.m.)

THE COURT: All right, folks. We're going to go on the record here. This is *Klein v. Altria Group*, Civil Case No. 3:20 CV 75.

We're going to do a roll call here. I know you just did one with my law clerk, but who do we have for plaintiffs?

MR. TOLL: Good afternoon, Your Honor. This is Steven Toll from Cohen Milstein Sellers & Toll, liaison counsel for the plaintiffs. And also on the phone are lead counsel for the plaintiffs. I'll let them introduce themselves, but Mr. Wernke from Pomerantz will lead the discussion for plaintiffs.

THE COURT: Okay.

MR. WERNKE: Good afternoon, Your Honor. This is Michael Wernke of Pomerantz on behalf of the lead plaintiffs.

THE COURT: Okay.

MR. ROSENFELD: And good afternoon, Your Honor. You have David Rosenfeld and Philip Merenda from Robbins Gellar on behalf of lead plaintiffs.

THE COURT: Okay. Anybody else?

MR. LIEBERMAN: Yes, Your Honor. Jeremy Lieberman, Pomerantz LLP, on behalf of lead plaintiffs.

THE COURT: Okay.

Is this it for plaintiffs?

All right.  How about Altria?

MR. DIPRIMA:  Your Honor, this is Stephen DiPrima from Wachtell, Lipton, Rosen & Katz for Altria Group.  And I'm joined by my colleagues from my office, Adam Goodman and Adam Sowlati.

THE COURT:  Okay.  All right.

And who do we have for -- I'm sorry.

MR. SCHRONCE:  I'm sorry, Your Honor.  You also have John Schronce and Ed Fuhr from Hunton Andrews Kurth for Altria.

THE COURT:  Okay.  Good.  All right.

All right.  Who do we have for defendant Willard?

MR. BROWN:  Good afternoon, Your Honor.  It's Jeff Brown from Dechert LLP for Mr. Willard and also for defendant William Gifford.

THE COURT:  Okay.

All right.  Let me just go through my list here. Who do we have for Mr. Gifford?

MR. BROWN:  That's me again, Your Honor.  Jeff Brown from Dechert.

THE COURT:  Oh.  Do you have all these individual folks as well?  I mean, are there more that you have?

MR. BROWN:  No.  Just Willard and Gifford, Your Honor.

THE COURT:  Okay.

Juul.

MR. COOPER:  Good afternoon, Your Honor.  This is Roger Cooper from Cleary Gottlieb Steen & Hamilton on behalf of Juul Labs, Inc.  With me are my colleagues Jared Gerber and Ryan Redway.  Also on the line with us is Paul Weeks from Kirkland.

THE COURT:  Okay.  All right.

All right.  Adam Bowen.

MR. RIOPELLE:  Hello, Your Honor.  This is Brian Riopelle of McGuireWoods for Adam Bowen.  And co-counsel is also on the line.  I'll have him introduce himself.

THE COURT:  Okay.  Go ahead.

MR. CALIA:  Yes, Your Honor.  Good afternoon.  This is Kevin Calia from Boersch & Illovsky on behalf of defendant Adam Bowen.

THE COURT:  Okay.

James Monsees -- Monsees.

MR. KRAMER:  Good afternoon, Your Honor.  It's James Kramer from Orrick Herrington & Sutcliffe on behalf of James Monsees.

THE COURT:  Okay.

Kevin Burns.

MR. ANGLE:  Good afternoon, Your Honor.  Robert Angle with Troutman Pepper.  And with me on the line is Eric MacMichael with Keker Van Nest & Peters.

THE COURT:  Okay.

Mr. Crosthwaite.

MR. CLUBOK:  Good afternoon, Your Honor.  It's Andrew Clubok and Christian Word of Latham & Watkins.

THE COURT:  Okay.  All right.

And -- I think I've got everybody; is that right?  Anybody I didn't call?  No?  Okay.

