IN THE UNITED STATES DISRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

GABBY KLEIN, *et al.*,
      Plaintiffs,

    v.                               Civil No. 3:20cv75 (DJN)

ALTRIA GROUP, INC. *et al.*,
      Defendants.

## STIPULATED PROTECTIVE ORDER

      This matter comes before the Court on the parties' Joint Motion (ECF No. 196) for the entry

of the Stipulation and Proposed Protective Order (ECF No. 197).  Pursuant to Rule 26(c) of the

Federal Rules of Civil Procedure, Plaintiffs and Defendants (collectively, the "Parties")[1] to the

above-captioned action have requested that the Court issue a protective order to protect certain

confidential, proprietary or private information that may be produced in the course of discovery in

this Action, and to guard against the waiver of attorney- client privilege, work product protection

pursuant to Federal Rule of Evidence 502(d), and other applicable privileges.  Disclosure and

discovery activity in this action and related actions are likely to involve production of confidential,

proprietary, or private information for which special protection from public disclosure and from use

for any purpose other than prosecuting or defending this litigation may be warranted.  Accordingly,

the Parties, by and through their respective counsel, stipulated to the following terms governing the

pre-trial phase of this Action, which the Court hereby approves.  In accordance with Rule 26(c) of

the Federal Rules of Civil Procedure, and upon consent of the parties, the Court hereby GRANTS

the Motion (ECF No. 196) and hereby ORDERS as follows:

---

[1]     "Plaintiffs" refers to Donald Sherbondy and Sarah Sherbondy, and Construction Laborers Pension Trust of Greater St. Louis. "Defendants" refers to Altria Group, Inc., Howard A. Willard III, William F. Gifford, Jr., JUUL Labs, Inc., Adam Bowen, James Monsees, Kevin Burns, and K.C. Crosthwaite.

## I.   DEFINITIONS

1.      **Action**. This pending lawsuit, *Gabby Klein, et al., v. Altria Group, et al.*, United States District Court, Eastern District of Virginia, Case No. 3:20-cv-00075-DJN, including any amendments thereto.

2.      **Challenging Party**. A Party or Non-Party that challenges the designation of information or items under this Stipulation and Order.

3.      **Counsel (without qualifier)**. Outside Counsel and In-House Counsel (as well as their support staff).

4.      **Designated In-House Counsel**. An attorney who is an employee of a Party to this Action who has access to documents designated "Highly Confidential" for use in this Action.

5.      **Designating Party**. Any Party or Non-Party who designates information or items that it produces in disclosures or in responses to discovery as "Confidential," "Highly Confidential," or "Highly Confidential – Outside Counsel Only."

6.      **Discovery Material**. All items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter, including but not limited to, answers to interrogatories, responses to requests for production, responses to requests for admission, and transcripts of depositions and hearings (or portions of such transcripts).

7.      **Expert**. A person who has been retained by a Party or its counsel to serve as an expert witness or as an undisclosed consultant in this Action (as well as his or her employees and support staff).

8.      **"Confidential" Information**. Any Discovery Material designated as

2

"Confidential" pursuant to the terms of this Stipulation and Order.

9.      **"Highly Confidential" Information**. Any Discovery Material designated as "Highly Confidential" pursuant to the terms of this Stipulation and Order.

10.     **"Highly Confidential – Outside Counsel Only" Information**. Any Discovery Material designated as "Highly Confidential – Outside Counsel Only" pursuant to the terms of this Stipulation and Order.

11.     **In-House Counsel**. Attorneys who are employees of a Party to this Action. In-House Counsel does not include any Outside Counsel retained by a Party to this Action.

12.     **Non-Party**. Any person, individual, entity, natural person, or any business, legal or governmental entity or association or entity, that is not a Party to the Action.

13.     **Outside Counsel**. Attorneys who are not employees of a Party to this Action but are retained to represent or advise a Party to this Action and/or have appeared in this Action on behalf of that Party or are affiliated and/or associated with a law firm which has appeared on behalf of that Party, and their support staff, who have access to documents designated "Highly Confidential – Outside Counsel Only" for use in this Action.

14.     **Party**. Any Party to the Action, including all of its officers, directors, employees, consultants, Experts, and Outside Counsel (including their support staffs).

15.     **Producing Party**. A Party or Non-Party that produces Discovery Material in the Action.

16.     **Professional Vendors**. Persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

17.     **Protected Material**. Any Discovery Material that is designated as "Confidential,"

3

"Highly Confidential," or "Highly Confidential – Outside Counsel Only."

18.    **Receiving Party.** A Party that receives Discovery Material from a Producing Party in the Action.

19.    **Trade Secrets.** Information whose disclosure would result in tangible economic loss, and includes a formula, pattern, compilation, program, device, method, technique, or process, that:

(a)    derives independent economic value from not being generally known to, and not being readily ascertainable by proper means by other persons who can obtain economic value from its disclosure or use; and

(b)    is the subject of efforts that are reasonable under the circumstances to maintain its secrecy.

## II.    SCOPE

20.    The protections conferred by this Stipulation and Order apply to not only Protected Material (as defined above), but also to: (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any oral, written, or electronic communications, testimony or presentation by Parties or their Counsel that might reveal Protected Material.

21.    This Stipulation and Order and its protections apply for pre-trial purposes only. This Stipulation and Order does not govern the use of Protected Materials at trial. The Parties will meet and confer at the appropriate time regarding any use of Protected Material at trial, which use shall be governed by a separate agreement or order.

## III.    DESIGNATING PROTECTED MATERIAL

22.    <u>Confidential Information.</u>   Any Producing Party may designate any Discovery Material, and any portions thereof, as "Confidential," under the terms of this Stipulation and Order

4

if such party in good faith believes that such Discovery Material contains non-public, confidential, personal, business, strategic, proprietary, customer, client, or commercially sensitive information that requires the protections provided for by this Stipulation and Order. Confidential Information may further include but is not limited to any information that constitutes confidential information under the Federal Rules of Civil Procedure and/or any other applicable laws, rules, or regulations, including U.S. or foreign privacy, data protection, or secrecy laws.

