UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

|  |  |
|---|---|
| GABBY KLEIN, DONALD SHERBONDY, SARAH SHERBONDY and CONSTRUCTION LABORERS PENSION TRUST OF GREATER ST. LOUIS, Individually and On Behalf of All Others Similarly Situated,<br><br>   Plaintiffs,<br><br>   v.<br><br>ALTRIA GROUP, INC., HOWARD A. WILLARD III, WILLIAM F. GIFFORD, JR., JUUL LABS, INC., ADAM BOWEN, JAMES MONSEES, KEVIN BURNS, and K.C. CROSTHWAITE,<br><br>   Defendants. | Case No. 3:20-cv-00075-DJN |

**MEMORANDUM OF LAW IN SUPPORT OF LEAD PLAINTIFFS' MOTION FOR
LEAVE TO FILE FIRST AMENDED CONSOLIDATED CLASS ACTION COMPLAINT**

## **TABLE OF CONTENTS**

PRELIMINARY STATEMENT ................................................................................................ 1

FACTUAL BACKGROUND ................................................................................................... 3

ARGUMENT ........................................................................................................................... 8

I.    LEAD PLAINTIFFS' MOTION FOR LEAVE TO AMEND SHOULD BE GRANTED ..... 8

      A.    Legal Standard ............................................................................................. 8

      B.    Lead Plaintiffs Satisfy the Standards for Amending Under Rule 15 ...................... 8

          1.    Plaintiffs Motion to Amend Is Timely, Made in Good Faith and Will Not Result in Prejudice to Defendants ........................................................ 8

          2.    Amendment Is Not Futile ........................................................................ 11

CONCLUSION .................................................................................................................... 15

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Brown v. Tethys Bioscience, Inc.*,
   2012 U.S. Dist. LEXIS 45188 (S.D. W. Va. Mar. 30, 2012) ............................................. 9, 10

*Carpenters Pension Tr. Fund of St. Louis v. Barclays PLC*,
   56 F. Supp. 3d 549 (S.D.N.Y. 2014) ...................................................................... 14

*City of Pontiac Gen. Emps.' Ret. Sys. v. Lockheed Martin Corp.*,
   875 F. Supp. 2d 359 (S.D.N.Y. 2012) .................................................................... 15

*Citynet, LLC v. Frontier W. Va. Inc.*,
   2018 U.S. Dist. LEXIS 181431 (S.D. W. Va. Oct. 23, 2018) ..................................................... 9

*Civil Eng'g Consulting Servs. v. Anderson Columbia Co.*,
   2017 U.S. Dist. LEXIS 226528 (D.S.C. July 26, 2017) ........................................................ 10

*Conley v. Gibson*,
   355 U.S. 41 (1957) ...................................................................................... 2

*Dura Pharms., Inc. v. Broudo*,
   544 U.S. 336 (2005) .................................................................................... 12

*E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*,
   637 F.3d 435 (4th Cir. 2011) ............................................................................ 15

*ECA & Local 134 IBEW Jt. Pension Trust of Chi.*,
   553 F.3d 187 (2d Cir. 2009) ............................................................................ 12

*Edwards v. City of Goldsboro*,
   178 F.3d 231 (4th Cir. 1999) ........................................................................... 8, 9

*Eigles v. Jong K. Kim*,
   2009 U.S. Dist. LEXIS 117191 (D. Md. Dec. 16, 2009) ........................................................ 11

*In re Level 3 Commc'ns. Sec. Litig.*,
   667 F.3d 1131 (10th Cir. 2012) ......................................................................... 12

*In re Volkswagen "Clean Diesel" Mktg., Sales Practices, & Prods. Liab. Litig.*,
   2017 WL 3058563 (N.D. Cal. July 19, 2017) ............................................................... 14

*Island Creek Coal Co. v. Lake Shore, Inc.*,
   832 F.2d 274 (4th Cir. 1987) ........................................................................... 11

*Johnson v. Oroweat Foods Co.*,
785 F.2d 503 (4th Cir.1986) ........................................................................................ 10, 11

*Khoja v. Orexigen Therapeutics, Inc.*,
899 F.3d 988 (9th Cir. 2018) ............................................................................................... 12

*Klein v. Altria Grp., Inc.*,
2021 U.S. Dist. LEXIS 47170 (E.D. Va. Mar. 12, 2021) ....................................... 7, 13, 14, 15

*Laber v. Harvey*,
438 F.3d 404 (4th Cir. 2006) ............................................................................................... 10

