**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**

|  |  |
|---|---|
| GABBY KLEIN, DONALD SHERBONDY, SARAH SHERBONDY AND CONSTRUCTION LABORERS PENSION TRUST OF GREATER ST. LOUIS, Individually and on Behalf of All Others Similarly Situated,<br><br>                                    *Plaintiffs*,<br><br>               v.<br><br>ALTRIA GROUP, INC., HOWARD A. WILLARD III, WILLIAM F. GIFFORD, JR., JUUL LABS, INC., ADAM BOWEN, JAMES MONSEES, KEVIN BURNS, AND K.C. CROSTHWAITE,<br><br>                                    *Defendants.* | 3:20-cv-00075-DJN |

**K.C. CROSTHWAITE'S OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO FILE FIRST AMENDED CONSOLIDATED CLASS ACTION COMPLAINT**

**REDACTED VERSION FILED PUBLICLY**

**TABLE OF CONTENTS**

**Page**

INTRODUCTION .........................................................................................................................1

STATEMENT OF FACTS ...........................................................................................................4

LEGAL STANDARD...................................................................................................................6

ARGUMENT ...............................................................................................................................7

I.    AMENDMENT WOULD BE FUTILE BECAUSE PLAINTIFFS STILL FAIL
      TO ALLEGE THAT CROSTHWAITE WAS THE "MAKER" OF ANY
      STATEMENT AT ISSUE ..................................................................................................7

      A.    The Court Already Correctly Decided that *Janus* Applies Here, and
            Should Again Reject Plaintiffs' Attempt to Rely on Group Pleading .....................7

      B.    Plaintiffs Provide No Specific Facts that Demonstrate Mr. Crosthwaite's
            Control Over the October 25, 2018 Letter to the FDA .........................................11

      C.    Plaintiffs' New Allegations that Mr. Crosthwaite was a "Point-Person" For
            Conveying Drafts of the December 20, 2018 Press Release to JLI are
            Insufficient to Attach Liability.............................................................................14

II.   ALLOWING PLAINTIFFS' DELAYED AMENDMENT WOULD PREJUDICE
      MR. CROSTHWAITE...................................................................................................17

CONCLUSION...........................................................................................................................18

# TABLE OF AUTHORITIES

## CASES

*In re Banco Bradesco S.A. Sec. Litig.*,
277 F. Supp. 3d 600 (S.D.N.Y. 2017)................................................................................... passim

*In re Cannavest Corp. Sec. Litig.*,
307 F. Supp. 3d 222 (S.D.N.Y. 2018)................................................................................... 13

*Carpenters Pension Tr. Fund of St. Louis v. Barclays PLC*,
56 F. Supp. 3d 549 (S.D.N.Y. 2014)..................................................................................... 9

*CBX Techs., Inc.* v. *GCC Techs., LLC*,
No. 10-2112, 2012 WL 3038639 (D. Md. July 24, 2012) ........................................................ 6

*Cent. Bank of Denver, N.A. v. First Interstate Bank of Denver, N.A.*,
511 U.S. 164 .................................................................................................................... 11

*City of Pontiac Gen. Emps.' Ret. Sys. v. Lockheed Martin Corp.*,
875 F. Supp. 2d 359 (S.D.N.Y. 2012).................................................................................. 9

*Cornielsen v. Infinuim Cap. Mgmt., LLC*,
916 F.3d 589 (7th Cir. 2019) .............................................................................................. 10

*Deasy* v. *Hill*,
833 F.2d 38 (4th Cir. 1987) ................................................................................................ 17

*Equal Rts. Ctr. v. Niles Bolton Assocs.*,
602 F.3d 597 (4th Cir. 2010) .............................................................................................. 18

*In re Fannie Mae 2008 Sec. Litig.*,
891 F. Supp. 2d 458 (S.D.N.Y. 2012), *aff'd* 525 F. App'x 16 (2d Cir. 2013)................... 16, 17

*Glickenhaus & Co. v. Household Intern., Inc.*,
787 F.3d at 428 ........................................................................................................... 10, 15

*Halliburton Co. v. Erica P. John Fund, Inc.*,
573 U.S. 258 (2014)........................................................................................................... 8

*HealthSouth Rehab. Hosp. v. Am. Nat'l Red Cross*,
101 F.3d 1005 (4th Cir. 1996) ............................................................................................. 6

*Iron Workers Local 16 Pen. Fund v. Hilb Rogal & Hobbs Co.*,
432 F. Supp. 2d 571 (E.D. Va. 2006) ............................................................................. 10, 16

*Jackson v. Fischer*,
931 F. Supp. 2d 1049 (N.D. Cal. 2013) ................................................................................ 16

*Janus Cap. Grp. v. First Derivative Traders*,
    564 U.S. 135 (2011) ................................................................................................ passim

*Johnson v. Oroweat Foods Co.*,
    785 F.2d 503 (4th Cir. 1986) ............................................................................................ 6

*Laber v. Harvey*,
    438 F.3d 404 (4th Cir. 2006) ..................................................................................... 7, 17

*Matrix Cap. Mgmt. Fund, L.P. v. BearingPoint, Inc.*,
    576 F.3d 172 (4th Cir. 2009) ......................................................................................... 16

*Mayfield v. Nat'l Ass'n for Stock Car Auto Racing, Inc.*,
    674 F.3d 369 (4th Cir. 2012) .............................................................................. 7, 17, 18

*Oaktree Prinicipal Fund V, LP v. Warburg Pincus LLC*,
    No. CV15-8574, 2016 WL 6782768 (C.D. Cal. Aug. 9, 2016) .............................................. 13

*Prousalis v. Moore*,
    751 F.3d 272 (4th Cir. 2014) ........................................................................................... 8

*Save Our Sound OBX, Inc. v. N.C. Dep't of Transp.*,
    914 F.3d 213 (4th Cir. 2019) ..................................................................................... 3, 7

