UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| GABBY KLEIN et al., Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>ALTRIA GROUP, INC. et al.,<br><br>Defendants. | Civil Action No. 3:20-cv-00075-DJN<br><br>CLASS ACTION |

**JOINDER AND MEMORANDUM OF LAW OF DEFENDANTS
JUUL LABS, INC., ADAM BOWEN, JAMES MONSEES, AND KEVIN BURNS
IN OPPOSITION TO PLAINTIFFS' MOTION FOR CLASS CERTIFICATION**

## TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES .................................................................................................... ii

PRELIMINARY STATEMENT ............................................................................................... 1

LEGAL STANDARD ............................................................................................................. 2

ARGUMENT........................................................................................................................... 3

    I.     PLAINTIFFS HAVE NOT MET THEIR BURDEN OF PROVING
          PREDOMINANCE BECAUSE THEY CANNOT RELY ON A
          PRESUMPTION OF STANDING OR RELIANCE. ............................................ 3

          A.     Plaintiffs are not entitled to the *Basic* presumption of reliance, which is
                   limited to statements made about the issuer. ............................................. 4

          B.     In any event, Plaintiffs have not met their burden of proving that Altria
                   stock was efficient with respect to JLI statements..................................... 6

    II.    PLAINTIFFS LACK STANDING TO SUE THE JLI DEFENDANTS............. 10

CONCLUSION...................................................................................................................... 11

i

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Basic Inc. v. Levinson*,
  485 U.S. 224 (1988)................................................................................................3, 4, 7

*Blue Chip Stamps v. Manor Drug Stores*,
  421 U.S. 723 (1975)........................................................................................................6

*Burke v. Nationstar Mortg. LLC*,
  2016 WL 4231705 (E.D. Va. Aug. 9, 2016)..................................................................10

*Cammer v. Bloom*,
  711 F. Supp. 1264 (D.N.J. 1989) ................................................................................4, 5

*Carlucci v. Han*,
  907 F. Supp. 2d 709 (E.D. Va. 2012) .............................................................................4

*Cent. Wesleyan College v. W.R. Grace & Co.*,
  6 F.3d 177 (4th Cir. 1993) ............................................................................................10

*Comcast Corp. v. Behrend*,
  569 U.S. 27 (2013)..........................................................................................................2

*Cooke v. Manufactured Homes, Inc.*,
  998 F.2d 1256 (4th Cir. 1993) ........................................................................................4

*Duane & Virginia Lanier Tr. v. SandRidge Mississippian Tr.*,
  361 F. Supp. 3d 1162 (W.D. Okla. 2019)......................................................................9

*Erica P. John Fund, Inc. v. Halliburton Co.*,
  563 U.S. 804 (2011)........................................................................................................3

*Gariety v. Grant Thornton, LLP*,
  368 F.3d 356 (4th Cir. 2004) ......................................................................................4, 7

*Glaser v. Enzo Biochem, Inc.*,
  303 F. Supp. 2d 724 (E.D. Va. 2003) .............................................................................4

*Goldman Sachs Grp., Inc. v. Arkansas Tchr. Ret. Sys.*,
  141 S. Ct. 1951 (2021).....................................................................................................4

*Graves v. Lioi*,
   930 F.3d 307 (4th Cir. 2019) ..............................................................................................10

*Halliburton Co. v. Erica P. John Fund, Inc.*,
   573 U.S. 258 (2014)..........................................................................................................3, 4

*Harbinger Cap. Partners LLC v. Deere & Co.*,
   632 F. App'x 653 (2d Cir. 2015) .......................................................................................10

*In re Altisource Portfolio Sols., S.A. Sec. Litig.*,
   2015 WL 12001262 (S.D. Fla. Sept. 4, 2015) ...................................................................10

*In re Initial Pub. Offering Sec. Litig.*,
   471 F.3d 24 (2d Cir. 2006)...................................................................................................6

*In re Xcelera.com Sec. Litig.*,
   430 F.3d 503 (1st Cir. 2005)................................................................................................7

*Janus Cap. Grp., Inc. v. First Derivative Traders*,
   564 U.S. 135 (2011)..............................................................................................................6

*Katyle v. Penn Nat'l Gaming, Inc.*,
   637 F.3d 462 (4th Cir. 2011) ...............................................................................................4

