# EXHIBIT A

US District Court - Virginia
Klein v. Altria Group

FINAL - August 31, 2021
Zachary Nye, Ph.D.

Page 1

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division
------------------------------------------------
GABBY KLEIN, DONALD SHERBONDY, SARAH SHERBONDY,
and CONSTRUCTION LABORERS PENSION TRUST OF
GREATER ST. LOUIS, Individually and on Behalf
of All Others Similarly Situated,
                Plaintiffs,
v.
ALTRIA GROUP, INC., HOWARD A. WILLARD III,
WILLIAM F. GIFFORD, JR., JUUL LABS, INC.,
ADAM BOWEN, JAMES MONSEES, KEVIN BURNS, and
K.C. CROSTHWAITE,
                Defendants.

Civil Action No:  3:20-cv-00075-DJN
CONSOLIDATED CLASS ACTION
------------------------------------------------


REMOTE VIDEO DEPOSITION OF
Zachary Nye, Ph.D.
August 31, 2021
Lead: Jonathan Moses, Esquire
Firm: Wachtell Lipton Rosen & Katz


FINAL COPY
JANE ROSE REPORTING 1-800-825-3341

JANE ROSE REPORTING
1-800-825-3341

National Court-Reporting Coverage
janerose@janerosereporting.com

US District Court - Virginia                    FINAL - August 31, 2021
Klein v. Altria Group                           Zachary Nye, Ph.D.

Page 227

BY MR. GERBER:

Q   So, hi, Dr. Nye.  I do have a few questions for JUUL.  I don't know if you want to go ahead now or take a break.  It's up to you.

A   I'm okay if you want to proceed.

Q   Okay.  So we've met before, but I'm Jared Gerber from Cleary Gottlieb representing JUUL Labs, Inc., in this case.

I want to circle back to the event study --

A   Okay.

Q   -- discussed in your report.

So I think that discussion starts on -- around page 24 with Cammer Factor 5.

A   Okay.  I'm there.

Q   So the heading of this section describes Cammer Factor 5 as concerning:  "Empirical Facts Showing a Cause-and-Effect Relationship Between Unexpected Corporate Events or Financial Releases and the Price Reaction of Altria Stock."

Do you see that?

A   Yes.

Q   You address this factor by performing an event study; is that right?

A   Yes.

Q   And the event study that you performed is

US District Court - Virginia

Klein v. Altria Group

FINAL - August 31, 2021

Zachary Nye, Ph.D.

Page 228

described in this section of the report.  And you've talked about it during this deposition today; is that right?

A    Yes.

Q    Other than that, is there any other empirical study that you performed for Cammer Factor 5?

A    No.

Q    Turning to paragraph 53, the second sentence of the paragraph says:  "As set forth in Exhibit 12, my event study demonstrates a cause-and-effect relationship between new, material, Company-specific disclosures and results movements in Altria's stock price during both the Complaint Class Period and the Amended Complaint Class Period."

Do you see that?

A    Yes.

Q    The "Company-specific disclosures" referenced in that sentence are Altria-specific disclosures; is that right?

MR. WERNKE:  Objection to form.

THE WITNESS:  I just -- I believe so. Exhibit 12, I think, contains all of the relevant disclosures, at least with respect to my analysis of

US District Court - Virginia                FINAL - August 31, 2021
Klein v. Altria Group                        Zachary Nye, Ph.D.

Page 229

market efficiency.  I don't recall there being any specific disclosures by JUUL on these earnings-related events, but I might be mistaken. So I just want to be careful about that.

BY MR. GERBER:

Q    To the extent it helps, the "Company" word in the sentence is capitalized.  And in paragraph 3 of your report, capitalized "Company" is Altria Group, Inc.

A    Oh, I'm aware of that.  I'm just trying to be careful with what's in Exhibit 12.  I can't -- I haven't memorized everything.  I'm pretty sure everything is related to Altria and their press releases and conference call transcripts.

So I don't recall any specific JUUL defendants making statements on these earnings dates I looked at for my event study for the purposes of analyzing market efficiency.

Q    Do you recall -- strike that.

Do you know why the JUUL defendants are named as defendants in this action?

A    Not in a legal sense.  I don't have an opinion on that.

Q    Do you know what misstatements or omissions the JUUL defendants were alleged to have made?

JANE ROSE REPORTING                National Court-Reporting Coverage
1-800-825-3341                      janerose@janerosereporting.com

US District Court - Virginia                  FINAL - August 31, 2021
Klein v. Altria Group                              Zachary Nye, Ph.D.

Page 230

A    I can't recall right now.  I think it would be described in the complaint.

Q    Are you aware that the plaintiffs allege that Altria investors were misled by certain statements made by the JUUL defendants concerning JUUL's business?

A    Am I familiar with that?

Q    Yes.

A    I recall some allegations that there was -- what's the word? -- kind of a collaboration between the two companies about how to make certain announcements regarding the -- Altria's investment in JUUL and also with respect to their dealings with the FDA regarding certain regulations.

Q    Sitting here today, do you recall any of the misstatements or omissions that the JUUL defendants were alleged to have made?

A    I just recall the -- the general misstatements and omissions that we discussed all day.  I can't -- excuse me -- recall who specifically said what and when right now.

