# EXHIBIT 1

{00471675;1 }

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**(Richmond Division)**

| | |
|---|---|
| GABBY KLEIN, et al., Individually and on Behalf of All Others Similarly Situated, | ) Civil Action No. 3:20-cv-00075-DJN<br>)<br>) __CLASS ACTION__ |
| Plaintiffs, | )<br>) |
| vs. | )<br>) |
| ALTRIA GROUP, et al., | )<br>) |
| Defendants. | )<br>)<br>) |

## STIPULATION AND AGREEMENT OF SETTLEMENT

This Stipulation and Agreement of Settlement dated December 9, 2021 ("Stipulation"), is entered into by and among (i) Lead Plaintiffs Donald and Sarah Sherbondy (the "Sherbondys") and Construction Laborers Pension Trust of Greater St. Louis ("CLPT") ("Plaintiffs"), on behalf of themselves and the Settlement Class (as defined below in ¶ 1(ll)), and (ii) Defendants Altria Group, Inc. ("Altria"), JUUL Labs, Inc. ("JLI"), Howard A. Willard III ("Willard"), William F. Gifford, Jr. ("Gifford"), Adam Bowen ("Bowen"), James Monsees ("Monsees"), Kevin Burns ("Burns"), and K.C. Crosthwaite ("Crosthwaite") (collectively, the "Defendants," and with Plaintiffs, the "Parties"), by and through their respective counsel, and embodies the terms and conditions of the settlement of the above-captioned action

{00471502;1 }

(the "Action").[1] Subject to the approval of the Court and the terms and conditions expressly provided herein, this Stipulation is intended to fully, finally and forever compromise, settle, release, resolve, relinquish, waive, discharge and dismiss with prejudice the Action and all claims asserted against Defendants therein, and all Released Plaintiffs' Claims (defined below) against Defendants' Releasees (defined below).

WHEREAS:

A.    On October 2, 2019, Gabby Klein filed a putative class action complaint styled as *Gabby Klein v. Altria Group, Inc., et al.*, No. 1:19-cv-05579, alleging violations of federal securities laws against Altria, Willard and Gifford, in the United States District Court for the Eastern District of New York.

B.    On December 30, 2019, the Court entered an order appointing the Sherbondys and CLPT as lead plaintiffs, and Pomerantz LLP and Robbins Geller Rudman & Dowd LLP as lead counsel.

C.    On February 7, 2020, the Action was transferred to the United States District Court for the Eastern District of Virginia, Richmond Division, styled as *Klein v. Altria Group, Inc., et al.*, No. 3:20-cv-00075-DJN (the "Action").

---

[1]    All terms with initial capitalization not otherwise defined in this paragraph shall have the meanings ascribed to them in ¶ 1 herein.

D.      On April 21, 2020, Plaintiffs filed the Consolidated Class Action Complaint alleging violations of §10(b) of the Securities Exchange Act of 1934 ("Exchange Act") against Defendants and alleging violations of § 20(a) of the Exchange Act against Willard, Gifford, Bowen, Monsees, Burns and Crosthwaite (collectively, the "Individual Defendants").

E.      On July 2, 2020, Plaintiffs filed the Corrected Consolidated Class Action Complaint (the "Complaint").

F.      On July 8, 2020, Defendants filed four motions to dismiss the Complaint, consisting of 113 pages of briefing and 68 exhibits.

G.      On September 17, 2020, Plaintiffs filed oppositions to Defendants' motions to dismiss.

H.      On November 2, 2020, Defendants filed their reply papers in further support of their motions to dismiss.

I.      On March 12, 2021, the Court denied the motions to dismiss filed by Defendants Altria, Willard, Gifford, JLI, Bowen, Burns, and Monsees.  The Court also granted in part and denied in part the motion to dismiss filed by Defendant Crosthwaite.

J.      On April 16 and 19, 2021, Defendants filed their Answers to the Complaint.

{00471502;1 }                                          3

K.      On August 6, 2021, Plaintiffs filed a motion to amend the Complaint, attaching the Proposed First Amended Complaint.

L.      On August 6, 2021, Plaintiffs filed their motion for class certification, which was thereafter fully briefed.

M.      Pursuant to various discovery requests (including requests for production of documents, interrogatories and subpoenas to third-parties), Defendants produced (and Lead Counsel reviewed) approximately 30 million pages of documents; Defendants produced over 70 deposition transcripts from related actions, and the Parties collectively took 11 depositions, including those of each party's class certification expert witness.

N.      On June 29, 2021, Lead Counsel and Defendants' Counsel participated in a full-day mediation session before the Hon. Layn Phillips (Ret.) of Phillips ADR. In advance of that session, the Parties exchanged and provided to Judge Phillips detailed mediation statements with numerous exhibits, which addressed contested liability and damages issues.  That mediation session ended without any agreement being reached.

O.      On September 24, 2021, Lead Counsel and Defendants' Counsel participated in a full-day mediation session before U.S. Magistrate Judge Mark Colombell.  In advance of that session, the Parties submitted to Judge Colombell *ex parte* mediation statements with numerous exhibits, addressing contested liability

{00471502;1 }                                   4

and damages issues. That mediation session likewise ended without any agreement being reached.

P.      On October 27, 2021, Lead Counsel and Defendants' Counsel participated in a second full-day mediation session before Judge Colombell. In advance of that session, the Parties submitted to Judge Colombell *ex parte* supplemental mediation statements, addressing additional liability and damages issues. During the mediation session, Judge Colombell issued a Mediator's proposal that the Action settle for $90,000,000 in cash, which was accepted by each Party that same day, and the Parties executed a Memorandum of Understanding (the "MOU") on October 28, 2021.  The MOU sets forth, among other things, the Parties' agreement to settle and release all claims asserted against Defendants in the Action in return for a cash payment of $90,000,000, to be paid by Altria, subject to certain terms and conditions, including the execution of a formal, final stipulation of settlement and related papers.  The agreement to settle was further conditioned on Court approval of the Settlement.

Q.      In recognition of the inherent risks and costs of continued litigation and the benefits of resolving this litigation, the Parties to this Stipulation desire to settle and resolve any and all actual or potential Released Claims by or between the Releasees.

R.    This Stipulation (together with the exhibits hereto and the Supplemental Agreement) has been duly executed by the undersigned signatories on behalf of their respective clients, and reflects the final and binding agreement between and among the Parties.

S.    Based upon their investigation, prosecution and mediation of the case, Plaintiffs and Lead Counsel have concluded that the terms and conditions of this Stipulation are fair, reasonable, and adequate to Plaintiffs and other members of the Settlement Class, and in their best interests.  Based on Plaintiffs' direct oversight of the prosecution of this matter and with the advice of Lead Counsel, Plaintiffs have agreed to settle and release the Released Plaintiffs' Claims (as defined below in ¶ 1(gg)) pursuant to the terms and provisions of this Stipulation, after considering, among other things: (i) the substantial financial benefit that members of the Settlement Class will receive under the proposed Settlement; (ii) the significant risks and costs of continued litigation and trial; and (iii) the desirability of permitting the Settlement to be consummated as provided by the terms of this Stipulation.

T.    This Stipulation constitutes a compromise of all matters that are in dispute between the Parties.  The Parties are entering into this Stipulation solely to eliminate the uncertainty, burden, and expense of further protracted litigation.  All Defendants deny, and continue to deny, any and all allegations of fault, liability, wrongdoing, or damages whatsoever, including, without limitation, any allegation

that they have committed any act or omission giving rise to any liability under the Exchange Act, or Rule 10b-5 promulgated thereunder, or designed and/or marketed products to appeal to underage users. Specifically, Defendants expressly have denied, and continue to deny, that Plaintiffs have asserted any valid claims against them, including, without limitation, any liability arising out of any of the conduct, statements, acts, or omissions alleged, or that could have been alleged, in the Action. Defendants also have denied, and continue to deny, among other allegations, the allegations that Plaintiffs or the Settlement Class have suffered any damages, or that Plaintiffs or the Settlement Class were harmed by the conduct alleged in the Action or that they could have alleged as part of the Action. In addition, Defendants maintain that they have meritorious defenses to all claims alleged in the Action.

U.    As set forth below, neither the Settlement nor any of the terms of this Stipulation shall be construed or deemed to be evidence of or an admission, concession, or finding on the part of, or in regard to, any Defendants with respect to any claim or allegation of any fault, liability, wrongdoing, or damages whatsoever, or any infirmity in the defenses that Defendants have, or could have, asserted. Defendants have determined that it is desirable and beneficial to them that the Action be settled in the manner and upon the terms and conditions set forth in this Stipulation. Similarly, this Stipulation shall in no event be construed or deemed to be evidence of or an admission or concession on the part of Plaintiffs of any infirmity

{00471502;1 }                                   7

in any of the claims asserted in the Action, or an admission or concession that any of Defendants' defenses to liability had any merit.  Each of the Parties recognizes and acknowledges, however, that the Action has been initiated, filed, and prosecuted by Plaintiffs in good faith and defended by Defendants in good faith, and that the Action is being voluntarily settled with the advice of counsel.

NOW THEREFORE, without any admission or concession on the part of Plaintiffs of any lack of merit in the Action, and without any admission or concession on the part of Defendants, or any other of the Defendant Released Parties (defined below), of any liability or wrongdoing or lack of merit in the defenses asserted to the claims alleged in this Action, it is hereby STIPULATED AND AGREED, by and among Plaintiffs (individually and on behalf of all members of the Settlement Class) and Defendants, by and through their respective undersigned attorneys and subject to the approval of the Court pursuant to Rule 23(e) of the Federal Rules of Civil Procedure and the PSLRA, that, in consideration of the benefits flowing to the Parties from the Settlement, all Released Plaintiffs' Claims as against Defendants' Releasees and all Released Defendants' Claims as against Plaintiffs' Releasees shall be fully, finally and forever compromised, settled, released, resolved, relinquished,

waived, discharged and dismissed with prejudice, in accordance with and subject to the terms and conditions set forth below.

## DEFINITIONS

1. As used in this Stipulation and any exhibits attached hereto and made a part hereof, the following capitalized terms shall have the following meanings:

(a) "Action" means the consolidated securities action in the matter styled *Klein v. Altria Group, Inc., et al.*, No. 3:20-cv-00075-DJN, pending in the United States District Court for the Eastern District of Virginia, Richmond Division, and includes all actions consolidated therein.

(b) "Alternative Judgment" means a form of final judgment that may be entered by the Court herein but in a form other than the form of Judgment provided for in this Stipulation, and where none of the Parties hereto elects to terminate this Settlement by reason of such variance.

(c) "Authorized Claimant" means a Settlement Class Member who or which submits to the Claims Administrator a Claim Form that is approved for payment from the Net Settlement Fund.

(d) "Claim" means a paper claim submitted on a Proof of Claim Form or an electronic claim that is submitted to the Claims Administrator.

(e) "Claim Form" or "Proof of Claim Form" means the form, substantially in the form attached hereto as Exhibit 3 to Exhibit A, that a Claimant

{00471502;1 }                                        9

must complete and submit to the Claims Administrator in order to be eligible to share in a distribution of the Net Settlement Fund.

(f)     "Claimant" means a person or entity who or which submits a Claim Form to the Claims Administrator seeking to be eligible to share in the Net Settlement Fund.

(g)     "Claims Administrator" means Epiq Class Action & Claims Solutions, Inc., the firm retained by Lead Counsel, subject to approval of the Court, to provide all notices approved by the Court to potential Settlement Class Members and to administer the Settlement.

(h)     "Court" means the United States District Court for the Eastern District of Virginia.

(i)     "Defendants" means Altria, JLI, Willard, Gifford, Bowen, Monsees, Burns, and Crosthwaite.

(j)     "Defendants' Counsel" means the law firms Hunton Andrews Kurth LLP; Wachtell, Lipton, Rosen & Katz; Dechert LLP; Wilkinson Stekloff LLP; Kirkland & Ellis LLP; Cleary Gottlieb Steen & Hamilton LLP; McGuire Woods LLP; Boersch & Illovsky LLP; Sullivan & Cromwell LLP; Troutman Pepper Hamilton Sanders LLP; Keker Van Nest & Peters LLP; Orrick, Herrington & Sutcliffe LLP; and Latham & Watkins LLP.

{00471502;1 }                                                10

(k)     "Defendants' Releasees" means any and all defendants named in any of the complaints filed in the Action, and any and all of their related parties in any forum, including, without limitation, any and all of their current or former parents, subsidiaries, affiliates, predecessors, successors, divisions, investment funds, joint ventures and general or limited partnerships, and each of their respective current or former officers, directors, trustees, partners, members, contractors, auditors, principals, agents, managing agents, employees, representatives, associates, attorneys, accountants, investment bankers, underwriters, insurers in their capacities as such, as well as each of the Individual Defendants' Immediate Family, heirs, executors, personal or legal representatives, estates, beneficiaries, predecessors, successors and assigns.

(l)     "Effective Date" with respect to the Settlement means the first date by which all of the events and conditions specified in ¶ 37 of this Stipulation have been met and have occurred, or have been waived.

(m)    "Escrow Account" means an account maintained at The Huntington National Bank wherein the Settlement Amount shall be deposited and held in escrow under the control of Lead Counsel.

(n)     "Escrow Agent" means Robbins Geller Rudman & Dowd LLP and Pomerantz LLP and their respective successor(s).

{00471502;1 }                          11

(o)    "Final," with respect to the Judgment or, if applicable, the Alternative Judgment, or any other judgment or court order means:  (i) if no appeal is filed, the expiration date of the time provided for filing or noticing of any appeal under the Federal Rules of Appellate Procedure, *i.e.*, thirty (30) days after entry of the Judgment, Alternative Judgment or order; or (ii) if there is an appeal from the Judgment, Alternative Judgment or other court order, the later of (a) the date of final dismissal of all such appeals, or the final dismissal of any proceeding on certiorari or otherwise, or (b) the date the Judgment, Alternative Judgment or order is finally affirmed on an appeal, the expiration of the time to file a petition for a writ of certiorari or other form of review, or the denial of a writ of certiorari or other form of review, and, if certiorari or other form of review is granted, the date of final affirmance following review pursuant to that grant.  However, any appeal or proceeding seeking subsequent judicial review pertaining solely to an order issued with respect to:  (i) attorneys' fees, costs or expenses; or (ii) the plan of allocation for the Settlement proceeds (as submitted or subsequently modified), shall not in any way delay or preclude the Judgment or, if applicable, the Alternative Judgment, from becoming Final.

(p)    "Immediate Family" means children, stepchildren, parents, stepparents, spouses, siblings, stepsiblings, mothers-in-law, fathers-in-law, sons-in-law, daughters-in-law, brothers-in-law, sisters-in-law and any persons (other than a

tenant or employee) sharing the household.  As used in this definition, "spouse" shall mean a husband, a wife, or a partner in a state-recognized domestic relationship, civil union, or marriage.

(q)    "Judgment" means the final judgment and order, substantially in the form attached hereto as Exhibit B, to be entered by the Court approving the Settlement and dismissing the Action with prejudice.

(r)    "Lead Counsel" means the law firms Pomerantz LLP and Robbins Geller Rudman & Dowd, LLP.

(s)    "Litigation Expenses" means the reasonable costs and expenses incurred by Lead Counsel in connection with commencing, prosecuting and settling the Action (which may include the reasonable costs and expenses of Plaintiffs directly related to their representation of the Settlement Class pursuant to the PSLRA), for which Lead Counsel intend to apply to the Court for payment from the Settlement Fund.

(t)    "Net Settlement Fund" means the Settlement Fund less: (i) any Taxes and Tax Expenses; (ii) any Notice and Administration Costs; (iii) any Litigation Expenses awarded by the Court; (iv) any attorneys' fees awarded by the Court; and (v) any award to Plaintiffs made by the Court pursuant to the PSLRA for reasonable costs and expenses (including lost wages).

(u)  "Notice" means the Notice of (i) Proposed Settlement; (ii) Motion for an Award of Attorneys' Fees and Litigation Expenses; and (iii) Settlement Fairness Hearing, substantially in the form attached hereto as Exhibit 2 to Exhibit A, which is to be made available upon request to potential Settlement Class Members.

(v)  "Notice and Administration Costs" means the costs, fees and expenses that are reasonably and actually incurred by the Claims Administrator and/or Lead Counsel in connection with: (i) providing notice to the Settlement Class; and (ii) administering the Settlement, including, but not limited to, the Claims process, as well as the reasonably and actually incurred costs, fees and expenses incurred in connection with the Escrow Account.

(w)  "Parties" means Defendants and Plaintiffs, on behalf of themselves and the Settlement Class.

(x)  "Plaintiffs" means Plaintiffs Donald and Sarah Sherbondy and Construction Laborers Pension Trust of Greater St. Louis.

(y)  "Plaintiffs' Counsel" means any counsel who have appeared in the Litigation on behalf of Plaintiffs and the Settlement Class.

(z)  "Plaintiffs' Releasees" means Plaintiffs, the Settlement Class, and any and all of their related parties, including, without limitation, any and all of their past or present parents, subsidiaries, affiliates, predecessors, or successors, as well as any and all of their current or former officers, directors, employees, associates,

{00471502;1 }                                      14

members of their immediate families, agents or other persons acting on their behalf, underwriters, attorneys (including Plaintiffs' Counsel), advisors, financial advisors, publicists, independent certified public accountants, auditors, accountants, assigns, creditors, administrators, heirs, estates, or legal representatives and Plaintiffs' Counsel and their respective successors, assigns, representatives, officers, directors, attorneys and agents.

(aa) "Plan of Allocation" means the proposed plan set forth in the Notice to be utilized for determining the allocation of the Net Settlement Fund, as submitted or subsequently modified.

(bb) "Postcard Notice" means the notice, as approved by the Court and as described in Paragraph 25 and in the Preliminary Approval Order, substantially in the form attached hereto as Exhibit 1 to Exhibit A, that Lead Counsel will cause the Claims Administrator to disseminate to potential Settlement Class Members informing them of the Settlement contemplated by this Settlement Agreement.

(cc) "Preliminary Approval Order" means the order, substantially in the form attached hereto as Exhibit A, to be entered by the Court preliminarily approving the Settlement, certifying the Settlement Class for settlement purposes, and directing that notice of the Settlement be provided to the Settlement Class.

{00471502;1 }                                    15

(dd)  "PSLRA" means the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4 et seq., as amended.

(ee)  "Released Claims" means all Released Defendants' Claims and all Released Plaintiffs' Claims.

(ff)  "Released Defendants' Claims" means any and all claims, rights and causes of action, duties, obligations, demands, actions, debts, sums of money, suits, contracts, agreements, promises, damages and liabilities, including both known claims and Unknown Claims, whether contingent or non-contingent, or suspected or unsuspected, including any claims arising under federal or state statutory or common law or any other law, rule or regulation, whether foreign or domestic, that arise out of or relate in any way to the institution, prosecution, or settlement of the claims against Defendants. "Released Defendants' Claims" does not include (i) any claims relating to the enforcement of the Settlement; or (ii) any claims against any person or entity who submits a request for exclusion from the Settlement Class that is accepted by the Court ("Excluded Defendants' Claims").

(gg)  "Released Plaintiffs' Claims" means any and all claims, rights and causes of action, duties, obligations, demands, actions, debts, sums of money, suits, contracts, agreements, promises, damages and liabilities, including both known claims and Unknown Claims, whether, contingent or non-contingent, derivative or direct, or suspected or unsuspected, including any claims arising under federal or

state statutory or common law or any other law, rule or regulation, whether foreign or domestic, in law, in contract, or in equity, and regardless of legal theory, and including claims for indemnification, contribution, or otherwise denominated, that have been asserted, could have been asserted, or could be asserted in the future, that (i) arise out of, or relate in any way to, or are based upon, the allegations, transactions, acts, facts, events, matters, occurrences, representations or omissions involved, set forth, alleged or referred to in the Complaint, the proposed amended complaint in the Action, or in any of the prior complaints and (ii) in any way is based upon or related to the purchase, acquisition, or holding of Altria securities purchased or otherwise acquired by members of the Settlement Class during the Settlement Class Period. "Released Plaintiffs' Claims" does not include (i) any claims relating to the enforcement of the Settlement; (ii) any claims between Defendants' Releasees and their respective insurers; (iii) any claims of any person or entity who or which submits a request for exclusion from the Settlement Class that is accepted by the Court ("Excluded Plaintiffs' Claims"); or (iv) those claims asserted derivatively in *In re Altria Group, Inc. Derivative Litigation*, No. 3:20-cv-00772-DJN, *In re Altria Group, Inc. Derivative Litigation*, No. CL20-7051, *McCollum v. Gifford et al.*, No. CL21-5732, and *Merritts v. Casteen et al.*, No. CL21-1093.

(hh) "Releasee(s)" means each and any of Defendants' Releasees and each and any of Plaintiffs' Releasees.

{00471502;1 }                                              17

(ii)   "Releases" means the releases set forth in ¶¶ 4-8 of this Stipulation.

(jj)   "Settlement" means the settlement on the terms and conditions set forth in this Stipulation.

(kk)   "Settlement Amount" means Ninety Million United States Dollars (US$90,000,000.00) in cash to be paid pursuant to ¶ 10 of this Stipulation.

(ll)   "Settlement Class" means all persons and entities who purchased or otherwise acquired Altria securities between October 25, 2018 and April 1, 2020, both dates inclusive, and were allegedly damaged thereby.  Excluded from the Settlement Class are (i) Defendants, (ii) current and former officers and directors of Altria and JLI; (iii) members of the Immediate Family of each of the Individual Defendants; (iv) all subsidiaries and affiliates of Altria and JLI and the directors and officers of Altria, JLI, and their respective subsidiaries or affiliates; (v) all persons, firms, trusts, corporations, officers, directors, and any other individual or entity in which any Defendant has a controlling interest; (vi) the legal representatives, agents, affiliates, heirs, successors-in-interest or assigns of all such excluded parties; and (vii) any persons or entities who properly exclude themselves by filing a valid and timely request for exclusion.  Defendants stipulate, agree, and consent to the definition of "Settlement Class" for the sole purpose of the Settlement, and without prejudice to

their right to contest class certification if the Settlement is not approved by the Court, is terminated or cancelled, or fails to become effective for any reason.

(mm) "Settlement Class Member" means each person and entity who or which is a member of the Settlement Class.

(nn) "Settlement Class Period" means the period of time between October 25, 2018 and April 1, 2020, both dates inclusive.

(oo) "Settlement Fairness Hearing" means the hearing set by the Court under Rule 23(e)(2) of the Federal Rules of Civil Procedure to consider final approval of the Settlement.

(pp) "Settlement Fund" means the Settlement Amount plus any and all interest earned thereon.

(qq) "Supplemental Agreement" means the Supplemental Agreement as defined in ¶ 39 below.

(rr) "Summary Notice" means the Summary Notice of (i) Proposed Settlement; (ii) Motion for an Award of Attorneys' Fees and Litigation Expenses; and (iii) Settlement Fairness Hearing, substantially in the form attached hereto as Exhibit 4 to Exhibit A, to be published as set forth in the Preliminary Approval Order.

(ss) "Taxes" means: (i) all federal, state, local and/or foreign taxes of any kind (together with any and all interest, penalties, additions to tax, and additional

amounts imposed with respect thereto) arising with respect to the Settlement Fund, including any taxes or tax detriments that may be imposed upon the Releasees or their counsel with respect to any income earned by the Settlement Fund for any period after the deposit of the Settlement Amount in the Escrow Account during which the Settlement Fund does not qualify as a "qualified settlement fund" for federal or state income tax purposes; and (ii) all taxes imposed on payments by the Settlement Fund, including withholding taxes.

(tt)    "Tax Expenses" means the expenses and costs incurred by Lead Counsel in connection with determining the amount of, and paying, any taxes owed by the Settlement Fund (including, without limitation, expenses of tax attorneys and/or accountants and mailing and distribution costs and expenses relating to filing (or failing to file) tax returns for the Settlement Fund).

(uu) "Unknown Claims" means (i) any Released Plaintiffs' Claims which any Plaintiff or any other Settlement Class Member, or each of their agents or attorneys, or their current or former officers, directors, or employees, does not know or suspect to exist in his, her or its favor at the time of the release of such claims, and (ii) any Released Defendants' Claims which any Defendant or each of their agents or attorneys, or their current or former officers, directors, or employees, does not know or suspect to exist in his, her, or its favor at the time of the release of such claims.  With respect to any and all Released Claims, the Parties stipulate and agree

{00471502;1 }                                            20

that, upon the Effective Date of the Settlement, Plaintiffs and Defendants shall expressly waive, and each of the Settlement Class Members shall be deemed to have waived, and by operation of the Judgment or the Alternative Judgment, if applicable, shall have, to the fullest extent permitted by law, expressly waived and relinquished, any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law or foreign law, which is similar, comparable, or equivalent to California Civil Code §1542, which provides:

> A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

The Parties and Settlement Class Members acknowledge, and shall be deemed by operation of law to have acknowledged, that they may hereafter discover facts, legal theories, or authorities in addition to or different from those which he or she or it or their counsel now knows or believes to be true with respect to the subject matter of the Released Claims, but, upon the Effective Date, Plaintiffs and Defendants shall expressly, fully, finally, and forever, settle and release, and each of the other Settlement Class Members shall be deemed to have settled and released, and upon the Effective Date by operation of the Judgment or the Alternative Judgment, if applicable, shall have, settled and released, fully, finally, and forever, any and all Released Claims without regard to the subsequent discovery or existence of such

{00471502;1 }                                    21

different or additional facts, legal theories, or authorities.  Plaintiffs and Defendants acknowledge, and each of the other Settlement Class Members shall be deemed by operation of the Judgment or the Alternative Judgment, if applicable, to have acknowledged, that the foregoing waiver was separately bargained for and is a key element of the Settlement of which this release is a part.

**STIPULATION OF CLASS CERTIFICATION**

2.     Solely for the purposes of this Settlement, the Parties stipulate to the certification of a Settlement Class (as defined in ¶ 1(ll)), pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure.  The certification of the Settlement Class shall be binding only with respect to the Settlement of the Action and only if the Judgment, or, if applicable, Alternative Judgment, contemplated by this Stipulation becomes Final and the Effective Date occurs.  This stipulation is not and shall not be construed as evidence or an admission that any non-Settlement Class is or would have been consistent with Rule 23 of the Federal Rules of Civil Procedure.

**PRELIMINARY APPROVAL OF SETTLEMENT**

3.     Promptly upon execution of this Stipulation, Plaintiffs will move for preliminary approval of the Settlement, certification of the Settlement Class for settlement purposes only, and the scheduling of a hearing for consideration of, *inter alia*, final approval of the Settlement and Lead Counsel's application for an award of reasonable attorneys' fees and Litigation Expenses.  Plaintiffs' motion for

preliminary approval shall be unopposed by Defendants. Concurrently with the motion for preliminary approval, Plaintiffs shall apply to the Court for, and Defendants shall agree to, entry of the Preliminary Approval Order, substantially in the form attached hereto as Exhibit A.

