IN THE UNITED STATES DISRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

GABBY KLEIN, *et al.*,
        Plaintiffs,

v.                                      Civil No. 3:20cv75 (DJN)

ALTRIA GROUP, INC. *et al.*,
        Defendants.

**ORDER**
**(Preliminarily Approving Settlement; Certifying Settlement Class; Providing Notice for Settlement)**

This matter comes before the Court on Lead Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement and Approval of Notice to the Settlement Class (ECF No. 295), moving the Court for preliminary approval of a class action settlement in this pending securities class action (the "Action").

Lead Plaintiffs Donald and Sarah Sherbondy and Construction Laborers Pension Trust of Greater St. Louis ("Plaintiffs"), on behalf of themselves and the other members of the Settlement Class (as defined below), and Defendants Altria Group, Inc. ("Altria"), JUUL Labs, Inc. ("JLI"), Howard A. Willard III, William F. Gifford, Jr., Adam Bowen, James Monsees, Kevin Burns, and K.C. Crosthwaite (collectively, the "Defendants," and, together with Plaintiffs, on behalf of themselves and the other members of the Settlement Class, the "Parties") have determined to settle all claims asserted against Defendants in the Action with prejudice on the terms and conditions set forth in the Stipulation and Agreement of Settlement dated December 9, 2021 (the "Stipulation"), subject to approval of this Court (the "Settlement");

Plaintiffs have filed the instant Motion, pursuant to Rule 23 of the Federal Rules of Civil Procedure, for an order preliminarily approving the Settlement in accordance with the Stipulation and providing for notice to Settlement Class Members as more fully described herein. On December 15, 2021, the Court held a hearing on the Motion. Upon consideration of (a) Plaintiffs' motion for preliminary approval of the Settlement, and the papers filed and arguments made in connection therewith; and (b) the Stipulation[1] and the exhibits attached thereto; it is hereby ORDERED as follows:

1. **Class Certification for Settlement Purposes** – Pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure, the Court certifies, solely for purposes of effectuating the proposed Settlement, a Settlement Class consisting of all persons and entities who purchased or otherwise acquired Altria securities between October 25, 2018 and April 1, 2020, both dates inclusive, and were allegedly damaged thereby. Excluded from the Settlement Class are (i) Defendants, (ii) current and former officers and directors of Altria and JLI; (iii) members of the Immediate Family of each of the Individual Defendants; (iv) all subsidiaries and affiliates of Altria and JLI and the directors and officers of Altria, JLI, and their respective subsidiaries or affiliates; (v) all persons, firms, trusts, corporations, officers, directors, and any other individual or entity in which any Defendant has a controlling interest; (vi) the legal representatives, agents, affiliates, heirs, successors-in-interest or assigns of all such excluded parties; and (vii) any persons or entities who properly exclude themselves by filing a valid and timely request for exclusion.

---

[1] Unless otherwise defined herein, all capitalized words contained herein shall have the same meanings as they have in the Stipulation.

2

2. **Class Findings** – Solely for purposes of the proposed Settlement of this Action, the Court finds that each element required for certification of the Settlement Class pursuant to Rule 23 of the Federal Rules of Civil Procedure has been met: (a) the members of the Settlement Class are so numerous that their joinder in the Action would be impracticable; (b) there are questions of law and fact common to the Settlement Class which predominate over any individual questions; (c) the claims of Plaintiffs in the Action are typical of the claims of the Settlement Class; (d) Plaintiffs and Lead Counsel have and will fairly and adequately represent and protect the interests of the Settlement Class; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the Action.

3. The Court hereby finds and concludes that pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, Plaintiffs Donald Sherbondy, Sarah Sherbondy and Construction Laborers Pension Trust of Greater St. Louis are adequate class representatives and certifies them as the Class Representatives for the Settlement Class. The Court also appoints Lead Counsel as Class Counsel for the Settlement Class, pursuant to Rule 23(g) of the Federal Rules of Civil Procedure.

4. **Preliminary Approval of the Settlement** – The Court hereby preliminarily approves the Settlement, as embodied in the Stipulation, and finds that the Parties have shown the Court that it will likely be able to approve the proposed Settlement as being fair, reasonable and adequate to the Settlement Class under Federal Rule of Civil Procedure 23(e)(2), subject to further consideration at the Settlement Fairness Hearing to be conducted as described below.

