# EXHIBIT 3

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF VIRGINIA

(Richmond Division)

| | |
|---|---|
| GABBY KLEIN, et al., Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>vs.<br><br>ALTRIA GROUP, INC., et al.,<br><br>Defendants. | ) Civil Action No. 3:20-cv-00075-DJN<br>)<br>) <u>CLASS ACTION</u><br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

DECLARATION OF DON WILLEY ON BEHALF OF LEAD PLAINTIFF CONSTRUCTION LABORERS PENSION TRUST OF GREATER ST. LOUIS

I, Don Willey, as Chairman of Construction Laborers Pension Trust of Greater St. Louis (the "Pension Trust"), am responsible for the oversight of the Pension Trust's participation in this securities class action litigation. As the Chairman of the Pension Trust, I also participate in and oversee decisions regarding the administration of the Pension Trust and its participation in securities class action litigations. The following facts are true and correct to my knowledge, and if called upon to testify, I could and would testify competently thereto.

1. In December 2019, the Pension Trust was appointed to be a Lead Plaintiff in the above-captioned case (the "Action"). I provide this declaration in support of: (i) approval of the Settlement in the Action, which is fully documented in the Stipulation and Agreement of Settlement, dated December 9, 2021; and (ii) approval of Lead Counsel's application for an award of attorneys' fees and expenses and of the Pension Trust's application for an award of $28,775 pursuant to 15 U.S.C. §78u-4(a)(4) in connection with its representation of the Class.

- 1 -

4891-1933-3896.v1

2.      The Pension Trust is a multi-employer defined benefit pension plan maintained to provide retirement and disability benefits to laborers and their families.  The Pension Trust currently has more than $794 million in assets.

3.      The Pension Trust understands that the Private Securities Litigation Reform Act of 1995 was intended to encourage institutional investors and others with meaningful losses to direct and oversee securities class actions.  The Pension Trust is such a sophisticated institutional investor, and at all times during this Action was and is committed to its diligent prosecution.

4.      I monitored the progress of this Action on behalf of the Pension Trust.  For example, I consulted with counsel throughout the litigation, from prior to the Pension Trust's application for appointment as lead plaintiff through today, regarding litigation strategy and developments, filings, court orders, discovery, mediation, and settlement.  I also reviewed the significant pleadings and briefs filed in the Action, as well as court orders and mediation submissions.  At various times, including before and after each of the mediations in this Action, I consulted with counsel on the strategy for mediation and the parameters for an appropriate resolution of the case. I also worked with counsel on the Pension Trust's responses to Defendants' discovery requests, including gathering and producing documents.  I was deposed on behalf of the Pension Trust in this Action on August 13, 2021, prior to which I prepared with counsel.

5.      The Pension Trust agreed to the $90 million Settlement.  Prior to doing so, the Pension Trust weighed the substantial pecuniary benefit obtained by Lead Counsel for the Class against the significant risks, uncertainties, and delay of continued litigation.  At the time of the Settlement, the Pension Trust considered the fact that there was no guarantee of how the Court would rule on class certification and summary judgment and was aware that, at trial, a jury could find in favor of Defendants or award a recovery that would be significantly less than the Settlement. We were also aware that, even if we prevailed at trial, Defendants would likely file

- 2 -

an appeal, further delaying any recovery to the Class. In light of the substantial dollar amount of the Settlement and the immediacy of the recovery to the Class, the Pension Trust believes that the Settlement is fair, reasonable, and in the best interests of the Class.

6.      While the Pension Trust recognizes that the Court determines the award of fees to Lead Counsel, the Pension Trust supports Lead Counsel's 30% fee request and expense application as fair and reasonable. This conclusion is based on our oversight of, and involvement in, the Action and our assessment of the quality and quantity of work done and the result obtained.

7.      The Pension Trust further understands that the Court may grant a class representative's request for an award of reasonable costs and expenses incurred in representing the class. The Pension Trust expended approximately 100 hours on the prosecution of the Action on behalf of the Pension Trust and the Class, which would otherwise have been focused on other professional activities for the Pension Trust. Based upon my qualifications, I believe that an award to the Pension Trust of $20,000, reflecting an hourly rate of $200, is reasonable and appropriate for the time I spent for the Pension Trust representing the Class. The Pension Trust also directly incurred an expense of $8,775, which amount was paid by the Pension Trust to outside fund counsel. Fund counsel has a long history of working with the Pension Trust on a variety of matters and is familiar with the Pension Trust's record keeping. The work performed by Fund counsel for which the Pension Trust seeks reimbursement related to assisting us with preserving, assembling and producing documents in response to discovery requests, preparing for a deposition, and other matters directly related to the prosecution of this Action. Fund counsel's hours were kept to a minimum and were incurred, in our view, as a reasonable and necessary expense directly related to the Pension Trust's services as a Lead Plaintiff in this matter. Accordingly, the Pension Trust respectfully requests that the Court award it $28,775, representing the time that the Pension Trust

- 3 -

4891-1933-3896.v1

spent on this litigation, as well as the expenses it accrued for fund counsel that were incurred in its representation of the Class.

8.      For all of these reasons, the Pension Trust respectfully requests that the Court: (i) grant final approval of the Settlement; (ii) award Lead Counsel their requested attorneys' fees and expenses; and (iii) award the Pension Trust $28,775 pursuant to 15 U.S.C. §78u-4(a)( 4) in connection with its representation of the Class.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed this 22 day of February, 2022, in St. Louis County, Missouri.

_____
DON WILLEY

4891-1933-3896.v1