# EXHIBIT 4

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**(Richmond Division)**

| | |
|---|---|
| GABBY KLEIN et al., Individually and On Behalf of All Others Similarly Situated,<br><br>        Plaintiff,<br><br>vs.<br><br>ALTRIA GROUP, et al.,<br><br>        Defendants. | Civil Action No. 3:20-cv-00075-DJN<br><br><u>CLASS ACTION</u> |

**DECLARATION OF JORDAN BROKER REGARDING**
**(I) NOTICE DISSEMINATION; (II) PUBLICATION OF SUMMARY NOTICE; (III) CALL CENTER SERVICES; (IV) THE SETTLEMENT WEBSITE; (V) REQUESTS FOR EXCLUSION AND OBJECTIONS RECEIVED TO DATE; (VI) ESTIMATE OF ADMINISTRATION COSTS**

I, Jordan Broker, declare and state as follows:

1.    I am a Project Manager employed by Epiq Class Action & Claims Solutions, Inc. ("Epiq"). Pursuant to the Court's Order Preliminarily Approving Settlement, Certifying Settlement Class, and Providing Notice for Settlement ("Order") dated December 16, 2021 (ECF No. 303), Epiq was authorized to act as the Claims Administrator for the Settlement in the above-captioned action (the "Action").[1]

2.    The following statements are based on my personal knowledge and information provided by Epiq employees working under my supervision, and if called on to do so, I could and would testify competently thereto.

---

[1] Unless otherwise defined herein, all capitalized terms shall have the same meaning as set forth in the Stipulation.

3.      I submit this Declaration in order to provide the Court and the Parties to the Settlement with information regarding: (I) the mailing of the Court-approved Notice of Proposed Settlement, Motion for an Award of Attorneys' Fees and Litigation Expenses, and Settlement Fairness Hearing (the "Notice"), the Proof of Claim and Release Form (the "Claim Form") (together, the "Notice Packet"), and the Postcard Notice, (II) publication and transmission of the Summary Notice, (III) establishment of the toll-free number and website dedicated to this Settlement, (IV) the number of requests for exclusion from the Settlement Class or objections received by Epiq to date; and (V) Epiq's estimated administration costs.

## I.      NOTICE DISSEMINATION

4.      Pursuant to the Order, Epiq was responsible for disseminating the Postcard Notice to potential Settlement Class Members at the mailing addresses set forth in the records provided by Altria Group, Inc. (JLI). By definition, Settlement Class Members are all persons and entities who or which purchased or otherwise acquired Altria common stock between March 7, 2016, through March 27, 2020, inclusive (the "Class Period"), and were allegedly damaged thereby.

5.      On December 16, 2021, Epiq received from Lead Counsel a file containing the names and addresses of potential members of the Settlement Class (as required by Paragraph 7(a) of the Order), identifying holders of Altria common stock during the Class Period.  The data received resulted in 65,388 unique mailing records.  On January 5, 2022 (the "Initial Mailing"), Epiq caused the Postcard Notice to be mailed to the 65,388 unique mailing records contained in the data provided by Altria.

6.      As in most class actions of this nature, the large majority of potential Settlement Class Members are expected to be beneficial purchasers whose securities are held in "street name" – *i.e.*, the securities are purchased by brokerage firms, banks, institutions and other third-party

nominees in the name of the nominee, on behalf of the beneficial purchasers. Epiq maintains and updates a proprietary internal list of the largest and most common banks, brokers and other nominees. At the time of the Initial Mailing, Epiq's internal broker list contained 1,095 mailing records. On January 5, 2022, Epiq caused the Notice Packet to be mailed to the 1,095 mailing records contained in its internal broker list.

7.      In total, Epiq mailed 65,388 copies of the Postcard Notice and 1,095 Notice Packets as part of the Initial Mailing. Copies of the Postcard Notice and Notice Packet are attached hereto as Exhibit A.

8.      The Notice directed those who purchased Altria common stock during the Class Period for the beneficial interest of a person or organization other than themselves to either (a) within seven (7) calendar days of receipt of the Notice, request from Epiq sufficient copies of the Postcard Notice to forward to all such beneficial owners, or (b) within seven (7) calendar days of receipt of the Notice, provide to Epiq the names and addresses of all such beneficial owners.

9.      From the Initial Mailing through February 23, 2022, Epiq received an additional 327,117 names and addresses of potential Settlement Class Members from individuals or brokerage firms, banks, institutions, and other nominees. Epiq has also received 2 requests from institutions for 741,399 Postcard Notices to be sent them for forwarding directly to their clients.[2] All such requests have been, and will continue to be, complied with and addressed in a timely manner.

10.      As of February 23, 2022, a total of 1,133,904 Postcard Notices have been mailed or e-delivered to potential Settlement Class Members and nominees.

---

[2] In an effort to reduce cost, 228,128 Postcard Notices were sent electronically by an institution directly to their clients. The institution received approval from Epiq after consultation with Class Counsel.

## II.    PUBLICATION OF THE SUMMARY NOTICE

11.    The Order directed that the Summary Notice be transmitted over PR Newswire and published once in *Investor's Business Daily* within ten (10) calendar days of the Notice Date. Accordingly, the Summary Notice was transmitted over PR Newswire and published in *Investor's Business Daily* on January 10, 2021. Proof of the dissemination of the Summary Notice is attached hereto as Exhibit B.

## III.    TELEPHONE HELPLINE AND WEBSITE

12.    Epiq reserved a toll-free phone number for the Settlement, (877) 891-7880, and published that toll-free number in the Notice Packet, in the Summary Notice, and on the Settlement Website.

13.    The toll-free number became operational on January 5, 2022.  The toll-free number connects callers with an Interactive Voice Recording ("IVR").  The IVR provides potential Settlement Class Members and others who call the toll-free telephone number access to additional information that has been pre-recorded.  The toll-free telephone line with pre-recorded information is available 24 hours a day, 7 days a week.  Specifically, the pre-recorded message provides callers with a brief summary of the Settlement and the option to select one of several more detailed recorded messages addressing frequently asked questions. The IVR also allows callers to request that a copy of the Notice Packet be mailed to them, or the caller may opt to speak live with a trained operator. Callers can speak to a live operator regarding the status of the Settlement and/or obtain answers to questions they may have, Monday through Friday from 9:00 a.m. to 9:00 p.m. Eastern Time (excluding official holidays). During other hours, callers may leave a message for an agent to call them back.  Epiq has promptly responded to each telephone inquiry and will continue to address potential Settlement Class Members' inquiries.

14.    Epiq established and is maintaining  a website dedicated to the Settlement (www.AltriaGroupIncSecuritiesLitigation.com) to provide information to Settlement Class Members (including the exclusion, objection and claim filing deadlines, as well as the date of the Court's Settlement Hearing), and to answer frequently asked questions. Users of the website can download a copy of the Notice, Claim Form, Order, and other case-related documents. The web address is set forth in the Claim Package and the Summary Notice. Epiq will continue operating, maintaining and, as appropriate, updating the website with relevant case updates and court documents until the conclusion of the administration.

## IV.    REQUESTS FOR EXCLUSION AND OBJECTIONS RECEIVED TO DATE

15.    The Notice, Postcard Notice, Summary Notice, and Settlement Website inform Settlement Class Members that requests for exclusion from the Settlement Class must be received by March 10, 2022.  The Notice directs Settlement Class Members who wish to request exclusion to mail their request to Altria Group Inc. Securities Litigation, EXCLUSIONS, P.O. Box 6935, Portland, OR 97228-6935.  The Notice also sets forth the information that must be included in each request for exclusion.  Epiq monitors all mail delivered to this P.O. Box.

16.    As of February 23, 2022, Epiq has received 12 requests for exclusion.  Epiq has monitored and will continue to monitor all mail delivered to this address.  Epiq will submit a supplemental declaration after the March 10, 2022 deadline addressing any requests for exclusion received.

17.    The Notice, Postcard Notice, Summary Notice, and Settlement Website also inform Settlement Class Members that they may object to the proposed Settlement, the proposed Plan of Allocation or the request for attorneys' fees and Litigation Expenses; the objection must be in writing, and filed with the Court and delivered to representatives of Lead Counsel and Defendants' Counsel such that they are received on or before March 10, 2022.

18.     Through February 23, 2022, Epiq has not received or been informed of any objections to the proposed Settlement, the Plan of Allocation, or the request for attorneys' fees and Litigation Expenses.

## V.     ESTIMATE OF ADMINISTRATION COSTS

19.     At this time, Epiq cannot predict the total Notice and Administration Costs that will be incurred in connection with providing notice to the Settlement Class and processing claims in this Action as it will depend upon the total number of Postcard Notices and Notice Packets ultimately mailed and the total number of claims received, among other factors.  At this time, based on the approximately 1.2 million Postcard Notices and Notice Packets mailed to date, Epiq estimates that the total Notice and Administration Costs will not exceed $1,400,000.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge.  Executed on February 23, 2022.


_____
Jordan Broker

Exhibit A

Altria Group Inc. Securities Litigation
Claims Administrator
P.O. Box 6935
Portland, OR 97228-6935



BARCODE NO
PRINT ZONE

FIRST-CLASS MAIL
U.S. POSTAGE
PAID
Portland, OR
PERMIT NO. 2882

**Court-Ordered Legal Notice**
**Forwarding Service Requested**

*Important Notice about a Securities Class Action*
*Settlement*
*You may be entitled to a payment.*
*This Notice may affect your legal rights.*
*Please read it carefully.*

Klein v. Altria Group, et al.
Case No. 3:20-cv-00075 (E.D.V.A.)
Case Pending in U.S. District Court for Eastern
District of Virginia

The U.S. District Court for the Eastern District of
Virginia (the "Court") has preliminarily approved a
proposed Settlement of claims against Altria Group,
Inc. ("Altria"), JUUL Labs, Inc. ("JLI"), Howard A.
Willard III, William F. Gifford, Jr., Adam Bowen,
James Monsees, Kevin Burns, and K.C. Crosthwaite
(collectively, "Defendants").

<<MAIL ID>>
<<NAME 1>>
<<NAME 2>>
<<ADDRESS LINE 1>>
<<ADDRESS LINE 2>>
<<ADDRESS LINE 3>>
<<ADDRESS LINE 4>>
<<ADDRESS LINE 5>>
<<CITY, STATE ZIP>>
<<COUNTRY>>

BARCODE NO PRINT ZONE

The proposed Settlement would resolve a class action lawsuit alleging that Defendants made false and/or misleading statements concerning Altria's and JLI's business operations. Defendants deny the allegations.

You received this notice because you may have purchased or acquired Altria securities between October 25, 2018 and April 1, 2020, inclusive, and you may be a Settlement Class Member. The Settlement provides that, in exchange for dismissal and release of claims against Defendants, a fund consisting of $90,000,000, less attorneys' fees and expenses, will be divided among Settlement Class Members who timely submit valid Claim Forms. The average recovery per share could be $0.15 before deduction of any fees and expenses. Plaintiffs and Defendants disagree as to the amount per share that would be recoverable if Plaintiffs prevailed on each claim. Plaintiffs believe that the proposed Settlement is fair, reasonable and in the best interests of the Settlement Class considering the strengths and weaknesses of the claims, the uncertainties of complex litigation, and the concrete benefits provided by the Settlement. Defendants have agreed to settle to avoid the continuing burden and expense of this Action. <u>For a full description of the Settlement and your rights and to make a claim, please view the Stipulation of Settlement and obtain a copy of the Notice of (I) Proposed Securities Class Action Settlement; (II) Motion For An Award of Attorneys' Fees and Litigation Expenses; and (III) Settlement Fairness Hearing ("Notice") and Claim Form by visiting the website: www.AltriaGroupIncSecuritiesLitigation.com (the "Website").</u> You may request copies of the Notice and Claim Form by: (1) mail: Altria Group Inc. Securities Litigation, c/o Claims Administrator, P.O. Box 6935, Portland, OR 97228-6935; (2) call toll-free: 1-855-604-1694; or (3) email: info@AltriaGroupIncSecuritiesLitigation.com.

