**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**(Richmond Division)**

| | |
|---|---|
| GABBY KLEIN, et al., Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiffs, <br><br> vs. <br><br> ALTRIA GROUP, INC., et al., <br><br> Defendants. | ) Civil Action No. 3:20-cv-00075-DJN <br> ) <br> ) <u>CLASS ACTION</u> <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF (1) LEAD PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND APPROVAL OF PLAN OF ALLOCATION OF THE NET PROCEEDS OF THE SETTLEMENT, AND (2) LEAD COUNSEL'S APPLICATION FOR AN AWARD OF ATTORNEYS' FEES AND EXPENSES AND AWARDS TO LEAD PLAINTIFFS PURSUANT TO 15 U.S.C. § 78u-4(a)(4)**

Lead Plaintiffs Donald and Sarah Sherbondy and Construction Laborers Pension Trust of Greater St. Louis ("CLPT", collectively, "Plaintiffs")[1] on behalf of themselves and all other members of the Settlement Class, respectfully submit this reply memorandum of law in further support of (i) Lead Plaintiffs' Motion for Final Approval of Class Action Settlement and Approval of Plan of Allocation of the Net Proceeds of the Settlement (ECF No. 307); and (ii) Lead Counsel's Application for an Award of Attorneys' Fees and Expenses and Awards to Lead Plaintiffs Pursuant to 15 U.S.C. § 78u-4(a)(4) (ECF No. 309) (the "Motions").

## PRELIMINARY STATEMENT AND HISTORY OF THE NOTICE PROGRAM

On December 16, 2021, the Court entered an order preliminarily approving the Settlement and approving the proposed forms and methods of providing notice to the Settlement Class (the "Preliminary Approval Order"). ECF No. 303. Pursuant to and in compliance with the Preliminary Approval Order, through records maintained by Altria's transfer agent and information provided by brokerage firms and other nominees, the Court-appointed Claims Administrator, Epiq Class Action & Claims Solutions, Inc. ("Epiq"), caused, among other things, the Postcard Notice to be mailed by first-class mail to over one million potential Settlement Class Members. *See* Declaration of Jordan Broker Regarding: (i) Notice Dissemination; (ii) Publication of Summary Notice; (iii) Call Center Services; (iv) the Settlement Website; (v) Requests for Exclusion and Objections Received to Date; and (vi) Estimate of Administration Costs ("Mailing Decl.") (ECF No. 311-4), at ¶¶4-10. In addition, the Summary Notice was published in *Investor's Business Daily* and transmitted over the internet via *PR Newswire* on January 10, 2022. *Id.* at ¶11. The Notice and Claim Form were also posted, for review and easy downloading, on the website established by Epiq

---

[1] All capitalized terms used and not otherwise defined in this Memorandum have the meanings ascribed to them in the Stipulation and Agreement of Settlement dated December 9, 2021 (the "Stipulation"), previously filed with the Court (ECF No. 297-1).

1

for purposes of this Settlement. *Id*. at ¶14. As of March 24, 2022, Epiq has mailed 1,221,001 copies of the Postcard Notice to potential Settlement Class Members. Supplemental Declaration of Jordan Broker Regarding Notice Dissemination and Requests for Exclusion and Objections Received to Date, at ¶5 ("Supplemental Decl."), attached hereto as Exhibit 1.

The Notice described, *inter alia*, the terms of the Settlement, the maximum amounts that would be sought in attorneys' fees and expenses, the Plan of Allocation, the right to object to the Settlement, and the right to seek to be excluded from the Settlement Class. *See generally* Mailing Decl., at Ex. A. The Notice also gave the deadlines for objecting, seeking exclusion, and submitting claims, and advised potential Settlement Class Members of the scheduled Settlement Fairness Hearing before this Court. *Id*. The deadline to object or request exclusion was March 10, 2022.

