**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**(Richmond Division)**

| | | |
|---|---|---|
| GABBY KLEIN, et al., Individually and on Behalf of All Others Similarly Situated, | ) ) ) | Civil Action No. 3:20-cv-00075-DJN |
| Plaintiffs, | ) ) | <u>CLASS ACTION</u> |
| vs. | ) ) ) | |
| ALTRIA GROUP, INC., et al., | ) ) | |
| Defendants. | ) ) ) | |

**MEMORANDUM OF LAW IN SUPPORT OF LEAD PLANITIFFS' MOTION FOR**
<u>**DISTRIBUTION OF CLASS ACTION SETTLEMENT FUNDS**</u>

Lead Plaintiffs Donald and Sarah Sherbondy and Construction Laborers Pension Trust of Greater St. Louis (collectively, "Plaintiffs")[1] on behalf of themselves and all other members of the Settlement Class, respectfully submit this memorandum of law in support of their Motion for Distribution of Class Action Settlement Funds.

## I.    INTRODUCTION

On March 31, 2022, the Court entered the Judgment Approving Class Action Settlement. (Dkt. No. 320). Lead Counsel has been advised by the court-appointed Class Action Claims Administrator, Epiq Class Action & Claims Solutions, Inc. ("Epiq"), that it has completed processing proofs of claim submitted by those persons and entities who or which have submitted them, and has determined which of those Claimants are Authorized Claimants. *See* Declaration of Jordan Broker in Support of Lead Plaintiffs' Motion For Distribution of Class Action Settlement Funds (the "Broker Declaration") ¶3, submitted herewith. All that remains to complete the Settlement process is to resolve the seven disputed claims, and thereafter distribute the Net Settlement Fund to the Authorized Claimants. Thus, Lead Counsel requests that the Court authorize the distribution of the Net Settlement Fund to the Authorized Claimants.

## II.    DETERMINATION OF AUTHORIZED CLAIMS

### A.  Deficient and Ineligible Claims

Pursuant to the Preliminary Approval Order (Dkt. No. 3-3) all claims were to be submitted to the Claims Administrator postmarked or submitted online no later than April 5, 2022. The Claims Administrator has finalized its determination of which claims are authorized and which are

---

[1] All capitalized terms used and not otherwise defined in this Memorandum have the meanings ascribed to them in the Stipulation and Agreement of Settlement dated December 9, 2021 (the "Stipulation"), previously filed with the Court (ECF No. 297-1).

1

ineligible. A total of 401,082 Proofs of Claims were received by Epiq through November 18, 2022. Broker Declaration ¶11. Epiq identified 11,162 inadequately documented paper claims and 179,462 deficient or ineligible electronically-submitted claims. *id.* ¶¶17, 21(a). When paper claims were inadequately documented, Epiq sent claimants deficiency notices advising them of the nature of their inadequacy and providing them an opportunity to cure. *Id.* ¶19. When electronic claims were inadequately documented, Epiq sent claimants Transaction Reports identifying the individual transactions and claims that were found to be deficient or ineligible. *Id.* ¶21.

Epiq identified 156,190 claims that it has recommended for complete rejection because they were either ineligible, wholly deficient, or had no Recognized Loss. *Id.* ¶¶32-33. Such claimants were sent rejection notices advising them of Epiq's determination. *Id.* ¶¶17-22. To date, 7 claimants object to or contest Epiq's determination. BrokerDeclaration *Id.* ¶25.

### B.  Properly Documented Claims

Of the 401,082 Proofs of Claims received by Epiq, Epiq has determined that 244,892 are acceptable in whole or in part. *Id.* ¶35. These valid claims represent total Recognized Losses of $4,532,112,328.74. *Id.* Of these valid claims, 36,211 were filed after the April 5, 2022 claims submission deadline. *Id.* ¶26.  The Court should accept all late but otherwise valid claims postmarked after April 5, 2022, but received by Epiq on or before November 18, 2022, because the untimely filed claims have not caused significant delay to the distribution of the Net Settlement Fund to the Class, or otherwise prejudiced any Authorized Claimant. *Id.*; *see In re "Agent Orange" Product Liability Litig.*, 689 F.Supp. 1250, 1261-63 (E.D.N.Y. 1988) (court permitting the qualifying late claimants and opt-out claimants to participate in the settlement distribution because "[t]he cost to the fund of admitting late claimants and readmitting the opt-out claimants to the class action should be relatively small. No significant administrative costs need be incurred to allow the

2

late claims and opt-out claims."); *see also In re Crazy Eddie Securities Litigation*, 906 F.Supp. 840, 845 (E.D.N.Y. 1995) (court allowing late claims postmarked within one month and four days of original deadline to participate in the distribution of settlement funds). Plaintiffs respectfully request that the Court approve the 244,892 properly documented claims as listed in Exhibits C-1 and C-2 of the Broker Declaration.

