**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**(Richmond Division)**

| | |
|---|---|
| GABBY KLEIN, et al., Individually and on Behalf of All Others Similarly Situated,<br><br>      Plaintiffs,<br><br> vs.<br><br>ALTRIA GROUP, INC. et al.,<br><br>      Defendants. | )   Civil Action No. 3:20-cv-00075-DJN<br>)<br>)   <u>CLASS ACTION</u><br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR**
**<u>DISTRIBUTION OF CLASS ACTION SETTLEMENT FUNDS</u>**

IT IS HEREBY ORDERED THAT:

1. Plaintiffs' Motion for Distribution of Class Action Settlement Funds is GRANTED.

2. The funds that are currently in the Net Settlement Fund (less any necessary amounts to be withheld for payment of potential tax liabilities and related fees and expenses) shall be distributed on a pro rata basis to the Authorized Claimants identified in Exhibits C-1 and C-2 to the Declaration of Jordan Broker In Support of Lead Plaintiffs' Motion For Distribution of Class Action Settlement Funds (the "Broker Declaration"), at the direction of Lead Counsel, Pomerantz LLP and Robbins Geller Rudman & Dowd LLP, pursuant to the Stipulation and Agreement

of Settlement filed with the Court on December 9, 2021 (the "Stipulation") (Dkt. No. 297-1) and the Plan of Allocation of the Net Settlement Fund set forth in the Notice of Pendency and Proposed Settlement of Class Action that was distributed pursuant to this Court's prior Order.

3. Any person asserting any rejected or subsequently filed claims are finally and forever barred as of November 18, 2022, the date used to finalize the administration based on the Broker Declaration.

4. The Court finds that the administration of the Settlement and proposed distribution of the Net Settlement Fund comply with the terms of the Stipulation and the Plan of Allocation and that all persons involved in the review, verification, calculation, tabulation, or any other aspect of the processing of the claims submitted herein, or otherwise involved in the administration or taxation of the Settlement Fund or the Net Settlement Fund, including, but not limited to Lead Counsel and the Court-appointed Claims Administrator, Epiq Class Action & Claims Solutions, Inc. ("Epiq"), are released and discharged from any and all claims arising out of such involvement, and all Class Members are barred from making any further claims against the Net Settlement Fund or the Released Parties beyond the amount allocated to them pursuant to this Order.

5. The checks for distribution to Authorized Claimants shall bear the notation "DEPOSIT PROMPTLY, VOID AND SUBJECT TO RE-DISTRIBUTION IF NOT

NEGOTIATED WITHIN 90 DAYS OF DISTRIBUTION." Lead Counsel and Epiq are authorized to locate and/or contact any Authorized Claimant who has not cashed his, her, or its check within said time.

6. Pursuant to the Plan of Allocation, if any funds remain in the Net Settlement Fund by reason of uncashed checks or otherwise, then, after Epiq has made reasonable and diligent efforts to have Settlement Class Members who are entitled to participate in the distribution of the Net Settlement Fund cash their distribution checks, any balance remaining in the Net Settlement Fund after six (6) months from the initial distribution (whether by reason of tax refunds uncashed checks or otherwise), the Claims Administrator, shall, if feasible re-distribute the funds on a *pro rata* basis to Settlement Class Members who have cashed their initial distributions, after payment of any unpaid costs or fees incurred in administering the Net Settlement Fund for such redistribution.  These redistributions shall be repeated until the balance in the Net Settlement Fund is no longer economical to distribute. Any balance that still remains in the Net Settlement Fund after redistribution(s) which are not feasible or economical to reallocate, after payment of any unpaid costs or fees incurred in administering the Net Settlement Fund, shall be donated to Feed More, 1415 Rhoadmiller St. Richmond, VA 23220.

7. The Claims Administrator's recommendation that each of the Disputed Claims be rejected is adopted.

8.  Unless otherwise directed by the Court, the Claims Administrator shall destroy copies of Claims one year from time the Settlement Fund is completely exhausted.

9.  This Court retains jurisdiction over any further application or matter which may arise in connection with this action.

SO ORDERED this _____ day of _____, 2023.

_____
DAVID J. NOVAK
U.S. DISTRICT JUDGE