IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

GABBY KLEIN et al., *individually and on behalf of all others similarly situated,*
Plaintiffs,

v.

Civil No. 3:20cv75 (DJN)

ALTRIA GROUP, INC. et al.,
Defendants.

**ORDER**
**(Granting Motion for Distribution of Class Action Settlement Funds)**

This matter comes before the Court on Lead Plaintiffs' Motion for Distribution of Class Action Settlement Funds (ECF No. 323 (the "Motion")), pursuant to Paragraph 32 of the Parties' Stipulation and Agreement of Settlement (ECF No. 297-1 (the "Settlement Agreement")), moving for the Court to authorize the distribution of class action settlement funds. For good cause shown, and in the absence of any objections filed, as the time of which to file has passed, the Court hereby GRANTS Plaintiff's Motion (ECF No. 323).

The Court hereby ORDERS that:

The funds currently in the Net Settlement Fund (less any necessary amounts to be withheld for payment of potential tax liabilities and related fees and expenses) shall be distributed on a pro rata basis to the Authorized Claimants identified in Exhibits C-1 and C-2 to the Declaration of Jordan Broker in Support of Lead Plaintiff's Motion (ECF No. 325) the "Broker Declaration")), at the direction of Lead Counsel, Pomerantz LLP and Robbins Geller Rudman & Dowd LLP, pursuant to the Settlement Agreement and the Plan of Allocation of the Net Settlement Fund (the "Plan") set forth in the Notice of Pendency and Proposed Settlement of Class Action.

Any person asserting any rejected or subsequently filed claims are finally and forever barred as of November 18, 2022, the date used to finalize the administration based on the Broker Declaration (ECF No. 325).

The Court finds that the administration of the Settlement and proposed distribution of the Net Settlement Fund comply with the terms of the Stipulation and the Plan of Allocation and all persons involved in the review, verification, calculation, tabulation or any other aspect of the processing of the claims submitted herein, or otherwise involved in the administration or taxation of the Settlement Fun or the Net Settlement Fund, including, but not limited to Lead Counsel and the Court appointed Claims Administrator, Epiq Class Action & Claims Solutions, Inc. ("Epiq"), are released and discharged from any and all claims arising out of such involvement, and all Class Members are barred from making any further claims against the Net Settlement Fund or the Released Parties beyond the amount allocated to them pursuant to this Order.

The checks for distribution to Authorized Claimants shall bear the notation "DEPOSIT PROMPTLY, VOID AND SUBJECT TO REDISTRIBUTION IF NOT NEGOTIATED WITHIN 90 DAYS OF DISTRIBUTION." Lead Counsel and Epiq are authorized to locate and/or contact any Authorized Claimant who has not cashed his, her or its check within said time.

Pursuant to the Plan of Allocation, if any funds remain in the Net Settlement Fund by reason of uncashed checks or otherwise, then, after Epiq has made reasonable and diligent efforts to have Settlement Class Members who are entitled to participate in the distribution of the Net Settlement Fund cash their distribution checks, any balance remaining in the Net Settlement Fund after six (6) months from the initial distribution (whether by reason of tax refunds, uncashed checks or otherwise), the Claims Administrator, shall, if feasible, redistribute the funds

on a *pro rata* basis to Settlement Claims Members who have cashed their initial distributions, after payment of any unpaid costs or fees incurred in administering the Net Settlement Fund for such redistribution. These redistributions shall be repeated until the balance in the Net Settlement Fund is no longer economical to distribute. Any balance that still remains in the Net Settlement Fund after redistribution(s) which are not feasible or economical to reallocate, after payment of any unpaid costs or fees incurred in administering the Net Settlement Fund, shall be donated to Feed More, 1415 Rhoadmiller St., Richmond, VA 23220.

The Court hereby ADOPTS the Claims Administrator's recommendation that each of the Disputed Claims be rejected.

Unless otherwise directed by the Court, the Claims Administrator shall destroy copies of Claims one (1) year from the time that the Settlement Fund is completely exhausted.

The Court retains jurisdiction over any further application or matter which may arise in connection with this action.

Let the Clerk file a copy of this Order electronically and notify all counsel of record.

It is so ORDERED.

_____/s/____________________
David J. Novak
United States District Judge

Richmond, Virginia
Date: March 3, 2023