All right.  So -- so I've ruled on the motion to dismiss for Mr. Crosthwaite.  If you all haven't seen it, I already denied your motion to reconsider and denied your request to certify it to the circuit.  Hopefully, you saw that.

But I will say this.  This is a message to plaintiffs' counsel.  Even though I've denied the motion to dismiss, that was largely driven by the stage of the case that we're in.  I think this is a case that's got serious potential for summary judgment, and that's the reason why I denied, pretty quickly, the motion to reconsider today because I think that's -- the arguments are more appropriate for summary judgment.  So what I'm telling plaintiffs' counsel is don't get too bullish on your prosects here because I think summary judgment is

going to be a big issue here.

So with that in mind, what I thought I would do is this.  I'm not going to set this case for trial yet.  What I'm going to do is set a discovery period.  Then I'm going to set a briefing period on the summary judgment motions.  And then after I see what those look like, then I'll decide what to do, just because I think this is a case that really kind of cries out for that.

So how much discovery have you done?  Have you done any?  Who wants to speak for plaintiffs?

MR. WERNKE:  Yes, Your Honor.  This is Michael Wernke speaking for plaintiffs.

We have done no discovery to date.  And that's because under the PSLRA, which governs federal security laws, there's a stay in place, an automatic stay, statutory stay on all discovery until a ruling on the motion to dismiss.  So we are statutorily unable to take discovery until after Your Honor ruled on the motion to dismiss.

THE COURT:  Is there any reason why -- is there any reason why you can't get discovery done by September the 3rd?

MR. WERNKE:  I don't think so, Your Honor.

I think one thing that would assist us is that there has been a number of investigations underlying these

allegations having to do with the marketing and Juul having to do with the various Attorney Generals and other government entities.  And presumably, the defendants Juul and maybe also Altria have produced documents in those litigations, which are, you know, at least a year ahead of us.  And one thing that we, plaintiffs, believe will facilitate moving quickly would be to get the productions that the defendants have already made to the various government entities.

Obviously, that won't be everything.  The security claims are different than the claims -- some of the different elements of what is being claimed by the Attorney Generals, but I think there would be a large overlap.  I think that would really facilitate it because we might be able to get those productions in short order while continuing to get rolling productions on things more specific to our securities allegations.

THE COURT:  All right.  Who's got the point on this for the defense?

MR. DIPRIMA:  Your Honor, this is Steve DiPrima from Wachtell Lipton.  I can take it.

You know, we have exchanged schedules with the plaintiffs.  We haven't reached agreement yet.

September 3rd is -- is -- is, I think, faster than any of us thought we could get it done, but we hear

the Court's desire to get this case moving and certainly can work to that end.

THE COURT:  All right.

MR. DIPRIMA:  We do think -- we agree with the plaintiffs that there will be some efficiencies in regards to things like document production.  But I -- I think getting through documents and whatever depositions the plaintiffs want to take by September 3rd will be -- will be hard.

THE COURT:  What were you thinking?

MR. DIPRIMA:  Well, I think the bid and ask between the plaintiffs and the defendants was they had fact discovery ending in December.  We had it ending in February.  But I think with the Court's guidance or stated desire to get it done faster and get to summary judgment, we can agree to move that up.

THE COURT:  All right.  So, listen, you must not have spoken to your Richmond colleagues.

MR. DIPRIMA:  Your Honor, I did.  I did, and they warned me.

THE COURT:  I'm a move-it-along kind of guy.  Stuff doesn't sit around here.  That's just not who I am.  So December is repugnant to who I am as a human being.  So that's not going to happen.

I'll tell you what.  Here's what we're going to

do.   I don't want to ruin your holidays so I'll tell you what we're going to do.   I'm going to give you till Thanksgiving.   I'm going to give you till November 24th for discovery, which is beyond anything I ever thought I would be doing, but I'll do that.

And I'm going to do summary judgment motions -- I'm going to wait until after the holidays so I don't destroy your holidays because Riopelle won't let me forget it if I do that.