23.     <u>Highly Confidential Information</u>. Any Producing Party may designate Discovery Material, and any portions thereof, as "Highly Confidential" under the terms of this Stipulation and Order if such party in good faith believes that such Discovery Material contains confidential or sensitive personal or business information that requires heightened protections. Highly Confidential Information constitutes Discovery Material for which disclosure is substantially likely to cause injury to the Producing Party, including but not limited to Discovery Material that reveals any particularly sensitive business methods or strategic plans.

24.     <u>Highly Confidential – Outside Counsel Only</u>. Any Producing Party may designate as "Highly Confidential – Outside Counsel Only" Highly Confidential information that is so extremely sensitive in nature the disclosure of such material will put the Producing Party at a significant competitive disadvantage, and such that protecting the information cannot be avoided by less restrictive means than designation as "Highly Confidential – Outside Counsel Only."

25.     <u>Non-Protected Material</u>. Producing Parties shall not designate as "Confidential," "Highly Confidential," or "Highly Confidential – Outside Counsel Only":

(a)     Any information that is in the public domain at the time of disclosure to a Receiving Party, or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Stipulation and Order, including, but not limited to, by becoming part of the public record through trial, and any public information posted

5

by a Party that has subsequently been made unavailable by removal from the public's view (e.g., deleted or closed social media posts); and/or

(b)     Any information known to the Receiving Party prior to the disclosure or lawfully obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party.

26.     <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Except as specified in Paragraphs 27 and 28, each Designating Party will take care to limit any such designation to specific material that qualifies under the appropriate standards. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (*e.g.*, to unnecessarily encumber or impede the case development process or to impose unnecessary expenses and burdens on other Parties) are prohibited.

27.     <u>Bulk Designation</u>. To expedite production of potentially voluminous materials, a Producing Party may, but is not required to, produce materials without a detailed confidentiality review. In so doing, the Producing Party may designate those collections of documents that by their nature contain "Confidential" or "Highly Confidential" information with the appropriate designation notwithstanding that some of the documents within the collection may not qualify for such designation. The Producing Party may not, however, bulk designate documents as "Highly Confidential – Outside Counsel Only," absent agreement of the Parties, other than as provided in Paragraph 28.

28.     The Plaintiffs in this Action have sought the production of Discovery Material produced in other investigations and actions, including *In Re: Juul Labs, Inc., Marketing, Sales Practices, and Products Liability Litigation*, No. 19-md-02913 (N.D. Cal.) (the "MDL"). In the interest of efficiency, to the extent such material is produced, the Parties in this Action agree that the Producing Parties may rely on the designation of Discovery Material in such other

6

investigations and actions, including the MDL as "Confidential," "Highly Confidential," or "Highly Confidential – Outside Counsel Only" as a basis for bulk designation of those materials in this Action. **The Parties agree that the inclusion of this Paragraph in this Stipulation and Order should not be construed as agreement that any such materials will be produced.**

29.     Notwithstanding the foregoing, a Receiving Party may at any time challenge the designation of one or more particular documents, or categories of documents, bulk designated pursuant to Paragraphs 27 and 28 on the grounds that it does not or they do not qualify for such protection. If the Producing Party agrees, it must promptly notify all Receiving Parties that it is withdrawing or changing the designation.

30.     With respect to Discovery Material in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), the Designating Party or its counsel may designate such Discovery Material, or a portion thereof, as "Confidential," "Highly Confidential," or "Highly Confidential – Outside Counsel Only" by affixing the legend "Confidential," "Highly Confidential," or "Highly Confidential – Outside Counsel Only" to each page of a paper or electronic document that contains protected material or to the cover page of bound or grouped material. A Party may designate documents produced by a Non-Party as "Confidential," "Highly Confidential," or "Highly Confidential – Outside Counsel Only" if the document contains information for which that Party would have a right to apply the proposed designation if produced by that Party, by notifying all other Parties of the designation within a reasonable period of time after the production of documents by the Non-Party.

31.     With respect to deposition transcripts and deposition exhibits, a Designating Party or its counsel may indicate on the record at the deposition or within 30 days of receipt of the final deposition transcript that the transcript, or a portion thereof, is designated as "Confidential," "Highly Confidential," or "Highly Confidential – Outside Counsel Only," provided, however, that

7

the Receiving Party will consider reasonable requests for an extension of the deadline. Deposition testimony shall be treated as "Highly Confidential – Outside Counsel Only" pending the deadline. Transcripts containing Protected Material shall have an obvious legend on the title page indicating that the transcript, or a portion thereof, has been designated as "Confidential," "Highly Confidential," or "Highly Confidential – Outside Counsel Only."

32. With respect to information produced in some form other than documentary and for any other tangible items, the Designating Party or its counsel may designate such Discovery Material, or a portion thereof, as "Confidential," "Highly Confidential," or "Highly Confidential – Outside Counsel Only" by affixing in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "Confidential," "Highly Confidential," or "Highly Confidential – Outside Counsel Only." If only a portion or portions of the information or item warrant protection, the Designating Party, to the extent practicable, shall identify the protected portion(s). With respect to documents produced in native format, the Electronically Stored Information Protocol, or ESI Protocol, to be entered in this Action shall govern the form and method for marking such documents as Protected Material. When possible, in order to minimize the likelihood of inadvertent disclosure of confidential information for any information transmitted by electronic means, the Producing Party shall make a good faith effort to place the appropriate confidentiality designation in the subject of the electronic mail conveying the confidential information and on the title of the digital document or media through which it is conveyed, or otherwise notify the Receiving Party of the fact that confidential information is being conveyed. A Party may designate information produced by a Non-Party as "Confidential," "Highly Confidential," or "Highly Confidential – Outside Counsel Only" if the document contains information for which that Party would have a right to apply the proposed designation if produced by that Party, by notifying all other Parties of the designation within a reasonable period of time

after the production of information by the Non-Party.