*McCall-Scovens v. Blanchard*,
2016 U.S. Dist. LEXIS 148750 (D. Md. Oct. 27, 2016) .......................................................... 9

*McKinley v. Kaplan*,
177 F.3d 1253 (11th Cir. 1999) ............................................................................................ 8

*Microspace Commc'ns. Corp. v. Guest-Tek Interactive Entm't, Inc.*,
2015 U.S. Dist. LEXIS 108050 (E.D.N.C. Aug. 17, 2015) ...................................................... 9

*Northrup v. Gills*,
2014 WL 4365243 (S.D.W. Va. Sept. 2, 2014) ...................................................................... 8

*Odyssey Travel Ctr., Inc. v. RO Cruises, Inc.*,
262 F. Supp. 2d 618 (D. Md. 2003) ...................................................................................... 8

*Ostrzenski v. Seigel*,
177 F.3d 245 (4th Cir. 1999) ................................................................................................ 3

*Scott v. Family Dollar Stores, Inc.*,
2013 WL 5630636 (4th Cir. Oct. 16, 2013) .......................................................................... 10

*Scott v. Family Dollar Stores, Inc.*,
733 F.3d 105 (4th Cir. 2013) .......................................................................................... 8, 10

*Stanley v. Huntington Nat'l Bank*,
492 F. App'x 456 (4th Cir. 2012) .......................................................................................... 8

*SuperMedia LLC v. Baldino's Lock & Key Serv.*,
2013 U.S. Dist. LEXIS 113784 (D. Md. Aug. 13, 2013) .......................................................... 9

*Teachers' Ret. Sys. of La. v. Hunter*,
477 F.3d 162 (4th Cir. 2007) .............................................................................................. 13

*Todd v. STAAR Surgical Co.*,
2016 WL 6699284 (C.D. Cal. Apr. 12, 2016) ...................................................................... 14

*White v. Emergency Med. Billing & Coding Co.*,
2013 U.S. Dist. LEXIS 122293 (E.D. Mich. Aug. 28, 2013) ................................................. 11

iv

## **Rules**

Federal Rule of Civil Procedure 15(a) ................................................................................. 1, 2, 8

Federal Rule of Civil Procedure 16(b) ....................................................................................... 8

Pursuant to Federal Rule of Civil Procedure 15(a)(2), Lead Plaintiffs Donald and Sarah Sherbondy and Construction Laborers Pension Trust of Greater St. Louis ("CLPT," and collectively "Plaintiffs"), by their undersigned counsel, hereby move this Court for leave to file Plaintiffs' Proposed First Amended Consolidated Class Action Complaint ("FAC"). A copy of the proposed FAC is attached hereto as Exhibit A.[1] A redline copy of the proposed FAC is attached hereto as Exhibit B.

**PRELIMINARY STATEMENT**

This is the quintessential case where leave to amend the pleadings should be granted. New evidence, which only recently came to light as a result of documents produced during discovery, incontrovertibly demonstrates that Defendants'[2] fraud was even broader than originally believed. Specifically, in a publicly disclosed letter to the FDA dated October 25, 2018, Altria asserted that it was removing certain of its e-cigarette products from the market to address the "rise in youth e-vapor use to epidemic levels" and because "we do not want to risk contributing to [the rise in youth use of e-vapor products]." ¶465.[3] In truth, ████████████████████████

████████████████████████████████████████

████████████████████ ¶¶413-415. ████████████████████

████████████████████████████████████ ¶¶411-418. The undisclosed risk created by Altria's false statements materialized on April 1, 2020 when the Federal

---

[1] As set forth in their Motion to File Under Seal, filed contemporaneously herewith, Plaintiffs seek leave to file the proposed FAC and a redlined copy of the same (Exhibits A and B, attached hereto) under seal because some of the information alleged in the FAC was derived from documents produced by the Defendants that were designated as "Confidential" of "Highly Confidential" under the Stipulated Protective Order entered in this case on May 14, 2021. ECF No. 199.

[2] "Defendants" refers to Altria Group, Inc. ("Altria"), JUUL Labs, Inc. ("JLI" or "JUUL"), Howard A. Willard III ("Willard"), William F. Gifford, Jr. ("Gifford"), Adam Bowen ("Bowen"), James Monsees ("Monsees"), Kevin Burns ("Burns"), and K.C. Crosthwaite ("Crosthwaite").