*In re Royal Ahold N.V. Secs. & ERISA Litig.*,
    351 F. Supp. 2d 334 (D. Md. 2004) .......................................................................... 2, 9, 10

*In re Smith Barney Transfer Agent Litig.*,
    884 F. Supp. 2d 152 (S.D.N.Y. 2012) .............................................................................. 12

*In re Solarcity Corp. Secs. Litig.*,
    274 F. Supp. 3d 972 (N.D. Cal. 2017) ....................................................................... 2, 9, 16

*Southland Secs. Corp. v. INSpire Ins. Sols., Inc.*,
    365 F.3d 353 (5th Cir. 2004) ........................................................................................ 10

*Teachers' Ret. Sys. of La. v. Hunter*,
    477 F.3d 162 (4th Cir. 2007) ........................................................................................... 7

*Todd v. STAAR Surgical Co.*,
    No. CV-14-05263, 2016 WL 6699284 (C.D. Cal. Apr. 12, 2016) ........................................... 9

*In re Triangle Cap. Corp. Secs. Litig.*,
    988 F.3d 743 (4th Cir. 2021) ................................................................................. 6, 7, 14

*In re Virtus Inv. Partners, Inc. Secs. Litig.*,
    195 F. Supp. 3d 528 (S.D.N.Y. 2016) .............................................................................. 12

*In re Volkswagen "Clean Diesel" Mkt., Sales Pracs., & Prods. Liability Litig.*,
  No. 2672, 2017 WL 3058563 (N.D. Cal. July 19, 2017)............................................ 9

*Wenzel v. Knight*,
  No. 14-CV-432, 2015 WL 3466863 (E.D. Va. June 1, 2015) .................................. 10

*Winer Family Tr. v. Queen*,
  503 F.3d 319 (3d Cir. 2007)...................................................................................... 10

## RULES

Fed. R. Civ. P. 9(b) .................................................................................................... 13

## TREATISES

6 Charles Wright & Arthur Miller, Federal Practice & Procedure § 1488 (1971) ........................ 17

## REGULATIONS

17 C.F.R. § 240.10b–5(b) ..................................................................................... passim

## INTRODUCTION

This Court previously dismissed Plaintiffs' "maker" claims against Defendant Kevin C. Crosthwaite because Plaintiffs failed to allege that Mr. Crosthwaite was among the defendants who signed Altria's SEC filings, or that his position as Chief Growth Officer at Altria "would give rise to the inference that he had control over such press releases." Op. at 27-28. Now, five months later, Plaintiffs seek to revive their "maker" claims against Mr. Crosthwaite by pointing to: (1) a letter sent to the FDA on October 25, 2018, and statements made the same day on Altria's earnings call; as well as (2) two December 20, 2018 press releases announcing the Altria investment in JLI. Plaintiffs' request for leave to amend should be denied because Plaintiffs still do not allege that Mr. Crosthwaite signed any of the documents or that Mr. Crosthwaite was in a position to instruct—or actually did instruct—Altria (or JLI or any other senior Altria executive) to make any particular statement. The October 25 letter was *signed* by Altria's former CEO, not by Mr. Crosthwaite, and Mr. Crosthwaite did not even participate in the October 25 earnings call. Needless to say, there are no allegations that Mr. Crosthwaite somehow had the power to direct the actions of the CEO. And the December 20 press releases neither quote Mr. Crosthwaite nor otherwise attribute any particular statement to him—one of the press releases is even from JLI, not Altria. Nor do Plaintiffs plausibly allege that the press releases (which Plaintiffs allege were reviewed by Mr. Crosthwaite's superior, Altria's former CEO) were issued at Mr. Crosthwaite's direction. Particularly at this late date—and also for the reasons explained in Altria's opposition to Plaintiffs' motion[1]—the Court should deny Plaintiffs' attempt to add "maker" allegations against Mr. Crosthwaite.

---

[1] In addition to the reasons set forth herein, Plaintiffs' motion for leave to amend also fails for the reasons set forth in Altria's opposition. To avoid duplicative filings, this brief endeavors not to reiterate those arguments.

As the Court's motion to dismiss opinion recognized, Plaintiffs' allegations must be tested under *Janus*'s rule that: "For purposes of Rule 10b–5, the maker of a statement is the person or entity with ultimate control over the statement, including its content and whether and how to communicate it." Op. at 27 (quoting *Janus Cap. Grp. v. First Derivative Traders*, 564 U.S. 135, 142 (2011)). Under *Janus*, to adequately plead that a person had, and exercised, ultimate authority over a statement, a plaintiff must allege more than that the person received or approved drafts of a statement, or even was the source of information contained in a statement. *See, e.g.*, *In re Solarcity Corp. Secs. Litig.*, 274 F. Supp. 3d 972, 1007 (N.D. Cal. 2017) (allegations that Chief Resource Officer was in charge of "assembling, reviewing and approving" key metrics were insufficient, where there was no allegation that he "actually had authority over whether those metrics were or were not included in" the relevant letters and filings). Here, Plaintiffs' proposed amendments fall far short.

*First,* as to the October 25 statements, Plaintiffs rely on boilerplate generic allegations that "Altria Defendants" made statements on October 25 in a letter to the FDA and on an earnings call with investors. *See* Proposed Am. Compl. ¶ 468. But boilerplate group pleading is improper in any circumstance, *see In re Royal Ahold N.V. Securities & ERISA Litigation*, 351 F. Supp. 2d 334, 370, 383-84 (D. Md. 2004), and it is particularly egregious when Plaintiffs fail to make clear that someone else—Mr. Crosthwaite's superior—actually signed and spoke the very same statements that Plaintiffs now argue Mr. Crosthwaite somehow "made." *See* Proposed Am. Compl. ¶¶ 465-67. As the Court already recognized in its motion to dismiss ruling, Mr. Crosthwaite cannot be liable under Rule 10b–5(b) for a document he did not sign, and *Janus* makes clear that even if Mr. Crosthwaite were the "speechwriter" for the investor call (which he was not), he still would not

2

have "made" the statements unless he was the one to give the speech. *Janus*, 564 U.S. at 142-43; *see also In re Banco Bradesco S.A. Sec. Litig.*, 277 F. Supp. 3d 600, 639-40 (S.D.N.Y. 2017).