*Malone v. Microdyne Corp.*,
   148 F.R.D. 153 (E.D. Va. 1993) ..........................................................................................4

*Menora Mivtachim Ins. Ltd. v. Int'l Flavors & Fragrances Inc.*,
   2021 WL 1199035 (S.D.N.Y. Mar. 30, 2021) ...................................................................10

*Ontario Pub. Serv. Emps. Union Pension Tr. Fund v. Nortel Networks Corp.*,
   369 F.3d 27 (2d Cir. 2004)...............................................................................................9, 10

*Stoneridge Inv. Partners v. Scientific-Atlanta*,
   552 U.S. 148 (2008)...............................................................................................................5

*Tyson Foods, Inc. v. Bouaphakeo*,
   577 U.S. 442 (2016)...............................................................................................................3

*Wal-Mart Stores, Inc. v. Dukes*,
   564 U.S. 338 (2011).....................................................................................................2, 6, 9

*Zelman v. JDS Uniphase Corp.*,
   376 F. Supp. 2d 956 (N.D. Cal. 2005) .................................................................................9

iii

**<u>Rules</u>**

Fed. R. Civ. P. 23(a) ..................................................................................................................2

Fed. R. Civ. P. 23(b)(3).............................................................................................................2

Defendants Juul Labs, Inc. ("JLI"), Adam Bowen, James Monsees, and Kevin Burns (collectively with JLI, the "JLI Defendants"), join and incorporate by reference the Altria Defendants' Memorandum of Law in Opposition to Lead Plaintiffs' Motion for Class Certification, and submit this separate Memorandum of Law in Opposition to Plaintiffs' Motion for Class Certification (the "Motion").

## PRELIMINARY STATEMENT

The Plaintiffs in this putative securities fraud class action have no relationship with the JLI Defendants. They are investors in Altria Group, Inc. ("Altria"), a separate, publicly traded company that acquired a 35% minority stake in JLI in December 2018. The crux of Plaintiffs' claim is that Altria, JLI, and certain principals allegedly misled Altria investors about Altria's investment in JLI by misstating whether JLI intentionally designed and marketed its products to underage users. Although JLI challenges whether those investors have standing to sue the JLI Defendants, the Court previously held that JLI "can face liability for its own statements that *Altria investors may have relied upon*." Mem. Op. at 20, ECF No. 140 (emphasis added).

By their Motion, Plaintiffs now urge the Court to find that their proposed class complies with Rule 23(b)(3)'s stringent predominance requirement by doing something it appears no federal court has ever done before: simply *presuming* that every investor in one publicly traded company detrimentally "relied upon" the alleged misstatements made by a separate, privately held company *about itself*. On the law and on the facts, the Court should reject such a presumption and deny certification as to the JLI Defendants.

*First*, as a matter of law, Plaintiffs are not entitled to rely upon the judicially created fraud-on-the-market presumption as they seek to do here. From its inception, the presumption has been limited to statements made about the issuer of the securities plaintiffs purchased. It does not extend to statements made by another company about its own separate business—even when the market

1

for the issuer's stock is shown to efficiently incorporate issuer-specific information.  It cannot be the case that any time a public company invests in a private company (however small the investment), statements that the private company makes about itself can be the basis for a class action brought on behalf of every investor in the public company.  Although the Court's ruling on standing contemplated that individual Altria investors may have standing to bring claims against JLI if they relied on JLI's statements, nothing supports an entire class of investors bringing claims based on nothing more than a legal presumption of reliance.

*Second*, even if such a presumption were permissible, Plaintiffs have not met their burden of proving that Altria stock was efficient with respect to the JLI Defendants' statements.  Their expert did not undertake such an analysis and was unaware of any literature that would support it.  Moreover, discovery has established that not even the lead plaintiff's investment manager relied on the JLI Defendants' alleged misstatements.  In sum, Plaintiffs have not shown—and cannot show—how the issues of standing and reliance satisfy the predominance requirement of Rule 23(b)(3).  Thus, in addition to the reasons set forth in the Altria Defendants' Opposition, Plaintiffs' motion for class certification should be denied with respect to the JLI Defendants.