Q    Are you aware of any academic finance literature discussing whether the trading in one company's stock can be efficient with respect to statements made by a second company about that

US District Court - Virginia
Klein v. Altria Group

FINAL - August 31, 2021
Zachary Nye, Ph.D.

Page 231

second company's business?

A    I -- there is some literature that, you know, talks about the price relationship between companies that have mutual investments in each other or -- one way or the other.

And it makes sense.  Right?  I mean, like, if you've got an equity stake in one company, you know, company A, well, then company B's going to have its stock price influenced, to a certain extent, by the value of company A up and down as market perceptions change.  But it's not, I don't think, as specific as what you're talking about.

Q    Do you recall the titles or authors of that literature?

A    No, not right now.  I'm thinking of general examples of -- hmm.  Sometimes there'll be a holding company that owns part of the other major company, and they'll -- the two will move in tandem, and not perfectly.  And sometimes that can be used as an -- as an example of market inefficiency.

Q    Are you aware of any literature that looks at holding companies that owns parts of another company as evidence of market efficiency?

A    No.  What I'm loosely recalling is -- is stuff that was cited in my behavioral finance class

US District Court - Virginia                     FINAL - August 31, 2021
Klein v. Altria Group                            Zachary Nye, Ph.D.

Page 232

as evidence of market inefficiency, but it wasn't really evidence of market inefficiency because there were reasons for the -- for the -- or risk-related explanations for the deviations as well.

So that's kind of an open question, but that's all I was trying to mention.

Q   Did you consider that literature in preparing your report in this case?

A   Not directly.  My -- I think the analyses that I've conducted here for Altria stock strongly evidences the general market efficiency over the class period, which would imply that information that's pertinent to its investment in JUUL would be reflected in the stock price.

Q   Did you perform any empirical test here to determine whether Altria's stock was efficient with respect to statements made by JUUL -- the JUUL defendants about JUUL's business?

A   I didn't examine specific dates on which the JUUL defendants made statements and how it affected Altria's stock price.  Those were not dates that were part of my event study.  But I think my event study does show that -- along with the other Cammer factors and other analyses that show indicia of traits and characteristics consistent with market

US District Court - Virginia
Klein v. Altria Group

FINAL - August 31, 2021
Zachary Nye, Ph.D.

Page 233

efficiency for Altria stock that its -- its prices reflected information over time.

Q    In cases in which you've previously served as an expert, have you ever performed an event study to determine if one company's stock is efficient with respect to statements made by a second company about that second company's business?

A    I mean, yes.  So industry effects are -- are always there, and we control for those every -- every time.  And it's routine to see there being a significant statistical association between a company's industry and its own stock price, which conveys that industry-related information, other companies, is -- is influencing the company of interest's stock price over time.

And then there's also -- throughout my travels, you know, there's many events I've analyzed specifically that are related not just to one company, but could be overall effects that -- across industry that cause everyone to come down upon the event's realization.  And -- yeah, so it's not uncommon for there to be these spill-over effects.

Q    Okay.  I think you mentioned there are industrywide events that can apply to multiple companies within that industry, but have you seen

JANE ROSE REPORTING
1-800-825-3341

National Court-Reporting Coverage
janerose@janerosereporting.com

US District Court - Virginia
Klein v. Altria Group

FINAL - August 31, 2021
Zachary Nye, Ph.D.

Page 234

instances of news from one company impacting the price of other companies within the industry?

A    Yeah, I have.

Q    Can you give any examples?

A    I mean, collusion typically is, you know, what I'm thinking of right now.  Two companies collude to fix prices or allocate a market or, you know, cheat investors and consumers in some way. And one company's disclosure of it -- of admission of guilt or regulatory action on one can often cause the other one to fall down -- you know, fall in tandem.  And I've seen those in cases I've worked on.

Q    Any other examples?

A    I'm sure there are.  I just can't recall them right now.

Q    Do you know if JUUL has issued securities?

A    Did they have their IPO?  I can't recall. They -- during the class period, there was a private market for -- for the shares that was discussed routinely in the press.

Q    Are you offering any opinion here about whether JUUL securities trade in an efficient market?

A    No.

JANE ROSE REPORTING
1-800-825-3341

National Court-Reporting Coverage
janerose@janerosereporting.com

US District Court - Virginia  
Klein v. Altria Group  

FINAL - August 31, 2021  
Zachary Nye, Ph.D.  

Page 235

Q   Do you have any view about whether JUUL's securities trade in an efficient market?

A   No.

Q   I don't have any further questions, but it's always nice seeing you.

A   You too, Jared.  Thanks.

MR. WERNKE:  No questions from plaintiffs.

MR. MOSES:  All right.  Well, thank you, Dr. Nye.

Unless anyone else -- I don't know if any other defendants have questions.

I guess we're done.  Thank you so much, Dr. Nye.

THE WITNESS:  Okay.  Have a good day.

THE VIDEOGRAPHER:  We're now going off the record at 4:26 p.m.

Thank you.

(The following proceedings were held off the video record:)

THE COURT REPORTER:  Before plaintiffs leave, can I get their order?  I have defendants' order.

MR. WERNKE:  Just the expedited transcript.

THE COURT REPORTER:  And do you want the rough?

JANE ROSE REPORTING          National Court-Reporting Coverage
1-800-825-3341               janerose@janerosereporting.com