### **RELEASE OF CLAIMS**

4.      The obligations incurred pursuant to this Stipulation are in consideration of the full and final disposition of the Action as against Defendants; and shall fully, finally and forever compromise, settle, release, resolve, relinquish, waive, discharge and dismiss with prejudice, the Action and any and all Released Claims against each and all of the Defendants' Releasees upon the occurrence of the Effective Date.

5.      Pursuant to the Judgment, or the Alternative Judgment, if applicable, without further action by anyone, upon the Effective Date of the Settlement, Plaintiffs' Releasees and each of the other Settlement Class Members (whether or not such person submitted a Claim Form), on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors and assigns in their capacities as such, and on behalf of any other person or entity legally entitled to bring Released Plaintiffs' Claims on behalf of any Settlement Class Member, shall be deemed to have, and by operation of law and of the Judgment shall have, fully, finally and forever compromised, settled, released, resolved, relinquished, waived

{00471502;1 }                              23

discharged, and dismissed with prejudice each and every one of the Released Plaintiffs' Claims (including, without limitation, any Unknown Claims) against any and all of Defendants' Releasees, and shall forever be barred and enjoined, to the fullest extent permitted by law, from commencing, instituting, maintaining, prosecuting or continuing to prosecute any or all of the Released Plaintiffs' Claims against any of Defendants' Releasees, in this Action or in any other proceeding. This Release shall not apply to any Excluded Plaintiffs' Claims.

6.      Plaintiffs covenant, on their own behalf and on behalf of the Settlement Class, not to sue any Defendants' Releasee based on any of the Released Plaintiffs' Claims or to assist any person in commencing or maintaining any suit relating to any Released Plaintiffs' Claim. This covenant does not include claims to enforce the Settlement.

7.      Pursuant to the Judgment, or the Alternative Judgment, if applicable, without further action by anyone, upon the Effective Date of the Settlement, Defendants' Releasees, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors and assigns in their capacities as such, and on behalf of any other person or entity legally entitled to bring Released Defendants' Claims on behalf of Defendants, shall be deemed to have, and by operation of law and of the Judgment shall have, fully, finally and forever compromised, settled, released, resolved, relinquished, waived and discharged each

{00471502;1 }                              24

and every Released Defendants' Claim (including, without limitation, any Unknown Claims) against Plaintiffs' Releasees, and shall forever be barred and enjoined from commencing, instituting, maintaining, prosecuting or continuing to prosecute any or all of the Released Defendants' Claims against any of Plaintiffs' Releasees, in this Action or in any other proceeding. This Release shall not apply to any Excluded Defendants' Claims.

8.     The terms of 15 U.S.C. § 78u-4(f)(7) shall apply to this Settlement, including that each Defendant shall be discharged from all claims for contribution brought by other persons, and the Judgment shall so provide. The Judgment shall include a bar order constituting the final discharge of all obligations to any member of the Settlement Class of each of the Defendants arising out of the Action and shall bar all future claims for contribution arising out of the Action by any person against any Defendant.

9.     Notwithstanding ¶¶ 4-8 above, nothing in the Judgment, or the Alternative Judgment, if applicable, shall bar any action by any of the Parties to enforce or effectuate the terms of this Stipulation or the Judgment, or Alternative Judgment, if applicable.

## THE SETTLEMENT CONSIDERATION

10.     In consideration of the full and complete settlement of the claims asserted in the Action against Defendants and Defendants' Releasees and the

Releases specified in ¶¶ 4-8 above, all of which the Parties agree are good and valuable consideration, Altria shall pay or cause to be paid the Settlement Amount into the Escrow Account within thirty (30) calendar days of the later of (1) issuance of the Preliminary Approval Order; and (2) Lead Counsel having provided to Defendants' Counsel all information necessary to accomplish payment of the Settlement Amount via check or wire transfer, including (a) a tax identification number for the Escrow Account; (b) a completed wire transfer, ACH transfer, or similar anti-fraud payment request form signed by an authorized representative of the Escrow Account; and (c) all required wire and check funding instructions and information including payee name, telephone and e-mail contact information and a physical address for the Escrow Agent.

11.    Defendants' sole monetary obligation under the Settlement, including in connection with the provision and administration of notice and the administration of the Settlement and any costs associated therewith (except for the provision of notice pursuant to CAFA as detailed in ¶ 46 hereof) and any attorneys' fees or costs awarded by the Court, is the Settlement Amount, and Defendants shall not be liable for any other amount or amounts.  Defendants and Defendants' Counsel shall have no responsibility for, interest in, or liability whatsoever with respect to: (i) any act, omission, or determination by Lead Counsel or the Claims Administrator, or any of their respective designees or agents, in connection with the administration of

Settlement or otherwise; (ii) the management, investment, or distribution of the Settlement Fund; (iii) the Plan of Allocation; (iv) the determination, administration, calculation, or payment of any claims asserted against the Settlement Fund; (v) any loss suffered by, or fluctuation in value of, the Settlement Fund; or (vi) the payment or withholding of any Taxes, expenses, and/or costs incurred in connection with the taxation of the Settlement Fund, distributions, or other payments from the Escrow Account, or the filing of any federal, state, or local returns.

12.     Other than the obligation of Altria to cause the payment of the Settlement Amount pursuant to ¶ 10, Defendants shall have no obligation to make any other payments into the Escrow Account or to any Settlement Class Member pursuant to this stipulation.  There will be no responsibility or liability on the part of any Defendant other than Altria to pay any portion of the Settlement Amount.

## USE OF SETTLEMENT FUND

13.     The Settlement Fund shall be used to pay:  (a) any Taxes and Tax Expenses; (b) any Notice and Administration Costs; (c) any Litigation Expenses awarded by the Court; (d) any attorneys' fees awarded by the Court; (e) any other award to Plaintiffs made by the Court pursuant to the PSLRA for reasonable costs and expenses (including lost wages).  Under no circumstances will Defendants (or any of the other Defendants' Releasees) be required to pay more than the Settlement

Amount.  The balance remaining in the Settlement Fund, that is, the Net Settlement Fund, shall be distributed to Authorized Claimants as provided in ¶¶ 26-35 below.

14.    Except as provided herein or pursuant to orders of the Court, the Net Settlement Fund shall remain in the Escrow Account prior to the Effective Date.  All funds held by the Escrow Agent shall be deemed to be in the custody of the Court and shall remain subject to the jurisdiction of the Court until such time as the funds shall be distributed, or returned, pursuant to the terms of this Stipulation and/or further order of the Court.  The Escrow Agent shall invest any funds in the Escrow Account exclusively in instruments or accounts backed by the full faith and credit of the United States Government or fully insured by the United States Government or an agency thereof, including a United States Treasury Fund or a bank account that is either (a) fully insured by the Federal Deposit Insurance Corporation ("FDIC") or (b) secured by instruments backed by the full faith and credit of the United States Government.  The Escrow Agent shall reinvest the proceeds of these instruments or accounts as they mature in similar instruments or accounts at their then-current market rates.  Defendants and Defendants' Counsel shall have no responsibility for, interest in, or liability whatsoever with respect to investment decisions executed by the Escrow Agent. All risks related to the investment of the Settlement Fund shall be borne solely by the Settlement Fund.

15.     The Escrow Agent shall not disburse the Settlement Fund except as provided in this Stipulation.  The Parties agree that the Settlement Fund is intended to be a Qualified Settlement Fund within the meaning of Treasury Regulation § 1.468B-1 and that Lead Counsel, as administrator of the Settlement Fund within the meaning of Treasury Regulation § 1.468B-2(k)(3), shall be solely responsible for filing or causing to be filed all informational and other tax returns as may be necessary or appropriate (including, without limitation, the returns described in Treasury Regulation § 1.468B-2(k)) for the Settlement Fund.  Lead Counsel shall also be responsible for causing payment to be made from the Settlement Fund of any Taxes or Tax Expenses owed with respect to the Settlement Fund.  Upon written request, one or more of Defendants will provide to Lead Counsel the statement described in Treasury Regulation § 1.468B-3(e).  Lead Counsel, as administrator of the Settlement Fund within the meaning of Treasury Regulation § 1.468B-2(k)(3), shall timely make such elections as are necessary or advisable to carry out this paragraph, including, as necessary, making a "relation back election," as described in Treasury Regulation § 1.468B-1(j), to cause the Qualified Settlement Fund to come into existence at the earliest allowable date, and shall take or cause to be taken all actions as may be necessary or appropriate in connection therewith.  Such election shall be made in compliance with the procedures and requirements contained in such regulations. It shall be the responsibility of Lead Counsel to timely and properly

{00471502;1 }                                      29

prepare and deliver, or cause to be prepared and delivered, the necessary documentation for signature by all necessary parties, and thereafter take all such actions as may be necessary or appropriate. Unless otherwise specified herein expressly, all obligations with respect to the Qualified Settlement Fund are obligations of Lead Counsel, not Defendants or Defendants' Counsel.

16.    For the purposes of Section 468B of the Internal Revenue Code of 1986, as amended, and Treas. Reg. § 1.468B promulgated thereunder, the "administrator" shall be Lead Counsel or their successors, who shall timely and properly file, or cause to be filed, all federal, state, or local tax returns and information returns (together, "Tax Returns") necessary or advisable with respect to the earnings on the funds deposited in the Escrow Account (including without limitation the returns described in Treas. Reg. § 1.468B-2(k)). Such Tax Returns (as well as the election described above) shall be consistent with this paragraph and in all events shall reflect that all Taxes (including any estimated taxes, earnings, or penalties) on the income earned on the funds deposited in the Escrow Account shall be paid out of such funds.

17.    All Taxes and Tax Expenses shall be paid out of the Settlement Fund, and in all events Defendants' Releasees (including Defendants' Counsel) shall have no liability or responsibility whatsoever for the payment of Taxes or Tax Expenses, for the filing of any Tax Return or other document with the Internal Revenue Service or any other state or local taxing authority, or for the acts or omissions of Lead

{00471502;1 }                              30

Counsel or its agents with respect to the payment of Taxes. In the event any Taxes are owed by any of the Defendants on any earnings on the funds on deposit in the Escrow Account, such amounts shall also be paid out of the Settlement Fund.

18. Taxes and Tax Expenses with respect to the Settlement Fund and the Escrow Account shall be treated as, and considered to be, a cost of administration of the Settlement. Taxes and Tax Expenses shall be timely paid by the Escrow Agent without further order of the Court, and Lead Counsel shall be authorized (notwithstanding anything herein to the contrary) to withhold from distribution to Authorized Claimants any funds necessary to pay such amounts, including the establishment of adequate reserves for any Taxes and Tax Expenses (as well as any amounts that may be required to be withheld under Treas. Reg. §1.468B-2(l)(2)). The Parties hereto agree to cooperate with the Escrow Agent, each other, and their tax attorneys and accountants to the extent reasonably necessary to carry out the provisions of ¶¶ 15-18 of this Stipulation.

19. The Settlement is not a claims-made settlement. Upon the occurrence of the Effective Date, no Defendant, Defendants' Releasee, or any other person or entity who or which paid any portion of the Settlement Amount shall have any right to the return of the Settlement Fund or any portion thereof for any reason whatsoever, including, without limitation, the number of Claim Forms submitted, the collective amount of Recognized Claims of Authorized Claimants, the percentage of recovery

{00471502;1 }                                          31

of losses, or the amounts to be paid to Authorized Claimants from the Net Settlement Fund.

20.    Lead Counsel may pay from the Settlement Fund, without further approval from Defendants or further order of the Court, all Notice and Administration Costs actually incurred and paid or payable; *provided, however*, that Lead Counsel may only pay up to One Million United States Dollars (US$1,000,000.00) in Notice and Administration Costs prior to the Settlement Fairness Hearing without further Court approval.  Following the Settlement Fairness Hearing, Lead Counsel may pay amounts for Notice and Administration Costs over One Million United States Dollars (US$1,000,000.00) without further Court approval.  Such costs and expenses shall include, without limitation, the actual costs of printing and mailing the Postcard Notice, Notice and Claim Form, publishing the Summary Notice, reimbursements to nominee owners for forwarding the Postcard Notice, Notice and Claim Form to their beneficial owners, the administrative expenses incurred and fees charged by the Claims Administrator in connection with providing notice, administering the Settlement (including processing submitted Claims), and the fees, if any, of the Escrow Agent.  In the event that the Settlement is terminated pursuant to the terms of this Stipulation (including the Supplemental Agreement), all Notice and Administration Costs paid or incurred, including any related fees, shall not be returned or repaid to Defendants, any of the other

Defendants' Releasees or any other person or entity who or which paid any portion of the Settlement Amount.

## **ATTORNEYS' FEES AND LITIGATION EXPENSES**

21.    Lead Counsel will apply to the Court for an award of reasonable attorneys' fees to be paid from (and out of) the Settlement Fund.  Lead Counsel also will apply to the Court for payment of Litigation Expenses, which may include an award to Plaintiffs for their reasonable costs and expenses (including lost wages) pursuant to the PSLRA, to be paid from (and out of) the Settlement Fund.  Lead Counsel's application for an award of attorneys' fees and/or Litigation Expenses is not the subject of any agreement between Defendants and Plaintiffs other than what is set forth in this Stipulation.  Defendants shall take no position on Lead Counsel's fee and expense request.

22.    Any attorneys' fees and Litigation Expenses that are awarded by the Court, including any interest thereon, shall be paid promptly to Lead Counsel upon entry of both the Judgment approving the Settlement and the order providing for such award(s), notwithstanding the existence of any timely filed objections thereto, or potential for appeal therefrom, or collateral attack on the Settlement or any part thereof, subject to Lead Counsel's joint and several obligation to make appropriate refunds or repayments to the Settlement Fund or (if the Settlement is vacated or modified) to Altria, plus accrued interest at the same net rate as is earned by the

{00471502;1 }                                       33

Settlement Fund, if the Settlement is terminated pursuant to the terms of this Stipulation if, as a result of any appeal and/or further proceedings on remand, or successful collateral attack, the award of attorneys' fees, Litigation Expenses, or reasonable costs or expenses to Plaintiffs is reduced or reversed and such order reducing or reversing the award has become Final, or Judgment approving the Settlement is vacated or modified. Lead Counsel shall make the appropriate refund or repayment in full no later than thirty (30) calendar days after: (a) receiving from Defendants' Counsel notice of the termination of the Settlement; or (b) any order reducing or reversing the award of attorneys' fees, Litigation Expenses, or reasonable costs or expenses to Plaintiffs has become Final. The procedure for, the allowance or disallowance of, and the amount of any attorneys' fees and/or Litigation Expenses are not necessary terms of this Stipulation, are not conditions of the Settlement embodied herein, and shall be considered separately from the Court's consideration of the fairness, reasonableness, and adequacy of the Settlement. Neither Plaintiffs nor Lead Counsel may cancel or terminate the Settlement based on this Court's or any appellate court's ruling with respect to attorneys' fees and/or Litigation Expenses, and any appeal from any order awarding attorneys' fees and/or Litigation Expenses or any reversal or modification of any such order shall not affect or delay the finality of the Judgment or Alternative Judgment.

23.    Defendants and Defendants' Releasees shall have no responsibility for or liability whatsoever with respect to the allocation or award of attorneys' fees or Litigation Expenses.  The attorneys' fees and Litigation Expenses that are awarded to Lead Counsel shall be payable solely from the Settlement Fund.  With the sole exception of Altria's obligation to cause the Settlement Amount to be paid into the Escrow Account pursuant to ¶ 10 above, Defendants' Releasees shall have no responsibility for, and no liability whatsoever with respect to, any payment of attorneys' fees and/or Litigation Expenses to Lead Counsel pursuant to this Stipulation, or for any other attorneys' fees and/or Litigation Expenses incurred by or on behalf of any other Settlement Class Member in connection with this Action or the Settlement.

## NOTICE AND SETTLEMENT ADMINISTRATION

24.    As part of the Preliminary Approval Order, Plaintiffs shall seek appointment of a Claims Administrator.  The Claims Administrator shall administer the Settlement, including, but not limited to, providing notice of the Settlement to the Settlement Class, the process of receiving, reviewing and approving or denying Claims, under Lead Counsel's supervision and subject to the jurisdiction of the Court.  Other than Altria's obligation to provide Lead Counsel or the Claims Administrator with Altria's common stock records as provided in ¶ 25 below, none of Defendants, nor any of the other Defendants' Releasees, shall have any

involvement in or any responsibility, authority or liability whatsoever for the selection of the Claims Administrator, the Plan of Allocation, the administration of the Settlement, the Claims process, or disbursement of the Net Settlement Fund, and shall have no liability whatsoever to any person or entity, including, but not limited to, Plaintiffs, any other Settlement Class Members, the Claims Administrator or Lead Counsel in connection with the foregoing. Defendants' Counsel shall cooperate in the administration of the Settlement to the extent reasonably necessary to effectuate its terms.

25.    In accordance with the terms of the Preliminary Approval Order to be entered by the Court, Lead Counsel shall cause the Claims Administrator to mail, or email, the Postcard Notice or Notice and Claim Form to those members of the Settlement Class as may be identified through reasonable effort. Lead Counsel shall also cause the Claims Administrator to have the Summary Notice published in accordance with the terms of the Preliminary Approval Order to be entered by the Court. For the purposes of identifying and providing notice to the Settlement Class, within five (5) business days after entry of the Preliminary Approval Order, Altria shall obtain and provide to Lead Counsel or the Claims Administrator, at no cost to the Settlement Fund, Lead Counsel or the Claims Administrator, a list, in electronic form, of record holders of Altria common stock and other securities during the Settlement Class Period obtained from Altria's transfer agent (consisting of names

and addresses, as well as e-mail addresses if available), to the extent that such information is reasonably available.

26.    The Claims Administrator shall receive Claims and determine first, whether the Claim is a valid Claim, in whole or in part, and second, each Authorized Claimant's *pro rata* share of the Net Settlement Fund as calculated pursuant to the proposed Plan of Allocation set forth in the Notice attached hereto as Exhibit 2 to Exhibit A (or such other plan of allocation as the Court approves).

27.    The Plan of Allocation proposed in the Notice is not a necessary term of the Settlement or of this Stipulation, and it is not a condition of the Settlement or of this Stipulation that any particular plan of allocation be approved by the Court. Plaintiffs and Lead Counsel may not cancel or terminate the Settlement (or this Stipulation) based on this Court's or any appellate court's ruling with respect to the Plan of Allocation or any other plan of allocation approved in this Action. Defendants and the other Defendants' Releasees shall not object in any way to Plaintiffs' Plan of Allocation or any other plan of allocation in this Action.  No Defendant, nor any other Defendants' Releasees, shall have any involvement with or liability, obligation or responsibility whatsoever for the application of the Court-approved plan of allocation.

28.    Any Settlement Class Member who does not submit a valid Claim Form will not be entitled to receive any distribution from the Net Settlement Fund, but will

{00471502;1 }                                    37

otherwise be bound by all of the terms of this Stipulation and Settlement, including the terms of the Judgment or, the Alternative Judgment, if applicable, to be entered in the Action and the Releases provided for herein and therein, and will be permanently barred and enjoined from bringing any action, claim, or other proceeding of any kind against any of Defendants or Defendants' Releasees with respect to the Released Plaintiffs' Claims in the event that the Effective Date occurs with respect to the Settlement.

29.    Lead Counsel shall be responsible for supervising the administration of the Settlement and the disbursement of the Net Settlement Fund subject to Court approval.  No Defendant, or any other Defendants' Releasees, shall be permitted to review, contest or object to any Claim, or any decision of the Claims Administrator or Lead Counsel with respect to accepting or rejecting any Claim, nor shall any Defendant or Defendants' Releasee have any responsibility for, interest in, or liability whatsoever for the administration of the Settlement or disbursement of the Net Settlement Fund.  Lead Counsel shall have the right, but not the obligation, to waive what it deems to be formal or technical defects in any Claims submitted in the interests of achieving substantial justice.

30.    For purposes of determining the extent, if any, to which a Settlement Class Member shall be entitled to be treated as an Authorized Claimant, the following conditions shall apply:

{00471502;1 }                                                38

(a)    Each Claimant shall be required to submit a Claim in paper form, substantially in the form attached hereto as Exhibit 3 to Exhibit A, or in electronic form, in accordance with the instructions for the submission of such Claims, and supported by such documents as are designated therein, including proof of the Claimant's claimed loss, or such other documents or proof as the Claims Administrator or Lead Counsel, in their discretion, may deem acceptable;

(b)    All Claims must be submitted by the date set by the Court in the Preliminary Approval Order and specified in the Notice.  Any Settlement Class Member who fails to submit a Claim by such date shall be forever barred from receiving any distribution from the Net Settlement Fund or payment pursuant to this Stipulation (unless by Order of the Court such Settlement Class Member's Claim Form is accepted), but shall in all other respects be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Judgment or Alternative Judgment, if applicable, and the Releases provided for herein and therein, and will be permanently barred and enjoined from bringing any action, claim or other proceeding of any kind against any of Defendants or Defendants' Releasees with respect to any Released Plaintiffs' Claim.  A Claim Form shall be deemed to be submitted when postmarked, if received with a postmark indicated on the envelope and if mailed by first-class mail and addressed in accordance with the instructions

{00471502;1 }                                    39

thereon.  In all other cases, the Claim Form shall be deemed to have been submitted on the date when actually received by the Claims Administrator;

(c)    Each Claim shall be submitted to and reviewed by the Claims Administrator who shall determine in accordance with this Stipulation and the plan of allocation the extent, if any, to which each Claim shall be allowed, subject to review by the Court pursuant to subparagraph (e) below as necessary;

(d)    Claims that do not meet the submission requirements may be rejected.  Prior to rejecting a Claim in whole or in part, the Claims Administrator shall communicate with the Claimant in writing, to give the Claimant the chance to remedy any curable deficiencies in the Claim Form submitted.  The Claims Administrator shall notify, in a timely fashion and in writing, all Claimants whose Claim the Claims Administrator proposes to reject in whole or in part, setting forth the reasons therefor, and shall indicate in such notice that the Claimant whose Claim is to be rejected has the right to review by the Court if the Claimant so desires and complies with the requirements of subparagraph (e) below; and

(e)    If any Claimant whose Claim has been rejected in whole or in part desires to contest such rejection, the Claimant must, within twenty (20) days after the date of mailing of the notice required in subparagraph (d) above, serve upon the Claims Administrator a notice and statement of reasons indicating the Claimant's grounds for contesting the rejection along with any supporting documentation, and

requesting a review thereof by the Court. If a dispute concerning a Claim cannot be otherwise resolved, Lead Counsel shall thereafter present the request for review to the Court.

31. Each Claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to the Claimant's Claim, and the Claim will be subject to investigation and discovery under the Federal Rules of Civil Procedure; provided, however, that such investigation and discovery shall be limited to that Claimant's status as a Settlement Class Member and the validity and amount of the Claimant's Claim. No discovery shall be allowed on the merits of this Action or of the Settlement in connection with the processing of Claims.

32. After the Effective Date has occurred, and upon resolution of any and all disputes referenced in ¶ 30(e), Lead Counsel shall direct the Claims Administrator to distribute the Net Settlement Fund to Authorized Claimants from the Escrow Account. The Net Settlement Fund shall be distributed to Authorized Claimants substantially in accordance with the Plan of Allocation described in the Notice and approved by the Court. If there is any balance remaining in the Net Settlement Fund after six (6) months from the date of distribution of the Settlement Fund (whether by reason of tax refunds, uncashed checks, or otherwise), the Claims Administrator shall, if economically feasible, reallocate such balance among Authorized Claimants in an equitable and economic fashion. These redistributions

{00471502;1 }                                   41

will be repeated until the balance remaining in the Net Settlement Fund is no longer economically reasonable, in Lead Counsel's discretion, to distribute to Settlement Class Members. Thereafter, any balance that still remains in the Net Settlement Fund shall be donated to a 501(c)(3) non-profit organization unaffiliated with the Parties or their counsel, and approved by the Court.

33.     Payment pursuant to the Plan of Allocation shall be final and conclusive against all Settlement Class Members.  All Settlement Class Members whose Claims are not approved by the Court for payment shall be barred from participating in distributions from the Net Settlement Fund, but otherwise shall be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Judgment to be entered in this Action and the Releases provided for therein, and will be permanently barred and enjoined from bringing any action against any and all Defendants' Releasees concerning any and all of the Settled Claims.

34.     No person or entity shall have any claim against Plaintiffs, Lead Counsel, the Claims Administrator or any other agent designated by Lead Counsel, or Defendants, Defendants' Releasees and/or their respective counsel, arising from distributions made substantially in accordance with the Stipulation, the plan of allocation approved by the Court, or any order of the Court.  Plaintiffs and Defendants, and their respective counsel, Plaintiffs' damages consultant/expert, and all other Releasees shall have no liability whatsoever for the investment or

{00471502;1 }                                          42

distribution of the Settlement Fund or the Net Settlement Fund, the plan of allocation, or the determination, administration, calculation, or payment of any Claim or nonperformance of the Claims Administrator, the payment or withholding of Taxes (including interest and penalties) of Tax Expenses owed by the Settlement Fund, or any losses incurred in connection therewith.

35.     All proceedings with respect to the administration, processing and determination of Claims and the determination of all controversies relating thereto, including disputed questions of law and fact with respect to the validity of Claims, shall be subject to the jurisdiction of the Court.  All Settlement Class Members, other Claimants, and the Parties to this Settlement expressly waive trial by jury (to the extent any such right may exist) and any right of appeal or review with respect to such determinations.

## TERMS OF THE JUDGMENT

36.     If the Settlement contemplated by this Stipulation is approved by the Court, Lead Counsel and Defendants' Counsel shall request that the Court enter a Judgment, substantially in the form attached hereto as Exhibit B, approving the Settlement and dismissing the Action with prejudice.

## CONDITIONS OF SETTLEMENT AND EFFECT OF DISAPPROVAL, CANCELLATION OR TERMINATION

37.     The Effective Date of the Settlement shall be deemed to occur on the occurrence or waiver of all of the following events:

(a)    the Court has entered the Preliminary Approval Order, substantially in the form set forth in Exhibit A attached hereto, as required by ¶ 3 above;

(b)    the Settlement Amount has been deposited into the Escrow Account in accordance with the provisions of ¶ 10 above;

(c)    Altria has not exercised its option to terminate the Settlement pursuant to the provisions of this Stipulation (including the Supplemental Agreement);

(d)    Plaintiffs have not exercised their option to terminate the Settlement pursuant to the provisions of this Stipulation; and

(e)    the Court has approved the Settlement as described herein, following notice to the Settlement Class and a hearing, as prescribed by Rule 23 of the Federal Rules of Civil Procedure, and entered the Judgment and the Judgment has become Final, or the Court has entered an Alternative Judgment with the consent of all Parties, and the Alternative Judgment has become Final.