5. **Settlement Fairness Hearing** – The Court will hold a hearing (the "Settlement Fairness Hearing") on March 31, 2022, at 12 p.m. at the United States District Court for the Eastern District of Virginia, Spottswood W. Robinson III and Robert R. Merhige, Jr., Federal

Courthouse, 701 East Broad Street, Richmond, VA 23219, for the following purposes: (a) to determine whether the proposed Settlement on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate to the Settlement Class, and should be approved by the Court; (b) to determine whether a Judgment substantially in the form attached as Exhibit B to the Stipulation should be entered dismissing the Action with prejudice against Defendants; (c) to determine whether the proposed Plan of Allocation for the proceeds of the Settlement is fair and reasonable and should be approved; (d) to determine whether the motion by Lead Counsel for an award of attorneys' fees and Litigation Expenses should be approved; and (e) to consider any other matters that may properly be brought before the Court in connection with the Settlement. Notice of the Settlement and the Settlement Fairness Hearing shall be given to Settlement Class Members as set forth in ¶ 7 of this Order.

6. The Court may adjourn the Settlement Fairness Hearing without further notice to the Settlement Class, may decide to hold the Settlement Fairness Hearing remotely, and may approve the proposed Settlement with such modifications as the Parties may agree to, if appropriate, without further notice to the Settlement Class. Any such changes shall be posted on the website of the Claims Administrator.

7. **Retention of Claims Administrator and Manner of Giving Notice** – Lead Counsel are hereby authorized to retain Epiq Class Action & Claims Solutions, Inc. (the "Claims Administrator") to supervise and administer the notice procedure in connection with the proposed Settlement as well as the processing of Claims as more fully set forth below. Notice of the Settlement and the Settlement Fairness Hearing shall be given by Lead Counsel as follows:

a. The Claims Administrator shall make reasonable efforts to identify all persons and entities who are Settlement Class Members and not later than twenty (20)

4

calendar days after the date of entry of this Order ("Notice Date"), the Claims Administrator shall cause a copy of the Postcard Notice, substantially in the form attached hereto as Exhibit 1, to be mailed by first-class mail, or e-mailed, to all potential Settlement Class Members who can be identified with reasonable effort. For the purposes of identifying and providing notice to the Settlement Class, within five (5) business days after entry of this Preliminary Approval Order, Altria shall obtain and provide to Lead Counsel or the Claims Administrator, at no cost to the Settlement Fund, Lead Counsel or the Claims Administrator, a list, in electronic form, of record holders of Altria common stock and other securities during the Settlement Class Period obtained from Altria's transfer agent (consisting of names and addresses, as well as e-mail addresses if available), to the extent that such information is reasonably available;

   b. contemporaneously with the mailing of the Postcard Notice, the Claims Administrator shall cause copies of the Notice and the Claim Form, substantially in the forms attached hereto as Exhibits 2 and 3, respectively, to be posted on a website to be developed for the Settlement, from which copies of the Notice and Claim Form can be downloaded;

   c. not later than ten (10) calendar days after the Notice Date, the Claims Administrator shall cause the Summary Notice, substantially in the form attached hereto as Exhibit 3, to be published once in *Investor's Business Daily* and to be transmitted once over the *PR Newswire*; and

   d. not later than seven (7) calendar days prior to the Settlement Fairness Hearing, Lead Counsel shall serve on Defendants' Counsel and file with the Court proof, by affidavit or declaration, of such mailing and publication.

8. **Approval of Form and Content of Notice** – The Court (a) approves, as to form and content, the Postcard Notice, Notice, the Claim Form, and the Summary Notice, attached hereto as Exhibits 1, 2, 3, and 4, respectively, and (b) finds that the mailing and distribution of the Postcard Notice, Notice and Claim Form and the publication of the Summary Notice substantially in the manner and form set forth in ¶ 7 of this Order (i) is the best notice practicable under the circumstances; (ii) constitutes notice that is reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the Action, of the effect of the proposed Settlement (including the Releases to be provided thereunder), of Lead Counsel's motion for an award of attorneys' fees and Litigation Expenses, of their right to object to the Settlement, the Plan of Allocation, and/or Lead Counsel's motion for attorneys' fees and Litigation Expenses, of their right to exclude themselves from the Settlement Class, and of their right to appear at the Settlement Fairness Hearing; (iii) constitutes due, adequate, and sufficient notice to all persons and entities entitled to receive notice of the proposed Settlement; and (iv) satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, as amended, and all other applicable laws and rules. The date and time of the Settlement Fairness Hearing shall be included in the Postcard Notice, Notice and Summary Notice before they are mailed (and/or e-mailed) and published, respectively.