To qualify for payment, you must submit a Claim Form, which can be found on the Website. CLAIM FORMS ARE DUE BY April 5, 2022 and should be mailed to the address above or submitted electronically through the Website. If you do not want to be legally bound by the Settlement, you must exclude yourself by March 10, 2022. If you exclude yourself, you cannot get money from this Settlement. If you stay in the Settlement, you may object to it by March 10, 2022. The Notice explains how to exclude yourself or to object.

The Court will hold a hearing on March 31, 2022 at 12:00 p.m. at 701 East Broad Street, Richmond, VA 23219, Courtroom 6300, to consider whether to approve the Settlement, the Plan of Allocation, and a request by Lead Counsel for no more than 31% of the Settlement Fund for their attorneys' fees, plus up to $1,700,000 in expenses, and Awards to Plaintiffs of no more than $69,000 in total, which amounts to approximately $0.05 per affected share. Lead Counsel are Jeremy A. Lieberman, of Pomerantz LLP and David A. Rosenfeld, of Robbins Geller Rudman & Dowd LLP. The Notice explains how to contact Lead Counsel. You may, but do not have to, attend the hearing and ask to be heard by the Court.

AF2852 v.02

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**(Richmond Division)**

| | |
|---|---|
| GABBY KLEIN, et al., Individually and on Behalf of All Others Similarly Situated,<br><br>    Plaintiffs,<br><br>    vs.<br><br>ALTRIA GROUP, INC., et al.,<br><br>    Defendants. | Civil Action No. 3:20-cv-00075-DJN<br><br>CLASS ACTION |

**NOTICE OF (I) PROPOSED SETTLEMENT; (II) MOTION FOR AN**
**AWARD OF ATTORNEYS' FEES AND LITIGATION EXPENSES; AND**
**(III) SETTLEMENT FAIRNESS HEARING**

*A Federal Court authorized this Notice. This is not a solicitation from a lawyer.*

**NOTICE OF SETTLEMENT:** Please be advised that the Court-appointed Lead Plaintiffs Donald and Sarah Sherbondy (the "Sherbondys") and Construction Laborers Pension Trust of Greater St. Louis ("CLPT") ("Plaintiffs"), on behalf of themselves and the Settlement Class (as defined in ¶ 12 below), have reached a proposed settlement of the above-captioned action (the "Action")[1] with Defendants Altria Group, Inc. ("Altria"), JUUL Labs, Inc. ("JLI"), Howard A. Willard III ("Willard"), William F. Gifford, Jr. ("Gifford"), Adam Bowen ("Bowen"), James Monsees ("Monsees"), Kevin Burns ("Burns"), and K.C. Crosthwaite ("Crosthwaite") (collectively, the "Defendants," and with Plaintiffs, the "Parties") for $90 million in cash that, if approved, will resolve all claims in the Action (the "Settlement").

**PLEASE READ THIS NOTICE CAREFULLY. This Notice explains important rights you may have, including the possible receipt of cash from the Settlement. If you are a member of the Settlement Class, your legal rights will be affected whether or not you act.**

**If you have any questions about this Notice, the proposed Settlement, or your eligibility to participate in the Settlement, please DO NOT contact the Court, the Defendants in the Action or their counsel. All questions should be directed to Lead Counsel or the Claims Administrator (*see* ¶ 55 below).**

**Additional information about the Settlement is available on the website, www.AltriaGroupIncSecuritiesLitigation.com.**

　　1.　　**Description of the Action and the Settlement Class:** This Notice relates to a proposed Settlement of claims in a pending putative securities class action brought by investors alleging, among other things, that Defendants violated the federal securities laws by making false and misleading statements and omissions. A more detailed description of the Action is set forth in ¶ 11 below. The proposed Settlement, if approved by the Court, will settle claims of the Settlement Class, as defined in ¶ 12 below:

> **All persons and entities who purchased or otherwise acquired Altria securities between October 25, 2018 and April 1, 2020, both dates inclusive, and were allegedly damaged thereby.**

　　2.　　**Statement of the Settlement Class's Recovery:** Subject to Court approval, Plaintiffs, on behalf of themselves and the Settlement Class, have agreed to settle the Action in exchange for a settlement payment of $90 million in cash (the "Settlement Amount") to be deposited into an escrow account. The Net Settlement Fund (*i.e.*, the Settlement Amount plus any and all interest earned thereon (the "Settlement Fund") less (i) any Taxes and Tax Expenses; (ii) any Notice and Administration Costs; (iii) any Litigation Expenses awarded by the Court; (iv) any attorneys' fees awarded by the Court; and (v) any other award to Plaintiffs made by the Court pursuant to the PSLRA for reasonable costs and expenses) will be distributed in accordance with a plan of allocation approved by the Court, which will determine how the Net Settlement Fund shall be allocated among members of the Settlement Class. Plaintiffs' proposed plan of allocation (the "Plan of Allocation") is attached hereto as Appendix A.

---

[1] All capitalized terms used in this Notice that are not otherwise defined herein shall have the meanings ascribed to them in the Stipulation and Agreement of Settlement dated December 9, 2021 ("Stipulation"), which is available at www.AltriaGroupIncSecuritiesLitigation.com.

3.     **Estimate of Average Amount of Recovery Per Share:** Based on Plaintiffs' damages expert's estimate of the number of shares of Altria securities purchased or otherwise acquired during the Settlement Class Period (defined in ¶ 11 below) that may have been affected by the alleged conduct at issue in the Action, and assuming that all Settlement Class Members elect to participate in the Settlement, the estimated average recovery (before the deduction of any Court-approved fees, expenses, and costs as described herein) per eligible share is approximately $0.15. **Settlement Class Members should note, however, that the foregoing average recovery per eligible share is only an estimate.** Some Settlement Class Members may recover more or less than this estimated amount depending on, among other factors: (i) when and the price at which they purchased/acquired Altria securities; (ii) whether they sold their Altria securities and, if so, when and the price at which they sold their securities; (iii) the total number and value of valid Claims submitted; (iv) the amount of Notice and Administration Costs; and (v) the amount of attorneys' fees and Litigation Expenses awarded by the Court. Distributions to Settlement Class Members will be made based on the Plan of Allocation attached hereto as Appendix A or such other plan of allocation as may be ordered by the Court.

4.     **Average Amount of Damages Per Share:** The Parties do not agree on the average amount of damages per share of Altria securities that would be recoverable if Plaintiffs were to prevail in the Action. Among other things, Defendants deny all allegations of liability and do not agree with the Plaintiffs' assertion that they committed any wrongdoing, violated any laws or regulations, or that any damages were suffered by any members of the Settlement Class as a result of their conduct.

5.     **Attorneys' Fees and Expenses Sought:** Court-appointed Lead Counsel, Pomerantz LLP and Robbins Geller Rudman & Dowd LLP, have not received any payment of attorneys' fees for their representation of the Settlement Class in the Action and have advanced the funds to pay expenses incurred to prosecute this Action with the expectation that if they were successful in recovering money for the Settlement Class, they would receive fees and be paid for their expenses from the Settlement Fund, as is customary in this type of litigation. Lead Counsel will apply to the Court for an award of attorneys' fees in an amount not to exceed 31% of the Settlement Fund, plus interest. In addition, Lead Counsel will apply for payment of Litigation Expenses incurred in connection with the institution, prosecution, and resolution of the claims against Defendants, in an amount not to exceed $1,700,000, plus interest, which amount may include a request for reimbursement of the reasonable costs and expenses incurred by Plaintiffs directly related to their representation of the Settlement Class in accordance with 15 U.S.C. § 78u-4(a)(4), in an aggregate amount not to exceed $69,000, which will be included as part of the $1,700,000 total amount of Litigation Expenses sought. Any fees and expenses awarded by the Court will be paid from the Settlement Fund. Settlement Class Members are not personally liable for any such fees or expenses. The Settlement does not include an endorsement by Defendants of any application submitted by Lead Counsel for an award of attorneys' fees and/or Litigation Expenses. The estimated average cost per eligible share of Altria securities, if the Court approves Lead Counsel's fee and expense application, is approximately $0.05 per share. **Please note that this amount is only an estimate**.

6.     **Identification of Attorneys' Representatives:** Plaintiffs and the Settlement Class are represented by Jeremy A. Lieberman, Esq. of Pomerantz LLP, 600 Third Avenue, 20th Floor, New York, NY 10016, 1-212-661-1100, jalieberman@pomlaw.com and David A. Rosenfeld, Esq. of Robbins Geller Rudman & Dowd LLP, 58 South Service Road, Suite 200, Melville, NY 11747, 1-800-449-4900, rickn@rgrdlaw.com. Further information regarding the Action, the Settlement, and this Notice may be obtained by contacting Lead Counsel or the Court-appointed Claims Administrator at: *Altria Group Inc. Securities Litigation Settlement*, c/o Claims Administrator, P.O. Box 6935, Portland, OR 97228-6935; 1-855-604-1694; info@AltriaGroupIncSecuritiesLitigation.com; www.AltriaGroupIncSecuritiesLitigation.com.

7.     **Reasons for the Settlement:** Plaintiffs' principal reason for entering into the Settlement is the immediate cash benefit for the Settlement Class without the risk or the delays and costs inherent in further litigation. Moreover, the cash benefit provided under the Settlement must be considered against the risk that a smaller recovery – or indeed no recovery at all – might be achieved after contested motions, a trial of the Action, and the likely appeals that would follow a trial. This process could be expected to last several years. Defendants, who deny all allegations of wrongdoing or liability whatsoever, have determined that it is desirable and beneficial to them that the Action be settled in the manner and upon the terms and conditions of the Settlement.

| YOUR LEGAL RIGHTS AND OPTIONS IN THE SETTLEMENT: | |
|---|---|
| **SUBMIT A CLAIM FORM ONLINE OR POSTMARKED NO LATER THAN APRIL 5, 2022.** | This is the only way to be eligible to receive a payment from the Settlement Fund. If you are a Settlement Class Member and you remain in the Settlement Class, you will be bound by the Settlement as approved by the Court and you will give up any Released Plaintiffs' Claims (defined in ¶ 21 below) that you have against Defendants and the other Defendants' Releasees (defined in ¶ 22 below), so it is in your interest to submit a Claim Form. |
| **EXCLUDE YOURSELF FROM THE SETTLEMENT CLASS BY SUBMITTING A WRITTEN REQUEST FOR EXCLUSION SO THAT IT IS *RECEIVED* NO LATER THAN MARCH 10, 2022.** | Get no payment. If you exclude yourself from the Settlement Class, you will not be eligible to receive any payment from the Settlement Fund. This is the only option that allows you to ever be part of any other current or future lawsuit against the Defendants or any of the other Defendants' Releasees (defined in ¶ 22 below) concerning the Released Plaintiffs' Claims (defined in ¶ 21 below). It is also the *only* way for Settlement Class Members to remove themselves from the Settlement Class. **If you are considering excluding yourself from the Settlement Class, please note that there is a risk that any new claims asserted against the Defendants may no longer be timely and would be time-barred.** *See* ¶ 42 below. |
| **OBJECT TO THE SETTLEMENT BY SUBMITTING A WRITTEN OBJECTION SO THAT IT IS *RECEIVED* NO LATER THAN MARCH 10, 2022.** | If you do not like the proposed Settlement, the proposed Plan of Allocation, or the requested attorneys' fees and Litigation Expenses, you may write to the Court and explain why you do not like them. In order to object, you must remain a member of the Settlement Class, may not exclude yourself, and you will be bound by the Court's determinations. |
| **GO TO A HEARING ON MARCH 31, 2022 AT 12:00 P.M., AND FILE A NOTICE OF INTENTION TO APPEAR SO THAT IT IS *RECEIVED* NO LATER THAN MARCH 10, 2022.** | If you have filed a written objection and wish to appear at the hearing, you must also file a notice of intention to appear by March 10, 2022, which allows you to speak in Court, at the discretion of the Court, about the fairness of the Settlement, the Plan of Allocation, and/or the request for attorneys' fees and Litigation Expenses. If you submit a written objection, you may (but you do not have to) attend the hearing. |
| **DO NOTHING.** | If you are a member of the Settlement Class and you do not submit a valid Claim Form, you will not be eligible to receive any payment from the Settlement Fund. You will, however, remain a member of the Settlement Class, which means that you give up your right to sue about the claims that are resolved by the Settlement and you will be bound by any judgments or orders entered by the Court in the Action. |