In response to the dissemination of more than one million Postcard Notices to potential Settlement Class Members, there have been **no objections** to the Settlement or the Plan of Allocation and **no objections** to Lead Counsel's motion for attorneys' fees and expenses. Supplemental Decl., at ¶8. Moreover, the Claims Administrator received only seven compliant requests for exclusion, which totaled fewer than 1,500 shares out of the more than 1.8 billion shares outstanding during the Settlement Class Period. *Id*., at ¶7; Exhibit A. Although 25 additional requests for exclusion were received that either do not identify any purchases of Altria securities during the Settlement Class Period or affirmatively state that no securities were purchased during the Settlement Class Period, *see* Supplemental Decl., Exhibit A, Lead Counsel recommend that these requests nonetheless be honored, and these individuals be excluded from the Settlement Class as requested. Defendants do not object to these individuals being excluded from the Settlement Class.

It is respectfully submitted that this reaction of the Settlement Class strongly supports approval of both Motions.

## ARGUMENT

### I.   THE REACTION OF THE SETTLEMENT CLASS SUPPORTS APPROVAL OF THE SETTLEMENT AND THE PLAN OF ALLOCATION

As set forth in Plaintiffs' opening papers (*see* ECF No. 308), "the degree of opposition to the settlement" is a factor to be considered in connection with the adequacy of a proposed class action settlement. *In re The Mills Corp. Sec. Litig.*, 265 F.R.D. 246, 257 (E.D. Va. 2009) ("[t]he final *Jiffy Lube* 'adequacy' factor looks to the reaction of the Class to the proposed settlement"). Indeed, "[t]he opinion of class members concerning the settlement is perhaps the *most significant factor* to be weighed in considering its adequacy." *In re Lumber Liquidators Chinese-Manufactured Flooring Prod. Mktg. Sales Practices*, No. 1:15-md-2627, 2018 WL 11203065, at *6 (E.D. Va. Oct. 9, 2018), *aff'd*, 952 F.3d 471 (4th Cir. 2020).[2]

The fact that the Settlement Class has overwhelmingly accepted the Settlement (no objections to the Settlement and only seven compliant requests for exclusion comprising a miniscule portion of the Settlement Class) is strong evidence that the Settlement is fair, adequate, and in the best interests of the Settlement Class. *See, e.g.*, *Galloway v. Williams*, No. 3:19-cv-470, 2020 WL 7482191, at *9 (E.D. Va. Dec. 18, 2020) ("A lack of objections suggests that the Settlement is indeed adequate."); *In re Genworth Fin. Sec. Litig.*, 210 F. Supp. 3d 837, 842 (E.D. Va. 2016) ("A lack of objections to settlement by class members and opt-outs from the class demonstrates low opposition and weighs in favor of approving a settlement."); *In re Mills*, 265 F.R.D. at 257 ("an absence of objections and a small number of opt-outs weighs significantly in

---

[2] Unless otherwise noted, all emphasis in quotations is added, and internal quotation marks, citations, and footnotes are omitted.

favor of the settlement's adequacy"); *In re MicroStrategy*, *Inc. Sec. Litig.*, 148 F. Supp. 2d 654, 668 (E.D. Va. 2001) ("the lack here of any objections to the partial settlement and the small number of class members choosing to opt-out of the case strongly compel a finding of adequacy").

The absence of objections is even more noteworthy given the heavy investment by institutional investors and pension funds in Altria stock. That none of these sophisticated Settlement Class Members—who have the resources to carefully evaluate the Settlement and object if appropriate to do so—have objected provides further evidence of the fairness of the Settlement. *See, e.g.*, *In re Citigroup Inc. Sec. Litig.*, 965 F. Supp. 2d 369, 382 (S.D.N.Y. 2013) (that "not a single objection was received from any of the institutional investors" supported settlement).

Similarly, the fact that there are no objections to the proposed Plan of Allocation provides strong support for the plan. *See Phillips v. Triad Guar., Inc.*, No. 1:09CV71, 2016 U.S. Dist. LEXIS 37607, at *14 (M.D.N.C. Mar. 23, 2016) ("The allocation of the settlement proceeds, as well as the lack of objection to the Plan of Allocation, lead the Court to find that the Plan of Allocation is fair and adequate."); *In re Mills*, 265 F.R.D. at 260 (approving plan of allocation as fair, reasonable, and adequate where there was one objection).