### C. Disputed Claims

Claimants were advised that they had the right to contest Epiq's administrative determination of deficiencies or ineligibility within twenty (20) days from the date of notification and that they could request that the dispute be submitted to the Court for review. Broker Declaration at ¶23. A total of 159 Claimants contested Epiq's administrative determinations and requested review by the Court. To resolve the disputes without necessitating the Court's intervention, Epiq contacted the persons requesting Court review, and with respect to those Claimants who were reached, Epiq answered all their questions, fully explained Epiq's determination of the Claim's status, and facilitated the submission of missing information or documentation where applicable. *Id*. ¶24.

As a result of these efforts, 152 of the 159 requests for Court Review have either been cured or the request for Court Review has been retracted. Attached hereto as Exhibit B are copies of the Proof of Claims and supporting documentation of the 7 disputed claims. *Id*. ¶25. Redacted Exhibit B-1 to the Broker Declaration contains all disputed claims that were rejected for not calculating to a recognized loss under the Plan of Allocation. Exhibit B-2 contains all disputed claims that were rejected for other reasons such as not providing adequate documentation to support their claim. Epiq recommends the rejection of all of these disputed claims. *Id*. Lead Counsel concurs with Epiq's determinations, and requests that the Court reject these claims.

3

### III.    DISTRIBUTION OF THE NET SETTLEMENT FUND

As more fully described in the Broker Declaration at ¶37, the Claims Administrator will conduct an initial distribution pro rata distribution of the Net Settlement Fund to Authorized Claimants who would receive at least $10.00 based on their Recognized Loss as calculated by the Court-approved Plan of Allocation. *Id.* ¶37(a).

If there is any balance remaining in the Net Settlement Fund after six (6) months from the date of the initial distribution, if it is economically feasible to do so, the residual amount shall be re-distributed on a pro rata basis to Settlement Class Members who have cashed their initial distributions, after payment of any unpaid costs or fees incurred in administering the Net Settlement Fund for such redistribution. These redistributions shall be repeated until the balance in the Net Settlement Fund is no longer economical to distribute. *Id.* ¶37(d). Any balance that still remains in the Net Settlement Fund after redistribution(s) which are not feasible or economical to reallocate, after payment of any unpaid costs or fees incurred in administering the Net Settlement Fund, shall be donated to Feed More, 1415 Rhoadmill St. Richmond, VA 23220.

### IV.    RECORD RETENTION AND DESTRUCTION

Lead Counsel additionally requests that Epiq be permitted to destroy copies of Claims one (1) year from the time the Settlement Fund is completely exhausted.

### V.    CONCLUSION

Based on the foregoing, Plaintiffs respectfully request that the Court decide the within motion on the papers and approve and enter the [Proposed] Order concerning distribution of the Net Settlement Fund.

Respectfully submitted,

DATED:  February 6, 2023

By: */s/ Steven J. Toll*

Steven J. Toll (VSB #15300)
Daniel S. Sommers
S. Douglas Bunch
COHEN MILSTEIN SELLERS & TOLL PLLC
1100 New York Ave., N.W., Suite 500
Washington, D.C.  20005
Telephone:  202/408-4600
202/408-4699 (fax)
stoll@cohenmilstein.com
dsommers@cohenmilstein.com
dbunch@cohenmilstein.com

*Local Counsel for Lead Plaintiffs*


Jeremy A. Lieberman
Michael J. Wernke
POMERANTZ LLP
600 Third Ave.
New York, NY  10016
Telephone:  212/661-1100
212/661-8665 (fax)
jalieberman@pomlaw.com
mjwernke@pomlaw.com

*Lead Counsel for Lead Plaintiffs Donald Sherbondy and Sarah Sherbondy*

Samuel H. Rudman
David A. Rosenfeld
Erin W. Boardman
Philip T. Merenda
ROBBINS GELLER RUDMAN
& DOWD LLP
58 South Service Rd., Suite 200
Melville, NY  11747
Telephone:  631/367-7100
631/367-1173 (fax)
srudman@rgrdlaw.com
drosenfeld@rgrdlaw.com
eboardman@rgrdlaw.com
pmerenda@rgrdlaw.com


Ellen Gusikoff Stewart
Douglas R. Britton
Kevin A. Lavelle
Matthew J. Balotta
ROBBINS GELLER RUDMAN
& DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)

elleng@rgrdlaw.com
dougb@rgrdlaw.com
klavelle@rgrdlaw.com
mbalotta@rgrdlaw.com

6

*Lead Counsel for Lead Plaintiff Laborers Pension Trust of Greater St. Louis*

Brian Schall
THE SCHALL LAW FIRM
1880 Century Park East, Suite 404
Los Angeles, CA 90067
Telephone: 310/301-3335
brian@schallfirm.com

*Additional Counsel for Lead Plaintiffs Donald Sherbondy and Sarah Sherbondy*

## CERTIFICATE OF SERVICE

I hereby certify that on February 6, 2023, I caused the foregoing to be electronically filed with the Clerk of Court via CM/ECF, which will send a notice of electronic filing to all registered users.

/s/ Steven J. Toll
Steven J. Toll