So how about -- how about January 14th for summary judgment motions?

MR. DIPRIMA:   Okay.

THE COURT:   So I'm giving you -- you know, you'll get this under control by then, and you'll -- that gives you -- I'll tell you what.   I'll give you the 21st, January 21st for summary judgment.   That gives you almost a month to get your summary judgment motions in.

And then I'll give you till -- a response -- I'll expand the dates a little bit, our normal deadlines here a little bit.   I'll give you till February the 18th for the response, and then a reply by March 11th on summary judgment.   And then we'll figure out where we are after that.

Now, anybody object to that schedule?   If so, tell me your name first, and then tell me why you object.

MR. CLUBOK:  Your Honor, this is Andrew Clubok on behalf of Mr. Crosthwaite.  I don't object to that.  That's a very reasonable schedule.

And at the risk of being -- just come for the picnic here, I wonder if -- is that a deadline?  In other words, if -- for my client, we expect discovery to be pretty limited and focused.  And if we were able to move for summary judgment earlier, is that something the Court would not prefer because you'd rather do them all at once or --

THE COURT:  No.  No.  I would love to have that.  I'd love to have that.

Look, let me just say this.  And, again, you need to talk to -- at least to Brian Riopelle, who's been through this before.

I'm all about saving money and saving time.  I'm a practical guy.  And while I -- you know, I looked hard at your guy on both the original motion and on the motion to reconsider, the issue was simply stage, not -- the motion to dismiss, they get -- basically, everything cuts their way.  So -- but your guy is hanging by a gnat's eyelash, as those of us from Pittsburgh like to say.

And so if you want to set up early briefing on him, I'm all in for that.  You can cut that up with your -- the plaintiffs.  If you want to do some

stand-alone discovery and get that one done, there might be some benefits to that.  There might be some benefits to everybody because you'd see what my thoughts are, you know, certainly on scheme liability.  Probably get some rulings here that everybody might want to take a look at as you go forward for summary judgment with the rest of the defendants.  But I'll leave that --

MR. CLUBOK:  All right.

THE COURT:  You want to negotiate that with the other side, I'm all in for that.  Okay?

MR. CLUBOK:  Thank you, Your Honor.  That's great.

Being from Eastern Ohio, I appreciate any reference except for the Steelers, I guess, a little bit, with the Browns, but --

THE COURT:  Well, you know, you were doing pretty well.  I just denied your summary judgment motion.

MR. CLUBOK:  It was full disclosure, but a big mistake, I know.

THE COURT:  Major mistake.  That's malpractice right there.  So -- but anyhow.

All right.  So -- all right.  Anybody else got any objections on this?

MR. ROSENFELD:  Your Honor, David Rosenfeld on behalf of lead plaintiffs.

THE COURT:  Okay.

MR. ROSENFELD:  I just want to know if we can build in a date for substantial completion of document production so it doesn't -- gives us enough time to prepare for depositions?

THE COURT:  Yeah.  I'll tell you what.  Why don't we do this.  How about when I -- we're going to end the call, and then why don't you all try to -- now that I've given you the deadline, why don't you try to work things out amongst yourselves, including the Crosthwaite stand-alone summary judgment.

Look, you're in the weeds more on this than I am, and I think it would be -- I'm all about -- if you agree to something, I'm all in for that, except for, you know, I don't want this to go on too long.  So if you can't work it out, we'll do a follow-up call next week.  Does that make sense?

MR. ROSENFELD:  Yes, Your Honor.

THE COURT:  All right.

Now, here's the other big issue, and that's this.  I think you ought to start talking settlement.  And do you want to do it with our magistrate judge here -- we only have one right now -- or do you want to do a private mediator, or have you already had discussions?