33.    Failures to Designate. A Producing Party's failure to designate Discovery Material as "Confidential," "Highly Confidential," or "Highly Confidential – Outside Counsel Only" shall not constitute a waiver of such a claim and may be corrected. Accordingly, a Producing Party may designate as "Confidential," "Highly Confidential," or "Highly Confidential – Outside Counsel Only" any Discovery Material that has already been produced, including but not limited to Discovery Material that the Producing Party failed to designate as "Confidential," "Highly Confidential," or "Highly Confidential – Outside Counsel Only" at the time of its initial production, by notifying in writing the party or parties to whom the production has been made and, in the case of documents or other written materials, promptly providing the receiving party or parties with replacement copies of the relevant Discovery Material that satisfy the requirements of this Stipulation and Order. Upon receiving such supplemental notice, the parties shall thereafter treat the Discovery Material so designated as "Confidential," "Highly Confidential," or "Highly Confidential – Outside Counsel Only," in accordance with the Producing Party's notification, and such Discovery Material shall be fully subject to this Stipulation and Order from the date of such supplemental notice forward. The party or parties receiving such notice shall make a reasonable, good-faith effort to ensure that any analyses, memoranda, notes, or other such materials generated based upon such newly designated information are immediately treated as containing Confidential Information, Highly Confidential Information, or Highly Confidential – Outside Counsel Only Information. In addition, upon receiving such supplemental written notice, any receiving party that disclosed the Discovery Material prior to its designation as "Confidential," "Highly Confidential," or "Highly Confidential – Outside Counsel Only" shall exercise its best efforts (i) to ensure the return or destruction of such Discovery Material by any person not authorized to receive the Confidential Information, Highly Confidential, or Highly Confidential – Outside

9

Counsel Only Information under the terms of this Stipulation; (ii) to ensure that any documents or other materials derived from such Discovery Material are treated as if the Discovery Material had been designated as Confidential, Highly Confidential, or Highly Confidential – Outside Counsel Only when originally produced; (iii) to ensure that such Discovery Material is not further disclosed except in accordance with the terms of this Stipulation; and (iv) to ensure that any such Discovery Material, and any information derived therefrom, is used solely for the purposes described in Paragraph 35 of this Stipulation.

34.     The Parties acknowledge that Protected Material disclosed prior to entry of this Stipulation and Order may have a lower confidentiality designation or marking than warranted under this Stipulation and Order, and that nothing herein prevents the Parties from asserting a different claim or designation of confidentiality over such information pursuant to this Stipulation and Order.

## IV.    ACCESS TO AND USE OF PROTECTED MATERIAL

35.     <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation, including any appeal(s), so long as such use is permitted herein. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Stipulation and Order. Such Protected Material may not be used for any other purpose whatsoever, including but not limited to any business or commercial purpose, for dissemination to the media or the public, or in connection with any other judicial, administrative, or arbitral proceeding. When the litigation has been terminated, a Receiving Party must comply with the provisions of Paragraph 69 below. Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Stipulation and Order.  No Party or their representative,

10

agent, or independent contractor may contact any person whose identity or contact information is ascertained from any Protected Material, including through telephone, text messaging, social media, and/or Internet message boards.

36.     Use of Protected Material during Deposition, Hearing, or Deposition Preparation. Deponents and witnesses during a deposition or hearing may be shown or examined on any information, document or thing designated Protected Material if it appears that (a) the witness authored or received or reviewed a copy of it, or knew the information described therein; or (b) was employed by or served as a consultant to the Producing Party (i) at the time the information, document or thing was created or (ii) at any time, so long as the deponent/witness's scope of employment or consultancy encompassed subject matters addressed in the Protected Material sought to be shown or examined on; or (c) is a current employee of the Producing Party, or (d) is being produced to testify pursuant to 30(b)(6), or (e) if the Producing Party consents to such disclosure, provided that any witness who is not or no longer employed by the Producing Party shall be first requested to sign the Acknowledgment and Agreement to Be Bound (Exhibit A). A Receiving Party who may seek to show a deponent Protected Material will serve a copy of the Acknowledgment and Agreement to Be Bound (Exhibit A) on the deponent along with the deposition notice. To the extent a Producing Party desires that any former employee of that Party or other third party whose deposition is to be taken in this matter execute the Acknowledgment attached as Exhibit A, it shall be that Party's burden to obtain such an agreement prior to the deposition. If a witness refuses to execute the Acknowledgment or fails to do so within 14 days of the deposition, the Parties will meet and confer on the issue. If the Parties cannot reach an agreement and a Party continues to desire to preclude its former employee or other third-party witness from receiving Protected Material at his or her deposition, that Party shall move for a

protective order in a timely fashion so that the issue may be resolved by the Court prior to the deposition. Without such an additional protective order, nothing in this Stipulation and Order shall prevent Counsel from showing Protected Material at the deposition of a witness who is a former employee or consultant of a Party and who currently works for a company that may otherwise preclude the receipt of Protected Material by that witness had he or she had not been formerly employed by or worked as a consultant for the Party. If the Receiving Party intends to disclose Protected Material to a former employee or consultant outside of a deposition or other formal proceeding under oath, the former employee or consultant must either execute the Acknowledgment attached as Exhibit A prior to disclosure or acknowledge on the record that he or she will be bound by Exhibit A.

37.     <u>Disclosure of "Confidential" Information</u>. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, no person subject to this Stipulation and Order other than the Producing Party shall disclose any of the Discovery Material designated by the Producing Party as "Confidential" to any other person whomsoever, except to:

(a)     The Receiving Party's Outside Counsel in this Action, as well as employees of said Outside Counsel to whom it is reasonably necessary to disclose the information for this litigation;

(b)     The Parties and the directors, officers, and employees (including In-House Counsel) to whom disclosure is reasonably necessary for the purpose of assisting in the prosecution or defense of the Action for use in accordance with this Stipulation and Order;

(c)     Experts retained by the Producing Party and their staff, which may be shown, or examined on, any information, document, or thing designated "Confidential" by the Producing Party;

12

(d)     Experts retained by the Receiving Party and their staff to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(e)     The Court and its personnel, and any appellate court or other court (and their personnel) before which the Parties appear in this Action;

(f)     Court reporters, videographers, and their staff;

(g)     Professional jury or trial consultants, and mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(h)     Deponents and witnesses during a deposition, hearing, or deposition preparation consistent with Paragraph 36;

(i)     The author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information and who has signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(j)     Any other person as to whom the Designating Party has consented to disclosure in advance;

(k)     Such other persons as the Parties may agree or may be ordered by the Court;

(l)     Special masters or discovery referees appointed by the Court;

(m)     Mediators or settlement officers, and their supporting personnel, mutually agreed upon by any of the Parties engaged in settlement discussions; and

(n)     Insurance companies or other indemnitors of any party that are providing coverage for claims in this matter who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A).