[3] Citations to "¶__" refer to paragraphs in the FAC. All emphasis is added. Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the FAC.

1

Trade Commission ("FTC") filed a complaint against Altria alleging a violation of federal antitrust laws for Altria "agreeing not to compete in return for a substantial ownership interest in JUUL," causing Altria's stock price to fall in response. ¶¶547-548.

The proposed FAC (i) extends the Class Period to October 25, 2018 through April 1, 2020; (ii) adds Altria's October 25, 2018 statements as false and misleading statements; (iii) includes certain additional corrective disclosures, including the April 1, 2020 announcement of the FTC complaint; (iv) adds allegations establishing that Defendant Crosthwaite was a "maker" of the statements in Altria's December 20, 2018 press release announcing the company's investment in JLI; and (v) adds allegations demonstrating that Burns and JLI are liable for the statements in Altria' December 20, 2018 press release, and that the Altria Defendants are liable for the statements in JLI's mirroring December 20, 2018 announcement ████████████████

██████████████████████████████

███████

Plaintiffs' proposed amendments easily meet the liberal standard under Federal Rule of Civil Procedure 15(a). Plaintiffs are making their motion to amend prior to the deadline set by the Court, which refutes any possible argument of prejudice by Defendants. Moreover, the amendments do not change Plaintiffs' theory of liability and the motion is made early in the discovery process and well in advance of any trial date, which has not yet been set. Plaintiffs' amendment is also not futile. As explained below, the amendments clearly meet the pleading standards under the federal securities laws.

Conversely, Plaintiffs and the Class will be prejudiced if amendment is denied. These amendments present Plaintiffs and the Class with an avenue to recover full relief for the alleged securities law violations. Both Fed. R. Civ. P. 15(a) and the policies underpinning it support granting Plaintiffs' motion to amend. *See Conley v. Gibson*, 355 U.S. 41, 48 (1957) ("The Federal

Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits."); *Ostrzenski v. Seigel*, 177 F.3d 245, 252-53 (4th Cir. 1999) ("The federal rule policy of deciding cases on the basis of the substantive rights involved rather than on technicalities requires that [the] plaintiff be given every opportunity to cure a formal defect in his pleading.") (quoting 5A Charles Allen Wright & Arthur R. Miller, Federal Practice & Procedure § 1357 (2d ed. 1990)).

## FACTUAL BACKGROUND

The initial complaint in this matter was filed by Gabby Klein on October 2, 2019, in the U.S. District Court for the Eastern District of New York. ECF No. 1. On December 30, 2019, Donald and Sarah Sherbondy and CLPT were appointed as Lead Plaintiffs. ECF No. 43. The Court also approved Pomerantz and Robbins Geller as co-lead counsel. *Id*. The Action was transferred to this District on February 7, 2020. ECF No. 51.

On July 2, 2020, Plaintiffs filed the Consolidated Class Action Complaint ("Complaint"), asserting a class period of December 20, 2018 through February 21, 2020, both dates inclusive ("Complaint Class Period"). ECF No. 108. The Complaint alleges that during the Complaint Class Period, Defendants issued false and misleading statements and material omissions concerning JLI's marketing to underage consumers, the health and safety of JLI's products, JLI's and Altria's dedication to preventing youth usage, and the risks associated with the foregoing. The truth subsequently began to emerge, and Altria's stock price declined, as JLI and Altria increasingly became the subject of scrutiny by government authorities throughout the country. Mounting skepticism, fear, and negative publicity in the media regarding e-cigarettes' safety led to increased scrutiny by government authorities into vaping products, and municipalities throughout the country began tightening sales practices related to those products. The Food and Drug Administration

3

("FDA"), FTC, Securities and Exchange Commission ("SEC") and numerous state attorneys general began investigations and/or filed actions against the companies. Altria also announced multiple impairments of its JLI investment. Motion to dismiss briefing followed, and on March 12, 2021, the Court denied Defendants' motions to dismiss. ECF Nos. 139 and 140.

Pursuant to the Court's May 5, 2021 Scheduling Order, "[n]ot later than August 6, 2021, the parties may seek leave to amend the pleadings or add any parties." ECF No. 194 at 2.

On or about May 30, 2021, Defendants made their first production of documents to Plaintiffs. To date, Defendants have produced tens of millions of pages of documents.