*Second*, as to the December 20 press releases, Plaintiffs' allegations that Mr. Crosthwaite was the "point person" in collecting edits on the press releases do not come close to showing that Mr. Crosthwaite was the one who had ultimate control over the content of either the Altria or JLI press release, let alone how and whether to issue a press release at all. *See Janus*, 564 U.S. at 142. For example, Plaintiffs allege that "████████████████████████████████████████████ ████████████████████████████████████████████████████████████"—yet Mr. Willard was the former Altria CEO, Mr. Crosthwaite's superior. Proposed Am. Compl. ¶ 469. Plaintiffs further allege that ████████████████████████████████████████ ████████████████████████████████████████. *Id.* None of these allegations suggest that Mr. Crosthwaite had "ultimate authority over the statement, including its content and whether and how to communicate it." *Janus*, 564 U.S. at 142. Moreover, Plaintiffs say almost nothing about how Mr. Crosthwaite could have made the statements in the *JLI press release*, beyond another group pleading allegation that ███████████████ ████████████████████████████████████ Proposed Am. Compl. ¶ 469. This Court already recognized that Mr. Crosthwaite was not JLI's CEO at the time of the alleged misstatements. Op. at 28. And again, this kind of allegation suggests, at most, that Mr. Crosthwaite may have "prepare[d]" or "suggest[ed]" what to say, which *Janus* holds is not enough. *Janus*, 564 U.S. at 142 ("[o]ne who prepares or publishes a statement on behalf of another," or "merely suggest[s] what to say, [does] not 'make' a statement").

Because Plaintiffs' requested amendment fails to state a claim, amendment would be futile. *See Save Our Sound OBX, Inc. v. N.C. Dep't of Transp.*, 914 F.3d 213, 228 (4th Cir. 2019).

3

Additionally, the timing and substance of the amendment—filed five months after this Court ruled on Mr. Crosthwaite's motion to dismiss and seeking to introduce a new legal theory—will result in prejudice.  The Court should deny Plaintiffs' requested leave to amend their Rule 10b–5(b) claim against Mr. Crosthwaite for all of these reasons as well as those set forth in Altria's opposition brief.

## STATEMENT OF FACTS

This lawsuit arises from events surrounding an investment that Altria made in JLI in December 2018.  Plaintiffs complain that the investment resulted in a securities fraud scheme perpetrated by Altria, JLI, and several of the officers of each company, including Mr. Crosthwaite.  At the time of the investment, Mr. Crosthwaite was Senior Vice President and Chief Growth Officer at Altria.  He subsequently left Altria on September 24, 2019, to become the CEO of JLI.  Plaintiffs' Corrected Consolidated Complaint, dated July 1, 2020, included allegations about Mr. Crosthwaite's roles at Altria and JLI, and that he was responsible for statements contained in Altria's SEC filings, Altria press releases accompanying those filings, and a December 20, 2018 press release announcing Altria's investment in JLI.  *See, e.g.*, Corrected Compl. ¶¶ 454, 471, 481, 483, 489, 492, ECF No. 108.

On July 8, 2020, Mr. Crosthwaite moved to dismiss Plaintiffs' allegations against him because, *inter alia*, the Corrected Consolidated Complaint did not contain sufficient allegations that he was a "maker" of any of the allegedly false or misleading statements at issue.  Mr. Crosthwaite argued that he was not a "maker" of any of the alleged statements under Section 10(b) of the Securities Exchange Act of 1934 and Rule 10b–5(b) because he did not have "ultimate authority" over them, as required by the Supreme Court's decision in *Janus*, 564 U.S. at 142.  Because Mr. Crosthwaite did not sign any SEC filings, and Plaintiffs alleged no facts showing that

4

he had ultimate authority over any of the press releases, the motion to dismiss contended that it would be improper to let the claim go forward.

The Court agreed. In an opinion dated March 12, 2021, the Court found that the JLI statements could not be attributed to Mr. Crosthwaite because he was not the company's CEO at the time they were made. Op. at 27, ECF No. 140 ("Opinion" or "Op."). Plaintiffs had also failed to allege that he was responsible for the challenged Altria statements because Mr. Crosthwaite did not sign Altria SEC filings, and "Plaintiffs do not allege that Crosthwaite had sufficient control over the press releases at issue. Nor do they allege that Crosthwaite held a position at Altria—he served as Chief Growth Officer—that would give rise to the inference that he had control over such press releases." *Id.* at 28. The Court therefore concluded that "Plaintiffs cannot advance their claims under Rule 10b–5(b) against Defendant Crosthwaite." *Id.*

Five months later, Plaintiffs sought leave to file an amended complaint. *See* Pls.' Mot. for Leave to File Am. Compl., ECF No. 270. The Proposed Amended Complaint re-pleads the same "maker" theory of liability against Mr. Crosthwaite that the Court dismissed. *See* Mem. in Supp. of Lead Pls.' Mot. for Leave to File First Am. Compl. ("Mem.") at 2; *see also* Mem. Ex. A, ECF No. 218 (the Proposed Amended Complaint ("Proposed Am. Compl."); Mem. Ex. B, ECF No. 218 (redline comparing Complaint and Proposed Amended Complaint). Plaintiffs claim that Mr. Crosthwaite and other Altria defendants "made" allegedly false or misleading statements contained in an October 25, 2018 letter to the FDA and Altria's same-day earnings call (Proposed Amended Complaint ¶¶ 465-66) and two December 20, 2018 press releases—one issued by Altria (*id*. ¶ 469) and one issued by JLI (*id*. ¶ 480). All of these documents figured into Plaintiffs' Corrected Consolidated Complaint, but the October 25, 2018 letter to the FDA was not alleged to be a basis for liability under Rule 10b–5(b) in that pleading, and Plaintiffs did not previously allege Mr.