## LEGAL STANDARD

Plaintiffs bear the burden of proving that all class certification requirements are met.  *Wal-Mart Stores, Inc.* v. *Dukes*, 564 U.S. 338, 349-50 (2011).  In addition to satisfying the requirements of Rule 23(a) by a preponderance of the evidence, Fed. R. Civ. P. 23(a); *Wal-Mart*, 564 U.S. at 351, Plaintiffs proceeding under Rule 23(b)(3), as here, must also prove by a preponderance of the evidence that:  (1) "questions of law or fact common to class members predominate over any questions affecting only individual members," and (2) "a class action is superior . . . ."  Fed. R. Civ. P. 23(b)(3); *see also Comcast Corp. v. Behrend*, 569 U.S. 27, 33 (2013) (proponent must present "evidentiary proof").  "An individual question is one where members of a proposed class

will need to present evidence that varies from member to member." *Tyson Foods, Inc. v. Bouaphakeo*, 577 U.S. 442, 453 (2016).

"Considering whether questions . . . common to class members predominate begins, of course, with the elements of the underlying cause of action." *Erica P. John Fund, Inc. v. Halliburton Co.*, 563 U.S. 804, 809 (2011) ("*Halliburton I*"). Here, the Court previously held that Plaintiffs have standing to assert securities fraud claims based on statements made by the JLI Defendants that Plaintiffs "may have relied upon." Mem. Op. at 20, ECF No. 140. Thus, to obtain certification, Plaintiffs must prove by a preponderance of the evidence that common evidence can be used to demonstrate that each putative class member relied upon the alleged material misrepresentations made by the JLI Defendants when buying or selling Altria stock.

## ARGUMENT

### I. PLAINTIFFS HAVE NOT MET THEIR BURDEN OF PROVING PREDOMINANCE BECAUSE THEY CANNOT RELY ON A PRESUMPTION OF STANDING OR RELIANCE.

In *Basic Inc. v. Levinson*, 485 U.S. 224 (1988), the Supreme Court endorsed a judicially created "fraud-on-the-market" theory of reliance that permits courts to presume that class members can establish reliance using common proof in securities fraud actions if plaintiffs can demonstrate that an issuer's stock traded in an efficient market with respect to the information at issue about the issuer. *Halliburton Co. v. Erica P. John Fund, Inc.*, 573 U.S. 258, 268 (2014) ("*Halliburton II*"). The presumption of reliance is based on the premise that "a public, material misrepresentation will distort the price of stock traded in an efficient market, and that anyone who purchases the stock at the market price may be considered to have done so in reliance on the misrepresentation." *Id.* at 283-84; *see also Basic*, 485 U.S. at 241.

As explained below, Plaintiffs have not, and cannot, establish that they are entitled to such a presumption with respect to their claims against the JLI Defendants. Plaintiffs thus cannot meet

3

their burden of demonstrating predominance. *See Halliburton II*, 573 U.S. at 268 (absent presumption, reliance requires separate proof of direct reliance as to each investor and cannot be proven on a class-wide basis with common evidence).

> **A.      Plaintiffs are not entitled to the *Basic* presumption of reliance, which is limited to statements made about the issuer.**

*Basic* and its progeny do not support extending the presumption to statements a private third-party company made about itself and not about the issuer. ***No case has ever done so***. From its conception, the presumption has been limited to reliance on statements made about the issuer of the securities purchased or sold by plaintiffs. As the Supreme Court explained, "[t]he fraud on the market theory is based on the hypothesis that, in an open and developed securities market, the price of a company's stock is determined by the available material information ***regarding the company and its business***." *Basic*, 485 U.S. at 241 (emphasis added). The Supreme Court affirmed this principle earlier this year, explaining: "The *Basic* presumption is premised on the theory that investors rely on the market price of a company's security, which in an efficient market incorporates ***all of the company's*** public misrepresentations." *Goldman Sachs Grp., Inc. v. Arkansas Tchr. Ret. Sys.*, 141 S. Ct. 1951, 1957 (2021) (emphasis added).[1]

This critical limitation is further reflected in the so-called *Cammer* factors, which courts have generally adopted in determining whether a company's stock trades in an efficient market. *See Cammer v. Bloom*, 711 F. Supp. 1264 (D.N.J. 1989). Those factors focus on the relationship between a company's stock and that same company's disclosures about itself. The *Cammer* court thus explained that "one of the most convincing ways to demonstrate efficiency [as is necessary to