38.    If the Settlement Amount is not paid into the Escrow Account in accordance with ¶ 10 of this Stipulation, then Plaintiffs in their sole discretion, and not Defendants, shall have the right to (a) terminate the Settlement and Stipulation by providing written notice to Defendants at any time prior to the Court's entry of Final Judgment; or (b) enforce the terms of the Settlement and this Stipulation and

seek a judgment effecting the terms herein, after providing written notice to Defendants. Notwithstanding the foregoing, Defendants shall have a period of forty-eight (48) hours after Plaintiffs provide written notice of their intent to terminate the Settlement and Stipulation or enforce the terms of the Settlement and this Stipulation in which to cure the alleged non-compliance with ¶ 10 of this Stipulation. If Defendants cure such alleged non-compliance within that forty-eight (48) hour period, then Plaintiffs shall not have the right to terminate the Settlement and Stipulation or enforce the terms of the Settlement and Stipulation on this ground.

39. Simultaneously herewith, Plaintiffs and Defendants are executing a "Supplemental Agreement" setting forth certain conditions under which this Settlement may be withdrawn or terminated at Altria's sole discretion if Settlement Class Members who meet certain criteria exclude themselves from the Settlement Class. The Supplemental Agreement shall not be filed with the Court, except that the Supplemental Agreement and/or its contents may be brought to the attention of the Court, *in camera*, if so requested by the Court or as otherwise ordered by the Court. The Parties will keep the terms of the Supplemental Agreement confidential, except if compelled by judicial process to disclose them. Should the Court require that the Supplemental Agreement be filed with the Court, Plaintiffs and Defendants shall jointly request that it be filed under seal.

{00471502;1 }                                        45

40.    Upon the occurrence of all of the events referenced in ¶ 37 above, any and all remaining interest or right of Defendants or any other Defendants' Releasees in or to the Settlement Fund, if any, shall be absolutely and forever extinguished, and the Releases herein shall be effective.

41.    If (i) Altria exercises its right to terminate the Settlement as provided in this Stipulation or the Supplemental Agreement; (ii) Plaintiffs exercise their right to terminate the Settlement as provided in this Stipulation; (iii) the Court disapproves the Settlement; or (iv) the Effective Date as to the Settlement otherwise fails to occur, then:

(a)    the Settlement and the relevant portions of this Stipulation shall be canceled and terminated;

(b)    Plaintiffs and Defendants shall revert to their respective positions in the Action as of the date immediately prior to the execution of the MOU on October 28, 2021;

(c)    the terms and provisions of this Stipulation, with the exception of this ¶ 41 and ¶¶ 20, 22, 43 and 65, shall have no further force and effect with respect to the Parties and shall not be used in the Action or in any other proceeding for any purpose, and any Judgment, or Alternative Judgment, if applicable, or order entered by the Court in accordance with the terms of this Stipulation shall be treated as vacated, *nunc pro tunc*; and

{00471502;1 }                                  46

(d)    Within five (5) business days after joint written notification of termination is sent by Defendants' Counsel and Lead Counsel to the Escrow Agent, the Settlement Fund (including accrued interest thereon and any funds received by Lead Counsel consistent with ¶ 22 above), less any Notice and Administration Costs actually incurred, paid or payable and less any Taxes and Tax Expenses paid, due or owing shall be returned by the Escrow Agent to Altria (or such other persons or entities as Altria may direct).  In the event that the funds received by Lead Counsel consistent with ¶ 22 above have not been refunded to the Settlement Fund within the five (5) business days specified in this paragraph, those funds shall be refunded by the Escrow Agent to Altria (or such other persons or entities as Altria may direct) immediately upon their deposit into the Escrow Account consistent with ¶ 22 above.

42.    It is further stipulated and agreed that Plaintiffs, Altria, and JLI shall each have the right to terminate the Settlement and this Stipulation, by providing written notice of their election to do so ("Termination Notice") to the other Parties to this Stipulation within thirty (30) days of:  (i) the Court's final refusal to enter the Preliminary Approval Order in any material respect; (ii) the Court's final refusal to approve the Settlement or any material part thereof; (iii) the Court's final refusal to enter the Judgment in any material respect as to the Settlement; (iv) the date upon which the Judgment is modified or reversed in any material respect by the United States Court of Appeals for the Fourth Circuit or the United States Supreme Court;

{00471502;1 }                                                  47

or (v) the date upon which an Alternative Judgment is modified or reversed in any material respect by the United States Court of Appeals for the Fourth Circuit or the United States Supreme Court, and the provisions of ¶ 41 above shall apply. However, any decision or proceeding, whether in this Court or any appellate court, with respect to an application for attorneys' fees or payment of Litigation Expenses or with respect to any plan of allocation shall not be considered material to the Settlement, shall not affect the finality of any Judgment or Alternative Judgment, if applicable, and shall not be grounds for termination of the Settlement.

## NO ADMISSION OF WRONGDOING

43.    Each of the Defendants denies any wrongdoing, and this Stipulation shall in no event be construed or deemed to be evidence of or an admission or concession on the part of any of the Defendants, or any other of the Defendants' Releasees, with respect to any claim or allegation of any fault or liability or wrongdoing or damage whatsoever, or any infirmity in the defenses that the Defendants have, or could have, asserted.  Defendants expressly deny that Plaintiffs have asserted any valid claims as to any of them, and expressly deny any and all allegations of fault, liability, wrongdoing or damages whatsoever.  Neither the MOU, this Stipulation (whether or not the Settlement is consummated), including the exhibits hereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the negotiations leading to the

{00471502;1 }                                           48

execution of the MOU and the execution of this Stipulation, nor any proceedings taken pursuant to or in connection with the MOU or this Stipulation and/or approval of the Settlement (including any arguments proffered in connection therewith):

(a)    shall be offered against any of Defendants or Defendants' Releasees as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of Defendants or Defendants' Releasees with respect to the truth of any fact alleged by Plaintiffs or the validity of any claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in this Action or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of any of Defendants or Defendants' Releasees or in any way referred to for any other reason as against any of Defendants or Defendants' Releasees, in any arbitration proceeding or other civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation;

(b)    shall be offered against Plaintiffs or any of Plaintiffs' Releasees, as evidence of, or construed as, or deemed to be evidence of any presumption, concession or admission by Plaintiffs or any of Plaintiffs' Releasees that any of their claims are without merit, that any of Defendants or Defendants' Releasees had meritorious defenses, or that damages recoverable under the Complaint or the Proposed First Amended Complaint would not have exceeded the Settlement

{00471502;1 }                                    49

Amount or with respect to any liability, negligence, fault or wrongdoing of any kind, or in any way referred to for any other reason as against Plaintiffs or any of Plaintiffs' Releasees, in any civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation; or

(c)    shall be construed against any of the Releasees as an admission, concession, or presumption that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial; *provided, however*, that if this Stipulation is approved by the Court, the Parties and the Releasees and their respective counsel may refer to it to effectuate the protections from liability granted hereunder or otherwise to enforce the terms of the Settlement.

## RETURN OR DESTRUCTION OF PROTECTED MATERIAL

44.    Within ninety (90) days of the Effective Date, all Protected Material (as defined in the Stipulated Protective Order in this Action) shall be returned or destroyed in accordance with the provisions of the Stipulated Protective Order.

## MISCELLANEOUS PROVISIONS

45.    All of the exhibits attached hereto are hereby incorporated by reference as though fully set forth herein.  Notwithstanding the foregoing, in the event that there exists a conflict or inconsistency between the terms of this Stipulation and the terms of any exhibit attached hereto, the terms of the Stipulation shall prevail.

46.    Defendants shall determine the form of notice to be provided for the purpose of satisfying the requirements of the Class Action Fairness Act ("CAFA Notice") and the identity of those who will receive the CAFA Notice. Defendants shall be responsible for mailing the CAFA Notices and for all costs and expenses related thereto.

47.    Altria warrants and represents as to itself that it is not "insolvent" within the meaning of 11 U.S.C. §101(32), as of the time this Stipulation is executed and as of the time any payments by it are actually transferred or made as provided for in this Stipulation.

48.    In the event of the entry of a final order of a court of competent jurisdiction determining the transfer of money to the Settlement Fund or any portion thereof by or on behalf of Defendants to be a preference, voidable transfer, fraudulent transfer or similar transaction and any portion thereof is required to be returned, and such amount is not promptly deposited into the Settlement Fund by others, then, at the election of Plaintiffs, the Parties shall jointly move the Court to vacate and set aside the Releases given and the Judgment or Alternative Judgment, if applicable, entered in favor of Defendants and the other Defendants' Releasees pursuant to this Stipulation, in which event the Releases and Judgment, or Alternative Judgment, if applicable, shall be null and void, and the Parties shall be restored to their respective positions in the litigation as provided in ¶ 41(b) above,

{00471502;1 }                                   51

Lead Counsel shall promptly return any attorneys' fees and Litigation Expenses received pursuant to ¶ 22 above, plus accrued interest at the same net rate as is earned by the Settlement Fund, and any cash amounts in the Settlement Fund (less any Taxes and Tax Expenses paid, due or owing with respect to the Settlement Fund and less any Notice and Administration Costs actually incurred, paid or payable) shall be returned as provided in ¶ 41 above.

49.    The Parties intend this Stipulation and the Settlement to be a final and complete resolution of all disputes asserted or which could be asserted by Plaintiffs and any Settlement Class Members against Defendants and Defendants' Releasees with respect to the Released Plaintiffs' Claims.  Accordingly, Plaintiffs and their counsel and Defendants and their counsel agree not to assert in any forum that this Action was brought by Plaintiffs or defended by Defendants in bad faith or without a reasonable basis.  No party shall assert any claims of any violation of Rule 11 of the Federal Rules of Civil Procedure, or of 28 U.S.C. § 1927, or otherwise make any accusation of wrongful or actionable conduct by any other Party, relating to the institution, prosecution, defense, or settlement of this Action.  The Parties agree that the amounts paid and the other terms of the Settlement were negotiated at arm's-length and in good faith by the Parties, including through a mediation process supervised and conducted by U.S. Magistrate Judge Mark Colombell, and reflect a Settlement that was reached voluntarily after extensive negotiations and consultation

with experienced legal counsel, who were fully competent to assess the strengths and weaknesses of their respective clients' claims or defenses. The Judgment shall contain a finding that during the course of the litigation, Plaintiffs, Defendants and their respective counsel complied with the requirements of Rule 11 of the Federal Rules of Civil Procedure.

50. In all events, Plaintiffs and their counsel and Defendants and their counsel shall not make any accusations of wrongful or actionable conduct by either Party concerning the prosecution, defense, and resolution of the Action, and shall not otherwise suggest that the Settlement constitutes an admission of any claim or defense alleged.

51. The Parties agree there will be no public announcements regarding the settlement until the earlier of (i) the filing of Plaintiffs' motion for preliminary approval on the Court's public docket; or (ii) the announcement or disclosure of this Settlement by Altria. Following such filing, announcement, or disclosure, the Parties agree that any public comments from the Parties regarding this resolution, other than Altria's disclosures and any other disclosures required by law, will not substantially deviate from words to the effect that the Parties have reached a mutually acceptable resolution by way of a mediated settlement and both sides are satisfied with this resolution. For the avoidance of doubt, nothing in this Paragraph

{00471502;1 }                                              53

shall prevent the Parties from making the Court filings necessary to effectuate the Settlement.

52.    The terms of the Settlement, as reflected in this Stipulation, may not be modified or amended, nor may any of its provisions be waived except by a writing signed on behalf of both Plaintiffs and Defendants (or their successors-in-interest).

53.    The headings herein are used for the purpose of convenience only and are not meant to have legal effect.

54.    Pending approval of the Court of this Stipulation and its exhibits, all proceedings in this Action shall be stayed and all members of the Settlement Class shall be barred and enjoined from prosecuting any of the Released Plaintiffs' Claims against any of Defendants' Releasees.

55.    The administration and consummation of the Settlement as embodied in this Stipulation shall be under the authority of the Court, and the Court shall retain jurisdiction for the purpose of entering orders providing for awards of attorneys' fees and Litigation Expenses to Lead Counsel and enforcing the terms of this Stipulation, including the Plan of Allocation (or such other plan of allocation as may be approved by the Court) and the distribution of the Net Settlement Fund to Settlement Class Members.

56.     The waiver by one Party of any breach of this Stipulation by any other Party shall not be deemed a waiver of any other prior or subsequent breach of this Stipulation.

57.     This Stipulation, its exhibits and the Supplemental Agreement constitute the entire agreement among Plaintiffs and Defendants concerning the Settlement and this Stipulation and its exhibits.  All Parties acknowledge that no other agreements, representations, warranties, or inducements have been made by any Party hereto concerning this Stipulation or its exhibits other than those contained and memorialized in such documents.

58.     This Stipulation may be executed in one or more counterparts, including by signature transmitted via facsimile, or by a .pdf/.tif image of the signature transmitted via email.  All executed counterparts and each of them shall be deemed to be one and the same instrument.

59.     This Stipulation shall be binding upon and inure to the benefit of the successors and assigns of the Parties, including any and all Releasees and any corporation, partnership, limited liability company or other entity into or with which any party hereto may merge, consolidate or reorganize.

60.     The construction, interpretation, operation, effect and validity of this Stipulation and all documents necessary to effectuate it shall be governed by the

internal laws of the State of Virginia without regard to conflicts of laws, except to the extent that federal law requires that federal law govern.

61.    Any action arising under or to enforce this Stipulation or any portion thereof, shall be commenced and maintained only in the Court.

62.    This Stipulation shall not be construed more strictly against one Party than another merely by virtue of the fact that it, or any part of it, may have been prepared by counsel for one of the Parties, it being recognized that it is the result of arm's-length negotiations between the Parties and all Parties have contributed substantially and materially to the preparation of this Stipulation.

63.    All counsel and any other person executing this Stipulation and any of the exhibits hereto, or any related Settlement documents, warrant and represent that they have the full authority to do so and that they have the authority to take appropriate action required or permitted to be taken pursuant to the Stipulation to effectuate its terms.

64.    Lead Counsel and Defendants' Counsel agree to cooperate fully with one another in seeking Court approval of the Preliminary Approval Order and the Settlement, as embodied in this Stipulation, and to use best efforts to promptly agree upon and execute all such other documentation as may be reasonably required to obtain final approval by the Court of the Settlement.

65.    If any Party is required to give notice to another party under this Stipulation, such notice shall be in writing and shall be deemed to have been duly given upon receipt of hand delivery or email transmission, with confirmation of receipt.  Notice shall be provided as follows:

| | |
|---|---|
| If to Plaintiffs or Lead Counsel: | Pomerantz LLP<br>Attn:  Jeremy A. Lieberman<br>600 Third Avenue, 20th Floor<br>New York, New York 10016<br>Telephone:  (212) 661-1100<br>Email: jalieberman@pomlaw.com |
| | Robbins Geller Rudman & Dowd LLP<br>Attn:  David A. Rosenfeld<br>58 South Service Road, Suite 200<br>Melville, NY 11747<br>Telephone:  (631) 367-7100<br>Email:  drosenfeld@rgrdlaw.com |
| If to Defendants or Defendants' Counsel: | Wachtell, Lipton, Rosen & Katz<br>Attn:  Stephen R. DiPrima<br>51 W 52nd Street<br>New York, New York 10019<br>Telephone:  (212) 403-1000<br>Email:  SRDiPrima@wlrk.com |
| | Cleary Gottlieb Steen & Hamilton LLP<br>Attn:  Roger A. Cooper<br>One Liberty Plaza<br>New York, New York 10006<br>Telephone:  (212) 225-2000<br>Email:  racooper@cgsh.com |
| | Wilkinson Stekloff LLP<br>Attn:  Beth Wilkinson<br>2001 M Street NW, 10th Flr |

{00471502;1 }

57

Washington, DC 20036
Telephone:  (202) 847-4010
Email:  bwilkinson@wilkinsonstekloff.com

Keker, Van Nest & Peters LLP
Attn:  Eric MacMichael
633 Battery Street
San Francisco, California 94111-1809
Telephone: (415) 391-5400
Email: EMacMichael@keker.com

Boersch & Illovsky LLP
Attn:  Eugene Illovsky
1611 Telegraph Ave, Suite 806
Oakland, CA 94612
Telephone: (415) 500-6640
Email: eugene@boersch-illovsky.com

Dechert LLP
Attn:  Jeffrey A. Brown
1095 Avenue of the Americas
New York, NY  10036
Telephone:  (212) 698-3500
jeffrey.brown@dechert.com

Orrick, Herrington & Sutcliffe LLP
Attn:  James N. Kramer
The Orrick Building
405 Howard Street
San Francisco, CA 94105
Telephone: (415) 773-5700
jkramer@orrick.com

Latham & Watkins LLP
Attn:  Andrew Clubok
555 Eleventh Street, NW, Suite 1000
Washington, D.C. 20004
Telephone:  (202) 637-2200
andrew.clubok@lw.com

{00471502;1 }                                        58

66.     Except as otherwise provided herein, each Party shall bear its own fees and costs.

67.     Whether or not the Stipulation is approved by the Court and whether or not the Stipulation is consummated, or the Effective Date occurs, the Parties and their counsel shall use their best efforts to keep all negotiations, discussions, acts performed, agreements, drafts, documents signed and proceedings in connection with the Stipulation confidential other than as needed to effectuate this Settlement; provided, however, that this ¶ 67 shall not prevent Altria or JLI from making disclosures to insurers, auditors, attorneys, officers, directors, or associates, or to others as may be required by law.

68.     All agreements made and orders entered during the course of this Action relating to the confidentiality of information shall survive this Settlement.

69.     No opinion or advice concerning the tax consequences of the proposed Settlement to individual Settlement Class Members is being given or will be given by the Parties or their counsel; nor is any representation or warranty in this regard made by virtue of this Stipulation.  Each Settlement Class Member's tax obligations, and the determination thereof, are the sole responsibility of the Settlement Class Member, and it is understood that the tax consequences may vary depending on the particular circumstances of each individual Settlement Class Member.

*[Signature page follows]*

{00471502;1 }                                    59

**IN WITNESS WHEREOF**, the Parties hereto have caused this Stipulation

to be executed, by their duly authorized attorneys, as of December 9, 2021.

s/ _____

Jeremy A. Lieberman
Michael J. Wernke
POMERANTZ LLP
600 Third Avenue
New York, NY 10016
Telephone: 212/661-1100
Facsimile: 212/661-8665
jalieberman@pomlaw.com
mjwernke@pomlaw.com

*Counsel for Lead Plaintiffs Donald
Sherbondy and Sarah Sherbondy*


Brian Schall
THE SCHALL LAW FIRM
1880 Century Park East, Suite 404
Los Angeles, CA 90067
Telephone: 310/301-3335
brian@schallfirm.com

*Additional Counsel for Lead Plaintiffs
Donald Sherbondy and Sarah Sherbondy*

{00471502:1}    *Signature Page to Stipulation and Agreement of Settlement*

s/ _D_____

Samuel H. Rudman
David A. Rosenfeld
Doug Britton
Philip T. Merenda
ROBBINS GELLER RUDMAN & DOWD
LLP
58 South Service Road, Suite 200
Melville, NY 11747
Telephone: 631/367-7100
Facsimile: 631/367-1173
srudman@rgrdlaw.com
drosenfeld@rgrdlaw.com
dougb@rgrdlaw.com
pmerenda@rgrdlaw.com

*Counsel for Lead Plaintiff Construction
Laborers Pension Trust of Greater St. Louis*


Steven J. Toll (VSB #15300)
Daniel S. Sommer
S. Douglas Bunch
COHEN MILSTEIN SELLERS & TOLL
PLLC 1100 New York Ave., NW, Suite 500
Washington, DC 20005
Telephone: 202/408-4600
Facsimile: 202/408-4699
stoll@cohenmilstein.com
dsommers@cohenmilstein.com
dbunch@cohenmilstein.com

*Local Counsel for Lead Plaintiffs*

{00471502;1 }    *Signature Page to Stipulation and Agreement of Settlement*

_s/_ Stephen R. DiPrima

Stephen R. DiPrima
Jonathan M. Moses
Adam Goodman
Adam Sowlati
Jacob Miller
WACHTELL, LIPTON, ROSEN & KATZ
51 West 52nd Street
New York, NY 10019
Telephone:  (212) 403-1000
srdiprima@wlrk.com
jmmoses@wlrk.com
algoodman@wlrk.com
asowlati@wlrk.com
jmiller@wlrk.com

Edward J. Fuhr
Eric H. Feiler
Johnathon E. Schronce
HUNTON ANDREWS KURTH LLP
951 East Byrd Street
Richmond, Virginia 23219-4074
Telephone: 804-788-8201
Facsimile: 804-788-8218
efuhr@hunton.com
efeiler@hunton.com
jschronce@hunton.com

*Counsel for Defendant Altria Group, Inc.*

{00471502;1 }    *Signature Page to Stipulation and Agreement of Settlement*

s/ *Jeffrey A. Brown*

Rani Habash (VSB No. 78541)
DECHERT LLP
1900 K Street NW
Washington, DC 20006
Telephone: (202) 261-3300
rani.habash@dechert.com

and

Andrew J. Levander (*admitted pro hac vice*)
Jeffrey A. Brown (*admitted pro hac vice*)
Three Bryant Park
1095 Avenue of the Americas
New York, NY 10036
Telephone: (212) 698-3500
andrew.levander@dechert.com
jeffrey.brown@dechert.com

and

Melanie MacKay (*admitted pro hac vice*)
35 West Wacker Drive, Suite 3400
Chicago, IL 60601
Telephone: (312) 646-5800
melanie.mackay@dechert.com

*Counsel for Defendant Howard A. Willard III*

{00471502;1}  *Signature Page to Stipulation and Agreement of Settlement*

Beth Wilkinson (pro hac vice)
James Rosenthal (pro hac vice)
Hayter Whitman (pro hac vice)
Matthew Skanchy (VSB #89575)
WILKINSON STEKLOFF LLP
2001 M Street NW, 10th Floor
Washington, DC 20036
Telephone: (202) 847-2000
bwilkinson@wilkinsonstekloff.com
jrosenthal@wilkinsonstekloff.com
mskanchy@wilkinsonstekloff.com
hwhitman@wilkinsonstekloff.com

*Counsel for Defendant William F. Gifford, Jr.*

{00471237;2 }    *Signature Page to Stipulation and Agreement of Settlement*

s/ Mark Gruetzmacher

Mark Gruetzmacher (VSB No. 92263)
KIRKLAND & ELLIS LLP
1301 Pennsylvania Ave N.W.
Washington, D.C. 20004
Telephone: (202) 389-5000
Facsimile: (202) 389-5200
mark.gruetzmacher@kirkland.com

Roger A. Cooper (admitted pro hac vice)
Jared M. Gerber (admitted pro hac vice)
Arminda B. Bepko (admitted pro hac vice)
Jessica M. Roll (admitted pro hac vice)
CLEARY GOTTLIEB STEEN &
HAMILTON LLP
One Liberty Plaza
New York, New York 10006
Telephone: (212) 225-2000
Facsimile: (212) 225-3999
racooper@cgsh.com
jgerber@cgsh.com
abepko@cgsh.com
jroll@cgsh.com

*Counsel for Defendant Juul Labs, Inc.*

{00471237;2 }    *Signature Page to Stipulation and Agreement of Settlement*

Brian E. Pumphrey (VSB #47312)
Brian C. Riopelle (VSB #36454)
MCGUIRE WOODS LLP
Gateway Plaza
800 East Canal Street
Richmond, VA 23219
Telephone: (804) 775-1000
Facsimile: (804) 775-1061
briopelle@mcguirewoods.com
bpumphrey@mcguirewoods.com

Eugene Illovsky (*admitted pro hac vice*)
Kevin Calia (*admitted pro hac vice*)
BOERSCH & ILLOVSKY LLP
1611 Telegraph Ave., Suite 806
Oakland, CA 94612
Telephone: (415) 500-6640
Facsimile: (415) 967-3062
eugene@boersch-illovsky.com
kevin@boersch-illovsky.com

*Counsel for Defendant Adam Bowen*

{00471237;2 }    *Signature Page to Stipulation and Agreement of Settlement*

s/ _Robert A. Angle_

Robert A. Angle (VSB No. 37691)
Laura Anne Kuykendall (VSB No. 82318)
TROUTMAN PEPPER HAMILTON
SANDERS LLP
1001 Haxall Point, Suite 1500
Richmond, Virginia 23219
Telephone: (804) 697-1200
Facsimile: (804) 697-1339
robert.angle@troutman.com
la.kuykendall@troutman.com

Eric H. MacMichael (*admitted pro hac vice*)
KEKER VAN NEST & PETERS LLP
633 Battery St.
San Francisco, CA 94111
Telephone: 415-773-6624
Facsimile: 415-391-5400
emacmichael@keker.com

*Counsel for Defendant Kevin Burns*

{00471237;2 }    *Signature Page to Stipulation and Agreement of Settlement*

s/

James Winston Burke (VSB No. 76551)
ORRICK, HERRINGTON & SUTCLIFFE
LLP
Columbia Center
1152 15th Street, N.W.
Washington, DC 20005-1706
Telephone: +1 202 339 8400
Facsimile: +1 202 339 8500
jburke@orrick.com

James N. Kramer (*admitted pro hac vice*)
Alexander K. Talarides (*admitted pro hac vice*)
ORRICK, HERRINGTON & SUTCLIFFE
LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105
Telephone: +1 415 773 5700
Facsimile: +1 415 773 5759
jkramer@orrick.com
atalarides@orrick.com

*Counsel for Defendant James Monsees*

{00471502;1 }      *Signature Page to Stipulation and Agreement of Settlement*

_s/_ _Christian Word_

J. Christian Word (VSB #46008)
Andrew Clubok (*admitted pro hac vice*)
Susan E. Engel (*admitted pro hac vice*)
Matthew J. Peters (*admitted pro hac vice*)
LATHAM & WATKINS LLP
555 Eleventh Street, NW, Suite 1000
Washington, D.C. 20004
Telephone: 202-637-2200
Facsimile: 202-637-2201
andrew.clubok@lw.com
christian.word@lw.com
susan.engel@lw.com
matthew.peters@lw.com

*Counsel for Defendant K.C. Crosthwaite*

{00471502;1 }    *Signature Page to Stipulation and Agreement of Settlement*

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF VIRGINIA
## (Richmond Division)

| | |
|---|---|
| GABBY KLEIN, et al., Individually and on Behalf of All Others Similarly Situated,<br><br>    Plaintiffs,<br><br>vs.<br><br>ALTRIA GROUP, et al.,<br><br>    Defendants. | Civil Action No. 3:20-cv-00075-DJN<br><br>CLASS ACTION |

## [PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT, CERTIFYING SETTLEMENT CLASS, AND PROVIDING FOR NOTICE OF SETTLEMENT

WHEREAS, a securities class action is pending in this Court entitled *Klein v. Altria Group, Inc., et al.*, No. 3:20-cv-00075-DJN (the "Action");

WHEREAS, Lead Plaintiffs Donald and Sarah Sherbondy and Construction Laborers Pension Trust of Greater St. Louis ("Plaintiffs"), on behalf of themselves and the other members of the Settlement Class (as defined below), and Defendants Altria Group, Inc. ("Altria"), JUUL Labs, Inc. ("JLI"), Howard A. Willard III, William F. Gifford, Jr., Adam Bowen, James Monsees, Kevin Burns, and K.C. Crosthwaite (collectively, the "Defendants," and, together with Plaintiffs, on behalf of themselves and the other members of the Settlement Class, the "Parties") have determined to settle all claims asserted against Defendants in the Action with

{00471504;1 }

prejudice on the terms and conditions set forth in the Stipulation and Agreement of Settlement dated December 9, 2021 (the "Stipulation"), subject to approval of this Court (the "Settlement");

WHEREAS, Plaintiffs have made an application, pursuant to Rule 23 of the Federal Rules of Civil Procedure, for an order preliminarily approving the Settlement in accordance with the Stipulation and providing for notice to Settlement Class Members as more fully described herein;

WHEREAS, the Court has read and considered: (a) Plaintiffs' motion for preliminary approval of the Settlement, and the papers filed and arguments made in connection therewith; and (b) the Stipulation and the exhibits attached thereto; and

WHEREAS, unless otherwise defined herein, all capitalized words contained herein shall have the same meanings as they have in the Stipulation.