9. **Nominee Procedures** – Brokers and other nominees who purchased or otherwise acquired Altria securities during the Settlement Class Period for the benefit of another person or entity shall (a) within seven (7) calendar days of receipt of the Postcard Notice or Notice, request from the Claims Administrator sufficient copies of the Postcard Notice to forward to all such beneficial owners and within seven (7) calendar days of receipt of the Postcard Notices forward

them to all such beneficial owners; or (b) within seven (7) calendar days of receipt of the Postcard Notice, send a list of the names and addresses (and e-mail addresses, if available) of all such beneficial owners to the Claims Administrator in which event the Claims Administrator shall promptly mail or e-mail the Postcard Notice to such beneficial owners. Nominees or custodians who elect to send the Postcard Notice to their beneficial owners shall send a written certification to the Claims Administrator confirming that the mailing has been made as directed. Additional copies of the Notice Packet shall be made available to any nominee or custodian requesting same for the purpose of distribution to beneficial owners. The Claims Administrator shall, if requested, reimburse nominees or custodians solely for their reasonable out-of-pocket expenses, up to $0.05 per Postcard Notice mailed or $0.10 per name and address provided to Claims Administrator, incurred in providing notice to beneficial owners, which expenses would not have been incurred except for the sending of such notice, and subject to further order of this Court with respect to any dispute concerning such reimbursement.

10. **Participation in the Settlement** – Settlement Class Members who wish to participate in the Settlement and to be eligible to receive a distribution from the Net Settlement Fund must complete and submit a Claim Form in accordance with the instructions contained therein. Unless the Court orders otherwise, all Claim Forms must be postmarked, or submitted online, no later than ninety (90) calendar days after the Notice Date. Notwithstanding the foregoing, Lead Counsel may, at their discretion, accept for processing late Claims, provided such acceptance does not delay the distribution of the Net Settlement Fund to the Settlement Class. By submitting a Claim, a person or entity shall be deemed to have submitted to the jurisdiction of the Court with respect to his, her or its Claim and the subject matter of the Settlement.

11. Each Claim Form submitted must satisfy the following conditions: (a) it must be properly completed, signed, and submitted in a timely manner in accordance with the provisions of the preceding paragraph; (b) it must be accompanied by adequate supporting documentation for the transactions and holdings reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional and holding information found in a broker confirmation slip or account statement, or such other documentation as is deemed adequate by Lead Counsel or the Claims Administrator; (c) if the person executing the Claim Form is acting in a representative capacity, a certification of his, her, or its current authority to act on behalf of the Settlement Class Member must be included in the Claim Form to the satisfaction of Lead Counsel or the Claims Administrator; and (d) the Claim Form must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury.

12. Any Settlement Class Member who does not timely and validly submit a Claim Form or whose Claim is not otherwise approved by the Court: (a) shall be deemed to have waived his, her, or its right to share in the Net Settlement Fund; (b) shall be forever barred from participating in any distributions therefrom; (c) shall be bound by the provisions of the Stipulation and the Settlement and all proceedings, determinations, orders, and judgments in the Action relating thereto, including, without limitation, the Judgment and the Releases provided for therein; and (d) will be barred from commencing, instituting, maintaining, prosecuting or continuing to prosecute any or all of the Released Plaintiffs' Claims against each and all of the Defendants' Releasees, as more fully described in the Stipulation and Notice. Notwithstanding the foregoing, late Claim Forms may be accepted for processing as set forth in ¶ 10 above.