**These rights and options – and the deadlines to exercise them – are further explained in this Notice. <u>Please Note</u>: The date and time of the Settlement Fairness Hearing – currently scheduled for March 31, 2022 at 12:00 p.m. – is subject to change without further notice to the Settlement Class. If you plan to attend the hearing, you should check the website <u>www.AltriaGroupIncSecuritiesLitigation.com</u> or with Lead Counsel as set forth above to confirm that no change to the date and/or time of the hearing has been made.**

AF2903 v.07

## WHAT THIS NOTICE CONTAINS

WHY DID I GET THIS NOTICE? ........................................................................................4

WHAT IS THIS CASE ABOUT? .........................................................................................5

HOW DO I KNOW IF I AM AFFECTED BY THE SETTLEMENT?
WHO IS INCLUDED IN THE SETTLEMENT CLASS? ....................................................5

WHAT ARE PLAINTIFFS' REASONS FOR THE SETTLEMENT? .......................................5

WHAT MIGHT HAPPEN IF THERE WERE NO SETTLEMENT? ........................................6

HOW ARE SETTLEMENT CLASS MEMBERS AFFECTED BY THE ACTION
AND THE SETTLEMENT? ...........................................................................................6

HOW DO I PARTICIPATE IN THE SETTLEMENT? WHAT DO I NEED TO DO? ................8

HOW MUCH WILL MY PAYMENT BE? .............................................................................8

WHAT PAYMENT ARE THE ATTORNEYS FOR THE SETTLEMENT CLASS SEEKING?
HOW WILL THE LAWYERS BE PAID? .........................................................................9

WHAT IF I DO NOT WANT TO BE A MEMBER OF THE SETTLEMENT CLASS?
HOW DO I EXCLUDE MYSELF? ..................................................................................9

WHEN AND WHERE WILL THE COURT DECIDE WHETHER TO APPROVE THE SETTLEMENT?
DO I HAVE TO COME TO THE HEARING?
MAY I SPEAK AT THE HEARING IF I DON'T LIKE THE SETTLEMENT? ......................10

WHAT IF I BOUGHT SHARES ON SOMEONE ELSE'S BEHALF? ...................................11

CAN I SEE THE COURT FILE? WHOM SHOULD I CONTACT IF I HAVE QUESTIONS? ....12

PROPOSED PLAN OF ALLOCATION OF NET SETTLEMENT FUND AMONG
AUTHORIZED CLAIMANTS ...........................................................................APPENDIX A

## WHY DID I GET THIS NOTICE?

8.      The Court directed that this Notice be mailed to you because you or someone in your family or an investment account for which you serve as a custodian <u>may</u> have purchased or otherwise acquired Altria securities during the Settlement Class Period (as defined in ¶ 11 below). The Court has directed us to send you this Notice because, as a potential Settlement Class Member, you have a right to know about your options before the Court rules on the proposed Settlement. Additionally, you have the right to understand how this class action lawsuit may generally affect your legal rights. If the Court approves the Settlement and the Plan of Allocation (or some other plan of allocation), the Claims Administrator selected by Plaintiffs and approved by the Court will make payments pursuant to the Settlement after any objections and appeals are resolved.

9.      The purpose of this Notice is to inform you of the existence of this case, that it is a class action, how you might be affected, and how to exclude yourself from the Settlement Class if you wish to do so. It is also being sent to inform you of the terms of the proposed Settlement, and of a hearing to be held by the Court to consider the fairness, reasonableness, and adequacy of the Settlement, the proposed Plan of Allocation, and Lead Counsel's application for an award of attorneys' fees and Litigation Expenses ("Settlement Fairness Hearing"). *See* ¶ 45 below for details about the Settlement Fairness Hearing, including the date and location of the hearing.

10.      The issuance of this Notice is not an expression of any opinion by the Court concerning the merits of any claim in the Action, and the Court still has to decide whether to approve the Settlement. If the Court approves the Settlement and a plan of allocation, then payments to Authorized Claimants will be made after any appeals are resolved and after the completion of all claims processing. Please be patient, as this process can take some time.

AF2904 v.07

## WHAT IS THIS CASE ABOUT?

11.      The Court in charge of this case, *Klein v. Altria Group, Inc., et al.*, No. 3:20-cv-00075-DJN (the "Action"), is the United States District Court for the Eastern District of Virginia, Richmond Division. The Action is a securities class action brought against Altria and the other Defendants. Plaintiffs allege that, during the period between October 25, 2018 and April 1, 2020, both dates inclusive (the "Settlement Class Period"), Defendants violated provisions of the Securities Exchange Act of 1934 ("Exchange Act") by allegedly making material misstatements and/or omissions of material fact in public statements regarding Altria's $12.8 billion investment in JUUL Labs, Inc., ("JLI") and failing to inform investors about the material risks created by what Plaintiffs allege to be JLI's marketing practices with respect to underage consumers. The Corrected Consolidated Class Action Complaint (the "Complaint") alleges that the misstatements or omissions artificially inflated the price of Altria securities, and that the share price dropped in response to certain subsequent disclosures. Defendants have denied the claims asserted against them in the Action and deny having engaged in any wrongdoing or violation of law of any kind whatsoever, including, without limitation, any allegation that they have committed any act or omission giving rise to any liability under the Exchange Act, or Rule 10b-5 promulgated thereunder, or designed and/or marketed products to appeal to underage users.

## HOW DO I KNOW IF I AM AFFECTED BY THE SETTLEMENT?
## WHO IS INCLUDED IN THE SETTLEMENT CLASS?

12.      If you are a member of the Settlement Class, you are subject to the Settlement, unless you timely request to be excluded from the Settlement Class. The Settlement Class certified by the Court consists of:

**All persons and entities who purchased or otherwise acquired Altria securities between October 25, 2018 and April 1, 2020, both dates inclusive, and were allegedly damaged thereby.**

Excluded from the Settlement Class are (i) Defendants; (ii) current and former officers and directors of Altria and JLI; (iii) members of the Immediate Family of each of the Individual Defendants; (iv) all subsidiaries and affiliates of Altria and JLI and the directors and officers of Altria, JLI, and their respective subsidiaries or affiliates; (v) all persons, firms, trusts, corporations, officers, directors, and any other individual or entity in which any Defendant has a controlling interest; (vi) the legal representatives, agents, affiliates, heirs, successors-in-interest or assigns of all such excluded parties; and (vii) any persons or entities who properly exclude themselves by filing a valid and timely request for exclusion. *See* "What If I Do Not Want To Be A Member Of The Class? How Do I Exclude Myself," on page 9 below.

**PLEASE NOTE: RECEIPT OF THIS NOTICE DOES NOT MEAN THAT YOU ARE A SETTLEMENT CLASS MEMBER OR THAT YOU WILL BE ENTITLED TO RECEIVE PROCEEDS FROM THE SETTLEMENT.**

**IF YOU ARE A SETTLEMENT CLASS MEMBER AND YOU WISH TO BE ELIGIBLE TO PARTICIPATE IN THE DISTRIBUTION OF PROCEEDS FROM THE SETTLEMENT, YOU ARE REQUIRED TO SUBMIT THE CLAIM FORM THAT IS BEING DISTRIBUTED WITH THIS NOTICE AND THE REQUIRED SUPPORTING DOCUMENTATION AS SET FORTH THEREIN POSTMARKED OR SUBMITTED ONLINE NO LATER THAN APRIL 5, 2022.**

## WHAT ARE PLAINTIFFS' REASONS FOR THE SETTLEMENT?

13.      Plaintiffs and Lead Counsel believe that the claims asserted against Defendants have merit; however, they also recognize the substantial risks in continuing to litigate the Action. For example, Defendants have raised a number of arguments and defenses, including that Defendants made no misrepresentations, that the alleged misrepresentations were immaterial as a matter of law, that Defendants did not design and/or market products to appeal to underage users, that Plaintiffs would not be able to establish that Defendants acted with the requisite intent and that Plaintiffs could not establish that the decline in the prices of Altria securities was the result of the revelation of the truth concerning prior misrepresentations and omissions. Even assuming Plaintiffs could establish Defendants' liability, the amount of damages that could be attributed to the allegedly false statements would be hotly contested. Additionally, Plaintiffs and Lead Counsel recognize the significant expense and length of continued proceedings necessary to pursue their claims against Defendants through further motion practice, trial, and appeals. Thus, there were very significant risks attendant to the continued prosecution of the Action.

AF2905 v.07

14.    In light of these risks, the amount of the Settlement, and the immediacy of recovery to the Settlement Class, Plaintiffs and Lead Counsel believe that the proposed Settlement is fair, reasonable, and adequate, and in the best interests of the Settlement Class. Plaintiffs and Lead Counsel believe that the Settlement provides a favorable result for the Settlement Class, namely $90 million in cash (less the various deductions described in this Notice), as compared to the risk that the claims in the Action would produce a smaller, or no, recovery after summary judgment, trial, and appeals, possibly years in the future.

15.    Defendants have denied the claims asserted against them in the Action and deny having engaged in any wrongdoing or violation of law of any kind whatsoever, including, without limitation, any allegation that they have committed any act or omission giving rise to any liability under the Exchange Act, or Rule 10b-5 promulgated thereunder, or designed and/or marketed products to appeal to underage users. Defendants have agreed to the Settlement to eliminate the burden and expense of continued litigation, and the Settlement may not be construed as an admission of any wrongdoing by Defendants in this or any other action or proceeding.

## WHAT MIGHT HAPPEN IF THERE WERE NO SETTLEMENT?

16.    If there were no Settlement and Plaintiffs failed to establish any essential legal or factual element of their claims against Defendants, neither Plaintiffs nor the other members of the Settlement Class would recover anything from Defendants. Also, if Defendants were successful in proving any of their defenses, either at summary judgment, at trial, or on appeal, the Settlement Class could recover substantially less than the amount provided in the Settlement, or nothing at all. It is also possible that no class action would have been certified or that a different class would have been certified.

## HOW ARE SETTLEMENT CLASS MEMBERS AFFECTED BY THE ACTION AND THE SETTLEMENT?

17.    The law firms of Pomerantz LLP and Robbins Geller Rudman & Dowd LLP were appointed to represent all Settlement Class Members. These lawyers are called Lead Counsel. You will not be separately charged for the services of these lawyers. The Court will determine the amount of Lead Counsel's fees and expenses. Any fees and expenses awarded by the Court will be paid from the Settlement Fund. As a Settlement Class Member, you are represented by Lead Counsel. If you want to be represented by your own lawyer, you may hire one at your own expense. You are not required to retain your own counsel, but if you choose to do so, such counsel must file a notice of appearance on your behalf. *See* "When And Where Will The Court Decide Whether To Approve The Settlement?," on page 10 below.

18.    If you are a Settlement Class Member and do not wish to remain a Settlement Class Member, you may exclude yourself from the Settlement Class by following the instructions in the section entitled, "What If I Do Not Want To Be A Member Of The Settlement Class? How Do I Exclude Myself?," on page 9 below.

19.    If you are a Settlement Class Member and you wish to object to the Settlement, the Plan of Allocation, or Lead Counsel's application for attorneys' fees and Litigation Expenses, and if you do not exclude yourself from the Settlement Class, you may present your objections by following the instructions in the section entitled, "When And Where Will The Court Decide Whether To Approve The Settlement?," on page 10 below.