## II.    THE REACTION OF THE SETTLEMENT CLASS STRONGLY SUPPORTS APPROVAL OF THE REQUESTED ATTORNEYS' FEES AND EXPENSES

As with the Settlement, not a single Settlement Class Member has objected to Lead Counsel's motion for an award of attorneys' fees and payment of litigation expenses. The fact that there have been no objections is strong evidence that the requested amount of fees and expenses is reasonable. *See, e.g.*, *Genworth*, 210 F. Supp. 3d at 844 ("A lack of objections by class members as to fees requested by counsel weighs in favor of the reasonableness of the fees."); *In re Mills*, 265 F.R.D. at 261 ("Further indicating the Class' approval of the result realized by this Settlement, of

the one hundred twenty-eight thousand potential class members, only two filed objections to the proposed fee and expense awards.").

Accordingly, the overwhelming acceptance of the Settlement Class here fully supports both the motion for final approval of the Settlement and Plan of Allocation and the motion for an award of attorneys' fees and expenses.

## CONCLUSION

For the reasons set forth herein and in the opening papers filed in support of the Motions, Lead Plaintiffs and Lead Counsel respectfully request that the Court (1) grant final approval of the Settlement; (2) award Lead Counsel attorneys' fees in the amount of 30% of the Settlement Amount and litigation expenses of $1,544,748.17, and (3) award Lead Plaintiffs $68,775, in the aggregate, pursuant to 15 U.S.C. § 78u- 4(a)(4), in connection with their representation of the Settlement Class.

Submitted herewith is the Proposed Judgment Approving Class Action Settlement, attached as Exhibit 2.

Respectfully submitted,

DATED:  March 24, 2022

By: */s/ Steven J. Toll*

Steven J. Toll (VSB #15300)
Daniel S. Sommers
S. Douglas Bunch
COHEN MILSTEIN SELLERS & TOLL PLLC
1100 New York Ave., N.W., Suite 500
Washington, D.C.  20005
Telephone:  202/408-4600
202/408-4699 (fax)
stoll@cohenmilstein.com
dsommers@cohenmilstein.com
dbunch@cohenmilstein.com

*Local Counsel for Lead Plaintiffs*


Jeremy A. Lieberman
Michael J. Wernke
POMERANTZ LLP
600 Third Ave.
New York, NY  10016
Telephone:  212/661-1100
212/661-8665 (fax)
jalieberman@pomlaw.com
mjwernke@pomlaw.com

*Lead Counsel for Lead Plaintiffs Donald*
*Sherbondy and Sarah Sherbondy*

6

Samuel H. Rudman
David A. Rosenfeld
Erin W. Boardman
Philip T. Merenda
ROBBINS GELLER RUDMAN
& DOWD LLP
58 South Service Rd., Suite 200
Melville, NY  11747
Telephone:  631/367-7100
631/367-1173 (fax)
srudman@rgrdlaw.com
drosenfeld@rgrdlaw.com
eboardman@rgrdlaw.com
pmerenda@rgrdlaw.com


Ellen Gusikoff Stewart
Douglas R. Britton
Kevin A. Lavelle
Matthew J. Balotta
ROBBINS GELLER RUDMAN
& DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)

elleng@rgrdlaw.com
dougb@rgrdlaw.com
klavelle@rgrdlaw.com
mbalotta@rgrdlaw.com

*Lead Counsel for Lead Plaintiff Laborers Pension Trust of Greater St. Louis*


Brian Schall
THE SCHALL LAW FIRM
1880 Century Park East, Suite 404
Los Angeles, CA 90067
Telephone: 310/301-3335
brian@schallfirm.com

*Additional Counsel for Lead Plaintiffs Donald Sherbondy and Sarah Sherbondy*

8

## CERTIFICATE OF SERVICE

I hereby certify that on March 24, 2022, I caused the foregoing to be electronically filed with the Clerk of Court via CM/ECF, which will send a notice of electronic filing to all registered users.

*/s/ Steven J. Toll*
Steven J. Toll

9