MR. LIEBERMAN:  Your Honor, Jeremy Lieberman on

behalf of lead plaintiffs. I think private mediation, you know, if we all agree we can try to get something quickly, is probably a better route. And I'll reach out to defense counsel and throw some names, and if defense counsels are amenable, I think we can try to get something done sooner rather than later.

THE COURT: All right. Well, and I'm hoping that you're hearing what I said. I mean, I -- for me not to set a case for trial is extremely rare, and that tells me the wind is blowing against you. So you ought to be reasonable when you go into settlement here.

What if I give you a deadline of -- a settlement conference deadline of 4th of July?

MR. LIEBERMAN: For plaintiffs, we can meet that, Your Honor.

THE COURT: Okay.

Defense?

MR. DIPRIMA: This is Steve DiPrima from Wachtell Lipton. We can meet that deadline, Your Honor.

THE COURT: Okay. So here's what I'm going to do is we're going to -- we're not going to do our standard order on this. I'm just going to do the discovery requirement, the general one. If you have a dispute within the discovery deadlines, you let me know. You go to a private mediator. You have to have discussions no

later than July 3rd.  And then if you haven't settled the case, I want you to report back to my law clerk Patrick Dillard, and I'll decide whether or not I'm going to send you to our magistrate judge yet or not.  But I'm not going to kick it down to her, since she's the only game in town right now, unless I really need to.  Okay?

MR. LIEBERMAN:  Good for plaintiffs, Your Honor.

THE COURT:  All right.  Is there anything else I need to do at this stage?

MR. TOLL:  Your Honor, one -- this is Steven Toll for plaintiff.

One question/clarification to make sure everyone is clear on your order about discovery.  Did you only mean fact discovery or all experts as well?

THE COURT:  Everything.  The whole enchilada.  All discovery.  Everything.

MR. TOLL:  Okay.  Thank you.

THE COURT:  Okay?  So -- it would be better for us if you came up with internal deadlines for everything within my maximum deadline of the 24th.  Does that make sense?

So why don't you speak with each other, and if you want to come up with an agreed order on the experts, for example, whatever, document production, anything, I'm all about agreement.  I just want to get the discovery

done by the 24th because I want to keep this case moving. So -- all right?

Let me ask a question to the defense. So I also had this other case, this Gilbert case that comes out this, which there's been a joint motion to consolidate you all have agreed to. Is there any reason I can't -- can I consolidate this case -- the Klein case with the Gilbert case, from your perspective?

MR. DIPRIMA: Your Honor, this is Steve DiPrima from Wachtell Lipton. I'm a little hesitant to wade in on that. The counsel for those other matters aren't on the phone. I imagine they might object to having the derivative actions consolidated with the class action.

THE COURT: All right. I'll tell you what we're going to do is -- I'll tell you what we're going to do. We're going to set up a call with them as well. It will probably be for next week.

But in the interim, why don't you have the conversation with them about -- so they know what this is going to be about.

MR. DIPRIMA: Sure.

THE COURT: And this is just you all educating me how I can do this in the most efficient way.

But make sure you let them know what the deadlines are in this case. We'll get our little -- our

18

order out.  And that way I can figure out where we're going to go with that one, then, as well.  Okay?

MR. DIPRIMA:  And I will have those conversations.

THE COURT:  Good.

Okay.  Anything else I need to do?  Anybody -- if so, identify yourself and tell me what you need.

Silence.  Perfect.  Nobody needs anything.  God, that's great.

Okay.  Everybody have a nice day.  Stay safe and healthy.  All right?

(The proceeding concluded at 2:23 p.m.)

REPORTER'S CERTIFICATE

I, Tracy J. Stroh, OCR, RPR, Notary Public in and for the Commonwealth of Virginia at large, and whose commission expires September 30, 2023, Notary Registration Number 7108255, do hereby certify that the pages contained herein accurately reflect the stenographic notes taken by me, to the best of my ability, in the above-styled action.

Given under my hand this 15th day of April 2021.

_____/s/_____
Tracy J. Stroh, RPR