38.     <u>Disclosure of "Highly Confidential" Information</u>. Highly Confidential Information that is being made available or produced shall be delivered directly into the custody of one of the Receiving Party's Outside Counsel.  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party's Outside Counsel may disclose any information or item designated "Highly Confidential" only to:

(a)     Employees of said Outside Counsel to whom it is reasonably necessary to disclose the information for this litigation;

(b)     No more than three Designated In-House Counsel of the Receiving Party (and up to 4 paralegals or similar support staff) to whom disclosure is reasonably necessary for this litigation;

(c)     Experts to the extent necessary for the Expert to prepare a written opinion, to prepare to testify, or to assist counsel of record in the prosecution or defense of this Action, provided, however, that: (i) the disclosure shall be made only to an individual Expert, or to members, partners, employees or agents of an expert consulting firm as the expert consulting firm shall designate as the persons who will undertake the engagement on behalf of the expert consulting firm (the "Designated Expert Personnel"); (ii) the individual Expert or Designated Expert Personnel use the information solely in connection with this Action; (iii) the individual and/or a representative of each expert consulting firm sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A) on behalf of any Designated Expert Personnel associated with that firm; and (iv) absent notice and the Producing Party's opportunity to object, excluding any retention for this Action, the individual Expert and each of the Designated Expert Personnel is neither a current nor former (within the past year from the date of this Stipulation and Order) employee of any Party

14

or any entity that manufactures, distributes, or markets combustible cigarettes or e-cigarettes or any component thereof;

   (d) The court and its personnel, and any appellate court or other court (and their personnel) before which the Parties appear in this Action;

   (e) Court reporters, videographers, and their staff;

   (f) Professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

   (g) Persons who prepared, received, or reviewed the "Highly Confidential" Information prior to its production and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

   (h) The author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information and who has signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

   (i) A witness during a hearing, a deposition, or preparation for a deposition, consistent with Paragraph 36;

   (j) Any other person as to whom the Designating Party has consented to disclosure in advance;

   (k) Such other persons as the Parties may agree or may be ordered by the Court;

   (l) Special masters or discovery referees appointed by the Court; and

   (m) Any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the Parties engaged in settlement discussions.

39. <u>Disclosure of "Highly Confidential – Outside Counsel Only" Information</u>. Highly Confidential – Outside Counsel Only Information[2] that is being made available or produced shall be delivered directly into the custody of one of the Receiving Party's Outside Counsel. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party's Outside Counsel may disclose any information or item designated "Highly Confidential – Outside Counsel Only" only to:

(a) Employees of said Outside Counsel to whom it is reasonably necessary to disclose the information for this litigation;

(b) Experts to the extent necessary for the Expert to prepare a written opinion, to prepare to testify, or to assist counsel of record in the prosecution or defense of this Action, provided, however, that: (i) the disclosure shall be made only to an individual Expert, or to members, partners, employees or agents of an expert consulting firm as the expert consulting firm shall designate as the persons who will undertake the engagement on behalf of the expert consulting firm (the "Designated Expert Personnel"); (ii) the individual Expert or Designated Expert Personnel use the information solely in connection with this Action; (iii) the individual and/or a representative of each expert consulting firm sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A) on behalf of any Designated Expert Personnel associated with that firm;

---

[2] The Altria and JLI Defendants possess certain documents and information that are "Ultra Trade Secret" (or, "UTS"). These documents, and the information they contain, are so proprietary and competitively sensitive that their disclosure would cause irreparable and catastrophic competitive injury to the Altria and JLI Defendants. The Parties have agreed that their agreement to enter this Stipulation and Order does not constitute a waiver of the Altria Defendants' or JLI Defendants' rights to object in the future to the production of what the Altria Defendants or JLI Defendants maintain is UTS information and/or to seek additional protection for the disclosure and handling of what the Altria Defendants or JLI Defendants maintain is UTS information beyond that which is provided for in this Stipulation and Order for "Confidential," "Highly Confidential," and "Highly Confidential – Outside Counsel Only" information.

and (iv) absent notice and the Producing Party's opportunity to object, excluding any retention for this Action, the individual Expert and each of the Designated Expert Personnel is neither a current nor former (within the past year from the date of this Stipulation and Order) employee of any Party or any entity that manufactures, distributes, or markets combustible cigarettes or e-cigarettes or any component thereof;

(c)     The court and its personnel, and any appellate court or other court (and their personnel) before which the Parties appear in this Action;

(d)     Court reporters, videographers, and their staff who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(e)     Professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f)     Persons who prepared, received, or reviewed the "Highly Confidential – Outside Counsel Only" Information prior to its production and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g)     The author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information and who has signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(h)     A witness during a hearing, a deposition, or preparation for a deposition, consistent with Paragraph 36;

(i)     Any other person as to whom the Designating Party has consented to disclosure in advance;

(j)     Such other persons as the Parties may agree or may be ordered by the Court;

17

(k)     Special masters or discovery referees appointed by the Court;

(l)     Any mediator or settlement officer, and their supporting personnel,

mutually agreed upon by any of the Parties engaged in settlement discussions; and

40.     <u>Exclusion of Individuals from Depositions</u>. Counsel shall have the right to exclude any person who is not authorized by this Stipulation and Order to receive documents or information designated as Protected Materials from any deposition where testimony regarding Protected Materials or the use of Protected Materials is likely to arise, but only during periods of examination or testimony directed to or comprising Protected Material. This Paragraph does not apply to the deponent.

41.     <u>Unauthorized Disclosure of Protected Material</u>. If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulation and Order, the Receiving Party must immediately: (a) notify in writing the Producing Party of the unauthorized disclosures; (b) use best efforts to retrieve all copies of the Protected Material; (c) inform the person(s) to whom unauthorized disclosure was made of all of the terms of this Stipulation and Order; and (d) request that such person(s) return or destroy the Protected Material inadvertently disclosed to them and, if appropriate, execute the undertaking in the form attached as Exhibit A hereto. This shall not limit any remedies that the Designating Party may have for disclosure of protected material.