As detailed in the proposed FAC's new paragraphs, discovery has not only revealed additional evidence supporting Plaintiffs' original allegations, but Plaintiffs have also uncovered new facts demonstrating that the Altria Defendants made additional misrepresentations with scienter to the FDA and investors concerning the youth vaping epidemic and the company's dedication, or lack thereof, to stopping it.

Specifically, in a public letter to FDA Commissioner Scott Gottlieb dated October 25, 2018, less than two months before the public announcement of Altria's investment in JLI, Altria stated that in order to address the "rise in youth e-vapor use to epidemic levels" the company was removing its "pod-based products" from the market and limiting their other products to the tobacco, menthol and mint varieties. ¶¶407-410, 416, 465-467. Altria reiterated in the letter and the company's earnings call with analysts that the company was taking these actions because "we do not want to risk contributing to [the rise in youth use of e-vapor products]." ¶¶465-467. Among those involved in the preparation and drafting of the letter were Defendants Willard, Gifford and Crosthwaite. ¶¶414-417, 465

In truth, Altria was removing these products from the market as part of a non-compete condition to the company's anticipated investment in JLI, which only sold pod-based products. ¶¶410-418. ███████████████████████████████████████████████████████████

4

█████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

███████████████████████████████████████████ ¶¶417-418.

███████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

██████████████████████████████████████ *Id.*

███████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

███████████████████████ *Id.*

███████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

██████████████████ Instead, Altria decided to tell the FDA and the public that it would remove its

5

own MarkTen Elite and Apex by MarkTen pod-based products, and remove all flavors for Altria's other "cig-a-like" products except for mint, falsely asserting in the October 25, 2018 letter to the FDA that Altria was removing these products from the market because of the company's dedication to addressing underage access and use, stating, "we do not want to risk contributing to [the rise in youth use of e-vapor products]." *Id*.

Altria clearly misled the FDA and investors. ████████████████████████████

████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████

████████████████ And pursuant to the non-compete condition of Altria's investment in JLI, on December 7, 2018, Altria announced its decision to wind down the remainder of its e-cigarette business. *Id*.

Thus, while Altria publicly announced that it would pull its pod-based products to combat youth usage, and publicly seemed to support removal of youth-friendly flavors, this was merely a

████████████████████████████████████████████████████████████████████████

████████████████ JLI. ¶418. ████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████

The undisclosed risk created by the Altria Defendants' October 25, 2018 misrepresentations as to why they removed the company's products from the market materialized after the close of

6

trading on April 1, 2020, when the FTC announced that it was filing suit to force Altria to unwind its $12.8 billion investment in JUUL. ¶547. The press release announcing the complaint, which was filed the same day, stated that Altria and JUUL "entered a series of agreements, including Altria's acquisition of a 35% stake in JUUL, that eliminated competition in violation of federal antitrust laws," including "by agreeing not to compete in return for a substantial ownership interest in JUUL." *Id.* On this news, Altria's stock price declined $1.39 per share, or 6.96%, to close at $36.22 per share on April 2, 2020. ¶548.

Based on further investigation into these factual developments, and consultation with financial economic experts, the proposed FAC also identifies one additional false and misleading statement and three additional corrective disclosure events, each of which is of the same nature as the misstatements and corrective disclosures the Court has already sustained:

- On March 19, 2019, FDA Commissioner Gottlieb said he had a "difficult" meeting the prior week with Altria and JUUL, was concerned about the slow pace of efforts to curb youth vaping, and believed that the FDA may need to pull pod-based nicotine products off the market as it combatted a surge in teen vaping. ¶494. On this news, Altria's stock price fell $1.29 per share, or 2.25%, to close at $56.01 per share on March 19, 2019 (¶495);

- On June 21, 2019, CNBC reported that then-former FDA Commissioner Gottlieb stated "I don't know how Juul gets through a[] [Premarket Tobacco Product] [A]pplication process" because "[t]hey have so much historical youth use with their product." ¶507. On this news, Altria's stock price fell $2.26 per share, or 4.3%, to close at $48.00 per share on June 21, 2019 (¶508);

- On August 8, 2019, the *Washington Post* reported that Ashley Gould, JLI's Chief Administrator Officer, stated that underage use "was not anticipated and completely unexpected to us" (¶520);

- On November 19, 2019, the New York Attorney General announced a lawsuit against JLI for deceptive and misleading marketing of its e-cigarettes, which contributed to the ongoing youth vaping epidemic in New York State. ¶541. On this news, Altria's stock price fell $1.41 per share, or 2.92%, to close at $46.93 per share on November 19, 2019. ¶542.