5

Crosthwaite was involved with the JLI press release or earnings call. *See* Corrected Compl. Plaintiffs' Motion was filed on August 6, 2021, after the close of document discovery.

## LEGAL STANDARD

This Court previously directed that "if Lead Plaintiffs do not file an amended pleading in response to Defendants' motion to dismiss, the Court will resolve the relevant motion based on the consolidated amended complaint, with leave to amend granted only upon satisfaction of Rule 16(b)(4) and Rule 15." Order at 2, ECF No. 72. Plaintiffs did not file an amended pleading in response to Defendants' motions to dismiss. *See* Opp'ns to Mots. to Dismiss, ECF Nos. 126, 127.

Under Rule 16(b)(4), leave to amend "will only be granted if it satisfies both the 'good cause' standard of Rule 16(b)(4) *and* the standard of Rule 15(a)(2) for allowing amendment of pleadings." *CBX Techs., Inc.* v. *GCC Techs., LLC*, No. 10-2112, 2012 WL 3038639, at *3 (D. Md. July 24, 2012) (emphasis added).

In accordance with to Rule 15, a Court should deny leave to amend if it finds prejudice, bad faith, or futility. *In re Triangle Cap. Corp. Secs. Litig.*, 988 F.3d 743, 750 (4th Cir. 2021) (affirming dismissal of Section 10(b) and 20(a) claims with prejudice). Undue delay, if "accompanied by futility or prejudice to the non-movant" is also "a sufficient reason" for denying leave to amend. *HealthSouth Rehab. Hosp. v. Am. Nat'l Red Cross*, 101 F.3d 1005, 1010 (4th Cir. 1996).

A proposed amendment is futile when it is "clearly insufficient . . . on its face" or if "the claim it presents would not survive a motion to dismiss." *Save Our Sound*, 914 F.3d at 228 (quoting *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 510 (4th Cir. 1986)). In other words, if the complaint as amended would fail to state a claim for securities fraud, the Court should not permit amendment. This includes when the amended pleading fails to meet the heightened pleading standards of the Private Securities Litigation Reform Act ("PSLRA") or Federal Rule of

Civil Procedure 9(b), *see In re Triangle*, 988 F.3d at 756 and *Teachers' Retirement System of Louisiana v. Hunter*, 477 F.3d 162, 188 (4th Cir. 2007), which require particularized facts identifying who "made" the statement and where and when a statement was made. *See In re Banco Bradesco*, 277 F. Supp. 3d at 629. Additionally, "[w]hether an amendment is prejudicial will often be determined by the nature of the amendment and its timing," and the further along the case progresses, the greater likelihood of prejudice. *Mayfield v. Nat'l Ass'n for Stock Car Auto Racing, Inc.*, 674 F.3d 369, 379 (4th Cir. 2012) (quoting *Laber v. Harvey*, 438 F.3d 404, 427 (4th Cir. 2006)).

**ARGUMENT**

**I.     AMENDMENT WOULD BE FUTILE BECAUSE PLAINTIFFS STILL FAIL TO ALLEGE THAT CROSTHWAITE WAS THE "MAKER" OF ANY STATEMENT AT ISSUE**

Plaintiffs' request to re-allege a maker claim against Mr. Crosthwaite is futile because it "would not survive a motion to dismiss," for the same reasons that the Court found before. *Save Our Sound*, 914 F.3d at 228. Plaintiffs' group pleading arguments fail as inconsistent with the Supreme Court's decision in *Janus* and the heightened pleading requirements of the PSLRA and Rule 9(b). So do their new allegations about Mr. Crosthwaite's participation in the October 25 FDA letter and earnings call, as well as the December 20 Altria and JLI press releases. The amendment would also prejudice Mr. Crosthwaite, as well as the other Defendants. The Court should deny Plaintiffs' motion as to the Rule 10b–5(b) claim against Mr. Crosthwaite.

**A.     The Court Should Again Reject Plaintiffs' Attempt to Rely on Group Pleading**

Plaintiffs already tried and failed to convince the Court of its group pleading theory that Mr. Crosthwaite should be responsible for certain statements as "an Altria Defendant" or—as Plaintiffs now allege—simply as one of the "Defendants." *See* Proposed Am. Compl. ¶ 468 (alleging that "Altria Defendants" are responsible for statements in Altria press release); *id.* ¶ 481

7

(alleging that "Defendants knew but failed to disclose" information in JLI press release); Mem. at 13-14.  This Court correctly applied *Janus* in evaluating the claims against Mr. Crosthwaite the first time around—considering Mr. Crosthwaite's liability on an individual basis, and concluding that Plaintiffs failed to allege that Mr. Crosthwaite "can bear responsibility for any of the [alleged] statements, because none of the statements at issue can be attributed to him and he lacked the requisite control over any of the statements."  Op. at 27.  To allow Plaintiffs' broad-sweeping allegations now would undermine the Court's prior order and subvert the proper Rule 10b–5(b) test, as laid out by the Supreme Court in *Janus*.  The Court should follow the *Janus* rubric again and disregard Plaintiffs' group pleading allegations.  *See* Proposed Am. Compl. ¶¶ 468, 481.