---

[1] The Supreme Court's formulation of the fraud-on-the-market theory in *Basic* is consistently cited by courts in this Circuit. *See, e.g.*, *Katyle v. Penn Nat'l Gaming, Inc.*, 637 F.3d 462, 473 n.6 (4th Cir. 2011); *Gariety v. Grant Thornton, LLP*, 368 F.3d 356, 363 (4th Cir. 2004); *Cooke v. Manufactured Homes, Inc.*, 998 F.2d 1256, 1261 (4th Cir. 1993); *Carlucci v. Han*, 907 F. Supp. 2d 709, 726 n.13 (E.D. Va. 2012); *Glaser v. Enzo Biochem, Inc.*, 303 F. Supp. 2d 724, 731 n.2 (E.D. Va. 2003); *Malone v. Microdyne Corp.*, 148 F.R.D. 153, 157 (E.D. Va. 1993).

prove reliance] would be to illustrate, over time, a cause and effect relationship between *company disclosures* and resulting movements in stock price." 711 F. Supp. at 1291 (emphasis added). In sum, as a legal matter, the fraud-on-the-market presumption only reaches statements made about the company whose stock the plaintiff-investors purchased or sold.

Plaintiffs, who are investors in Altria, thus cannot invoke the *Basic* presumption as to the JLI Defendants because they did not invest in JLI securities (which are not even publicly traded) and the challenged JLI Defendant statements are all statements about JLI and its business, not Altria.[2] Certifying a class of Altria investors to bring claims against the JLI Defendants for the statements they made about JLI based on such a presumption would be unprecedented. The JLI Defendants are aware of no case in which a court has extended the *Basic* presumption to cover statements made by another company about that second company's business; nor are they aware of any court certifying a securities class action in such circumstances. The only relationship between Altria and JLI is Altria's 35% minority investment in JLI. Such a relationship alone is insufficient to expand the presumption to cover statements JLI made about its own business.

To allow Plaintiffs to invoke the presumption of reliance as to the JLI Defendants would radically expand the reach of the implied private right of action under Section 10(b) by permitting plaintiffs to sue based on new types of alleged misstatements made by new types of defendants. The Supreme Court has explicitly cautioned against any such expansion, noting that the judicially implied private right of action under Section 10(b) should not be extended beyond its present boundaries. *Stoneridge Inv. Partners v. Scientific-Atlanta*, 552 U.S. 148, 165 (2008). As the Supreme Court has explained, Section 10(b)'s private right is "a judicial oak which has grown

---

[2] Specifically, the JLI statements that Plaintiffs challenge include: "[JLI's] intent was never to have youth use JUUL products"; "It's not intended for them. I hope there was nothing that we did that made it appealing to them"; and "We [JLI] never wanted any non-nicotine user, and certainly nobody under the legal age of purchase, to ever use JLI products." Corrected Consol. Class Action Compl. ¶¶ 464, 496, 498, ECF No. 108.

from little more than a legislative acorn," *Blue Chip Stamps v. Manor Drug Stores*, 421 U.S. 723, 737 (1975), and courts "must give narrow dimensions . . . to a right of action Congress did not authorize when it first enacted the statute and did not expand when it revisited the law." *Janus Cap. Grp., Inc. v. First Derivative Traders*, 564 U.S. 135, 142 (2011).  This is particularly true with respect to securities class actions because of the "widespread recognition that litigation under Rule 10b-5 presents a danger of vexatiousness different in degree and in kind from that which accompanies litigation in general." *Blue Chip Stamps*, 421 U.S. 723, 737 (1975).

In sum, Plaintiffs ask the Court to do what no court has done before and to expand the fraud-on-the-market presumption in ways directly in conflict with the limits the Supreme Court placed on this doctrine.  The Court should not be the first.  To do so would amount to a fundamental change in the federal securities laws, significantly expanding the scope of potential liability for private corporations and their officers, and chilling investments in such companies.  No precedent supports such a result, and the Court should decline to certify the class as to the JLI Defendants.