NOW, THEREFORE, IT IS HEREBY ORDERED:

1.      **Class Certification for Settlement Purposes** – Pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure, the Court certifies, solely for purposes of effectuating the proposed Settlement, a Settlement Class consisting of all persons and entities who purchased or otherwise acquired Altria securities between October 25, 2018 and April 1, 2020, both dates inclusive, and were allegedly damaged thereby.  Excluded from the Settlement Class are (i) Defendants, (ii) current and former officers and directors of Altria and JLI; (iii) members of the

{00471504;1 }                                2

Immediate Family of each of the Individual Defendants; (iv) all subsidiaries and affiliates of Altria and JLI and the directors and officers of Altria, JLI, and their respective subsidiaries or affiliates; (v) all persons, firms, trusts, corporations, officers, directors, and any other individual or entity in which any Defendant has a controlling interest; (vi) the legal representatives, agents, affiliates, heirs, successors-in-interest or assigns of all such excluded parties; and (vii) any persons or entities who properly exclude themselves by filing a valid and timely request for exclusion.

2.      **Class Findings** – Solely for purposes of the proposed Settlement of this Action, the Court finds that each element required for certification of the Settlement Class pursuant to Rule 23 of the Federal Rules of Civil Procedure has been met: (a) the members of the Settlement Class are so numerous that their joinder in the Action would be impracticable; (b) there are questions of law and fact common to the Settlement Class which predominate over any individual questions; (c) the claims of Plaintiffs in the Action are typical of the claims of the Settlement Class; (d) Plaintiffs and Lead Counsel have and will fairly and adequately represent and protect the interests of the Settlement Class; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the Action.

3.      The Court hereby finds and concludes that pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only,

Plaintiffs Donald Sherbondy, Sarah Sherbondy and Construction Laborers Pension Trust of Greater St. Louis are adequate class representatives and certifies them as the Class Representatives for the Settlement Class. The Court also appoints Lead Counsel as Class Counsel for the Settlement Class, pursuant to Rule 23(g) of the Federal Rules of Civil Procedure.

4. **Preliminary Approval of the Settlement** – The Court hereby preliminarily approves the Settlement, as embodied in the Stipulation, and finds that the Parties have shown the Court that it will likely be able to approve the proposed Settlement as being fair, reasonable and adequate to the Settlement Class under Federal Rule of Civil Procedure 23(e)(2), subject to further consideration at the Settlement Fairness Hearing to be conducted as described below.

5. **Settlement Fairness Hearing** – The Court will hold a hearing (the "Settlement Fairness Hearing") on March 31, 2022 at 12 p.m. at the United States District Court for the Eastern District of Virginia, Spottswood W. Robinson III and Robert R. Merhige, Jr., Federal Courthouse, 701 East Broad Street, Richmond, VA 23219, for the following purposes: (a) to determine whether the proposed Settlement on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate to the Settlement Class, and should be approved by the Court; (b) to determine whether a Judgment substantially in the form attached as Exhibit B to the Stipulation should be entered dismissing the Action with prejudice against

Defendants; (c) to determine whether the proposed Plan of Allocation for the proceeds of the Settlement is fair and reasonable and should be approved; (d) to determine whether the motion by Lead Counsel for an award of attorneys' fees and Litigation Expenses should be approved; and (e) to consider any other matters that may properly be brought before the Court in connection with the Settlement. Notice of the Settlement and the Settlement Fairness Hearing shall be given to Settlement Class Members as set forth in ¶ 7 of this Order.

6.    The Court may adjourn the Settlement Fairness Hearing without further notice to the Settlement Class, may decide to hold the Settlement Fairness Hearing remotely, and may approve the proposed Settlement with such modifications as the Parties may agree to, if appropriate, without further notice to the Settlement Class. Any such changes shall be posted on the website of the Claims Administrator.

7.    **Retention of Claims Administrator and Manner of Giving Notice** – Lead Counsel are hereby authorized to retain Epiq Class Action & Claims Solutions, Inc. (the "Claims Administrator") to supervise and administer the notice procedure in connection with the proposed Settlement as well as the processing of Claims as more fully set forth below. Notice of the Settlement and the Settlement Fairness Hearing shall be given by Lead Counsel as follows:

a.    The Claims Administrator shall make reasonable efforts to identify all persons and entities who are Settlement Class Members and not later

{00471504;1 }                                        5

than twenty (20) calendar days after the date of entry of this Order ("Notice Date"), the Claims Administrator shall cause a copy of the Postcard Notice, substantially in the form attached hereto as Exhibit 1, to be mailed by first-class mail, or e-mailed, to all potential Settlement Class Members who can be identified with reasonable effort. For the purposes of identifying and providing notice to the Settlement Class, within five (5) business days after entry of this Preliminary Approval Order, Altria shall obtain and provide to Lead Counsel or the Claims Administrator, at no cost to the Settlement Fund, Lead Counsel or the Claims Administrator, a list, in electronic form, of record holders of Altria common stock and other securities during the Settlement Class Period obtained from Altria's transfer agent (consisting of names and addresses, as well as e-mail addresses if available), to the extent that such information is reasonably available;

b.    contemporaneously with the mailing of the Postcard Notice, the Claims Administrator shall cause copies of the Notice and the Claim Form, substantially in the forms attached hereto as Exhibits 2 and 3, respectively, to be posted on a website to be developed for the Settlement, from which copies of the Notice and Claim Form can be downloaded;

c.    not later than ten (10) calendar days after the Notice Date, the Claims Administrator shall cause the Summary Notice, substantially in the form

attached hereto as Exhibit 3, to be published once in *Investor's Business Daily* and to be transmitted once over the *PR Newswire*; and

d.      not later than seven (7) calendar days prior to the Settlement Fairness Hearing, Lead Counsel shall serve on Defendants' Counsel and file with the Court proof, by affidavit or declaration, of such mailing and publication.

8.      **<u>Approval of Form and Content of Notice</u>** – The Court (a) approves, as to form and content, the Postcard Notice, Notice, the Claim Form, and the Summary Notice, attached hereto as Exhibits 1, 2, 3, and 4, respectively, and (b) finds that the mailing and distribution of the Postcard Notice, Notice and Claim Form and the publication of the Summary Notice substantially in the manner and form set forth in ¶ 7 of this Order (i) is the best notice practicable under the circumstances; (ii) constitutes notice that is reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the Action, of the effect of the proposed Settlement (including the Releases to be provided thereunder), of Lead Counsel's motion for an award of attorneys' fees and  Litigation Expenses, of their right to object to the Settlement, the Plan of Allocation, and/or Lead Counsel's motion for attorneys' fees and Litigation Expenses, of their right to exclude themselves from the Settlement Class, and of their right to appear at the Settlement Fairness Hearing; (iii) constitutes due, adequate, and sufficient notice to all persons and entities entitled to receive notice of the proposed Settlement; and (iv) satisfies

{00471504;1 }                                                 7

the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, as amended, and all other applicable laws and rules.  The date and time of the Settlement Fairness Hearing shall be included in the Postcard Notice, Notice and Summary Notice before they are mailed (and/or e-mailed) and published, respectively.

9.      **<u>Nominee Procedures</u>** – Brokers and other nominees who purchased or otherwise acquired Altria securities during the Settlement Class Period for the benefit of another person or entity shall (a) within seven (7) calendar days of receipt of the Postcard Notice or Notice, request from the Claims Administrator sufficient copies of the Postcard Notice to forward to all such beneficial owners and within seven (7) calendar days of receipt of the Postcard Notices forward them to all such beneficial owners; or (b) within seven (7) calendar days of receipt of the Postcard Notice, send a list of the names and addresses (and e-mail addresses, if available) of all such beneficial owners to the Claims Administrator in which event the Claims Administrator shall promptly mail or e-mail the Postcard Notice to such beneficial owners.  Nominees or custodians who elect to send the Postcard Notice to their beneficial owners shall send a written certification to the Claims Administrator confirming that the mailing has been made as directed.  Additional copies of the Notice Packet shall be made available to any nominee or custodian requesting same

{00471504;1 }                              8

for the purpose of distribution to beneficial owners. The Claims Administrator shall, if requested, reimburse nominees or custodians solely for their reasonable out-of-pocket expenses, up to $0.05 per Postcard Notice mailed or $0.10 per name and address provided to Claims Administrator, incurred in providing notice to beneficial owners, which expenses would not have been incurred except for the sending of such notice, and subject to further order of this Court with respect to any dispute concerning such reimbursement.

10.     **<u>Participation in the Settlement</u>** – Settlement Class Members who wish to participate in the Settlement and to be eligible to receive a distribution from the Net Settlement Fund must complete and submit a Claim Form in accordance with the instructions contained therein. Unless the Court orders otherwise, all Claim Forms must be postmarked, or submitted online, no later than ninety (90) calendar days after the Notice Date. Notwithstanding the foregoing, Lead Counsel may, at their discretion, accept for processing late Claims, provided such acceptance does not delay the distribution of the Net Settlement Fund to the Settlement Class. By submitting a Claim, a person or entity shall be deemed to have submitted to the jurisdiction of the Court with respect to his, her or its Claim and the subject matter of the Settlement.

11.     Each Claim Form submitted must satisfy the following conditions: (a) it must be properly completed, signed, and submitted in a timely manner in accordance

{00471504;1 }                                9

with the provisions of the preceding paragraph; (b) it must be accompanied by adequate supporting documentation for the transactions and holdings reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional and holding information found in a broker confirmation slip or account statement, or such other documentation as is deemed adequate by Lead Counsel or the Claims Administrator; (c) if the person executing the Claim Form is acting in a representative capacity, a certification of his, her, or its current authority to act on behalf of the Settlement Class Member must be included in the Claim Form to the satisfaction of Lead Counsel or the Claims Administrator; and (d) the Claim Form must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury.

12.     Any Settlement Class Member who does not timely and validly submit a Claim Form or whose Claim is not otherwise approved by the Court: (a) shall be deemed to have waived his, her, or its right to share in the Net Settlement Fund; (b) shall be forever barred from participating in any distributions therefrom; (c) shall be bound by the provisions of the Stipulation and the Settlement and all proceedings, determinations, orders, and judgments in the Action relating thereto, including, without limitation, the Judgment and the Releases provided for therein; and (d) will be barred from commencing, instituting, maintaining, prosecuting or continuing to

{00471504;1 }                                        10

prosecute any or all of the Released Plaintiffs' Claims against each and all of the Defendants' Releasees, as more fully described in the Stipulation and Notice. Notwithstanding the foregoing, late Claim Forms may be accepted for processing as set forth in ¶ 10 above.

13.    **Exclusion from the Settlement Class** – Any member of the Settlement Class who wishes to exclude himself, herself, or itself from the Settlement Class must request exclusion in writing within the time and in the manner set forth in the Notice, which shall provide that: (a) any such request for exclusion from the Settlement Class must be mailed or delivered such that it is received no later than March 10, 2022 [twenty-one (21) calendar days prior to Settlement Fairness Hearing], to:  *Altria Group, Inc. Securities Litigation Settlement*, EXCLUSIONS, c/o Epiq Class Action & Claims Solutions, Inc., P.O. Box 6935, Portland, OR 97228-6935, and (b) each request for exclusion must (i) state the name, address, and telephone number of the person or entity requesting exclusion, and in the case of entities, the name and telephone number of the appropriate contact person; (ii) state that such person or entity "requests exclusion from the Settlement Class in *Klein v. Altria Group, Inc*., et al., No. 3:20-cv-00075-DJN"; (iii) state the number of shares of Altria securities that the person or entity requesting exclusion purchased/acquired between October 25, 2018 and June 30, 2020, both dates inclusive, as well as the dates, number of shares, and prices of each such purchase/acquisition; (iv) state the

{00471504;1 }                                        11

number of shares of Altria securities that the person or entity requesting exclusion sold between October 25, 2018 and June 30, 2020, both dates inclusive, as well as the dates, number of shares, and prices of each such sale; and (v) be signed by the person or entity requesting exclusion or an authorized representative.  A request for exclusion shall not be effective unless it provides all the required information and is received within the time stated above, or is otherwise accepted by the Court.

14.    Within five (5) calendar days of receiving any request for exclusion pursuant to the Notice, whether timely and proper or not, the Claims Administrator shall deliver a copy of each such request for exclusion to Lead Counsel and Defendants' Counsel, along with a PDF or spreadsheet listing the holder, postmark date, and Recognized Loss (as defined in the Plan of Allocation) associated with each such request for exclusion received to date.

15.    Any person or entity who or which timely and validly requests exclusion in compliance with the terms stated in this Order and is excluded from the Settlement Class shall not be a Settlement Class Member, shall not be bound by the terms of the Settlement or any orders or judgments in the Action, and shall not receive any payment out of the Net Settlement Fund.

16.    Any Settlement Class Member who or which does not timely and validly request exclusion from the Settlement Class in the manner stated in this Order: (a) shall be deemed to have waived his, her, or its right to be excluded from

{00471504;1 }                                          12

the Settlement Class; (b) shall be forever barred from requesting exclusion from the Settlement Class in this or any other proceeding; (c) shall be bound by the provisions of the Stipulation and Settlement and all proceedings, determinations, orders, and judgments in the Action, including, but not limited to, the Judgment and the Releases provided for therein; and (d) will be barred from commencing, instituting, maintaining, prosecuting or continuing to prosecute any or all of the Released Plaintiffs' Claims against any of the Defendants' Releasees, as more fully described in the Stipulation and Notice.

17.     **Appearance and Objections at Settlement Fairness Hearing** – Any Settlement Class Member who does not request exclusion from the Settlement Class may enter an appearance in the Action, at his, her, or its own expense, individually or through counsel of his, her, or its own choice, by filing with the Clerk of Court and delivering to representatives of both Lead Counsel and Defendants' Counsel Representatives, at the addresses set forth in ¶ 18 below, a notice of appearance such that it is received no later than March 10, 2022 [twenty one (21) calendar days prior to the Settlement Fairness Hearing], or as the Court may otherwise direct.  Any Settlement Class Member who does not enter an appearance will be represented by Lead Counsel.

18.     Any Settlement Class Member who does not request exclusion from the Settlement Class may submit a written objection to the proposed Settlement, the

{00471504;1 }                                                      13

proposed Plan of Allocation, and/or Lead Counsel's motion for an award of attorneys' fees and Litigation Expenses, and appear and show cause, if he, she, or it has any cause, why the proposed Settlement, the proposed Plan of Allocation, and/or Lead Counsel's motion for attorneys' fees and Litigation Expenses should not be approved; *provided, however*, that no Settlement Class Member shall be heard or entitled to contest the approval of the terms and conditions of the Settlement, the Plan of Allocation, and/or the motion for attorneys' fees and Litigation Expenses unless that person or entity has filed a written objection with the Court and served copies of such objection on representatives of both Lead Counsel and Defendants' Counsel Representatives at the addresses set forth below such that they are received no later than March 10, 2022 [twenty one (21) calendar days prior to the Settlement Fairness Hearing].

| **Lead Counsel** | **Defendants' Counsel Representatives** |
|---|---|
| Jeremy A. Lieberman, Esq. | Wachtell, Lipton, Rosen & Katz |
| Pomerantz LLP | Attn:    Stephen R. DiPrima |
| 600 Third Avenue, 20th Floor | Jacob Miller |
| New York, New York 10016 | 51 W 52nd Street |
| | New York, New York 10019 |
| David A. Rosenfeld, Esq. | |
| Robbins Geller Rudman & Dowd LLP | Cleary Gottlieb Steen & Hamilton LLP |
| 58 South Service Road, Suite 200 | Attn:  Roger A. Cooper |
| Melville, NY 11747 | One Liberty Plaza |
| | New York, New York 10006 |

{00471504;1 }                                           14

19. Any objections by a Settlement Class Member must: (a) state the name, address, and telephone number of the person or entity objecting and must be signed by the objector, even if the objector appears through its own counsel; (b) state whether the objector is represented by counsel and, if so, the name, address, and telephone number of the objector's counsel; (c) indicate whether the objection applies only to the objector, to a specific subset of the Settlement Class, or to the entire Settlement Class; (d) state with specificity the grounds for the Settlement Class Member's objection or objections, and the specific reasons for each objection, including any legal and evidentiary support the Settlement Class Member wishes to bring to the Court's attention; and (e) include documents sufficient to prove membership in the Settlement Class, consisting of (1) documents showing the number of shares of Altria securities that the objector purchased/acquired between October 25, 2018 and June 30, 2020, both dates inclusive, as well as the dates, number of shares, and prices of each such purchase/acquisition, and (2) documents showing the number of shares of Altria securities that the objector sold between October 25, 2018 and June 30, 2020, both dates inclusive, as well as the dates, number of shares, and prices of each such sale. Documentation establishing membership in the Settlement Class must consist of copies of brokerage confirmation slips or monthly brokerage account statements, or an authorized statement from the objector's broker containing the transactional and holding

{00471504;1 }                                    15

information found in a broker confirmation slip or account statement.  Objectors who enter an appearance and desire to present evidence at the Settlement Fairness Hearing in support of their objection must include in their written objection or notice of appearance the identity of any witnesses they may call to testify and any exhibits they intend to introduce into evidence at the hearing.  Objectors shall be allowed to present argument and evidence solely at the discretion of the Court.

20.    The Parties may take discovery of persons or entities who submit objections on issues related to the Settlement.  Failure by an objector to comply with such discovery requests may result in the Court striking the objection and/or otherwise denying that person or entity the opportunity to make an objection or be heard from further. The Court reserves the right to tax the costs of any such discovery to the objector or the objector's separate counsel should the Court determine that the objection is frivolous or made for an improper purpose. The Court may, in its discretion, order any objector who subsequently files a notice of appeal to post an appropriate appellate bond.

21.    Any Settlement Class Member who or which does not make his, her, or its objection in the manner provided herein shall be deemed to have waived his, her, or its right to object to any aspect of the Settlement, the Plan of Allocation, and Lead Counsel's motion for an award of attorneys' fees and Litigation Expenses and shall be forever barred and foreclosed from objecting to the fairness, reasonableness, or

{00471504;1 }                                     16

adequacy of the Settlement, the Plan of Allocation, or the requested attorneys' fees and Litigation Expenses, or from otherwise being heard concerning the Settlement, the Plan of Allocation, or the requested attorneys' fees and Litigation Expenses in this or any other proceeding.

22.     **Stay and Temporary Injunction** – The Court hereby stays all proceedings in the Action other than proceedings necessary to carry out or enforce the terms and conditions of the Stipulation.  Further, pending final determination of whether the Settlement should be approved, the Court bars and enjoins Plaintiffs, and all other members of the Settlement Class, from directly or indirectly, representatively, or in any other capacity, commencing, aiding, instituting, prosecuting or continuing to prosecute any and all of the Released Plaintiffs' Claims against each and all of the Defendants' Releasees.

23.     **Settlement Administration Fees and Expenses** – All reasonable costs incurred in identifying Settlement Class Members and notifying them of the Settlement, as well as in administering the Settlement, shall be paid as set forth in the Stipulation without further order of the Court.

24.     **Settlement Fund** – The Settlement Fund, which shall be held by The Huntington National Bank, shall be deemed and considered to be *in custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time

as the funds therein shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

25. **Taxes** – Lead Counsel are authorized and directed to prepare any tax returns and any other tax reporting form for or in respect to the Settlement Fund, to pay from the Settlement Fund any Taxes and Tax Expenses owed with respect to the Settlement Fund, and to otherwise perform all obligations with respect to Taxes and any reporting or filings in respect thereof without further order of the Court in a manner consistent with the provisions of the Stipulation.

26. **Termination of Settlement** – If the Settlement is terminated as provided in the Stipulation or the Supplemental Agreement, the Settlement is not approved, or the Effective Date of the Settlement otherwise fails to occur, including as a result of any appeals, this Order shall be vacated, rendered null and void, and be of no further force and effect, except as otherwise provided by the Stipulation, and this Order shall be without prejudice to the rights of Plaintiffs, the other Settlement Class Members, and Defendants, and the Parties shall revert to their respective positions in the Action as of the date immediately prior to the execution of the MOU on October 28, 2021, as provided in the Stipulation. In the event the Stipulation becomes of no force or effect, the Stipulation and this Order shall not be construed or used as an admission, concession, or presumption by or against the Defendants' Releasees, the Plaintiffs' Releasees, or the Settlement Class.

{00471504;1 }                                      18

Notwithstanding the foregoing, if the Settlement is terminated or not approved, or the Effective Date of the Settlement fails to occur, no Notice and Administration expenses which have been incurred or which are due and owing (up to $1,000,000), shall be returned to Defendants or any other person or entity who has contributed to the Settlement Amount.

27.    **Use of this Order** – Neither this Order, the MOU, the Stipulation (whether or not consummated), including the exhibits thereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the negotiations leading to the execution of the Stipulation, nor any proceedings taken pursuant to or in connection with the Stipulation and/or approval of the Settlement (including any arguments proffered in connection therewith):

a.    shall be offered against any of the Defendants or the Defendants' Releasees as evidence of, or construed as, or deemed to be evidence of, any presumption, concession, or admission by any of the Defendants or Defendants' Releasees with respect to the truth of any fact alleged by Plaintiffs or the validity of any claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in this Action or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of any of the Defendants or Defendants' Releasees or in any way referred to for any other reason as against any of the Defendants or the Defendants' Releasees, in any arbitration

{00471504;1 }                                    19

proceeding or other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation;

b.      shall be offered against Plaintiffs or any of the Plaintiffs' Releasees, as evidence of, or construed as, or deemed to be evidence of, any presumption, concession, or admission by Plaintiffs or any of the Plaintiffs' Releasees that any of their claims are without merit, that any of the Defendants or Defendants' Releasees had meritorious defenses, or that damages recoverable in the Action would not have exceeded the Settlement Amount or with respect to any liability, negligence, fault, or wrongdoing of any kind, or in any way referred to for any other reason as against Plaintiffs or any of the Plaintiffs' Releasees, in any civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; provided, however, that if the Stipulation is approved by the Court, the Releasees and their respective counsel may refer to it to effectuate the protections from liability granted hereunder or otherwise to enforce the terms of the Settlement; or

c.      shall be construed against any of the Releasees as an admission, concession, or presumption that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial; *provided, however*, that if the Stipulation is approved by the Court, the Parties and

the Releasees and their respective counsel may refer to it to effectuate the protections from liability granted hereunder or otherwise to enforce the terms of the Settlement.

28.     **Supporting Papers** – Lead Counsel shall file and serve the opening papers in support of the Settlement, the Plan of Allocation, and Lead Counsel's motion for an award of attorneys' fees and Litigation Expenses no later than thirty-five (35) calendar days prior to the Settlement Fairness Hearing, *i.e.*, February 24, 2022; and reply papers, if any, shall be filed and served no later than seven (7) calendar days prior to the Settlement Fairness Hearing, *i.e.*, March 24, 2022.

29.     Neither the Defendants' Releasees nor Defendants' Counsel shall have any responsibility for the Plan of Allocation or any application for attorneys' fees or Litigation Expenses submitted by Plaintiffs or Lead Counsel, and such matters will be considered separately from the fairness, reasonableness, and adequacy of the Settlement.

30.     **CAFA Notice** – As set forth in the Stipulation, and pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715(b)-(c), Defendants shall timely serve the CAFA Notice upon the appropriate federal and state officials. Defendants shall be responsible for all costs and expenses related to CAFA Notice.

31.     The Court retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement.

SO ORDERED this _____ day of _____, 2021.

_____
DAVID J. NOVAK
U.S. DISTRICT JUDGE

PRESORTED
FIRST-CLASS
MAIL U.S.
POSTAGE PAID

Klein v. Altria Group, et al.
Case No. 3:20-cv-00075 (E.D.V.A.)
Case Pending in U.S. District Court for Eastern District of
Virginia

**Court-Ordered Legal Notice
Forwarding Service Requested**

*Important Notice about a Securities
Class Action Settlement*

[NAME 1]
[NAME 2]
[NAME 3]
[ADDRESS 1]
[ADDRESS 2]

*You may be entitled to a payment.
This Notice may affect your legal
rights.*

*Please read it carefully.*

{00471514;1 }

THIS CARD PROVIDES ONLY LIMITED INFORMATION ABOUT THE SETTLEMENT.
VISIT <u>WWW.ALTRIAGROUPINCSECURITIESLITIGATION.COM</u> OR CALL 1-855-604-1694 FOR MORE INFORMATION.

The U.S. District Court for the Eastern District of Virginia (the "Court") has preliminarily approved a proposed Settlement of claims against Altria Group, Inc. ("Altria"), JUUL Labs, Inc. ("JLI"), Howard A. Willard III, William F. Gifford, Jr., Adam Bowen, James Monsees, Kevin Burns, and K.C. Crosthwaite (collectively, "Defendants"). The proposed Settlement would resolve a class action lawsuit alleging that Defendants made false and/or misleading misstatements and/or omissions concerning Altria's and JLI's business operations. Defendants deny the allegations.