13. **Exclusion from the Settlement Class** – Any member of the Settlement Class who wishes to exclude himself, herself, or itself from the Settlement Class must request exclusion in writing within the time and in the manner set forth in the Notice, which shall provide that: (a) any such request for exclusion from the Settlement Class must be mailed or delivered such that it is received no later than March 10, 2022 [twenty-one (21) calendar days prior to Settlement Fairness Hearing], to: *Altria Group, Inc. Securities Litigation Settlement*, EXCLUSIONS, c/o Epiq Class Action & Claims Solutions, Inc., P.O. Box 6935, Portland, OR 97228-6935, and (b) each request for exclusion must (i) state the name, address, and telephone number of the person or entity requesting exclusion, and in the case of entities, the name and telephone number of the appropriate contact person; (ii) state that such person or entity "requests exclusion from the Settlement Class in *Klein v. Altria Group, Inc.*, et al., No. 3:20-cv-00075-DJN"; (iii) state the number of shares of Altria securities that the person or entity requesting exclusion purchased/acquired between October 25, 2018 and June 30, 2020, both dates inclusive, as well as the dates, number of shares, and prices of each such purchase/acquisition; (iv) state the number of shares of Altria securities that the person or entity requesting exclusion sold between October 25, 2018 and June 30, 2020, both dates inclusive, as well as the dates, number of shares, and prices of each such sale; and (v) be signed by the person or entity requesting exclusion or an authorized representative. A request for exclusion shall not be effective unless it provides all the required information and is received within the time stated above, or is otherwise accepted by the Court.

14. Within five (5) calendar days of receiving any request for exclusion pursuant to the Notice, whether timely and proper or not, the Claims Administrator shall deliver a copy of each such request for exclusion to Lead Counsel and Defendants' Counsel, along with a PDF or

9

spreadsheet listing the holder, postmark date, and Recognized Loss (as defined in the Plan of Allocation) associated with each such request for exclusion received to date.

15. Any person or entity who or which timely and validly requests exclusion in compliance with the terms stated in this Order and is excluded from the Settlement Class shall not be a Settlement Class Member, shall not be bound by the terms of the Settlement or any orders or judgments in the Action, and shall not receive any payment out of the Net Settlement Fund.

16. Any Settlement Class Member who or which does not timely and validly request exclusion from the Settlement Class in the manner stated in this Order: (a) shall be deemed to have waived his, her, or its right to be excluded from the Settlement Class; (b) shall be forever barred from requesting exclusion from the Settlement Class in this or any other proceeding; (c) shall be bound by the provisions of the Stipulation and Settlement and all proceedings, determinations, orders, and judgments in the Action, including, but not limited to, the Judgment and the Releases provided for therein; and (d) will be barred from commencing, instituting, maintaining, prosecuting or continuing to prosecute any or all of the Released Plaintiffs' Claims against any of the Defendants' Releasees, as more fully described in the Stipulation and Notice.

17. **<u>Appearance and Objections at Settlement Fairness Hearing</u>** – Any Settlement Class Member who does not request exclusion from the Settlement Class may enter an appearance in the Action, at his, her, or its own expense, individually or through counsel of his, her, or its own choice, by filing with the Clerk of Court and delivering to representatives of both Lead Counsel and Defendants' Counsel Representatives, at the addresses set forth in ¶ 18 below, a notice of appearance such that it is received no later than March 10, 2022 [twenty one (21) calendar days prior to the Settlement Fairness Hearing], or as the Court may otherwise direct.

Any Settlement Class Member who does not enter an appearance will be represented by Lead Counsel.

18. Any Settlement Class Member who does not request exclusion from the Settlement Class may submit a written objection to the proposed Settlement, the proposed Plan of Allocation, and/or Lead Counsel's motion for an award of attorneys' fees and Litigation Expenses, and appear and show cause, if he, she, or it has any cause, why the proposed Settlement, the proposed Plan of Allocation, and/or Lead Counsel's motion for attorneys' fees and Litigation Expenses should not be approved; *provided, however*, that no Settlement Class Member shall be heard or entitled to contest the approval of the terms and conditions of the Settlement, the Plan of Allocation, and/or the motion for attorneys' fees and Litigation Expenses unless that person or entity has filed a written objection with the Court and served copies of such objection on representatives of both Lead Counsel and Defendants' Counsel Representatives at the addresses set forth below such that they are received no later than March 10, 2022 [twenty one (21) calendar days prior to the Settlement Fairness Hearing].