20.    If you are a Settlement Class Member and you do not exclude yourself from the Settlement Class, you will be bound by any orders issued by the Court. If the Settlement is approved, the Court will enter a judgment ("Judgment"). The Judgment will dismiss with prejudice the claims against Defendants and will provide that, upon the Effective Date of the Settlement, Plaintiffs and each of the other Settlement Class Members (whether or not such person submitted a Claim Form), on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, and assigns in their capacities as such, and on behalf of any other person or entity legally entitled to bring Released Plaintiffs' Claims (as defined in ¶ 21 below) on behalf of any Settlement Class Member, shall be deemed to have, and by operation of law and of the Judgment shall have fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, discharged, and dismissed with prejudice each and every one of the Released Plaintiffs' Claims (including, without limitation, any Unknown Claims) against any and all Defendants' Releasees (as defined in ¶ 22 below), and shall forever be barred and enjoined, to the fullest extent permitted by law, from commencing, instituting, maintaining, prosecuting or continuing to prosecute any or all of the Released Plaintiffs' Claims against any of the Defendants' Releasees, in this Action or in any other proceeding. This Release shall not apply to any Excluded Plaintiffs' Claims (as defined in ¶ 21 below).

21.     "Released Plaintiffs' Claims" means any and all claims, rights and causes of action, duties, obligations, demands, actions, debts, sums of money, suits, contracts, agreements, promises, damages and liabilities, including both known claims and Unknown Claims, whether contingent or non-contingent, derivative or direct, or suspected or unsuspected, including any claims arising under federal or state statutory or common law or any other law, rule or regulation, whether foreign or domestic, in law, in contract, or in equity, and regardless of legal theory, and including claims for indemnification, contribution, or otherwise denominated, that have been asserted, could have been asserted, or could be asserted in the future, that (i) arise out of, or relate in any way to, or are based upon, the allegations, transactions, acts, facts, events, matters, occurrences, representations or omissions involved, set forth, alleged or referred to in the Complaint, the proposed amended complaint in the Action, or in any of the prior complaints and (ii) in any way is based upon or related to the purchase, acquisition, or holding of Altria securities purchased or otherwise acquired by members of the Settlement Class during the Settlement Class Period. "Released Plaintiffs' Claims" does not include (i) any claims relating to the enforcement of the Settlement; (ii) any claims between Defendants' Releasees and their respective insurers; and (iii) any claims of any person or entity who or which submits a request for exclusion from the Settlement Class that is accepted by the Court ("Excluded Plaintiffs' Claims"); and (iv) those claims asserted derivatively in *In re Altria Group, Inc. Derivative Litigation*, No. 3:20-cv-00772-DJN, *In re Altria Group, Inc. Derivative Litigation*, No. CL20-7051, *McCollum v. Gifford et al.*, No. CL21-5732, and *Merritts v. Casteen et al.*, No. CL21-1093.

22.     "Defendants' Releasees" means any and all defendants named in any of the complaints filed in the Action, and any and all of their related parties in any forum, including, without limitation, any and all of their current or former parents, subsidiaries, affiliates, predecessors, successors, divisions, investment funds, joint ventures and general or limited partnerships, and each of their respective current or former officers, directors, trustees, partners, members, contractors, auditors, principals, agents, managing agents, employees, representatives, associates, attorneys, accountants, investment bankers, underwriters, insurers in their capacities as such, as well as each of the Individual Defendants' Immediate Family, heirs, executors, personal or legal representatives, estates, beneficiaries, predecessors, successors and assigns.

23.     "Unknown Claims" means (i) any Released Plaintiffs' Claims which any Plaintiff or any other Settlement Class Member, or each of their agents or attorneys, or their current or former officers, directors, or employees, does not know or suspect to exist in his, her or its favor at the time of the release of such claims, and (ii) any Released Defendants' Claims which any Defendant or each of their agents or attorneys, or their current or former officers, directors, or employees, does not know or suspect to exist in his, her, or its favor at the time of the release of such claims. With respect to any and all Released Claims, the Parties stipulate and agree that, upon the Effective Date of the Settlement, Plaintiffs and Defendants shall expressly waive, and each of the Settlement Class Members shall be deemed to have waived, and by operation of the Judgment or the Alternative Judgment, if applicable, shall have, to the fullest extent permitted by law, expressly waived and relinquished, any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law or foreign law, which is similar, comparable, or equivalent to California Civil Code § 1542, which provides:

> A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

The Parties and Settlement Class Members acknowledge, and shall be deemed by operation of law to have acknowledged, that they may hereafter discover facts, legal theories, or authorities in addition to or different from those which he or she or it or their counsel now knows or believes to be true with respect to the subject matter of the Released Claims, but, upon the Effective Date, Plaintiffs and Defendants shall expressly, fully, finally, and forever, settle and release, and each of the other Settlement Class Members shall be deemed to have settled and released, and upon the Effective Date by operation of the Judgment or the Alternative Judgment, if applicable, shall have, settled and released, fully, finally, and forever, any and all Released Claims without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities.

24.     The Judgment will also provide that, upon the Effective Date of the Settlement, Defendants' Releasees, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, and assigns in their capacities as such, and on behalf of any other person or entity legally entitled to bring Released Defendants' Claims on behalf of the Defendants, shall be deemed to have, and by operation of law and of the Judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Defendants' Claim (including, without limitation, any Unknown Claims) (as defined in ¶ 25 below) against the Plaintiffs' Releasees (as defined in ¶ 26 below), and shall forever be barred and enjoined from commencing, instituting, maintaining, prosecuting or continuing to prosecute any or all of the Released Defendants' Claims against any of the Plaintiffs' Releasees, in this Action or in any other proceeding. This Release shall not apply to any Excluded Defendants' Claims (as defined in ¶ 25 below).

AF2907 v.07

25.     "Released Defendants' Claims" means any and all claims, rights and causes of action, duties, obligations, demands, actions, debts, sums of money, suits, contracts, agreements, promises, damages and liabilities, including both known claims and Unknown Claims, whether contingent or non-contingent, or suspected or unsuspected, including any claims arising under federal or state statutory or common law or any other law, rule or regulation, whether foreign or domestic, that arise out of or relate in any way to the institution, prosecution, or settlement of the claims against the Defendants. "Released Defendants' Claims" does not include (i) any claims relating to the enforcement of the Settlement; or (ii) any claims against any person or entity who submits a request for exclusion from the Settlement Class that is accepted by the Court ("Excluded Defendants' Claims").

26.     "Plaintiffs' Releasees" means Plaintiffs, the Settlement Class and any and all of their related parties, including, without limitation, any and all of their past or present parents, subsidiaries, affiliates, predecessors, or successors, as well as any and all of their current or former officers, directors, employees, associates, members of their immediate families, agents or other persons acting on their behalf, underwriters, attorneys (including Plaintiffs' Counsel), advisors, financial advisors, publicists, independent certified public accountants, auditors, accountants, assigns, creditors, administrators, heirs, estates, or legal representatives and Plaintiffs' Counsel and their respective successors, assigns, representatives, officers, directors, attorneys and agents.

## HOW DO I PARTICIPATE IN THE SETTLEMENT? WHAT DO I NEED TO DO?

27.     To be eligible for a payment from the proceeds of the Settlement, you must be a member of the Settlement Class and you must timely complete and return the Claim Form with adequate supporting documentation *postmarked (if mailed), or submitted online at www.AltriaGroupIncSecuritiesLitigation.com, no later than April 5, 2022*. A Claim Form is included with this Notice, or you may obtain one from the website maintained by the Claims Administrator for the Settlement, www.AltriaGroupIncSecuritiesLitigation.com, or you may request that a Claim Form be mailed to you by calling the Claims Administrator toll free at 1-855-604-1694, or by e-mailing the Claims Administrator at info@AltriaGroupIncSecuritiesLitigation.com. You may also submit your Claim online. **Please retain all records of your ownership of and transactions in Altria securities, as they may be needed to document your Claim.** If you request exclusion from the Settlement Class or do not submit a timely and valid Claim Form, you will not be eligible to share in the Net Settlement Fund.

## HOW MUCH WILL MY PAYMENT BE?

28.     At this time, it is not possible to make any determination as to how much any individual Settlement Class Member may receive from the Settlement.

29.     Pursuant to the Settlement, Defendant Altria Group, Inc. shall pay or cause to be paid $90 million in cash. No other Defendant shall be responsible for paying any portion of the Settlement Amount. The Settlement Amount will be deposited into an escrow account. The Settlement Amount plus any interest earned thereon is referred to as the "Settlement Fund." If the Settlement is approved by the Court and the Effective Date occurs, the "Net Settlement Fund" (as defined in ¶ 2 above) will be distributed to Settlement Class Members who submit valid Claim Forms, in accordance with the proposed Plan of Allocation or such other plan of allocation as the Court may approve.

30.     The Net Settlement Fund will not be distributed unless and until the Court has approved the Settlement and a plan of allocation and that decision is affirmed on appeal (if any) and/or the time for any petition for rehearing, appeal, or review, whether by certiorari or otherwise, has expired.

31.     Neither Defendants nor any other person or entity that paid any portion of the Settlement Amount on their behalf are entitled to get back any portion of the Settlement Fund once the Court's order or judgment approving the Settlement becomes Final, including following any appeals. Defendants shall not have any liability, obligation, or responsibility for the administration of the Settlement, the disbursement of the Net Settlement Fund, or the plan of allocation, whether as proposed by Plaintiffs or as approved by the Court.

32.     Approval of the Settlement is independent from approval of a plan of allocation. Any determination with respect to a plan of allocation will not affect the Settlement, if approved.

33.     Unless the Court otherwise orders, any Settlement Class Member who fails to submit a Claim Form postmarked (if mailed), or online, on or before April 5, 2022 shall be fully and forever barred from receiving payments pursuant to the Settlement but will in all other respects remain a Settlement Class Member and be subject to the provisions of the Stipulation, including the terms of any Judgment entered and the Releases given. This means

AF2908 v.07

that each Settlement Class Member releases the Released Plaintiffs' Claims (as defined in ¶ 21 above) against the Defendants' Releasees (as defined in ¶ 22 above) and will be enjoined and prohibited from filing, prosecuting, or pursuing any of the Released Plaintiffs' Claims against any of the Defendants' Releasees whether or not such Settlement Class Member submits a Claim Form.

34.     Participants in and beneficiaries of any employee retirement and/or benefit plan ("Employee Plan") should NOT include any information relating to shares of Altria securities purchased/acquired through an Employee Plan in any Claim Form they submit in this Action. They should include ONLY those eligible shares of Altria securities purchased/acquired during the Settlement Class Period outside of an Employee Plan. Claims based on any Employee Plan(s)' purchases/acquisitions of eligible Altria securities during the Settlement Class Period may be made by the Employee Plan(s)' trustees. To the extent any of the Defendants or any of the other persons or entities excluded from the Settlement Class are participants in an Employee Plan(s), such persons or entities shall not receive, either directly or indirectly, any portion of the recovery that may be obtained from the Settlement by such Employee Plan(s).

35.     The Court has reserved jurisdiction to allow, disallow, or adjust on equitable grounds the Claim of any Settlement Class Member.

36.     Each Claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to his, her, or its Claim Form.

37.     Only Settlement Class Members, *i.e.*, persons and entities who purchased or otherwise acquired Altria securities during the Settlement Class Period, will be eligible to share in the distribution of the Net Settlement Fund. Persons and entities who are excluded from the Settlement Class by definition or who exclude themselves from the Settlement Class pursuant to an exclusion request will not be eligible to receive a distribution from the Net Settlement Fund and should not submit Claim Forms.

38.     **Appendix A to this Notice sets forth the Plan of Allocation for allocating the Net Settlement Fund among Authorized Claimants, as proposed by Plaintiffs and Lead Counsel. At the Settlement Fairness Hearing, Lead Counsel will request the Court approve the Plan of Allocation. The Court may modify the Plan of Allocation, or approve a different plan of allocation, without further notice to the Settlement Class.**

## WHAT PAYMENT ARE THE ATTORNEYS FOR THE SETTLEMENT CLASS SEEKING? HOW WILL THE LAWYERS BE PAID?

39.     Lead Counsel have not received any payment for their services in pursuing claims against the Defendants on behalf of the Settlement Class, nor have Lead Counsel been paid for their litigation expenses. Before final approval of the Settlement, Lead Counsel will apply to the Court for an award of attorneys' fees in an amount not to exceed 31% of the Settlement Fund, plus interest. Lead Counsel intend to share part of any attorneys' fees awarded by the Court with Cohen Milstein Sellers & Toll PLLC and The Schall Law Firm in accordance with their level of contribution to the initiation, prosecution, and resolution of the Action. Lead Counsel also intend to apply for payment of Litigation Expenses in an amount not to exceed $1,700,000, plus interest, which amount may include an application for reimbursement of the reasonable costs and expenses incurred by Plaintiffs directly related to their representation of the Settlement Class in accordance with 15 U.S.C. § 78u-4(a)(4), in an aggregate amount not to exceed $69,000, which will be included as part of the $1,700,000 total amount of Litigation Expenses sought. The Court will determine the amount of any award of attorneys' fees or Litigation Expenses. Such sums as may be approved by the Court will be paid from the Settlement Fund. Settlement Class Members are not personally liable for any such fees or expenses. The Settlement does not include an endorsement by Defendants of any application submitted by Lead Counsel for an award of attorneys' fees and/or Litigation Expenses.