42.     The restrictions on the use of "Confidential," "Highly Confidential," or "Highly Confidential – Outside Counsel Only" Information established by this Stipulation and Order are applicable only to the use of the Information received by a Party from another Party or from a non-party. Nothing herein shall impose any restrictions on the use or disclosure by a Party or witness of documents, material, or information lawfully obtained by such Party or witness independently

18

of the discovery proceedings in these actions, whether or not such documents, material or information are also obtained through discovery proceedings in these actions.

## V. FILING PROTECTED MATERIAL

43. Without written permission from the Designating Party or a Court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this Action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 5. Protected Material may only be filed under seal pursuant to a Court order authorizing the sealing of the specific Protected Material at issue. Pursuant to Civil Local Rule 5, a sealing order will issue only upon a request establishing that the Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law. If a Receiving Party's request to file Protected Material under seal pursuant to Civil Local Rule 5 is denied by the Court, then the Receiving Party may file the Protected Material in the public record pursuant to Civil Local Rule 5 unless otherwise instructed by the Court.

## VI. CHALLENGING DESIGNATIONS

44. <u>Timing of Challenges</u>. A Party may object to the designation of Discovery Material at any time that is consistent with the Court's Scheduling Order. Failure to do so at the time of the designation does not operate as a waiver of any Receiving Party's right to challenge the designation of any Protected Material by any Designating Party.

45. <u>Form of Challenges</u>. The Challenging Party shall object to the propriety of the designation of specific material as "Confidential," "Highly Confidential," or "Highly Confidential – Outside Counsel Only" by providing written notice to the Designating Party of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific Paragraph 45 of this Stipulation and Order. The

19

Designating Party or its counsel shall thereafter, within 14 calendar days, respond to such challenge in writing by either: (a) agreeing to remove the designation; or (b) stating the reasons for such designation. Counsel may agree to reasonable extensions.

46.     <u>Meet and Confer</u>. If the Challenging Party continues to dispute the designation(s) at issue, it shall notify the Designating Party in writing within 14 calendar days of the Designating Party's response pursuant to the preceding Paragraph 45. Counsel may agree to reasonable extensions. The Parties shall attempt to resolve each challenge in good faith by conferring directly (in voice-to-voice dialogue; other forms of communication are not sufficient). A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet-and-confer process first or establishes that the Designating Party is unwilling to participate in the meet-and-confer process in a timely manner.

47.     <u>Judicial Intervention</u>. If agreement cannot be reached after meeting and conferring, within twenty-one (21) calendar days of the Challenging Party's notice to the Designating Party, the Parties shall submit a joint motion to the Court in accordance with the Court's May 5, 2021 Order (ECF No. 194). The burden of persuasion in any such dispute shall be on the Designating Party. Unless the Designating Party has expressly waived the confidentiality designation or until the Court has ruled on the disputed at-issue designation, all Parties shall continue to afford the material in question the level of protection designated by the Producing Party.

## VII.   SECURITY OF PROTECTED MATERIAL

48.     Any person in possession of another Party's Protected Material shall exercise the same care with regard to the storage, custody, or use of Protected Material as they would apply to their own material of the same or comparable sensitivity. Receiving Parties must take reasonable precautions to protect Protected Material from loss, misuse and unauthorized access, disclosure, alteration, and destruction, including but not limited to the following:

20

(a)     Protected Material in electronic format shall be maintained in a secure litigation support site(s) that applies standard industry practices regarding data security, including but not limited to application of access control rights to those persons entitled to access Protected Material under this Stipulation and Order;

(b)     Any Protected Material downloaded from the litigation support site(s) in electronic format shall be stored only on device(s) (e.g. laptop, tablet, smartphone, thumb drive, portable hard drive) that are password protected and encrypted with access limited to persons entitled to access Protected Material under this Stipulation and Order. If the user is unable to password protect and encrypt the device, then the Protected Material shall be password protected and encrypted at the file level;

(c)     Protected Material in paper format is to be maintained in a secure location with access limited to persons entitled to access Protected Material under this Stipulation and Order;

(d)     Summaries of Protected Material, including any lists, memorandum, indices, or compilations prepared or based on an examination of Protected Material that quote from or paraphrase Protected Material in a manner that enables it to be identified shall be afforded the same status of confidentiality as the underlying Protected Material;

(e)     If the recipient of Protected Material is shipping data in electronic format, the recipient shall ship the data to a recipient who is authorized to receive the protected material under this Stipulation and Order and shall encrypt the data prior to shipping and provide the encryption key in separate correspondence. If hard copy documents are shipped, the Receiving Party will ship the documents using secure packaging tape via Federal Express or UPS and retain a tracking number for the materials. If the Receiving Party learns at any time that the Protected

Material has been retrieved or viewed by unauthorized parties during shipment, it will immediately notify the Producing Party and take all reasonable measures to retrieve the improperly disclosed materials; and

(f)     If the Receiving Party discovers a breach of security relating to the Protected Material of a Producing Party, the Receiving Party shall: (i) provide written notice to the Producing Party of the breach within 48 hours of the Receiving Party's discovery of the breach; (ii) investigate and remediate the effects of the breach, and provide the Producing Party with reasonable assurance that the breach shall not recur; and (iii) provide sufficient information about the breach that the Producing Party can ascertain the size and scope of the breach. A breach of security would include, but is not limited to, the confirmed or suspected disclosure or use of Protected Material by or to an unauthorized person, or the loss, theft, or hacking of a device containing Protected Material. The Receiving Party agrees to cooperate with the Producing Party or law enforcement in investigating any such security incident.

## VIII.  PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

49.     If a Receiving Party is served with a subpoena or a court order issued in other litigation that would compel disclosure of any information or items designated in this Action as "Confidential," "Highly Confidential," or "Highly Confidential – Outside Counsel Only," the Receiving Party must:

(a)     promptly notify in writing the Outside Counsel for the Designating Party (by email, if possible) unless prohibited by law from doing so. Such notification must include a copy of the subpoena or court order;

(b)     promptly notify in writing the Party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is

22

subject to this Stipulation and Order. Such notification shall include a copy of this Stipulation and Order; and

        (c)    cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

50.    If the Designating Party seeks a protective order, the Receiving Party served with the subpoena or court order shall not produce any information designated in this Action as "Confidential," "Highly Confidential," or "Highly Confidential – Outside Counsel Only," before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court or violate any applicable state or federal law, rules or regulations.