As discussed below, the additional misleading statements and additional corrective events are of the same nature as those the Court has already upheld. *See Klein v. Altria Grp., Inc.*, 2021

7

U.S. Dist. LEXIS 47170, at *61-62 (E.D. Va. Mar. 12, 2021).

## ARGUMENT

### I. LEAD PLAINTIFFS' MOTION FOR LEAVE TO AMEND SHOULD BE GRANTED

#### A.   Legal Standard

Federal Rule of Civil Procedure 15(a) applies when a party moves to amend the pleadings prior to the deadline set by the court. *See Northrup v. Gills*, 2014 WL 4365243, at *1 (S.D.W. Va. Sept. 2, 2014) ("Because the motion to amend was filed prior to the deadline for the amendment of pleadings contained in the scheduling order, Rule 16(b)'s good cause requirement need not be satisfied in this instance.").[4] Under Federal Rule of Civil Procedure 15(a)(2) a party may amend its pleading with the court's leave. "The court should freely give leave when justice so requires." *Id*. Leave to amend should be denied "'only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile.'" *Edwards v. City of Goldsboro*, 178 F.3d 231, 242 (4th Cir. 1999) (quoting *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509 (4th Cir.1986)). Indeed, it is the Fourth Circuit's "policy to liberally allow amendment in keeping with the spirit of Federal Rule of Civil Procedure 15(a)." *Scott v. Family Dollar Stores, Inc.*, 733 F.3d 105, 112 (4th Cir. 2013) (citing *Galustian v. Peter*, 591 F.3d 724, 729 (4th Cir. 2010)).

#### B.   Lead Plaintiffs Satisfy the Standards for Amending Under Rule 15

##### 1.   Plaintiffs' Motion to Amend Is Timely, Made in Good Faith and Will Not Result in Prejudice to Defendants

Plaintiffs moved to amend the Complaint prior to the deadline set by the Court. Thus, there

---

[4] *Accord Odyssey Travel Ctr., Inc. v. RO Cruises, Inc.*, 262 F. Supp. 2d 618, 631 (D. Md. 2003) (a moving party must satisfy the good cause standard of Rule 16(b) only "once the scheduling order's deadline for amendment of the pleadings has passed"); *see also Stanley v. Huntington Nat'l Bank*, 492 F. App'x 456, 461 (4th Cir. 2012) (noting that the purpose of Rule 16(b), is, among other things, to limit the deadlines "to amend the pleadings, complete discovery, and file motions"); *McKinley v. Kaplan*, 177 F.3d 1253, 1257 (11th Cir. 1999) ("In the absence of a dispositive scheduling order, whether leave to amend should be granted is governed by the more liberal standard set forth in Rule 15(a).").

8

is necessarily no undue delay or prejudice to Defendants in permitting amendment. *See, e.g.*, *Citynet, LLC v. Frontier W. Va. Inc.*, 2018 U.S. Dist. LEXIS 181431, at *4 (S.D. W. Va. Oct. 23, 2018) ("The motion was filed within the deadline for amending the pleadings and there is no prejudicial undue delay."); *Brown v. Tethys Bioscience, Inc.*, 2012 U.S. Dist. LEXIS 45188, at *6 (S.D. W. Va. Mar. 30, 2012) ("Given that discovery was still ongoing and a deadline for amendment of pleadings had not yet been set, any delay was not of the magnitude that would justify denial of the right to amend."); *McCall-Scovens v. Blanchard*, 2016 U.S. Dist. LEXIS 148750, at *11 (D. Md. Oct. 27, 2016) ("they filed the Motions to Amend in accordance with the deadline set forth in the Scheduling Order"); *Microspace Commc'ns. Corp. v. Guest-Tek Interactive Entm't, Inc.*, 2015 U.S. Dist. LEXIS 108050, at *12 (E.D.N.C. Aug. 17, 2015) ("[T]here is no basis for any argument of undue delay. The motion to amend was filed prior to the deadline for requests to amend pleadings set in the scheduling order"); *SuperMedia LLC v. Baldino's Lock & Key Serv.*, 2013 U.S. Dist. LEXIS 113784, at *4 (D. Md. Aug. 13, 2013) (no delay where party filed motion prior to deadline set by court). In any event, "[d]elay alone is an insufficient reason to deny leave to amend." *Edwards v. City of Goldsboro*, 178 F.3d 231, 242 (4th Cir. 1999) (citation omitted).