Rule 10b–5(b) makes it unlawful for "any person, directly or indirectly, . . . [t]o make any untrue statement of a material fact," in connection with the purchase or sale of a security. 17 C.F.R. § 240.10b–5(b).  In *Janus*, the Supreme Court defined someone who "makes" a statement as the "person or entity with ultimate authority over the statement, including its content and whether and how to communicate it."  564 U.S. at 142.  Conversely, a person "who prepares or publishes a statement on behalf of another is not its maker."  *Id.*  The Court explained that this definition was intentionally limited, to "accord[] with the narrow scope that we must give the implied private right of action."  *Id.* at 144; *see also Prousalis v. Moore*, 751 F.3d 272, 277 (4th Cir. 2014) ("the *Janus* opinion evinces a general desire to circumscribe implied causes of action").  "The *Janus* Court reasoned that a more expansive interpretation of primary liability under the implied right would functionally render aiders and abettors a null set," 751 F.3d at 277, or create overlap with control person liability—both of which the Court declined to do.  *Janus*, 564 U.S. at 146; *see also Halliburton Co. v. Erica P. John Fund, Inc.*, 573 U.S. 258, 274-75 (2014) (noting that *Janus* followed a line of cases rejecting a broader version of Rule 10b–5 because it "would

8

have eviscerated the requirement that a plaintiff prove that he relied on a misrepresentation made by the defendant" under Rule 10b–5).  At bottom, to preserve the narrowness of the implied right of action, *Janus* "expressly rejected the notion that it was sufficient for a defendant to have been involved in 'creating' the challenged statement by 'participating in the drafting of' the statement or by 'prepar[ing] or publish[ing] a statement on behalf of another.'"  *In re Banco Bradesco*, 277 F.  Supp. 3d at 640 (alterations in original) (quoting *Janus*, 564 U.S. at 144-46).

Despite the individualized nature of the "ultimate authority" inquiry, Plaintiffs continue to group Mr. Crosthwaite with other defendants and assert that they collectively made the challenged statements.  Proposed Am. Compl. ¶¶ 468, 481; Mem. at 13 ("Defendant Crosthwaite was a 'maker' of statements in Altria's December 20, 2018 press release").[2]  This type of group pleading

---

[2] Plaintiffs cite four out-of-Circuit cases that are either inapposite or inconsistent with Fourth Circuit law.  Mem. at 14-15.  In particular, *City of Pontiac General Employees' Retirement System v. Lockheed Martin Corp.*, 875 F. Supp. 2d 359, 362, 374-75 (S.D.N.Y. 2012), is inconsistent with later decisions from the same district court, *see, e.g.*, *In re Banco Bradesco*, 277 F. Supp. 3d at 639-40, and in any event, relied on the group pleading doctrine that Fourth Circuit district courts have rejected, *see, e.g.*, *In re Royal Ahold N.V. Securities*, 351 F. Supp. 2d at 369-70, 383-84.  And *In re Volkswagen "Clean Diesel" Marketing, Sales Practices, & Products Liability Litigation*, No. 2672, 2017 WL 3058563, at *8 (N.D. Cal. July 19, 2017), likewise relied on the group pleading doctrine and also involved allegations that defendants in the position of CEO had actually exercised control of the content of an offering memorandum.  *Carpenters Pension Trust Fund of St. Louis v. Barclays PLC*, similarly involved allegations against a defendant in the position of President who "was able to cause Barclays Bank to *make* false LIBOR statements by *instructing* them to do so."  56 F. Supp. 3d 549, 556-59 (S.D.N.Y. 2014), (emphases in original).  And the district court in *Todd v. STAAR Surgical Co.*, characterized as "admittedly a close call" whether a senior executive could be held liable for statements in SEC filings about compliance with FDA regulations, allowing the claim because plaintiff alleged that he was "responsible for any statements concerning FDA regulatory compliance" and that he was "the FDA's point of contact at the Company and the person responsible for responding to the FDA's requests for information and documents during inspection."  No. CV-14-05263, 2016 WL 6699284, at *3-4, 12 (C.D. Cal. Apr. 12, 2016).  Plaintiffs make no similar allegations here, and *Todd* is also inconsistent with a later published decision from within the same Circuit that more faithfully applied *Janus*.  *See, e.g.*, *In re Solarcity*, 274 F. Supp. at 1007 (holding that *Janus* does not impose liability where defendants "was significantly involved in preparing" the documents at issue, but the final statements were "subject to the ultimate control" of someone else).

9

is fundamentally inconsistent with the pleading requirements of *Janus* and securities law claims. The group pleading doctrine's low bar—allowing presumption of individual liability for group-published statements that are "'the collective work' of corporate insiders," *In re Banco Bradesco*, 277 F. Supp. 3d at 640 (citation omitted)—cannot be squared with *Janus*, which held that even direct participation in the creation of a statement is not enough to transform someone into a "maker."   564 U.S. at 144-45 (rejecting argument that "make" should be interpreted to include liability for "a person who 'provides the false or misleading information that another person then puts into the statement'" (citation omitted)); *see Glickenhaus & Co. v. Household Intern., Inc.*, 787 F.3d at 428 ("The plaintiffs argue that he was also a 'maker' of the false statements in the SEC filings and press releases because as a high-ranking officer, he reviewed and approved them.  But the same could have been said for the investment advisor in *Janus*."); *In re Banco Bradesco*, 277 F. Supp. 3d at 639-40 ("the group-pleading doctrine does not survive *Janus*").  Similarly, courts within the Fourth Circuit recognize group pleading as "inconsistent with the particularity and specificity required by the PSLRA and Rule 9(b)."  *In re Royal Ahold N.V. Secs. & ERISA Litig.*, 351 F. Supp. 2d at 369-70, 383-84 (following "the sound reasoning of other district courts in this Circuit that have addressed the issue and declin[ing] to apply the group published information doctrine"); *see also Wenzel v. Knight,* No. 14-CV-432, 2015 WL 3466863, at *9 (E.D. Va. June 1, 2015); *Iron Workers Local 16 Pension Fund v. Hilb Rogal & Hobbs Co.*, 432 F. Supp. 2d 571, 594-95 (E.D. Va. 2006).  Other Circuits agree.[3]

Plaintiffs' suggestion that the Court should accept their allegations because they lumped Mr. Crosthwaite together with the Altria CEO and CFO as an "Altria Defendant," and even with

---

[3] *See, e.g.*, *Cornielsen v. Infinuim Cap. Mgmt., LLC*, 916 F.3d 589, 599-600 (7th Cir. 2019); *Winer Family Tr. v. Queen*, 503 F.3d 319, 334-37 (3d Cir. 2007); *Southland Secs. Corp. v. INSpire Ins. Sols., Inc.*, 365 F.3d 353, 364 (5th Cir. 2004).