**B.    In any event, Plaintiffs have not met their burden of proving that Altria stock was efficient with respect to JLI statements.**

Even if the Court were to take the unprecedented step to expand the *Basic* presumption to apply for the first time to statements made by a party other than the issuer of the stock investors purchased that were not made about the issuer, Plaintiffs have still failed to demonstrate, as required, that Altria's stock was ***in fact*** efficient with respect to the challenged statements made by the JLI Defendants.  Their motion fails on that ground as well.  *See Wal-Mart*, 564 U.S. at 350 (Plaintiffs must "affirmatively demonstrate" and "prove" compliance with Rule 23 by a preponderance of the evidence because "Rule 23 does not set forth a mere pleading standard."); *In re Initial Pub. Offering Sec. Litig.*, 471 F.3d 24, 41 (2d Cir. 2006) (plaintiffs are required to come forward with "evidence, by affidavits, documents, or testimony").

6

The fraud-on-the-market presumption can only be used to satisfy the predominance requirement when a plaintiff shows that the security in which it invested traded in an efficient market with respect to the alleged representations or omissions in the case. *Basic*, 485 U.S. at 248 n.27. To determine whether a security trades in an efficient market, courts in the Fourth Circuit consider factors such as "(1) average trading volume, (2) number of securities analysts following the stock, (3) number of market makers, (4) whether the company was entitled to file an S-3 Registration Statement, if relevant, and (5) evidence of a cause and effect relationship between unexpected news and stock-price changes." *Gariety v. Grant Thornton, LLP*, 368 F.3d 356, 368 (4th Cir. 2004) (citing *Cammer*, 711 F. Supp. at 1285-87). The court in *Cammer* emphasized the importance of factor 5, explaining that "one of the most convincing ways to demonstrate efficiency would be to illustrate, over time, a cause and effect relationship between ***company disclosures*** and resulting movements in stock price." *Cammer*, 711 F. Supp. at 1291 (emphasis added); *see also In re Xcelera.com Sec. Litig.*, 430 F.3d 503, 512 (1st Cir. 2005) (holding that the fifth *Cammer* factor is in many ways the most important, and that "a historical cause-and-effect relationship between ***company disclosures*** and an immediate response in stock price . . . is, of course, 'the essence of an efficient market and the foundation for the fraud on the market theory.'" (emphasis added) (quoting *Cammer*, 711 F. Supp. at 1287)). Critically, here Plaintiffs must satisfy the *Cammer* factors for statements made by each company they have named as a defendant, to show a cause-and-effect relationship between the statements of each company and an immediate response in the issuer's stock price. That means Plaintiffs would have to show that the JLI Defendants' statements had an immediate effect on Altria's stock price.

Plaintiffs, however, have not even tried to show a cause-and-effect relationship between JLI statements and movements in Altria stock. Plaintiffs' expert, Dr. Zachary Nye, whose opinion

7

Plaintiffs rely upon to argue efficiency, has not provided *any* evidence that Altria stock is efficient with respect to JLI Defendants' statements—nor has he attempted to even proffer such evidence. In concluding that Altria's shares trade in an efficient market, Dr. Nye limited his review to certain "impact dates" to assess price movement of Altria's stock at the time information *specific to Altria* was released.  Nye Report ¶¶ 54-55.  The impact dates related to the release of Altria's quarterly results—which do not overlap with any JLI statements, *id.* Ex. 12—and did not include an analysis of the movement of Altria's stock with respect to any *JLI-specific statements*.  *See id.* ¶ 53 ("As set forth in Exhibit 12, my event study demonstrates a cause-and-effect relationship between new, material, *Company-specific disclosures* and resulting movements in Altria's stock price during both the Complaint Class Period and the Amended Complaint Class Period.") (emphasis added). Dr. Nye admitted in his deposition that he did not do this work, stating:  "I didn't examine specific dates on which the JUUL defendants made statements and how it affected Altria's stock price. Those were not dates that were part of my event study."  Ex. A, Nye Dep. 232:19-22.[3]  He further testified that he was not aware of any specific literature that would support such an analysis, and stated that in preparing his report he did not consider any literature finding that one company's stock can be efficient with respect to statements made by a second company about that second company's business.  *Id.* 230:22-231:24.  And Dr. Nye further admitted that the analysis he did of Altria's company-specific disclosures did not cover any JLI-specific statements:  "I don't recall any specific JUUL defendants making statements on these earnings dates I looked at for my event study for the purposes of analyzing market efficiency."  *Id.* 229:15-18.  Indeed, Dr. Nye could not recall any of the JLI Defendants' alleged misstatements.  *Id.* 230:1-20.