You received this notice because you may have purchased or acquired Altria securities between October 25, 2018 and April 1, 2020, inclusive, and you may be a Settlement Class Member. The Settlement provides that, in exchange for dismissal and release of claims against Defendants, a fund consisting of $90,000,000, less attorneys' fees and expenses, will be divided among Settlement Class Members who timely submit valid Claim Forms. The average recovery per share could be $0.15 before deduction of any fees and expenses. The actual amount disbursed to members of the Settlement Class who participate in the Settlement may be more or less than this figure. Plaintiffs and Defendants disagree as to the amount per share that would be recoverable if Plaintiffs prevailed on each claim. Plaintiffs believe that the proposed Settlement is fair, reasonable and in the best interests of the Settlement Class considering the strengths and weaknesses of the claims, the uncertainties of complex litigation, and the concrete benefits provided by the Settlement. Defendants have agreed to settle to avoid the continuing burden and expense of this Action. <u>For a full description of the Settlement and your rights and to make a claim, please view the Stipulation of Settlement and obtain a copy of the Notice of (I) Proposed Securities Class Action Settlement; (II) Motion For An Award of Attorneys' Fees and Litigation Expenses; and (III) Settlement Fairness Hearing ("Notice") and Claim Form by visiting the website: www.AltriaGroupIncSecuritiesLitigation.com (the "Website").</u> You may request copies of the Notice and Claim Form by: (1) mail: Altria Group Inc. Securities Litigation, c/o Epiq Class Action & Claims Solutions, Inc., P.O. Box 6935, Portland, OR 97228-6935; (2) call toll-free: 1-855-604-1694; or (3) email: info@AltriaGroupIncSecuritiesLitigation.com.

To qualify for payment, you must submit a Claim Form, which can be found on the Website. CLAIM FORMS ARE DUE BY _____, 2022 and should be mailed to the address above or submitted electronically through the Website. If you do not want to be legally bound by the Settlement, you must exclude yourself by _____, 2022. If you exclude yourself, you cannot get money from this Settlement. If you stay in the Settlement, you may object to it by _____, 2022. The Notice explains how to exclude yourself or to object.

The Court will hold a hearing in this case on March 31, 2022 at 12:00 p.m. at the United States District Court for the Eastern District of Virginia, 701 East Broad Street, Richmond, VA 23219, Courtroom 6300, to consider whether to approve the Settlement, the Plan of Allocation, and a request by Lead Counsel for no more than 31% of the Settlement Fund for their attorneys' fees, plus up to

{00471514;1 }

*THIS CARD PROVIDES ONLY LIMITED INFORMATION ABOUT THE SETTLEMENT.*
*VISIT WWW.ALTRIAGROUPINCSECURITIESLITIGATION.COM OR CALL 1-855-604-1694 FOR MORE INFORMATION.*

$1,700,00 in expenses, and Awards to Plaintiffs of no more than $69,000 in total, for litigating the cases and negotiating the Settlement, which amounts to approximately $0.05 per affected share. Lead Counsel are Jeremy A. Lieberman, of Pomerantz LLP, 600 Third Ave., 20th Floor, New York, NY 10016, (212) 661-1100, and David A. Rosenfeld, of Robbins Geller Rudman & Dowd LLP, 58 South Service Road, Suite 200, Melville, NY 11747, (631) 367-7100. You may, but do not have to, attend the hearing and ask to be heard by the Court. The Court reserves the right to hold the Settlement Hearing telephonically or by other virtual means.

{00471514;1 }

EXHIBIT A-2

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF VIRGINIA
### (Richmond Division)

|  |  |
|---|---|
| GABBY KLEIN, et al., Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>vs.<br><br>ALTRIA GROUP, et al.,<br><br>Defendants. | Civil Action No. 3:20-cv-00075-DJN<br><br>CLASS ACTION |

## NOTICE OF (I) PROPOSED SETTLEMENT; (II) MOTION FOR AN AWARD OF ATTORNEYS' FEES AND LITIGATION EXPENSES; AND (III) SETTLEMENT FAIRNESS HEARING

### *A Federal Court authorized this Notice.  This is not a solicitation from a lawyer.*

**NOTICE OF SETTLEMENT:**   Please be advised that the Court-appointed Lead Plaintiffs Donald and Sarah Sherbondy (the "Sherbondys") and Construction Laborers Pension Trust of Greater St. Louis ("CLPT") ("Plaintiffs"), on behalf of themselves and the Settlement Class (as defined in ¶ 12 below), have reached a proposed settlement of the above-captioned action (the "Action")[1] with Defendants Altria Group, Inc. ("Altria"), JUUL Labs, Inc. ("JLI"), Howard A. Willard III ("Willard"), William F. Gifford, Jr. ("Gifford"), Adam Bowen ("Bowen"), James Monsees ("Monsees"), Kevin Burns ("Burns"), and K.C. Crosthwaite ("Crosthwaite") (collectively, the "Defendants," and with Plaintiffs, the "Parties") for $90 million in cash that, if approved, will resolve all claims in the Action (the "Settlement").

---

[1] All capitalized terms used in this Notice that are not otherwise defined herein shall have the meanings ascribed to them in the Stipulation and Agreement of Settlement dated December 9, 2021 ("Stipulation"), which is available at www.AltriaGroupIncSecuritiesLitigation.com.

{00471512;1 }

**PLEASE READ THIS NOTICE CAREFULLY.**   This Notice explains important rights you may have, including the possible receipt of cash from the Settlement.  If you are a member of the Settlement Class, your legal rights will be affected whether or not you act.

**If you have any questions about this Notice, the proposed Settlement, or your eligibility to participate in the Settlement, please DO NOT contact the Court, the Defendants in the Action or their counsel.  All questions should be directed to Lead Counsel or the Claims Administrator (*see* ¶ 55 below).**

**Additional information about the Settlement is available on the website, www.AltriaGroupIncSecuritiesLitigation.com.**

1.      **Description of the Action and the Settlement Class:**  This Notice relates to a proposed Settlement of claims in a pending putative securities class action brought by investors alleging, among other things, that Defendants violated the federal securities laws by making false and misleading statements and omissions. A more detailed description of the Action is set forth in ¶ 11 below.  The proposed Settlement, if approved by the Court, will settle claims of the Settlement Class, as defined in ¶ 12 below:

> **All persons and entities who purchased or otherwise acquired Altria securities between October 25, 2018 and April 1, 2020, both dates inclusive.**

2.      **Statement of the Settlement Class's Recovery:**  Subject to Court approval, Plaintiffs, on behalf of themselves and the Settlement Class, have agreed to settle the Action in exchange for a settlement payment of $90 million in cash (the "Settlement Amount") to be deposited into an escrow account.  The Net Settlement Fund (*i.e.*, the Settlement Amount plus any and all interest earned thereon (the "Settlement Fund") less (i) any Taxes and Tax Expenses; (ii) any Notice and Administration Costs; (iii) any Litigation Expenses awarded by the Court; (iv) any attorneys' fees awarded by the Court; and (v) any other award to Plaintiffs made by the Court pursuant to the PSLRA for reasonable costs and expenses) will be distributed in accordance with a plan of allocation approved by the Court, which will determine how the Net Settlement Fund shall be allocated among members of the Settlement Class.  Plaintiffs' proposed plan of allocation (the "Plan of Allocation") is attached hereto as Appendix A.

{00471512;1 }                                                    2

3.    **Estimate of Average Amount of Recovery Per Share:**  Based on Plaintiffs' damages expert's estimate of the number of shares of Altria securities purchased or otherwise acquired during the Settlement Class Period (defined in ¶ 11 below) that may have been affected by the alleged conduct at issue in the Action, and assuming that all Settlement Class Members elect to participate in the Settlement, the estimated average recovery (before the deduction of any Court-approved fees, expenses, and costs as described herein) per eligible share is approximately $0.15.  **Settlement Class Members should note, however, that the foreground average recovery per eligible share is only an estimate.**  Some Settlement Class Members may recover more or less than this estimated amount depending on, among other factors: (i) when and the price at which they purchased/acquired Altria securities; (ii) whether they sold their Altria securities and, if so, when and the price at which they sold their securities; (iii) the total number and value of valid Claims submitted; (iv) the amount of Notice and Administration Costs; and (v) the amount of attorneys' fees and Litigation Expenses awarded by the Court.  Distributions to Settlement Class Members will be made based on the Plan of Allocation attached hereto as Appendix A or such other plan of allocation as may be ordered by the Court.

4.    **Average Amount of Damages Per Share:**  The Parties do not agree on the average amount of damages per share of Altria securities that would be recoverable if Plaintiffs were to prevail in the Action.  Among other things, Defendants deny all allegations of liability and do not agree with the Plaintiffs' assertion that they committed any wrongdoing, violated any laws or regulations, or that any damages were suffered by any members of the Settlement Class as a result of their conduct.

5.    **Attorneys' Fees and Expenses Sought:**  Court-appointed Lead Counsel, Pomerantz LLP and Robbins Geller Rudman & Dowd LLP, have not received any payment of attorneys' fees for their representation of the Settlement Class in the Action and have advanced the funds to pay expenses incurred to prosecute this Action with the expectation that if they were successful in recovering money for the Settlement Class, they would receive fees and be paid for their expenses from the Settlement Fund, as is customary in this type of litigation.  Lead Counsel will apply to the Court for an award of attorneys' fees in an amount not to exceed 31% of the Settlement Fund.  In addition, Lead Counsel will apply for payment of Litigation Expenses incurred in connection with the institution, prosecution, and resolution of the claims against Defendants, in an amount not to exceed $1,700,000, which amount may include a request for reimbursement of the reasonable costs and expenses incurred by Plaintiffs directly related to their

representation of the Settlement Class in accordance with 15 U.S.C. § 78u-4(a)(4), in an aggregate amount not to exceed $69,000, which will be included as part of the $1,700,000 total amount of Litigation Expenses sought. Any fees and expenses awarded by the Court will be paid from the Settlement Fund. Settlement Class Members are not personally liable for any such fees or expenses. The Settlement does not include an endorsement by Defendants of any application submitted by Lead Counsel for an award of attorneys' fees and/or Litigation Expenses. The estimated average cost per eligible share of Altria securities, if the Court approves Lead Counsel's fee and expense application, is approximately $0.05 per share. **Please note that this amount is only an estimate**.

6. **Identification of Attorneys' Representatives:** Plaintiffs and the Settlement Class are represented by Jeremy A. Lieberman, Esq. of Pomerantz LLP, 600 Third Avenue, 20th Floor, New York, NY 10016, 1-212-661-1100, jalieberman@pomlaw.com and David A. Rosenfeld, Esq. of Robbins Geller Rudman & Dowd LLP, 58 South Service Road, Suite 200, Melville, NY 11747, 1-631-367-7100, drosenfeld@rgrdlaw.com. Further information regarding the Action, the Settlement, and this Notice may be obtained by contacting Lead Counsel or the Court-appointed Claims Administrator at: *Altria Group Inc. Securities Litigation Settlement*, c/o Epiq Class Action & Claims Solutions, Inc., P.O. Box 6935, Portland, OR 97228-6935; 1-855-604-1694; info@AltriaGroupIncSecuritiesLitigation.com; www.AltriaGroupIncSecuritiesLitigation.com.

7. **Reasons for the Settlement:** Plaintiffs' principal reason for entering into the Settlement is the immediate cash benefit for the Settlement Class without the risk or the delays and costs inherent in further litigation. Moreover, the cash benefit provided under the Settlement must be considered against the risk that a smaller recovery – or indeed no recovery at all – might be achieved after contested motions, a trial of the Action, and the likely appeals that would follow a trial. This process could be expected to last several years. Defendants, who deny all allegations of wrongdoing or liability whatsoever, have determined that it is desirable and beneficial to them that the Action be settled in the manner and upon the terms and conditions of the Settlement.

| YOUR LEGAL RIGHTS AND OPTIONS IN THE SETTLEMENT: | |
|---|---|
| **SUBMIT A CLAIM FORM ONLINE OR POSTMARKED NO** | This is the only way to be eligible to receive a payment from the Settlement Fund. If you are a Settlement Class Member and you remain in the Settlement Class, you will be bound by the |

{00471512;1 }                    4

| | |
|---|---|
| **LATER THAN _____, 2022.** | Settlement as approved by the Court and you will give up any Released Plaintiffs' Claims (defined in ¶ 21 below) that you have against Defendants and the other Defendants' Releasees (defined in ¶ 22 below), so it is in your interest to submit a Claim Form. |
| **EXCLUDE YOURSELF FROM THE SETTLEMENT CLASS BY SUBMITTING A WRITTEN REQUEST FOR EXCLUSION SO THAT IT IS *RECEIVED* NO LATER THAN _____, 2022.** | Get no payment.  If you exclude yourself from the Settlement Class, you will not be eligible to receive any payment from the Settlement Fund.  This is the only option that allows you to ever be part of any other current or future lawsuit against the Defendants or any of the other Defendants' Releasees (defined in ¶ 22 below) concerning the Released Plaintiffs' Claims (defined in ¶ 21 below).  It is also the *only* way for Settlement Class Members to remove themselves from the Settlement Class. **If you are considering excluding yourself from the Settlement Class, please note that there is a risk that any new claims asserted against the Defendants may no longer be timely and would be time-barred.  *See* ¶ 42 below.** |
| **OBJECT TO THE SETTLEMENT BY SUBMITTING A WRITTEN OBJECTION SO THAT IT IS *RECEIVED* NO LATER THAN _____, 2022.** | If you do not like the proposed Settlement, the proposed Plan of Allocation, or the requested attorneys' fees and Litigation Expenses, you may write to the Court and explain why you do not like them.  In order to object, you must remain a member of the Settlement Class, may not exclude yourself, and you will be bound by the Court's determinations. |
| **GO TO A HEARING ON March 31, 2022 AT 12:00 P.M., AND FILE A NOTICE OF INTENTION TO APPEAR SO THAT IT IS *RECEIVED* NO LATER THAN _____, 2022.** | If you have filed a written objection and wish to appear at the hearing, you must also file a notice of intention to appear by _____, 2022, which allows you to speak in Court, at the discretion of the Court, about the fairness of the Settlement, the Plan of Allocation, and/or the request for attorneys' fees and Litigation Expenses.  If you submit a written objection, you may (but you do not have to) attend the hearing. |

| DO NOTHING. | If you are a member of the Settlement Class and you do not submit a valid Claim Form, you will not be eligible to receive any payment from the Settlement Fund. You will, however, remain a member of the Settlement Class, which means that you give up your right to sue about the claims that are resolved by the Settlement and you will be bound by any judgments or orders entered by the Court in the Action. |
|---|---|

**These rights and options – and the deadlines to exercise them – are further explained in this Notice. <u>Please Note</u>: The date and time of the Settlement Fairness Hearing – currently scheduled for March 31, 2022 at 12:00 p.m. – is subject to change without further notice to the Settlement Class. If you plan to attend the hearing, you should check the website www.AltriaGroupIncSecuritiesLitigation.com or with Lead Counsel as set forth above to confirm that no change to the date and/or time of the hearing has been made.**

## WHAT THIS NOTICE CONTAINS

Why Did I Get This Notice? ....... Page __
What Is This Case About? ....... Page __
How Do I Know If I Am Affected By The Settlement?
Who Is Included In The Settlement Class? ....... Page __
What Are Plaintiffs' Reasons For The Settlement? ....... Page __
What Might Happen If There Were No Settlement? ....... Page __
How Are Settlement Class Members Affected By The Action
   And The Settlement? ....... Page __
How Do I Participate In The Settlement? What Do I Need To Do? ....... Page __
How Much Will My Payment Be? ....... Page __
What Payment Are The Attorneys For The Settlement Class Seeking?
   How Will The Lawyers Be Paid? ....... Page __
What If I Do Not Want To Be A Member Of The Settlement Class?
   How Do I Exclude Myself? ....... Page __
When And Where Will The Court Decide Whether To Approve The
   Settlement? Do I Have To Come To The Hearing? May I Speak
   At The Hearing If I Don't Like The Settlement? ....... Page __
What If I Bought Shares On Someone Else's Behalf? ....... Page __
Can I See The Court File? Whom Should I Contact If I Have

{00471512;1 }                    6

| Questions? | Page __ |
|---|---|
| Proposed Plan of Allocation of Net Settlement Fund Among | |
|    Authorized Claimants | Appendix A |

## WHY DID I GET THIS NOTICE?

8.      The Court directed that this Notice be mailed to you because you or someone in your family or an investment account for which you serve as a custodian <u>may</u> have purchased or otherwise acquired Altria securities during the Settlement Class Period (as defined in ¶ 11 below).  The Court has directed us to send you this Notice because, as a potential Settlement Class Member, you have a right to know about your options before the Court rules on the proposed Settlement. Additionally, you have the right to understand how this class action lawsuit may generally affect your legal rights.  If the Court approves the Settlement and the Plan of Allocation (or some other plan of allocation), the Claims Administrator selected by Plaintiffs and approved by the Court will make payments pursuant to the Settlement after any objections and appeals are resolved.

9.      The purpose of this Notice is to inform you of the existence of this case, that it is a class action, how you might be affected, and how to exclude yourself from the Settlement Class if you wish to do so.  It is also being sent to inform you of the terms of the proposed Settlement, and of a hearing to be held by the Court to consider the fairness, reasonableness, and adequacy of the Settlement, the proposed Plan of Allocation, and Lead Counsel's application for an award of attorneys' fees and Litigation Expenses ("Settlement Fairness Hearing").  *See* ¶ 45 below for details about the Settlement Fairness Hearing, including the date and location of the hearing.

10.     The issuance of this Notice is not an expression of any opinion by the Court concerning the merits of any claim in the Action, and the Court still has to decide whether to approve the Settlement.  If the Court approves the Settlement and a plan of allocation, then payments to Authorized Claimants will be made after any appeals are resolved and after the completion of all claims processing.  Please be patient, as this process can take some time.

## WHAT IS THIS CASE ABOUT?

11.     The Court in charge of this case, *Klein v. Altria Group, Inc., et al.*, No. 3:20-cv-00075-DJN (the "Action"), is the United States District Court for the Eastern District of Virginia, Richmond Division.  The Action is a securities class

action brought against Altria and the other Defendants.  Plaintiffs allege that, during the period between October 25, 2018 and April 1, 2020, both dates inclusive (the "Settlement Class Period"), Defendants violated provisions of the Securities Exchange Act of 1934 ("Exchange Act") by allegedly making material misstatements and/or omissions of material fact in public statements regarding Altria's $12.8 billion investment in JUUL Labs, Inc., and failing to inform investors about the material risks created by what Plaintiffs allege to be JUUL's marketing practices with respect to underage consumers. The Corrected Consolidated Class Action Complaint (the "Complaint") alleges that the misstatements or omissions artificially inflated the price of Altria securities, and that the share price dropped in response to certain subsequent disclosures.  Defendants have denied the claims asserted against them in the Action and deny having engaged in any wrongdoing or violation of law of any kind whatsoever, including, without limitation, any allegation that they have committed any act or omission giving rise to any liability under the Exchange Act, or Rule 10b-5 promulgated thereunder, or designed and/or marketed products to appeal to underage users.

## HOW DO I KNOW IF I AM AFFECTED BY THE SETTLEMENT? WHO IS INCLUDED IN THE SETTLEMENT CLASS?

12.    If you are a member of the Settlement Class, you are subject to the Settlement, unless you timely request to be excluded from the Settlement Class.  The Settlement Class certified by the Court consists of:

> **All persons and entities who purchased or otherwise acquired Altria securities between October 25, 2018 and April 1, 2020, both dates inclusive.**

Excluded from the Settlement Class are (i) Defendants, (ii) current and former officers and directors of Altria and JLI; (iii) members of the Immediate Family of each of the Individual Defendants; (iv) all subsidiaries and affiliates of Altria and JLI and the directors and officers of Altria, JLI, and their respective subsidiaries or affiliates; (v) all persons, firms, trusts, corporations, officers, directors, and any other individual or entity in which any Defendant has a controlling interest; (vi) the legal representatives, agents, affiliates, heirs, successors-in-interest or assigns of all such excluded parties; and (vii) any persons or entities who properly exclude themselves by filing a valid and timely request for exclusion. *See* "What If I Do Not Want To Be A Member Of The Class?  How Do I Exclude Myself," on page __ below.

**PLEASE NOTE: RECEIPT OF THIS NOTICE DOES NOT MEAN THAT YOU ARE A SETTLEMENT CLASS MEMBER OR THAT YOU WILL BE ENTITLED TO RECEIVE PROCEEDS FROM THE SETTLEMENT.**

**IF YOU ARE A SETTLEMENT CLASS MEMBER AND YOU WISH TO BE ELIGIBLE TO PARTICIPATE IN THE DISTRIBUTION OF PROCEEDS FROM THE SETTLEMENT, YOU ARE REQUIRED TO SUBMIT THE CLAIM FORM THAT IS BEING DISTRIBUTED WITH THIS NOTICE AND THE REQUIRED SUPPORTING DOCUMENTATION AS SET FORTH THEREIN POSTMARKED OR SUBMITTED ONLINE NO LATER THAN _____, 2022.**

| |
|---|
| **WHAT ARE PLAINTIFFS' REASONS FOR THE SETTLEMENT?** |

13.    Plaintiffs and Lead Counsel believe that the claims asserted against Defendants have merit; however, they also recognize the substantial risks in continuing to litigate the Action. For example, Defendants have raised a number of arguments and defenses, including that Defendants made no misrepresentations, that the alleged misrepresentations were immaterial as a matter of law, that Defendants did not design and/or market products to appeal to underage users, that Plaintiffs would not be able to establish that Defendants acted with the requisite intent and that Plaintiffs could not establish that the decline in the prices of Altria securities was the result of the revelation of the truth concerning prior misrepresentations and omissions. Even assuming Plaintiffs could establish Defendants' liability, the amount of damages that could be attributed to the allegedly false statements would be hotly contested. Additionally, Plaintiffs and Lead Counsel recognize the significant expense and length of continued proceedings necessary to pursue their claims against Defendants through further motion practice, trial, and appeals. Thus, there were very significant risks attendant to the continued prosecution of the Action.

14.    In light of these risks, the amount of the Settlement, and the immediacy of recovery to the Settlement Class, Plaintiffs and Lead Counsel believe that the proposed Settlement is fair, reasonable, and adequate, and in the best interests of the Settlement Class. Plaintiffs and Lead Counsel believe that the Settlement provides a favorable result for the Settlement Class, namely $90 million in cash (less the various deductions described in this Notice), as compared to the risk that the claims in the Action would produce a smaller, or no, recovery after summary judgment, trial, and appeals, possibly years in the future.

15.     Defendants have denied the claims asserted against them in the Action and deny having engaged in any wrongdoing or violation of law of any kind whatsoever, including, without limitation, any allegation that they have committed any act or omission giving rise to any liability under the Exchange Act, or Rule 10b-5 promulgated thereunder, or designed and/or marketed products to appeal to underage users.  Defendants have agreed to the Settlement to eliminate the burden and expense of continued litigation, and the Settlement may not be construed as an admission of any wrongdoing by Defendants in this or any other action or proceeding.

## WHAT MIGHT HAPPEN IF THERE WERE NO SETTLEMENT?

16.     If there were no Settlement and Plaintiffs failed to establish any essential legal or factual element of their claims against Defendants, neither Plaintiffs nor the other members of the Settlement Class would recover anything from Defendants.  Also, if Defendants were successful in proving any of their defenses, either at summary judgment, at trial, or on appeal, the Settlement Class could recover substantially less than the amount provided in the Settlement, or nothing at all.  It is also possible that no class action would have been certified or that a different class would have been certified.

## HOW ARE SETTLEMENT CLASS MEMBERS AFFECTED BY THE ACTION AND THE SETTLEMENT?

17.     The law firms of Pomerantz LLP and Robbins Geller Rudman & Dowd, LLP were appointed to represent all Settlement Class Members.  These lawyers are called Lead Counsel.  You will not be separately charged for the services of these lawyers. The Court will determine the amount of Lead Counsel's fees and expenses. Any fees and expenses awarded by the Court will be paid from the Settlement Fund. As a Settlement Class Member, you are represented by Lead Counsel.  If you want to be represented by your own lawyer, you may hire one at your own expense.  You are not required to retain your own counsel, but if you choose to do so, such counsel must file a notice of appearance on your behalf.  *See* "When And Where Will The Court Decide Whether To Approve The Settlement?," on page __ below.

18.     If you are a Settlement Class Member and do not wish to remain a Settlement Class Member, you may exclude yourself from the Settlement Class by following the instructions in the section entitled, "What If I Do Not Want To Be A Member Of The Settlement Class?  How Do I Exclude Myself?," on page __ below.

{00471512;1 }                                  10

19.    If you are a Settlement Class Member and you wish to object to the Settlement, the Plan of Allocation, or Lead Counsel's application for attorneys' fees and Litigation Expenses, and if you do not exclude yourself from the Settlement Class, you may present your objections by following the instructions in the section entitled, "When And Where Will The Court Decide Whether To Approve The Settlement?," on page __ below.

20.    If you are a Settlement Class Member and you do not exclude yourself from the Settlement Class, you will be bound by any orders issued by the Court. If the Settlement is approved, the Court will enter a judgment ("Judgment"). The Judgment will dismiss with prejudice the claims against Defendants and will provide that, upon the Effective Date of the Settlement, Plaintiffs and each of the other Settlement Class Members (whether or not such person submitted a Claim Form), on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, and assigns in their capacities as such, and on behalf of any other person or entity legally entitled to bring Released Plaintiffs' Claims (as defined in ¶ 21 below) on behalf of any Settlement Class Member, shall be deemed to have, and by operation of law and of the Judgment shall have fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, discharged, and dismissed with prejudice each and every one of the Released Plaintiffs' Claims (including, without limitation, any Unknown Claims) against any and all Defendants' Releasees (as defined in ¶ 22 below), and shall forever be barred and enjoined, to the fullest extent permitted by law, from commencing, instituting, maintaining, prosecuting or continuing to prosecute any or all of the Released Plaintiffs' Claims against any of the Defendants' Releasees, in this Action or in any other proceeding. This Release shall not apply to any Excluded Plaintiffs' Claims (as defined in ¶ 21 below).

21.    "Released Plaintiffs' Claims" means any and all claims, rights and causes of action, duties, obligations, demands, actions, debts, sums of money, suits, contracts, agreements, promises, damages and liabilities, including both known claims and Unknown Claims, whether contingent or non-contingent, derivative or direct, or suspected or unsuspected, including any claims arising under federal or state statutory or common law or any other law, rule or regulation, whether foreign or domestic, in law, in contract, or in equity, and regardless of legal theory, and including claims for indemnification, contribution, or otherwise denominated, that have been asserted, could have been asserted, or could be asserted in the future, that (i) arise out of, or relate in any way to, or are based upon, the allegations, transactions, acts, facts, events, matters, occurrences, representations or omissions

involved, set forth, alleged or referred to in the Complaint, the proposed amended complaint in the Action, or in any of the prior complaints and (ii) in any way is based upon or related to the purchase, acquisition, or holding of Altria securities purchased or otherwise acquired by members of the Settlement Class during the Settlement Class Period.  "Released Plaintiffs' Claims" does not include any claims (i) relating to the enforcement of the Settlement; (ii) between Defendants' Releasees and their respective insurers; and (iii) any claims of any person or entity who or which submits a request for exclusion from the Settlement Class that is accepted by the Court ("Excluded Plaintiffs' Claims"); and (iv) only those claims asserted derivatively in *In re Altria Group, Inc. Derivative Litigation*, No. 3:20-cv-00772-DJN, *In re Altria Group, Inc. Derivative Litigation*, No. CL20-7051, *McCollum v. Gifford et al.*, No. CL21-5732, and Merritts v. Casteen et al., No. CL21-1093.