| **Lead Counsel** | **Defendants' Counsel Representatives** |
|---|---|
| Jeremy A. Lieberman, Esq.<br>Pomerantz LLP<br>600 Third Avenue, 20th Floor<br>New York, New York 10016 | Wachtell, Lipton, Rosen & Katz<br>Attn:   Stephen R. DiPrima<br>          Jacob Miller<br>51 W 52nd Street<br>New York, New York 10019 |
| David A. Rosenfeld, Esq.<br>Robbins Geller Rudman & Dowd LLP<br>58 South Service Road, Suite 200<br>Melville, NY 11747 | Cleary Gottlieb Steen & Hamilton LLP<br>Attn:  Roger A. Cooper<br>One Liberty Plaza<br>New York, New York 10006 |

19. Any objections by a Settlement Class Member must: (a) state the name, address, and telephone number of the person or entity objecting and must be signed by the objector, even if the objector appears through its own counsel; (b) state whether the objector is represented by

11

counsel and, if so, the name, address, and telephone number of the objector's counsel; (c) indicate whether the objection applies only to the objector, to a specific subset of the Settlement Class, or to the entire Settlement Class; (d) state with specificity the grounds for the Settlement Class Member's objection or objections, and the specific reasons for each objection, including any legal and evidentiary support the Settlement Class Member wishes to bring to the Court's attention; and (e) include documents sufficient to prove membership in the Settlement Class, consisting of (1) documents showing the number of shares of Altria securities that the objector purchased/acquired between October 25, 2018 and June 30, 2020, both dates inclusive, as well as the dates, number of shares, and prices of each such purchase/acquisition, and (2) documents showing the number of shares of Altria securities that the objector sold between October 25, 2018 and June 30, 2020, both dates inclusive, as well as the dates, number of shares, and prices of each such sale. Documentation establishing membership in the Settlement Class must consist of copies of brokerage confirmation slips or monthly brokerage account statements, or an authorized statement from the objector's broker containing the transactional and holding information found in a broker confirmation slip or account statement. Objectors who enter an appearance and desire to present evidence at the Settlement Fairness Hearing in support of their objection must include in their written objection or notice of appearance the identity of any witnesses they may call to testify and any exhibits they intend to introduce into evidence at the hearing. Objectors shall be allowed to present argument and evidence solely at the discretion of the Court.

    20. The Parties may take discovery of persons or entities who submit objections on issues related to the Settlement. Failure by an objector to comply with such discovery requests may result in the Court striking the objection and/or otherwise denying that

person or entity the opportunity to make an objection or be heard from further. The Court reserves the right to tax the costs of any such discovery to the objector or the objector's separate counsel should the Court determine that the objection is frivolous or made for an improper purpose. The Court may, in its discretion, order any objector who subsequently files a notice of appeal to post an appropriate appellate bond.

21. Any Settlement Class Member who or which does not make his, her, or its objection in the manner provided herein shall be deemed to have waived his, her, or its right to object to any aspect of the Settlement, the Plan of Allocation, and Lead Counsel's motion for an award of attorneys' fees and Litigation Expenses and shall be forever barred and foreclosed from objecting to the fairness, reasonableness, or adequacy of the Settlement, the Plan of Allocation, or the requested attorneys' fees and Litigation Expenses, or from otherwise being heard concerning the Settlement, the Plan of Allocation, or the requested attorneys' fees and Litigation Expenses in this or any other proceeding.

22. **Stay and Temporary Injunction** – The Court hereby stays all proceedings in the Action other than proceedings necessary to carry out or enforce the terms and conditions of the Stipulation. Further, pending final determination of whether the Settlement should be approved, the Court bars and enjoins Plaintiffs, and all other members of the Settlement Class, from directly or indirectly, representatively, or in any other capacity, commencing, aiding, instituting, prosecuting or continuing to prosecute any and all of the Released Plaintiffs' Claims against each and all of the Defendants' Releasees.

23. **Settlement Administration Fees and Expenses** – All reasonable costs incurred in identifying Settlement Class Members and notifying them of the Settlement, as well as in

administering the Settlement, shall be paid as set forth in the Stipulation without further order of the Court.

24. **Settlement Fund** – The Settlement Fund, which shall be held by The Huntington National Bank, shall be deemed and considered to be *in custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as the funds therein shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

25. **Taxes** – Lead Counsel are authorized and directed to prepare any tax returns and any other tax reporting form for or in respect to the Settlement Fund, to pay from the Settlement Fund any Taxes and Tax Expenses owed with respect to the Settlement Fund, and to otherwise perform all obligations with respect to Taxes and any reporting or filings in respect thereof without further order of the Court in a manner consistent with the provisions of the Stipulation.