## WHAT IF I DO NOT WANT TO BE A MEMBER OF THE SETTLEMENT CLASS? HOW DO I EXCLUDE MYSELF?

40.     Each Settlement Class Member will be bound by all determinations and judgments in this lawsuit, whether favorable or unfavorable, unless such person or entity mails or delivers a written request for exclusion addressed to: *Altria Group Inc. Securities Litigation Settlement*, EXCLUSIONS, c/o Claims Administrator, P.O. Box 6935, Portland, OR 97228-6935. The request for exclusion must be ***received* no later than March 10, 2022**. You will not be able to exclude yourself from the Settlement Class after that date.

41.     Each request for exclusion by a Settlement Class Member must: (i) state the name, address, and telephone number of the person or entity requesting exclusion, and in the case of entities, the name and telephone number of the appropriate contact person; (ii) state that such person or entity "requests exclusion from the

AF2909 v.07

Settlement Class in *Klein v. Altria Group, Inc., et al.*, No. 3:20-cv-00075-DJN"; (iii) state the total number of shares of Altria securities that the person or entity requesting exclusion purchased/acquired between October 25, 2018 and June 30, 2020, inclusive, as well as the dates, number of shares, and prices of each such purchase/acquisition; (iv) state the total number of shares of Altria securities that the person or entity requesting exclusion sold between October 25, 2018 and June 30, 2020, inclusive, as well as the dates, number of shares, and prices of each such sale; and (v) be signed by the person or entity requesting exclusion or an authorized representative. A request for exclusion shall not be valid and effective unless it provides all the information called for in this paragraph and is received within the time stated above, or is otherwise accepted by the Court.

42.     If you do not want to be part of the Settlement Class, you must follow these instructions for exclusion even if you have pending, or later file, another lawsuit, arbitration, or other proceeding relating to any Released Plaintiffs' Claim against any of the Defendants' Releasees. Excluding yourself from the Settlement Class is the only option that allows you to be part of any other current or future lawsuit against Defendants or any of the other Defendants' Releasees concerning the Released Plaintiffs' Claims. Please note, however, if you decide to exclude yourself from the Settlement Class, you may be time-barred from asserting the claims covered by the Action by a statute of repose. In addition, Defendants and the other Defendants' Releasees will have the right to assert any and all defenses they may have to any claims that you may seek to assert.

43.     If you ask to be excluded from the Settlement Class, you will not be eligible to receive any payment out of the Net Settlement Fund.

### WHEN AND WHERE WILL THE COURT DECIDE WHETHER TO APPROVE THE SETTLEMENT? DO I HAVE TO COME TO THE HEARING? MAY I SPEAK AT THE HEARING IF I DON'T LIKE THE SETTLEMENT?

44.     **Settlement Class Members do not need to attend the Settlement Fairness Hearing. The Court will consider any submission made in accordance with the provisions below even if a Settlement Class Member does not attend the hearing.** Please Note: The date and time of the Settlement Fairness Hearing may change without further written notice to the Settlement Class. If you plan on attending the hearing, please check the website, www.AltriaGroupIncSecuritiesLitigation.com or contact Lead Counsel to confirm that the date and/or time of the hearing has not changed.

45.     The Settlement Fairness Hearing will be held on **March 31, 2022, at 12:00 p.m.**, before the Honorable David J. Novak at the United States District Court for the Eastern District of Virginia, Spottswood W. Robinson III and Robert R. Merhige, Jr., Federal Courthouse, 701 East Broad Street, Richmond, VA 23219. The Court reserves the right to approve the Settlement, the Plan of Allocation, Lead Counsel's motion for an award of attorneys' fees and Litigation Expenses, and/or any other matter related to the Settlement at or after the Settlement Fairness Hearing without further notice to the members of the Settlement Class.

46.     Any Settlement Class Member who or which does not request exclusion may object to the Settlement, the Plan of Allocation, or Lead Counsel's motion for an award of attorneys' fees and Litigation Expenses. Objections must be in writing. You must file any written objection, together with copies of all other papers and briefs supporting the objection, with the Clerk's Office at the United States District Court for the Eastern District of Virginia, Richmond Division at the address set forth below as well as serve copies on Lead Counsel and on Defendants' Counsel Representatives at the addresses set forth below *such that they are received no later than March 10, 2022*.

| **Clerk of the Court** United States District Court for the Eastern District of Virginia 701 East Broad Street Richmond, VA 23219 | **Lead Counsel** Jeremy A. Lieberman Pomerantz LLP 600 Third Avenue, 20th Floor New York, NY 10016 *or* David A. Rosenfeld Robbins Geller Rudman & Dowd LLP 58 South Service Road, Suite 200 Melville, NY 11747 | **Defendants' Counsel Representatives** Wachtell, Lipton, Rosen & Katz Attn:    Stephen R. DiPrima Jacob Miller 51 W 52nd Street New York, NY 10019 *and* Cleary Gottlieb Steen & Hamilton LLP Attn: Roger A. Cooper One Liberty Plaza New York, NY 10006 |

47.    To object, you must send a letter to the Court saying that you object to the Settlement in *Klein v. Altria Group, Inc., et al.*, No. 3:20-cv-00075-DJN, and stating the reasons that you object to the Settlement, or any part thereof.

48.    Any objection must: (i) state the name, address, and telephone number of the person or entity objecting and be signed by the objector, even if the objector is represented by counsel; (ii) state whether the objector is represented by counsel and, if so, the name, address, and telephone number of the objector's counsel; (iii) indicate whether the objection applies only to the objector, to a specific subset of the Settlement Class, or to the entire Settlement Class; (iv) state with specificity the grounds for the Settlement Class Member's objection or objections, and the specific reasons for each objection, including any legal and evidentiary support the Settlement Class Member wishes to bring to the Court's attention; (v) include documents sufficient to prove membership in the Settlement Class, consisting of documents showing the number of shares of Altria securities that the objector purchased/acquired between October 25, 2018 and June 30, 2020, both dates inclusive, as well as the dates, number of shares, and prices of each such purchase/acquisition; and (vi) include documents showing the number of shares of Altria securities that the objector sold between October 25, 2018 and June 30, 2020, both dates inclusive, as well as the dates, number of shares, and prices of each such sale.[2]

49.    **You may not object to the Settlement, Plan of Allocation, or Lead Counsel's motion for attorneys' fees and Litigation Expenses if you exclude yourself from the Settlement Class or if you are not a member of the Settlement Class.**

50.    You may submit an objection without having to appear at the Settlement Fairness Hearing. You may not, however, appear at the Settlement Fairness Hearing to present your objection unless (1) you first submit a written objection in accordance with the procedures described above, (2) you first submit your notice of appearance in accordance with the procedures described below, or (3) the Court orders otherwise.

51.    If you wish to be heard orally at the hearing in opposition to the approval of the Settlement, the Plan of Allocation, or Lead Counsel's motion for an award of attorneys' fees and Litigation Expenses, and if you timely submit a written objection as described above, you must also file a notice of appearance with the Clerk's Office and serve it on Lead Counsel and Defendants' Counsel Representatives at the addresses set forth in ¶ 46 above so that it is *received* on or before March 10, 2022. Persons who intend to object and desire to present evidence at the Settlement Fairness Hearing must include in their written objection or notice of appearance the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the hearing. Such persons may be heard orally at the discretion of the Court.

52.    You are not required to hire an attorney to represent you in making written objections or in appearing at the Settlement Fairness Hearing. However, if you decide to hire an attorney, it will be at your own expense, and that attorney must file a notice of appearance with the Court and serve it on Lead Counsel and Defendants' Counsel Representatives at the addresses set forth in ¶ 46 above so that the notice is *received* on or before March 10, 2022.

53.    **Unless the Court orders otherwise, any Settlement Class Member who does not object in the manner described above will be deemed to have waived any objection and shall be forever foreclosed from making any objection to the proposed Settlement, the proposed Plan of Allocation, or Lead Counsel's motion for an award of attorneys' fees and Litigation Expenses. Settlement Class Members do not need to appear at the Settlement Fairness Hearing or take any other action to indicate their approval.**

## WHAT IF I BOUGHT SHARES ON SOMEONE ELSE'S BEHALF?

54.    If you purchased or otherwise acquired Altria securities between October 25, 2018 and April 1, 2020, both dates inclusive, for the beneficial interest of persons or organizations other than yourself, you must either (i) within seven (7) calendar days of receipt of this Notice, request from the Claims Administrator sufficient copies of the Notice and Claim Form (the "Notice Packet") to forward to all such beneficial owners and within seven (7) calendar days of receipt of those Notice Packets forward them to all such beneficial owners; or (ii) within seven (7) calendar days of receipt of this Notice, provide a list of the names and addresses (and e-mail addresses, if available) of all such beneficial owners to *Altria Group Inc. Securities Litigation Settlement*, c/o Claims Administrator, P.O. Box 6935, Portland, OR 97228-6935. If you choose the second option, the Claims Administrator will send a copy of the Notice Packet to the beneficial owners. Upon full compliance with these directions, such nominees may seek reimbursement of their reasonable expenses actually incurred, by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought. Copies of this Notice and

---

[2] Documentation establishing membership in the Settlement Class must consist of copies of brokerage confirmation slips or monthly brokerage account statements, or an authorized statement from the objector's broker containing the transactional and holding information found in a broker confirmation slip or account statement.

AF29011 v.07

11

the Claim Form may also be obtained from the Settlement website, www.AltriaGroupIncSecuritiesLitigation.com, by calling the Claims Administrator toll-free at 1-855-604-1694, or by e-mailing the Claims Administrator at info@AltriaGroupIncSecuritiesLitigation.com.

## CAN I SEE THE COURT FILE?
## WHOM SHOULD I CONTACT IF I HAVE QUESTIONS?

55.     This Notice contains only a summary of the terms of the Settlement. For the terms and conditions of the Settlement, please see the Stipulation available at www.AltriaGroupIncSecuritiesLitigation.com. More detailed information about the matters involved in this Action can be obtained by accessing the Court docket in this case, for a fee, through the Court's Public Access to Court Electronic Records (PACER) system at www.pacer.gov, or by visiting, during regular office hours, the Office of the Clerk, United States District Court for the Eastern District of Virginia, 701 East Broad Street, Richmond, VA 23219. Additionally, copies of any related orders entered by the Court will be posted on the website for the Settlement, www.AltriaGroupIncSecuritiesLitigation.com.

All inquiries concerning this Notice and the Claim Form should be directed to:

*Altria Group Inc. Securities Litigation Settlement*
c/o Claims Administrator
P.O. Box 6935
Portland, OR 97228-6935
info@AltriaGroupIncSecuritiesLitigation.com
www.AltriaGroupIncSecuritiesLitigation.com

and/or

| | |
|---|---|
| Jeremy A. Lieberman | David A. Rosenfeld |
| Pomerantz LLP | Robbins Geller Rudman & Dowd LLP |
| 600 Third Avenue, 20th Floor | 58 South Service Road, Suite 200 |
| New York, NY 10016 | Melville, NY 11747 |

**PLEASE DO NOT CALL OR WRITE THE COURT, THE OFFICE OF THE CLERK OF THE COURT, DEFENDANTS OR THEIR COUNSEL REGARDING THIS NOTICE.**

Dated: December 16, 2021

By Order of the Court
United States District Court
Eastern District of Virginia
Richmond Division

**APPENDIX A**

**Plaintiffs' Proposed Plan of Allocation of Net Settlement Fund Among Authorized Claimants**

The objective of the Plan of Allocation is to equitably distribute the Net Settlement Fund among Authorized Claimants based on their respective alleged economic losses as a result of the alleged misstatements and omissions, as opposed to losses caused by market- or industry-wide factors, or company-specific factors unrelated to the alleged fraud. The Claims Administrator shall determine each Authorized Claimant's share of the Net Settlement Fund based upon the recognized loss formula ("Recognized Loss") described below.