## IX.    A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

51.    The terms of this Stipulation and Order are applicable to information produced by a Non-Party in this Action and designated as "Confidential," "Highly Confidential," or "Highly Confidential – Outside Counsel Only." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Stipulation and Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections. Any Party issuing a subpoena to a Non-Party shall enclose a copy of this Stipulation and Order.

52.    In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(a)      promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(b)      promptly provide the Non-Party with a copy of the Stipulation and Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(c)      make the information requested available for inspection by the Non-Party.

53.      If the Non-Party fails to object or seek a protective order from this Court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before determination by the Court. Absent a Court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material. All disclosure and discovery disputes are subject to the undersigned's standing order for civil cases.

54.      For a period of 14 calendar days following production by a Non-Party, that production shall be deemed "Highly Confidential – Outside Counsel Only" even if not so designated by the Non-Party, to provide the Parties an adequate opportunity to designate information as appropriate. The failure by any Party to designate information produced by Non-Parties as "Confidential," "Highly Confidential," or "Highly Confidential – Outside Counsel Only" within that 14 day period shall not waive a Party's right to later so designate such information with prospective effect, consistent with Paragraph 33 of this Stipulation and Order. Nothing in this Stipulation and Order precludes a Party from asserting, pursuant to the terms

herein, a claim or designation of confidentiality over a Non-Party's Protected Material different from the designation it asserted before entry of this Stipulation and Order.

## X.   NON-WAIVER OF PRIVILEGED INFORMATION

55.   This Section shall apply to any privileged or otherwise protected or exempted information contained in deposition transcripts and/or videotapes, and documents produced in response to requests for production of documents, answers to interrogatories, responses to requests for admissions, affidavits, declarations and all other information or material produced, made available for inspection, or otherwise submitted by any of the parties in this litigation pursuant to the Federal Rules of Civil Procedure, as well as testimony adduced at trial or during any hearing (collectively, "information").

56.   Pursuant to Federal Rule of Evidence 502(d), the production of any privileged or otherwise protected or exempted information in this case shall not be deemed a waiver or impairment of any claim of privilege or protection in this case or in any other federal or state proceeding, including, but not limited to, the attorney-client privilege, the protection afforded to work product materials, statutory privileges and protections, or the subject matter thereof, as to the produced document and any related material.

57.   The Producing Party must notify the Receiving Party promptly, in writing, upon discovery that a document has been produced for which the Producing Party asserts privilege and/or other protection. This "Clawback Notice" shall include (i) the bates range of the produced materials, (ii) a privilege log listing the item(s) produced, and (iii) a new copy of the material (utilizing the same bates number as the original material) with the privileged or protected material redacted (if the producing party claims that only a portion of the document contains privileged or other protected material). If the Producing Party claims that an entire document is privileged or

protected, then the Producing Party shall provide a slip sheet if possible, or otherwise note that the document has been withheld.

58.     Upon receipt of a Clawback Notice, all such information, and all copies thereof, shall be sequestered and the Receiving Party shall not use such information for any purpose, except as provided in Paragraphs 59 and 60, until further Order of the Court. The Receiving Party shall also attempt, in good faith, to retrieve and sequester all copies of the documents in electronic format.

59.     The Receiving Party may contest the Producing Party's assertion of privilege or other protection. In that instance, within seven (7) business days from receipt of the Clawback Notice, the Receiving Party shall give the Producing Party a written "Notice of Clawback Challenge" providing the reason for said disagreement. The Producing Party will have seven (7) business days to respond to the Notice of Clawback Challenge, in writing, by either: (i) agreeing to withdraw the claim of privilege or other protection; or (ii) stating the reasons for such claim. If the Producing Party's response to the Notice of Clawback Challenge does not resolve the issue, the Parties shall meet and confer within five (5) business days of the response. If the conference does not resolve the dispute, within five (5) business days of the conference, the Parties shall submit the dispute to the Court for resolution. The Producing Party retains the burden of establishing the applicability of the privilege or other protection as to any inadvertently produced materials. If the Receiving Party does not serve a Notice of Clawback Challenge, then, upon expiration of the seven (7) business day period, all copies of the disputed material shall be returned or destroyed.

60.     Nothing in this Stipulation prevents a Receiving Party from submitting item(s) listed in the Clawback Notice to the Court for review or using the content of the item(s) in briefing

26

submitted in connection with any challenge to such Notice. Prior to submitting the item(s) to the Court for review and/or using the content of the item(s) in related briefing, the Receiving Party must: (a) provide the Court with a factual basis adequate to support a good-faith belief by a reasonable person that the privilege or protection does not apply; and (b) obtain an order from the Court authorizing the submission of the item(s) to the Court and/or use of the item(s) in briefing submitted in connection with the clawback dispute. If any information is found to be privileged or protected in accordance with the procedures described herein, all copies of the information shall be returned or destroyed. All materials and items submitted pursuant to this Paragraph must be filed under seal, and the Receiving Party must not assert as a ground for compelling disclosure the facts or circumstances of the disclosure itself.

61.     Any portions of any analyses, memoranda or notes which were internally generated and contain or were based upon the item(s) listed in the Clawback Notice shall not be used for any purpose, except as described in Paragraph 60, and shall be destroyed in the event that (a) the Receiving Party does not contest that the information is privileged or subject to other protection pursuant to Paragraph 59 above, or (b) the Court rules that the information is privileged or otherwise protected. Such analyses, memoranda or notes or portions thereof may only be removed from sequestration and returned to its intended purpose in the event that (a) the Producing Party agrees in writing that the information is not privileged or otherwise protected, or (b) the Court rules that the information is not privileged or otherwise protected.