The deadline for amendment was thoughtfully set by the Court so as not to cause any party prejudice. It falls far from the end of discovery and trial, precluding any possible prejudice to Defendants. It has only been two months since Defendants began producing tens of millions of pages of documents, and depositions have not yet begun. There are two months until the close of fact discovery, four months until the close of expert discovery, and six months until motions for summary judgment are due. A trial date has not even been set.

Moreover, Plaintiffs' proposed amendment does not introduce a new legal theory, but merely identifies additional misleading statements and corrective disclosures that are of the same nature as those the Court previously upheld. As discussed below, the Altria Defendants' October 25,

2018 statements were false and misleading for the same reason certain of their December 20, 2018 statements were false and misleading, because they misled the market as to Defendants' dedication to combating the youth vaping epidemic. Similarly, the additional corrective events on March 19, 2019, June 21, 2019, November 19, 2019 and April 1, 2020 were materializations of the risks created by Defendants' misrepresentations that the Court already upheld. The Fourth Circuit has made it clear that such amendments should be permitted:

> Whether an amendment is prejudicial will often be determined by the nature of the amendment and its timing. A common example of a prejudicial amendment is one that "raises a new legal theory that would require the gathering and analysis of facts not already considered by the [defendant, and] is offered shortly before or during trial." An amendment is not prejudicial, by contrast, if it merely adds an additional theory of recovery to the facts already pled and is offered before any discovery has occurred.

*Laber v. Harvey*, 438 F.3d 404, 427 (4th Cir. 2006). Even if Plaintiffs were to introduce a new legal theory "that would require the gathering and analysis of facts not already considered by the opposing party, … that basis for a finding of prejudice essentially applies where the amendment is offered shortly before or during trial." *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 510 (4th Cir. 1986). Here, the Court has yet to set a trial date. Thus, Defendants cannot claim any prejudice to overcome the liberal standard for permitting amendment. *See, e.g.*, *Scott v. Family Dollar Stores, Inc.*, 2013 WL 5630636 (4th Cir. Oct. 16, 2013) (finding that because the parties were still in discovery, and many steps removed from trial, the non-moving party would not be prejudiced); *Brown*, 2012 U.S. Dist. LEXIS 45188, at *6 ("[T]he court does not agree that [the defendant] has been unduly prejudiced by the filing of an amended complaint. The discovery concerning the negligence claims should largely overlap with the discovery regarding the fraud claims. Any [additional] discovery … can be completed in advance of trial."). In *Family Dollar*, the Fourth Circuit emphasized that where a new legal theory was presented in an amended complaint, where discovery was still ongoing, and where trial was not close, no undue prejudice would result, even

10

though the motion to amend came three years into the case. 733 F.3d at 118. *See also Civil Eng'g Consulting Servs. v. Anderson Columbia Co.*, 2017 U.S. Dist. LEXIS 226528, at *7 (D.S.C. July 26, 2017) (holding that even though the amendment alleges "new facts and claims … [that] will cause additional discovery and evidentiary burdens … the motion to amend was filed within the discovery period and many steps removed from trial. Therefore, it does not constitute prejudice sufficient to deny the motion to amend."); *Eigles v. Jong K. Kim*, 2009 U.S. Dist. LEXIS 117191, at *8 (D. Md. Dec. 16, 2009) (permitting amendment where "a trial date has not been set, and [the plaintiff] filed this motion to amend well before the discovery deadline … and will require little additional discovery.").

## 2. Amendment Is Not Futile

"Leave to amend…should only be denied on the ground of futility when the proposed amendment is clearly insufficient or frivolous on its face." *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 510 (4th Cir. 1986). "Defendants have the burden of establishing futility." *White v. Emergency Med. Billing & Coding Co.*, 2013 U.S. Dist. LEXIS 122293, at *10 (E.D. Mich. Aug. 28, 2013) (collecting cases). "To sustain their right to amend [Plaintiffs] do not have to prove all the elements of their proposed count; it is sufficient that they demonstrate that there is some plausible basis in the record for their claim." *Island Creek Coal Co. v. Lake Shore, Inc.*, 832 F.2d 274, 280 (4th Cir. 1987). Here, the proposed FAC adequately alleges liability for the new false and misleading statements and adds corrective events that are the same as those the Court has already held satisfy the pleading requirements for loss causation. Because the FAC states plausible claims, the amendment cannot be considered futile.