10

JLI executives as a "Defendant," is inconsistent with Rule 9(b) and would expand liability for implied private rights of action in precisely the way that *Janus* sought to avoid. *See Janus*, 564 U.S. at 143; *Cent. Bank of Denver, N.A. v. First Interstate Bank of Denver, N.A.*, 511 U.S. 164, 177-78 ("We cannot amend [Section 10(b)] to create liability for acts that are not themselves manipulative or deceptive within the meaning of the statute."); *In re Banco Bradesco*, 277 F. Supp. 3d at 640-41 (rejecting group pleading doctrine as inconsistent with *Janus* and Rule 9(b)).  Under *Janus* and Rule 9(b), "a securities fraud plaintiff must allege facts showing, either directly or circumstantially, that the *individual defendants* named in the complaint possessed ultimate authority over the statements at issue." *In re Banco Bradesco*, 277 F. Supp. 3d at 640-41 (emphasis added).  This is exactly what the Court held in its prior opinion. *See* Op. at 27-28.  The Court should again disregard all group-pled allegations (Proposed Amended Complaint ¶¶ 468, 481), and consider only whether Mr. Crosthwaite had "ultimate authority" over any allegedly false or misleading statements on an individual basis.  For the reasons discussed below, he did not.

**B.      The Court Should Deny Plaintiffs' Request To Bring A Maker Claim Against Mr. Crosthwaite Based On The October 25, 2018 Statements**

The challenged October 25 statements were all signed or delivered by another defendant in this case, not Mr. Crosthwaite. Ex. 1 (Letter from Howard A. Willard III to Scott Gottlieb, M.D. (Oct. 25, 2018));[4] Ex. 2 (Altria Q3 2018 Results – Earnings Call Transcript ("Earnings Call Tr."))Ex. 2 (Altria Q3 2018 Results – Earnings Call Transcript ("Earnings Call Tr.")).[5]  Under *Janus*, and this Court's prior decision, this alone is fatal to Plaintiffs' efforts:  courts routinely hold that an individual cannot be held liable for a document he did not sign or a statement he did not

---

[5] Citations to numerical exhibits (*e.g.*, Ex. 1) are the Declaration of Matthew J. Peters filed concurrently herewith.

11

deliver. *Janus*, 564 U.S. at 143 ("Even when a speechwriter drafts a speech, the content is entirely within the control of the person who delivers it. And it is the speaker who takes credit—or blame—for what is ultimately said."); Op. at 28 (holding that Mr. Crosthwaite is not liable for SEC filings that he did not sign). In addition to this fatal flaw, Plaintiffs' allegations that Mr. Crosthwaite participated in the review and drafting of the October 25 letter are the same type of generic and conclusory allegations this Court already rejected, Op. at 27-28, and Plaintiffs make no effort to plead that Mr. Crosthwaite acted with scienter with respect to the October 25 statements.

Beginning with the FDA letter: Plaintiffs' own allegations admit that "[t]he letter was signed by Willard" alone. Proposed Am. Compl. ¶ 465; *see also id.* ¶¶ 407, 419. And the earnings call transcript shows that Mr. Crosthwaite did not participate at all, let alone actually make the challenged statements—which were delivered by Altria's former CEO. *Compare* Proposed Am Compl. ¶¶ 466-67 *with* Ex. 2 (Earnings Call Tr.).

"[A]ttribution within a statement or implicit from surrounding circumstances is strong evidence that a statement was made by—and only by—the party to whom it is attributed." *Janus*, 564 U.S. at 142-43. Courts following Janus—including this one—have recognized that a person does not "make" statements that are explicitly signed or spoken by someone else. *See In re Banco Bradesco*, 277 F. Supp. 3d at 639-40 (acknowledging holding of *Janus* that "[e]ven when a speechwriter drafts a speech, the content is entirely within the control of the person who delivers it" (quoting *Janus*, 564 U.S. 142-43)); *In re Virtus Inv. Partners, Inc. Secs. Litig.*, 195 F. Supp. 3d 528, 541 (S.D.N.Y. 2016) (dismissing claims against defendants who "did not sign the public filings at issue and [we]re not alleged to have had authority over their contents"); *In re Smith Barney Transfer Agent Litig.*, 884 F. Supp. 2d 152, 165 (S.D.N.Y. 2012) ("Because [the defendant] did not sign those filings, he did not 'make' the statements they contained."). Plaintiffs provide

12

no basis for concluding that Mr. Crosthwaite had "ultimate authority" over the statements signed or spoken by others.