Nor have Plaintiffs offered any other evidence showing that the value of JLI's private stock

---

[3] "Ex." refers to exhibits to the Decl. of Jessica M. Roll in Support of Defs. Juul Labs, Inc., Adam Bowen, James Monsees, and Kevin Burns's Joinder and Opp'n to Pls' Mot. for Class Certification, dated September 17, 2021.

has a "direct relationship" to the value of Altria's public stock, such that statements about JLI are presumed to affect the value of Altria's stock. *Ontario Pub. Serv. Emps. Union Pension Tr. Fund v. Nortel Networks Corp.*, 369 F.3d 27, 34 (2d Cir. 2004). That is not surprising where Altria's stock is *not* an "equity-linked debt securit[y] . . . defined . . . by reference to the value of [JLI's] stock," *Zelman v. JDS Uniphase Corp.*, 376 F. Supp. 2d 956, 961 (N.D. Cal. 2005), and the value of the two stocks was not "contractually or otherwise linked," *Duane & Virginia Lanier Tr. v. SandRidge Mississippian Tr.*, 361 F. Supp. 3d 1162, 1170 (W.D. Okla. 2019).

Plaintiffs' failure to proffer any evidence of market efficiency with respect to the JLI Defendants' statements is fatal to their request to certify a class against the JLI Defendants. And although it is Plaintiffs' burden to prove efficiency, *Wal-Mart*, 564 U.S. at 351, discovery confirms the market was not efficient because even sophisticated investors did not consider JLI's disclosures when transacting in Altria stock. Specifically, Jennifer Johnsrud, of D.L. Carlson Investment Group, Inc. ("D.L. Carlson")—who had responsibility for making the co-lead plaintiff's investments in Altria—testified that she did not read any statements by JLI that were not included in releases by Altria. Ex. B, Johnsrud Dep. 200:1-202:4. The only knowledge she had about JLI was from general public sources or personal experience; she testified she never reviewed any JLI press releases, earnings results, analyst presentations, media interviews, congressional testimony, or public statements. *Id.* 94:10-95:9, 202:2-203:15. When asked if she had seen a 2018 article about JLI, Johnsrud said "No. Because I wasn't following JUUL as a company. It was a private company at the time." *Id.* 79:7-8. D.L. Carlson is the kind of sophisticated investment manager whose trading helps the market incorporate new information. That it did not even look at any JLI statements in connection with its investments in Altria highlights how the market for Altria stock was not efficient with respect to the JLI Defendants' statements.

For the reasons explained above, Plaintiffs have not shown that Altria stock was efficient with respect to statements made by the JLI Defendants and therefore may not presume reliance.

## II.    PLAINTIFFS LACK STANDING TO SUE THE JLI DEFENDANTS.

Standing is a threshold requirement that must be established before a Court can certify a class.  Here, Plaintiffs' Motion also should be denied for the separate reason that Plaintiffs do not have standing to pursue claims against the JLI Defendants as a matter of law.  *See Cent. Wesleyan College v. W.R. Grace & Co.*, 6 F.3d 177, 188 (4th Cir. 1993) ("[I]n the class action context, the . . . Article III requirements must be met 'at the time the complaint is filed, *and at the time the class action is certified* by the District Court pursuant to Rule 23.'") (emphasis added).[4]

Even if Plaintiffs could invoke the *Basic* presumption here, the JLI Defendants respectfully submit that, notwithstanding the Court's prior motion to dismiss ruling, no member of the proposed class of Altria investors can assert a claim against the JLI Defendants, because "[s]tockholders do not have standing to sue under Section 10(b) and Rule 10b-5 when the company whose stock they purchased is negatively impacted by the material misstatement of another company, whose stock they do not purchase." *Nortel*, 369 F.3d at 34 (2d Cir. 2004); *Harbinger Cap. Partners LLC v. Deere & Co.*, 632 F. App'x 653 (2d Cir. 2015); *Menora Mivtachim Ins. Ltd. v. Int'l Flavors & Fragrances Inc.*, 2021 WL 1199035, at *31 (S.D.N.Y. Mar. 30, 2021) (dismissing claims for lack of standing); *In re Altisource Portfolio Sols., S.A. Sec. Litig.*, 2015 WL 12001262, at *4 (S.D. Fla. Sept. 4, 2015) (same).  Thus, because Plaintiffs have not shown they have standing to pursue claims against the JLI Defendants, the class certification motion should be denied.