22.    "Defendants' Releasees" means any and all defendants named in any of the complaints filed in the Action, and any and all of their related parties in any forum, including, without limitation, any and all of their current or former parents, subsidiaries, affiliates, predecessors, successors, divisions, investment funds, joint ventures and general or limited partnerships, and each of their respective current or former officers, directors, trustees, partners, members, contractors, auditors, principals, agents, managing agents, employees, representatives, associates, attorneys, accountants, investment bankers, underwriters, insurers in their capacities as such, as well as each of the Individual Defendants' Immediate Family, heirs, executors, personal or legal representatives, estates, beneficiaries, predecessors, successors and assigns.

23.    "Unknown Claims" means (i) any Released Plaintiffs' Claims which any Plaintiff or any other Settlement Class Member, or each of their agents or attorneys, or their current or former officers, directors, or employees, does not know or suspect to exist in his, her or its favor at the time of the release of such claims, and (ii) any Released Defendants' Claims which any Defendant or each of their agents or attorneys, or their current or former officers, directors, or employees, does not know or suspect to exist in his, her, or its favor at the time of the release of such claims.  With respect to any and all Released Claims, the Parties stipulate and agree that, upon the Effective Date of the Settlement, Plaintiffs and Defendants shall expressly waive, and each of the Settlement Class Members shall be deemed to have waived, and by operation of the Judgment shall have, to the fullest extent permitted by law, expressly waived and relinquished, any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law or foreign law, which is similar, comparable, or equivalent to California Civil Code § 1542, which provides:

> A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

The Parties and Settlement Class Members acknowledge, and shall be deemed by operation of law to have acknowledged, that they may hereafter discover facts, legal theories, or authorities in addition to or different from those which he or she or it or their counsel now knows or believes to be true with respect to the subject matter of the Released Claims, but, upon the Effective Date, Plaintiffs and Defendants shall expressly, fully, finally, and forever, settle and release, and each of the other Settlement Class Members shall be deemed to have settled and released, and upon the Effective Date by operation of the Judgment shall have, settled and released, fully, finally, and forever, any and all Released Claims without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities.

24.     The Judgment will also provide that, upon the Effective Date of the Settlement, Defendants' Releasees, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, and assigns in their capacities as such, and on behalf of any other person or entity legally entitled to bring Released Defendants' Claims on behalf of the Defendants, shall be deemed to have, and by operation of law and of the Judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Defendants' Claim (including, without limitation, any Unknown Claims) (as defined in ¶ 25 below) against the Plaintiffs' Releasees (as defined in ¶ 26 below), and shall forever be barred and enjoined from commencing, instituting, maintaining, prosecuting or continuing to prosecute any or all of the Released Defendants' Claims against any of the Plaintiffs' Releasees, in this Action or in any other proceeding.  This Release shall not apply to any Excluded Defendants' Claims (as defined in ¶ 25 below).

25.     "Released Defendants' Claims" means any and all claims, rights and causes of action, duties, obligations, demands, actions, debts, sums of money, suits, contracts, agreements, promises, damages and liabilities, including both known claims and Unknown Claims, whether contingent or non-contingent, or suspected or unsuspected, including any claims arising under federal or state statutory or common law or any other law, rule or regulation, whether foreign or domestic, that arise out of or relate in any way to the institution, prosecution, or settlement of the claims against the Defendants. "Released Defendants' Claims" does not include (i) any

{00471512;1 }                                    13

claims relating to the enforcement of the Settlement; or (ii) any claims against any person or entity who submits a request for exclusion from the Settlement Class that is accepted by the Court ("Excluded Defendants' Claims").

26.    "Plaintiffs' Releasees" means Plaintiffs, the Settlement Class and any and all of their related parties, including, without limitation, any and all of their past or present parents, subsidiaries, affiliates, predecessors, or successors, as well as any and all of their current or former officers, directors, employees, associates, members of their immediate families, agents or other persons acting on their behalf, underwriters, attorneys (including Plaintiffs' Counsel), advisors, financial advisors, publicists, independent certified public accountants, auditors, accountants, assigns, creditors, administrators, heirs, estates, or legal representatives and Plaintiffs' Counsel and their respective successors, assigns, representatives, officers, directors, attorneys and agents.

## HOW DO I PARTICIPATE IN THE SETTLEMENT? WHAT DO I NEED TO DO?

27.    To be eligible for a payment from the proceeds of the Settlement, you must be a member of the Settlement Class and you must timely complete and return the Claim Form with adequate supporting documentation *postmarked (if mailed), or submitted online at www.AltriaGroupIncSecuritiesLitigation.com, no later than _____, 2022*.  A Claim Form is included with this Notice, or you may obtain one from the website maintained by the Claims Administrator for the Settlement, www.AltriaGroupIncSecuritiesLitigation.com, or you may request that a Claim Form be mailed to you by calling the Claims Administrator toll free at 1-855-604-1694,    or    by    e-mailing    the    Claims    Administrator    at info@AltriaGroupIncSecuritiesLitigation.com.  You may also submit your Claim online.  **Please retain all records of your ownership of and transactions in Altria securities, as they may be needed to document your Claim.**  If you request exclusion from the Settlement Class or do not submit a timely and valid Claim Form, you will not be eligible to share in the Net Settlement Fund.

## HOW MUCH WILL MY PAYMENT BE?

28.    At this time, it is not possible to make any determination as to how much any individual Settlement Class Member may receive from the Settlement.

29.    Pursuant to the Settlement, Defendant Altria Group, Inc. shall pay or cause to be paid $90 million in cash.  No other Defendant shall be responsible for paying any portion of the Settlement Amount.  The Settlement Amount will be deposited into an escrow account.  The Settlement Amount plus any interest earned thereon is referred to as the "Settlement Fund." If the Settlement is approved by the Court and the Effective Date occurs, the "Net Settlement Fund" (as defined in ¶ 2 above) will be distributed to Settlement Class Members who submit valid Claim Forms, in accordance with the proposed Plan of Allocation or such other plan of allocation as the Court may approve.

30.    The Net Settlement Fund will not be distributed unless and until the Court has approved the Settlement and a plan of allocation and that decision is affirmed on appeal (if any) and/or the time for any petition for rehearing, appeal, or review, whether by certiorari or otherwise, has expired.

31.    Neither Defendants nor any other person or entity that paid any portion of the Settlement Amount on their behalf are entitled to get back any portion of the Settlement Fund once the Court's order or judgment approving the Settlement becomes Final, including following any appeals.  Defendants shall not have any liability, obligation, or responsibility for the administration of the Settlement, the disbursement of the Net Settlement Fund, or the plan of allocation, whether as proposed by Plaintiffs or as approved by the Court.

32.    Approval of the Settlement is independent from approval of a plan of allocation.  Any determination with respect to a plan of allocation will not affect the Settlement, if approved.

33.    Unless the Court otherwise orders, any Settlement Class Member who fails to submit a Claim Form postmarked (if mailed), or online, on or before _____, 2022 shall be fully and forever barred from receiving payments pursuant to the Settlement but will in all other respects remain a Settlement Class Member and be subject to the provisions of the Stipulation, including the terms of any Judgment entered and the Releases given.  This means that each Settlement Class Member releases the Released Plaintiffs' Claims (as defined in ¶ 21 above) against the Defendants' Releasees (as defined in ¶ 22 above) and will be enjoined and prohibited from filing, prosecuting, or pursuing any of the Released Plaintiffs' Claims against any of the Defendants' Releasees whether or not such Settlement Class Member submits a Claim Form.

34.     Participants in and beneficiaries of any employee retirement and/or benefit plan ("Employee Plan") should NOT include any information relating to shares of Altria securities purchased/acquired through an Employee Plan in any Claim Form they submit in this Action.  They should include ONLY those eligible shares of Altria securities purchased/acquired during the Settlement Class Period outside of an Employee Plan.  Claims based on any Employee Plan(s)' purchases/acquisitions of eligible Altria securities during the Class Period may be made by the Employee Plan(s)' trustees.  To the extent any of the Defendants or any of the other persons or entities excluded from the Settlement Class are participants in an Employee Plan(s), such persons or entities shall not receive, either directly or indirectly, any portion of the recovery that may be obtained from the Settlement by such Employee Plan(s).

35.     The Court has reserved jurisdiction to allow, disallow, or adjust on equitable grounds the Claim of any Settlement Class Member.

36.     Each Claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to his, her, or its Claim Form.

37.     Only Settlement Class Members, *i.e.*, persons and entities who purchased or otherwise acquired Altria securities during the Settlement Class Period, will be eligible to share in the distribution of the Net Settlement Fund.  Persons and entities who are excluded from the Settlement Class by definition or who exclude themselves from the Settlement Class pursuant to an exclusion request will not be eligible to receive a distribution from the Net Settlement Fund and should not submit Claim Forms.

38.     **Appendix A to this Notice sets forth the Plan of Allocation for allocating the Net Settlement Fund among Authorized Claimants, as proposed by Plaintiffs and Lead Counsel.  At the Settlement Fairness Hearing, Lead Counsel will request the Court approve the Plan of Allocation.  The Court may modify the Plan of Allocation, or approve a different plan of allocation, without further notice to the Settlement Class.**

## WHAT PAYMENT ARE THE ATTORNEYS FOR THE SETTLEMENT CLASS SEEKING?  HOW WILL THE LAWYERS BE PAID?

39.     Lead Counsel have not received any payment for their services in pursuing claims against the Defendants on behalf of the Settlement Class, nor have

Lead Counsel been paid for their litigation expenses. Before final approval of the Settlement, Lead Counsel will apply to the Court for an award of attorneys' fees in an amount not to exceed 31% of the Settlement Fund[, plus interest]. Lead Counsel intend to share part of any attorneys' fees awarded by the Court with Cohen Milstein Sellers & Toll PLLC and The Schall Law Firm in accordance with their level of contribution to the initiation, prosecution, and resolution of the Actions. Lead Counsel also intend to apply for payment of Litigation Expenses in an amount not to exceed $1,700,000, plus interest, which amount may include an application for reimbursement of the reasonable costs and expenses incurred by Plaintiffs directly related to their representation of the Settlement Class in accordance with 15 U.S.C. § 78u-4(a)(4), in an aggregate amount not to exceed $69,000, which will be included as part of the $1,700,000 total amount of Litigation Expenses sought. The Court will determine the amount of any award of attorneys' fees or Litigation Expenses. Such sums as may be approved by the Court will be paid from the Settlement Fund. Settlement Class Members are not personally liable for any such fees or expenses. The Settlement does not include an endorsement by Defendants of any application submitted by Lead Counsel for an award of attorneys' fees and/or Litigation Expenses.

## WHAT IF I DO NOT WANT TO BE A MEMBER OF THE SETTLEMENT CLASS? HOW DO I EXCLUDE MYSELF?

40. Each Settlement Class Member will be bound by all determinations and judgments in this lawsuit, whether favorable or unfavorable, unless such person or entity mails or delivers a written request for exclusion addressed to: *Altria Group Inc. Securities Litigation Settlement*, EXCLUSIONS, c/o Epiq Class Action & Claims Solutions, Inc., P.O. Box 6935, Portland, OR 97228-6935. The request for exclusion must be *received* **no later than _____, 2022**. You will not be able to exclude yourself from the Settlement Class after that date.

41. Each request for exclusion by a Settlement Class Member must: (i) state the name, address, and telephone number of the person or entity requesting exclusion, and in the case of entities, the name and telephone number of the appropriate contact person; (ii) state that such person or entity "requests exclusion from the Settlement Class in *Klein v. Altria Group, Inc., et al.*, No. 3:20-cv-00075-DJN"; (iii) state the total number of shares of Altria securities that the person or entity requesting exclusion purchased/acquired between October 25, 2018 and June 30, 2020, inclusive, as well as the dates, number of shares, and prices of each such purchase/acquisition; (iv) state the total number of shares of Altria securities that the

person or entity requesting exclusion sold between October 25, 2018 and June 30, 2020, inclusive, as well as the dates, number of shares, and prices of each such sale; and (v) be signed by the person or entity requesting exclusion or an authorized representative. A request for exclusion shall not be valid and effective unless it provides all the information called for in ¶ 41 and is received within the time stated above, or is otherwise accepted by the Court.

42.     If you do not want to be part of the Settlement Class, you must follow these instructions for exclusion even if you have pending, or later file, another lawsuit, arbitration, or other proceeding relating to any Released Plaintiffs' Claim against any of the Defendants' Releasees.  Excluding yourself from the Settlement Class is the only option that allows you to be part of any other current or future lawsuit against Defendants or any of the other Defendants' Releasees concerning the Released Plaintiffs' Claims.  Please note, however, if you decide to exclude yourself from the Settlement Class, you may be time-barred from asserting the claims covered by the Action by a statute of repose.  In addition, Defendants and the other Defendants' Releasees will have the right to assert any and all defenses they may have to any claims that you may seek to assert.

43.     If you ask to be excluded from the Settlement Class, you will not be eligible to receive any payment out of the Net Settlement Fund.

**WHEN AND WHERE WILL THE COURT DECIDE WHETHER TO APPROVE THE SETTLEMENT?  DO I HAVE TO COME TO THE HEARING?  MAY I SPEAK AT THE HEARING IF I DON'T LIKE THE SETTLEMENT?**

44.     **Settlement Class Members do not need to attend the Settlement Fairness Hearing.  The Court will consider any submission made in accordance with the provisions below even if a Settlement Class Member does not attend the hearing.**  Please Note: The date and time of the Settlement Fairness Hearing may change without further written notice to the Settlement Class.  If you plan on attending the hearing, please check the website, www.AltriaGroupIncSecuritiesLitigation.com or contact Lead Counsel to confirm that the date and/or time of the hearing has not changed.

45.     The Settlement Fairness Hearing will be held on **March 31, 2022 at 12:00 p.m.**, before the Honorable David J. Novak at the United States District Court for the Eastern District of Virginia, Spottswood W. Robinson III and Robert R.

Merhige, Jr., Federal Courthouse, 701 East Broad Street, Richmond, VA 23219. The Court reserves the right to approve the Settlement, the Plan of Allocation, Lead Counsel's motion for an award of attorneys' fees and Litigation Expenses, and/or any other matter related to the Settlement at or after the Settlement Fairness Hearing without further notice to the members of the Settlement Class.

46.    Any Settlement Class Member who or which does not request exclusion may object to the Settlement, the Plan of Allocation, or Lead Counsel's motion for an award of attorneys' fees and  Litigation Expenses.  Objections must be in writing. You must file any written objection, together with copies of all other papers and briefs supporting the objection, with the Clerk's Office at the United States District Court for the Eastern District of Virginia, Richmond Division at the address set forth below as well as serve copies on Lead Counsel and on Defendants' Counsel Representatives at the addresses set forth below *on or before _____, 2022*.

| Clerk of the Court | Class Counsel | Defendants' Counsel Representatives |
|---|---|---|
| United States District Court for the Eastern District of Virginia 701 East Broad Street Richmond, VA 23219 | Jeremy A. Lieberman POMERANTZ LLP 600 Third Avenue, Floor 20 New York, NY 10016 *or* David A. Rosenfeld Robbins Geller Rudman & Dowd LLP 58 South Service Road, Suite 200 Melville, NY 11747 | Wachtell, Lipton, Rosen & Katz Attn:    Stephen R. DiPrima           Jacob Miller 51 W 52nd Street New York, New York 10019 *and* Cleary Gottlieb Steen & Hamilton LLP Attn:    Roger A. Cooper One Liberty Plaza New York, New York 10006 |

47.    To object, you must send a letter to the Court saying that you object to the Settlement in *Klein v. Altria Group, Inc., et al.*, No. 3:20-cv-00075-DJN, and stating the reasons that you object to the Settlement, or any part thereof.

48.    Any objection must: (i) state the name, address, and telephone number of the person or entity objecting and be signed by the objector, even if the objector is represented by counsel; (ii) state whether the objector is represented by counsel and, if so, the name, address, and telephone number of the objector's counsel; (iii) indicate whether the objection applies only to the objector, to a specific subset of the Settlement Class, or to the entire Settlement Class; (iv) state with specificity the grounds for the Settlement Class Member's objection or objections, and the

specific reasons for each objection, including any legal and evidentiary support the Settlement Class Member wishes to bring to the Court's attention; (v) include documents sufficient to prove membership in the Settlement Class, consisting of documents showing the number of shares of Altria securities that the objector purchased/acquired between October 25, 2018 and June 30, 2020, both dates inclusive, as well as the dates, number of shares, and prices of each such purchase/acquisition; and (vi) include documents showing the number of shares of Altria securities that the objector sold between October 25, 2018 and June 30, 2020, both dates inclusive, as well as the dates, number of shares, and prices of each such sale.[2]

49.    **You may not object to the Settlement, Plan of Allocation, or Lead Counsel's motion for attorneys' fees and Litigation Expenses if you exclude yourself from the Settlement Class or if you are not a member of the Settlement Class.**

50.    You may submit an objection without having to appear at the Settlement Fairness Hearing.  You may not, however, appear at the Settlement Fairness Hearing to present your objection unless (1) you first submit a written objection in accordance with the procedures described above, (2) you first submit your notice of appearance in accordance with the procedures described below, or (3) the Court orders otherwise.

51.    If you wish to be heard orally at the hearing in opposition to the approval of the Settlement, the Plan of Allocation, or Lead Counsel's motion for an award of attorneys' fees and Litigation Expenses, and if you timely submit a written objection as described above, you must also file a notice of appearance with the Clerk's Office and serve it on Lead Counsel and Defendants' Counsel Representatives at the addresses set forth in ¶ 46 above so that it is *received* **on or before _____, 2022**.  Persons who intend to object and desire to present evidence at the Settlement Fairness Hearing must include in their written objection or notice of appearance the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the hearing.  Such persons may be heard orally at the discretion of the Court.

---

[2]   Documentation establishing membership in the Settlement Class must consist of copies of brokerage confirmation slips or monthly brokerage account statements, or an authorized statement from the objector's broker containing the transactional and holding information found in a broker confirmation slip or account statement.

52.    You are not required to hire an attorney to represent you in making written objections or in appearing at the Settlement Fairness Hearing.  However, if you decide to hire an attorney, it will be at your own expense, and that attorney must file a notice of appearance with the Court and serve it on Lead Counsel and Defendants' Counsel Representatives at the addresses set forth in ¶ 46 above so that the notice is *received* **on or before _____, 2022**.

53.    **Unless the Court orders otherwise, any Settlement Class Member who does not object in the manner described above will be deemed to have waived any objection and shall be forever foreclosed from making any objection to the proposed Settlement, the proposed Plan of Allocation, or Lead Counsel's motion for an award** o**f attorneys' fees and Litigation Expenses. Settlement Class Members do not need to appear at the Settlement Fairness Hearing or take any other action to indicate their approval.**

## WHAT IF I BOUGHT SHARES ON SOMEONE ELSE'S BEHALF?

54.    If you purchased or otherwise acquired Altria securities between October 25, 2018 and April 1, 2020, both dates inclusive, for the beneficial interest of persons or organizations other than yourself, you must either (i) within seven (7) calendar days of receipt of this Notice, request from the Claims Administrator sufficient copies of the Notice and Claim Form (the "Notice Packet") to forward to all such beneficial owners and within seven (7) calendar days of receipt of those Notice Packets forward them to all such beneficial owners; or (ii) within seven (7) calendar days of receipt of this Notice, provide a list of the names and addresses (and e-mail addresses, if available) of all such beneficial owners to *Altria Group Inc. Securities Litigation Settlement*, c/o Epiq Class Action & Claims Solutions, Inc., P.O. Box 6935, Portland, OR 97228-6935.  If you choose the second option, the Claims Administrator will send a copy of the Notice Packet to the beneficial owners. Upon full compliance with these directions, such nominees may seek reimbursement of their reasonable expenses actually incurred, by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought.  Copies of this Notice and the Claim Form may also be obtained          from          the          Settlement          website, www.AltriaGroupIncSecuritiesLitigation.com, by calling the Claims Administrator toll-free at 1-855-604-1694, or by e-mailing the Claims Administrator at info@AltriaGroupIncSecuritiesLitigation.com.

## CAN I SEE THE COURT FILE?  WHOM SHOULD I CONTACT IF I HAVE QUESTIONS?

55.    This Notice contains only a summary of the terms of the Settlement. For the terms and conditions of the Settlement, please see the Stipulation available at www.AltriaGroupIncSecuritiesLitigation.com.  More detailed information about the matters involved in this Action can be obtained by accessing the Court docket in this case, for a fee, through the Court's Public Access to Court Electronic Records (PACER) system at www.pacer.gov, or by visiting, during regular office hours, the Office of the Clerk, United States District Court for the Eastern District of Virginia, 701 East Broad Street, Richmond, VA 23219.  Additionally, copies of any related orders entered by the Court will be posted on the website for the Settlement, www.AltriaGroupIncSecuritiesLitigation.com.

All inquiries concerning this Notice and the Claim Form should be directed to:

*Altria Group Inc. Securities Litigation Settlement*
c/o Epiq Class Action & Claims Solutions, Inc.,
P.O. Box 6935
Portland, OR 97228-6935
info@AltriaGroupIncSecuritiesLitigation.com
www.AltriaGroupIncSecurtiesLitigation.com

and/or

| | |
|---|---|
| Jeremy A. Lieberman | David A. Rosenfeld |
| Pomerantz LLP | Robbins Geller Rudman & Dowd LLP |
| 600 Third Avenue, Floor 20 | 58 South Service Road, Suite 200 |
| New York, New York 10016 | Melville, NY 11747 |

**PLEASE DO NOT CALL OR WRITE THE COURT, THE OFFICE OF THE CLERK OF THE COURT, DEFENDANTS OR THEIR COUNSEL REGARDING THIS NOTICE.**

Dated: _____, 2021                    By Order of the Court
                                                                         United States District Court

Eastern District of Virginia,
Richmond Division

## APPENDIX A

## Plaintiffs' Proposed Plan of Allocation of Net Settlement Fund Among Authorized Claimants

The objective of the Plan of Allocation is to equitably distribute the Net Settlement Fund among Authorized Claimants based on their respective alleged economic losses as a result of the alleged misstatements and omissions, as opposed to losses caused by market- or industry-wide factors, or company-specific factors unrelated to the alleged fraud. The Claims Administrator shall determine each Authorized Claimant's share of the Net Settlement Fund based upon the recognized loss formula ("Recognized Loss") described below.

A Recognized Loss will be calculated for each share of Altria securities purchased or otherwise acquired during the Settlement Class Period. The calculation of Recognized Loss will depend upon several factors, including when the Altria securities were purchased or otherwise acquired during the Settlement Class Period, and in what amounts, and whether such securities were sold, and if sold, when it was sold, and for what amounts. The Recognized Loss is not intended to estimate the amount a Settlement Class Member might have been able to recover after a trial, nor to estimate the amount that will be paid to Authorized Claimants pursuant to the Settlement. The Recognized Loss is the basis upon which the Net Settlement Fund will be proportionately allocated to the Authorized Claimants. The Claims Administrator will use its best efforts to administer and distribute the Net Settlement Fund to the extent that it is equitably and economically feasible.

The Plan of Allocation was created with the assistance of a consulting damages expert and reflects the assumption that the alleged misstatements or omissions artificially inflated the price of Altria securities throughout the Settlement Class Period. The estimated alleged artificial inflation in the price of Altria securities during the Settlement Class Period is reflected in Table 1 below. The computation of the estimated alleged artificial inflation in the price of Altria securities during the Settlement Class Period is based on certain misrepresentations alleged by Plaintiffs and the price change in the security, net of market- and industry-wide factors, in reaction to the public announcements that allegedly corrected the misrepresentations alleged by Plaintiffs.

The U.S. federal securities laws allow investors to seek to recover losses caused by disclosures which corrected the defendants' previous misleading statements or omissions. Thus, in order to have recoverable damages, the corrective disclosure of

the allegedly misrepresented information must be the cause of the decline in the price or value of the Altria securities.  In this Action, Plaintiffs allege that Defendants made false statements and/or omitted material facts during the Settlement Class Period, which had the purported effect of artificially inflating the price of Altria securities.  Plaintiffs further allege that corrective disclosures removed artificial inflation from the price of Altria securities on March 19, 2019, June 21, 2019, August 29, 2019, November 19, 2019, January 30, 2020, February 24, 2020, and April 2, 2020 (the "Corrective Disclosure Dates").  Thus, in order for a Settlement Class Member to have a Recognized Loss under the Plan of Allocation, Altria securities must have been purchased or acquired during the Settlement Class Period and held through at least one of these Corrective Disclosure Dates.

| Table 1 Artificial Inflation in Altria Securities | | |
|---|---|---|
| From | To | Per-Share Price Inflation |
| October 25, 2018 | March 18, 2019 | $13.15 |
| March 19, 2019 | June 20, 2019 | $11.92 |
| June 21, 2019 | August 28, 2019 | $9.73 |
| August 29, 2019 | November 18, 2019 | $7.98 |
| November 19, 2019 | January 29, 2020 | $6.50 |
| January 30, 2020 | February 23, 2020 | $3.72 |
| February 24, 2020 | April 1, 2020 | $2.87 |
| April 2, 2020 | Thereafter | $0.00 |

The "90-day look-back" provision of the Private Securities Litigation Reform Act of 1995 ("PSLRA") is incorporated into the calculation of the Recognized Loss for Altria securities.  The limitations on the calculation of the Recognized Loss imposed by the PSLRA are applied such that losses on Altria securities purchased during the Settlement Class Period and held as of the close of the 90-day period subsequent to the Settlement Class Period (the "90-day look-back period") cannot exceed the difference between the purchase price paid for such securities and its average price during the 90-day look-back period.  The Recognized Loss on Altria securities purchased during the Settlement Class Period and sold during the 90-day look-back period cannot exceed the difference between the purchase price paid for such securities and its rolling average price during the portion of the 90-day look-back period elapsed as of the date of sale.

In the calculations below, all purchase and sale prices shall exclude any fees, taxes and commissions.  If a Recognized Loss amount is calculated to be a negative

number, that Recognized Loss shall be set to zero. Any transactions in Altria securities executed outside of regular trading hours for the U.S. financial markets shall be deemed to have occurred during the next regular trading session for the U.S. financial markets.

A Recognized Loss will be calculated as set forth below for each purchase or acquisition of Altria securities during the Settlement Class Period, that is listed in the Claim Form and for which adequate documentation is provided.