26. **Termination of Settlement** – If the Settlement is terminated as provided in the Stipulation or the Supplemental Agreement, the Settlement is not approved, or the Effective Date of the Settlement otherwise fails to occur, including as a result of any appeals, this Order shall be vacated, rendered null and void, and be of no further force and effect, except as otherwise provided by the Stipulation, and this Order shall be without prejudice to the rights of Plaintiffs, the other Settlement Class Members, and Defendants, and the Parties shall revert to their respective positions in the Action as of the date immediately prior to the execution of the MOU on October 28, 2021, as provided in the Stipulation. In the event the Stipulation becomes of no force or effect, the Stipulation and this Order shall not be construed or used as an admission, concession, or presumption by or against the Defendants' Releasees, the Plaintiffs' Releasees, or the Settlement Class. Notwithstanding the foregoing, if the Settlement is terminated or not approved, or the Effective Date of the Settlement fails to occur, no Notice and Administration

expenses which have been incurred or which are due and owing (up to $1,000,000), shall be returned to Defendants or any other person or entity who has contributed to the Settlement Amount.

27. **Use of this Order** – Neither this Order, the MOU, the Stipulation (whether or not consummated), including the exhibits thereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the negotiations leading to the execution of the Stipulation, nor any proceedings taken pursuant to or in connection with the Stipulation and/or approval of the Settlement (including any arguments proffered in connection therewith):

    a. shall be offered against any of the Defendants or the Defendants' Releasees as evidence of, or construed as, or deemed to be evidence of, any presumption, concession, or admission by any of the Defendants or Defendants' Releasees with respect to the truth of any fact alleged by Plaintiffs or the validity of any claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in this Action or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of any of the Defendants or Defendants' Releasees or in any way referred to for any other reason as against any of the Defendants or the Defendants' Releasees, in any arbitration proceeding or other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation;

    b. shall be offered against Plaintiffs or any of the Plaintiffs' Releasees, as evidence of, or construed as, or deemed to be evidence of, any presumption, concession, or admission by Plaintiffs or any of the Plaintiffs' Releasees that any of their claims are without merit, that any of the Defendants or Defendants' Releasees had meritorious defenses,

15

or that damages recoverable in the Action would not have exceeded the Settlement Amount or with respect to any liability, negligence, fault, or wrongdoing of any kind, or in any way referred to for any other reason as against Plaintiffs or any of the Plaintiffs' Releasees, in any civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; provided, however, that if the Stipulation is approved by the Court, the Releasees and their respective counsel may refer to it to effectuate the protections from liability granted hereunder or otherwise to enforce the terms of the Settlement; or

        c.      shall be construed against any of the Releasees as an admission, concession, or presumption that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial; *provided, however*, that if the Stipulation is approved by the Court, the Parties and the Releasees and their respective counsel may refer to it to effectuate the protections from liability granted hereunder or otherwise to enforce the terms of the Settlement.

28.    **Supporting Papers** – Lead Counsel shall file and serve the opening papers in support of the Settlement, the Plan of Allocation, and Lead Counsel's motion for an award of attorneys' fees and Litigation Expenses no later than thirty-five (35) calendar days prior to the Settlement Fairness Hearing, *i.e.*, February 24, 2022; and reply papers, if any, shall be filed and served no later than seven (7) calendar days prior to the Settlement Fairness Hearing, *i.e.*, March 24, 2022.

29.    Neither the Defendants' Releasees nor Defendants' Counsel shall have any responsibility for the Plan of Allocation or any application for attorneys' fees or Litigation

Expenses submitted by Plaintiffs or Lead Counsel, and such matters will be considered separately from the fairness, reasonableness, and adequacy of the Settlement.

30. **CAFA Notice** – As set forth in the Stipulation, and pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715(b)-(c), Defendants shall timely serve the CAFA Notice upon the appropriate federal and state officials. Defendants shall be responsible for all costs and expenses related to CAFA Notice.

31. The Court retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement.

The Clerk is directed to file this Order electronically and notify all counsel of record.

It is so ORDERED.

\_\_\_\_/s/_____
David J. Novak
United States District Judge

Richmond, Virginia
Date: December 13, 2021

17