A Recognized Loss will be calculated for each share of Altria securities purchased or otherwise acquired during the Settlement Class Period. The calculation of Recognized Loss will depend upon several factors, including when the Altria securities were purchased or otherwise acquired during the Settlement Class Period, and in what amounts, and whether such securities were sold, and if sold, when it was sold, and for what amounts. The Recognized Loss is not intended to estimate the amount a Settlement Class Member might have been able to recover after a trial, nor to estimate the amount that will be paid to Authorized Claimants pursuant to the Settlement. The Recognized Loss is the basis upon which the Net Settlement Fund will be proportionately allocated to the Authorized Claimants. The Claims Administrator will use its best efforts to administer and distribute the Net Settlement Fund to the extent that it is equitably and economically feasible.

The Plan of Allocation was created with the assistance of a consulting damages expert and reflects the assumption that the alleged misstatements or omissions artificially inflated the price of Altria securities throughout the Settlement Class Period. The estimated alleged artificial inflation in the price of Altria securities during the Settlement Class Period is reflected in Table 1 below. The computation of the estimated alleged artificial inflation in the price of Altria securities during the Settlement Class Period is based on certain misrepresentations alleged by Plaintiffs and the price change in the security, net of market- and industry-wide factors, in reaction to the public announcements that allegedly corrected the misrepresentations alleged by Plaintiffs.

The U.S. federal securities laws allow investors to seek to recover losses caused by disclosures which corrected the defendants' previous misleading statements or omissions. Thus, in order to have recoverable damages, the corrective disclosure of the allegedly misrepresented information must be the cause of the decline in the price or value of the Altria securities. In this Action, Plaintiffs allege that Defendants made false statements and/or omitted material facts during the Settlement Class Period, which had the purported effect of artificially inflating the price of Altria securities. Plaintiffs further allege that corrective disclosures removed artificial inflation from the price of Altria securities on March 19, 2019, June 21, 2019, August 29, 2019, November 19, 2019, January 30, 2020, February 24, 2020, and April 2, 2020 (the "Corrective Disclosure Dates"). Thus, in order for a Settlement Class Member to have a Recognized Loss under the Plan of Allocation, Altria securities must have been purchased or acquired during the Settlement Class Period and held through at least one of these Corrective Disclosure Dates.

| Table 1 Artificial Inflation in Altria Securities | | |
|---|---|---|
| **From** | **To** | **Per-Share Price Inflation** |
| October 25, 2018 | March 18, 2019 | $13.15 |
| March 19, 2019 | June 20, 2019 | $11.92 |
| June 21, 2019 | August 28, 2019 | $9.73 |
| August 29, 2019 | November 18, 2019 | $7.98 |
| November 19, 2019 | January 29, 2020 | $6.50 |
| January 30, 2020 | February 23, 2020 | $3.72 |
| February 24, 2020 | April 1, 2020 | $2.87 |
| April 2, 2020 | Thereafter | $0.00 |

The "90-day look-back" provision of the Private Securities Litigation Reform Act of 1995 ("PSLRA") is incorporated into the calculation of the Recognized Loss for Altria securities. The limitations on the calculation of the Recognized Loss imposed by the PSLRA are applied such that losses on Altria securities purchased during the Settlement Class Period and held as of the close of the 90-day period subsequent to the Settlement Class Period (the "90-day look-back period") cannot exceed the difference between the purchase price paid for such securities and its average price during the 90-day look-back period. The Recognized Loss on Altria securities purchased during

AF29013 v.07

13

the Settlement Class Period and sold during the 90-day look-back period cannot exceed the difference between the purchase price paid for such securities and its rolling average price during the portion of the 90-day look-back period elapsed as of the date of sale.

In the calculations below, all purchase and sale prices shall exclude any fees, taxes and commissions. If a Recognized Loss amount is calculated to be a negative number, that Recognized Loss shall be set to zero. Any transactions in Altria securities executed outside of regular trading hours for the U.S. financial markets shall be deemed to have occurred during the next regular trading session for the U.S. financial markets.

A Recognized Loss will be calculated as set forth below for each purchase or acquisition of Altria securities during the Settlement Class Period, that is listed in the Claim Form and for which adequate documentation is provided.

### Per-Share Recognized Loss Calculation

For each share of Altria securities purchased or otherwise acquired during the Settlement Class Period (*i.e.*, October 25, 2018 through April 1, 2020, inclusive), the Recognized Loss per share shall be calculated as follows:

i.  For each share of Altria securities that was sold prior to March 19, 2019, the Recognized Loss per share is $0.00.

ii.  For each share of Altria securities purchased during the Settlement Class Period that was subsequently sold during the period March 19, 2019 through April 1, 2020, both dates inclusive, the Recognized Loss per share is the amount of per-share price inflation on the date of purchase as appears in Table 1 above *minus* the amount of per-share price inflation on the date of sale as appears in Table 1.

iii.  For each share of Altria securities purchased during the Settlement Class Period that was subsequently sold during the period April 2, 2020 through June 30, 2020, both dates inclusive (*i.e.*, sold during the 90-day look-back period), the Recognized Loss per share is *the lesser of*:

   a.  the amount of per-share price inflation on the date of purchase as appears in Table 1 above; or

   b.  the purchase price *minus* the "90-Day Look-Back Value" on the date of sale provided in Table 2 below.

iv.  For each share of Altria securities purchased during the Settlement Class Period and still held as of the close of trading on June 30, 2020, the Recognized Loss per share is *the lesser of*:

   a.  the amount of per-share price inflation on the date of purchase as appears in Table 1 above; or

   b.  the purchase price *minus* the average closing price of Altria securities during the 90-day look-back period, which is $39.04.

v.  For each share of Altria securities purchased after April 1, 2020, the Recognized Loss per share is $0.

| Table 2 90-Day Look-Back Value | | | | | |
|---|---|---|---|---|---|
| Sale / Disposition Date | 90-Day Look-Back Value | Sale / Disposition Date | 90-Day Look-Back Value | Sale / Disposition Date | 90-Day Look-Back Value |
| 4/2/2020 | $36.22 | 5/4/2020 | $39.26 | 6/3/2020 | $38.41 |
| 4/3/2020 | $36.82 | 5/5/2020 | $39.15 | 6/4/2020 | $38.47 |
| 4/6/2020 | $36.97 | 5/6/2020 | $39.01 | 6/5/2020 | $38.54 |
| 4/7/2020 | $37.35 | 5/7/2020 | $38.86 | 6/8/2020 | $38.64 |
| 4/8/2020 | $37.90 | 5/8/2020 | $38.77 | 6/9/2020 | $38.71 |
| 4/9/2020 | $38.41 | 5/11/2020 | $38.69 | 6/10/2020 | $38.78 |
| 4/13/2020 | $38.70 | 5/12/2020 | $38.59 | 6/11/2020 | $38.79 |
| 4/14/2020 | $39.12 | 5/13/2020 | $38.52 | 6/12/2020 | $38.79 |
| 4/15/2020 | $39.32 | 5/14/2020 | $38.44 | 6/15/2020 | $38.82 |
| 4/16/2020 | $39.43 | 5/15/2020 | $38.38 | 6/16/2020 | $38.87 |
| 4/17/2020 | $39.56 | 5/18/2020 | $38.36 | 6/17/2020 | $38.91 |
| 4/20/2020 | $39.52 | 5/19/2020 | $38.32 | 6/18/2020 | $38.95 |
| 4/21/2020 | $39.38 | 5/20/2020 | $38.30 | 6/19/2020 | $38.98 |
| 4/22/2020 | $39.27 | 5/21/2020 | $38.28 | 6/22/2020 | $39.00 |
| 4/23/2020 | $39.22 | 5/22/2020 | $38.27 | 6/23/2020 | $39.03 |
| 4/24/2020 | $39.23 | 5/26/2020 | $38.27 | 6/24/2020 | $39.03 |
| 4/27/2020 | $39.26 | 5/27/2020 | $38.29 | 6/25/2020 | $39.04 |
| 4/28/2020 | $39.34 | 5/28/2020 | $38.30 | 6/26/2020 | $39.03 |
| 4/29/2020 | $39.40 | 5/29/2020 | $38.32 | 6/29/2020 | $39.03 |
| 4/30/2020 | $39.39 | 6/1/2020 | $38.34 | 6/30/2020 | $39.04 |
| 5/1/2020 | $39.32 | 6/2/2020 | $38.37 | | |

## INSTRUCTIONS APPLICABLE TO ALL CLAIMANTS

The payment you receive will reflect your proportionate share of the Net Settlement Fund. Such payment will depend on the number of eligible shares that participate in the Settlement, and when those shares were purchased and sold. The number of claimants who send in claims varies widely from case to case.

A purchase or sale of Altria securities shall be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date.

Acquisition by Gift, Inheritance, or Operation of Law: If a Settlement Class Member acquired Altria securities during the Settlement Class Period by way of gift, inheritance or operation of law, such a claim will be computed by using the date and price of the original purchase and not the date and price of transfer. To the extent that Altria securities were originally purchased prior to commencement of the Settlement Class Period, the Recognized Loss for that acquisition shall be deemed to be zero ($0.00).

Notwithstanding any of the above, receipt of Altria securities during the Settlement Class Period in exchange for securities of any other corporation or entity shall not be deemed a purchase or sale of Altria securities.

The first-in-first-out ("FIFO") basis will be applied to purchases and sales. Sales will be matched in chronological order, by trade date, first against Altria securities held as of the close of trading on October 24, 2018 (the last day before the Settlement Class Period begins) and then against the purchases of Altria securities during the Settlement Class Period.

AF29015 v.07

15

The date of covering a "short sale" is deemed to be the date of purchase of shares. The date of a "short sale" is deemed to be the date of sale of shares. In accordance with the Plan of Allocation, however, the Recognized Loss on "short sales" is zero. In the event that a claimant has an opening short position in Altria securities, the earliest Settlement Class Period purchases shall be matched against such opening short position and not be entitled to a recovery until that short position is fully covered.

With respect to Altria securities purchased through the exercise of a call or put option,[3] the purchase date of Altria securities shall be the exercise date of the option and the purchase price shall be the closing price of Altria securities on the exercise date. Any Recognized Loss arising from purchases of Altria securities acquired during the Settlement Class Period through the exercise of an option on Altria securities shall be computed as provided for other purchases of Altria securities in the Plan of Allocation.

Payment according to the Plan of Allocation will be deemed conclusive against all Authorized Claimants. A Recognized Loss will be calculated as defined herein and cannot be less than zero. The Claims Administrator shall allocate to each Authorized Claimant a *pro rata* share of the Net Settlement Fund based on the sum of his, her, or its Recognized Losses as compared to the total Recognized Losses of all Authorized Claimants. No distribution will be made to Authorized Claimants who would otherwise receive a distribution of less than $10.00.

Settlement Class Members who do not submit an acceptable Proof of Claim will not share in the Settlement proceeds. The Settlement Stipulation and the Order and Final Judgment dismissing this Action will nevertheless bind Settlement Class Members who do not submit a request for exclusion or submit an acceptable Proof of Claim.

Please contact the Claims Administrator or Lead Counsel if you disagree with any determinations made by the Claims Administrator regarding your Proof of Claim. If you are unsatisfied with the determinations, you may ask the Court, which retains jurisdiction over all Settlement Class Members and the claims-administration process, to decide the issue by submitting a written request.