62.     If, during a deposition, a Producing Party claims that a document being used in the deposition (e.g., marked as an exhibit, shown to the witness, or made the subject of examination) contains material that is subject to the attorney-client privilege, the attorney work product doctrine, or other protection, the Producing Party may (a) allow the document to be used during the

27

deposition without waiver of any claim of privilege or other protection; (b) instruct the witness not to answer questions concerning the parts of the document containing privileged or protected material; or (c) object to the use of the document at the deposition to the extent the entire document is privilege or protected, in which case no testimony may be taken relating to the document during the deposition until the matter is resolved by agreement or by the Court. Regardless of whether the Producing Party allows the examination concerning the document to proceed consistent with subsection (a) of this Paragraph, all parties shall sequester all copies of the document. As to any testimony subject to a claim of privilege or other protection, the producing party shall serve a Clawback Notice within five (5) business days of the deposition's conclusion, after which the parties shall follow the procedures set forth in Paragraphs 59 and 60. With respect to any document or testimony that is the subject of a Clawback Notice that is sent more than twenty (20) days after the conclusion of the deposition, the asserted privilege or protection will be deemed as waived absent extraordinary circumstances. Pending determination of the clawback dispute, all parties with access to the deposition transcript shall treat the relevant testimony in accordance with Paragraph 58.

63.     If a Receiving Party uses privileged or protected material in a brief or at a hearing, and the Producing Party has not served a Clawback Notice in advance of the briefing event or hearing, the Producing Party shall serve a Clawback Notice within five (5) business days of the briefing event or hearing. Thereafter, the procedures set forth in Paragraphs 58 and 59 shall apply. With respect to any produced material used in a brief or at a hearing that is the subject of a Clawback Notice that is sent more than twenty (20) days after the filing of the brief or conclusion of the hearing, the asserted privilege or protection will be deemed as waived absent extraordinary circumstances.

64.     This Stipulation and Order does not preclude any party from voluntarily waiving any claims of privilege or protection. The provisions of Federal Rule of Evidence Rule 502(a) shall apply when a party uses privileged or other protected information to support a claim or defense.

## XI.     PRIVILEGE LOGGING

65.     <u>Discovery Material Produced in Other Investigations and Actions</u>.     When producing Discovery Material in this Action that has previously been produced in other, related investigations and actions (including the MDL), the Defendants shall produce any and only those privilege logs that have been or will be provided in such actions, and in the same form provided in those actions.

66.     <u>Discovery Material Not Produced in Other Investigations and Actions</u>.     The provisions of this Paragraph 66 shall apply only to Discovery Material (if any) that is produced for the first time in this specific action and that has not previously been produced in other, related investigations and actions.

(a)     Unless otherwise provided in this Stipulation and Order, any Discovery Material falling within the scope of any request for production or subpoena that is withheld in whole on the basis of a claim of attorney-client privilege, work product, or any other claim of privilege or immunity from discovery is to be identified by the producing party on a privilege log, which the producing party shall produce in Excel format.

(b)     Within thirty (30) days of each production of documents or ESI, the Producing Party shall provide a privilege log or logs concerning any information that has been withheld in whole from that production.

(c)     The privilege log shall set forth the privilege or protection relied upon and specify separately for each document:

(i)     Bates-number range, or if no Bates-number range, a unique document identifier;

(ii)     Family relationship, if applicable (i.e., identification of parent emails and all attachments)

(iii)     A description of the document, including the factual basis sufficient to support the claim that the document is privileged and/or protected;

(iv)     The names of the author(s);

(v)     The names of all addressees and recipients, including copyees and blind copyees;

(vi)     The document date;

(vii)     An indication of whether the document has been produced in redacted form or withheld in its entirety; and

(viii)     The privilege designation (attorney-client; attorney work product; joint defense and/or common interest, etc.).

(d)     Attachments to emails shall be logged as separate documents on the log, with family relationships identified.

(e)     Attorneys or their staff must be identified on the log with an asterisk (or similar notation).

(f)     With the exception of materials produced by Altria, privilege log identification is not required for work product created by counsel after April 26, 2018 or for communications exchanged after April 26, 2018, among: (i) the producing party and their counsel; (ii) counsel for the producing party; (iii) counsel for plaintiffs; and/or (iv) counsel for defendants. For materials produced by Altria, privilege log identification is not required for work product

created by counsel after October 2, 2019 or for communications exchanged after October 2, 2019, among the individuals listed in the preceding sentence. Privilege log identification is also not required for internal communications solely within: (1) a law firm representing a party or (2) a legal department of a party that is a corporation or another organization. The parties reserve their rights to seek modification of this subsection (f) upon a showing of good cause why such modification is appropriate.

      (g)    Where multiple email messages are part of a single chain or "thread," a party is only required to include on a privilege log the most inclusive message ("Last In Time Email") and need not log earlier, less inclusive email messages or "thread members" that are fully contained within the thread, provided that the log entry includes the names of the authors, addressees, and recipients (including copyees and blind copyees) for all thread members, that the description of the thread include the factual bases sufficient to support the claim of privilege for each thread member over which privilege is asserted, and that the log entry include the privilege designations applicable to any thread members.

      (h)    Discovery Material withheld on the basis of privilege and/or work product protection may be grouped in categories based on content, and a categorical privilege log prepared, including a description of the nature or general subject matter of the communications for each category sufficient to support the claim that the Discovery Material within the category is privileged and/or protected. The categorical log shall also include the metadata listed in Paragraph 66(c)(i), (ii), and (iv)-(vi) for each document within the category. Notwithstanding the foregoing, the decision to log Discovery Material on a categorical basis does not waive a Party's right to adjudicate any challenge(s) to privilege on a document-by-document basis.

67.     Disputing Assertions of Privilege. After the receipt of a privilege log, any Party may dispute a claim of privilege. Prior to seeking Court intervention, the Party disputing, questioning, or otherwise objecting to a claim of privilege shall provide in writing the identification of the documents or category of documents for which it questions the claim of privilege and the reasons for disputing, questioning, or otherwise objecting to the privilege designation. Within fourteen (14) days, the Party that designated the documents as privileged will provide a written response explaining the basis for its claim or privilege, or if applicable, de-designating documents as privileged and producing such documents in accordance with this Stipulation and Order. Thereafter, if the Parties continue to disagree, they will then meet and confer in good faith as to the claims of privilege. If agreement has not been reached after 14 days, the Parties shall submit the dispute to the Court for resolution.