The proposed FAC adequately alleges that the Altria Defendants' statements on October 25, 2018 were false and misleading. They told the FDA and investors that Altria was removing certain e-cigarette products from the market to address the "rise in youth e-vapor use to epidemic levels"

11

when, in truth, Altria was removing its products because of the non-compete condition to its forthcoming investment in JLI. ███████████████████

███████████████████████████████████████ ¶¶417-418.

This is textbook falsity. *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1008 (9th Cir. 2018) ("Falsity is alleged when a plaintiff points to defendant's statements that directly contradict what the defendant knew at the time.").

Plaintiffs have similarly alleged a strong inference of scienter. A strong inference of scienter exists where a complaint alleges that the defendants: (1) "engaged in deliberately illegal behavior"; (2) "knew facts or had access to information suggesting that their public statements were not accurate"; or (3) "failed to check information they had a duty to monitor." *ECA & Local 134 IBEW Jt. Pension Trust of Chi.*, 553 F.3d 187, 199 (2d Cir. 2009). ████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

███████████████████████████ "[O]ne of the classic fact patterns giving rise to a strong inference of scienter is that defendants published statements when they knew facts or had access to information suggesting that their public statements were materially inaccurate." *In re Level 3 Commc'ns. Sec. Litig.*, 667 F.3d 1131, 1344 n.13 (10th Cir. 2012) (citation omitted).

Plaintiffs have also adequately alleged loss causation for the new corrective events. To plead loss causation, a plaintiff must allege "a causal connection between the material misrepresentation and the loss," providing "[the] defendant with some indication of the loss and the causal connection that the plaintiff has in mind," which "should not prove burdensome." *Dura Pharms., Inc. v.*

12

*Broudo*, 544 U.S. 336, 342, 347 (2005). The FTC's April 1, 2020 complaint against Altria and JLI alleging a violation of federal antitrust laws for Altria "agreeing not to compete in return for a substantial ownership interest in JUUL" was clearly a materialization of the risk created when the Altria Defendants lied about the reason for removing Altria's e-cigarette products. Altria's stock price immediately dropped in response to the news. Thus, Plaintiffs have provided "sufficient specificity to enable the court to evaluate whether the necessary causal link exists" between the material misrepresentations or omissions and the economic loss. *Teachers' Ret. Sys. of La. v. Hunter*, 477 F.3d 162, 186 (4th Cir. 2007). Similarly, the additional corrective events alleged in the FAC—on March 19, 2019, June 21, 2019, and November 19, 2019—are announcements of increased regulatory pressure and litigation against JLI and Altria directly related to Defendants' false and misleading statements and resulted in a significant decline in Altria's stock price. The Court previously upheld very similar allegations as to the several other corrective events alleged in the Complaint:

> the disclosures identified above relate back to Defendants' alleged misrepresentations regarding their marketing practices and the safety of their products for youth. Indeed, these facts speak to JUUL's exposure, which Plaintiffs allege that they misrepresented. Although several of the disclosures revealed additional investigations into JUUL, JUUL continued to deny throughout this period that it had ever intended youth use of its product. Altria's share price declined following each disclosure of new negative information regarding the potential for increased litigation or regulatory action relating to Defendants' claims about its products and marketing to youths. The facts came to light as a result of outside sources and from Defendants themselves, therefore supporting Plaintiffs' allegations of loss causation.

*Altria*, 2021 U.S. Dist. LEXIS 47170, at *61-62 (citations omitted).

The proposed FAC also includes certain allegations to address deficiencies the Court found in the Complaint concerning whether Defendant Crosthwaite was a "maker" of statements in Altria's December 20, 2018 press release announcing the JLI investment. *Id*. at *44 (finding that Plaintiffs had not adequately alleged that Crosthwaite was in a position to exert any control over the

13

press releases). The proposed FAC also alleges that Defendants Burns and JLI are also liable under Sections 10(b) and 20(a) for Altria's December 20, 2018 press release statements, and that the Altria Defendants are liable under Sections 10(b) and 20(a) for JLI's mirroring December 20, 2018 announcement. ██████████████████████

████████████████████████████████████████

████████████████████████████████████████

██████████████████████████  ¶469. ██████████████████

████████████████████████████████████████

████████████████  *Id.* ████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████  *Id.* ██████████████████