Attribution aside, the allegations also fail for lack of particularity. As to the FDA letter, Plaintiffs allege that ████████████████████████████████████████████ ████████████████████████████████████████████ ████████████████ Proposed Am. Compl. ¶¶ 415, 465. But these allegations are similar to the generic and conclusory allegations the Court already rejected. *See* Op. at 27-28; Corrected Compl. ¶¶ 33, 565 (alleging that "Altria Defendants participated directly or indirectly in the preparation and/or issuance" of statements at issue). Even worse, the Proposed Amended Complaint contains no specific allegations about any involvement by Mr. Crosthwaite with statements spoken by Altria's former CEO during the earnings call. Proposed Am. Compl. ¶¶ 466-467; *see also* Ex. 2 (Earnings Call Tr.). The allegations are "generic and conclusory," and lack the specificity necessary to plead that Mr. Crosthwaite had "ultimate authority" over the FDA letter. *In re Cannavest Corp. Sec. Litig.*, 307 F. Supp. 3d 222, 242 (S.D.N.Y. 2018) (allegation that defendant "did influence and control" the content of statements at issue was inadequate); *Oaktree Prinicipal Fund V, LP v. Warburg Pincus LLC*, No. CV15-8574, 2016 WL 6782768, at *10 (C.D. Cal. Aug. 9, 2016) ("generalized, conclusory allegations," including that defendant "controlled, drafted, and participated in the investor calls" at issue were insufficient under *Janus*). Likewise, they fail to meet the specificity requirements of Rule 9(b). Fed. R. Civ. P. 9(b) (plaintiff must "state with particularity the circumstances constituting fraud").

In addition to failing to allege with particularity that Mr. Crosthwaite had ultimate authority over the October 2018 FDA Letter, Plaintiffs' proposed amendment does not even attempt to provide allegations specific to Mr. Crosthwaite showing that he was at least severely recklessness

13

as to the contents of the letter, such that "the danger [of misleading the plaintiff] was either known to the defendant or so obvious that the defendant must have been aware of it." *See In re Triangle*, 988 F.3d at 743, 751  Plaintiffs' scienter arguments with regard to the FDA Letter are largely based on ███████████████████████████████████████████████████████████████████████ ████████████████████████████. *See* Mem. 11-12 (citing Proposed Am. Compl. ¶¶ 417-18). ████████████████████████████████████████████████████████ says nothing about Mr. Crosthwaite's mental state with regard to the contents of a letter to the FDA sent weeks later and signed by the company's CEO. *See* Proposed Am. Compl. ¶ 407 (alleging that on October 25, 2018, Altria's CEO "submitted a letter in response to the FDA's call to combat the youth epidemic").

### C.    The Court Should Deny Plaintiffs' Request To Bring A Maker Claim Against Mr. Crosthwaite Based On The December 20, 2018 Press Releases

Although the Court already rejected the Altria December 20 press release as a basis for liability against Mr. Crosthwaite, Op. at 28, Plaintiffs now seek to revive that claim, as well as a claim based on the JLI press release on the same day. *See* Proposed Am. Compl. ¶ 481.  The Court should reject Plaintiffs' efforts because Plaintiffs again fail to allege that the documents were attributed to Mr. Crosthwaite or that Mr. Crosthwaite controlled any particular statement in the press releases or how and whether to issue them at all.

Plaintiffs do not allege, as required under *Janus*, that anything Mr. Crosthwaite did "made it necessary or inevitable for" either the Altria or JLI press releases to contain any false or misleading statement.  564 U.S. at 144 ("the maker of a statement is the entity with authority over the content of the statement and whether and how to communicate it," because "[w]ithout such authority, it is not 'necessary or inevitable' that any falsehood will be contained in the statement").  For example, they do not allege that there is anything "on the face" of either press release that

14

attributes any statements contained therein to Mr. Crosthwaite.  *Id.* at 147; *see also* Op. at 27 (finding no allegation of "maker" liability "because none of the statements at issue can be attributed to him").  Nor is there any allegation that Mr. Crosthwaite is the one who decided whether and how to issue the press release.  *Janus*, 564 U.S. at 143.  For the JLI press release, the entirety of Plaintiffs' allegations are that ████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████    Proposed Am. Compl. ¶ 469.

Contrary to alleging ultimate authority over the press releases, Plaintiffs' own allegations demonstrate that Mr. Crosthwaite did *not* control the "content and whether and how to communicate" either the Altria or JLI press release.  *Janus*, 564 U.S. at 142.  Plaintiffs admit that both the ███████████████████████████████████████████ the Altria press release.  Proposed Am. Compl. ¶ 469.  And they allege that Mr. █████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

██████████████████████████████████    is the near antithesis of being a person who "*actually exercised* control over the content of the press release[] and whether and how [it was] communicated."  *Glickenhaus*, 787 F.3d at 424, 426-28 (holding that it was prejudicial error to give jury instruction that CEO was liable as "maker" of statement because he "approved or furnished information to be included in a false statement").  Indeed, Plaintiffs' designation of Mr. Crosthwaite ██████████████  in the Proposed Amended Complaint aptly suggests that ████████

15

██████████████████████████████████████████████████. *See* Proposed Am. Compl. ¶ 469.

That is certainly insufficient under *Janus*, which foreclosed the possibility that "the person who 'suggests what to say' or drafts the language can be liable as the 'maker' of the statement," *In re Fannie Mae 2008 Sec. Litig.*, 891 F. Supp. 2d 458, 483 (S.D.N.Y. 2012) (quoting *Janus*, 564 at 142), *aff'd*, 525 F. App'x 16 (2d Cir. 2013), and concluded that even the source of information in a statement is not the "maker" of the statement. *Janus*, 564 U.S. at 144-45 (rejecting argument that the "person who 'provides the false or misleading information that another person then puts into the statement'" is sufficient for "maker" liability); *see also In re Solarcity*, 274 F. Supp. 3d at 972, 1007 ("merely acting as the 'source' of allegedly false or misleading information does not mean that such a person had 'ultimate authority' over the statements that were then communicated to the public"); *Jackson v. Fischer*, 931 F. Supp. 2d 1049, 1060 (N.D. Cal. 2013) (similar).