---

[4] To the extent Plaintiffs argue that the Court may not reconsider the question of Plaintiffs' standing to sue the JLI Defendants, "it is well settled that the denial of a motion to dismiss remains subject to reconsideration until the Court enters final judgment in the case." *Burke v. Nationstar Mortg. LLC*, 2016 WL 4231705, at *6 (E.D. Va. Aug. 9, 2016). *See also Graves v. Lioi*, 930 F.3d 307, 318 (4th Cir. 2019) (explaining that the law-of-the-case doctrine "poses no bar to the assessment of past holdings based on a different procedural posture").  The JLI Defendants incorporate by reference the standing arguments made in their prior motions.  *See* ECF Nos. 120, 122, 129, 130.

## CONCLUSION

For the foregoing reasons and those in Altria's Opposition, Plaintiffs' motion for class certification should be denied.

Dated: September 17, 2021

Respectfully submitted,

/s/ *Mark Gruetzmacher*

Mark Gruetzmacher (VSB No. 92263)
KIRKLAND & ELLIS LLP
1301 Pennsylvania Ave N.W.
Washington, D.C. 20004
Telephone: (202) 389-5000
Facsimile: (202) 389-5200
mark.gruetzmacher@kirkland.com

Roger A. Cooper (admitted *pro hac vice*)
Jared M. Gerber (admitted *pro hac vice*)
Arminda B. Bepko (admitted *pro hac vice*)
Jessica M. Roll (admitted *pro hac vice*)
CLEARY GOTTLIEB STEEN & HAMILTON LLP
One Liberty Plaza
New York, New York 10006
Telephone: (212) 225-2000
Facsimile: (212) 225-3999
racooper@cgsh.com
jgerber@cgsh.com
abepko@cgsh.com
jroll@cgsh.com

*Counsel for Defendant Juul Labs, Inc.*

/s/ *Brian C. Riopelle*

Brian C. Riopelle (VSB No. 47312)
Brian E. Pumphrey (VSB No. 36454)
Garrett H. Hooe (VSB No. 83983)
MCGUIRE WOODS LLP
Gateway Plaza
800 East Canal Street
Richmond, VA 23219
Telephone: (804) 775-1000
Facsimile: (804) 775-1061

11

briopelle@mcguirewoods.com
bpumphrey@mcguirewoods.com
ghooe@mcguirewoods.com

Eugene Illovsky (admitted *pro hac vice*)
Kevin Calia (admitted *pro hac vice*)
BOERSCH & ILLOVSKY LLP
1611 Telegraph Ave., Suite 806
Oakland, CA 94612
Telephone: (415) 500-6640
Facsimile: (415) 967-3062
eugene@boersch-illovsky.com
kevin@boersch-illovsky.com

*Counsel for Defendant Adam Bowen*

/s/ Robert A. Angle

Robert A. Angle (VSB No. 37691)
Laura Anne Kuykendall (VSB No. 82318)
TROUTMAN PEPPER HAMILTON SANDERS
LLP
1001 Haxall Point, Suite 1500
Richmond, Virginia 23219
Telephone: (804) 697-1200
Facsimile: (804) 697-1339
robert.angle@troutman.com
la.kuykendall@troutman.com

Eric H. MacMichael (admitted *pro hac vice*)
KEKER VAN NEST & PETERS LLP
633 Battery St.
San Francisco, CA 94111
Telephone: 415-773-6624
Facsimile: 415-391-5400
emacmichael@keker.com

*Counsel for Defendant Kevin Burns*

/s/ James Winston Burke

James Winston Burke (VSB No. 76551)
ORRICK, HERRINGTON & SUTCLIFFE LLP
Columbia Center
1152 15th Street, N.W.
Washington, DC 20005-1706
Telephone: +1 202 339 8400

12

Facsimile: +1 202 339 8500
jburke@orrick.com

James N. Kramer (admitted *pro hac vice*)
Alexander K. Talarides (admitted *pro hac vice*)
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105
Telephone: +1 415 773 5700
Facsimile: +1 415 773 5759
jkramer@orrick.com
atalarides@orrick.com

*Counsel for Defendant James Monsees*

13

**CERTIFICATE OF SERVICE**

I, the undersigned, do hereby certify that on the 17th day of September 2021, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to all counsel of record.

/s/ Mark Gruetzmacher
Mark Gruetzmacher (VSB No. 92263)

14