## Per-Share Recognized Loss Calculation

For each share of Altria securities purchased or otherwise acquired during the Settlement Class Period (*i.e.*, October 25, 2018 through April 1, 2020, inclusive), the Recognized Loss per share shall be calculated as follows:

i. For each share of Altria securities that was sold prior to March 19, 2019, the Recognized Loss per share is $0.00.

ii. For each share of Altria securities purchased during the Settlement Class Period that was subsequently sold during the period March 19, 2019 through April 1, 2020, both dates inclusive, the Recognized Loss per share is the amount of per-share price inflation on the date of purchase as appears in Table 1 above *minus* the amount of per-share price inflation on the date of sale as appears in Table 1.

iii. For each share of Altria securities purchased during the Settlement Class Period that was subsequently sold during the period April 2, 2020 through June 30, 2020, both dates inclusive (i.e., sold during the 90-day look-back period), the Recognized Loss per share is *the lesser of*:

  a. the amount of per-share price inflation on the date of purchase as appears in Table 1 above; or

  b. the purchase price *minus* the "90-Day Look-Back Value" on the date of sale provided in Table 2 below.

iv. For each share of Altria securities purchased during the Settlement Class Period and still held as of the close of trading on June 30, 2020, the Recognized Loss per share is *the lesser of*:

a. the amount of per-share price inflation on the date of purchase as appears in Table 1 above; or

b. the purchase price *minus* the average closing price of Altria securities during the 90-day look-back period, which is $39.04.

v. For each share of Altria securities purchased after April 1, 2020, the Recognized Loss per share is $0.

| Table 2 90-Day Look-Back Value | | | | | |
|---|---|---|---|---|---|
| Sale / Disposition Date | 90-Day Look-Back Value | Sale / Disposition Date | 90-Day Look-Back Value | Sale / Disposition Date | 90-Day Look-Back Value |
| 4/2/2020 | $36.22 | 5/4/2020 | $39.26 | 6/3/2020 | $38.41 |
| 4/3/2020 | $36.82 | 5/5/2020 | $39.15 | 6/4/2020 | $38.47 |
| 4/6/2020 | $36.97 | 5/6/2020 | $39.01 | 6/5/2020 | $38.54 |
| 4/7/2020 | $37.35 | 5/7/2020 | $38.86 | 6/8/2020 | $38.64 |
| 4/8/2020 | $37.90 | 5/8/2020 | $38.77 | 6/9/2020 | $38.71 |
| 4/9/2020 | $38.41 | 5/11/2020 | $38.69 | 6/10/2020 | $38.78 |
| 4/13/2020 | $38.70 | 5/12/2020 | $38.59 | 6/11/2020 | $38.79 |
| 4/14/2020 | $39.12 | 5/13/2020 | $38.52 | 6/12/2020 | $38.79 |
| 4/15/2020 | $39.32 | 5/14/2020 | $38.44 | 6/15/2020 | $38.82 |
| 4/16/2020 | $39.43 | 5/15/2020 | $38.38 | 6/16/2020 | $38.87 |
| 4/17/2020 | $39.56 | 5/18/2020 | $38.36 | 6/17/2020 | $38.91 |
| 4/20/2020 | $39.52 | 5/19/2020 | $38.32 | 6/18/2020 | $38.95 |
| 4/21/2020 | $39.38 | 5/20/2020 | $38.30 | 6/19/2020 | $38.98 |
| 4/22/2020 | $39.27 | 5/21/2020 | $38.28 | 6/22/2020 | $39.00 |
| 4/23/2020 | $39.22 | 5/22/2020 | $38.27 | 6/23/2020 | $39.03 |
| 4/24/2020 | $39.23 | 5/26/2020 | $38.27 | 6/24/2020 | $39.03 |
| 4/27/2020 | $39.26 | 5/27/2020 | $38.29 | 6/25/2020 | $39.04 |
| 4/28/2020 | $39.34 | 5/28/2020 | $38.30 | 6/26/2020 | $39.03 |
| 4/29/2020 | $39.40 | 5/29/2020 | $38.32 | 6/29/2020 | $39.03 |
| 4/30/2020 | $39.39 | 6/1/2020 | $38.34 | 6/30/2020 | $39.04 |
| 5/1/2020 | $39.32 | 6/2/2020 | $38.37 | | |

## INSTRUCTIONS APPLICABLE TO ALL CLAIMANTS

The payment you receive will reflect your proportionate share of the Net Settlement Fund.  Such payment will depend on the number of eligible shares that participate in the Settlement, and when those shares were purchased and sold.  The number of claimants who send in claims varies widely from case to case.

A purchase or sale of Altria securities shall be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date.

Acquisition by Gift, Inheritance, or Operation of Law: If a Settlement Class Member acquired Altria securities during the Settlement Class Period by way of gift, inheritance or operation of law, such a claim will be computed by using the date and price of the original purchase and not the date and price of transfer.  To the extent that Altria securities were originally purchased prior to commencement of the Settlement Class Period, the Recognized Loss for that acquisition shall be deemed to be zero ($0.00).

Notwithstanding any of the above, receipt of Altria securities during the Settlement Class Period in exchange for securities of any other corporation or entity shall not be deemed a purchase or sale of Altria securities.

The first-in-first-out ("FIFO") basis will be applied to purchases and sales.  Sales will be matched in chronological order, by trade date, first against Altria securities held as of the close of trading on October 24, 2018 (the last day before the Settlement Class Period begins) and then against the purchases of Altria securities during the Settlement Class Period.

The date of covering a "short sale" is deemed to be the date of purchase of shares.  The date of a "short sale" is deemed to be the date of sale of shares.  In accordance with the Plan of Allocation, however, the Recognized Loss on "short sales" is zero.  In the event that a claimant has an opening short position in Altria securities, the earliest Settlement Class Period purchases shall be matched against such opening short position and not be entitled to a recovery until that short position is fully covered.

With respect to Altria securities purchased through the exercise of a call or put option,[3] the purchase date of Altria securities shall be the exercise date of the option and the purchase price shall be the closing price of Altria securities on the exercise date. Any Recognized Loss arising from purchases of Altria securities acquired during the Settlement Class Period through the exercise of an option on Altria securities shall be computed as provided for other purchases of Altria securities in the Plan of Allocation.

Payment according to the Plan of Allocation will be deemed conclusive against all Authorized Claimants. A Recognized Loss will be calculated as defined herein and cannot be less than zero. The Claims Administrator shall allocate to each Authorized Claimant a pro rata share of the Net Settlement Fund based on the sum of his, her, or its Recognized Losses as compared to the total Recognized Losses of all Authorized Claimants. No distribution will be made to Authorized Claimants who would otherwise receive a distribution of less than $10.00.

Settlement Class Members who do not submit an acceptable Proof of Claim will not share in the Settlement proceeds. The Settlement Stipulation and the Order and Final Judgment dismissing this Action will nevertheless bind Settlement Class Members who do not submit a request for exclusion or submit an acceptable Proof of Claim.

Please contact the Claims Administrator or Lead Counsel if you disagree with any determinations made by the Claims Administrator regarding your Proof of Claim. If you are unsatisfied with the determinations, you may ask the Court, which retains jurisdiction over all Settlement Class Members and the claims-administration process, to decide the issue by submitting a written request.

Defendants, their respective counsel, and all other Released Persons will have no responsibility or liability whatsoever for the investment of the Settlement Fund, the distribution of the Net Settlement Fund, the Plan of Allocation, or the payment of any claim. Lead Plaintiff and Lead Counsel likewise will have no liability for their reasonable efforts to execute, administer, and distribute the Settlement.

Distributions will be made to Authorized Claimants after all claims have been processed and after the Court has finally approved the Settlement. If any funds remain in the Net Settlement Fund by reason of uncashed distribution checks or

---

[3] Including (1) purchases of Altria securities as the result of the exercise of a call option, and (2) purchases of Altria securities by the seller of a put option as a result of the buyer of such put option exercising that put option.

{00471512;1 }                                    29

otherwise, then, after the Claims Administrator has made reasonable and diligent efforts to have Settlement Class Members who are entitled to participate in the distribution of the Net Settlement Fund cash their distributions, any balance remaining in the Net Settlement Fund after at least six (6) months after the initial distribution of such funds will be used in the following fashion: (i) first, to pay any amounts mistakenly omitted from the initial disbursement; (ii) second, to pay any additional settlement administration fees, costs, and expenses, including those of Lead Counsel as may be approved by the Court; and (c) finally, to make a second distribution to claimants who cashed their checks from the initial distribution and who would receive at least $10.00, after payment of the estimated costs, expenses, or fees to be incurred in administering the Net Settlement Fund and in making this second distribution, if such second distribution is economically feasible.

EXHIBIT A-3

*Altria Group Inc Securities Litigation Settlement*
**c/o Epiq Class Action & Claims Solutions, Inc.**
**PO Box 6935**
**Portland, OR 97228-6935**

**Toll-Free Number:  1-855-604-1694**
**E-mail:  info@AltriaGroupIncSecuritiesLitigation.com**
**Website:  www.AltriaGroupIncSecuritiesLitigation.com**

## PROOF OF CLAIM AND RELEASE FORM

TO BE ELIGIBLE TO RECEIVE A SHARE OF THE NET SETTLEMENT FUND IN CONNECTION WITH THE PROPOSED SETTLEMENT, YOU MUST COMPLETE AND SIGN THIS PROOF OF CLAIM AND RELEASE FORM ("CLAIM FORM") AND MAIL IT BY PREPAID, FIRST-CLASS MAIL TO THE ABOVE ADDRESS, OR SUBMIT IT ONLINE AT WWW.ALTRIAGROUPINCSECURITIESLITIGATION.COM, **POSTMARKED (OR RECEIVED) NO LATER THAN _____, 2022**.

FAILURE TO SUBMIT YOUR CLAIM FORM BY THE DATE SPECIFIED WILL SUBJECT YOUR CLAIM TO REJECTION AND MAY PRECLUDE YOU FROM BEING ELIGIBLE TO RECOVER ANY MONEY IN CONNECTION WITH THE PROPOSED SETTLEMENT.

**DO NOT MAIL OR DELIVER YOUR CLAIM FORM TO THE COURT, THE PARTIES TO THE ACTION, OR THEIR COUNSEL.  SUBMIT YOUR CLAIM FORM ONLY TO THE CLAIMS ADMINISTRATOR AT THE ADDRESS SET FORTH ABOVE, OR ONLINE AT WWW.ALTRIAGROUPINCSECURITIESLITIGATION.COM.**

| TABLE OF CONTENTS | PAGE # |
|---|---|
| **PART I – GENERAL INSTRUCTIONS** | ___ |
| **PART II – CLAIMANT INFORMATION** | ___ |
| **PART III – SCHEDULE OF TRANSACTIONS IN ALTRIA SECURITIES** | ___ |
| **PART IV – RELEASE OF CLAIMS AND SIGNATURE** | ___ |

{00471515;1 }

# PART I – GENERAL INSTRUCTIONS

1.      It is important that you completely read and understand the Notice of (I) Proposed Settlement; (II) Motion for an Award of Attorneys' Fees and Litigation Expenses; and (III) Settlement Fairness Hearing ("Notice") that accompanies this Claim Form, including the proposed Plan of Allocation set forth in the Notice ("Plan of Allocation").  The Notice describes the proposed Settlement, how Settlement Class Members are affected by the Settlement, and the manner in which the Net Settlement Fund will be distributed if the Settlement and Plan of Allocation are approved by the Court.  The Notice also contains the definitions of many of the defined terms (indicated by initial capital letters) used in this Claim Form.  By signing and submitting this Claim Form, you will be certifying that you have read and that you understand the Notice, including the terms of the Releases described therein and provided for herein.

2.      This Claim Form is directed to all persons and entities who purchased or otherwise acquired Altria securities between October 25, 2018 and April 1, 2020, both dates inclusive ("Settlement Class Period").  Certain persons and entities are excluded from the Settlement Class by definition as set forth in ¶ 12 of the Notice.

3.      By submitting this Claim Form, you will be making a request to share in the proceeds of the Settlement described in the Notice.  IF YOU ARE NOT A SETTLEMENT CLASS MEMBER (*see* definition of Settlement Class contained in ¶ 12 of the Notice, which sets forth who is included in and who is excluded from the Settlement Class), OR IF YOU SUBMITTED A REQUEST FOR EXCLUSION FROM THE SETTLEMENT CLASS, DO NOT SUBMIT A CLAIM FORM. **YOU MAY NOT, DIRECTLY OR INDIRECTLY, PARTICIPATE IN THE SETTLEMENT.**  THUS, IF YOU ARE EXCLUDED FROM THE SETTLEMENT CLASS, ANY CLAIM FORM THAT YOU SUBMIT, OR THAT MAY BE SUBMITTED ON YOUR BEHALF, WILL NOT BE ACCEPTED.

4.      **Submission of this Claim Form does not guarantee that you will share in the proceeds of the Settlement.  The distribution of the Net Settlement Fund will be governed by the Plan of Allocation set forth in the Notice, if it is approved by the Court, or by such other plan of allocation as the Court approves.**

5.      Use the Schedule of Transactions in Part III of this Claim Form to supply all required details of your transaction(s) (including free transfers and deliveries) in and holdings of Altria securities.  On this schedule, please provide all of the requested transaction information, whether such transactions resulted in a profit or a loss.  **Failure to report all transaction and holding information during the requested time period may result in the rejection of your claim.**

{00471515;1 }                              Page 2

6.    **Please note:**    Only the publicly traded shares of Altria securities during the Settlement Class Period (*i.e.*, between October 25, 2018 and April 1, 2020, both dates inclusive) is eligible under the Settlement.  However, under the "90-day look-back period" (described in the Plan of Allocation set forth in the Notice), your sales of Altria securities during the period from April 2, 2020 through and including the close of trading on June 30, 2020, will be used for purposes of calculating loss amounts under the Plan of Allocation.  Therefore, in order for the Claims Administrator to be able to balance your claim, the requested transaction information during the 90-day look-back period must also be provided.  **Failure to report all transaction and holding information during the requested time period may result in the rejection of your claim.**

7.    You are required to submit genuine and sufficient documentation for all of your transactions in and holdings of Altria securities set forth in the Schedule of Transactions in Part III of this Claim Form.  The documentation submitted must show that the claimed Altria securities were purchased or otherwise acquired on a U.S. Exchange or in a transaction in the United States.  Documentation may consist of copies of brokerage confirmation slips or monthly brokerage account statements, or an authorized statement from your broker containing the transactional and holding information found in a broker confirmation slip or account statement.  The Parties and the Claims Administrator do not independently have information about your investments in Altria securities.  IF SUCH DOCUMENTS ARE NOT IN YOUR POSSESSION, PLEASE OBTAIN COPIES OF THE DOCUMENTS OR EQUIVALENT DOCUMENTS FROM YOUR BROKER.  FAILURE TO SUPPLY THIS DOCUMENTATION MAY RESULT IN THE REJECTION OF YOUR CLAIM.  DO NOT SEND ORIGINAL DOCUMENTS.  **Please keep a copy of all documents that you send to the Claims Administrator.  Also, do not highlight any portion of the Claim Form or any supporting documents.**

8.    All joint beneficial owners each must sign this Claim Form and their names must appear as "Claimants" in Part II of this Claim Form.  The complete name(s) of the beneficial owner(s) must be entered.  If you purchased or otherwise acquired Altria securities during the Settlement Class Period and held the shares in your name, you are the beneficial owner as well as the record owner.  If you purchased or otherwise acquired Altria securities during the Settlement Class Period and the shares were registered in the name of a third party, such as a nominee or brokerage firm, you are the beneficial owner of these shares, but the third party is the record owner.  The beneficial owner, not the record owner, must sign this Claim Form.

9.    **One Claim should be submitted for each separate legal entity**.  Separate Claim Forms should be submitted for each separate legal entity (*e.g.*, a claim from joint owners should not include separate transactions of just one of the joint owners, and an individual should not combine his or her IRA transactions with transactions made solely in the individual's name).

Conversely, a single Claim Form should be submitted on behalf of one legal entity including all transactions made by that entity on one Claim Form, no matter how many separate accounts that entity has (*e.g.*, a corporation with multiple brokerage accounts should include all transactions made in all accounts on one Claim Form).

10.    Agents, executors, administrators, guardians, and trustees must complete and sign the Claim Form on behalf of persons represented by them, and they must:

(a)    expressly state the capacity in which they are acting;

(b)    identify the name, account number, last four digits of the Social Security Number (or taxpayer identification number), address, and telephone number of the beneficial owner of (or other person or entity on whose behalf they are acting with respect to) the Altria securities; and

(c)    furnish herewith evidence of their authority to bind to the Claim Form the person or entity on whose behalf they are acting. (Authority to complete and sign a Claim Form cannot be established by stockbrokers demonstrating only that they have discretionary authority to trade securities in another person's accounts.)

11.    By submitting a signed Claim Form, you will be swearing that you:

(a)    own(ed) the Altria securities you have listed in the Claim Form; or

(b)    are expressly authorized to act on behalf of the owner thereof.

12.    By submitting a signed Claim Form, you will be swearing to the truth of the statements contained therein and the genuineness of the documents attached thereto, subject to penalties of perjury under the laws of the United States of America. The making of false statements, or the submission of forged or fraudulent documentation, will result in the rejection of your claim and may subject you to civil liability or criminal prosecution.

13.    If the Court approves the Settlement, payments to eligible Authorized Claimants pursuant to the Plan of Allocation (or such other plan of allocation as the Court approves) will be made after any appeals are resolved, and after the completion of all claims processing. The claims process will take substantial time to complete fully and fairly. Please be patient.

14.    **PLEASE NOTE:** As set forth in the Plan of Allocation, each Authorized Claimant shall receive his, her, or its *pro rata* share of the Net Settlement Fund. If the prorated payment to any Authorized Claimant calculates to less than $10.00, it will not be included in the calculation and no distribution will be made to that Authorized Claimant.

15. If you have questions concerning the Claim Form, or need additional copies of the Claim Form or the Notice, you may contact the Claims Administrator, Epiq Class Action & Claims Solutions, Inc., at the above address, by e-mail at info@AltriaGroupIncSecuritiesLitigation.com, or by toll-free phone at 1-855-604-1694, or you can visit the website maintained by the Claims Administrator, www.AltriaGroupIncSecuritiesLitigation.com, where copies of the Claim Form and Notice are available for downloading.

16. NOTICE REGARDING ELECTRONIC FILES: Certain claimants with large numbers of transactions may request, or may be requested, to submit information regarding their transactions in electronic files. To obtain the *mandatory* electronic filing requirements and file layout, you may visit the website for the Settlement, www.AltriaGroupIncSecuritiesLitigation.com, or you may e-mail the Claims Administrator's electronic filing department at info@AltriaGroupIncSecuritiesLitigation.com. **Any file that is not in accordance with the required electronic filing format will be subject to rejection.** Only one claim should be submitted for each separate legal entity (*see* ¶ 9 above) and the *complete* name of the beneficial owner of the securities must be entered where called for (*see* ¶ 8 above). No electronic files will be considered to have been properly submitted unless the Claims Administrator issues an e-mail to that effect. **Do not assume that your file has been received until you receive this e-mail. If you do not receive such an e-mail within ten (10) days of your submission, you should contact the Claims Administrator's electronic filing department at** info@AltriaGroupIncSecuritiesLitigation.com **to inquire about your file and confirm it was received.**

IMPORTANT PLEASE NOTE: YOUR CLAIM IS NOT DEEMED FILED UNTIL YOU RECEIVE AN ACKNOWLEDGEMENT POSTCARD. THE CLAIMS ADMINISTRATOR WILL ACKNOWLEDGE RECEIPT OF YOUR CLAIM FORM BY MAIL WITHIN SIXTY (60) DAYS. IF YOU DO NOT RECEIVE AN ACKNOWLEDGEMENT POSTCARD WITHIN SIXTY (60) DAYS, CALL THE CLAIMS ADMINISTRATOR TOLL FREE AT 1-855-604-1694.

## PART II – CLAIMANT IDENTIFICATION

**Please complete this PART II in its entirety. The Claims Administrator will use this information for all communications regarding this Claim Form. If this information changes, you MUST notify the Claims Administrator in writing at the address above.**

Beneficial Owner's First Name          Beneficial Owner's Last Name

Co-Beneficial Owner's First Name       Co-Beneficial Owner's Last Name

Entity Name (if Beneficial Owner is not an individual)

Representative or Custodian Name (if different from Beneficial Owner(s) listed above)

Address1 (street name and number)

Address2 (apartment, unit or box number)

City                                                    State    Zip Code

Country

Last four digits of Social Security Number or Taxpayer Identification Number

Telephone Number (home)                 Telephone Number (work)

E-mail address (E-mail address is not required, but if you provide it you authorize the Claims Administrator to use it in providing you with information relevant to this claim.)

Account Number (where securities were traded)[1]:

Claimant Account Type (check appropriate box)
- ☐ Individual (includes joint owner accounts)    ☐ Pension Plan    ☐ Trust
- ☐ Corporation                                    ☐ Estate

---

[1] If the account number is unknown, you may leave blank. If filing for more than one account for the same legal entity you may write "multiple." Please see ¶ 9 of the General Instructions above for more information on when to file separate Claim Forms for multiple accounts.

☐   IRA/401K                 ☐  Other _____ (please specify)

## PART III – SCHEDULE OF TRANSACTIONS IN ALTRIA SECURITIES

Complete this Part III if and only if you purchased or otherwise acquired Altria securities during the period between October 25, 2018 and April 1, 2020, both dates inclusive. Please be sure to include proper documentation with your Claim Form as described in detail in Part II – General Instructions, ¶ 7, above. Do not include information regarding securities other than Altria securities.

| 1. **HOLDINGS AS OF OCTOBER 25, 2018** – State the total number of shares of Altria securities held as of the opening of trading on October 25, 2018. (Must be documented.) If none, write "zero" or "0." _____ | Confirm Proof of Position Enclosed ○ |
|---|---|

**2. PURCHASES/ACQUISITIONS FROM OCTOBER 25, 2018 THROUGH JUNE 30, 2020, BOTH DATES INCLUSIVE** – Separately list each and every purchase/acquisition (including free receipts) of Altria securities from after the opening of trading on October 25, 2018 through and including the close of trading on June 30, 2020. (Must be documented.) (Please note, purchases during the 90-day period from April 2, 2020 through June 30, 2020 will be used to balance your claim only.)

| Date of Purchase/ Acquisition (List Chronologically) (Month/Day/Year) | Number of Shares Purchased/ Acquired | Purchase/ Acquisition Price Per Share | Total Purchase/ Acquisition Price (excluding taxes, commissions, and fees) | Confirm Proof of Purchase/ Acquisition Enclosed |
|---|---|---|---|---|
| /    / | | $ | $ | ○ |
| /    / | | $ | $ | ○ |
| /    / | | $ | $ | ○ |
| /    / | | $ | $ | ○ |
| /    / | | $ | $ | ○ |

**3. SALES FROM OCTOBER 25, 2018 THROUGH JUNE 30, 2020, BOTH DATES INCLUSIVE** – Separately list each and every sale/disposition (including free deliveries) of Altria securities from after the opening of trading on October 25, 2018 through and including the close of trading on June 30, 2020. (Must be documented.)   **IF NONE, CHECK HERE** ○

| Date of Sale (List Chronologically) (Month/Day/Year) | Number of Shares Sold | Sale Price Per Share | Total Sale Price (excluding taxes, commissions, and fees) | Confirm Proof of Sale Enclosed |
|---|---|---|---|---|
| /    / | | $ | $ | ○ |
| /    / | | $ | $ | ○ |

| / / | | $ | $ | ○ |
|---|---|---|---|---|
| / / | | $ | $ | ○ |
| / / | | $ | $ | ○ |

| **4. HOLDINGS AS OF JUNE 30, 2020 –** State the total number of shares of Altria securities held as of the close of trading on June 30, 2020.  (Must be documented.)  If none, write "zero" or "0." _____ | Confirm Proof of Position Enclosed ○ |
|---|---|

**IF YOU REQUIRE ADDITIONAL SPACE FOR THE SCHEDULE ABOVE, ATTACH EXTRA SCHEDULES IN THE SAME FORMAT.  PRINT THE BENEFICIAL OWNER'S FULL NAME AND LAST FOUR DIGITS OF SOCIAL SECURITY/TAXPAYER IDENTIFICATION NUMBER ON EACH ADDITIONAL PAGE.  IF YOU DO ATTACH EXTRA SCHEDULES, CHECK THIS BOX**

## PART IV - RELEASE OF CLAIMS AND SIGNATURE

## YOU MUST ALSO READ THE RELEASE AND CERTIFICATION BELOW AND SIGN ON PAGE __ OF THIS CLAIM FORM.

I (we) hereby acknowledge that, pursuant to the terms set forth in the Stipulation, without further action by anyone, upon the Effective Date of the Settlement, I (we), on behalf of myself (ourselves) and my (our) heirs, executors, administrators, predecessors, successors, and assigns, in their capacities as such, and on behalf of any other person or entity legally entitled to bring Released Plaintiffs' Claims on behalf of any Settlement Class member, shall be deemed to have, and by operation of law and of the Judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, discharged, and dismissed with prejudice each and every one of the Released Plaintiffs' Claim (including, without limitation, any Unknown Claims) against any and all of the Defendants' Releasees, and shall forever be barred and enjoined, to the fullest extent permitted by law, from commencing, instituting, maintaining, prosecuting or continuing to prosecute any or all of the Released Plaintiffs' Claims against any of the Defendants' Releasees, in this Action or in any other proceeding.  This Release shall not apply to any Excluded Plaintiffs' Claims.

## CERTIFICATION

By signing and submitting this Claim Form, the claimant(s) or the person(s) who represent(s) the claimant(s) agree(s) to the release above and certifies (certify) as follows:

1.     that I (we) have read and understand the contents of the Notice and this Claim Form, including the Releases provided for in the Settlement and the terms of the Plan of Allocation;

2.     that the claimant(s) is a (are) Settlement Class Member(s), as defined in the Notice, and is (are) not excluded by definition from the Settlement Class as set forth in the Notice;

3.     that the claimant has **not** submitted a request for exclusion from the Settlement Class;

4.     that I (we) own(ed) the Altria securities identified in the Claim Form and have not assigned the claim against Defendants or any of the other Defendants' Releasees to another, or that, in signing and submitting this Claim Form, I (we) have the authority to act on behalf of the owner(s) thereof;

5.     that the claimant(s) has (have) not submitted any other claim covering the same purchases/acquisitions of Altria securities and knows (know) of no other person having done so on the claimant's (claimants') behalf;

6.  that the claimant(s) submit(s) to the jurisdiction of the Court with respect to claimant's (claimants') claim and for purposes of enforcing the Releases set forth herein;

7.  that I (we) agree to furnish such additional information with respect to this Claim Form as Lead Counsel, the Claims Administrator, or the Court may require;

8.  that the claimant(s) waive(s) the right to trial by jury, to the extent it exists, agree(s) to the determination by the Court of the validity or amount of this Claim and waives any right of appeal or review with respect to such determination;

9.  that I (we) acknowledge that the claimant(s) will be bound by and subject to the terms of any judgment(s) that may be entered in the Action; and

10.  that the claimant(s) is (are) NOT subject to backup withholding under the provisions of Section 3406(a)(1)(C) of the Internal Revenue Code because (a) the claimant(s) is (are) exempt from backup withholding or (b) the claimant(s) has (have) not been notified by the IRS that he/she/it is subject to backup withholding as a result of a failure to report all interest or dividends or (c) the IRS has notified the claimant(s) that he/she/it is no longer subject to backup withholding. **If the IRS has notified the claimant(s) that he/she/it is subject to backup withholding, please strike out the language in the preceding sentence indicating that the claim is not subject to backup withholding in the certification above.**

UNDER THE PENALTIES OF PERJURY, I (WE) CERTIFY THAT ALL OF THE INFORMATION PROVIDED BY ME (US) ON THIS CLAIM FORM IS TRUE, CORRECT, AND COMPLETE, AND THAT THE DOCUMENTS SUBMITTED HEREWITH ARE TRUE AND CORRECT COPIES OF WHAT THEY PURPORT TO BE.