Defendants, their respective counsel, and all other Defendants' Releasees will have no responsibility or liability whatsoever for the investment of the Settlement Fund, the distribution of the Net Settlement Fund, the Plan of Allocation, or the payment of any claim. Plaintiffs and Lead Counsel likewise will have no liability for their reasonable efforts to execute, administer, and distribute the Settlement.

Distributions will be made to Authorized Claimants after all claims have been processed and after the Court has finally approved the Settlement. If any funds remain in the Net Settlement Fund by reason of uncashed distribution checks or otherwise, then, after the Claims Administrator has made reasonable and diligent efforts to have Settlement Class Members who are entitled to participate in the distribution of the Net Settlement Fund cash their distributions, any balance remaining in the Net Settlement Fund after at least six (6) months after the initial distribution of such funds will be used in the following fashion: (i) first, to pay any amounts mistakenly omitted from the initial disbursement; (ii) second, to pay any additional settlement administration fees, costs, and expenses, including those of Lead Counsel as may be approved by the Court; and (iii) finally, to make a second distribution to claimants who cashed their checks from the initial distribution and who would receive at least $10.00, after payment of the estimated costs, expenses, or fees to be incurred in administering the Net Settlement Fund and in making this second distribution, if such second distribution is economically feasible.

---

[3] Including (1) purchases of Altria securities as the result of the exercise of a call option, and (2) purchases of Altria securities by the seller of a put option as a result of the buyer of such put option exercising that put option.

# Exhibit B

# CONFIRMATION OF PUBLICATION

**IN THE MATTER OF:** *Altria Group Securities Litigation*

I, Kathleen Komraus, hereby certify that

(a) I am the Media & Design Manager at Epiq Class Action & Claims Solutions, a noticing administrator, and;

(b) The Notice of which the annexed is a copy was published in the following publications on the following dates:

*1.10.2022 – IBD Weekly*
*1.10.2022 – PR Newswire*

X *Kathleen Komraus*
**(Signature)**

Media & Design Manager
**(Title)**

## MACROSCOPE

**A Covid-Gilded Armada**

Snarled container freight and dry bulk supply lines have forced global shipping rates, and stocks, higher. Israel-based Zim Integrated Shipping Services is attempting a breakout after a 292% gain last year. Matson is nearing a 94.64 buy point in a valid base. Star Bulk Carriers trades below a 24.71 buy point.



Zim Integrated Shipping Services (ZIM)



Matson (MATX)



Star Bulk Carriers (SBLK)

# INDUSTRY SNAPSHOT

**SHIPPING FLEETS**

# The Merchant Marine Gets A Pay Hike

## Surging demand and Covid-crimped supply lines could keep shipping rates inflated this year

**BY BILL PETERS**
INVESTOR'S BUSINESS DAILY

In 2021, the pandemic blew up supply chains of all sorts, shipping prices spiked, and ocean shipping stocks benefited. For 2022, there are few signs suggesting circumstances might change. For anything resembling normal, analysts say, look to 2023.

Covid, the Chinese New Year, the Beijing Olympics and possible labor tensions at big U.S. ports might leave little breathing room for the world's maxed-out global transportation network in the year ahead. That means it'll still be expensive to get a metal container's worth of goods shipped from abroad. Therefore, shippers are likely to continue charging businesses and consumers a premium. That could be good news for Zim Integrated Shipping **(ZIM)**, Danaos **(DAC)**, Global Ship Lease **(GSL)**, Matson **(MATX)** and Star Bulk Carriers **(SBLK)**.

All of these stocks were picking up steam once again as 2022 got underway.

Still, Wall Street expects shipping industry per-share profits, at least in some cases, to fade from a record 2021. But industry consolidation is likely to keep shipping industry prices locked above pre-pandemic levels.

Some analysts expect more shipping companies to buy their way into logistics — the operations managing the movement of goods across multiple transport modes. But as the world's meshwork of ships, ports, trucks, railroads and warehouses tries to unravel from an intense holiday shopping season, relieving stress on one pressure point will still likely create irritants elsewhere.

The recovery of the supply chain in the year ahead is "going to be anything but smooth. It will be fits and starts," said Lars Jensen, CEO of Vespucci Maritime, a company that advises the shipping and related industries. "2022 overall is going to be enormously volatile and unpredictable."

### Rising Container Costs

That volatility would come after a wave of online purchases from bored U.S. shoppers in 2020 overwhelmed importers, shipping liners and other businesses that had pulled back in anticipation of a downturn.

Canceled sailings meant inbound ships couldn't pick up empty shipping containers to be repacked in nations like China. That often stranded those boxes in the wrong place. Longshoremen got sick, thinning the ranks of people who could clear cargoes from the shipyard.

With port capacity constrained and demand rising, securing a shipping container grew much more expensive. Just before Christmas, the global average cost to send a 20-foot container from one place to another stood close to $5,000, according to Shanghai Containerized Freight Index data.

At the beginning of 2020, that cost was around $1,000, according to data compiled by Jefferies. At various points in 2015, it ran below $500.

As a result, container shipping stocks will churn out record profits in 2021. However, in 2022, Wall Street expects a mixed bag, at least based on the small number of analyst forecasts available.

Analysts project Zim Integrated Shipping, an Israel-based container fleet operator that charters in most of its ships, will earn $20.51 per share in 2022. That's down from the scorching $36.83 estimated for 2021. But it's well above the $5.22 it earned in 2020. Zim went public in early 2021.

Hawaii-based container freight rival Matson is expected to deliver a 295% EPS gain, to $17.56, in 2021.

That's well above the company's earnings of $1.91 and $4.44 in 2019 and 2020, respectively.

Measured by market capitalization, Zim is the largest publicly traded container freight outfit, with a market cap of more than $6.6 billion. Matson weighs in at $3.89 billion. In terms of fleet size, Zim operates 105 ships, according to Alphaliner. Matson counts 29 ships in its fleet.

The world largest container freight operations, Denmark's Maersk and the Switzerland-headquartered Mediterranean Shipping Co., run fleets of 738 and 645 vessels, respectively.

However, Wall Street expects some smaller shipping stocks to build off already strong profits. Earnings from Global Ship Lease, which owns containerships and leases them out, are expected to more than double to $7.57 per share in 2022. Danaos, a containership owner based in Greece, is seen increasing earnings 48% to $22.90 per share.

Star Bulk Carriers is a dry bulk shipping operation. Its fleet hauls grain, iron ore and other loose goods stored in segmented ships' hulls. Consensus estimates call for a 6% EPS gain to $6.36 after skyrocketing to $6.22 in 2021 from 2020's 17 cents.

### Stocks Show Resilience

Shipping stocks were big winners in 2021. Zim stock rallied 292% last year from its Jan. 28 IPO price, despite spending 22 weeks of the year in consolidations. Shares started 2022 recovering after a failed breakout attempt in December.

Matson stock is trading just below a 94.64 buy point in an eight-week cup base. The stock gained more than 60% in 2021.

Star Bulk Carriers stock, which leapt 171% in 2021, has climbed to within 5% of a 24.71 buy point in a 17-week cup base.

### Managing The Profit Windfall

Either way, shipping stock analysts say investors could see more payouts.

"We obviously expect large shareholder returns across the space next year, as many liners and (nonoperating owners) have communicated dividends to be tied to overall earnings," Fearnley Securities analysts Peder Nicolai Jarlsby and Erik Hovi said in written responses to questions.

Shipping giant Maersk this year announced a share buyback program of up to roughly $5 billion after earning record profits in the first quarter. Zim, in November, said it planned to start distributing dividends on a quarterly basis, rather than annually. The company has also said it will distribute 30% to 50% of its yearly profits to shareholders.

Jarlsby and Hovi say the industry could also invest its profit windfall, buying its way into other areas of various supply chains.

"Acquisitions have centered around building out digitalization, hinterland logistics, airfreight, and other integrated services to get into what is seen as higher margin (and less capital intensive) parts of the business," they said. They expect that trend to continue.

### No Downtime

In pre-pandemic times, ocean freight in the U.S. typically slowed down around February and March, at least at the ports of Los Angeles and Long Beach. But with ships still backed up outside of those and other ports, observers also say businesses might turn more aggressive.

"I think a lot of shippers are going to front-load their cargo for 2022," said Sal Mercogliano, a maritime historian at Campbell University. "They're going to want to get their cargo across now. As soon as there's space opening up in warehouses, they're going to fill it back up again."

China shuts down the bulk of its economy for a weekslong New Year's celebration, beginning formally this year on Jan. 31 — earlier than in 2021.

"Reemerging Covid measures and a rush toward getting cargoes delivered before Chinese New Year are increasing volumes and tightening markets," the Fearnley analysts said.

They added that inter-China cargoes leading up to the Chinese New Year and Olympics might be heavily affected by quarantine rules and zero-tolerance policies.

### No Incentive For Change

Friction between labor and management could also complicate matters this year. The International Longshore & Warehouse Union, the large union that represents longshore workers at the West Coast's ports, turned down a yearlong contract extension offered by employers last month. That contract expires on July 1, 2022.

All of those conditions point to the potential for cramped supply chains and elevated container prices — and further gains for shipping stocks.

"There's no incentive right now for the ocean carriers to change anything," Mercogliano said. "They can say they want to make changes. But if you're them, their profits are through the roof. … You can't tell me with a straight face that they want to change anything."

### Consolidation

Jarlsby and Hovi, at Fearnley, say freight rates could stay elevated through the first half of 2022, and level out closer to 2023.

Randy Giveans, a shipping stocks analyst at Jefferies, said in an interview in October that shipping prices could settle around $1,500 to $2,000 for 20 feet worth of container space. That's still above the norm in recent years.

A big reason? Industry consolidation.

The 10 largest shipping companies control more than 80% of the total market, according to data from Alphaliner. Some two decades ago, that figure hovered at around half. Three major shipping alliances formed over the past several years — 2M, THE Alliance and Ocean Alliance — have kept a tighter leash on shipping capacity.

Jensen, at Vespucci, noted that in the spring of 2020, near the height of pandemic-related lockdowns, freight rates held steady, even as shipping demand dropped. Ocean carriers pulled sailings and capacity from their schedules, accordingly, within a week, he said.

### Infrastructure Challenges

Jensen says it could still take months for supply chains to even out. Things that look like improvements in the U.S. could accumulate into problems elsewhere.

For instance, he says, clearing all the ships waiting outside of the ports of Los Angeles and Long Beach — where the nation's supply-chain woes have been the most visible — would only send many of those ships back to Asia, creating a logjam there a few weeks later. Port workers would then replenish those ships with previously backlogged cargo. Several weeks later, those ships would likely be right back on the West Coast, adding more ships to the ports' waitlist.

The container-liner industry has also gradually increased the size of its ships, bringing down its per-container costs. A project widening the Panama Canal finished an initial phase in 2016 to accommodate such ships. But not every port has the capacity to handle the newer, larger ships.

"They just went ahead and started building these vessels," Mercogliano said of the shipping industry. "They pitted the ports against each other: 'If you want to accommodate us, you're going to have to make changes.'"

### 'Voyage Of Discovery'

Jensen says that during conversations with small to midsize companies, he often had to explain to their logistics managers that ocean carriers weren't trying to gouge them, and that the broader market was pushing transportation costs higher.

The CEOs, however, didn't always buy that explanation.

"You're not the CEO of a company because you're interested in freight," he said. "You're interested because you're selling shoes, or T-shirts or car parts."

One result is that normally invisible departments within companies have found themselves over-budget, and unable to predict arrivals for merchandise.

"For a lot of these companies, it has been a voyage of discovery," Jensen continued. "For many of them, for decades, freight has been seen as just something to procure. Because it has always been cheap. It has always been plentiful. Suddenly, that is no longer the case."



The Port of Los Angeles expected to move record import volumes for 2021, despite pandemic-driven backlogs.

**UNITED STATES DISCTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**(Richmond District)**

GABBY KLEIN, et al., Individually and on Behalf of All Others Similarly Situated,
Plaintiffs,
vs.
ALTRIA GROUP, INC., et al.,
Defendants.