## XII.    IMMEDIATE AND CONTINUING EFFECT

68.     Any Party named, served, and appearing in this Action after the date that this Stipulation and Order is entered shall be bound by its terms, effective once the Stipulation has been served upon such party, unless the Court orders otherwise on good cause shown. Any Party who causes another Party to be added to this Action after the entry of this Stipulation shall serve that new Party with a copy of this Stipulation and any subsequent amendments to it at the time it serves its pleading and summons.

69.     Even after final disposition of this Action, the confidentiality obligations imposed by this Stipulation and Order shall remain in effect until a Designating Party agrees otherwise in writing, or a court order otherwise directs. Final disposition shall be deemed to be the later of: (a) dismissal of all claims and defenses in this Action, with or without prejudice; and (b) final judgment herein after the completion and exhaustion of all appeals, re-hearings, remands, trials,

or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

70.     Unless otherwise ordered or agreed in writing by the Producing Party, within 90 days after the final disposition of this Action, as defined in Paragraph 69, each Receiving Party must return all Protected Material to the Producing Party or destroy such material, except: (a) backup tapes or other disaster recovery systems that are routinely deleted or written over in accordance with an established routine system maintenance practice, or (b) documents that must be preserved as government records or in compliance with other statutory, regulatory or legal authorities. As used in this Paragraph, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, upon the written request of the Producing Party, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) within a reasonable time after receiving the request that (1) identifies by bates number listing all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, lead counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material.

71.     The recipient of any Protected Material hereby agrees to subject himself/herself to the jurisdiction of this Court for the purpose of any proceedings related to the performance under, compliance with, or violations of this Stipulation and Order. This Court shall retain jurisdiction

33

over all persons subject to this Stipulation and Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof. The Court retains jurisdiction even after termination of this Action to enforce this Stipulation and Order and to make such amendments, modifications, deletions and additions to this Stipulation and Order as the Court from time to time deem appropriate.

## XIII.  MISCELLANEOUS

72.     Right to Further Relief. Nothing in this Stipulation and Order abridges the right of any person to seek its modification by the Court in the future.  Any Party, entity or person covered by this Stipulation and Order may at any time apply to the Court for relief from any provision of this Stipulation and Order. Subject to the agreement of the Parties or an order of the Court, other entities or persons may be included in this Stipulation and Order by acceding to its provisions in a writing served upon the Parties, with such writings to be filed with the Court if so directed. The Parties expressly reserve all rights to seek further protection.

73.     Right to Assert Other Objections.  By stipulating to the entry of this Stipulation and Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulation and Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Stipulation and Order.

74.     No Modification of Privileges. Nothing in this Stipulation and Order shall modify the law regarding the attorney-client privilege, the attorney work product doctrine, the joint defense privilege, and any other applicable privilege or protection from disclosure to the extent such privilege or protection exists under applicable law.

34

75.     Trial. This Stipulation and Order does not apply to use of Protected Material at trial. The use of Confidential, Highly Confidential, or Highly Confidential – Outside Counsel Only Information during the trial shall be determined by Order of the Court.

76.     Violations of the Stipulation and Order by Disclosure of Personal Information. In the event that any person or Party violates the terms of this Stipulation and Order by disclosing personal information relating to an individual third party, or in the event that any person or Party breaches the terms of the Stipulation and Order in a manner that requires disclosure to a third party under pertinent privacy laws or otherwise, it shall be the responsibility of the breaching Party to contact that third party and to comply with any laws or regulations involving breaches of Personal Information.

77.     Reservations. Entering into, agreeing, and/or complying with the terms of this Stipulation and Order shall not: (a) operate as an admission by any Party that any particular documents, material, or information contain(s) or reflect(s) currently valuable trade secrets or proprietary or commercial information; or (b) prejudice in any way the right of a Party at any time: (i) to seek a determination by the Court of whether any particular document, item of material, or piece of information should be subject to the terms of this Stipulation and Order; (ii) to seek relief on appropriate notice from any provision(s) of this Stipulation and Order, either generally or as to any particular document, item, or piece of information; (iii) to object to any discovery request, including the right to assert that no discovery should be had of certain documents or information; or (iv) to seek documents or other information from any source.

78.     Compliance with Federal and State Law. Nothing in this Stipulation and Order shall require a Party to violate any applicable public records access, disclosure or retention laws.

35

79.     Preservation of Defenses. Neither the existence of this Stipulation and Order  nor any of its terms shall in any manner burden the right of any Defendant to assert defenses available under Federal Rules of Civil Procedure 8, 9, or 12 or otherwise challenge the sufficiency of any claim in the Complaint under the applicable laws. This Stipulation and Order and its terms are expressly limited to this matter and shall not be used as evidence or considered in any other matter filed against any Defendant as a waiver to assert defenses of any kind including, but not limited to, choice of law, jurisdiction and venue. Neither the existence of this Stipulation and Order nor any of its terms shall in any manner burden the right of any Defendant to assert defenses of any kind including, but not limited to, those available under Federal Rule of Civil Procedure 12(b) in any unrelated matter. All such defenses are expressly reserved by the Defendants.

Let the Clerk file a copy of this Order electronically and notify all counsel of record.

It is so ORDERED.

_____/s/_____

David J. Novak
United States District Judge

Richmond, Virginia
Dated: May 13, 2021

**Exhibit A:**
**Acknowledgement and Agreement to be Bound**

I,_____[print or type full name], of

_____[print or type full address], declare under penalty of

perjury that I have read in its entirety and understand the Stipulated Protective Order that was

issued by the United States District Court for the Eastern District of Virginia on May 13, 2021, in

the case of *Gabby Klein, et al., v. Altria Group, et al.*, United States District Court, Eastern

District of Virginia, Case No. 3:20-cv-00075-DJN.  I agree to comply with and to be bound by

all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to

so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly

promise that I will not disclose in any manner any information or item that is subject to this

Stipulated Protective Order to any person or entity except in strict compliance with the

provisions of this Order.  I further agree to submit to the jurisdiction of the United States District

Court for the Eastern District of Virginia for the purpose of enforcing the terms of this Stipulated

Protective Order, even if such enforcement proceedings occur after termination of this Action.

I hereby appoint_____[print or type full name] of

_____[print or type full address and telephone number] as my

Virginia agent for service of process in connection with this Action or any proceedings related

to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed Name: _____

Signature: _____

37