████████████████████████████████████████

████████████████████████████  *Id.*

Courts have recognized that there can be multiple "makers" of a statement such as a press release. *See Carpenters Pension Tr. Fund of St. Louis v. Barclays PLC*, 56 F. Supp. 3d 549, 558 (S.D.N.Y. 2014) (stating that *Janus* "does not imply that there can be only one 'maker' of a statement" or "alter the well-established rule that a corporation can act only through its employees and agents."). "[E]ven without a signature, a corporate official makes a statement if the official 'actually participated in and had authority over the [corporation's] filing process.'" *In re Volkswagen "Clean Diesel" Mktg., Sales Practices, & Prods. Liab. Litig.*, 2017 WL 3058563, at *8 (N.D. Cal. July 19, 2017). Even middle-management level employees are routinely found to be "makers" of statements for their area of responsibility. *See, e.g.*, *Todd v. STAAR Surgical Co.*, 2016 WL 6699284, at *12 (C.D. Cal. Apr. 12, 2016) (vice president of compliance adequately alleged to

14

be a "maker" of the statements about compliance because "it is reasonable to infer that the statements at issue were initially made by Defendant [] or at least with his advice and consent"); *see also City of Pontiac Gen. Emps.' Ret. Sys. v. Lockheed Martin Corp.*, 875 F. Supp. 2d 359, 362, 374-75 (S.D.N.Y. 2012) (finding liable an executive vice president for actionable statements because she was in charge of the division with misconduct and one of several individuals listed as part of defendant-corporation's leadership). "[D]raw[ing] all reasonable inferences in favor of the plaintiff," *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011), these allegations are sufficient to plead that Crosthwaite, Burns and JLI were additional "makers" of Altria's December 20, 2018 press release and that the Altria Defendants were "makers" of JLI's December 20, 2018 mirroring announcement. The added allegations also demonstrate "scheme liability" for these Defendants. *See generally Altria*, 2021 U.S. Dist. LEXIS 47170, at *49.

## CONCLUSION

For all these reasons, Plaintiffs respectfully request that the Court grant Plaintiffs leave to file the FAC.

DATED: August 6, 2021

By: *Steven J. Toll*

Steven J. Toll (VSB #15300)
Daniel S. Sommers
S. Douglas Bunch
COHEN MILSTEIN SELLERS & TOLL PLLC
1100 New York Ave., NW Suite 500
Washington, DC  20005
Telephone:  202/408-4600
202/408-4699 (fax)
stoll@cohenmilstein.com
dsommers@cohenmilstein.com
dbunch@cohenmilstein.com

*Local Counsel for Lead Plaintiffs*

15

Jeremy A. Lieberman
Michael J. Wernke
POMERANTZ LLP
600 Third Avenue
New York, NY  10016
Telephone:  212/661-1100
212/661-8665 (fax)
jalieberman@pomlaw.com
mjwernke@pomlaw.com

*Lead Counsel for Lead Plaintiffs Donald Sherbondy
and Sarah Sherbondy*

Samuel H. Rudman
David A. Rosenfeld
Erin W. Boardman
Philip T. Merenda
ROBBINS GELLER RUDMAN
   & DOWD LLP
58 South Service Road, Suite 200
Melville, NY  11747
Telephone:  631/367-7100
631/367-1173 (fax)
srudman@rgrdlaw.com
drosenfeld@rgrdlaw.com
eboardman@rgdlaw.com
pmerenda@rgrdlaw.com

Douglas R. Britton
Kevin A. Lavelle
Matthew J. Balotta
ROBBINS GELLER RUDMAN
   & DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
dougb@rgrdlaw.com
klavelle@rgrdlaw.com
mbalotta@rgrdlaw.com

16

*Lead Counsel for Lead Plaintiff Laborers Pension Trust of Greater St. Louis*

Brian Schall
THE SCHALL LAW FIRM
1880 Century Park East, Suite 404
Los Angeles, CA 90067
Telephone: 310/301-3335
brian@schallfirm.com

*Additional Counsel for Lead Plaintiffs Donald Sherbondy and Sarah Sherbondy*

17

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 6, 2021 I caused the foregoing to be electronically filed with

the Clerk of Court via CM/ECF, which will send a notice of electronic filing to all registered users.

By: *Steven J. Toll*
Steven J. Toll (VSB #15300)
COHEN MILSTEIN SELLERS & TOLL PLLC
1100 New York Ave., NW Suite 500
Washington, DC  20005
Telephone:  202/408-4600
202/408-4699 (fax)
stoll@cohenmilstein.com

*Local Counsel for Lead Plaintiffs*

18