Apart from failing to allege adequately "maker" liability against Mr. Crosthwaite with respect to the December 2018 press releases, Plaintiffs have not plead any facts specific to Mr. Crosthwaite that demonstrate he acted with at least recklessness as to the press releases. *See Matrix Cap. Mgmt. Fund, L.P. v. BearingPoint, Inc.*, 576 F.3d 172, 190 (4th Cir. 2009). Instead, the Proposed Amended Complaint generally seeks to infer scienter against Mr. Crosthwaite as "senior officer[]" of Altria, *see* Proposed Amended Complaint ¶ 552, and merely declares that the "Altria Defendants" or "Defendants" collectively knew the alleged falsity of the press releases. *See id.* ¶¶ 471, 473, 479, 481. These are precisely the type of generalized allegations lacking specificity as to Mr. Crosthwaite that courts conclude do not support a strong inference of scienter. *See Iron Workers Local 16 Pension Fund*, 432 F. Supp. 2d at 592 (E.D. Va. 2006).

In sum, "[a]ny role [Mr. Crosthwaite] served in the drafting process, or in preparing and publishing the [press release] is insufficient to impose primary liability under *Janus*." *In re Fannie*

16

*Mae*, 891 F. Supp. 2d at 484.  Plaintiffs plead no facts that require the Court's reversal of its earlier conclusion on Mr. Crosthwaite's lack of control over the December 20, 2018 press release.

## II.     ALLOWING PLAINTIFFS' DELAYED AMENDMENT WOULD PREJUDICE MR. CROSTHWAITE

Plaintiffs' eleventh-hour amendment should also be denied as prejudicial to Mr. Crosthwaite.  "Whether an amendment is prejudicial will often be determined by the nature of the amendment and its timing."  *Mayfield*, 674 F.3d at 379 (quoting *Laber v. Harvey*, 438 F.3d 404, 427 (4th Cir. 2006)).  "Here, the conduct giving rise to this lawsuit occurred nearly three years ago," and Plaintiffs have had "ample time to make any amendments."  *Id.*  All of the documents at issue with regard to Mr. Crosthwaite in the Proposed Amended Complaint—the FDA letter and the press releases—are long known to Plaintiffs.  The same is true of the earnings call transcript.  Indeed, Plaintiffs referenced all of these items in their Corrected Consolidated Complaint dated July 1, 2020.  *E.g.*, Corrected Compl. ¶¶ 401-02, 454.

There is no good explanation why Plaintiffs did not previously allege in July 2020 that the October 25 FDA letter (or other October 25 statements) contained misstatements actionable under Rule 10b–5(b).  *See, e.g.*, *id.* ¶ 2 (alleging a class period that post-dated the FDA letter).  There is also no good explanation for why Plaintiffs did not previously raise their new allegations about any purported involvement by Mr. Crosthwaite in the December 2018 press release.  The discovery materials characterized in Plaintiffs' motion were produced on May 26, 2021, Ex. 3 (May 26, 2021 Altria Production Letter), and, as previously noted, this Court's March 2021 opinion identified for Plaintiffs their pleading deficiencies with respect to the press release, Op. at 27-28; *see Deasy* v. *Hill*, 833 F.2d 38, 41 (4th Cir. 1987) ("a motion to amend should be made as soon as the necessity for altering the pleading becomes apparent" (quoting 6 Charles Wright & Arthur Miller, Federal Practice & Procedure § 1488 (1971))).

17

Plaintiffs' undue delays are especially likely to cause prejudice to Mr. Crosthwaite because the Court already dismissed Plaintiffs' Rule 10b–5(b) claim against him, as well as because Plaintiffs seek to use the October 25 statements to introduce a new legal theory rooted in antitrust that is far afield from the theories about youth marketing currently animating this litigation, as explained in Altria's opposition.  "[T]he amendment—coming so belatedly—would change the nature of the litigation and, would therefore, prejudice" Mr. Crosthwaite.  *Mayfield*, 674 F.3d at 380 (quoting *Equal Rts. Ctr. v. Niles Bolton Assocs.*, 602 F.3d 597, 604 (4th Cir. 2010)).

"The amount of discovery is also a relevant consideration in determining whether prejudice would result from the granting of a 15(a) motion."  *Mayfield*, 674 F.3d at 380.  Document discovery in the litigation is *closed* and all information relevant to the claims against Mr. Crosthwaite has been produced.  *See id.*, 674 F.3d at 379 (denying leave to amend in part because "a significant amount of discovery had already been conducted").  Moreover, class certification proceedings are already well underway.  Plaintiffs' characterization of their proposed amendment as "early in the discovery process" and "far from the end of discovery" (Mem. at 2, 9), is misleading.

Due to the hardships that would result, which include those described in the Altria opposition brief, Plaintiffs' request for leave to amend a maker theory against Mr. Crosthwaite should be denied.

## CONCLUSION

Plaintiffs' belated Proposed Amended Complaint fails to cure the pleading defects the Court identified in its earlier decision dismissing the Rule 10b–5(b) claim against Mr. Crosthwaite. For the reasons stated herein, as well as for those in the opposition filed contemporaneously by Defendant Altria, the Court should deny Plaintiffs' motion for leave to amend.

18

Dated:  August 20, 2021

By: */s/ J. Christian Word*

Andrew Clubok (*pro hac vice*)
J. Christian Word (VSB #46008)
Susan E. Engel (*pro hac vice*)
Matthew J. Peters (*pro hac vice*)
LATHAM & WATKINS LLP
555 Eleventh Street, NW, Suite 1000
Washington, D.C. 20004
Telephone: 202-637-2200
Facsimile: 202-637-2201
andrew.clubok@lw.com
christian.word@lw.com
susan.engel@lw.com
matthew.peters@lw.com

*Counsel for Defendant Kevin C. Crosthwaite*

19

## **CERTIFICATE OF SERVICE**

I certify that this 20th day of August 2021, I caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the email addresses denoted on the Electronic Mail Notice List.

/s/ J. Christian Word
J. Christian Word (VSB #46008)