_____
Signature of claimant                                                                                              Date

_____
Print claimant name here

_____
Signature of joint claimant, if any                                                                       Date

_____
Print joint claimant name here

{00471515;1 }                                   Page 11

*If the claimant is other than an individual, or is not the person completing this form, the following also must be provided:*

_____
Signature of person signing on behalf of claimant                                    Date


_____
Print name of person signing on behalf of claimant here


_____
Capacity of person signing on behalf of claimant, if other than an individual, *e.g.*, executor, president, trustee, custodian, etc.  (Must provide evidence of authority to act on behalf of claimant – *see* ¶ 10 on page __ of this Claim Form.)

## REMINDER CHECKLIST

1. Sign the above release and certification.  If this Claim Form is being made on behalf of joint claimants, then both must sign.

2. Attach only **copies** of acceptable supporting documentation as these documents will not be returned to you.

3. Do not highlight any portion of the Claim Form or any supporting documents.

4. Keep copies of the completed Claim Form and documentation for your own records.

5. The Claims Administrator will acknowledge receipt of your Claim Form by mail, within sixty (60) days.  Your claim is not deemed filed until you receive an acknowledgement postcard.  **If you do not receive an acknowledgement postcard within sixty (60) days, please call the Claims Administrator toll-free at 1-855-604-1694.**

6. If your address changes in the future, or if this Claim Form was sent to an old or incorrect address, you must send the Claims Administrator written notification of your new address. If you change your name, inform the Claims Administrator.

7. If you have any questions or concerns regarding your claim, please contact the Claims Administrator at the address below, by e-mail at info@AltriaGroupIncSecuritiesLitigation.com, or by toll-free phone at 1-855-604-1694 or you may visit www.AltriaGroupIncSecuritiesLitigation.com.  DO NOT call the Court, Defendants, or Defendants' Counsel with questions regarding your claim.

THIS CLAIM FORM MUST BE MAILED TO THE CLAIMS ADMINISTRATOR BY FIRST-CLASS MAIL, OR SUBMITTED ONLINE AT WWW.ALTRIAGROUPINCSECURITITESLITIGATION.COM, **POSTMARKED (OR RECEIVED) NO LATER THAN _____, 2022.**  IF MAILED, THE CLAIM FORM SHOULD BE ADDRESSED AS FOLLOWS:

*Altria Group Inc Securities Litigation Settlement*
c/o Epiq Class Action & Claims Solutions, Inc.
PO Box 6935
Portland, OR 97228-6935

If mailed, a Claim Form received by the Claims Administrator shall be deemed to have been submitted when posted, if a postmark date on or before _____, 2022, is indicated on the envelope and it is mailed First Class, and addressed in accordance with the above instructions.  In all other cases, a Claim Form shall be deemed to have been submitted when actually received by the Claims Administrator.

You should be aware that it will take a significant amount of time to fully process all of the Claim Forms.  Please be patient and notify the Claims Administrator of any change of address.

**EXHIBIT A-4**

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF VIRGINIA
### (Richmond Division)

| | |
|---|---|
| GABBY KLEIN, et al., Individually and on Behalf of All Others Similarly Situated, | ) Civil Action No. 3:20-cv-00075-DJN <br> ) <br> ) <br> ) <u>CLASS ACTION</u> |
| Plaintiffs, | ) |
| | ) |
| vs. | ) |
| | ) |
| ALTRIA GROUP, et al., | ) |
| | ) |
| Defendants. | ) |

## SUMMARY NOTICE OF (I) PROPOSED SETTLEMENT; (II) MOTION FOR AN AWARD OF ATTORNEYS' FEES AND LITIGATION EXPENSES; AND (III) SETTLEMENT FAIRNESS HEARING

**TO:** **All persons and entities who purchased or otherwise acquired Altria securities between October 25, 2018 and April 1, 2020, both dates inclusive (the "Settlement Class").**

Certain persons and entities are excluded from the Settlement Class as set forth in detail in the Stipulation and Agreement of Settlement dated December 9, 2021 ("Stipulation") and the Notice described below.

**PLEASE READ THIS NOTICE CAREFULLY; IF YOU ARE A MEMBER OF THE SETTLMENT CLASS, YOUR RIGHTS WILL BE AFFECTED BY A CLASS ACTION LAWSUIT PENDING IN THIS COURT, AND YOU MAY BE ENTITLED TO SHARE IN THE SETTLEMENT.**

**ADDITIONAL INFORMATION ABOUT THE SETTLEMENT IS AVAILABLE ON THE SETTLEMENT WEBSITE, <u>WWW.ALTRIAGROUPINCSECURITIESLITIGATION.COM</u>.**

YOU ARE HEREBY NOTIFIED, pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the Eastern District of Virginia, Richmond Division ("Court"), that the Parties to the above-captioned Action ("Action") have reached a proposed settlement for $90 million in cash ("Settlement"), that, if approved, will resolve all claims in the Action. A hearing will be held on March 31, 2022 at 12:00 p.m., before the Honorable David J. Novak at the United States District Court for the Eastern District of Virginia, Spottswood W. Robinson III and Robert R. Merhige, Jr., Federal Courthouse, 701 East Broad Street, Richmond, VA 23219, to determine: (i) whether the proposed Settlement should be approved as fair, reasonable, and adequate; (ii) whether the Action should be dismissed with prejudice against Defendants, and the releases specified and described in the Stipulation (and in the Notice described below) should be entered; (iii) whether the proposed Plan of Allocation should be approved as fair and reasonable; and (iv) whether Lead Counsel's application for an award of attorneys' fees and expenses should be approved.

**If you are a member of the Settlement Class, your rights will be affected by the pending Action and the Settlement, and you may be entitled to share in the Settlement Fund**. If you have not yet received the detailed Notice of (I) Proposed Settlement; (II) Motion for an Award of Attorneys' Fees and Litigation Expenses; and (III) Settlement Fairness Hearing ("Notice") and Claim Form, you may obtain copies of these documents by contacting the Claims Administrator at *Altria Group Inc Securities Litigation Settlement*, c/o Epiq Class Action & Claims Solutions, Inc., P.O. Box 6935, Portland, OR 97228-6935; 1-855-604-1694; info@AltriaGroupIncSecuritiesLitigation.com. Copies of the Notice and Claim Form can also be downloaded from the website maintained by the Claims Administrator, www.AltriaGroupIncSecuritiesLitigation.com.

If you are a member of the Settlement Class, in order to be eligible to receive a payment under the proposed Settlement, you must submit a Claim Form *postmarked (if mailed), or online,* **no later than _____, 2022**, in accordance with the instructions set forth in the Claim Form. If you are a Settlement Class Member and do not submit a proper Claim Form, you will not be eligible to share in the distribution of the net proceeds of the Settlement but you will nevertheless be bound by any releases, judgments or orders entered by the Court in the Action.

If you are a member of the Settlement Class and wish to exclude yourself from the Settlement Class, you must submit a request for exclusion such that it is **received no later than _____, 2022**, in accordance with the instructions set forth in the Notice. If you properly exclude yourself from the Settlement Class, you

-2-

will not be bound by any releases, judgments or orders entered by the Court in the Action and you will not be eligible to share in the net proceeds of the Settlement. Excluding yourself is the only option that allows you to be part of any other current or future lawsuit against Defendants or any of the other released parties concerning the claims being resolved by the Settlement. Please note, however, if you decide to exclude yourself from the Settlement Class, you may be time-barred from asserting the claims covered by the Action by a statute of repose.

Any objections to the proposed Settlement, the proposed Plan of Allocation, or Lead Counsel's motion for attorneys' fees and expenses must be filed with the Court and delivered to Lead Counsel and Defendants' Counsel such that they are *received* **no later than _____, 2022**, in accordance with the instructions set forth in the Notice.

**PLEASE DO NOT CONTACT THE COURT, THE CLERK'S OFFICE, DEFENDANTS OR THEIR COUNSEL REGARDING THIS NOTICE.** All questions about this notice, the Settlement, or your eligibility to participate in the Settlement should be directed to Lead Counsel or the Claims Administrator.

Requests for the Notice and Claim Form should be made to:

### Claims Administrator

*Altria Group Inc Securities Litigation Settlement*
c/o Epiq Class Action & Claims Solutions, Inc.
P.O. Box 6935
Portland, OR 97228-6935
info@AltriaGroupIncSecuritiesLitigation.com
www.AltriaGroupIncSecuritiesLitigation.com

Inquiries, other than requests for the Notice and Claim Form, may be made to Lead Counsel:

### Lead Counsel

| | |
|---|---|
| Jeremy A. Lieberman | David A. Rosenfeld |
| Pomerantz LLP | Robbins Geller Rudman & Dowd LLP |
| 600 Third Avenue, Floor 20 | 58 South Service Road, Suite 200 |
| New York, New York 10016 | Melville, NY 11747 |
| 1-212-661-1100 | 1-631-367-7100 |

-3-

Case 3:20-cv-00075-DJN   Document 297-1   Filed 12/09/21   Page 143 of 158 PageID# 8706

jalieberman@pomlaw.com                    drosenfeld@rgrdlaw.com


DATED: _____, 2021                  BY ORDER OF THE COURT
                                          United States District Court
                                          for the Eastern District of Virginia,
                                          Richmond Division

-4-

**EXHIBIT B**

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF VIRGINIA
## (Richmond Division)

| | |
|---|---|
| GABBY KLEIN, et al., Individually and on Behalf of All Others Similarly Situated,<br><br>                          Plaintiffs,<br><br>          vs.<br><br>ALTRIA GROUP, et al.,<br><br>                          Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No. 3:20-cv-00075-DJN<br><br>CLASS ACTION |

## [PROPOSED] JUDGMENT APPROVING CLASS ACTION SETTLEMENT

WHEREAS, a securities class action is pending in this Court entitled *Klein v. Altria Group, Inc., et al.*, No. 3:20-cv-00075-DJN (the "Action");

WHEREAS, Lead Plaintiffs Donald and Sarah Sherbondy and Construction Laborers Pension Trust of Greater St. Louis ("Plaintiffs"), on behalf of themselves and the other members of the Settlement Class (as defined below), and Defendants Altria Group, Inc. ("Altria"), JUUL Labs, Inc. ("JLI"), Howard A. Willard III, William F. Gifford, Jr., Adam Bowen, James Monsees, Kevin Burns, and K.C. Crosthwaite (collectively, the "Defendants," and, together with Plaintiffs, on behalf of themselves and the other members of the Settlement Class, the "Parties") have entered into the Stipulation and Agreement of Settlement dated December 9, 2021 (the "Stipulation"), that provides for a complete dismissal with prejudice of the

{00471508;1 }

claims asserted against Defendants in the Action on the terms and conditions set forth in the Stipulation, subject to the approval of this Court (the "Settlement");

WHEREAS, unless otherwise defined in this Judgment, the capitalized terms used herein shall have the same meanings as they have in the Stipulation;

WHEREAS, by Order dated _____ __, 2021 (the "Preliminary Approval Order"), this Court: (a) preliminarily approved the Settlement; (b) preliminarily certified the Settlement Class for purposes of this Settlement only; (c) directed that notice of the proposed Settlement be provided to Settlement Class Members; (d) provided Settlement Class Members with the opportunity either to exclude themselves from the Settlement Class or to object to the Settlement; and (e) scheduled a hearing regarding final approval of the Settlement;

WHEREAS, due and adequate notice has been given to the Settlement Class;

WHEREAS, the Court conducted a hearing on _____ __, 2022 (the "Settlement Fairness Hearing") to consider, among other things, (a) whether the terms and conditions of the Settlement are fair, reasonable, and adequate to the Settlement Class, and should therefore be approved; and (b) whether a judgment should be entered dismissing the Action with prejudice as against the Defendants; and

WHEREAS, the Court, having reviewed and considered the Stipulation, all papers filed and proceedings held herein in connection with the Settlement, all oral

and written comments received regarding the Settlement, and the record in the Action, and good cause appearing therefor;

NOW, THEREFORE, IT IS HEREBY ORDERED:

1.    **Jurisdiction** – The Court has jurisdiction over the subject matter of the Action, and all matters relating to the Settlement, as well as personal jurisdiction over all of the Parties and each of the Settlement Class Members.

2.    **Incorporation of Settlement Documents** – This Judgment incorporates and makes a part hereof:  (a) the Stipulation filed with the Court on December 9, 2021; and (b) the Postcard Notice, Notice and Summary Notice, each of which were filed with the Court on December 9, 2021.

3.    **Class Certification for Settlement Purposes** – The Court hereby affirms its determinations in the Preliminary Approval Order and finally certifies, for the purposes of the Settlement only, the Action as a class action pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure on behalf of the Settlement Class consisting of all persons and entities who purchased or otherwise acquired Altria securities between October 25, 2018 and April 1, 2020, both dates inclusive, and were allegedly damaged thereby.  Excluded from the Settlement Class are (i) Defendants, (ii) current and former officers and directors of Altria and JLI; (iii) members of the Immediate Family of each of the Individual Defendants; (iv) all subsidiaries and affiliates of Altria and JLI and the directors and officers of Altria,

JLI, and their respective subsidiaries or affiliates; (v) all persons, firms, trusts, corporations, officers, directors, and any other individual or entity in which any Defendant has a controlling interest; and (vi) the legal representatives, agents, affiliates, heirs, successors-in-interest or assigns of all such excluded parties. Also excluded from the Settlement Class are the persons listed on Exhibit 1 hereto, who are excluded from the Settlement Class pursuant to request.

4.    **Adequacy of Representation** – Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, the Court hereby affirms its determinations in the Preliminary Approval Order certifying Plaintiffs as Class Representatives for the Settlement Class and appointing Lead Counsel as Class Counsel for the Settlement Class. Plaintiffs and Lead Counsel have fairly and adequately represented the Settlement Class both in terms of litigating the Action and for purposes of entering into and implementing the Settlement and have satisfied the requirements of Federal Rules of Civil Procedure 23(a)(4) and 23(g), respectively.

5.    **Notice** – The Court finds that the dissemination of the Postcard Notice, Notice and the publication of the Summary Notice:  (a) were implemented in accordance with the Preliminary Approval Order; (b) constituted the best notice practicable under the circumstances; (c) constituted notice that was reasonably calculated, under the circumstances, to apprise Settlement Class Members of (i) the

{00471508;1 }                                   4

pendency of the Action; (ii) the effect of the proposed Settlement (including the Releases to be provided thereunder); (iii) Lead Counsel's motion for an award of attorneys' fees, Litigation Expenses and awards to Plaintiffs pursuant to 15 U.S.C. § 78u-4(a)(4); (iv) their right to object to any aspect of the Settlement, the Plan of Allocation, and/or Lead Counsel's motion for attorneys' fees and Litigation Expenses; (v) their right to exclude themselves from the Settlement Class; and (vi) their right to appear at the Settlement Fairness Hearing; (d) constituted due, adequate, and sufficient notice to all persons and entities entitled to receive notice of the proposed Settlement; and (e) satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, as amended, and all other applicable laws and rules.

6.      **CAFA** – The Court finds that the notice requirements set forth in the Class Action Fairness Act of 2005, 28 U.S.C. § 1715, to the extent applicable to the Action, have been satisfied.

7.      [**Objections** – The Court has considered each of the objections to the Settlement submitted pursuant to Rule 23(e)(5) of the Federal Rules of Civil Procedure. The Court finds and concludes that each of the objections is without merit, and they are hereby overruled.]

8.    **Final Settlement Approval and Dismissal of Claims** – Pursuant to, and in accordance with, Rule 23 of the Federal Rules of Civil Procedure, this Court hereby fully and finally approves the Settlement set forth in the Stipulation in all respects (including, without limitation: the amount of the Settlement; the Releases provided for therein; and the dismissal with prejudice of the claims asserted against Defendants in the Action), and finds that the Settlement is, in all respects, fair, reasonable, and adequate to the Settlement Class under Federal Rule of Civil Procedure 23(e)(2), having considered and found that:

a.    Plaintiffs and Lead Counsel have adequately represented the Class;

b.    the proposal was negotiated at arm's length between experienced counsel;

c.    the relief provided for the Settlement Class is adequate, having taken into account:

(1)    the costs, risks, and delay of motion practice, trial and appeal;

(2)    the effectiveness of any proposed method of distributing relief to the Settlement Class, including the method of processing Settlement Class Member claims; and

{00471508;1 }                                    6

(3)     the terms of any proposed award of attorney's fees, including timing of payment; and

d.     the proposed Plan of Allocation treats Settlement Class Members equitably relative to each other.

9.     Accordingly, the Parties are directed to implement, perform, and consummate the Settlement in accordance with the terms and provisions contained in the Stipulation.

10.     The Action and all of the claims asserted against Defendants in the Action by Plaintiffs and the other Settlement Class Members are hereby dismissed with prejudice.   The Parties shall bear their own costs and expenses, except as otherwise expressly provided in the Stipulation.

11.     **Binding Effect** – The terms of the Stipulation and of this Judgment shall be forever binding on Defendants, Plaintiffs, and all other Settlement Class Members (regardless of whether or not any individual Settlement Class Member submits a Claim Form or seeks or obtains a distribution from the Net Settlement Fund), as well as their respective successors and assigns.  [The persons and entities listed on Exhibit 1 hereto are excluded from the Settlement Class pursuant to request and are not bound by the terms of the Stipulation or this Judgment.]

12.     **Releases and Bars** – The Releases set forth in paragraphs 4 through 8 of the Stipulation, together with the definitions contained in paragraph 1 of the

{00471508;1 }                                          7

Stipulation relating thereto, are expressly incorporated herein in all respects. The Releases are effective as of the Effective Date. Accordingly, this Court orders that:

(a)    Without further action by anyone, and subject to paragraph 13 below, upon the Effective Date of the Settlement, Plaintiffs' Releasees and each of the other Settlement Class Members (whether or not such person submitted a Claim Form), on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, and assigns in their capacities as such, and on behalf of any other person or entity legally entitled to bring Released Plaintiffs' Claims on behalf of any Settlement Class Member, shall be deemed to have, and by operation of law and of the Judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, discharged, and dismissed with prejudice each and every one of the Released Plaintiffs' Claims (including, without limitation, any Unknown Claims) against any and all of Defendants' Releasees, and shall forever be barred and enjoined, to the fullest extent permitted by law, from commencing, instituting, maintaining, prosecuting or continuing to prosecute any or all of the Released Plaintiffs' Claims against any of Defendants' Releasees, in this Action or in any other proceeding. This Release shall not apply to any Excluded Plaintiffs' Claims.

(b)    Without further action by anyone, and subject to paragraph 13 below, upon the Effective Date of the Settlement, Defendants' Releasees, on behalf

of themselves, and their respective heirs, executors, administrators, predecessors, successors and assigns in their capacities as such, and on behalf of any other person or entity legally entitled to bring Released Defendants' Claims on behalf of Defendants, shall be deemed to have, and by operation of law and of the Judgment shall have, fully, finally and forever compromised, settled, released, resolved, relinquished, waived and discharged each and every Released Defendants' Claim (including, without limitation, any Unknown Claims) against Plaintiffs' Releasees, and shall forever be barred and enjoined from commencing, instituting, maintaining, prosecuting or continuing to prosecute any or all of the Released Defendants' Claims against any of Plaintiffs' Releasees, in this Action or in any other proceeding. This Release shall not apply to any Excluded Defendants' Claims.

13.    Notwithstanding paragraphs 12(a) – (b) above, nothing in this Judgment shall bar any action by any of the Parties to enforce or effectuate the terms of the Stipulation or this Judgment.

14.    **Rule 11 Findings** – The Court finds and concludes that the Parties and their respective counsel have complied in all respects with the requirements of Rule 11 of the Federal Rules of Civil Procedure in connection with the institution, prosecution, defense, and settlement of the Action.

15.    **No Admissions** – Neither this Judgment, the MOU, the Stipulation (whether or not consummated), including the exhibits thereto and the Plan of

{00471508;1 }                                        9

Allocation contained therein (or any other plan of allocation that may be approved by the Court), the negotiations leading to the execution of the Stipulation, nor any proceedings taken pursuant to or in connection with the Stipulation and/or approval of the Settlement (including any arguments proffered in connection therewith):

(a)    shall be offered or received against or to the prejudice of any of the Defendants or Defendants' Releasees as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Defendants or Defendants' Releasees with respect to the truth of any fact alleged by Plaintiffs and the Settlement Class, or the validity of any claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in this Action or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of any of the Defendants or the Defendants' Releasees or in any way referred to for any other reason as against any of the Defendants or the Defendants' Releasees, in any arbitration proceeding or other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation;

(b)    shall be offered or received against or to the prejudice of Plaintiffs or any of the Plaintiffs' Releasees, as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by Plaintiffs or any of the Plaintiffs' Releasees that any of their claims are without merit, that any of the

Defendants or Defendants' Releasees had meritorious defenses, or that damages recoverable in this Action would not have exceeded the Settlement Amount or with respect to any liability, negligence, fault, or wrongdoing of any kind, or in any way referred to for any other reason as against Plaintiffs or any of the Plaintiffs' Releasees, in any civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation;

(c)    shall be offered or received against or to the prejudice of any of the Defendants' Releasees, Plaintiffs, any other member of the Settlement Class, or their respective counsel, as evidence of a presumption, concession, or admission with respect to any liability, damages, negligence, fault, infirmity, or other wrongdoing of any kind, or in any way referred to for any other reason against or to the prejudice of any of the Defendants' Releasees, Plaintiffs, other members of the Settlement Class, or their respective counsel, in any other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; or

(d)    shall be construed against any of the Releasees as an admission, concession, or presumption that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial; *provided, however, that if the Stipulation is approved by the Court, the Parties and the Releasees and their respective counsel may refer to it to effectuate the protections*

{00471508;1 }                                11

*from liability granted hereunder or otherwise to enforce the terms of the Settlement.*

16. **Retention of Jurisdiction** – Without affecting the finality of this Judgment in any way, this Court retains continuing and exclusive jurisdiction over: (a) the Parties for purposes of the administration, interpretation, implementation, and enforcement of the Settlement; (b) the disposition of the Settlement Fund; (c) any motion to approve the Settlement Class Distribution Order; and (d) the Settlement Class Members for all matters relating to the Action.

17. **Modification of the Agreement of Settlement** – Without further approval from the Court, Plaintiffs and Defendants are hereby authorized to agree to and adopt such amendments or modifications of the Stipulation or any exhibits attached thereto to effectuate the Settlement that: (a) are not materially inconsistent with this Judgment; and (b) do not materially limit the rights of Settlement Class Members in connection with the Settlement.  Without further order of the Court, Plaintiffs and Defendants may agree to reasonable extensions of time to carry out any of the provisions of the Settlement.

18. **Plan of Allocation** – The Court hereby finds that the proposed Plan of Allocation is a fair and reasonable method to allocate the Net Settlement Fund among Settlement Class Members, and Lead Counsel and the Claims Administrator

{00471508;1 }                                        12

are directed to administer the Plan of Allocation in accordance with its terms and the terms of the Stipulation.

19.    **Attorneys' Fees and Litigation Expenses** – Lead Counsel is awarded attorneys' fees in the amount of $ _____, and expenses in the amount of $_____, [plus interest at the same rate and for the same periods as earned by the Settlement Fund (until paid),] such amounts to be paid out of the Settlement Fund immediately upon entry of this Order.  Lead Counsel shall thereafter be solely responsible for allocating the attorneys' fees and expenses among The Schall Law Firm and Cohen Milstein Sellers & Toll PLLC in the manner in which Lead Counsel in good faith believe reflects the contributions of such counsel to the initiation, prosecution, and resolution of the Action.  In the event that this Judgment does not become Final, and any portion of the fee and expense award has already been paid from the Settlement Fund, Lead Counsel and all other counsel to whom Lead Counsel has distributed payments shall within thirty (30) calendar days of (i) entry of the order rendering the Settlement and Judgment non-Final, (ii) notice of the Settlement being terminated, or (iii) the occurrence of any other event that precludes the Effective Date from occurring, refund the Settlement Fund the fee and expense award paid to Lead Counsel and, if applicable, distributed to other counsel.

20.    **<u>Awards to Plaintiffs</u>** – Plaintiffs Donald Sherbondy, Sarah Sherbondy and Construction Laborers Pension Trust of Greater St. Louis are awarded $_____, $_____ and $_____, respectively  for their reasonable costs and expenses directly relating to the representation of the Settlement Class as provided in 15 U.S.C. § 78u-4(a)(4), with such amounts to be paid from the Settlement Fund upon the Effective Date of the Settlement.

21.    **<u>Termination of Settlement</u>** – If the Settlement is terminated as provided in the Stipulation or the Effective Date of the Settlement otherwise fails to occur, including as a result of any appeals, this Judgment shall be vacated, rendered null and void and be of no further force and effect, except as otherwise provided by the Stipulation, and this Judgment shall be without prejudice to the rights of Plaintiffs, Class Members, and Defendants, and the Parties shall be deemed to have reverted *nunc pro tunc* to their respective positions in the Action as of the date immediately prior to the execution of the MOU on October 28, 2021.  Except as otherwise provided in the Stipulation, in the event the Settlement is terminated in its entirety or if the Effective Date fails to occur for any reason, the balance of the Settlement Fund including interest accrued therein, less any Notice and Administration Costs actually incurred, paid, or payable and less any Taxes and Tax Expenses paid, due, or owing, shall be returned to Altria (or such other persons or entities as Altria may direct), in accordance with the Stipulation.

{00471508;1 }                                                14

22.    **Entry of Final Judgment** – There is no just reason to delay the entry of this Judgment and immediate entry by the Clerk of the Court is respectfully directed.

SO ORDERED this _____ day of _____, 2022.


_____
DAVID J. NOVAK
U.S. DISTRICT JUDGE