Civil Action No. 3:20-cv-00075-DJN
CLASS ACTION

**SUMMARY NOTICE OF (I) PROPOSED SETTLEMENT; (II) MOTION FOR AN AWARD OF ATTORNEYS' FEES AND LITIGATION EXPENSES; AND (III) SETTLEMENT FAIRNESS HEARING**

**TO:** All persons and entities who purchased or otherwise acquired Altria securities between October 25, 2018 and April 1, 2020, both dates inclusive (the "Settlement Class")

Certain persons and entities are excluded from the Settlement Class as set forth in detail in the Stipulation and Agreement of Settlement dated December 9, 2021 ("Stipulation") and the Notice described below.

**PLEASE READ THIS NOTICE CAREFULLY; IF YOU ARE A MEMBER OF THE SETTLEMENT CLASS, YOUR RIGHTS WILL BE AFFECTED BY A CLASS ACTION LAWSUIT PENDING IN THIS COURT, AND YOU MAY BE ENTITLED TO SHARE IN THE SETTLEMENT.**

**ADDITIONAL INFORMATION ABOUT THE SETTLEMENT IS AVAILABLE ON THE SETTLEMENT WEBSITE, WWW.ALTRIAGROUPINCSECURITIESLITIGATION.COM.**

YOU ARE HEREBY NOTIFIED, pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the Eastern District of Virginia, Richmond Division ("Court"), that the Parties to the above-captioned action ("Action") have reached a proposed settlement for $90 million in cash ("Settlement"), that, if approved, will resolve all claims in the Action. A hearing will be held on March 31, 2022, at 12:00 p.m., before the Honorable David J. Novak at the United States District Court for the Eastern District of Virginia, Spottswood W. Robinson III and Robert R. Merhige, Jr., Federal Courthouse, 701 East Broad Street, Richmond, VA 23219, to determine: (i) whether the proposed Settlement should be approved as fair, reasonable, and adequate; (ii) whether the Action should be dismissed with prejudice against Defendants, and the releases specified and described in the Stipulation (and in the Notice described below) should be entered; (iii) whether the proposed Plan of Allocation should be approved as fair and reasonable; and (iv) whether Lead Counsel's application for an award of attorneys' fees and expenses should be approved.

**If you are a member of the Settlement Class, your rights will be affected by the pending Action and the Settlement, and you may be entitled to share in the Settlement Fund.** If you have not yet received the detailed Notice of (I) Proposed Settlement; (II) Motion for an Award of Attorneys' Fees and Litigation Expenses; and (III) Settlement Fairness Hearing ("Notice") and Claim Form, you may obtain copies of these documents by contacting the Claims Administrator at *Altria Group Inc. Securities Litigation Settlement*, c/o Claims Administrator, P.O. Box 6935, Portland, OR 97228-6935; 1-855-604-1694; info@AltriaGroupIncSecuritiesLitigation.com. Copies of the Notice and Claim Form can also be downloaded from the website maintained by the Claims Administrator, www.AltriaGroupIncSecuritiesLitigation.com.

If you are a member of the Settlement Class, in order to be eligible to receive a payment under the proposed Settlement, you must submit a Claim Form *postmarked (if mailed), or online,* **no later than April 5, 2022,** in accordance with the instructions set forth in the Claim Form. If you are a Settlement Class Member and do not submit a proper Claim Form, you will not be eligible to share in the distribution of the net proceeds of the Settlement but you will nevertheless be bound by any

releases, judgments or orders entered by the Court in the Action.

If you are a member of the Settlement Class and wish to exclude yourself from the Settlement Class, you must submit a request for exclusion such that it is *received* **no later than March 10, 2022,** in accordance with the instructions set forth in the Notice. If you properly exclude yourself from the Settlement Class, you will not be bound by any releases, judgments or orders entered by the Court in the Action and you will not be eligible to share in the net proceeds of the Settlement. Excluding yourself is the only option that allows you to be part of any other current or future lawsuit against Defendants or any of the other released parties concerning the claims being resolved by the Settlement. Please note, however, if you decide to exclude yourself from the Settlement Class, you may be time-barred from asserting the claims covered by the Action by a statute of repose.

Any objections to the proposed Settlement, the proposed Plan of Allocation, or Lead Counsel's motion for attorneys' fees and expenses must be filed with the Court and delivered to Lead Counsel and Defendants' Counsel such that they are *received* **no later than March 10, 2022,** in accordance with the instructions set forth in the Notice.

**PLEASE DO NOT CONTACT THE COURT, THE CLERK'S OFFICE, DEFENDANTS OR THEIR COUNSEL REGARDING THIS NOTICE.** All questions about this notice, the Settlement, or your eligibility to participate in the Settlement should be directed to Lead Counsel or the Claims Administrator.

Requests for the Notice and Claim Form should be made to:

**Claims Administrator**
*Altria Group Inc. Securities Litigation Settlement*
c/o Claims Administrator
P.O. Box 6935
Portland, OR 97228-6935
info@AltriaGroupIncSecuritiesLitigation.com
www.AltriaGroupIncSecuritiesLitigation.com

Inquiries, other than requests for the Notice and Claim Form, may be made to Lead Counsel:

**Lead Counsel**

Jeremy A. Lieberman
Pomerantz LLP
600 Third Avenue, 20th Floor
New York, NY 10016
1-212-661-1100
jalieberman@pomlaw.com

David A. Rosenfeld
Robbins Geller Rudman
& Dowd LLP
58 South Service Road, Suite 200
Melville, NY 11747
1-800-449-4900
rickn@rgrdlaw.com

DATED: December 16, 2021
BY ORDER OF THE COURT
United States District Court for the Eastern District of Virginia
Richmond Division

# Pomerantz LLP and Robbins Geller Rudman & Dowd LLP Announce Proposed Settlement, Motion for an Award of Attorneys' Fees and Litigation Expenses, and Settlement Fairness Hearing in the Altria Securities Litigation Settlement

NEWS PROVIDED BY
**Pomerantz LLP and Robbins Geller Rudman & Dowd LLP →**
Jan 10, 2022, 08:00 ET

NEW YORK, Jan. 10, 2022 /PRNewswire/ --

**UNITED STATES DISTRICT COURT**

**EASTERN DIVISION OF VIRGINIA**

**(Richmond Division)**

| | |
|---|---|
| GABBY KLEIN, et al., Individually and on Behalf of All Others Similarly Situated, Plaintiffs, vs. ALTRIA GROUP, INC., et al., Defendants. | Civil Action No. 3:20-cv-00075-DJN <br><br> <u>CLASS ACTION</u> |

**SUMMARY NOTICE OF (I) PROPOSED SETTLEMENT; (II) MOTION FOR AN AWARD OF ATTORNEYS' FEES AND LITIGATION EXPENSES; AND (III) SETTLEMENT FAIRNESS HEARING**

**TO:  All persons and entities who purchased or otherwise acquired Altria securities between October 25, 2018 and April 1, 2020, both dates inclusive (the "Settlement Class")**

Certain persons and entities are excluded from the Settlement Class as set forth in detail in the Stipulation and Agreement of Settlement dated December 9, 2021 ("Stipulation") and the Notice described below.

**PLEASE READ THIS NOTICE CAREFULLY; IF YOU ARE A MEMBER OF THE SETTLEMENT CLASS, YOUR RIGHTS WILL BE AFFECTED BY A CLASS ACTION LAWSUIT PENDING IN THIS COURT, AND YOU MAY BE ENTITLED TO SHARE IN THE SETTLEMENT.**

**ADDITIONAL INFORMATION ABOUT THE SETTLEMENT IS AVAILABLE ON THE SETTLEMENT WEBSITE, <u>WWW.ALTRIAGROUPINCSECURITIESLITIGATION.COM</u>.**

YOU ARE HEREBY NOTIFIED, pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the Eastern District of Virginia, Richmond Division ("Court"), that the Parties to the above-captioned action ("Action") have reached a proposed settlement for $90 million in cash ("Settlement"), that, if approved, will resolve all claims in the Action. A hearing will be held on March 31, 2022, at 12:00 p.m., before the Honorable David J. Novak at the United States District Court for the Eastern District of Virginia, Spottswood W. Robinson III and Robert R. Merhige, Jr., Federal Courthouse, 701 East Broad Street, Richmond, VA 23219, to determine: (i) whether the proposed Settlement should be approved as fair, reasonable, and adequate; (ii) whether the Action should be dismissed with prejudice against Defendants, and the releases specified and described in the Stipulation (and in the Notice described below) should be entered; (iii) whether the proposed Plan of Allocation should be approved as fair and reasonable; and (iv) whether Lead Counsel's application for an award of attorneys' fees and expenses should be approved.

**If you are a member of the Settlement Class, your rights will be affected by the pending Action and the Settlement, and you may be entitled to share in the Settlement Fund**. If you have not yet received the detailed Notice of (I) Proposed Settlement; (II) Motion for an Award of Attorneys' Fees and Litigation Expenses; and (III) Settlement Fairness Hearing ("Notice") and Claim Form, you may obtain copies of these documents by contacting the Claims Administrator at *Altria Group Inc. Securities Litigation Settlement*, c/o Claims Administrator, P.O. Box 6935, Portland, OR 97228-6935; 1-855-604-1694; info@AltriaGroupIncSecuritiesLitigation.com. Copies of the Notice and Claim Form can also be downloaded from the website maintained by the Claims Administrator, <u>www.AltriaGroupIncSecuritiesLitigation.com</u>.

If you are a member of the Settlement Class, in order to be eligible to receive a payment under the proposed Settlement, you must submit a Claim Form *postmarked (if mailed), or online,* **no later than April 5, 2022**, in accordance with the instructions set forth in the Claim Form. If you are a Settlement Class Member and do not submit a proper Claim Form, you will not be eligible to share in the distribution of the net proceeds of the Settlement but you will nevertheless be bound by any releases, judgments or orders entered by the Court in the Action.

If you are a member of the Settlement Class and wish to exclude yourself from the Settlement Class, you must submit a request for exclusion such that it is *received* **no later than March 10, 2022**, in accordance with the instructions set forth in the Notice. If you properly exclude yourself from the Settlement Class, you will not be bound by any releases, judgments or orders entered by the Court in the Action and you will not be eligible to share in the net proceeds of the Settlement. Excluding yourself is the only option that allows you to be part of any other current or future lawsuit against Defendants or any of the other released parties concerning the claims being resolved by the Settlement. Please note, however, if you decide to exclude yourself from the Settlement Class, you may be time-barred from asserting the claims covered by the Action by a statute of repose.

Any objections to the proposed Settlement, the proposed Plan of Allocation, or Lead Counsel's motion for attorneys' fees and expenses must be filed with the Court and delivered to Lead Counsel and Defendants' Counsel such that they are *received* **no later than March 10, 2022**, in accordance with the instructions set forth in the Notice.

**PLEASE DO NOT CONTACT THE COURT, THE CLERK'S OFFICE, DEFENDANTS OR THEIR COUNSEL REGARDING THIS NOTICE.** All questions about this notice, the Settlement, or your eligibility to participate in the Settlement should be directed to Lead Counsel or the Claims Administrator.

Requests for the Notice and Claim Form should be made to:

**Claims Administrator**

*Altria Group Inc. Securities Litigation Settlement*

c/o Claims Administrator

P.O. Box 6935

Portland, OR 97228-6935

info@AltriaGroupIncSecuritiesLitigation.com

www.AltriaGroupIncSecuritiesLitigation.com

Inquiries, other than requests for the Notice and Claim Form, may be made to Lead Counsel:

**Lead Counsel**

Jeremy A. Lieberman

Pomerantz LLP

600 Third Avenue, 20th Floor

New York, NY 10016

1-212-661-1100

jalieberman@pomlaw.com

David A. Rosenfeld

Robbins Geller Rudman & Dowd LLP

58 South Service Road, Suite 200

Melville, NY 11747

1-800-449-4900

rickn@rgrdlaw.com

DATED: December 16, 2021

BY ORDER OF THE COURT

United States District Court

for the Eastern District of Virginia

Richmond Division

SOURCE Pomerantz LLP and Robbins Geller Rudman & Dowd LLP

URL: www.AltriaGroupIncSecuritiesLitigation.com

SOURCE Pomerantz LLP and Robbins Geller Rudman & Dowd LLP